# EXHIBIT A

| | |
|---|---|
| **From:** | Patrick Murphy |
| **To:** | Sean Larson |
| **Cc:** | Rick Thompson; Candice Hough; Scott C. Murray |
| **Subject:** | RE: BCB v. MineOne et al. |
| **Date:** | Thursday, June 22, 2023 11:47:21 AM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |

Good morning, Sean, and thank you for your e-mails below.

Please consider this reply as BCB Cheyenne LLC's objection to your newest request for an extension of time for your Defendant clients to answer or otherwise respond to Plaintiff's Complaint. If you should later decide to ask Judge Rankin for an extension for any or all of your five Defendant clients, please attach this meet-and-confer e-mail to your Motion. And please let Judge Rankin know that Plaintiff BCB Cheyenne LLC objects and wishes to telephonically oppose Defendants' motion for more time.

Here is the rationale for Plaintiff's objection to Defendants' request for an extension of time.

We start with Rule 6.1(b) of the Local Rules. It says:

"All parties shall strictly comply with all time limits as provided by the Local Rules and the Federal Rules of Civil Procedure. Where *compelling circumstances exist,* motions for extension of time, of not more than fourteen days within which to answer or move to dismiss the complaint, *may* be granted by the judge. After consultation with *and approval by opposing counsel,* counsel seeking an extension for the first time shall, upon oral motion, request an immediate ruling from the judge. The hearing may be by telephone/video conference or in person. The judge shall enter or cause the Clerk of Court to enter the ruling on the docket and no further order will be entered on the motion." (Emphasis added).

Factually, no "compelling circumstances exist," and I do not approve your clients' request for [yet another] extension of time. I oppose this unmeritorious request.

The following background informs the question of whether "compelling circumstances" exist:

1. BCB Cheyenne LLC filed this near-identical Complaint in the Wyoming Chancery Court on March 16, 2023. A copy of the cover page of that Chancery Court lawsuit is attached as **"Exhibit A."**

2. BCB Cheyenne LLC ("BCB") achieved service of process on two of the six Defendants – SonicHash LLC and MineOne Wyoming Data Center LLC – by March 21, 2023. And BCB was making arrangements with process servers to make good service on the other four Defendants.

3. Paula Cobash, a New York City lawyer, called me on March 21, 2023. She introduced herself and told me she represented the Defendants; that she was making arrangements to interview potential local counsel; and she asked me for a thirty-day extension of time for all [six] of her Defendant clients to answer (which I understood would begin running for all of them from the date the last Defendant was served, and would be in addition to the Defendants' twenty-day period to answer under Rule 12 of the Chancery Court Rules). Consequently, Ms. Cobash was asking for an extension of time that would run into early May sometime.

4. On that call, I suggested a willingness to grant Ms. Cobash's clients that 30-day extension of time IF Ms. Cobash would accept service of the Complaint and Summons for the four Defendants who hadn't yet been served. Ms. Cobash said she would run my suggestion by her/your clients and then let me know if that was acceptable.

5. Paula Cobash never got back to me with an answer to my suggestion. In the meantime, BCB kept spending time and money trying to achieve service of process on the other four Defendants in the Chancery Court lawsuit.

6. On April 10, 2023, I sent an e-mail to Paula Colbath. I said: "If (1) you will accept service of the Complaint and Summons for Defendants Bit Origin, Ltd., and Terra Crypto Inc. effective April 12, 2023 – and also state that Defendants MineOne Wyoming and SonicHash waive any defect or insufficiency with service on MineOne Wyoming and SonicHash; and (2) if all Defendants will stipulate to keep this a non-jury case in Wyoming Chancery Court, and not move to dismiss this case, transfer this case, or remove this case, or request a jury, and also agree that the Wyoming Chancery Court has *in personam* jurisdiction over the

four "served" Defendants; then (3) Plaintiff will agree to voluntarily dismiss the other two Defendants – MineOne Cloud Computing I LP and MineOne Partners, Limited without prejudice; and (4) Plaintiff will grant the other four Defendants – MineOne Wyoming, Terra Crypto Inc., SonicHash, and Bit Origin, Ltd. – an extension of time until June 2, 2023 to file their Answer(s) to Plaintiff's [Chancery Court] Complaint. And, yes, all of this would be memorialized in a Stipulation, signed by you and me, and filed with the Chancery Court."

7. Ms. Cobash never substantively responded to my April 10 e-mail suggestion.

8. Knowing that "Answers" for Defendants SonicHash LLC ("SonicHash") and MineOne Wyoming Data Center LLC ("MineOne") were "due" with the Chancery Court on April 17, Rick Thompson called me late Friday afternoon,  April 14.  Rick told me he had just been retained "that day" by the Defendants, that he knew precious little about this case, and Rick then asked me for a 15-day extension of time for Defendants SonicHash LLC and MineOne Wyoming Data Center LLC to answer BCB's Complaint.  I told Rick that BCB hadn't yet achieved service of process on the other four Defendants; that it was very expensive and labor-intensive to serve these other [four] Defendants; that Paula Cobash had never gotten back to me on my suggestion/request that she accept service of process on the other four Defendants; and that I would appreciate her doing that – so my client, BCB, wouldn't have to keep spending its resources to serve these other four Defendants. I told Rick about my "four-point proposal" that I earlier sent to Paula Cobash.   I also told Rick Thompson I did not have client consent to grant that [requested] extension of time, but that I would visit with BCB over the weekend.  I shared with Rick that I had pretty good client communication with BCB, as my oldest son, Michael Murphy, was one of the three members of BCB Cheyenne LLC.  I then visited with BCB over the weekend and, on Monday, April 17 at 9:03 am, I wrote the following e-mail to Rick, telling him as follows: "…[I] obtained client consent to afford you – and Defendants SonicHash and MineOne Wyoming – a 15-day extension of time, through and including May 2, to serve your clients' answer to the BCB Complaint."  I also reminded Rick about my four-point proposal to Ms. Cobash [that was still unanswered].  I received nothing in return for my consideration for granting Rick Thompson this extension of time.   Your two clients' Answer was now

due on May 2 in Chancery Court (now more than 40 days after SonicHash and MineOne had been served).

9. I wanted to hear from Rick or Paula Cobash between April 17 – May 2 with a [favorable] response to my request that Ms. Cobash agree to accept service of process for the "other four" Chancery Court Defendants. But Ms. Cobash never agreed, or disagreed, with my request. She just avoided it. And Rick never responded to it, either.

10. Having heard nothing from Ms. Cobash in response to my four-point proposal, I was expecting to receive "Answers" from SonicHash and MineOne on May 2. Instead, with no advance notice to me that you would so, you served me with Sonic Hash and MineOne's "Objection to Proceeding in Chancery Court." Without stating any reason for your clients' objection to proceeding in Chancery Court, you wrote as follows: "Come Now Defendants MineOne Wyoming Data Center, LLC and SonicHash, LLC, by and through their counsel, HATHAWAY & KUNZ, LLP, through a limited entry of appearance only for the purpose of objecting to this matter proceeding in Chancery Court, and hereby object to this matter proceeding in the Chancery Court for the State of Wyoming pursuant to Rule 3 of the Wyoming Rules of Civil Procedure for the Chancery Court. W.R.C.P.Ch. 3(a). Plaintiff's counsel provided these Defendants an extension of time to file their responsive pleading through and including today May 2, 2023. As such, Defendants timely file this Objection."

11. Had I known, or ever been told, that your clients would file such an Objection (instead of an Answer) in the Chancery Court, I never would have granted your clients a 15-day extension of time (from April 17 – May 2). You flaunted my good grace and professional courtesy.

12. I refiled this lawsuit in Wyoming federal district court on May 3, 2023, and re-started all of BCB's efforts to re-serve the Defendants at BCB's cost.

13. On May 3, 2023, Rick Thompson called me. Rick suggested that our clients mediate this case before we got further down the litigation road, each side spending a ton of money and resources fighting each other. Rick asked me what I thought of that idea. I thanked Rick for his

message, and told him I would talk with BCB and get back to him very
shortly [which I did]. I also asked Rick if he had a response to my earlier
four-point proposal, and Rick told he did not.

14. I called for Rick the next morning, May 4. But Rick wasn't in your
office. Your receptionist, Michelle, suggested I e-mail Rick (as she would
not give me Rick's cell phone number). This is what I e-mailed to Rick
Thompson – with a copy to you, Sean – on May 4: "Scott Murray and I
have visited with our BCB representatives about your offer, yesterday,
that the parties "mediate early" before we all go down the litigation road.
And I can confirm for you that BCB filed its lawsuit in Wyoming federal
court late yesterday afternoon. The new case has been assigned to Chief
Judge Skavdahl. We did not request a jury. If you or Sean [Larson] will
accept service of process for all five (5) of your clients – and not force
BCB to go to the trouble and expense of serving them (again) – BCB will
agree to an early mediation in the June 1-10 window of time. If you
accept service for all five Defendants, I agree to provide all your
Defendants with a 15-day extension of time to answer or otherwise plead
to our federal court Complaint, which extension would begin running
from the date that our mediation efforts fail. Finally, Rick, I don't have a
mediator in mind for our mediation. Do you? I want someone you have
confidence in. And I think we could do any mediation in Cheyenne,
perhaps at your good office."

15. I heard nothing – nothing – from you, Rick or Paula Cobash for the next
six days (May 4-10).

16. I can't now recall if Rick called me – or I called Rick – on May 11. What
I recall very clearly thinking is that Rick and your clients hadn't paid any
attention to my May 4 e-mail, and hadn't done anything with it. I then
sent the following e-mail right after we had our [short] call on May 11. I
wrote to Rick: "Here is the May 4 e-mail I sent you and Sean on the very
issue we just talked about. This e-mail accurately states BCB's
willingness to do an early mediation with your clients. – in the June 1-10
window – and also provide your clients with another extension of time to
serve their Answers or other responsive pleadings to the federal court
Complaint [should the early mediation fail]. All we ask, in return, is that
your office accept service of process for all five Defendants…and not
force me to serve them all over again. That's a cost neither of our clients

should have to bear.  Thank you for personally delivering this message to Sean, along with the good intent behind the proposal."

17.  And, because I could never receive any commitment from you, Ms. Cobash, or your clients, I had to keep spending BCB's money to try to get service on your clients in this [new] federal court case… after having earlier done it in the Chancery Court case.  Very frustrating, Sean.

18.  I heard nothing from you, Rick, or Paula Cobash on May 12, 13, 14, 15 or 16.  You wouldn't commit to your own proposed mediation, and you wouldn't respond to my request that you accept service of process.  So I wrote the following e-mail to all of you on May 17.  I said: "Your clients are slow-playing BCB.  Despite my calls with Mr. Thompson and Mr. Larson, and despite the clarity of my May 4 and May 11 e-mails (below), I hear nothing from any of you as to whether or not the five Defendants will authorize Mr. Larson to do something as simple and as cost-efficient for all parties as accepting service, even with the generous extension of time I offered your clients in the event of a failed mediation.  None of you have substantively replied to my May 4 and May 11 e-mails to Rick Thompson where I accepted your clients' offer to do an early mediation if, and only if, you would accept service of process for all five Defendants.  I'm seasoned enough to know when I am being played.  And your clients are playing me.  BCB's proposal (below) is withdrawn.  I will serve your five clients with the federal court Complaint and Summons.  There won't be any mediation in June.  If your clients want to send me their settlement offer, I'll pass it along to BCB.  If your clients choose not to send me a settlement offer, that's fine, too."

19.  Paula Colbath shot back very quickly thereafter (on May 17).  This is what Ms. Colbath wrote to me: "You had an opportunity to mediate with my clients, but you chose instead to rush to file a second complaint in Federal District Court, before your first complaint was even formally dismissed.  Your multiple pending lawsuits show us clearly that you are not serious about attempting to mediate/resolve the parties' various disputes (my clients too have claims against your client).  If you were serious about mediating, you wouldn't have precipitously filed a second action before your first one was dismissed.  My clients have seen nothing in your actions to date indicating that you are serious about mediating and have prioritized it.  My clients will not proceed on separate tracks.  If you

are serious about mediating, please discontinue (without prejudice) your Federal District Court complaint. This will save you all the expenses of serving the parties. If your concern is, we will attempt to file a complaint against your client, an appropriate agreement can be put in place to address that. I remain hopeful that we can all work together to select an experienced mediator and get to work trying to resolve our clients' differences without litigation. The ball is in your court, [Mr. Murphy]."

20. None of us have spoken since Paula Colbath's "The ball is in your court" e-mail on May 17. Instead, BCB has continued its expensive and difficult efforts to try to serve your clients.

And then I received your June 15 e-mail, Sean. And what do you present, in that e-mail, as your "compelling circumstance" to request yet another extension of time? You say: *"**In the interest of having the Defendants all on the same deadline**…we propose that you provide us with until July 7th for all Defendants to answer or otherwise respond, and in return we would accept service on behalf of the two remaining Defendants. Can you agree to that proposal?"* (emphasis added).

So now, more than two full months after I granted Rick Thomson the professional courtesy of an extension of time for your client (while receiving nothing in return), more than three months since Paula Colbath has had BCB's Chancery Court Complaint, more than two months since I first asked Ms. Colbath to accept service of process for the Defendants, and after all of the time and expense my client has paid and borne to seek to serve your clients [with each lawsuit], and nearly two months after your clients moved to dismiss the Chancery Court Complaint on the very last day of the prior extension of time without even stating a reason 'why' they sought to dismiss it, now you *finally* offer to accept service for two of the five Defendants, and you ask me to stipulate to another extension of time "in the interest of having the Defendants all on the same deadline?" Really? That is the furthest thing from a "compelling circumstance" I can imagine, Sean. It is just nonsense. And more slow-playing by the Defendants.

Plaintiff BCB Cheyenne LLC objects to any extension. And, should you choose to file a motion with Judge Rankin asking for any extension of time, you must attach this meet-and-confer letter to your motion, and you must ask for an oral argument so I can further oppose any requested extension with my

oral arguments.  I want to be advised of any call you try to set up with Judge Rankin.


Very truly yours,


Pat Murphy
Scott Murray
Counsel for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

WPDN.NET



Patrick J. Murphy

Attorney at Law
Office: 307-265-0700
pmurphy@wpdn.net
159 N. Wolcott St. Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602

*PRIVILEGE NOTICE: This email message contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate it unless you are the addressee. If you have received it in error, please call (collect) immediately at (307) 265-0700 and ask to speak with the sender. Also, I would appreciate your forwarding the message back to me and deleting it from your system. Thank you.*

*FEDERAL TAX ADVICE DISCLAIMER: This email is not tax advice and is not intended for the purposes of avoiding federal tax penalties or promoting, marketing, or recommending to another party any matters addressed herein. IRS Circular 230.*


**From:** Sean Larson <slarson@hkwyolaw.com>
**Sent:** Wednesday, June 21, 2023 4:51 PM
**To:** Patrick Murphy <pmurphy@wpdn.net>
**Cc:** Rick Thompson <rthompson@hkwyolaw.com>; Candice Hough <chough@hkwyolaw.com>
**Subject:** Re: BCB v. MineOne et al.

Pat,

I just left you a voicemail. Since you haven't responded to the below yet, I was checking in to see if you will call Judge Rankin with me tomorrow (or agree to me calling on my own) to make an unopposed oral motion for extension of time to respond for the served Defendants of 14 days (as allowed under the Local Rules). This would place the initially served Defendants answer/response date as July 10th.

If you don't agree, please let me know your position by Noon tomorrow. We'll be filing an opposed motion for extension tomorrow afternoon if necessary.


Thank you,
Sean



**Sean M. Larson**

Hathaway & Kunz, LLP | The Wyoming Law Firm™
2515 Warren Avenue | Suite 500 | P.O. Box 1208
Cheyenne, WY 82001
p (307) 634-7723 | f (307) 634-0985

SLarson@hkwyolaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Sean Larson <slarson@hkwyolaw.com>
**Date:** Thursday, June 15, 2023 at 8:54 PM
**To:** pmurphy@wpdn.net <pmurphy@wpdn.net>
**Cc:** Rick Thompson <rthompson@hkwyolaw.com>, Candice Hough <chough@hkwyolaw.com>
**Subject:** BCB v. MineOne et al.

Pat,

I am reaching out on behalf of the Defendants in the federal case you filed. MineOne Data Center, MineOne Partners, and SonicHash have been served as of June 5th, is my understanding, which makes the responsive pleading deadline June 26th for those Defendants. It's also my understanding that Terra Crypto and Bit Origin have not yet been served.

In the interest of having the Defendants all on the same deadline and as we are considering requesting the de facto 14-day extension for time to respond for the first 3 Defendants, we propose that you provide us with until July 7th for all Defendants to answer or otherwise respond, and in return we would accept service on behalf of the two remaining unserved Defendants. Can you agree to that proposal?

Please give me a call tomorrow if you want to discuss.

Thank you,
Sean



**Sean M. Larson**

Hathaway & Kunz, LLP | The Wyoming Law Firm™
2515 Warren Avenue | Suite 500 | P.O. Box 1208
Cheyenne, WY 82001
p (307) 634-7723 | f (307) 634-0985

SLarson@hkwyolaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain information that is confidential or legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing,

distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving in any manner.  Thank you.

This email has been scanned for spam and viruses. Click here to report this email as spam.