Patrick J. Murphy, WSB No. 7-1779
Scott C. Murry, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company                    . | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER, AND PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, SONICHASH LLC, AND BIT ORIGIN, LTD**.

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, through its

counsel, and hereby serves its Response to Plaintiff's *Motion for Extension of Time to Respond* ("*Motion*"), and Plaintiff's application for entry of default against four of the five Defendants, namely, Mineone Wyoming Data Center LLC, Mineone Partners LLC, SonicHash LLC, and Bit Origin, Ltd.  Plaintiff BCB Cheyenne LLC shows the Court as follows:

1.      Plaintiff incorporates everything its attorney, Patrick Murphy, stated in Mr. Murphy's June 22, 2023 meet-and-confer letter to Sean Larson, local counsel for the Defendants.  Mr. Murphy's 6/22/23 email is attached to Defendants' *Motion* as "Exhibit A." That email contains the relevant history and reasons why the Court should not grant Defendants an extension of time to answer or respond to Plaintiff's Complaint.  That history, and Plaintiff's arguments, are incorporated in this *Response*, but not repeated.

2.      Rule 6.1 of the USDCLR states as follows:

"All parties shall strictly comply with all time limits as provided by the Local Rules and the federal Rules of Civil Procedure.  Where ***compelling circumstances exist,*** motions for extension of time, of not more than fourteen days within which to answer or move to dismiss the complaint, ***may*** be granted by the judge.  After consultation with ***and approval by opposing counsel***, counsel seeking an extension for the first time shall, upon oral motion, request an immediate ruling from the judge.  The hearing may be by telephone/video conference or in person.  The judge shall enter or cause the Clerk of Court to enter the ruling on the docket and no further order will be entered on the motion."  (emphasis added).

3.      When Defendants' counsel, Sean Larson, met-and-conferred with Plaintiff's counsel, Patrick Murphy, the only reason Mr. Larson cited as a "compelling circumstance" to warrant an extension of time was "an interest in having the Defendants all on the same [answer] deadline."  *See* Sean Larson's 6/21/23 email to Patrick Murphy; "Exhibit A" to

the *Motion*.  Nothing else.  That is not a "compelling circumstance."

4.     Now, in their *Motion*, Defendants realize that "having the Defendants all on the same [answer] deadline" is not a "compelling circumstance," so they suggest there are different compelling circumstances.  In fact, none of Defendants' proffered reasons for wanting a 14-day extension of time are "compelling circumstances."

5.     Defendants now say the following constitute the required "compelling circumstances:"

> Defendants request this extension because counsel has been evaluating these complicated claims concerning multiple Defendants, which include an allegation of "no less than $22,000,000.00" in damages.  In addition to the complexity of the claims and allegation of more than $22,000,000.00 in damages, this case potentially involves complicated issues for consideration of diversity of the parties.  These three Defendants are limited liability entities, and as such the domiciles of each of their members come into play in assessing diversity.  Plaintiff's claims are all state law claims, and as such diversity will need to be considered by the parties and this Court.  Plaintiff's *Complaint* is 47 pages and 222 paragraphs in length.  All of the above circumstances require additional time, research, and assessment, most of which is somewhat unique to filing this matter in federal court.

*See Motion* at ¶ 4.

6.     What Defendants do not tell the Court is that their New York City counsel, Paula Cobash, has had Plaintiff's Chancery Court Complaint since at least March 24, 2023, and she and Mr. Larson have had actual knowledge of and access to Plaintiff's federal court Complaint since May 4, 2023.  Nowhere in their *Motion* do they inform the Court how much – or how little – of that time they have actually spent "evaluating these [alleged] complicated claims."

7.     They next say this case potentially involves "complicated issues for

consideration of diversity of the parties." *Id.*  They observe that "[t]hese three Defendants are limited liability companies, and as such the domicile of each of their members come into play in assessing diversity."  How long would it take counsel for these three closely-related Defendant entities – comprised of interrelated Chinese nationals –  to determine (a) who the "members" are of each company, and (b) the domicile of each "member?"  One hour? Two hours?  For sure, none of these "members" are domiciled in Colorado or Illinois – the two states where the three BCB members are domiciled.  At tops it would take Defendants' counsel three hours to determine that complete diversity exists between (a) the members of BCB, and (b) the members of the three Defendant limited liability companies.  Defendants and their counsel have had since May 4, 2023 to make this simple assessment.  But they do not inform the Court of what efforts they have made – or not made – to make the assessment.

8.    Defendants posit one more reason as an alleged "compelling circumstance" for an extension of time.  They say these are "complicated state law claims" and Plaintiff's "damages claim of more than $22,000,000.00" constitute a "compelling circumstance" for more time to research and investigate Plaintiff's Complaint.  *Motion* at ¶ 5.  Again, Defendants' lead counsel from New York City, Paula Cobash, has had Plaintiff's Chancery Court Complaint for more than ninety (90) days, and actual knowledge of and access to Plaintiff's federal court Complaint of over fifty (50) days.  That is more than ample time to research, investigate and respond to Plaintiff's federal court Complaint.

9.    Defendants have intentionally slow-played responding to Plaintiff's Chancery Court Complaint and Federal Court Complaint at every step of these

proceedings. *See* Patrick Murphy's 6/22/23 email to Sean Larson.

10.    For no good reason, Defendants are critical of Plaintiff for re-filing this federal Court Complaint days before Chancery Court Judge Steven Sharpe dismissed Plaintiff's Chancery Court Complaint. *See Motion* at ¶ 1 ("Plaintiff filed its *Complaint* on May 3, 2023.  At the time of filing, Plaintiff had an open case and complaint in Wyoming Chancery Court.  Nine (9) days after Plaintiff hastily filed this federal court *Complaint*, Judge Steven K. Sharpe dismissed the Chancery Court Complaint without prejudice").  The simple truth is that the Chancery Court judge "shall" dismiss any Chancery Court suit if any of the parties to that case ask for dismissal even where, as here, they don't submit any reason for their requested dismissal.  Rule 3(a) of the Civil Procedure Rules for Chancery Court say:

> If any party files an objection to having the matter proceed in chancery court on or before the date of its first pleading is due, the chancery court *shall* enter its order dismissing the case without prejudice.

(emphasis added).

Thus, once Defendant Mineone Wyoming Data Center LLC filed its May 2, 2023 *Objection to Proceeding in Chancery Court*, **"Exhibit A,"** the die was cast.  Judge Sharpe **had** to dismiss Plaintiff's Chancery Court case, which he did on May 12, 2023 **("Exhibit B")**.

11.    Instead of granting Defendants any extension of time to answer or otherwise plead to Plaintiff's Complaint, the Court should enter default against four of the five Defendants.  The only Defendant whose time for answering has not yet expired is Terra Crypto Inc.  The other four Defendants – Mineone Wyoming Data Center LLC, Mineone

Partners LLC, SonicHash LLC, And Bit Origin, Ltd. – all had until June 22, 2023 to answer

or respond to the Complaint.  And each of them failed, without any good reason, to do that.

In his *Motion*, Defendants' counsel is simply wrong when he states, in ¶ 3:

> "Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, and SonicHash LLC, were served with the *Summons* and *Complaint* on June 5, 2023.  These three Defendants have until June 26, 2023 to serve their answers or responsive pleadings.

Actually, these three Defendants were all served on June 1, 2023, and had until June 22,

2023 to file their Answers or responsive pleadings, as described below.

> 12.    Defendants are similarly mistaken when they say, in their *Motion*, that

> Defendants' counsel's understanding was that neither Terra Crypto Inc., nor Bit Origin, Ltd had been served.  ***Defendants' counsel notes that a return of service for both of those Defendants have been filed*** but has no information as to the validity of that service at this time.

*Motion* at 3 (emphasis added).

As described below, Bit Origin, Ltd. was served back on May 23, 2023, and its

Answer was due back on June 13, 2023.  Bit Origin, Ltd. is in default.  Terra Crypto Inc.

was served on June 7, 2023, and its answer or responsive pleading is not due until June 28,

2023.  Why Defendants' counsel misapprehends that Mineone Wyoming Data Center LLC,

Mineone Partners LLC, and SonicHash LLC were served on June 5, 2023 is hard to fathom:

The Court file demonstrates all three Defendants were served on June 1, 2023.

With respect to Defendants Mineone Wyoming Data Center LLC, Mineone Partners

LLC, SonicHash LLC, and Bit Origin, Ltd., Plaintiff shows the Court as follows:

### A.    Mineone Wyoming Data Center LLC.

Mineone Wyoming Data Center LLC is a Delaware limited liability company,

formed on May 23, 2022.  *See* **"Exhibit C"** from the Delaware Secretary of State.  The Delaware agent for service of process for Mineone Wyoming Data Center LLC is CORP1, Inc. in Dover, Delaware.  *Id.*  CORP1, Inc. was personally served with the Complaint and Summons on June 1, 2023 by process server Isaiah Greene.  *See* Mr. Greene's Affidavit of Service **("Exhibit D")**; Doc 12.  Mineone Wyoming Data Center LLC's Answer or other responsive pleading to Plaintiff's Complaint was due Thursday, June 22, 2023, twenty-one (21) days after service of process, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure ("A defendant must serve an answer within 21 days after being served with the summons and complaint"); *see* **"Exhibit E**," the Clerk's notification of the June 22, 2023 answer date Mineone Wyoming Data Center LLC has failed to plead or otherwise defend in the time provided.

### B.  Mineone Partners LLC.

Mineone Partners LLC is a Delaware limited liability company, formed on October 13, 2021.  *See* **"Exhibit F"** from the Delaware Secretary of State.  The Delaware agent for service of process for Mineone Partners LLC is CORP1, Inc. in Dover, Delaware.  *Id.* CORP1, Inc. was personally served with the Complaint and Summons on June 1, 2023 by process server Isaiah Greene.  *See* Mr. Greene's Affidavit of Service **("Exhibit G")**; Doc. 11.  Mineone Partners LLC's Answer or other responsive pleading to Plaintiff's Complaint was due Thursday, June 22, 2023, twenty-one (21) days after service of process, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure ("A defendant must serve an answer within 21 days after being served with the summons and complaint"); *see* **"Exhibit H**," the Clerk's notification of the June 22, 2023 answer date.  Mineone Partners LLC has

failed to plead or otherwise defend in the time provided.

### C.     SonicHash LLC.

SonicHash LLC is a Delaware limited liability company, formed on December 17, 2021.  *See* **"Exhibit I"** from the Delaware Secretary of State.  The Delaware agent for service of process for SonicHash LLC is CORP1, Inc. in Dover, Delaware.  *Id.*  CORP1, Inc. was personally served with the Complaint and Summons on June 1, 2023 by process server Isaiah Greene.  *See* Mr. Greene's Affidavit of Service **("Exhibit J")**; Doc. 13. SonicHash LLC's Answer or other responsive pleading to Plaintiff's Complaint was due Thursday, June 22, 2023, twenty-one (21) days after service of process, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure ("A defendant must serve an answer within 21 days after being served with the summons and complaint"); *see* **"Exhibit K,"** the Clerk's notification of the June 22, 2023 answer date.  SonicHash LLC has failed to plead or otherwise defend in the time provided.

### D.     Bit Origin, Ltd.

Bit Origin is a Cayman Islands organization, formed on or about January 23, 2018. *See* **"Exhibit L."**  McGrath Tonner Corporate Services Limited is the Cayman Islands registered agent for service of process for Bit Origin, Ltd. in George Town, Cayman Islands.  *Id.*  McGrath Tonner Corporate Services Limited was personally served with the Complaint and Summons on May 23, 2023 by process server Joan Ebanks Agurcia.  *See* **"Exhibit M;"** Doc. 15.   Bit Origin, Ltd.'s Answer or other responsive pleading to Plaintiff's Complaint was due on June 13, 2023, twenty (20) days after service of process, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure ("A defendant must

serve an answer within 21 days after being served with the summons and complaint"); *see* **"Exhibit N,"** the Clerk's notification of the June 22, 2023 answer date.  Bit Origin, Ltd. has failed to plead or otherwise defend in the time provided.

13.     Four Defendants waited until 4:55 p.m. on the day their responsive pleadings were "due" to first ask the Court for an extension of time to answer Plaintiff's Complaint, knowing that Plaintiff's counsel objected to any extension, and knowing they did not have the needed "compelling circumstances" to support an extension of time.

14.     What the Defendants should have been doing is preparing their Answers, or other responsive pleadings, once they were served on May 23 and June 1, 2023. Defendants offer no reason, or excuse, for (a) not knowing Bit Origin, Ltd. was served on May 23; (b) not knowing the Mineone Wyoming Data Center LLC, Mineone Partners LLC, and SonicHash LLC Defendants were served June 1, not June 5; and (c) not preparing their Answers and/or responsive pleadings from June 1-22, 2023.  The Returns of Service have been in the Court file since June 13, 2023.  Defendants and their capable counsel had easy access to the Court file.

15.     These Defendants' failure to timely answer or respond to Plaintiff's Complaint by June 22, 2023 was not due to any excusable neglect, but rather due to culpable conduct.  "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."  *Viking Insurance Company of Wisconsin v. Sumner,* 2016 WL 10672361 *3 (D. Wyo. 2016, Skavdahl, Chief Judge). Here, these defaulted Defendants demonstrate no excuse for their default.  And, "if the default was the result of the defendants' culpable conduct, the district court may refuse to

set aside the default on that basis alone." *Id.*

WHEREFORE, Plaintiff BCB Cheyenne LLC respectfully prays as follows:

A.   Without the requested showing of "compelling circumstances," the Court should deny Defendants' *Motion* for an extension of time for any Defendant to answer or otherwise plead to Plaintiff's Complaint; and

B.   Because Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, SonicHash LLC, And Bit Origin, Ltd. have all failed to plead or otherwise respond to Plaintiff's Complaint by the June 22, 2023 deadline, the Court should enter default against each such Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Respectfully submitted this 23rd day of June, 2023.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By:   /s/ Patrick J. Murphy
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 23rd day of June, 2023.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112 | ☐ U.S. Mail (Postage Prepaid) |
| Hathaway & Kunz, LLP | ☐ Fax |
| P.O. Box 1208 | ☐ Overnight Delivery |
| Cheyenne, WY 82001 | ☐ Hand Delivery |
| slarson@hkwyolaw.com | ☒ CM/ECF Email |

/s/ Patrick J. Murphy
Patrick J. Murphy