# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, )<br>)<br>Defendants. ) | Civil No. 23-CV-79 |

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD, AND ENTRY OF DEFAULT AGAINST DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, SONICHASH LLC, AND BIT ORIGIN, LTD**.

THIS MATTER comes before the Court on Defendants' *Motion for Extension of Time to Respond* ("*Motion*") (Doc. 17) and *Plaintiff's Response and Objection to Defendants' Motion for Extension of Time to Answer, and Plaintiff's Application For Entry Of Default Against Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC, And Bit Origin, Ltd.*. The Court has carefully reviewed the *Motion*

1

and *Response*, and the entire court file.  The Court FINDS and ORDERS as follows:

Under USDCLR 6.1, the Defendants must demonstrate "compelling circumstances" for the Court to grant Defendants an extension of time of up to fourteen (14) days to answer or respond to Plaintiff's Complaint.  The Rule also requires that Plaintiff's counsel approve of the request for additional time.  Both of these predicates are missing here.  Defendants do not demonstrate any "compelling circumstances" to warrant an extension of time, and Plaintiff's counsel objects to any extension of time.

Defendants' lead counsel, Ms. Paula Cobash, had Plaintiff's Chancery Court Complaint for at least ninety (90) days before Defendants filed their 6/22/23 *Motion*, and Defendants' counsel have had actual knowledge of and access to Plaintiff's federal court Complaint since they were advised, on May 4, 2023, of its May 3, 2023 filing.  This is more than adequate time for counsel to research and investigate Plaintiff's Complaint, and then timely file an answer or responsive pleading.  Additionally, determining the members' domicile(s) of the three Defendant limited liability companies is not a burdensome or time-consuming endeavor; instead, it is an easy, straight-forward task that should take a few hours, not a few days, to ascertain.  Consequently, assessing the Parties' domiciles for diversity purposes in not a "compelling circumstance" to warrant an extension of time.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court FURTHER FINDS that Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC, and Bit Origin, Ltd. have all "failed to plead or otherwise defend" Plaintiff's Complaint by their June 22, 2023 deadline.  Rule 55(a) says as follows:

(a) **Entering a Default.**  When a party against whom a judgment for

>affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Defendant Bit Origin, Ltd was served with the Complaint and Summons on May 23, 2023, making its answer or responsive pleading due by June 13, 2023. Bit Origin, Ltd. did not file anything with the Court until it filed its June 22, 2023 *Motion*. Bit Origin, Ltd. is in default, and the Court hereby enters default against Bit Origin, Ltd.

Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, and Sonichash LLC were all served on June 1, 2023, making their Answers or responsive pleadings due on June 22, 2023. *See* Rule 12(a)(1)(A), F.R.Civ.P ("A defendant must serve an answer within twenty-one days after being served with the summons and complaint"). Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC did not file anything with the Court until they filed their *Motion* on June 22, 2023.

Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC are in default, and the Court herby enters default against Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC.

The Court FURTHER FINDS that, pursuant to Rule 55(a), these Defendants' failure to timely answer or respond to Plaintiff's Complaint by June 22, 2023 was not due to any excusable neglect, but rather due to culpable conduct. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully ***or has no excuse for the default***." *Viking Insurance Company of Wisconsin v. Sumner*, 2016 WL 10672361 *3 (D. Wyo. 2016, Skavdahl, Chief Judge). (emphasis added). Here, these defaulted Defendants demonstrate no excuse for the default. And, "if the default was the result of the defendants'

culpable conduct, the district court may refuse to set aside the default on that basis alone." *Id.*

IT IS THEREFORE ORDERED that Defendants' *Motion for Extension of Time to Respond* be, and hereby is, DENIED; and

Default is hereby entered against Defendants Mineone Wyoming Data Center LLC, Mineone Partners LLC, Sonichash LLC, and Bit Origin, Ltd.

DATED this ____ day of _____, 2023.

BY THE COURT: _____
Kelly R. Rankin
United States Magistrate Judge

4