Sean Larson, Wyo. Bar #7-5112
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com

Paula K. Colbath, Esq. (Pro Hac Vice Forthcoming)
Sarah Levitan Perry, Esq. (Pro Hac Vice Forthcoming)
LOEB & LOEB LLC
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4905

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. <br><br> Defendants. | Civil Action No. 23CV-79-SWS |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST BIT ORIGIN, LTD [DOC. NO. 19]

**COME NOW** Defendants MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, TERRA CRYPTO INC., BIT ORIGIN LTD., and SONICHASH LLC (sic) (collectively, the "Defendants"), by and through their attorneys Hathaway & Kunz, LLP and Loeb & Loeb LLP, and hereby respond in opposition to Plaintiff's application for entry of default against Defendant Bit Origin, Ltd.

## BACKGROUND

On May 3, 2023, Plaintiff filed its federal Complaint [Doc. No. 1] against Defendants, which was filed when its complaint in Wyoming Chancery Court had not been dismissed. The Chancery Court matter was dismissed without prejudice nine days later on May 12, 2023. Plaintiff proceeded with attempts at service on the five Defendants. Based upon the affidavits of service filed by Plaintiff, service allegedly occurred on the following dates:

- MineOne Wyoming Data Center, LLC – June 1, 2023 in Delaware;
- MineOne Partners LLC – June 1, 2023 in Delaware;
- SonicHash LLC – June 1, 2023 in Delaware;
- Terra Crypto Inc. – June 7, 2023 in Delaware; and
- Bit Origin, Ltd – May 23, 2023 in George Town, Cayman Islands.[1]

Four of the five Defendants were served domestically, and the one international Defendant needed to be served pursuant to the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents*.

---

[1] It is worth noting that the returns of service for all five Defendants were filed on June 13, 2023, the very date Bit Origin, Ltd.'s answer or responsive pleading would have been due if service were proper.

The pertinent document for review and consideration of whether service was proper is Plaintiff's *Affidavit of Service for Bit Origin, LTD* [Doc. No. 15]. Only limited details were provided: some individual named David Fiebig received service of the *Complaint* and *Summons* at the Genesis Building, 5th Floor, George Town, Cayman Islands at exactly noon on May 23, 2023. No information is provided in the manner of service section of the affidavit. No information is provided from the process server concerning Mr. Fiebig's role or any discussions with him.

On June 23, 2023, Plaintiff filed the *Application for Entry of Default* [Doc. No. 19] requesting the Clerk to enter default against all Defendants. As discussed during the informal conference on Defendants' request for extension of time to answer or respond and Plaintiff's response and objection to the same, the parties and the Court agreed that four of the five Defendants were not in default as they had timely requested an extension of time to answer or otherwise respond. Plaintiff provided essentially one paragraph of facts and analysis concerning the supposed default of Bit Origin, Ltd. The Court granted the extension of time to answer or otherwise respond for the four other Defendants and noted that the issue of default still remained for Defendant Bit Origin, Ltd. Plaintiff's motion functions only to request entry of default against Defendant Bit Origin, Ltd.

On July 3, 2023, Bit Origin, Ltd filed its *Answer, Defenses, and Counterclaims* along with the other Defendants. [Doc. No. 23].

## LEGAL STANDARD

The Clerk can enter default if a party has "failed to plead or otherwise defend" after being served with the summons and complaint. FED. R. CIV. P. 55(a); *see* FED. R. CIV. P. 4. Actual notice is not a substitute for service required under the law.

> Though the service was admittedly defective, Mr. Meyers contends that Pfizer had "actual notice," pointing to a telephone call from defense counsel requesting an extension of time. This contention fails, as a matter of law, ***because a default judgment cannot be based on actual notice when service is defective.*** *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir.2008).

*Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014) (emphasis added). Analysis of international service is considerably different than analysis of domestic service.

> Federal Rules of Civil Procedure 4(h)(2) and 4(f) set forth the process for serving a foreign corporation outside the judicial districts of the United States. A plaintiff may serve a litigant who is not present within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(f)(1); *see generally* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").

*Arnold v. Royal Bank of Canada Tr. Co. (Cayman)*, No. 13-CV-3171-H RBB, 2014 WL 1871728, at *1 (S.D. Cal. May 8, 2014). If a jurisdiction is a signatory to the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents*, compliance is mandatory and exclusive. *Id.* As a territory of the United Kingdom, the Cayman Islands are considered a signatory. *Id.*

In the event the Court finds the international service here to be sufficient, the standard to be assessed is whether Defendants show good cause for the default. "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. Pro. 60(b)." *Dennis Garberg & Associates, Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Courts prefer to decide cases on the merits, and "they construe good cause liberally to avoid disposition by default." *Hakan Agro DMCC v. Unova*

*Holdings, LLC*, 13-CV-21-ABJ, 2013 WL 1832075, at *2 (D. Wyo. May 1, 2013) (citing *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970)).

When determining whether to set aside an entry of default, courts in the Tenth Circuit consider the following factors, "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir.1992)).

## DISCUSSION

Defendant Bit Origin, Ltd has not been served to date. Plaintiff attempted garden variety domestic service on the international entity, which is not sufficient pursuant to the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents*. Yet Plaintiff contends Defendant Bit Origin, Ltd has defaulted.

For proper service under the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents*, Plaintiff must serve the Defendants by using the USM-94 Form and sending the documents to the Central Authority for the Cayman Islands. S*ee Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-3073 MMC, 2007 WL 295548, at *2 (N.D.Cal. Jan. 30, 2007); *Exhibit A – USM-94 Form from U.S. Marshall's Websit*e. Plaintiff failed to take these steps.

Here, we have no Form USM-94, and this service was not handled through the Central Authority for the Cayman Islands. According to a popular Hague Convention Service blog (https://www.haguelawblog.com/2017/05/serve-process-cayman-islands/), this service process can take around three or four months to receive a return of proof.

In the event Plaintiff claims they attempted service under the Article 10(b) alternative method, they have provided no allegations or information to support sufficiency of that avenue. If attempted personal service was pursued under the Article 10(b) Hague alternative, Plaintiff must provide proof that their process service was handled through a United Kingdom solicitor. *See IM Partners v. Debit Direct, Ltd.*, 394 F.Supp.2d 503, 511–12 (D. Conn. 2005). Plaintiff has not provided any information to demonstrate that its personal service was handled through a solicitor for the jurisdiction.

In addition, even if the service is somehow deemed proper on May 23, 2023, good cause exists for this Court to consider any claims involving Bit Origin, LTD on the merits. There is no evidence that Bit Origin, LTD's default was willful. It was not served properly under the *Hague Convention* and it served its *Answer, Defenses, and Counterclaims* on July 3, 2023. Not entering the default does not prejudice Plaintiff at all, and Plaintiff has not demonstrated how an answer allegedly filed 11 days late would somehow prejudice it. It is clear a meritorious defense has been presented through the *Answer, Defenses, and Counterclaims*. Defendants have legitimate defenses to the allegations and claims of Plaintiff and have substantial counterclaims against the Plaintiff, whose naivety in the industry caused all of the issues between the parties. These are not the factual circumstances which warrant consideration of such harsh punishment as to grant default and not hear the matter on the merits.

Defendants request that the application be denied, and that the Clerk not enter default. Defendant Bit Origin, Ltd has filed its responsive pleading. After Plaintiff's answer to the counterclaims is filed, the Court will be able to move toward a scheduling conference and discovery in this case.

-7-

## CONCLUSION

Plaintiff applied for entry of default without properly serving Bit Origin, Ltd with the *Summons* and *Complaint* pursuant to the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents*. And even if service was proper, the default was not willful, Plaintiff suffered no prejudice as Bit Origin, Ltd filed its Answer on July 3, 2023, and Defendants present a meritorious defense and affirmative counterclaims. Plaintiff does not meet its high burden to demonstrate that default should be entered. As such, Plaintiff's application must be denied.

**WHEREFORE**, Defendants request that the Court deny the application for entry of default against Bit Origin, LTD and for such other relief as the Court may deem just and proper.

*[Remainder of this Page Intentionally Blank]*

DATED this 7th day of July, 2023.

                            HATHAWAY & KUNZ, LLP

                            By: */s/ Sean Larson*
                                 Sean Larson, Esq.
                                 HATHAWAY & KUNZ, LLP
                                 2515 Warren Ave
                                 Cheyenne, WY 82003
                                 Telephone: (307) 634-7723
                                 Fax: (307) 634-0985
                                 slarson@hkwyolaw.com

                                 LOEB & LOEB LLC

                            By: */s/ Paula K. Colbath*
                                 Paula K. Colbath, Esq. (Pro Hac Vice Pending)
                                 Sarah Levitan Perry, Esq. (Pro Hac Vice Pending)
                                 345 Park Avenue
                                 New York, NY  10154
                                 Telephone: 212-407-4905

                                 *Attorneys for Defendants*

                                 *MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants.*

-9-

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of July, 2023, the undersigned served a true and correct copy of the foregoing as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott, Suite 400<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [ ✓ ] CM/ECF<br>[  ] U.S. Mail<br>[  ] Fax:  307-672-8955<br>[  ] E-mail: |

*/s/ Hayley Wheeler*
HATHAWAY & KUNZ, LLP