Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
      smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants,<br><br>    Defendants. | Civil No. 23-CV-79 |

## PLAINTIFF'S REPLY CONCERNING ITS APPLICATION FOR THE REQUESTED DEFAULT OF DEFENDANT BIT ORIGIN, LTD

COMES NOW Plaintiff BCB Cheyenne LLC ("BCB"), through its counsel, and provides the Court with this short Reply in connection with BCB's application for entry of

1

default against Defendant Bit Origin, Ltd. [Doc 19] and Defendants' Response thereto [Doc 24].

1. With respect to four (4) of the five (5) Defendants – every Defendant except Bit Origin, Ltd. – Magistrate Judge Rankin indicated, in an telephonic hearing on June 26, 2023, that, because most of the Defendants had filed a motion for extension of time on the last possible day to answer or otherwise plead, the Court believed their motion for extension of time was timely made, and that the Court would therefore grant those Defendants additional time – until July 7, 2023 – to answer Plaintiff's Complaint. The Court did not require those Defendants to make any showing of the "compelling circumstances" in U.S.D.C.L.R. 6.1 to warrant such an extension of time, and the Court expressly made no such finding or demonstration of "exceptional circumstances."

2. In their *Response* [Doc. 24, p.3], Defendants represent that ". . . ***the parties*** and the Court ***agreed*** that four of the five Defendants were not in default as they had timely requested an extension of time to answer or otherwise plead" (emphasis added). This is slightly inaccurate. Plaintiff's counsel, Patrick Murphy, never "agreed" that four of the five Defendants were not in default. Instead, Magistrate Judge Rankin indicated he felt they were not in default and granted them an additional week to serve their Answer. Plaintiff accepts Magistrate Judge Rankin's oral ruling, but never "agreed" that Defendants were not in default.

3. All five Defendants filed their Answer and Counterclaims on July 7, 2023 [Doc. 23]. Plaintiff is in the process of preparing its Answer to the Counterclaims filed by all five Defendants. That Answer is due on Monday, July 24, 2023.

4.      With respect to Defendant Bit Origin, Ltd., a Cayman Islands Organization, Plaintiff avers that it personally served Bit Origin, Ltd. on May 23, 2023 by hand-delivering the Summons and Complaint to Bit Origin's registered agent for service of process, McGrath Tonner Corporate Services Limited, in George Town, Cayman Islands, at their corporate office [Doc. 19, p. 8]. Tellingly, in its *Response*, Bit Origin, Ltd. does not deny or quibble that Bit Origin, Ltd. was personally served with the Complaint and Summons on May 23, 2023 in George Town, Cayman Islands. Instead, the entire thrust of Bit Origin's defense to BCB's application for entry of default is that because "legal" service of process was not made upon Bit Origin, Ltd. under the "mandatory and exclusive method" provided in the *Hague Convention for Service Abroad of Judicial or Extra Judicial Documents,* Bit Origin, Ltd. has been actually served, but not "legally" served and, therefore, Bit Origin, Ltd. is not in default. [Doc. 24 at 4]. Bit Origin, Ltd. says, "Actual notice [or actual service] is not a substitute for service required under the law." [*Id.* at 3].

5.      BCB agrees with Bit Origin's legal argument. Actual, but not "legal," service was made on Bit Origin, Ltd. Because Plaintiff did not utilize the expensive and lengthy service of process procedures described by the Hague Convention for Bit Origin, Ltd., a Cayman Islands organization, the Court may not consider BCB's service to be legally enforceable where, as here, Bit Origin, Ltd. specifically resists entry of default based on the actual, but not legal, service of process. [C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiegesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). "[T]he Cayman Islands is a territory of the United Kingdom, and as such, it is considered to be a signatory to the Hague

Convention." *Mapping Your Future, Inc. v. Mapping Your Future Servcs., Ltd.*, 266 F.R.D. 305, 307 (D.S.D. 2009).

6. Consequently, Plaintiff agrees that default should not now be entered against Defendant Bit Origin, Ltd.

7. The case should now proceed against all Defendants. All five Defendants answered the Complaint, and asserted two Counterclaims, on July 7, 2023 [Doc. 23]. All Defendants have submitted themselves to the jurisdiction of the Court, and seek "no less than $40,000,000" of damages from Plaintiff [Doc. 23 at 42]. None of the Defendants plead any issue with service of process, or the adequacy of service, as an affirmative defense [Doc. 23 at 26-29]. Consequently, Defendants waive any Rule 12(b)(5) defense. *See* Rule 12 (h), F.R.Civ.P. ("A party waives any defenses listed in Rule 12(b)(2)-(5) by . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course").

8. Once Plaintiff files its Answer to Defendants' Counterclaims on July 24, 2023, counsel will then conduct their Rule 26 (f) discovery conference and then file their Joint Case Management Report with the Court. Then the Court can schedule an initial pretrial conference.

Respectfully submitted this 14th day of July, 2023.

                              BCB CHEYENNE LLC d/b/a
                              BISON BLOCKCHAIN,

                              Plaintiff

By:   /s/ Patrick J. Murphy
        Patrick J. Murphy (WSB No. 5-1779)
        Scott C. Murray (WSB No. 7-4896)
        Williams, Porter, Day & Neville, PC
        159 N Wolcott St. Suite 400
        Casper, WY 82601
        Ph: (307) 265-0700
        pmurphy@wpdn.net
        smurray@wpdn.net

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 14th day of July, 2023.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112 | ☐ U.S. Mail (Postage Prepaid) |
| HATHAWAY & KUNZ, LLP | ☐ Fax |
| P.O. Box 1208 | ☐ Overnight Delivery |
| Cheyenne, WY 82001 | ☐ Hand Delivery |
| slarson@hkwyolaw.com | ☒ CM/ECF Email |

                              /s/ Patrick J. Murphy
                              Patrick J. Murphy