FILED

Margaret Botkins
Clerk of Court

10:01 am, 7/18/23

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

BCB CHEYENNE LLC,

        Plaintiff,

v.                                                                                                Case No. 23-CV-79-ABJ

MINEONE WYOMING DATA
CENTER LLC, MINEONE PARTNERS
LLC, TERRA CRYPTO INC, BIT
ORIGIN LTD, SONIC HASH LLC,

        Defendants.

---

**MEMORANDUM AND ORDER REGARDING DISCOVERY MOTIONS AND DISPOSITIVE MOTIONS INCLUDING MOTIONS FOR SUMMARY JUDGMENT AND ANALOGOUS MOTIONS TO DISMISS IN CIVIL CASES**

---

      This Memorandum and Order addresses motions for discovery and dispositive motions, including motions for summary judgment under Federal Rule of Civil Procedure 56, and motions to dismiss under Rule 12(b)(6) that ask this Court to consider matters outside the pleadings.  Hereafter, the following procedure and rules shall obtain in all cases assigned to the Honorable Alan B. Johnson and shall govern the conduct of counsel, parties, and unrepresented parties appearing pro se in this matter.

      In view of the substantial waste of resources, public and private, that results from plainly improper motions of these types, the parties shall:  (1) strictly adhere to this Court's Local Rule 7.1

relating to non-dispositive motions and Local Rule 26.1, relating to discovery disputes; (b) not designate a motion as one to dismiss an action under Rule 12(b)(6) when it is in essence a motion for summary judgment; and (c) not file a summary judgment which must be denied after consideration because some material factual assertion is in dispute.

## I.  DISCOVERY

Most discovery disputes, especially those dealing with (1) scheduling or calendaring issues; (2) the number, length, or form of oral or written questions; (3) the responsiveness of answers to oral or written questions; and (4) the mechanics of document production, including protective orders and the proper method of raising claims of privilege, should be resolved by counsel without court intervention.  Therefore, the parties must strictly comply with Local Rule 7.1(b)(1)(A) and must confer orally in person or by telephone regarding all discovery disputes.  The Court will not permit the filing of any written discovery motions without the Court=s prior approval.  In the event that the parties are unable to resolve a discovery dispute without court intervention prior to filing any written discovery motion, the Court will attempt to resolve disputes as far as possible in an informal manner.  If the Court determines that a dispute requires a formal motion and briefing, the parties will be so advised and deadlines for compliance will be established.  No written motion on discovery disputes will be considered unless this process has been strictly followed.

## II.  FED. R. CIV. P. 12(b)(6) MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b) authorizes the Court to treat a motion to dismiss an action for failure to state a claim upon which relief can be granted as a motion for summary judgment under Rule 56 if matters outside the pleadings are presented.  In order to assure fair procedure, however, this Court does not treat a Rule 12(b)(6) motion to dismiss as a motion for summary judgment unless the non-moving party has received reasonable notice that a response of

the type required by Rule 56 must be filed.

In the rare instances where this Court treats a Rule 12(b)(6) motion to dismiss as one for summary judgment, it does so only to proceed promptly to a disposition and to avoid needless filings by counsel and the parties. The Court intends never to allow any party to gain an advantage by filing a Rule 12(b)(6) motion that refers to matters outside the pleadings (whether by attaching affidavits or through some other mechanism) in the hope that it will be treated as a motion for summary judgment.

For these reasons and as a practical matter, the Court may simply deny a Rule 12(b)(6) motion to dismiss when the motion relies on facts and matters asserted outside the pleadings. By referring to matters outside the pleadings, the moving party impliedly represents that the Court should consider such material. Accepting that representation as correct, the Court will deny the motion unless summary judgment is appropriate. Unquestionably, summary judgment is not appropriate before the opposing party has had a reasonable opportunity to file a response that demonstrates a dispute of material fact.

Of course, a denial of such a Rule 12(b)(6) motion to dismiss will not bar the moving party from later contending that neither the pleading of the claim nor the evidence on record asserts a claim upon which relief can be granted. Such a contention goes to the legal merits of the claim and may be asserted at any time before judgment is entered as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or as a motion for summary judgment under Rule 56. Counsel and the parties must comply with all discovery deadlines and dispositive motion filing deadlines that are established by this Court in any order governing scheduling and case management of the case.

III. DISPOSITIVE MOTIONS FOR SUMMARY JUDGMENT AND CERTAIN RULE

## 12(b)(6) DISPOSITIVE MOTIONS

To the Court=s concern, parties frequently file motions for summary judgment (or Rule 12(b)(6) motions to dismiss which depend on factual assertions not contained in the pleadings) before they are able to effectively demonstrate that the essential facts are undisputed. Perhaps this is explained by some fear that either the Court or opposing counsel may assert that the moving party has waived its opportunity to present such a motion. Such a fear is unwarranted. Rule 56 clearly states that motions for summary judgment may be filed at a later time without danger of waiver, so long as the motion is filed in accordance with the deadlines established by this Court in any order establishing schedules and case management guidelines for the case.

If counsel for the moving party knows that even one of the facts essential to a motion for summary judgment is in dispute, then the motion cannot properly be filed. As stated in Rule 11, counsel=s signature on a motion certifies that, to the best of your Aknowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose[.]@ If counsel knows that some essential and material fact in the case is in dispute, such certification is not proper even if counsel believes that the evidence is heavily weighted toward a favorable finding.

Bear this in mind: In deciding a motion for summary judgment, the Court cannot properly make findings on disputed issues of fact. It cannot weigh evidence. If evidence must be weighed, then it must be weighed at trial and the motion for summary judgment must be, and should be, denied.

In addition, a motion for summary judgment cannot be granted when, given the state of discovery, it is not yet possible to ascertain whether essential assertions of fact made by the moving

party will be in genuine dispute.  In such circumstance, a motion requesting summary judgment is premature.  It is a misuse of the time and resources of counsel, the parties, and the Court for a party to file a motion for summary judgment before filing requests for admissions or employing other discovery devices designed to reveal whether the factual assertions upon which a summary judgment motion is based are in dispute.

A motion under Rule 56 is timely filed when the pleadings clearly present no genuine issues of material fact.  In cases pending before this Court, parties are urged to defer filing motions for summary judgment before discovery is complete or where there is any doubt that some fact upon which the motion is premised will be disputed.  However, this does not excuse any party from complying with all discovery deadlines and dispositive motion filing deadlines established by this Court in any order governing scheduling and case management of the case, unless otherwise ordered by the Court.

These comments are not intended to discourage the filing of a motion for summary judgment before expenses are incurred in extended discovery **if the motion is grounded on a legal theory under which the many factual controversies in the case are irrelevant.**  If counsel or a party files such a motion, however, it is improper under Rule 11 to add to the motion other grounds regarding facts which are in dispute.  A subsequent motion for summary judgment may be filed on such additional grounds if it becomes apparent after full discovery that the essential facts on which the additional motion is based are indeed not in dispute.  Once again, this does not excuse any party from complying with all discovery deadlines and dispositive motion filing deadlines established by this Court in any order governing scheduling and case management of the case, unless otherwise ordered by the Court.

Motions for summary judgment should present only legal questions.  In deciding such

motions, the Court rules on questions of law and **does not weigh evidence.** See *Anderson v. Liberty Lobby Inc.*, 106 S.Ct. 2505 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348 (1986).

IV.  REQUIREMENTS FOR SUBMISSIONS

The Court further requests assistance in the resolution of motions for summary judgment in the following manner.

**Each motion for summary judgment shall include a statement of the material facts of record as to which the moving party contends there is no genuine issue of material fact for trial, complete with page and pinpoint references to affidavits, depositions and other documentation, if any are included or attached.  Failure to include such a statement may constitute grounds for denial of the motion.**

**The party opposing the motion for summary judgment shall include a concise statement of the material facts of record as to which it contends that there exists a genuine issue for trial, complete with page and pinpoint references to affidavits, depositions and other documentation.**

Copies of all referenced documentation shall be filed as exhibits to the motion or opposition.  In the event that such referenced documentation is voluminous, the parties are requested to supply a hard copy of same to the Court contemporaneously with the filing of the motion or opposition.

Material facts set forth in the statement served by the moving party will be deemed undisputed for purposes of the motion unless the statement served by the opposing party asserts facts to the contrary.

Counsel for a moving party are advised that the required statement shall be a **Aconcise statement of the material facts.@** Fed. R. Civ. P. 56 (emphasis added).  It should be limited to facts

that are **undisputed and essential** to judgment on each and every legal theory advanced. The moving party should also bear in mind that the longer a fact statement is, the more likely it is that an opponent will find some fact worthy of dispute. If an opponent disputes **any part** of a statement of facts, the moving party must establish that the opponent has **no evidence** (not merely less weighty evidence) to support the assertion that the questioned fact is one in genuine dispute. **A genuine dispute on one essential fact defeats a motion for summary judgment.**

Counsel and pro se parties must strictly comply with these requirements. Motions that do not comply with these requirements are subject to being stricken or denied without further notice or hearing.

## V.  WITHDRAWAL OF MOTIONS

Finally, if counsel files a motion for summary judgment and at any time thereafter is not prepared to certify that no genuine dispute exists as to any of the facts on which the relevant legal theory is based, counsel has a professional obligation to this Court to notify the Court and opposing counsel of that fact. The motion will be treated as withdrawn without prejudice to renewal if, at a later time, counsel is able to certify that it appears that no genuine dispute exists as to any of the facts on which the relevant legal theory is based. Again, counsel are reminded that this will not excuse compliance with all discovery deadlines and dispositive motion filing deadlines that are established by this Court in any order governing scheduling and case management of the case, unless otherwise ordered by the Court.

Dated this 18th day of July, 2023.

*/s/ Alan B. Johnson*
ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE