**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 23CV-79-SWS ) |
| v. | ) ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPNAY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

The parties to this action having stipulated, through their respective counsel, to the entry of the following Stipulated Protective Order ("Protective Order" or "Order"), **IT IS HEREBY ORDERED** that:

1.     This Order shall govern the production, use and disclosure of documents and information produced, used or disclosed during pretrial discovery in connection with this action and designated in accordance with this Order.

1

2.      All documents, testimony, materials, and other information produced or disclosed by the parties in this action and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall only be used in connection with this action and shall not otherwise be used for any business, commercial, or competitive purpose.

3.      Any party or non-party may designate information or materials produced, used or disclosed in connection with this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by labeling or stamping the information or materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," by orally recording the designation as part of a deposition or court record, or by any other means that are otherwise provided herein.

4.      A party, and third parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL" that contains or could lead to the disclosure of (a) trade secrets, (b) confidential research, development or commercial information, (c) financial information, (d) tax returns, (e) financial statements, (f) financing documents, (h) other private business information relating to the business affairs of either party, (i) safety protocols, procedures, investigations, findings, and other documents in anyway concerning workplace safety; and (j) other internal business documents which are sensitive in nature.

5.      A party, and third parties that disclose information in connection with this action, may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains information concerning any of the above-listed categories in Paragraph 4 and the

production to the other party would cause or threaten to cause potential injury or harm if such information were to be disclosed to the other party.

6.      Any information or document designated as "CONFIDENTIAL," and any corresponding complete or partial copies, summaries, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a.      the Court and its personnel;

b.      members of the jury as authorized by the Court;

c.      court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

d.      counsel of record for any party to the above-captioned litigation, and all attorneys and employees of their law firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees, and local outside counsels for the parties (whether or not they are of record);

e.      directors, officers, members, representatives, and employees of the parties whose assistance is reasonably required by counsel for the parties in the prosecution or defense in this action;

f.      testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not employees of a party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of paragraph 16 must be followed.  In the case of mock jury members, the jury consultant or attorneys

may use an alternative form which is sufficient to ensure protection of any confidential information that may be disclosed in any mock jury proceedings;

g.      persons testifying in depositions or court proceedings;

h.      the authors and original recipients of the documents; and

i.      such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action.

7.      Any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any corresponding complete or partial copies, summaries, digests, analyses, reports, etc., shall be used solely in connection with this action and shall not be disclosed to anyone other than:

a.      the Court and its personnel;

b.      members of the jury as authorized by the Court;

c.      court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

d.      outside counsel of record for any party to the above-captioned litigation, and all attorneys and employees of their law firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees, and local outside counsels for any party (whether or not they are of record);

e.      testifying experts, investigators, consulting experts, advisors, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any such person other than a mock jury member is shown or receives any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES

4

ONLY" he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of paragraph 16 must be followed.  In the case of mock jury members, the jury consultant or attorneys may use an alternative form which is sufficient to ensure protection of any confidential information that may be disclosed in any mock jury proceedings;

f.      persons testifying in depositions or court proceedings;

g.      the authors and original recipients of the documents; and

h.      such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in this action: and

i.      directors, officers, members, representatives, and employees of the parties whose assistance is reasonably required by counsel for the parties in the prosecution or defense in this action;

8.      In the case of a document or thing, a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" can be accomplished by marking the item "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.  Each page of a multi-page document shall be designated as appropriate.

9.      Materials that are produced for examination for the purpose of allowing opposing counsel to determine which materials opposing counsel desires copies shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, whether or not marked, until copies of the materials are requested and produced, at which time the produced materials and information therein shall be treated pursuant to this Order based upon the designation, if any, marked upon the materials by the producing party.

10.     Information conveyed or discussed in testimony at a deposition or a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript.  During such time as any information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.  Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of time not to exceed 30 days after the party receives a copy of the final deposition transcript, during which time the party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.  If the party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the 30 days, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality.

11.     Whenever any document or pleading designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is filed with the Court, such document or pleading shall be filed as non-public and marked as follows:

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

IN ACCORDANCE WITH A PROTECTIVE ORDER ENTERED IN THIS MATTER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL

AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAT THOSE PERSONS AUTHORIZED TO RECEIVE SUCH INFORMATION PURSUANT TO THE PROTECTIVE ORDER.

12.    Subject to the other provisions herein, the failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order and the failure to object to such a designation shall not preclude or in any way prejudice a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The parties understand and agree that failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" relieves the receiving party of obligations of confidentiality until such designation is made, except as otherwise provided herein.  When notice of a producing party's inadvertent failure to mark a document or thing as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is given by the party to the other parties, the receiving parties shall promptly return or destroy the unmarked documents or things and attempt to retrieve such materials from persons not qualified under this Order to possess such information.  The producing party shall promptly produce a properly marked copy of the document or thing.

13.    A party that objects to the designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall provide written notice of the objection to the designating party.  The notice shall state with specificity the document or information objected to and the basis for the objection.  The parties shall first promptly try to dispose of such dispute in good faith on an informal basis as required by the local

rules.  If the dispute cannot be amicably resolved, the objecting party may file a motion objecting

to the designation within fifteen (15) business days after the date notice of the party's objection

was first given to the producing party.  If a motion objecting to the designation is not made within

that time, the party's objection shall be deemed withdrawn subject to the party's right to reassert

the objection in the future.

When a motion objecting to a designation is filed, the party making the disputed

designation shall bear the burden of proving that the information has been properly designated as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The disputed

information shall be treated according to its designation as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the dispute is amicably resolved or

until the Court orders that the information was not properly designated.

No party shall be under any obligation to object to any designation of

confidentiality at the time such designation is made, or any time thereafter.  No party shall, by

failure to object, be found to have acquiesced or agreed to such designation or be barred from

objecting to such a designation at any time thereafter.

14.    Neither this Order nor any stipulation herein, nor any disclosure or use of

information or documents, in whatever form, pursuant to this Order, shall be deemed an

admission, waiver, or agreement by any party that any information or documents designated

as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder is

or is not a trade secret or confidential information for purposes of determining the merits of

any claims any party may have against one another or a third party.  Neither this Order nor any

stipulation herein shall be deemed to expand the scope of discovery in this action beyond the

limits otherwise prescribed by law, or to enlarge the scope of discovery to matters unrelated to this action.

15.     Notwithstanding anything in this Order to the contrary, the confidentiality obligations and restrictions of this Order shall not prohibit the disclosure or use of any information or material that may have been produced in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that information or material:

a.      was, is, or becomes public knowledge without (1) a violation of this Protective Order, or (2) a violation of a confidential relationship;

b.      was or is acquired by the receiving party from a third party having the right to disclose such information or material; or

c.      was lawfully in the possession, custody, or control of the receiving party prior to the receipt of such information from the disclosing party.

16.     Prior to disclosure of information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" to testifying experts, investigators, consulting experts, advisors, and jury consultants, as provided in Paragraphs 6(f) and 7(e) above, a copy of the executed declaration attached as Exhibit A shall be maintained in the receiving attorney's file until the expert, investigator, consulting expert, or advisor is designated under the F.R.C.P., U.S.D.C.L.R. or by Court Order. At the time of designation, the executed declaration attached as Exhibit A shall be served on the party that produced and designated such information. If an expert, investigator, consulting expert, or advisor is not so designated, counsel working with such individual will obtain all confidential information from

the individual and maintain the declaration in their file until the case is finally terminated. It shall be sufficient for a testifying expert, investigator, consultant, advisor, and jury consultant to execute the declaration on behalf of the members and employees of his or her firm; no additional declarations are necessary from such members and employees. The producing/designating party shall make any objections to the disclosure of such information in writing no later than ten (10) business days from the date the executed declaration is received. If an objection is lodged, the parties shall promptly attempt to resolve the objection amicably. If the objection is not resolved amicably, the producing/designating party must file a motion with the Court objecting to the disclosure within ten (10) business days from the date the objection was lodged or such objection shall be deemed waived. There shall be no disclosure of such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information until and unless: (a) the initial ten (10) business day period has lapsed and no written objection has been lodged, (b) the objection is resolved amicably by the parties, (c) the court has entered an order permitting such disclosure, or (d) the second ten (10) business day period following the written objection has lapsed and no motion concerning the disclosure has been filed by the producing/designating party.

17.    Should a receiving party need to disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to someone not otherwise authorized to receive such information pursuant to this Order, the receiving party shall inform the producing/designating party of the documents or information proposed to be disclosed, the person or persons to whom disclosure is proposed to be made, the extent of the proposed disclosure required, the basis for such proposed disclosure, and request approval from the

producing/designating party for the disclosure. The parties shall attempt to agree on terms and conditions for such approval. If approval from the producing/designating party cannot be obtained, the receiving party may seek approval from the Court to disclose such information. Approval of the proposed disclosure must, in any event, be obtained before the disclosure is made by the receiving party under this paragraph.

18.     A party in receipt of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order who is required to disclose the document or information pursuant to any law, regulation, order or rule of any governmental authority, shall give immediate advance notice, to the extent possible, or, if not possible, shall give notice as soon as possible thereafter, of any such requested or actual disclosure in writing to the counsel of the other parties to afford the parties a reasonable opportunity to seek legal protection from or otherwise limit the disclosure of such information or documents.

19.     In the event that anyone subject to this Order violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

20.     Inadvertent production of documents subject to work product immunity/privilege or the attorney-client privilege shall not constitute a waiver of the immunity or privilege provided that the producing party notifies the receiving party in writing

via email, with confirmation by first-class mail, of such inadvertent production immediately upon learning of the same. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request within three (3) business days. No use may be made of such documents. Nothing in this Protective Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity/privilege or attorney-client privilege.

21. This Protective Order shall apply to third parties that produce information (documents, testimony, or otherwise) in this action. Such third parties may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," which shall thereafter be treated in accordance with this Protective Order.

22. Nothing herein shall be construed to limit in any way a party's use of its own information.

23. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents and information (originals and copies) designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of parties other than the producing party, and experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Outside counsel for parties other than the producing party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product and transcript embodying documents or

information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for archival purposes only but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts.  Upon request, the parties and their counsel shall separately provide written certification to the producing party within sixty (60) days after the final disposition of this action that the actions required by this paragraph have been completed.

24.     This Order shall regulate the handling of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout the period of this litigation and shall remain in force and effect until modified, superseded or terminated on the record or in writing by stipulation of the parties or by Order of the Court. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement or otherwise.

25.     This Order may be amended, without leave or approval of the Court, in the form of a written stipulation of the parties that shall be filed with the Court.  The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order.

26.     The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

BY THE COURT:

Date: _____

_____
Magistrate Judge Kelly H. Rankin
U.S. District Court Magistrate Judge

**ACCEPTED AND AGREED:**

PLAINTIFF

Date: December 5, 2023                By: */s/ Patrick J. Murphy*
                                          Patrick J. Murphy, WSB #7-1779
                                          Scott C. Murray, WSB #7-4896

DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, TERRA CRYPTO, INC., BIT ORIGIN LTD, SONICHASH LLC

Date: December 5 2023                By: */s/ Sean Larson*
                                          Sean Larson, WSB #7-5112
                                          Kari Hartman, WSB #8-6507

14

**EXHIBIT A**

| | |
|---|---|
| _____<br><br>      Plaintiff(s),<br><br>v.<br><br>_____<br><br>      Defendant(s). | Case No. _____<br><br>District Judge Alan B. Johnson<br><br>Magistrate Judge Kelly H. Rankin |

**DECLARATION OF _____ [Name of Declarant]:**

I, _____, declare as follows:

1.      My address is _____

_____.

2.      If I am an expert, investigator, advisor, or consultant, a copy of my curriculum vitae is attached.

3.      My present employer is _____

_____.

4.      My present occupation or job description is _____

_____.

5.      I have received a copy of the Stipulated Protective Order entered in this action on _____

_____.

6.      I have carefully read and understood the provisions of the Stipulated Protective Order.

7.      I agree to comply with all of the provisions of the Stipulated Protective Order.

8.      I agree to hold in confidence, not to disclose to anyone not designated in the Stipulated Protective Order and will use only for the purposes of assisting in the resolution of this action, any information or documents designated as "CONFIDENTIAL" or

15

"CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.      I agree to return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for all parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this action.

10.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order and of the terms of this Declaration.

11.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.


_____
(Signature)

16