**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

# *MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED*

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendant Bitmain Technologies Georgia Limited ("Bitmain Georgia") hereby moves this Court for an Order Setting Aside the *Entry of Default Against Defendant Bitmain Technologies Georgia Limited* ("*Entry of Default*") entered on November 17, 2023, only two days after Bitmain Georgia's deadline to respond to the *First Amended Complaint*.  Bitmain Georgia's default in this action was a mistake that it has diligently sought to correct.  Bitmain Georgia's outside counsel, who is responsible for receiving legal process served on the registered agent for service of process and forwarding the legal process to Bitmain Georgia, inadvertently failed to forward the *Summons* and *First Amended Complaint.*  As a result, Bitmain Georgia was not aware of this lawsuit until it was alerted to the default through a co-defendant.  Upon this realization, Bitmain Georgia, through its counsel, immediately contacted Plaintiff's counsel to remedy the default.  Bitmain Georgia's actions since learning of this action—including entering its appearance in this action, conferring with Plaintiff's counsel to vacate the default, and preparing a responsive pleading—demonstrate that Bitmain Georgia's default was inadvertent, not culpable.

Good causes exists to set the default aside. Bitmain Georgia's conduct was not culpable, setting aside default will not prejudice Plaintiff, and Bitmain Georgia has meritorious defenses to the single claim Plaintiff alleges against it.  Plaintiff is suing Bitmain Georgia for interference with contract seeking to hold it jointly and severally liable with multiple other defendants for over $38 million in alleged damages.  Bitmain Georgia should be afforded the opportunity to litigate this case on the merits.  Accordingly, Bitmain Georgia respectfully requests that the Court grant this motion and vacate the Clerk of the Court's November 17, 2023 *Entry of Default.*

## I.   RELEVANT FACTS

On September 30, 2023, Plaintiff filed *Plaintiff's First Amended Complaint for Breach of Contract, Anticipatory Repudiation of Contract, Intentional Interference with Contractual Relations, Alter Ego Liability, Enterprise Liability, and Lost Profits and Money Damages* ("*First Amended Complaint*" or "FAC").  Dkt. No. 50.  This action arises out of a business dispute between Plaintiff and Defendants relating to the development and operation of Bitcoin mining sites in Wyoming.  Plaintiff asserts breach of contract claims against certain Defendants, and asserts only one claim, for intentional interference with contract, against Bitmain Georgia.  FAC, ¶¶ 194-234.  Plaintiff alleges at least $38 million in damages.  *Id.* at 62.

Plaintiff served Bitmain Georgia's registered agent with the *Summons* and *First Amended Complaint* on October 25, 2023.  *Declaration of Ailan Liu In Support of Motion to Set Aside Entry of Default Against Bitmain Georgia* ("*Liu Decl.*"), Ex. E.  That same day, Bitmain Georgia's agent emailed a copy of the filings to Ailan Liu, an attorney with Keesal, Young & Logan ("KYL"), corporate counsel for Bitmain Georgia.  *Id.* ¶ 10, Ex. E.  For several years, Ms. Liu has served as the primary point of contact for Bitmain Georgia's registered agent when Bitmain Georgia or certain affiliates is served with legal process.  *Id.* ¶¶ 5-6.  Ms. Liu inadvertently failed to forward the *Summons* and *First Amended Complaint* to Bitmain Georgia.  *Id.* ¶¶ 12, 20.  On November 17, 2023, the Clerk of Court entered default against Bitmain Georgia for failing to answer or respond to the *First Amended Complaint*.  Dkt. No. 69.

Bitmain Georgia was not aware of this lawsuit until one of its employees was provided a copy of the *First Amended Complaint* by an affiliate of Defendant MineOne Wyoming Data Center, LLC on the morning of November 21, 2023 Hong Kong Time.  *Declaration of Yiliang*

*Guo In Support of Motion to Set Aside Entry of Default Against Bitmain Georgia* (Dec. 8, 2023) ("*Guo Dec. 8 Decl.*"), ¶¶ 3-4, 8-9.

On the evening of November 20, 2023, Ms. Liu received an email from an employee of the legal department of one of Bitmain Georgia's affiliates, attaching a copy of the *First Amended Complaint* and asking whether Ms. Liu or KYL had received notice of the case.[1] *Liu Decl.*, ¶ 7, Ex. B.  Ms. Liu forwarded the email to her assistant and asked her to investigate whether KYL had received notice of service of process from Cogency Global, Inc., Bitmain Georgia's registered agent for service of process in Georgia.  *Id*. ¶ 8, Ex. C.  On the morning of November 21, 2023, Ms. Liu's assistant replied that the *First Amended Complaint* had been served on Bitmain Georgia on October 25, 2023.  *Id*. ¶ 9, Ex. D.  Ms. Liu's assistant also reported that the agent informed her that the *First Amended Complaint* had been sent to Ms. Liu on October 25, 2023.  *Id.*  After further investigation, Ms. Liu discovered that she had received the agent's service email and downloaded the *Summons* and *First Amended Complaint* on October 25, 2023.  *Id*. ¶¶ 10-11.  Ms. Liu also searched her "Sent" emails but did not locate an email where she sent the *Summons* or *First Amended Complaint* to Bitmain Georgia.  *Id*. ¶ 12.  Ms. Liu inadvertently did not send these filings to Bitmain Georgia.  *Id*. ¶¶ 12, 20.  This was the first time that Ms. Liu had failed to timely forward legal papers from the agent to Bitmain Georgia.  *Id.* ¶ 6.

On November 21, 2023, Ms. Liu learned that the Clerk of the Court had entered default against Bitmain Georgia on November 17, 2023.  *Id*. ¶ 13.  She placed several calls to Plaintiff's counsel that same day and learned that he was on vacation until November 27, 2023.

---

[1] Hong Kong is 16 hours ahead of the Pacific Time zone, so evening on November 20 Pacific Time equates to morning on November 21 in Hong Kong.

*Id.* ¶ 14.  Ms. Liu also emailed Plaintiff's counsel requesting that Plaintiff agree to voluntarily set aside the default by stipulation.  *Id.* ¶ 15.  The next morning, Ms. Liu and Plaintiff's counsel discussed the matter by telephone.  *Id.* ¶ 17.  During that call, Ms. Liu explained that Bitmain Georgia's agent had emailed the *Summons* and *First Amended Complaint* to her on October 25, 2023, but she had failed to forward the papers to Bitmain Georgia.  *Id.*

On November 23, 2023, Plaintiff's counsel emailed Ms. Liu a list of 17 questions. *Id.* ¶ 18, Ex. H.  On November 29, 2023, Marc Feinstein of O'Melveny & Myers LLP ("O'Melveny") emailed Plaintiff's counsel notifying him that O'Melveny would be lead counsel for Bitmain Georgia in the defense of the lawsuit and requested that he direct all communications regarding the action to O'Melveny.  *Declaration of Marc Feinstein In Support of Motion to Set Aside Entry of Default Against Bitmain Georgia*, ¶ 4, Ex. 1.  Mr. Feinstein further informed Plaintiff's counsel that he did not believe his list of deposition-like questions to Ms. Liu was necessary or appropriate.  *Id.*

On December 5, 2023, Bitmain Georgia's counsel Khale Lenhart of Hirst Applegate, LLP sent a meet-and-confer letter to Plaintiff's counsel, explaining the factual circumstances that led to the default, including that Ms. Liu inadvertently failed to send Bitmain Georgia the *Summons* and *Amended Complaint.  Declaration of Khale Lenhart In Support of Motion to Set Aside Entry of Default Against Bitmain Georgia* ("*Lenhart Decl.*"), ¶ 3, Ex. 1.  Citing the applicable legal standard, the letter showed that relief from default was warranted here and requested that Plaintiff stipulate to relief from default in lieu of the need for Bitmain Georgia to file a formal motion to set aside default.  *Id.*  On December 7, 2023, Plaintiff's counsel responded via letter, stating that Plaintiff would resist any effort to lift the default.  *Lenhart Decl.*, ¶ 4, Ex. 2.

## II.   ARGUMENT

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court can set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).[2] "Because courts prefer to decide cases on the merits, they construe good cause liberally to avoid disposition by default." *Hakan Agro DMCC v. Unova Holdings, LLC*, Case No. 13-CV-21-ABJ, 2013 U.S. Dist. LEXIS 63754, at *4 (D. Wyo. May 1, 2013) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)); 10 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 55.70[1] (3d ed. 2013)). "Courts consider a number of factors in determining whether good cause exists, including whether the defaulting party's culpable conduct caused the default, whether setting aside the default will prejudice the non-moving party, and whether the defaulting party has a meritorious defense." *Hakan*, 2013 U.S. Dist. LEXIS 63754, at *4 (citation omitted).   Other factors courts have considered include whether: "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).  These factors, however, "are not talismanic and a court may consider some or all of the factors in a given case." *Rounds v. Corbin,* No. 04-cv-02532-WDM-KMT, 2008 U.S. Dist. LEXIS 16977, at *5 (D. Colo. Feb. 22, 2008) (citing *In re Dierschke*, 975 F.2d at 183)).  Regardless of what "factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of

---

[2] Because this matter is a state claim proceeding in federal court pursuant to diversity jurisdiction, the Court must apply the doctrine set forth in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) wherein a federal court sitting in diversity must apply state substantive law but federal procedural law.  Questions regarding whether to set aside a default are procedural in nature, and the Court should apply federal procedural law. *Employers' Innovative Network, LLC v. Bridgeport Benefits, Inc.*, 2019 U.S. Dist. LEXIS 29172, at *8-9 (S.D. W.Va. 2019).

'good cause' to set aside a default." *In re Dierschke*, 975 F.2d at 184.  Here, each of these factors

weighs in favor of setting aside the default against Bitmain Georgia.

> A.      **Bitmain Georgia's Conduct Was Not Culpable.**

"A party's conduct will be considered culpable only if the party defaulted willfully

or has no excuse for the default." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir.

1993).  A willful default requires an intentional failure to answer to delay the proceedings or gain

some other advantage.  Culpability requires more than a simple failure to answer; instead, it is

typically found where the facts show "a devious, deliberate, willful, or bad faith failure to

respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001); *see also Alan*

*Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (finding culpable default

where defendant had actual notice of filing a complaint and monitored the action for many months

prior to entry of default).

The default here was not willful.  Rather, the default in this matter occurred solely

due to inadvertence on the part of Bitmain Georgia's outside counsel.  *Liu Decl.*, ¶¶ 12, 20.  Ms.

Liu simply failed to forward the service of process to Bitmain Georgia.  *Id*.  This is not an instance

of a willful failure to respond nor an attempt to delay proceedings or gain an advantage by failing

to respond.  There were no devious, deliberate, or bad faith failures.  Instead, Ms. Liu's procedural

oversight resulted in Bitmain Georgia not receiving notice of the lawsuit or notice that it had been

served until November 20, 2023, three days after the Clerk of the Court entered default.  *Id.* ¶ 7,

*Guo Dec. 8 Decl.*, ¶¶ 8-9.

This Court has recognized that a defendant's inadvertent failure to respond to a

validly served complaint due to a procedural failure like that of Ms. Liu's was not "culpable

conduct." In *BH, Inc. v. Trustees for the University of Pennsylvania*, 2009 U.S. Dist. LEXIS 140282 (D. Wyo. Feb. 27, 2009), the defendant's Office of General Counsel did not follow its typical process after it was served with a summons and complaint and, as a result, the defendant was not aware of a lawsuit. *Id.* at *6. This Court held that the defendant's conduct was not "willful or intentional," but that its failure to answer was "merely because of a procedural oversight." *Id.* at *7. The Court thus concluded that the defendant did not engage in culpable conduct, and the Court ultimately set aside the default. *Id.* The Court should do the same here in view of Bitmain Georgia's lack of culpable conduct.

### B.     Setting Aside the Entry of Default Will Not Prejudice Plaintiff.

Plaintiff also cannot show that it would be prejudiced by the Court setting aside the default. True prejudice requires some showing that Plaintiff's ability to pursue its claim will be hindered. *TCI*, 244 F.3d at 701. Further, a delay in answering "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Here, there is no tangible harm to Plaintiff resulting from Bitmain Georgia's delay in answering and, therefore, no prejudice to Plaintiff. The Clerk of the Court entered the default against Bitmain Georgia on Friday, November 17, 2023, two days after its deadline to respond to the *First Amended Complaint*, and, by the following Tuesday, November 21, 2023, Plaintiff had received a request to set aside the default. Dkt. No. 69; *Liu Decl.*, ¶ 14. This short delay did not cause any loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. Furthermore, Bitmain Georgia has expeditiously prepared an *Answer* to the *First Amended Complaint*. Dkt. No. 50. Moreover, "merely being forced to litigate on the merits cannot

be considered prejudicial" for purposes of setting aside a default. *TCI*, 244 F.3d at 701. Because Plaintiff cannot point to any prejudice resulting from vacating the default, this factor weighs in favor of setting aside the default.

### C.    Bitmain Georgia Has Meritorious Defenses to Plaintiff's Claims.

Lastly, Bitmain Georgia has meritorious defenses to Plaintiff's claims. In order to satisfy the third factor, Bitmain Georgia need not prove its claimed defenses to establish that those defenses have sufficient merit to justify relief from entry of default. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001). "Rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher*, 205 F.R.D. at 585; *see also In re Stone*, 588 F.2d at 1319 n.2 ("[T]he purpose of the [meritorious defense] requirement is to show the trial court that a sufficient defense is assertible.").

Plaintiff has asserted a single claim against Bitmain Georgia, for intentional interference with contractual relations. FAC, ¶¶ 222-26. To prevail on this claim, Plaintiff must prove "(1) [t]he existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional and improper interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Downs v. Homax Oil Sales, Inc*., 421 P.3d 518, 524 (Wyo. 2018) (citations omitted).

Bitmain Georgia has a meritorious defense to this claim. Bitmain Georgia is involved in the business of mining Bitcoin. *Declaration of Yiliang Guo In Support of Motion to Set Aside Entry of Default Against Bitmain Georgia* (Dec. 12, 2023), ¶ 3. Bitmain Georgia and

MineOne Wyoming LLC ("MineOne") entered into a Service Framework Agreement (the "Agreement"), dated March 10, 2023. *Id.* ¶ 4. Under this Agreement, Bitmain Georgia agreed to and did deliver 9,800 S19XP Bitcoin mining machines (the "Machines") to a data center facility in Cheyenne, Wyoming and pay monthly hosting fees for the Machines' power consumption. *Id.* MineOne agreed to provide sufficient hosting capacity for the Machines and ensure that the facility was connected to electrical power and in standard operational condition by a certain date. *Id.* ¶¶ 4, 5.

Bitmain Georgia did not engage in any actions with the intent to disrupt or otherwise interfere with any contract that may exist between MineOne and Plaintiff or between Terra Crypto Inc. ("Terra") and Plaintiff, including any actions to cause MineOne to breach any contract that may exist between MineOne and Plaintiff or to cause Terra to breach any contract that may exist between Terra and BCB. *Id.* ¶ 6. Bitmain Georgia's actions in regard to the project that is the subject of the Agreement have been reasonable and justified. *Id.* ¶ 7.

Additionally, Bitmain Georgia lacked knowledge as to whether MineOne or Terra entered into a valid and enforceable written contract with Plaintiff. *Lenhart Decl.*, Ex. 3 ¶¶ 195, 210. Bitmain Georgia denies Plaintiff's allegations that MineOne and Terra failed to meet their obligations and materially breached any contract that may exist between Plaintiff and MineOne or between Plaintiff and Terra. *Id.* ¶¶ 198-99, 212. Further, MineOne and Terra deny Plaintiff's allegations that MineOne and Terra failed to meet their obligations and materially breached any contract that existed between Plaintiff and MineOne or between Plaintiff and Terra. Dkt. No. 62 ¶¶ 198-99, 212.

If Bitmain Georgia were to prevail on any of these defenses or affirmative defenses, Plaintiff will be unable to establish its claim against Bitmain Georgia and will take nothing on that claim.  Therefore, Bitmain Georgia has asserted a meritorious defense to this lawsuit, which is another factor that weighs in favor of setting aside the *Entry of Default*.

D.      **Additional Factors to Consider.**

The additional factors courts consider when deciding whether to set aside an entry of default—including whether the defendant acted expeditiously in correcting the default, whether the defendant would suffer a financial loss in the event the default were not set aside, and whether the public interest is implicated—further support Bitmain Georgia's request to vacate the default. *In re Dierschke*, 975 F.2d at 184.

Bitmain Georgia acted expeditiously to correct the default.  Specifically, Bitmain Georgia's outside counsel contacted Plaintiff's counsel on November 21, 2023, the same day that she learned that the Clerk had entered default against Bitmain Georgia, which was just two business days prior. *Liu Decl.*, ¶¶ 14-15. *See BH*, 2009 U.S. Dist. LEXIS 140282, at *7 (setting aside default where defendant "immediately took steps to enter and defend against this action"). Bitmain Georgia would face the risk of enormous financial loss in the event the default were not set aside, given that Plaintiff alleges at least $38 million in damages.  FAC at 62.  Further, no public interest is implicated here.  This action is purely a commercial dispute among private parties.  Accordingly, all of these additional factors also weigh in favor of setting aside the default.

### III.    CONCLUSION

For all the foregoing reasons, Bitmain Georgia has shown good cause and respectfully requests this Court set aside the *Entry of Default* and allow it to litigate this case on the merits.

Dated:  13 December 2023.

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant


BY: s/Khale J. Lenhart
_____
**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

### *CERTIFICATE OF SERVICE*

I certify the foregoing ***Memorandum in Support of Motion to Set Aside Entry of Default Against Defendant Bitmain Technologies Georgia Limited*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 13 December 2023, and that copies were served as follows:

Patrick J. Murphy, #5-1779                     ☐ U.S. MAIL
Scott C. Murray, #7-4896                        ☐ FED EX
Williams, Porter, Day & Neville, P.C.    ☐ FAX
159 North Wolcott, Suite 400               ☐ HAND DELIVERED
P. O. Box 10700                                       ☐ EMAIL
Casper, WY 82602-3902                         ☑ E-FILE
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants MineOne Wyoming Data
Center LLC, MineOne Partners LLC, Terra Crypto
Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants MineOne Wyoming Data
Center LLC, MineOne Partners LLC, Terra Crypto
Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

  s/Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia