# DECLARATION OF MARC FEINSTEIN

**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>           Plaintiff,<br><br>vs.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants,<br><br>           Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Civil No. 23-CV-79J |

## DECLARATION OF MARC FEINSTEIN IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED

I, Marc Feinstein, declare as follows:

1. I am a partner of the law firm O'Melveny & Myers LLP, and counsel for Defendant Bitmain Technologies Georgia Limited ("Bitmain Georgia") in the above-referenced action. I submit this declaration in support of Bitmain Georgia's Motion to Set Aside Entry of Default. I have personal knowledge of the facts set forth herein, and if called upon to do so could competently testify thereto.

2. On November 29, 2023, I was forwarded email correspondence dated November 21, 2023 to November 24, 2023, between Ailan Liu, an attorney with the law firm of Keesal, Young & Logan, and Plaintiff's counsel, Patrick Murphy. The email correspondence included a list of approximately 20 questions that Mr. Murphy had sent Ms. Liu on November 23, 2023.

3. On November 29, 2023, at 7:52 PM PT, I emailed Mr. Murphy, notifying him that O'Melveny & Myers LLP would be lead counsel for Bitmain Georgia in the above-captioned action and asked that he direct all communications regarding the action to O'Melveny. I also notified Mr. Murphy that Bitmain Georgia would be retaining local counsel. I informed Mr. Murphy that I did not believe his list of deposition-like questions to Ms. Liu was necessary or appropriate. I also informed Mr. Murphy that, after we had an opportunity to review the facts, we would communicate with him to see whether Plaintiff would stipulate to relief from default in lieu of the need for Bitmain Georgia to file a formal motion. Attached hereto as **Exhibit 1** is a true and correct copy of the email that I sent Mr. Murphy on November 29, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of December 2023 at Los Angeles, California.

_____
Marc Feinstein

# EXHIBIT 1

| | |
|---|---|
| **From:** | Feinstein, Marc |
| **To:** | pmurphy@wpdn.net |
| **Cc:** | smurray@wpdn.net; ailan.liu@kyl.com; john.giffin@kyl.com; Pao, William K.; Stutz, Kate; Farrell, Kaitie |
| **Subject:** | FW: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited |
| **Date:** | Wednesday, November 29, 2023 7:52:50 PM |

Pat -

O'Melveny & Myers LLP will be lead counsel for Bitmain in this action.  Please direct all communications regarding the action to my O'Melveny colleagues Will Pao, Kate Stutz, and Kaitie Farrell (cc'd) and me.  Bitmain will also be retaining local counsel.  We do not view your long list of deposition-like questions as necessary or appropriate.  Once we have had an opportunity to complete our review of the facts, we will communicate with you further to see whether your client will stipulate to relief from default in lieu of the need for Bitmain to file a formal motion.

Regards

---

**From:** Liu, Ailan <ailan.liu@kyl.com>
**Sent:** Friday, November 24, 2023 2:23 PM
**To:** Patrick Murphy <pmurphy@wpdn.net>
**Cc:** Scott C. Murray <smurray@wpdn.net>; Giffin, John <John.Giffin@kyl.com>
**Subject:** RE: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Dear Mr. Murphy:

Thank you for your inquiries in your email sent to me last night.  We are gathering the information to the extent we can provide to respond, and will get back to you on Monday 11/27. Thank you for your cooperation in this matter, which is much appreciated.

Best regards,

Ailan

...................................................................................................................
**Ailan Liu**
**Keesal, Young & Logan**
400 Oceangate, Long Beach, CA 90802
562.436.2000 (office) | 714.552.6578 (cell)
ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

---

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Thursday, November 23, 2023 8:08 PM

**To:** Liu, Ailan <ailan.liu@kyl.com>
**Cc:** Patrick Murphy <pmurphy@wpdn.net>; Scott C. Murray <smurray@wpdn.net>
**Subject:** Re: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Dear Ms. Liu:

Thank you for our call yesterday morning and for your follow-up e-mail below.  As I told you on the phone, I want to better understand exactly what happened that your client, Bitmain Technologies Georgia Limited, did not timely answer BCB's First Amended Complaint on the November 15 deadline for doing so.  I will be visiting with my client representatives tomorrow, and I am trying to anticipate their questions to me (when I tell them you want BCB Cheyenne LLC to voluntarily stipulate to lift the November 17 Entry of Default).

I also shared with you yesterday morning that I might have some follow-up questions after receiving your afternoon e-mail.  Indeed, your e-mail engendered more questions than I imagined I would have.

I am concerned about the inconsistencies between what you shared with me on the phone yesterday morning, and what I am now seeing in your e-mail yesterday afternoon.

On the phone, you told me that your lawfirm is "national counsel" for Bitmain Technologies Georgia Limited ("Bitmain Georgia").  Your firm, you said, is the United States "contact" for Bitmain Georgia.  You also told me that:

1.  Cogency Global, Inc. is the registered agent for service of process for Bitmain Georgia in the State of Georgia;

2.  "Usually Cogency Global, Inc. sends complaints and summonses to your Firm" as the United States (National) contact and agent for Bitmain Georgia;

3.  Cogency Global, Inc. was served with Plaintiff BCB Cheyenne LLC's First Amended Complaint and Summons on October 25, 2023;

4.  Cogency Global, Inc. sent an e-mail to your Firm on October 25, 2023 with the First Amended Complaint and Summons attached to it;

5.  That October 25 e-mail from Cogency Global, Inc. was "not received" [by you or your Firm].

6.  That October 25 e-mail from Cogency Global, Inc. did not go to your e-mail inbox;

7.  That October 25 e-mail from Cogency Global, Inc. instead went to a "different folder;" and

8.  Someone with your Firm later discovered that October 25 e-mail from Cogency Global, Inc. in your lawfirm "system" [but you did not say "when, or what day, "what system," "what folder," or by whom it was discovered at your lawfirm, or what alerted someone at your lawfirm to look for it.

9. You told me "this was just a mix up in our lawfirm e-mail system;" and that Bitmain Georgia, your client, was not trying to stall or delay answering BCB's First Amended Complaint.

10.  You said that you recently asked someone at Cogency Global, Inc. to "re-send you" its October 25 e-mail, which they did, and that you received it in your inbox.  You also volunteered that you were mistaken when you wrote to me that there had been a "default judgment" against Bitmain Georgia. We both agreed that the Clerk of the District Court entered "default" against Bitmain Georgia, but not "default judgment."

11.  Finally, you told me that your Firm had not yet retained local counsel in Wyoming to represent Bitmain Georgia.  You wanted my client to voluntarily stipulate to lift or set aside the default for no money or other consideration, and you asked for additional time to retain local counsel in Wyoming and work your way through the First Amended Complaint.

But then, yesterday afternoon, you wrote to me saying:

1.  "The agent for service of process for Bitmain Technologies Georgia Limited ("Bitmain") provided us (me) an e-mail with the link to the summons and complaint on October 25, 2023;"

2.  "[You] missed that e-mail inadvertently;"

3.  "It was brought to [your] attention on 11/20/23 that the amended complaint was filed against against Bitmain [your client];"

4.  "We [you?] made inquiry to Cogency Global immediately and obtained a copy of the Summons and Complaint on 11/21/23;" and

5.  "That is when I reached out to you to seek a stipulation to allow Bitmain to respond." You say that, "Bitmain being late to respond was completely due to the inadvertence on my part, without any intention by our client to or us to delay to respond."

So here are the questions your call and subsequent e-mail raise for me, Ms. Liu:

1.  Our research shows that Cogency Global, Inc. is the registered agent for service of process for four Bitmain entities operating in at least seven states; is this true?

2.  For how long has your California lawfirm been national counsel for various Bitmain entities?

3.  Are you the lead counsel for your Firm for the Bitmain entities with whom Cogency Global, Inc. sends summonses and complaints and/or other legal papers?

4.  For how many years have you been the person at your lawfirm to whom Cogency Global, Inc. sends legal papers served on (a) various Bitmain entities, and (b) Bitmain Georgia?

5.  Did your client, Bitmain Georgia, earlier authorize you to receive any legal papers served on Bitmain Georgia from Cogency Global, Inc., and thereafter distribute and/or communicate those legal papers to the appropriate people at Bitmain?

6.  Did you receive Cogency Global, Inc.'s October 25 e-mail in your Ailan Liu computer inbox on October 25, 2023?

7.  What is your e-mail address to which Cogency Global, Inc. sent its October 25, 2023 e-mail to you (and at which you received it)?

8.  Have you confirmed that you received Cogency Global, Inc.'s October 25 e-mail in your inbox, and that its October 25, 2023 e-mail has remained, and been visible, in your inbox ever since?

9.  Did you see Cogency Global, Inc.'s October 25 e-mail on October 25?  If not, why did you not see it any time on October 25?

10.  Did you "read" Cogency Global's, Inc.'s October 25 e-mail on October 25?  If not, why did you not read it at any time on October 25?

11.  Do you read all of the e-mails that come to your inbox every day?  If not, why don't you read all the e-mails that come to your inbox every day?

12.  Did Cogency Global, Inc. copy anyone else (besides you) with its October 25 e-mail?  If so, "who else" did they copy with its October 25, 2023 e-mail?

13.  Would you please forward Cogency Global, Inc.'s October 25 e-mail to me (so I can read it)?

14.  Did you read, or re-read, any of your October 25 e-mails on October 26?  If so, was Cogency Global, Inc.'s October 25 e-mail one of the e-mails you re-read on October 26?

15.  Were you in your office most of the day on October 25, 2023?  Were you tracking and reading your e-mails that came to your inbox that day?  Same questions for October 26 and 27, please.

16.  Do you receive all your work e-mails on both your office computer, your mobile phone, your tablet, or any other device?

17.  What was the very first moment you heard, or learned, that a lawsuit had been filed or served against Bitmain Georgia?  What day did you first learn of it?  How, or in what way, did you first hear or learn of it?  "Who" is the person who first notified you, or alerted you, to BCB's lawsuit against Bitmain Georgia?  Which company or lawfirm does that person work for?

Thank you, in advance, for answering these questions for me, Ms. Liu.  I want to discuss your answers with my client representatives this Friday when I raise with my client representatives your request that BCB voluntarily stipulate to lift, or set aside, this Default for no consideration.  I know you say that you missed Cogency Global's October 25 e-mail (with the First Amended Complaint and

Summons) "through [your] inadvertency," but my questions above are aimed at discerning the underlying facts of that perceived inadvertency, or whether it was due to some neglect or "excusable" neglect.

Thank you.

Pat Murphy
Counsel for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain
(307) 262-2872 (cell)

> On Nov 22, 2023, at 3:22 PM, Liu, Ailan <ailan.liu@kyl.com> wrote:
>
> Dear Mr. Murphy:
>
> Thanks for the call this morning regarding the subject matter.  As what I described on the call, the agent for service of process for Bitmain Technologies Georgia Limited ("Bitmain") provided us (me) an email with the link to the summons and complaint on October 25, 2023.  I missed that particular email inadvertently.  It was brought to my attention on 11/20/2023 that the amended complaint was filed against Bitmain.  We made inquiry to Cogency Global immediately and obtained a copy of the Summons and Complaint on 11/21/2023. That is when I reached out to you to seek a stipulation to allow Bitmain to respond.  Bitmain being late to respond was completely due to the inadvertency on my part, without any intention by our client or us to delay to respond.  Had I not missed the email, Bitmain would have taken necessary steps in this action. In that case, we would have requested an extension for us to arrange a local counsel to respond on behalf of Bitmain.
>
> I appreciate your consideration of a stipulation to voluntarily set aside the default and allow our client to respond.
>
> Best regards,
>
> Ailan
>
> ........................................................................................................................
> ....
> **Ailan Liu**
> **Keesal, Young & Logan**
> 400 Oceangate, Long Beach, CA 90802
> 562.436.2000 (office) | 714.552.6578 (cell)
> ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Wednesday, November 22, 2023 8:04 AM
**To:** Liu, Ailan <ailan.liu@kyl.com>
**Cc:** Giffin, John <John.Giffin@kyl.com>; Scott C. Murray <smurray@wpdn.net>
**Subject:** Re: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Good morning, Ailan —.

Are you able to visit soon?  I am.  What time would work best for me to call your cell phone?

Pat Murphy
(307) 262-2872 (cell)


On Nov 21, 2023, at 1:34 PM, Liu, Ailan <ailan.liu@kyl.com> wrote:

Dear Mr. Murphy:

We are US counsel for Bitmain Technologies Georgia Limited ("Bitmain"). We just learned today about the subject matter case that was filed against our client by your client BCB Cheyenne LLC.  Based on what we can see from the court docket of this case, a default judgement has been entered against Bitmain.  We are writing to see if your client is willing to voluntarily set aside the default and to stipulate to allow Bitmain to respond.

I also left a voice mail to your office to the similar effect, you can disregard that.  I was told that you would not be back to the office until next Monday, but I am looking forward to your response at your earliest convenience.

Best regards,

Ailan

..................................................................................................
.....................
**Ailan Liu**

**Keesal, Young & Logan**
400 Oceangate, Long Beach, CA 90802
562.436.2000 (office) | 714.552.6578 (cell)
ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.