# DECLARATION OF KHALE LENHART

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } | |
| Defendants. | } } } | |

# DECLARATION OF KHALE LENHART IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED

I, Khale Lenhart, declare as follows:

      1.     I am a partner of the law firm Hirst Applegate, and counsel of record for

Defendant Bitmain Technologies Georgia Limited ("Bitmain Georgia") in the above-referenced

action. I submit this declaration in support of Bitmain Georgia's Motion to Set Aside Entry of

Default. I have personal knowledge of the facts set forth herein, and if called upon to do so could competently testify thereto.

        2.      On December 5, 2023, I emailed a meet-and-confer letter to Plaintiff's counsel, Patrick Murphy. My letter explained that Bitmain Georgia's outside counsel inadvertently failed to send Bitmain Georgia the *Summons* and *First Amended Complaint* after it had been served. My letter also explained why, under the applicable law, Bitmain Georgia was entitled to relief from the default. The letter requested that Plaintiff stipulate to relief from default in lieu of the need for Bitmain Georgia to file a formal motion to set aside default. Attached hereto as **Exhibit 1** is a true and correct copy of my December 5, 2023 meet-and-confer letter.

        3.      On December 7, 2023, Mr. Murphy emailed me a letter in response to my December 5, 2023 letter. Mr. Murphy stated that Plaintiff would resist any effort to lift the default. Attached hereto as **Exhibit 2** is a true and correct copy of Mr. Murphy's December 7, 2023 letter response.

        4.      Attached hereto as **Exhibit 3** is Bitmain Georgia's *Answer and Affirmative Defenses to Plaintiff BCB Cheyenne LLC's First Amended Complaint*, filed on December 13, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of December 2023 at Cheyenne, Wyoming.

Khale Lenhart

# *EXHIBIT 1*



JOHN J. METZKE
ROBERT C. JAROSH*
BILLIE L.M. ADDLEMAN
KHALE J. LENHART
KARA L. ELLSBURY
ERIN E. BERRY
CHRISTINE L. JORDAN
TYSON R. WOODFORD
JACOB L. VOGT

\* ALSO ADMITTED IN COLORADO

A LIMITED LIABILITY PARTNERSHIP

LAW OFFICES

PHYSICAL ADDRESS
1720 CAREY AVENUE, SUITE 400
CHEYENNE, WYOMING  82001-4425

MAILING ADDRESS
P. O. BOX 1083
CHEYENNE, WYOMING 82003-1083

JAMES L. APPLEGATE
1931 - 2016

TELEPHONE
(307) 632-0541

TELEFAX
(307) 632-4999

WRITER'S E-MAIL:
klenhart@hirstapplegate.com

www.hirstapplegate.com

Tuesday
5 December 2023

86846

Mr. Patrick J. Murphy
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott, Suite 400
Casper, WY 82601
pmurphy@wpdn.net

***SENT VIA EMAIL ONLY***

RE:   BCB CHEYENNE LLC, d/b/a BISON BLOCKCHAIN V. BITMAIN
TECHNOLOGIES GEORGIA LIMITED, ET AL.
USDC WYO. CIVIL NO. 23-CV-79J

***Conferral Letter Regarding Request to Stipulate to Set Aside Entry of Default
Against Bitman Technologies Georgia Limited***

Dear Pat:

Our firm, along with O'Melveny & Myers LLP, is representing Bitmain
Technologies Georgia Limited ("Bitmain") in the above-referenced lawsuit you filed on behalf of
BCB Cheyenne LLC d/b/a Bison Blockchain.  As you know, default was entered against Bitmain
on November 17, 2023, and I understand you have been in contact with several attorneys
associated with Bitmain since then regarding the default.  Please consider this letter our attempt to
meet and confer regarding setting aside the entry of default.  If we cannot reach an agreement, we
will ask the Court to set the default aside.

As I am sure you are aware, defaults are disfavored under the law and courts have
the discretion to set aside an entry of default for "good cause."  The Tenth Circuit has specifically
stated that the preferred disposition of a case is on its merits, not by default, and that courts will
construe good cause to set aside the default liberally.  *Gomes v. Williams*, 420 F.2d 1364, 1366
(10th Cir. 1970) (quoting *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963)).  In performing this
analysis, courts may consider any number of factors, but tend to rely on three: whether the plaintiff
would suffer prejudice, whether the defendant has a meritorious defense, and whether the default
was caused by the defendant's culpable conduct.

Mr. Patrick J. Murphy
Page 2
5 December 2023

The first two factors are easily addressed.  Plaintiff requested, and the Clerk entered default on Friday, November 17.  By Tuesday, November 21, Ailan Liu of the law firm Keesal, Young & Logan, corporate counsel for Bitmain, had reached out to you about voluntarily setting aside the default, and we understand that you spoke with Ms. Liu on the morning of November 22.  You were on actual notice that Bitmain was requesting that the default be set aside within days of the default being entered, and given the short timeframe, there is no basis for Plaintiff to allege prejudice.  Moreover, Bitmain is diligently preparing its answer to the *Amended Complaint* and intends to submit its answer at the same time it files a motion to set aside the entry of default or the parties file a stipulation to that effect.

Additionally, the "meritorious defense" factor requires only that the defendant "plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D.C. Kan. 2001).  This factor is intended to avoid reopening litigation when liability is clear and there is no basis for defense.  It should be no surprise that Bitmain is contesting the allegations asserted in the *Amended Complaint*.  Simply denying the allegations in the *Amended Complaint* is sufficient to show that a meritorious defense exists.

The "culpable conduct" factor requires some factual explanation, but also clearly supports setting aside the default.  Culpable conduct occurs when a defendant willfully defaults or has no excuse for the default.  *Crutcher*, 205 F.R.D. at 584.  The default in this matter was not willful, and Bitmain has an excuse for the default: Bitmain's outside counsel inadvertently failed to send Bitmain the *Summons* and *Amended Complaint* after it had been served in the above-referenced suit.

The facts leading to the default are simple.  For several years, Ms. Liu has served as the primary point of contact for Bitmain to receive legal process served on the registered agent for service of process.  Although Ms. Liu has no recollection of having received or viewed the initial email from Bitmain's service agent regarding this action, she acknowledges that she did receive an email from the registered service agent on October 25, 2023, enclosing the *Summons* and *Amended Complaint*.  However, she failed to forward that email and the service of process to Bitmain.  As a result, Bitmain had no knowledge of this suit until after default had been entered, when MineOne alerted Bitmain to this lawsuit and the need for Bitmain to respond.  Ms. Liu acknowledges her mistake and affirms that it was inadvertent.

Simply put, this is a case of mistake, not of culpable misconduct.  These are precisely the types of circumstances where setting aside a default is *supposed* to occur.  The courts do not want cases decided based on mistakes; they want them decided on their merits.  We believe that, even if you do not stipulate to set aside the entry of default, the Court will grant a motion to that effect, given the compelling underlying facts.  With that in mind, we ask that you stipulate to set aside the entry of default so that this case can be considered on its merits.

Mr. Patrick J. Murphy
Page 3
5 December 2023


       We look forward to hearing back from you.  Please let me know if you would like to have a call.  If we cannot resolve this issue by this Friday at noon, we will proceed to file a motion.

                    Sincerely,

                    HIRST APPLEGATE, LLP

                    BY:  KHALE J. LENHART

KJL/njh
cc:    Marc Feinstein/William Pao/Kate Stutz/Kaitie Farrell
       O'Melveny & Myers LLP

# *EXHIBIT 2*



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

December 7, 2023

**VIA E-MAIL ONLY**

Khale J. Lenhart
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, WY 82003

      Re:    BCB CHEYENNE LLC, D/B/A BISON BLOCKCHAIN V. BITMAIN
             TECHNOLOGIES GEORGIA LIMITED, ET AL.; USDC WYO. CIVIL
             NO. 23-CV-79J

           *Reply Conferral Letter Regarding Request to Stipulate to Set Aside*
           *Entry of Default Against Bitmain Technologies Georgia Limited*

Dear Khale:

      Thank you for your December 6, 2023 meet-and-confer letter where you ask me to stipulate to lift the November 17, 2023 Default against Bitmain Technologies Georgia Limited ("Bitmain Georgia"). I previously informed Ailan Liu that I would consider her request that BCB stipulate to lift the default, but I needed more information from her to evaluate this question of her neglect vs. excusable neglect. I then sent Ms. Liu seventeen (17) questions for her to answer, but she did not reply to me. Instead, six (6) days after I sent my 17 fact questions to Ms. Liu, Marc Feinstein wrote to me saying, "We do not view your long list of deposition-like questions as necessary or appropriate." Mr. Feinstein did not answer any of my 17 fact questions to Ms. Liu, thus impairing my ability to determine with certainty, whether Ms. Liu acted with true "excusable neglect," or, more likely, with ordinary neglect, ordinary negligence, and culpable conduct.

      In your letter, you concede the obvious: "The 'culpable conduct' factor requires some factual explanation . . . ." Yes, it does, and that is why I posed my seventeen (17) fact questions to Ms. Liu. I was hoping that Bitmain Georgia's new Wyoming counsel would answer these seventeen questions, but it seems you will not.

      When determining whether or not to lift a default, Wyoming courts consider whether ordinary neglect – or *excusable* neglect – caused the defendant to be late to file its answer. Excusable neglect is required to lift a default: ordinary neglect, or culpable conduct, is not reason or cause to lift a default:

 



The grounds to set aside the entry of default in a termination of parental rights case are well established. Because a termination of parental rights proceeding is a civil matter, the Wyoming Rules of Civil Procedure apply. *In re HLL*, 2016 WY 43, ¶ 22-24, 372 P.3d at 189-90 (citing WYO. STAT. ANN. § 14-2-312). Under W.R.C.P. 55(c), an entry of default may be set aside for "good cause." "Good cause for setting aside an entry of default, pursuant to [W.R.C.P.] 55(c), is to be found in the justifications for relief from final judgment articulated in [W.R.C.P.] 60(b)." *In re HLL* ¶34, 372 P.3d at 192 (quoting *Fluor Daniel, Inc. v. Seward*, 956 P.2d 1131, 1134 (Wyo. 1998)); *see also In re ARW*, 2015 WY 25, ¶ 18, 343 P.3d at 412. W.R.C.P. 60(b)(1) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for [among other things] . . . excusable neglect." ***"[D]emonstrating excusable neglect is not a light burden, because that standard is intended to address certain unavoidable crises in life, such as genuine emergencies like death, sickness, or other unfortunate situations in which a reasonably prudent person might have exhibited the same behavior under similar circumstances."*** *In re HLL*, ¶ 35, 372 P.3d at 192 (citing *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 14, 331 P.3d 1199, 1202 (Wyo. 2014)).

*Matter of EMM*, 414 P.3d 1157, 1159 ((Wyo. 2018) (emphasis added).

The seventeen (17) questions I posed to Ms. Liu were (and are) intended to reveal whether Ms. Liu's failure to forward Cogency Global, LLC's 10/25/23 transmittal e-mail to Bitmain Georgia was the result of:

> . . . certain unavoidable crises in [Ms. Liu's] life, such as genuine emergencies like death, sickness, or other unfortunate situations in which a reasonably prudent person might have exhibited the same behavior under similar circumstances.

*Id.*

My 11/23/23 e-mail to Ms. Liu, with these 17 questions, is attached as **"Exhibit A"** to this reply letter, Khale. I don't know if Mr. Feinstein shared my e-mail with you.

I admit: my radar is up. This is because of the inconsistency with what Ms. Liu has told me. Ms. Liu first told me that Cogency Global's October 25, 2023 transmittal e-mail [with the first Amended Complaint and Summons] was "not received" by Ms. Liu or her law firm. She told me that the 10/25/23 transmittal e-mail did not go to her inbox. She said it went to a "different folder," and that someone in her firm later discovered that 10/25/23 e-mail from Cogency Global, Inc. in her law firm "system" [but Ms. Liu did not say when or what day, what system, what folder, or by whom at her firm it was discovered]. Ms. Liu then told me: "this was just a mix-up in our law firm e-mail system." Ms. Liu also originally told me, when I spoke with her on

 



November 22, 2023, that she recently asked Cogency Global, Inc. to "re-send [her]" its October 25, 2023 transmittal e-mail, which they did, and that she received this newly-forwarded e-mail in her inbox, leading me to understand that it was the re-forwarded e-mail that first alerted her to this lawsuit, not the original 10/25/23 e-mail.

But, since then, Ms. Liu's story has changed.

Now she says that she simply "missed the e-mail," without any explanation of *how or why* she "missed the e-mail." *See* Ms. Liu's 11/22/23 e-mail to Patrick Murphy, a copy of which is found in **"Exhibit A"** to this letter. Then, in your letter, you say:

> The facts leading to the default are simple. For several years, Ms. Liu has served as the primary point of contact for Bitmain to receive legal process served on the registered agent for service of process.[1] Although Ms. Liu has no recollection of having received or viewed the initial e-mail from Bitmain's service agent regarding this action, she acknowledges that she did receive an e-mail from the registered service agent on October 25, 2023, enclosing the Summons and Amended Complaint. However, she failed to forward that e-mail and the service of process to Bitmain. As a result, Bitmain had no knowledge of this[2] suit until after default

---

[1] Ms. Liu was *more* than the "primary point of contact for Bitmain to receive legal process served on the registered agent for service of process." Ms. Liu was the "Incorporator" for Bitmain Technologies Georgia Limited, a Georgia limited liability company. Importantly here, she and Ran Cheng are the only two "Officers" of Bitmain Technologies Georgia Limited: Ran Cheng is the CEO, and Ailan Liu is its "Incorporator/Organizer." *See* **"Exhibit B."** She was also the "Authorized Person" for Bitmain Technologies Georgia Limited on its Annual Registration in Georgia. *See* **"Exhibit C."** Ms. Liu is its Authorized Representative in Kentucky. *See* **"Exhibit D."** Ailan Liu is the "Authorized Person" who filed the Application for Registration of Bitmain Technologies Georgia Limited with the State of Texas. *See* **"Exhibit E."** And Ailan Liu's **email address** is the "primary email address" for Bitmain Technologies Georgia Limited. Indeed, as "an Officer" of Bitmain Technologies Georgia Limited, Ms. Ailan Liu is a corporate executive of the company, and her knowledge *is* Bitmain Technologies Georgia Limited's knowledge. She is more than Bitmain's lawyer: she is also the general agent for Bitmain Technologies Georgia Limited. Bitmain Technologies Georgia Limited learned of this BCB Cheyenne LLC lawsuit on October 25, 2023.

[2] Under Wyoming law, Bitmain Technologies Georgia Limited (the client) is deemed to have Ailan Liu's knowledge of this suit. *See Murphy v. Housel*, 955 P.2d 880 (Wyo. 1988) ("The attorney-client relationship between Diane Walsh and the estate, which was established in September of 1991, invoked principles of agency law, pursuant to which knowledge of an attorney is imputed to the client . . . . The attorney's knowledge is deemed to be the clients' knowledge when the attorney acts on his behalf").

 



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

had been entered, when MineOne alerted Bitmain to this lawsuit and the need for Bitmain to respond. Ms. Liu acknowledges her mistake and affirms that it was inadvertent.

Simply put, this is a case of mistake, not of culpable misconduct. These are precisely the types of circumstances where setting aside a default is *supposed* to occur.

*See* Khale Lenhardt's 12/6/23 meet-and-confer letter, fn. 2 (emphasis in original).

Assuming that your recited version of these events is the true and actual version, Ms. Liu's new version is inconsistent with what Ms. Liu originally told me. That's concerning. Perhaps that is one reason for your admission that, "[T]he culpable conduct factor requires *some* factual explanation." In fact, because of the inconsistencies in Ms. Liu's stated versions of how/why she "missed the [initial] e-mail" from Cogency Global, Inc., we need more factual explanation. I need my 17 questions answered.

Moreover, there is nothing in Ms. Liu's new version of events (in your letter) that suggests any "excusable neglect." There was no crisis. No death. No sickness. Or "other unfortunate situation in which a reasonably prudent person might have exhibited the same behavior and/or similar circumstances." *Matter of EMM*, 414 P.3d at 1159. There was just neglect, carelessness, and negligence. Rather than presenting, as you say, "precisely the types of circumstances where setting aside a default is *supposed* to occur,"* these inconsistent versions are the types of circumstances that do not constitute "*excusable* neglect," and warrant the court not lifting, or setting aside, the default. *See, e.g., Flour Daniel (NPSOR), Inc. v. Seward*, 956 P.2d 1131 (Wyo. 1998) (defining excusable neglect, in the context of default and default judgments, as "such behavior as might be the act of a reasonable prudent person under the circumstances," and that the defaulted defendant's affidavit for its 38-day delay in answering the complaint "because of a clerical or other unknown error in [discovering] the Summons and Complaint" was "not excusable," and that "Flour Daniels' culpable conduct lead to the Entry of Default and Default Judgment"); *and see Chevron U.S.A., Inc. v. Department of Revenue*, 155 P.3d 1041, 1043-44 (Wyo. 2007) ("Excusable neglect is measured on a strict-standard to take care of *genuine emergency conditions*, such as death, sickness undue delay in the mails and other situations where such behavior might be the act of a reasonably prudent person under the circumstances [citation omitted] . . . . Excusable neglect has traditionally been found where a party acts in a reasonably prudent manner, but an *outside force* creates an undue delay, resulting in an untimely filing [citation omitted] . . . we have also found excusable neglect where an attorney's failure was a result of a psychological disorder or disturbance [citation omitted] . . . . However, we have determined that bald assertions of some adverse condition that caused the attorney to mishandle the case, in the absence of further proof, are not enough to support a finding of excusable neglect [citation omitted] . . . . Failure to file a necessary document in reliance on ongoing settlement negotiations also does not constitute excusable neglect"); *and see Viking Insurance Company of Wisconsin v.*

 



*Sumner*, 2016 WL 1062361, decided 9/16/16, Skavdahl, J. ("the Court finds Defendant Smith's failure to timely file a responsive pleading is inexcusable, and default judgment is warranted . . . . The preferred disposition of any case is upon its merits and not by default judgment [citation omitted] . . . However, clients must be held accountable for the acts and omissions of their attorneys [citation omitted] . . . If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default *on this basis alone* [citations omitted] . . . Generally, a defendant's conduct is considered culpable if he has defaulted willfully *or has no excuse for the default*. *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) . . . Although default judgment has traditionally been disfavored, the Wyoming Supreme Court has recognized it is 'becoming . . . a common sanction for late filings by defendants' [citation omitted] . . . It is intended to deter delay in judicial proceedings. Attorneys and parties are held to a reasonably high standard of diligence in observing court's rules of procedure. *Cessna Fin. Corp v. Bielenberg Masonry Contracting, Inc.*, 715 P.2d 1442, 1444-45 (10th Cir 1983) . . . In sum, the Court finds Defendant Smith's default is the result of counsel's unexplained and inexcusable culpable conduct"). (emphasis added).

## CONCLUSION

If you will provide me with Ailan Liu's honest and complete answers to my 17 e-mail questions, I will further consider your request that I stipulate to lift the Default. But, based on what I have seen and read to date, and in the absence of any additional information, BCB Cheyenne LLC d/b/a Bison Blockchain will not agree to lift this default. In fact, we will resist any effort to lift this default. This default is just, and it should stand.

Thank you, Khale.

Very truly yours,

Patrick J. Murphy

cc:     Marc Feinstein, Esq. (via e-mail only)

 

# EXHIBIT

# A

## Patrick Murphy

| | |
|---|---|
| **From:** | Feinstein, Marc <mfeinstein@omm.com> |
| **Sent:** | Wednesday, November 29, 2023 8:53 PM |
| **To:** | Patrick Murphy |
| **Cc:** | Scott C. Murray; ailan.liu@kyl.com; john.giffin@kyl.com; Pao, William K.; Stutz, Kate; Farrell, Kaitie |
| **Subject:** | FW: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited |

Pat -

O'Melveny & Myers LLP will be lead counsel for Bitmain in this action.  Please direct all communications regarding the action to my O'Melveny colleagues Will Pao, Kate Stutz, and Kaitie Farrell (cc'd) and me.  Bitmain will also be retaining local counsel.  We do not view your long list of deposition-like questions as necessary or appropriate.  Once we have had an opportunity to complete our review of the facts, we will communicate with you further to see whether your client will stipulate to relief from default in lieu of the need for Bitmain to file a formal motion.

Regards

**From:** Liu, Ailan <ailan.liu@kyl.com>
**Sent:** Friday, November 24, 2023 2:23 PM
**To:** Patrick Murphy <pmurphy@wpdn.net>
**Cc:** Scott C. Murray <smurray@wpdn.net>; Giffin, John <John.Giffin@kyl.com>
**Subject:** RE: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Dear Mr. Murphy:

Thank you for your inquiries in your email sent to me last night.  We are gathering the information to the extent we can provide to respond, and will get back to you on Monday 11/27. Thank you for your cooperation in this matter, which is much appreciated.

Best regards,

Ailan

...........................................................................................................................

**Ailan Liu**
**Keesal, Young & Logan**
400 Oceangate, Long Beach, CA 90802
562.436.2000 (office) | 714.552.6578 (cell)
ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any manner is prohibited.

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Thursday, November 23, 2023 8:08 PM

**To:** Liu, Ailan <ailan.liu@kyl.com>
**Cc:** Patrick Murphy <pmurphy@wpdn.net>; Scott C. Murray <smurray@wpdn.net>
**Subject:** Re: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Dear Ms. Liu:

Thank you for our call yesterday morning and for your follow-up e-mail below. As I told you on the phone, I want to better understand exactly what happened that your client, Bitmain Technologies Georgia Limited, did not timely answer BCB's First Amended Complaint on the November 15 deadline for doing so. I will be visiting with my client representatives tomorrow, and I am trying to anticipate their questions to me (when I tell them you want BCB Cheyenne LLC to voluntarily stipulate to lift the November 17 Entry of Default).

I also shared with you yesterday morning that I might have some follow-up questions after receiving your afternoon e-mail. Indeed, your e-mail engendered more questions than I imagined I would have.

I am concerned about the inconsistencies between what you shared with me on the phone yesterday morning, and what I am now seeing in your e-mail yesterday afternoon.

On the phone, you told me that your lawfirm is "national counsel" for Bitmain Technologies Georgia Limited ("Bitmain Georgia"). Your firm, you said, is the United States "contact" for Bitmain Georgia. You also told me that:

1. Cogency Global, Inc. is the registered agent for service of process for Bitmain Georgia in the State of Georgia;

2. "Usually Cogency Global, Inc. sends complaints and summonses to your Firm" as the United States (National) contact and agent for Bitmain Georgia;

3. Cogency Global, Inc. was served with Plaintiff BCB Cheyenne LLC's First Amended Complaint and Summons on October 25, 2023;

4. Cogency Global, Inc. sent an e-mail to your Firm on October 25, 2023 with the First Amended Complaint and Summons attached to it;

5. That October 25 e-mail from Cogency Global, Inc. was "not received" [by you or your Firm].

6. That October 25 e-mail from Cogency Global, Inc. did not go to your e-mail inbox;

7. That October 25 e-mail from Cogency Global, Inc. instead went to a "different folder;" and

8. Someone with your Firm later discovered that October 25 e-mail from Cogency Global, Inc. in your lawfirm "system" [but you did not say "when, or what day, "what system," "what folder," or by whom it was discovered at your lawfirm, or what alerted someone at your lawfirm to look for it.

9. You told me "this was just a mix up in our lawfirm e-mail system;" and that Bitmain Georgia, your client, was not trying to stall or delay answering BCB's First Amended Complaint.

10. You said that you recently asked someone at Cogency Global, Inc. to "re-send you" its October 25 e-mail, which they did, and that you received it in your inbox. You also volunteered that you were mistaken when you wrote to me that there had been a "default judgment" against Bitmain Georgia. We both agreed that the Clerk of the District Court entered "default" against Bitmain Georgia, but not "default judgment."

11. Finally, you told me that your Firm had not yet retained local counsel in Wyoming to represent Bitmain Georgia. You wanted my client to voluntarily stipulate to lift or set aside the default for no money or other

2

consideration, and you asked for additional time to retain local counsel in Wyoming and work your way through the First Amended Complaint.

But then, yesterday afternoon, you wrote to me saying:

1.  "The agent for service of process for Bitmain Technologies Georgia Limited ("Bitmain") provided us (me) an e-mail with the link to the summons and complaint on October 25, 2023;"

2.  "[You] missed that e-mail inadvertently;"

3.  "It was brought to [your] attention on 11/20/23 that the amended complaint was filed against against Bitmain [your client];"

4.  "We [you?] made inquiry to Cogency Global immediately and obtained a copy of the Summons and Complaint on 11/21/23;" and

5.  "That is when I reached out to you to seek a stipulation to allow Bitmain to respond." You say that, "Bitmain being late to respond was completely due to the inadvertence on my part, without any intention by our client to or us to delay to respond."

So here are the questions your call and subsequent e-mail raise for me, Ms. Liu:

1.  Our research shows that Cogency Global, Inc. is the registered agent for service of process for four Bitmain entities operating in at least seven states; is this true?

2.  For how long has your California lawfirm been national counsel for various Bitmain entities?

3.  Are you the lead counsel for your Firm for the Bitmain entities with whom Cogency Global, Inc. sends summonses and complaints and/or other legal papers?

4.  For how many years have you been the person at your lawfirm to whom Cogency Global, Inc. sends legal papers served on (a) various Bitmain entities, and (b) Bitmain Georgia?

5.  Did your client, Bitmain Georgia, earlier authorize you to receive any legal papers served on Bitmain Georgia from Cogency Global, Inc., and thereafter distribute and/or communicate those legal papers to the appropriate people at Bitmain?

6.  Did you receive Cogency Global, Inc.'s October 25 e-mail in your Ailan Liu computer inbox on October 25, 2023?

7.  What is your e-mail address to which Cogency Global, Inc. sent its October 25, 2023 e-mail to you (and at which you received it)?

8.  Have you confirmed that you received Cogency Global, Inc.'s October 25 e-mail in your inbox, and that its October 25, 2023 e-mail has remained, and been visible, in your inbox ever since?

9.  Did you see Cogency Global, Inc.'s October 25 e-mail on October 25?  If not, why did you not see it any time on October 25?

10.  Did you "read" Cogency Global's, Inc.'s October 25 e-mail on October 25?  If not, why did you not read it at any time on October 25?

11.  Do you read all of the e-mails that come to your inbox every day?  If not, why don't you read all the e-mails that

come to your inbox every day?

12.  Did Cogency Global, Inc. copy anyone else (besides you) with its October 25 e-mail?  If so, "who else" did they copy with its October 25, 2023 e-mail?

13.  Would you please forward Cogency Global, Inc.'s October 25 e-mail to me (so I can read it)?

14.  Did you read, or re-read, any of your October 25 e-mails on October 26?  If so, was Cogency Global, Inc.'s October 25 e-mail one of the e-mails you re-read on October 26?

15.  Were you in your office most of the day on October 25, 2023?  Were you tracking and reading your e-mails that came to your inbox that day?  Same questions for October 26 and 27, please.

16.  Do you receive all your work e-mails on both your office computer, your mobile phone, your tablet, or any other device?

17.  What was the very first moment you heard, or learned, that a lawsuit had been filed or served against Bitmain Georgia?  What day did you first learn of it?  How, or in what way, did you first hear or learn of it?  "Who" is the person who first notified you, or alerted you, to BCB's lawsuit against Bitmain Georgia?  Which company or lawfirm does that person work for?

Thank you, in advance, for answering these questions for me, Ms. Liu.  I want to discuss your answers with my client representatives this Friday when I raise with my client representatives your request that BCB voluntarily stipulate to lift, or set aside, this Default for no consideration.  I know you say that you missed Cogency Global's October 25 e-mail (with the First Amended Complaint and Summons) "through [your] inadvertency," but my questions above are aimed at discerning the underlying facts of that perceived inadvertency, or whether it was due to some neglect or "excusable" neglect.

Thank you.

Pat Murphy
Counsel for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain
(307) 262-2872 (cell)


On Nov 22, 2023, at 3:22 PM, Liu, Ailan <ailan.liu@kyl.com> wrote:


Dear Mr. Murphy:

Thanks for the call this morning regarding the subject matter.  As what I described on the call, the agent for service of process for Bitmain Technologies Georgia Limited ("Bitmain") provided us (me) an email with the link to the summons and complaint on October 25, 2023.  I missed that particular email inadvertently.  It was brought to my attention on 11/20/2023 that the amended complaint was filed against Bitmain.  We made inquiry to Cogency Global immediately and obtained a copy of the Summons and Complaint on 11/21/2023. That is when I reached out to you to seek a stipulation to allow Bitmain to respond.  Bitmain being late to respond was completely due to the inadvertency on my part, without any intention by our client or us to delay to respond.  Had I not missed the email, Bitmain would have taken necessary steps in this action. In that case, we would have requested an extension for us to arrange a local counsel to respond on behalf of Bitmain.

I appreciate your consideration of a stipulation to voluntarily set aside the default and allow our client to respond.

Best regards,

Ailan

............................................................................................................................

**Ailan Liu**
**Keesal, Young & Logan**
400 Oceangate, Long Beach, CA 90802
562.436.2000 (office) | 714.552.6578 (cell)
ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong. This e-mail contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy or disclose this message, or any information contained herein. If you have received this message in error, please advise the sender by reply e-mail and delete this message. Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or legal document. Unauthorized use of this information in any manner is prohibited.

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Wednesday, November 22, 2023 8:04 AM
**To:** Liu, Ailan <ailan.liu@kyl.com>
**Cc:** Giffin, John <John.Giffin@kyl.com>; Scott C. Murray <smurray@wpdn.net>
**Subject:** Re: Civil Action No. 23-CV-79-ABJ - Bitmain Technologies Georgia Limited

Good morning, Ailan —.

Are you able to visit soon?  I am.  What time would work best for me to call your cell phone?

Pat Murphy
(307) 262-2872 (cell)

> On Nov 21, 2023, at 1:34 PM, Liu, Ailan <ailan.liu@kyl.com> wrote:

> Dear Mr. Murphy:

> We are US counsel for Bitmain Technologies Georgia Limited ("Bitmain"). We just learned today about the subject matter case that was filed against our client by your client BCB Cheyenne LLC.  Based on what we can see from the court docket of this case, a default judgement has been entered against Bitmain.  We are writing to see if your client is willing to voluntarily set aside the default and to stipulate to allow Bitmain to respond.

> I also left a voice mail to your office to the similar effect, you can disregard that.  I was told that you would not be back to the office until next Monday, but I am looking forward to your response at your earliest convenience.

> Best regards,

Ailan

..........................................................................................................................
....

**Ailan Liu**
**Keesal, Young & Logan**
400 Oceangate, Long Beach, CA 90802
562.436.2000 (office) | 714.552.6578 (cell)
ailan.liu@kyl.com | www.kyl.com

KYL has offices in Los Angeles/Long Beach, San Francisco, Seattle, Anchorage and Hong Kong.  This e-mail contains information
that may be confidential and privileged.  Unless you are the addressee (or authorized to receive messages for the addressee), you
may not use, copy or disclose this message, or any information contained herein. If you have received this message in error,
please advise the sender by reply e-mail and delete this message.  Nothing in this message should be interpreted as a digital or
electronic signature that can be used to authenticate a contract or legal document.  Unauthorized use of this information in any
manner is prohibited.

This email has been scanned for spam and viruses. Click here to report this email as
spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.

# EXHIBIT B


ARKANSAS SECRETARY OF STATE
**JOHN THURSTON**

**Details**

For service of process contact the **Secretary of State's office.**

LLC Member information is now confidential per Act 865 of 2007

For access to our corporations bulk data download service **click here.**

Corporation Name
BITMAIN TECHNOLOGIES GEORGIA LIMITED

Fictitious Names
—

Filing #
811434038

Filing Type
Foreign For Profit Corporation

Filed Under Act
For Bus Corp; 958 of 1987

Status
Good Standing

Principal Address
1150 HIGHWAY 113 MORRILTON, AR 72110

Reg. Agent
COGENCY GLOBAL INC

Agent Address
1215 TWIN LAKES DRIVE LITTLE ROCK, AR 72205

Date Filed
04/27/2023

Officers
AILAN LIU, Incorporator/Organizer
RAN CHENG, CEO

Foreign Name
—

Foreign Address

Document

400 OCEANGATE, SUITE 1400 LONG BEACH, CA 90802

State of Origin
GA
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

# EXHIBIT C

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530


**ANNUAL REGISTRATION**

*Electronically Filed*
Secretary of State
Filing Date: 2/7/2023 5:13:59 PM


## BUSINESS INFORMATION

| | |
|---|---|
| **CONTROL NUMBER** | 21203283 |
| **BUSINESS NAME** | Bitmain Technologies Georgia Limited |
| **BUSINESS TYPE** | Domestic Profit Corporation |
| **EFFECTIVE DATE** | 02/07/2023 |
| **ANNUAL REGISTRATION PERIOD** | 2023 |


## PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **ADDRESS** | BUILDING 1, NO. 9 COURTYARD, FENGHAO EAST ROAD, HAIDIAN DISTRICT,BEIJING,100094, CHN |


## REGISTERED AGENT

| NAME | ADDRESS | COUNTY |
|---|---|---|
| COGENCY GLOBAL INC. | 900 OLD ROSWELL LAKES PARKWAY, SUITE 310, ATLANTA, GA, 30076, USA | Fulton |


## OFFICERS INFORMATION

| NAME | TITLE | ADDRESS |
|---|---|---|
| Ran Chang | SECRETARY | Building 1, No.9 Courtyard, Fenghao East Road, Haidian District, Beijing,PRC, CHN |
| Ran Cheng | CFO | Building 1, No.9 Courtyard, Fenghao East Road, Haidian District, Beijing,PRC, CHN |
| Ran Cheng | CEO | Building 1, No.9 Courtyard, Fenghao East Road, Haidian District, Beijing,PRC, CHN |


## AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Ailan Liu |
| **AUTHORIZER TITLE** | Authorized Person |

# EXHIBIT
# D

# Commonwealth of Kentucky
# Michael G. Adams, Secretary of State

P101

1260420
Michael G. Adams
KY Secretary of State
Received and Filed
**2/14/2023 12:00:00 AM**
**Fee receipt:  $90.00**

Michael G. Adams
Secretary of State
P. O. Box 718
Frankfort, KY 40602-0718
(502) 564-3490
http://www.sos.ky.gov

## Certificate of Authority

**FBE**

Pursuant to the provisions of KRS 14A.9 - 030 the undersigned hereby applies for authority to transact business in Kentucky on behalf of the entity named below and,  for that purpose, submits the following statements.

1. The business entity is a **profit corporation.**

2. The name of the entity is:  **BITMAIN TECHNOLOGIES GEORGIA LIMITED**

3. The name of the entity to be used in Kentucky is (if applicable):  **N/A**

4. The state or country whose law the entity is organized is  **California.**

5. The date of organization is  **7/23/2021** and the period of duration is  **perpetual.**

**7. Principal Office**
325 Prison Connector, Sandy Hook, KY 41171

**8. Registered Agent/Office**
828 Lane Allen Road, Suite 219, Lexington, KY 40504

I, **Cogency Global Inc.**, consent to serve as the **Registered Agent** on behalf of this Entity.
on Tuesday, February 14, 2023

As the Authorized Representative, I, **Ailan Liu** , declare under penalty of perjury under the laws of the state of Kentucky that the foregoing is true and correct.

# EXHIBIT E

Filing#:804942216 Document#:1222000980002 Filed On 2/13/2023 received by Upload

| **Form 301**<br>**(Revised 05/11)**<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: $750** | <br><br>**Application for**<br>**Registration of a**<br>**Foreign For-Profit**<br>**Corporation** | This space reserved for office use. |
| --- | --- | --- |

1. The entity is a foreign for-profit corporation. The name of the entity is:

Bitmain Technologies Georgia Limited

*Provide the full legal name of the entity as stated in the entity's formation document in its jurisdiction of formation.*

2A.    The name of the corporation in its jurisdiction of formation does not contain the word "corporation," "company," "incorporated," or "limited" (or an abbreviation thereof). The name of the corporation with the word or abbreviation that it elects to add for use in Texas is:

2B.    The corporation name is not available in Texas. The assumed name under which the corporation will qualify and transact business in Texas is:

*The assumed name must include an acceptable organizational identifier or an accepted abbreviation of one of these terms.*

3.  Its federal employer identification number is:          32-0662275

☐  Federal employer identification number information is not available at this time.

4.  It is incorporated under the laws of: (set forth state or foreign country)        **Georgia**

and the date of its formation in that jurisdiction is:          07/23/2021
<em>mm/dd/yyyy</em>

5.  As of the date of filing, the undersigned certifies that the foreign corporation currently exists as a valid corporation under the laws of the jurisdiction of its formation.

6.  The purpose or purposes of the corporation that it proposes to pursue in the transaction of business in Texas are set forth below.

Technology

The corporation also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is incorporated.

7.  The date on which the foreign entity intends to transact business in Texas, or the date on which the foreign entity first transacted business in Texas is:          02/28/2023
<em>mm/dd/yyyy        Late fees may apply (see instructions).</em>

8.  The principal office address of the corporation is:

478 County Road 118, Pecos, TX, 79772

| *Address* | *City* | *State* | *Country* | *ZipCode* |
| --- | --- | --- | --- | --- |

Form 301                                        5

Complete item 9A or 9B, but not both.  Complete item 9C.

☒ 9A.  The initial registered agent is an organization (cannot be entity named above) by the name of:

COGENCY GLOBAL INC.

**OR**

☐ 9B.  The initial registered agent is an individual resident of the state whose name is:

| First Name | M.I. | Last Name | | Suffix |
|---|---|---|---|---|

9C.  The business address of the registered agent and the registered office address is:

| 1601 Elm Street, Suite 4360 | | Dallas | TX | 75201 |
|---|---|---|---|---|
| Street Address | City | | State | Zip Code |

10.  The corporation hereby appoints the Secretary of State of Texas as its agent for service of process under the circumstances set forth in section 5.251 of the Texas Business Organizations Code.

11.  The name and address of each person on the board of directors is:

| Director 1 | | | | | |
|---|---|---|---|---|---|
| Ran | | | Cheng | | |
| First Name | M.I. | Last Name | | | Suffix |
| Building 1, No. 9, Courtyard | Fenghao, East Road | | Beijing | China | 100094 |
| Street or Mailing Address | City | State | Country | Zip Code | |

| Director 2 | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| First Name | M.I. | Last Name | | | Suffix |
| | | | | | |
| Street or Mailing Address | City | State | Country | Zip Code | |

| Director 3 | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| First Name | M.I. | Last Name | | | Suffix |
| | | | | | |
| Street or Mailing Address | City | State | Country | Zip Code | |

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

**Effectiveness of Filing** (Select either A, B, or C.)

A. [X] This document becomes effective when the document is filed by the secretary of state.

B. [ ] This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing.  The delayed effective date is: _____

C. [ ] This document takes effect upon the occurrence of a future event or fact, other than the passage of time.  The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

---

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment.  The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: _____2/7/23_____

_____
Signature of authorized person (see instructions)

Ailan Liu
_____
Printed or typed name of authorized person.

# EXHIBIT 3

**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79J |

### DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF BCB CHEYENNE'S FIRST AMENDED COMPLAINT

Defendant Bitmain Technologies Georgia Limited ("Bitmain Georgia"), by and through its undersigned attorneys, hereby answers and responds to Plaintiff BCB Cheyenne LLC's ("Plaintiff") First Amended Complaint, filed on September 30, 2023 (the "FAC"), as follows:

## I.    ANSWER TO INTRODUCTION

Bitmain Georgia avers and alleges that the unnumbered paragraphs in the Introduction of the FAC contain arguments, legal principles, and/or conclusions of law to which no answer is required.

To the extent a responsive pleading is required, with respect to the eighth unnumbered paragraph in the FAC Introduction, Bitmain Georgia denies that it is involved in the manufacturing of bitcoin mining hardware. Bitmain Georgia denies that it "began imposing its will." Bitmain Georgia denies that it wanted to change the site plans for Campstool from an "air-cooled facility" to a "hydro facility." Bitmain Georgia admits that it had discussions with MineOne Wyoming Data Center LLC regarding the possibility of building a new hydro facility. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in the eighth unnumbered paragraph.

With respect to the ninth unnumbered paragraph in the FAC Introduction, Bitmain Georgia admits that it entered into a Service Framework Agreement with MineOne Wyoming Data Center LLC. Bitmain Georgia denies that the Service Framework Agreement was executed on January 19, 2023. Bitmain Georgia alleges that the Service Framework Agreement speaks for itself. Bitmain Georgia admits that in February 2023, it shipped thousands of Bitcoin mining machines to the North Range facility located in Cheyenne, Wyoming. Bitmain Georgia lacks knowledge or

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in the ninth unnumbered paragraph.

Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of the remaining unnumbered paragraphs in the FAC Introduction, and therefore denies, the allegations in the remaining unnumbered paragraphs.

## II.      ANSWER TO PARTIES, JURISDICTION AND VENUE

1.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 1.

2.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 2.

3.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 3.

4.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 4.

5.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 5.

6.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 6.

7.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 7.

8.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 8.

9.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 9.

10.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 10.

11.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 11.

12.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 12.

13.      Bitmain Georgia admits that the Form of Service Order in the Service Framework Agreement lists a Mineone Partners LLC account name for billing and payment.  Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 13.

14.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 14.

15.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 15.

16.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 16.

17.      Bitmain Georgia admits the allegations in Paragraph 17.

18.      Bitmain Georgia admits the allegations in Paragraph 18.

19.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 19.

20. The allegations in Paragraph 20 state legal conclusions to which no responsive pleading is required.

21. The allegations in Paragraph 21 state legal conclusions to which no responsive pleading is required.

22. The allegations in Paragraph 22 state legal conclusions to which no responsive pleading is required.

23. The allegations in Paragraph 23 state legal conclusions to which no responsive pleading is required.

24. The allegations in Paragraph 24 state legal conclusions to which no responsive pleading is required.

25. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 25.

26. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 26.

### III.   ANSWER TO FACTS COMMON TO ALL CLAIMS

27. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 27.

28. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 28.

29. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 29.

30.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 30.

31.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 31.

32.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 32.

33.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 33.

34.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 34.

35.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 35.

36.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 36.

37.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 37.

38.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 38.

39.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 39.

40.      Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 40.

41.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 41.

42.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 42.

43.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 43.

44.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 44.

45.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 45.

46.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 46.

47.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 47.

48.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 48.

49.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 49.

50.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 50.

51.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 51.

52.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 52.

53.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 53.

54.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 54.

55.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 55.

56.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 56.

57.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 57.

58.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 58.

59.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 59.

60.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 60.

61.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 61.

62.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 62.

63.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 63.

64.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 64.

65.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 65.

66.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 66.

67.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 67.

68.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 68.

69.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 69.

70.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 70.

71.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 71.

72.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 72.

73.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 73.

74.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 74.

75.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 75.

76.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 76.

77.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 77.

78.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 78.

79.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 79.

80.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 80.

81.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 81.

82.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 82.

83.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 83.

84.     Bitmain Georgia denies that it "had begun conspiring and negotiating a deal between themselves that involved taking over the site operations from Plaintiff."  Bitmain Georgia

admits that it received project approval documents, power purchase agreement(s), and land title documents from MineOne Wyoming Data Center LLC on December 6, 2022. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 84.

85.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 85.

86.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 86.

87.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 87.

88.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 88.

89.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 89.

90.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 90.

91.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 91.

92.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 92.

93.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 93.

94.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 94.

95.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 95.

96.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 96.

97.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 97.

98.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 98.

99.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 99.

100.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 100.

101.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 101.

102.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 102.

103.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 103.

104.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 104.

105.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 105.

106.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 106.

107.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 107.

108.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 108.

109.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 109.

110.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 110.

111.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 111.

112.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 112.

113.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 113.

114.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 114.

115.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 115.

116.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 116.

117.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 117.

118.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 118.

119.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 119.

120.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 120.

121.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 121.

122.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 122.

123.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 123.

124.     Bitmain Georgia admits that it entered into a Service Framework Agreement with MineOne Wyoming Data Center LLC.  Bitmain Georgia denies that the Service Framework Agreement was executed on January 19, 2023.  Bitmain Georgia alleges that the Service Framework Agreement speaks for itself.  Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 124.

125.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 125.

126.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 126.

127.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 127.

128.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 128.

129.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 129.

130.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 130.

131.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 131.

132.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 132.

133.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 133.

134.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 134.

135.    Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 135.

136.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 136.

137.     Bitmain Georgia admits that the Service Framework Agreement included a Form of Service Order for 9,800 S19XP Bitcoin mining computers with an estimated arrival date before February 25, 2023.  Bitmain Georgia further admits that the Form of Service Order designated MineOne Wyoming Data Center LLC as the "Service Provider."  Bitmain Georgia alleges that the Service Framework Agreement and the Form of Service Order speak for themselves.  Bitmain Georgia denies the remaining allegations in Paragraph 137.

138.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 138.

139.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 139.

140.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 140.

141.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 141.

142.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 142.

143.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 143.

144.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 144.

145.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 145.

146.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 146.

147.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 147.

148.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 148.

149.     Bitmain Georgia denies that Bitmain Georgia engineers facilitated water testing or investigated or explored changing plans at Campstool.  Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 149.

150.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 150.

151.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 151.

152.     Bitmain Georgia admits that a conference call was held on February 13, 2023. Bitmain Georgia denies that the meeting was about changing the site plans for Campstool.

153.     Bitmain Georgia denies that it was "working to insert themselves as the site operators for North Range and Campstool."  Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 153.

154.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 154.

155.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 155.

156.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 156.

157.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 157.

158.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 158.

159.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 159.

160.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 160.

161.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 161.

162.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 162.

163.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 163.

164.     Bitmain Georgia admits that 9,800 S19XP Bitcoin mining computers were delivered to a warehouse in Cheyenne, Wyoming.  Bitmain Georgia admits that the Bitcoin mining

computers were transported from Texas to Cheyenne, Wyoming. Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 164.

165.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 165.

166.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 166.

167.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 167.

168.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 168.

169.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 169.

170.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 170.

171.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 171.

172.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 172.

173.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 173.

174.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 174.

175.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 175.

176.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 176.

177.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 177.

178.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 178.

179.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 179.

180.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 180.

181.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 181.

182.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 182.

183.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 183.

184.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 184.

185.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 185.

186.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 186.

187.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 187.

188.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 188.

189.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 189.

190.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 190.

191.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 191.

192.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 192.

193.     Bitmain Georgia denies the allegations in Paragraph 193.

## ANSWER TO FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT AGAINST MINEONE WYOMING, INCLUDING ANTICIPATORY REPUDIATION OF CONTRACT

194.     Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

195.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 195.

196.     The allegations in Paragraph 196 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 196.

197.     The allegations in Paragraph 197 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 197.

198.     The allegations in Paragraph 198 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 198.

199.     The allegations in Paragraph 199 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 199.

200.     The allegations in Paragraph 200 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 200.

201.     Bitmain Georgia denies the allegations in Paragraph 201.

## ANSWER TO SECOND CLAIM FOR RELIEF

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST MINEONE WYOMING

202.     Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

203.     The allegations in Paragraph 203 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 203.

204.     The allegations in Paragraph 204 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 204.

205.     The allegations in Paragraph 205 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 205.

206.     The allegations in Paragraph 206 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 206.

207.     Bitmain Georgia denies the allegations in Paragraph 207.

## ANSWER TO THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT AGAINST TERRA

208.     Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

209.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 209.

210.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 210.

211.     The allegations in Paragraph 211 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 211.

212.     The allegations in Paragraph 212 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 212.

213.     Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 213.

214.     The allegations in Paragraph 214 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 214.

215.     Bitmain Georgia denies the allegations in Paragraph 215.

### ANSWER TO FOURTH CLAIM FOR RELIEF

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST TERRA

216.     Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

217.     The allegations in Paragraph 217 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 217.

218.     The allegations in Paragraph 218 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 218.

219.    The allegations in Paragraph 219 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 219.

220.    The allegations in Paragraph 220 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia denies the allegations in Paragraph 220.

221.    Bitmain Georgia denies the allegations in Paragraph 221.

## ANSWER TO FIFTH CLAIM FOR RELIEF

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST DEFENDANTS BIT ORIGIN LTD., MINEONE PARTNERS LLC, SONICHASH LLC, BITMAIN TECHNOLOGIES HOLDING COMPANY, AND BITMAIN TECHNOLOGIES GEORGIA LIMITED

222.    Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

223.    Bitmain Georgia admits that it did not have a contract with Plaintiff.  Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the remaining allegations in Paragraph 223.

224.    Bitmain Georgia denies the allegations in Paragraph 224.

225.    Bitmain Georgia denies the allegations in Paragraph 225.

226.    Bitmain Georgia denies the allegations in Paragraph 226.

## ANSWER TO SIXTH CLAIM FOR RELIEF

### AGAINST DEFENDANTS MINEONE WYOMING DATA CENTER LLC, TERRA CRYPTO INC., BIT ORIGIN LTD., MINEONE PARTNERS LLC, AND SONICHASH LLC: ALTER EGO AND ENTERPRISE LIABILITY FOR THE BREACHES AND  TORTS OF MINEONE WYOMING, TERRA, BIT ORIGIN, MINEONE PARTNERS AND SONICHASH

227.    Bitmain Georgia incorporates by reference all prior paragraphs of this Answer.

228.     The allegations in Paragraph 228 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 228.

229.     The allegations in Paragraph 229 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 229.

230.     The allegations in Paragraph 230 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 230.

231.     The allegations in Paragraph 231 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 231.

232.     The allegations in Paragraph 232 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 232, including its footnote.

233.     The allegations in Paragraph 233 state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is required, Bitmain Georgia lacks

knowledge or information sufficient to form a belief about the truth of, and therefore denies, the allegations in Paragraph 233.

234.    Bitmain Georgia denies the allegations in Paragraph 234.

## ANSWER TO PRAYER FOR RELIEF

Bitmain Georgia denies that Plaintiff is entitled to any of the relief described in its Prayer for Relief, including subparagraphs (A)–(E).

## AFFIRMATIVE DEFENSES

Bitmain Georgia asserts the following affirmative defenses in response to the FAC, subject to its right to amend and assert such other affirmative defenses as may become available during discovery in this action.  In asserting these defenses, Bitmain Georgia does not claim or admit to have the burden of proof on any issue for which Plaintiff properly bears the burden or Bitmain Georgia does not otherwise bear the burden of proof or production.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's FAC and each and every claim for relief alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Justification)

Plaintiff's FAC and each and every claim for relief alleged therein, is barred in whole or in part  because Bitmain Georgia's conduct was justified and/or fair competition.

### THIRD AFFIRMATIVE DEFENSE
#### (No Causation and/or Superseding Cause)

Plaintiff's FAC, and each claim for relief alleged therein, is barred in whole or in part because Plaintiff suffered no damages as a result of the claims alleged or, if it did, those damages were not directly or proximately caused by Bitmain Georgia, and/or are attributable to independent and superseding causes, which causes and damages, if any, were not reasonably foreseeable by Bitmain Georgia.

### FOURTH AFFIRMATIVE DEFENSE
#### (No Injury or Damages)

Plaintiff's FAC, and each and every claim for relief alleged therein, is barred in whole or in part because Plaintiff has not been injured or damaged as a proximate result of any act or omission of Bitmain Georgia.

### FIFTH AFFIRMATIVE DEFENSE
#### (Speculative Damages)

Plaintiff is not entitled to any damages or any claim for relief because any damages are speculative, uncertain, vague, and not enforceable.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

To the extent Plaintiff has sustained damages, which Bitmain Georgia expressly denies, Plaintiff has contributed in a direct and proximate manner to such damages by failing to act reasonably and prudently to mitigate those damages. Plaintiff's damages, if any, must be reduced by the extent to which those damages are proximately caused by Plaintiff's failure to mitigate such damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

To the extent Plaintiff seeks equitable relief, any claim by Plaintiff for such relief is barred because, to the extent Plaintiff is entitled to any remedy, which is not admitted hereby or herein, Plaintiff has an adequate remedy at law and/or other requirements for granting injunctive or other equitable relief cannot be satisfied.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's FAC, and each and every claim for relief alleged therein, is barred in whole or in part because Plaintiff is estopped by its own conduct to claim any right to damages or other monetary relief from Bitmain Georgia.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's FAC, and each and every claim for relief alleged therein, is barred in whole or in part because such claims have been waived, discharged, released, and/or abandoned.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's FAC and each and every claim for relief alleged therein, is barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's FAC and each and every claim for relief alleged therein, is barred in whole or in part by Plaintiff's unclean hands and/or inequitable or wrongful conduct.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

Plaintiff's FAC and each and every claim for relief alleged therein, is barred in whole or in part by a lack of personal jurisdiction and/or subject matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Improper and Inconvenient Venue)

Bitmain Georgia alleges that this district is an inconvenient and/or improper venue as to each and every claim for relief alleged therein.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's FAC and each and every claim for relief alleged therein, is barred in whole or in part by the doctrine of acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Ambiguous, Impertinent, and Scandalous Allegations)

Plaintiff's FAC fails to comply with the pleading requirements of R. Civ. P. 8(a), 10(b) and 12, in that many paragraphs are redundant, immaterial, impertinent, overbroad, vague, ambiguous, contain undefined terms, and contain scandalous terms.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Payment)

Plaintiff's claims are barred by the doctrine of payment.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

Plaintiff's claims are barred by the doctrines of setoff and recoupment.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Material Breach of Contract by Plaintiff)

Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the terms of the DHS Agreement and other contracts, thereby excusing performance.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Frustration)

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Bad Faith)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's conduct, actions, and inaction amount to and constitute bad faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unjust enrichment as Plaintiff has already been paid for more work and services than it is entitled to. Accordingly, Plaintiff's recovery should be barred, or at the very least, diminished under this equitable doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to maintain this action as, upon information and belief, Plaintiff purports to be a Wyoming limited liability corporation, but is a shell organization and vehicle for its members (Michael Murphy, Emory Patterson IV, and Neil Phippen) to purportedly conduct business and operate as a business in the digital currency mining space.  Plaintiff is the alter ego of one or more of its members, and Plaintiff does not have standing to maintain this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Additional Defenses)

Bitmain Georgia is informed and believes and on that basis alleges that there may be additional defenses available to it , which are not now fully known and of which Bitmain Georgia is not now aware.  Bitmain Georgia reserves the right to raise additional defenses once such additional defenses have been ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Bitmain Georgia prays for judgment against Plaintiff as follows:

1.    That Plaintiff's FAC, and each and every claim for relief alleged therein be dismissed with prejudice;

2.    That Plaintiff take nothing by way of the FAC;

3.    That the Court order and award such other and further relief as the Court may deem just and proper.

Dated: December 13, 2023

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant


BY: _s/Khale J. Lenhart_____
**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

## *CERTIFICATE OF SERVICE*

       I certify the foregoing ***Defendant Bitmain Technologies Georgia Limited's Answer and Affirmative Defenses to Plaintiff BCB Cheyenne's First Amended Complaint*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 13 December 2023, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

  s/Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain