# UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN <br> *Plaintiff* <br> v. <br> MINEONE WYOMING DATA CENTER LLC ET AL <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 23-CV-79 <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CORP1, INC, 614 N Dupont HWY Suite 210, Dover, DE, 19901
phone: 302-736-3466, email:orders@corp1.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto.

| Place: Patrick J. Murphy <br> Williams, Porter, Day & Neville, PC <br> 159 N. Wolcott Street, Suite 400, Casper, WY 82601 | Date and Time: <br> 12/27/2023 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/08/2023

*CLERK OF COURT*

_____       OR       *[signature]*
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff** BCB Cheyenne LLC _____, who issues or requests this subpoena, are:

Patrick J. Murphy WPDN, 159 N. Wolcott St., Ste. 400, Casper, WY 82601, pmurphy@wpdn.net, (307) 265-0700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 23-CV-79

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2023, a true and correct copy of the foregoing document was served as follows:

Sean M. Larson, WSB No. 7-5112 Kari
Hartman, WSB No. 8-6507
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com
khartman@hkwyolaw.com

☐ CM/ECF Electronic Filing
☐ U.S. Mail, Postage Prepaid
☐ Overnight Delivery
☐ Hand Delivery
☐ Facsimile
☒ Email

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice* Alex
Inman, *Pro Hac Vice*
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

☐ CM/ECF Electronic Filing
☐ U.S. Mail, Postage Prepaid
☐ Overnight Delivery
☐ Hand Delivery
☐ Facsimile
☒ Email

By: _____
Patrick J. Murphy

Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email:   pmurphy@wpdn.net
         smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC
d/b/a Bison Blockchain*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO, INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants.<br><br>Defendants. | Civil Action No. 23-CV-79-ABJ |

# EXHIBIT A
# BCB CHEYENNE LLC D/B/A BISON BLOCKCHAIN'S
# SUBPOENA DUCES TECUM TO UNIVERSAL CAPITAL HOLDINGS
# GROUP INC. TO PRODUCE DOCUMENTS IN A CIVIL ACTION

Universal Capital Holding Group Inc. ("UCHG") is commanded to produce copies of the following documents to Patrick J. Murphy at Williams, Porter, Day & Neville, P.C. at 159 N. Wolcott Street, Suite 400, Casper, WY 82601 or by email to pmurphy@wpdn.net by December 27, 2023 at 9:00 a.m. MT, as follows:

## DEFINITIONS

1.  "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include every writing or record of every type and description, including, but not limited to, agreements, contracts, contract files, correspondence, memoranda, publications, pamphlets, promotional materials, studies, books, tables, charts, graphs, schedules, e-mails, text messages, photographs, films, voice recordings, reports, surveys, analyses, journals, ledgers, telegrams, stenographic or handwritten notes, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, credit and billing statements, checks, manuals, circulars, bulletins, instructions, sketches, diagrams, computer programs, printouts, punch cards, tabulations, logs, telephone records, desk calendars, diaries, appointment books, computer data, tapes, and disks; and includes all drafts or copies of every such writing or record whenever a draft or copy of a document is not an identical copy of the original or where such draft or copy contains any commentary or notes that do not appear on the original.

2.  "Communications" shall mean all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

3.  The term "relating to" shall mean directly or indirectly mentioning or describing, comprising, consisting of, referring to, reflecting on, or being in any way logically or factually connected with the matter discussed.

## DOCUMENTS REQUESTED

I. All Documents and Communications (including all sent and received emails) by, to, or between Erick Rengifo and/or Jiaming Li beginning January 1, 2022 to present relating to (a) Black Hills Energy, (b) BCB Cheyenne, LLC and its representatives, and/or (c) the North Range and Campstool bitcoin mining sites near Cheyenne, Wyoming. Note: this request includes the emails sent and received from UCHG email addresses with the domain name "ucholding.com," including but not limited to, jiam@ucholding.com and rengifo@ucholding.com, as these were the email addresses where most of Erick Rengifo's and Jiming Li's email communication to BCB Cheyenne LLC representatives came from.

II. TGAMH organizational and corporate structuring (*i.e.,* "org charts") documents and communication from January 1, 2022 to present.

III. All Documents and Communications (including all sent and received emails) by, to, or between Erick Rengifo and/or Jiaming Li beginning January 1, 2022 to present relating to the Development, Hosting & Services Agreement and Side Letter between MineOne Wyoming LLC and BCB Cheyenne LLC.

IV. Documents and Communications (including all sent and received emails) by, to, or between Erick Rengifo and/or Jiaming Li beginning January 1, 2022 to present relating to the Consultancy Services Agreement between Terra Crypto Inc. and BCB Cheyenne LLC.

RESPECTFULLY SUBMITTED this 8th day of December, 2023.

                        BCB CHEYENNE LLC d/b/a
                        BISON BLOCKCHAIN,

Plaintiff

By: _____
      Patrick J. Murphy

Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, PC
159 N. Wolcott, Ste. 400
Casper, WY 82601
(307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain*