**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

## *REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED*

*Plaintiff's Response Memorandum in Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set Aside the Entry of Default* ("*Opposition*") is filled with inflammatory assertions and unsupported, inadmissible statements that are irrelevant to whether this Court should set aside entry of default as to Bitmain Georgia.[1] The core facts relevant to this *Motion* are that Bitmain Georgia's outside counsel, who had been designated to receive legal process from the registered agent, mistakenly failed to forward the *First Amended Complaint* ("*FAC*") to Bitmain Georgia. When this mistake was discovered, only days after entry of default, efforts were immediately undertaken to correct it, including contacting Plaintiff's counsel and answering the *FAC*. These facts fall well short of "culpable conduct," the applicable standard for setting aside entry of default. Plaintiff has also suffered no prejudice, and Bitmain Georgia has meritorious defenses, factors that weigh in Bitmain Georgia's favor on this *Motion*. Accordingly, the Court should grant the *Motion*, and this case should be litigated on the merits.

## I.   ARGUMENT

### A.   Plaintiff Applies the Wrong Legal Standard.

Plaintiff incorrectly argues that the relevant standard for setting aside ***entry of default*** is "excusable neglect"—the applicable standard for relief from ***default judgment*** under Federal Rule of Civil Procedure 60. Opp'n at 4-7. "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Despite acknowledging this, Opp'n at 4, Plaintiff conflates the two standards, Opp'n at 16-

---

[1] *See Bitmain Georgia's Objections to Plaintiff's Evidence Offered in Support of its Opposition.*

HIRST APPLEGATE, LLP                    – 2 –
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

22, relying on the wrong Federal Rule of Civil Procedure and inapplicable state procedural law.[2] Courts have made clear that the two standards are substantively different. *See Pharmatech Oncology, Inc. v. Tamir Biotechnology, Inc.*, 2011 WL 4550202, at *9 (D. Colo. Oct. 3, 2011) (setting aside entry of default and noting "[w]hether the facts show 'excusable neglect' need not be considered, as that is Rule 60(b)'s standard"). Plaintiff's claim that the two standards should be "equate[d]," Opp'n at 5, is thus flatly incorrect. The Court should reject Plaintiff's attempt to impose a higher bar and instead should apply the "good cause" standard under Rule 55.

### B.     Bitmain Georgia's Conduct Was Not Culpable.

Under the "good cause" standard of Rule 55, courts consider "whether the defaulting party's culpable conduct caused the default, whether setting aside the default will prejudice the non-moving party, and whether the defaulting party has a meritorious defense." *Hakan Agro DMCC v. Unova Holdings, LLC*, 2013 WL 1832075, at *2 (D. Wyo. May 1, 2013). "A party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996). The *Opposition* is replete with unfounded and inadmissible assertions about Bitmain Georgia, among other topics, that are wholly irrelevant to the "good cause" standard before the Court.

"An unintentional or good faith mistake is not considered culpable conduct under Rule 55(c)." *Roe v. Bd. of Trs. of Teton Cnty. Sch. Dist. No. 1*, 2021 WL 7211094, at *2 (D. Wyo. Mar.

---

[2] *See, e.g.*, *B.V. Reomie Automateriaal v. IDE Inv. & Real Est., LLC*, 2022 WL 16901968 (D. Wyo. Nov. 11, 2022) (relief from default judgment under Rule 60); *U.S. v. Torres*, 372 F.3d 1159 (10th Cir. 2004) (addressing "excusable neglect" with regard to filing notice of appeal in criminal case); *Burch v. Ill. Cent. R.R. Co.*, 136 So. 3d 1063 (Miss. 2014) (applying Mississippi Rules of Civil Procedure). Because this matter is a state claim proceeding in federal court pursuant to diversity jurisdiction, the Court must apply state substantive law but federal procedural law. Mot. at 6 n.2.

23, 2021) ("disruption in communication" between defendant's insurance representative and counsel did not "rise to the level of culpable neglect"). Here, Bitmain Georgia's conduct was not culpable because its default was due to the inadvertence of Bitmain Georgia's outside counsel, who mistakenly failed to forward the *FAC* to Bitmain Georgia.[3] Mot. at 7-8. As a result, Bitmain Georgia was not aware of this lawsuit until it received notice of the lawsuit from a co-defendant three days after the Clerk of the Court had entered default. Mot. at 7.

*Pharmatech* is instructive. There, the defendant's employee who had been designated to receive service of process was on vacation when the summons and complaint arrived in the mail from the service agent, and the documents were never forwarded to the defendant's CEO. 2011 WL 4550202, at *9. In setting aside entry of default, the court found no culpable conduct because the defendant "did not consciously disregard the response deadline," nor did it "know of the deadline but forget to file a response." *Id.* Like the *Pharmatech* defendant, Bitmain Georgia did not consciously disregard the response deadline or know of the deadline but forget to file a response. Rather, due to the inadvertence of Bitmain Georgia's outside counsel, Bitmain Georgia did not receive notice of the lawsuit until after default had been entered.

The Court should also "give weight to the fact that after receiving the summons and complaint," *id.*, Bitmain Georgia acted expeditiously to correct the default by contacting Plaintiff's counsel immediately to discuss setting aside the default and by filing the *Motion* and its *Answer* as soon as efforts to meet and confer with Plaintiff's counsel proved unsuccessful. This conduct does not suggest willful default or a "flagrant disregard for the authority of the court." *Hunt. v. Ford Motor Co.*, 1995 WL 523646, at *4 (10th Cir. Aug. 29, 1995); *see also Roe*, 2021 WL

---

[3] Plaintiff claims inconsistencies in Ailan Liu's statements, but such disputes are minor and immaterial. It is undisputed that Ms. Liu made a mistake and that efforts were undertaken to correct it immediately after Bitmain Georgia became aware of the lawsuit, only days after the default was entered.

7211094, at *2 (no culpable conduct where defense counsel "promptly contacted Plaintiff's counsel, filed a responsive pleading and a motion to set aside the default").

Plaintiff's authorities are inapposite. *IDE Invest*, a case involving a request to set aside a default judgment, is distinguishable because the defendant's default "was a result of a systemic failure to effectively handle service of process" as the employee designated to receive service of process was bedridden for months until her death and the defendant did nothing to replace her, and the defendant waited more than a month to set aside the judgment. 2022 WL 16901968, at *4-6. Plaintiff's reliance on *Viking Insurance Company of Wisconsin v. Sumner*, 2016 WL 10672361 (D. Wyo. 2016) is also misplaced because the court found "culpable conduct" where the defendant had notice that a responsive pleading was late and "missed the agreed-upon deadline." *Id.* at *3. None of Plaintiff's authorities support the proposition that the receipt of service of process by a defendant's outside counsel imputes knowledge to the defendant in order to establish "culpable conduct" under Rule 55, particularly where, as here, the defendant's outside counsel inadvertently failed to forward the legal papers to her client and neither the defendant nor its outside counsel consciously disregarded the deadline. *See* Opp'n at 22-23.

### C. Plaintiff's Remaining Arguments Are Baseless.

Plaintiff argues that it will be prejudiced because setting aside the default will result in a delay in obtaining discovery,[4] Opp'n at 24-25, but, "setting aside a default must precipitate more than mere delay to prejudice," *Pharmatech*, 2011 WL 4550202, at *10. "'[S]etting aside default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion,'" *id.* (quoting *Johnson v. Dayton Elec.*

---

[4] Plaintiff's unfounded speculation about Bitmain Georgia's potential claim for indemnification is irrelevant to whether setting side default will prejudice Plaintiff. Opp'n at 25.

*Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998)), none of which Plaintiff has shown here. Also, the delay here was slight—Plaintiff's counsel was contacted about voluntarily lifting the default days after it was entered, and Bitmain Georgia filed its *Answer* as soon as meet-and-confer efforts with Plaintiff were unsuccessful—and Plaintiff has "suffered no discernible prejudice from the minimal delay in receiving" Bitmain Georgia's *Answer*. *Cannon v. SFM, LLC*, 2018 WL 5791614, at *2 (D. Kan. Nov. 5, 2018).

Further, Bitmain Georgia "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001); *Bizjet Int'l Sales & Support, Inc. v. Aero Toy Store, LLC*, 2008 WL 5083536, at *4 (N.D. Okla. Nov. 26, 2008) ("district courts within the Tenth Circuit have interpreted this as a liberal standard"). Plaintiff incorrectly claims that Bitmain Georgia only cited an attorney declaration to support this factor, Opp'n at 23, but in fact it relied on an employee declaration and its *Answer*, Mot. at 9-10; *Downing v. Hulsing Hotels, Inc.*, 2009 WL 10689712, at *2 (D. Kan. Mar. 24, 2009) (denials and affirmative defenses in proposed Answer constituted meritorious defenses). Moreover, to the extent Plaintiff has proffered evidence and facts in an attempt to dispute Bitmain Georgia's version of events as to the merits of the case, the *Opposition* should be disregarded because in the context of a motion to set aside a default, "version[s] of the facts and circumstances supporting" a defendant's defense must "be deemed to be true." *BH, Inc. v. Tr. for Univ. of Pa.*, 2009 WL 10671355, at *3 (D. Wyo. Feb. 27, 2009).

## II.   CONCLUSION

For all the foregoing reasons, and consistent with the ideology that the preferred disposition of any case is upon its merits and not by default judgment, Bitmain Georgia respectfully requests this Court set aside the *Entry of Default*.

Dated:  28 December 2023

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant

BY: _____

**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

## *CERTIFICATE OF SERVICE*

I certify the foregoing ***Reply in Support of Motion to Set Aside Entry of Default Against Defendant Bitmain Technologies Georgia Limited*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 28 December 2023, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants MineOne Wyoming Data
Center LLC, MineOne Partners LLC, Terra Crypto
Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants MineOne Wyoming Data*
*Center LLC, MineOne Partners LLC, Terra Crypto*
*Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia