**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

### DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED'S OBJECTIONS TO PLAINTIFF BCB CHEYENNE LLC'S EVIDENCE OFFERED IN SUPPORT OF ITS OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Defendant Bitmain Technologies Georgia Limited ("Bitmain Georgia") respectfully submits the following objections to evidence offered in support of Plaintiff BCB Cheyenne LLC's ("BCB") *Opposition to Bitmain Georgia's Motion to Set Aside Default*.

**A.     Bitmain Georgia's Objections to the Affidavit of Patrick J. Murphy (Dkt. No. 95-1)**

| Paragraph(s) Objected To | Objection |
|---|---|
| ¶¶ 4 (last sentence), 6, 7 (last sentence), 11, 12 (including its footnotes), 17, 20 (including its footnotes), 21, 23, 25-29 | Argumentative:  Statements in a declaration that consist of argumentative rhetoric and non-factual argumentative statements about the case are not admissible. *See, e.g.*, *Hatch v. Boulder Town Council*, 2009 WL 82699, at *1 (10th Cir. 2009) (finding no abuse of discretion where district court struck entire declaration consisting of argumentative rhetoric and conclusory statements); *Cook v. Corp. of Pres. of Church of Jesus Christ of Latter Day Saints*, 121 Fed. Appx. 326, 331 (10th Cir. 2005) (affidavits consisting of conclusory allegations that express opinion rather than fact are inadmissible evidence); *Beckner v. U.S. Dept. of Lab.*, 797 F. Supp. 850, 855 n.2 (D. Colo. 1992) (finding affidavit improper that contained a number of non-factual, argumentative statements about the case).<br><br>Patrick J. Murphy's affidavit contains numerous statements that offer no factual evidence and consist solely of argumentative rhetoric (e.g., ¶ 26 ("This failure to comply with Wyoming law is another example of the lack of controls Bitmain Georgia and its corporate counsel, Ailan Liu, have employed while reaping the financial benefit of placing approximately 9,500 miners at the North Range bitcoin mining site.")); legal arguments and case law citations (e.g., ¶ 23 ("It does not involve 'genuine emergencies like death, sickness or other unfortunate situations in which a reasonably prudent person might have exhibited the same behavior under similar circumstances.' *Matter of EMM*, 414 P.3d at 1157.")); or suggestive questions (e.g., ¶ 20 ("Why did Ms. Liu not send or forward Cogency Global's October 25, 2023 e-mail to her client, Bitmain Georgia, after downloading it?  Was she sick?  Was there a death in her family?")).  These statements, arguments, and questions are not factual evidence and are improper and inadmissible. |

| ¶¶ 27-29 | Inadmissible Hearsay (Fed. R. Evid. 801): Out-of-court statements that are offered to prove the truth of the matter asserted are inadmissible hearsay absent an exception. Mr. Murphy offers testimony that is inadmissible hearsay. |
|---|---|
| | • Statements quoting the Video Recording of 3/7/2023 Meeting (the "Video") (e.g., ¶¶ 27-29). As discussed further in Section C below, Mr. Murphy is offering the out-of-court, unsworn statements made in the Video, none of which statements were purportedly made by representatives of Bitmain Georgia, to prove the facts asserted therein. This is inadmissible hearsay. |
| ¶¶ 27-29 | Lack of Authenticity Fed. R. Evid. 901(a): Items of evidence must be authenticated with sufficient proof to support a finding that the item is what the proponent claims it to be. |
| | • Statements quoting the Video (e.g., ¶¶ 27-29). As discussed further in Section C below, Mr. Murphy does not offer any proof that the Video is a true and correct copy of the March 7, 2023 meeting, nor could Mr. Murphy offer such evidence because he did not attend the meeting. Accordingly, the Video has not been properly authenticated, and statements quoting the Video are inadmissible for this reason. |
| ¶¶ 11-13, 15, 17, 26 | Lack of Personal Knowledge (Fed. R. Evid. 602) / Improper Personal Opinion (Fed. R. Evid. 701): A witness may only testify to matters that the witness has personal knowledge of and that are rationally based on the witness's perception. *See, e.g., Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1544 (10th Cir. 1995) (opinions not based on personal knowledge are inadmissible evidence). Mr. Murphy offers testimony on matters that he has no personal knowledge of that consist solely of his own personal opinion. |
| | • Statements regarding what Ailan Liu did or did not do (e.g., ¶¶ 11-13, 15, 17, 26). Mr. Murphy may offer testimony as to what was said in email and telephone correspondence between himself and Ms. Liu. However, he may not offer his personal opinions or speculation as to what Ms. Liu did, did not do, or should have done with respect to the *Summons* and *First Amended Complaint*. Mr. Murphy lacks personal knowledge to testify as to such opinions, and all such testimony is inadmissible. |

| ¶¶ 26-29 | Irrelevant (Fed. R. Evid. 401):  Evidence is relevant only if the fact is of consequence in determining the action.  Mr. Murphy offers testimony on matters that have no consequence in determining whether there is good cause to set aside default.<br><br>• Statements regarding Bitmain Georgia's registrations (e.g., ¶ 26).  Allegations regarding whether Bitmain Georgia has registered with the Wyoming Secretary of State's Office to do business in the State of Wyoming has no bearing on whether good cause exists to set aside Bitmain Georgia's default.  Therefore, this testimony is irrelevant.<br><br>• Statements quoting the Video (e.g., ¶¶ 27-29).  As discussed further in Section C below, the statements quoting the Video do not have any bearing on determining whether good cause exists to set aside Bitmain Georgia's default.  The Video is offered to prove that Bitmain Georgia interfered with BCB's relationship with MineOne, but on a motion to set aside default such facts are irrelevant because Bitmain Georgia's "version of the facts and circumstances supporting [its] defense [must] be deemed to be true." *BH, Inc. v. Tr. for Univ. of Pa.*, 2009 WL 10671355, at *3 (D. Wyo. Feb. 27, 2009). |

**B.     Bitmain Georgia's Objections to the Declaration of Sean P. Murphy (Dkt. No. 95-2)**

| Paragraph(s) and Exhibits Objected To | Objection |
|---|---|
| ¶¶ 18, 19-26, 28-32, 38-43, 45, 48, 52-54, 57, 59, 61, 62, 67, 73-75; Exhibits A-F | Lack of Personal Knowledge (Fed. R. Evid. 602) / Improper Personal Opinion (Fed. R. Evid. 701):  A witness may only testify to matters that the witness has personal knowledge of and that are rationally based on the witness's perception.  *See, e.g., Gross*, 53 F.3d at 1544 (opinions not based on personal knowledge are inadmissible evidence).  Sean P. Murphy offers testimony on matters that he has no personal knowledge of.<br><br>• Statements regarding MineOne and Bitmain's knowledge or intentions (e.g., ¶¶ 19, 29):  Mr. Murphy is a site administrator for BCB.  He has never been employed by MineOne, Bitmain Georgia, or any other Bitmain Georgia |

|  | affiliated company.  Therefore, absent a direct interaction between Mr. Murphy and MineOne or Bitmain as to a particular subject matter, he has no personal knowledge of the knowledge or intentions of MineOne or Bitmain and cannot testify as to what MineOne knew or the reasons Bitmain chose to remain private.  All such testimony is speculative and inadmissible.<br><br>• Statements regarding Bitmain's business and operations (e.g., ¶¶ 20-26, 28-32, 38-43, 45, 48, 54, 59, 67, 74, 75): Because Mr. Murphy has never been employed by Bitmain Georgia or any other Bitmain Georgia affiliated company, he has no personal knowledge as to the value of Bitmain, the history of Bitmain's founding, Bitmain's initial public offering, Bitmain's ownership and corporate structure, Bitmain's sales, or Bitmain Georgia's operations or revenues.  All such testimony is speculative and inadmissible.  To the extent such testimony is based on outside websites and articles, such testimony is inadmissible hearsay.  Fed. R. Evid. 801.  The websites and articles themselves are also inadmissible hearsay and are inadmissible on the additional ground that they were not properly authenticated.  Fed. R. Evid. 901(a).  Further, Mr. Murphy has not properly authenticated any of the exhibits attached to his declaration.<br><br>• Statements regarding Keesal, Young & Logan ("KYL") and Ailan Liu's role and responsibilities (e.g., ¶¶ 40, 52, 53, 57, 61, 62, 73):  Mr. Murphy has never been employed by KYL, nor does he have any regular business dealings or relationship with Ms. Liu.  Therefore, Mr. Murphy has no personal knowledge as to KYL's role in Bitmain operations, Ms. Liu's role in Bitmain's operations, the work Ms. Liu performs, the documents Ms. Liu has "personally filed," or the amount of legal matters Ms. Liu handles.  All such testimony is speculative and inadmissible. |
|---|---|
| ¶¶ 10-15, 18, 20-47, 49-51, 60, 65, 68-72, 74, 75, 85-99 | <u>Irrelevant (Fed. R. Evid. 401)</u>:  Evidence is relevant only if the fact is of consequence in determining the action.  Mr. Murphy offers testimony on matters that have no consequence in determining whether there is good cause to set aside default. |

| | |
|---|---|
| | • Statements regarding MineOne's actions (e.g., ¶¶ 10-14): Allegations relating to MineOne's withholding of payment and the type of car a MineOne employee drives have no bearing on determining whether good cause exists to set aside Bitmain Georgia's default. Accordingly, such testimony is inadmissible.<br><br>• Statements regarding Bitmain's valuation, corporate structure, sales, revenue, and registrations (e.g., ¶¶ 20-47, 49-51, 60, 65, 68-72, 74, 75): Not only does Mr. Murphy lack personal knowledge as to these allegations, but also the allegations regarding Bitmain's valuation, corporate structure, sales, revenue, and foreign registration statements have no bearing on determining whether good cause exists to set aside Bitmain Georgia's default. Accordingly, such testimony is inadmissible.<br><br>• Statements regarding Bitmain Georgia's Service Framework Agreement (e.g., ¶¶ 85-99). Mr. Murphy's argumentative rhetoric that Bitmain Georgia "misrepresent[ed]" the Service Framework Agreement is irrelevant. Such statements attack the meritorious defenses presented by Bitmain Georgia, but on a motion to set aside default such facts are irrelevant because Bitmain Georgia's "version of the facts and circumstances supporting [its] defense [must] be deemed to be true." *BH, Inc.*, 2009 WL 10671355, at *3. |
| ¶¶ 4-7, 13, 14, 29, 32, 33, 42, 53, 55, 56, 57, 58, 63-66, 72, 76-84, 98, 99 | **Argumentative:** Statements in a declaration that consist of argumentative rhetoric and non-factual argumentative statements about the case are not admissible. *See, e.g., Hatch*, 2009 WL 82699, at *1 (finding no abuse of discretion where district court struck entire declaration consisting of argumentative rhetoric and conclusory statements); *Cook*, 121 Fed. Appx. at 331 (affidavits consisting of conclusory allegations that express opinion rather than fact are inadmissible evidence); *Beckner*, 797 F. Supp. at 855 n.2 (D. Colo. 1992) (finding affidavit improper that contained a number of non-factual, argumentative statements about the case).<br><br>Mr. Murphy's declaration contains numerous statements that offer no factual evidence and consist solely of argumentative rhetoric (e.g., ¶ 6 ("This Disclosure also provides factual information and evidence to show Bitmain representatives are |

| | |
|---|---|
| | willing to misrepresent material facts to hide what they are and what they have done."); ¶ 64 ("Ms. Liu is culpable and failing her duties as Bitmain Georgia's corporate counsel.")) or suggestive questions (e.g., ¶ 80 "Why didn't Ms. Liu take the proper action when she received the *Summons* and *First Amended Complaint*?")).  These statements and questions are not factual evidence and are improper and inadmissible. |
| ¶¶ 16, 17, 21, 27, 44, 47, 49 | Inadmissible Hearsay (Fed. R. Evid. 801):  Out-of-court statements that are offered to prove the truth of the matter asserted are inadmissible hearsay absent an exception.  Mr. Murphy offers testimony that is inadmissible hearsay. <br><br> • Haku Du and Michael Murphy's statements (e.g., ¶¶ 16, 17):  Mr. Murphy offers out-of-court, unsworn statements by Haku Du and Michael Murphy, neither of which is a representative of Bitmain Georgia, to prove that MineOne and Bitmain Georgia entered into an agreement together.  This is inadmissible hearsay. <br><br> • Statements from internet websites (e.g., ¶¶ 21, 27, 44, 47, 49):  Mr. Murphy offers statements from various internet websites to prove the net worth of Bitmain's founders, the valuation of Bitmain, the volume of equipment Bitmain is shipping to the United States, and Bitmain's sales of mining equipment.  All of these statements are inadmissible hearsay.  The websites and articles themselves are also inadmissible hearsay and are inadmissible on the additional ground that they were not properly authenticated.  Fed. R. Evid. 901(a). <br><br> • All of these statements are also inadmissible opinions. *See, e.g.*, *Gross*, 53 F.3d at 1544 (opinions not based on personal knowledge are inadmissible evidence). |

**C.    Bitmain Georgia's Objections To the Video Recording of March 7, 2023 Meeting**

Bitmain Georgia objects to the Video Recording of 3/7/2023 Meeting (the "Video")

submitted as an exhibit to BCB's *Opposition to Bitmain Georgia's Motion to Set Aside Default* on

the grounds that it has not been properly authenticated, is irrelevant, and consists of inadmissible hearsay.

Lack of Authentication. Pursuant to Rule 901(a) of the Federal Rules of Evidence, to "satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Neither Patrick J. Murphy nor Sean P. Murphy, the only persons for whom BCB submitted affidavits, attests to the Video as being a true and correct recording of the March 7, 2023 call between Dr. Jiaming Li (MineOne), Dr. Erick Rengifo (MineOne), Michael Murphy (BCB), and Emory Patterson (BCB). Nor would Patrick J. Murphy or Sean P. Murphy have knowledge as to whether the Video is a true and correct recording of the March 7, 2023 call because neither of them was purportedly in attendance. Accordingly, the Video has not been properly authenticated.

Inadmissible Hearsay. Pursuant to Rule 801(c) of the Federal Rules of Evidence, out-of-court statements that are offered to prove the truth of the matter asserted are inadmissible hearsay absent an exception. BCB is offering alleged out-of-court, unsworn statements of Dr. Jiaming Li, Dr. Erick Rengivo, Michael Murphy, and Emory Patterson, none of whom are representatives of Bitmain Georgia, to prove the facts stated therein. This is inadmissible hearsay.

Irrelevant. Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." The matter at hand is whether good cause exists to set aside Bitmain Georgia's default. The Video is of no consequence in determining whether or not good cause exists to set aside default. The Video is offered to prove that Bitmain Georgia interfered with BCB's relationship with MineOne, but on a motion to set aside default, such facts are irrelevant because Bitmain Georgia's "version of the facts and circumstances

supporting [its] defense [must] be deemed to be true." *BH, Inc.*, 2009 WL 10671355, at *3.

Therefore, the Video is irrelevant.

Dated:  28 December 2023.

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant

BY: _____

**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

### CERTIFICATE OF SERVICE

I certify the foregoing *Objections to Plaintiff BCB Cheyenne LLC's Evidence Offered in Support of its Opposition to Motion to Set Aside Default* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 28 December 2023, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants MineOne Wyoming Data
Center LLC, MineOne Partners LLC, Terra Crypto
Inc., Bit Origin Ltd, Sonichash LLC*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia