**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79J |

## *MOTION TO STRIKE PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT*

Defendant Bitmain Technologies Georgia Limited (hereinafter "Bitmain Georgia"), by and

through undersigned counsel, moves the Court for an order striking *Plaintiff's Response*

*Memorandum in Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set*

*Aside the Entry of Default* ("*Plaintiff's Opposition Memorandum*"). In the alternative, Bitmain Georgia requests that the Court consider only the first 10 pages of *Plaintiff's Opposition Memorandum*.

## I.   BACKGROUND

On December 13, 2023, Bitmain Georgia filed a *Motion to Set Aside Entry of Default Against Defendant Bitmain Technologies Georgia Limited* and an accompanying memorandum in support thereof ("*Bitmain Georgia's Memorandum*"). Dkt. No. 82. Without counting the caption page, which did not contain any substantive text, *Bitmain Georgia's Memorandum* contained 10 pages of substantive content.

On December 21, 2023, Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain filed *Plaintiff's Opposition Memorandum*. Dkt. No. 95. Without counting the caption page, *Plaintiff's Opposition Memorandum* contained 24 pages of substantive content.

Bitmain Georgia has complied with Local Rule 7.1(b)(1)(A) and has conferred with Plaintiff's counsel by emails on December 26 and 27 and in a conference with Magistrate Judge Rankin on December 27. Both parties expressed their interpretation of the Local Rules and the basis for their understanding. Plaintiff opposes this Motion.

## II.   ARGUMENT

*Plaintiff's Opposition Memorandum* far exceeds the page limit mandated by the U.S. District Court for the District of Wyoming's Local Civil Rules. Local Rule 7.1(b)(1)(C) states, in relevant part, that "[b]riefs in support of and in opposition to all non-dispositive motions are limited to a maximum of ten (10) pages. Motions seeking permission to file briefs in excess of ten (10) pages will be granted only when complex or numerous legal issues justify such relief." Local Rule 7.1(A) states that "any motion not listed in Local Rule 72.1(c) is a non-dispositive motion." Local

Rule 72.1(c) in turn identifies seven "Pretrial Dispositive Motions," but does not include motions

for review of entries of default.[1]

Although the Wyoming U.S. District Court does not appear to have addressed the issue,

other courts in the Tenth Circuit have concluded that motions to set aside entry of default are non-

dispositive. In *Goodwin v. Hatch*, 2018 U.S. Dist. LEXIS 119914 (D. Colo. 2018), the court stated:

> A motion to set aside a clerk's entry of default is ***not*** a dispositive motion. . . . ***A***
> ***motion to set aside a Clerk's entry of default*** (as opposed to grant or set aside a
> default judgment) ***is considered a non-dispositive motion that a Magistrate Judge***
> ***can decide directly*** under 28 U.S.C. § 636(b)(1)(A), rather than addressing by
> Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See J & J Sports*
> *Prods., Inc. v. Martinez*, 2013 U.S. Dist. LEXIS 69901, 2013 WL 2147790, at *1,
> n.2 (M.D.N.C. 2013) ("The entry of default (and thus the decision to set aside or to
> leave in effect such an entry) constitutes a pretrial matter that does not dispose of
> any claim or defense; as a result, courts have treated motions of this sort as subject
> to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)," citing *Bailey*
> *v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002)); *Pinkston v. Atlanta Reg'l*
> *Comm'n*, 2007 U.S. Dist. LEXIS 87045, 2007 WL 4224814, at *2 (N.D. Ga.
> 2007) (Magistrate Judge's "decision to set aside the clerk's entry of default was not
> dispositive or potentially dispositive, because no judgment had been
> entered"); *Minnesota Life Ins. Co. v. Caradine*, 2014 U.S. Dist. LEXIS 91660, 2014
> WL 2938342, at *2, n.5 (N.D. Iowa 2014) ("A magistrate judge is authorized to
> determine all non-dispositive pretrial motions, including a motion to set aside an
> entry of default.").

*Id.* at *11-12 (emphasis in original).

This holding is consistent with the Wyoming U.S. District Court's Local Rules. Motions

regarding entries of default are not listed as dispositive, because questions regarding entries of

default do not dispose of any claims and are themselves non-dispositive. Had a default judgment

been entered, the analysis would be different, but that is not the circumstances here. Instead, the

Local Rules limit *Plaintiff's Opposition Memorandum*—briefing in opposition to a non-dispositive

motion—to 10 pages.

---

[1] Local Rule 72.1(c) does list "(7) motions for review of default judgment[.]"  However, as set forth herein, entries of default and default judgment are different.

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 3 –

Because Plaintiff has exceeded the 10-page limit of the Local Rules, the Court is entitled to strike *Plaintiff's Opposition Memorandum* or to refuse to consider any part of the response that exceeds the 10-page limit. In *MK Int'l, LLC v. Crown Prod. & Servs., Inc.*, No. 17-CV-00173-ABJ, 2019 WL 7842549, at *3 (D. Wyo. Jan. 8, 2019), *aff'd*, 812 F. App'x 740 (10th Cir. 2020), this Court struck an exhibit to a summary judgment brief for violation of the local rules. In that case, the plaintiff had submitted a 52-page summary judgment brief, which the Court rejected for failure to comply with the Local Rules. The plaintiff subsequently attached the 52-page brief to its subsequent brief, presumably in an attempt to circumvent the page limits. In response, the Court struck the attachment, stating, the "Court is concerned about Plaintiff's attempt to bypass the Court's rejection of its earlier brief by attaching it as an exhibit to this current motion. As a result, the Court finds that Exhibit 1 not only fails to qualify as previously unavailable new evidence, but that it should be struck." *See also Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan For Employees*, No. CIV.A08CV00563WYDKMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) (not reported) ("[T]he Tenth Circuit has indicated that the court has discretion to strike materials that are in non-compliance with the Local Rules.").

Here, Plaintiff not only failed to seek permission to file an overlong brief but also had no need to file an overlong brief. Plaintiff has filled its brief with unfounded and inadmissible assertions that are wholly irrelevant to the straightforward issue presented by the Motion to Set Aside Entry of Default. Even after Bitmain Georgia offered Plaintiff the opportunity to re-file its brief and reduce the length, Plaintiff refused. The Court should therefore strike Plaintiff's response on the ground that it is in non-compliance with the local rules.

In the alternative, the Court should refuse to consider anything in *Plaintiff's Opposition Memorandum* beyond the 10-page limit set forth in the Local Rules. *See DePatco Inc. v. Ground*

*Eng'g Consultants, Inc.*, No. 17-CV-082-SWS, 2018 WL 10399335 (D. Wyo. Dec. 3, 2018) (refusing to consider "any portion of this combined response that exceeds the twenty-five page limit"). If the Court declines to strike Plaintiff's response in full, it should instead refuse to consider any portions of the response that exceeds 10 pages.

## III.   CONCLUSION

For these reasons, Defendant Bitmain Georgia moves the Court for an order striking *Plaintiff's Opposition Memorandum*, or in the alternative, an order refusing to consider any portion exceeding 10 pages.

Dated: 28 December 2023.

<div style="margin-left: 40%;">

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant

BY:

**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

</div>

### CERTIFICATE OF SERVICE

I certify the foregoing *Motion to Strike Plaintiff's Response Memorandum in Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set Aside the Entry of Default* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 28 December 2023, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia