Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 23CV-79-SWS |
| v. | ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPNAY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT BITMAIN GEORGIA'S MOTION TO STRIKE PLAINTIFF'S RESPONSE AND OPPOSITION TO BITMAIN GEORGIA'S MOTION TO SET ASIDE THE DEFAULT

*"As one makes one's bed, so one finds it."*

- French Proverb

1

Bitmain Technologies Georgia Limited ("Bitmain Georgia") filed its Motion to Strike BCB's December 21, 2023 Response (Doc. 99), arguing that its 24 pages violated the Local Rules for length of briefing for a "non-dispositive" motion. BCB opposes this motion, and respectfully asks the Court to allow BCB's 24-page Response to stand as filed.

A.   **Plaintiff's Counsel Did Not Violate the Local Rule.  Other Courts Consider a Motion to Set Aside a Default a "Dispositive" Motion.**

Bitmain Georgia correctly concedes that our Wyoming federal district court has never ruled, or expressly stated, whether a motion to set aside a Clerk's default is a dispositive or non-dispositive motion (for purposes of the number of pages parties may use to brief the motion).  And, as we discussed at the informal discovery conference with Magistrate Judge Rankin on December 28, 2023, our Wyoming federal court Article III jurists have always decided motions to set aside a Clerk's entry of default, thus treating such motions as "dispositive" motions.  In my forty-four years practicing in this Court, the Article III jurists have always decided such motions; our federal magistrate judges have not decided a motion to set aside a default.  This is one reason – but not the only reason – Plaintiff submitted its 24-page *Response*.  All Wyoming default cases the Parties cited in their respective memoranda were decided by our district's Article III judges.

Moreover, there is no binding, clear or express decision from the Tenth Circuit Court of Appeals as to whether a motion to set aside a clerk's default is a "dispositive" or "non-dispositive" motion.  BCB acknowledges the ruling and rationale from the Colorado federal district court on this issue in *Goodwin v. Hatch*, 2018 WL 3454972 (decided July 18, 2018) (D. Colo. 2018) ("A motion to set aside a clerk's entry of default is not a dispositive motion").  But different federal courts view this question differently:  some say it is a dispositive motion, others, like *Goodwin*, conclude it is a non-dispositive motion.

> "The Court realizes that other federal courts have considered a Rule 55(c) motion as a dispositive motion, thereby requiring the district court to apply the de novo standard

of review. *See, e.g., Sharp v. Maricopa County*, 08-2316, 2009 U.S. Dist. LEXIS 116738, at *1-2, 2009 WL 4826995 (D. Ariz. Dec. 15, 2009); *See also Connetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 73 (1st Cir. 2001) ("It is not clear whether the Rule 55(c) motion to vacate the default could be regarded as a 'pretrial' motion; linguistic and policy arguments can be made either way, . . . and there is no case law on point") (citation omitted).

*L&M Companies, Inc. v. Biggers III Produce, Inc.,* 2010 WL 1439411, n. 3 (April 9, 2010) (W.D. No. Car. 2010).

There is a compelling reason our Wyoming federal court jurists have always considered and treated motions to set aside defaults as dispositive motions: because a default forecloses the defaulted defendant's ability to raise defenses to its liability, including the inability to rely on any affirmative defenses, Wyoming federal court jurists correctly treat Rule 55(c) motions as dispositive motions and they correctly allow parties the full allowance of a 25-page response/briefing to such motions. BCB did not violate any Local Rule when it submitted its 24-page Response (Doc. 95). BCB's counsel, Patrick Murphy, was not required to comply with Bitmain Georgia's meet-and-confer request that BCB withdraw its 24-page Response and file a 10-page replacement Response.

**B.     Even if This is Considered a Non-Dispositive Motion, the Court Has Discretion to Allow Additional Briefing Pages.**

Even if the Court concludes Bitmain Georgia's motion is a non-dispositive motion (with its attendant 10-page briefing limit), the Court has the discretion – and does not abuse its discretion – to allow additional pages of briefing.

In its *Motion to Strike*, Bitmain Georgia cites *Dubrovin v. The Ball Corp. Consol. Welfare Bene. Plan*, 2009 WL 5210498 (decided Dec. 28, 2009) (D. Colo. 2009) for the proposition that, "The Tenth Circuit has indicated that the Court has discretion to strike materials that are in non-compliance with the Local Rules." BCB has no quarrel or quibble with the general proposition. But just as the Court has discretion to disallow offending briefing or materials, it has the same discretion to allow additional briefing. Factually, *Dubrovin* is opposite to our case because, in *Dubrovin*, counsel disregarded the

3

court's earlier order disallowing supplementation of the record with various materials, but counsel thereafter attached them as exhibits to her brief. The court correctly ruled: ". . . Plaintiff clearly knew or should have known that she was precluded from reliance on these materials but chose to ignore the Court orders. Accordingly, I find the motion to strike is proper." *Dubrovin* at *1.

And, as Magistrate Judge Rankin observed at our informal discovery hearing, this Court has historically granted parties leeway with additional briefing pages on motions. *See Wapiti Corporation v. Thorcon Shotcrete and Sharing, LLC,* 2023 WL 4893554 (decided April 11, 2023) (Rankin, Magistrate Judge) at footnote 1:

> Local Rule 7.1(b)(1)(D) limits reply briefs in non-dispositive motions to no more than five pages. The Court notes Plaintiff's Reply filed on April 7, 2023, is twelve pages long in violation of the Local Rules. The Court will nevertheless consider the arguments for purposes of the instant motion.

*And see Riley v. Unified Caring Ass'n,* 2014 WL 12629944, at *4, (decided 11/12/2014) (Rankin, Magistrate Judge) ("Generally, the Court declines to consider anything past the page limit, but, given the nature of this Motion, this Court considered everything Plaintiff included in her [over-length] motion and Reply."

**C.  BCB's Meet and Confer Proposal Was Reasonable and Fair to Both Parties. But Bitmain Georgia Strategically Chose to Reject BCB's Proposal.**

In its December 26 meet-and-conferral, BCB proposed that "the Court allow [BCB's] 25-page Response to 'stand as filed' but that Bitmain Georgia be allowed to file a Reply Brief of 'up to 15 pages' – so that we have equal length briefing." *See* the Parties' 12/26/23 conferral emails, **"Exhibit A."** Then, on our 12/28/23 informal discovery call with Magistrate Judge Rankin, BCB again proposed that the Court allow BCB's *Response* to 'stand, as filed,' but that Bitmain Georgia be granted an extension of time to file its Reply Brief and be granted additional pages of briefing for its Reply Brief. As counsel for BCB, I want the process to be fair for both Parties, and to provide the Court with all the needed facts and analysis. My hope was that Bitmain Georgia would take this offered

court's earlier order disallowing supplementation of the record with various materials, but counsel thereafter attached them as exhibits to her brief. The court correctly ruled: ". . . Plaintiff clearly knew or should have known that she was precluded from reliance on these materials but chose to ignore the Court orders. Accordingly, I find the motion to strike is proper." *Dubrovin* at *1.

And, as Magistrate Judge Rankin observed at our informal discovery hearing, this Court has historically granted parties leeway with additional briefing pages on motions. *See Wapiti Corporation v. Thorcon Shotcrete and Sharing, LLC,* 2023 WL 4893554 (decided April 11, 2023) (Rankin, Magistrate Judge) at footnote 1:

> Local Rule 7.1(b)(1)(D) limits reply briefs in non-dispositive motions to no more than five pages. The Court notes Plaintiff's Reply filed on April 7, 2023, is twelve pages long in violation of the Local Rules. The Court will nevertheless consider the arguments for purposes of the instant motion.

*And see Riley v. Unified Caring Ass'n,* 2014 WL 12629944, at *4, (decided 11/12/2014) (Rankin, Magistrate Judge) ("Generally, the Court declines to consider anything past the page limit, but, given the nature of this Motion, this Court considered everything Plaintiff included in her [over-length] motion and Reply.")

**C.  BCB's Meet and Confer Proposal Was Reasonable and Fair to Both Parties. But Bitmain Georgia Strategically Chose to Reject BCB's Proposal.**

In its December 26 meet-and-conferral, BCB proposed that "the Court allow [BCB's] 25-page Response to 'stand as filed' but that Bitmain Georgia be allowed to file a Reply Brief of 'up to 15 pages' – so that we have equal length briefing." *See* the Parties' 12/26/23 conferral emails, **"Exhibit A."** Then, on our 12/28/23 informal discovery call with Magistrate Judge Rankin, BCB again proposed that the Court allow BCB's *Response* to 'stand, as filed,' but that Bitmain Georgia be granted an extension of time to file its Reply Brief and be granted additional pages of briefing for its Reply Brief. As counsel for BCB, I want the process to be fair for both Parties, and to provide the Court with all the needed facts and analysis. My hope was that Bitmain Georgia would take this offered

opportunity, in its Reply Brief, to address BCB's observations and arguments that: (1) Ailan Liu and Bitmain Georgia *intentionally misrepresented* to Patrick Murphy on November 22, 2023 that Ms. Liu "missed" the email she earlier "downloaded" on October 25, 2023; (2) Ailan Liu's three additional *intentional misrepresentations* to Patrick Murphy on November 22, 2023 that the October 25, 2023 email from Cogency Global, LLC was (*i*) not received by Ms. Liu or her law firm, (*ii*) it did not go to Ms. Liu's inbox, and (*iii*) instead went to a "different folder" when Ms. Liu knew, on November 21, 2023, all of these statements were false, and made in bad faith; (3) the factual circumstances surrounding Ailan Liu "downloading" the *First Amended Complaint* and *Summons* on October 25, 2023, and why she never sent them to anyone with Bitmain Georgia; (4) "a defendant's conduct is considered culpable if he has defaulted willfully, *or has no excuse for the default*" under *Timbers Preserve*, 999 F.2d at 454 (10th Cir. 1993) (emphasis added); (5) that 'fault in the delay' is the "most important factor" in determining whether the defaulted defendant acted culpably or with excusable neglect, *Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004), and Bitmain Georgia's analysis and argument about its and Ailan Liu's 'fault in the delay;' (6) what, if anything, constitutes Bitmain Georgia's lawfully recognized "excuse for the delay;" and (7) what factual rebuttal Bitmain Georgia would provide to BCB's March 7, 2023 recorded call between BCB's Michael Murphy and Emory Patterson with MineOne's Jiaming Li and Erick Rengifo where MineOne admitted that Bitmain Georgia insisted MineOne replace BCB as the site operator with MineOne's own team led by Wiley.

As a matter of strategy, Bitmain Georgia chose not to answer or respond to BCB's concerns and questions above in its shortened *Reply Brief* (Doc. 98). Bitmain Georgia chose, as a defense strategy, to reject BCB/Patrick Murphy's offer of an expanded reply brief, avoid answering or responding to BCB's concerns, questions and arguments above, and instead pursue the formal *Motion to Strike* to preserve an appellate argument that the Court abuses its discretion if it allows BCB to file its 24-page *Response*. Bitmain Georgia is justifiably concerned the Court may affirm the entry of default

because of Bitmain Georgia's culpable conduct, lack of good cause, and bad faith. *See Roe by and through Roe v. Board of Trustees of Teton Cty. Sch. Dist. No. 1*, 2021 WL 7211094 at *2 (filed 3/23/2021) (Skavdahl, J.) ("Considering the above-listed factors, the Court finds there is <u>minimally</u> sufficient good cause shown by Teton County School District to set aside the entry of default in this case … [but] the Court agrees with Plaintiff that Teton County School District's simple statement of affirmative defenses does not set out sufficient facts to persuade this Court its affirmative defenses are meritorious") (underlining in original). Another factor that distinguishes the "minimal" showing of good cause in *Roe* from our case is that, in *Roe*, defense counsel ***truthfully*** "…explain[ed] the inadvertent mistake and breakdown in its communications with its insurance company" to plaintiff's counsel. In our case, Bitmain's attorney and Bitmain ***untruthfully*** told Plaintiff's counsel, Patrick Murphy, that Ms. Liu "missed" the October 25, 2023 email from Cogency Global, that Cogency Global's 10/25/23 email did not go to Ms. Liu's inbox, and that Cogency Global's 10/25/23 email went to a "different folder." These ***intentional false representations*** are bad faith. They were made to persuade Plaintiff's counsel, Patrick Murphy, that BCB should stipulate to vacating the clerk's default. Ailan Liu's false statements to BCB's counsel are imputed to, and binding on, Bitmain Georgia, as they were made within the course of Ms. Liu's legal representation of Bitmain Georgia. Under these circumstances, the Court should never find "good cause" to lift the default, and the Court should not strike BCB's 24-page *Response*.

## **CONCLUSION**

Bitmain Georgia made its own bed: first, with no excuse, it failed to timely file its Answer; second, it intentionally misrepresented the known facts of its counsel's actions and knowledge to persuade BCB's counsel to lift the default; and third, it now seeks to curtail BCB's briefing, asking the Court to strike BCB's 24-page *Response*, seeking to preserve some procedural error for appeal should the Court later affirm this default. BCB asks the Court to deny Bitmain Georgia's *Motion to Strike*.

Respectfully submitted this 2nd day of January, 2024.

            BCB CHEYENNE LLC d/b/a
            BISON BLOCKCHAIN, Plaintiff

By: */s/ Patrick J. Murphy*
   Patrick J. Murphy (WSB No. 5-1779)
   Scott C. Murray (WSB No. 7-4896)
   Williams, Porter, Day & Neville, PC
   159 N Wolcott St. Suite 400
   Casper, WY 82601
   Ph: (307) 265-0700
   pmurphy@wpdn.net
   smurray@wpdn.net

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 2nd day of January 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112 Kari Ann Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | ☐ U.S. Mail (Postage Prepaid)<br>☐ Fax<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF Email |
| Paula Colbath, *Pro Hac Vice* Sarah Levitan Perry, *Pro Hac Vice* Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue<br>New York, NY  10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | ☐ U.S. Mail (Postage Prepaid)<br>☐ Fax<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF Email |

| | |
|---|---|
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | ☐ U.S. Mail (Postage Prepaid)<br>☐ Fax<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF Email |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com | ☐ U.S. Mail (Postage Prepaid)<br>☐ Fax<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF Email |

By: /s/ *Patrick J. Murphy*
    Patrick J. Murphy