# EXHIBIT A

# Patrick Murphy

| | |
|---|---|
| **From:** | Patrick Murphy |
| **Sent:** | Wednesday, December 27, 2023 9:14 AM |
| **To:** | Khale J. Lenhart |
| **Cc:** | Scott C. Murray; Patrick Murphy |
| **Subject:** | Re: BCB Cheyenne v. MineOne et al - confer regarding response to motion to set aside entry of default |

Khale:

Good morning.

I just left you a voice mail message at 9:05 am on your office phone to follow up with you on my suggestion that we reach out to John Conder in Judge Rankin's office early this morning to see if Judge Rankin could find 15 minutes in his schedule today to give us direction on our default briefing.

I don't know if you are in your office today.

Looking forward to hearing from you soon.  The best way to reach me is my cell phone at (307) 262-2872.  But I'm also tracking all emails.

Pat Murphy

> On Dec 26, 2023, at 10:28 PM, Patrick Murphy <pmurphy@wpdn.net> wrote:
>
> Khale:
>
> Thank you for your thoughtful email, cases, and analysis here.  I understand the rationale of these decisions from other jurisdictions.  I also understand the rationale of why Article III federal judges are the jurists who nearly always rule on a motion to set aside a default.
>
> I've been trying to discern what our Wyoming federal court jurists think and do with this "dispositive" v. "non-dispositive" question when it comes to defaults and motions to set defaults aside.
>
> First, I haven't found a Wyoming federal court case where any of our magistrate judges or our Article III federal court judges have expressly decided whether a motion to set aside a clerk's entry of default is a "dispositive" or "non-dispositive" motion.  Perhaps one of our federal court judges has decided this question, but I haven't found such a case.
>
> Second, in Viking Ins. Co. v. Sumner, No. 15-CV-00151, SWS, 2016 WL 10672361, at 1 (D. Wyo. Sept. 16, 2016), aff'd sub nom. Viking Ins. Co. of Wisconsin v. Baize, 753 F. App'x. 549 (10th Cir. 2018), Judge Skavdahl considered the motion to set aside the Clerk's entry of default.  The motion was referred to Magistrate Judge Rankin, but the referral was rescinded.  Judge Skavdahl then denied the motion to set aside the default. This leads me to think that our Wyoming federal court jurists consider a motion to set aside a default a dispositive motion.

1

And I haven't found a Wyoming federal court case where the magistrate judge decided the motion to set aside a clerk's default.  All I'm aware of are cases where our Article III judges decided the motion to set aside the default on the merits.

With this uncertainty, I have a suggestion.  Rather than either of us spending our valuable time and effort briefing a contested motion to strike my 25-page Response, I would prefer we reach out to John Conder early tomorrow morning; shortly explain our question to John, and ask John if we could have a 15-minute informal call with Judge Rankin to get His Honor's guidance and recommendation on this question.  I would agree to abide by whatever Judge Rankin suggests we do.

For example, if Judge Rankin is amenable to the following, I would suggest that the Court allow my 25-page Response to "stand as filed," but that Bitmain Georgia be allowed a Reply Brief of "up to 15 pages" — so that we have equal length briefing.

That seems like a fair resolution of the issue (no matter whether Judge Rankin, or Judge Johnson, later rule on the merits of the motion to set aside the default).  And if you need an extra day to file your 15-page Reply Brief, I would stipulate that you have it, Khale.

If, on the other hand, Judge Rankin wants me to re-file a 10-page Response, and limit Bitmain Georgia to a 5-page Reply, I will abide by His Honor's order.

It matters not to me whether Judge Rankin or Judge Johnson rules on Bitmain Georgia's motion to set aside the default.  But I would like to have the Court tell us what it prefers we do.  That way, we won't be wasting anyone's time and effort with an unneeded motion to strike (along with the uncertainty and time delay such a motion would carry). I would much rather learn, on the front end, how Judge Rankin would like us to handle this briefing length issue.

What do you think of reaching out to John Conder in the morning, Khale?  My cell phone number is (307) 262-2872.  Could you get me on the line at 8:00 am; then join John Conder on the call?

Pat

> On Dec 26, 2023, at 3:57 PM, Khale J. Lenhart <KLenhart@hirstapplegate.com> wrote:
>
> Pat,
>
> Thanks for the quick response.
>
> Probably the easiest explanation is that, where courts have analyzed it, they have found that entries of default and motions to set aside entries of default are not dispositive.   For example, in *Goodwin v. Hatch*, 2018 U.S. Dist. LEXIS 119914 (D. Colo. 2018), the Court said:
>
>> As a district court explained *in Allstate Fire and Casualty Insurance Company v. Novosad*: **A motion to set aside a Clerk's entry of default** (as opposed to grant or set aside a default judgment) **is considered a non-dispositive motion that a Magistrate Judge can decide directly** under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). *See J & J Sports Prods., Inc. v. Martinez*, 2013 U.S. Dist. LEXIS 69901, 2013 WL 2147790, at *1, n.2 (M.D.N.C. 2013) ("The entry of default (and thus the decision to set aside or to leave in effect such an entry) constitutes

2

a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)," citing *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002)); *Pinkston v. Atlanta Reg'l Comm'n*, 2007 U.S. Dist. LEXIS 87045, 2007 WL 4224814, at *2 (N.D. Ga. 2007) (Magistrate Judge's "decision to set aside the clerk's entry of default was not dispositive or potentially dispositive, because no judgment had been entered"); *Minnesota Life Ins. Co. v. Caradine*, 2014 U.S. Dist. LEXIS 91660, 2014 WL 2938342, at *2, n.5 (N.D. Iowa 2014) ("A magistrate judge is authorized to determine all non-dispositive pretrial motions, including a motion to set aside an entry of default.").

No. 16-12481, 2016 U.S. Dist. LEXIS 134260, 2016 WL 5430191, *1 n.2 (E.D. Mich. Sept. 29, 2016) (emphasis added).

This analysis fits with the local rules, which, in Rule 7.1(b)(1)(A), specifically points to Rule 72.1(c) as the list of motions that are considered dispositive. That list includes consideration of default judgments, but not entries of default. If you look at the language in *Goodwin*, it also distringuishes between the two. In short, the rules and case law are pretty direct in saying consideration of whether to set aside an entry of default is not a dispositive motion, while consideration of whether to set aside a default judgment is.

Hope that helps.

*Khale J. Lenhart* (Bio)
Hirst Applegate, LLP
1720 Carey Ave., Suite 400
• P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: 307/632-0541 • Fax: 307/632-4999
Email: klenhart@hirstapplegate.com
<image001.jpg>
CONFIDENTIALITY NOTICE:  The information contained in this transmission is attorney/client privileged or is otherwise confidential and intended only for the person named above. If you are not the intended recipient, you are hereby notified that any examination, use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please permanently delete it and immediately notify the sender at the telephone number noted above.

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Tuesday, December 26, 2023 12:05 PM
**To:** Khale J. Lenhart <KLenhart@hirstapplegate.com>
**Cc:** Scott C. Murray <smurray@wpdn.net>; Patrick Murphy <pmurphy@wpdn.net>
**Subject:** Re: BCB Cheyenne v. MineOne et al - confer regarding response to motion to set aside entry of default

CAUTION: This email originated from outside Hirst Applegate. Do not click links or open attachments unless you recognize the sender and know the content is safe. If you have any doubts, forward the email as an attachment to kkranz@hirstapplegate.com.

Khale:

3

For sure I felt (and still feel) that a Response to a motion to Set Aside a Default is treated as a dispositive motion. And that's how we briefed it.

Such default motions are always decided by the Article III judge (Judge Johnson), and not by the magistrate judge. That's another reason I've always felt that such default motions are deemed to be dispositive motions, not non-dispositive motions.

Moreover, I have always likened a motion to set aside a default as akin to a motion for partial summary judgment. Why? Because it forever resolves the defaulted defendant's ability to challenge the Plaintiff's well-plead facts.

But I am eager to understand the basis for your belief that it is treated as a non-dispositive notion, Khale. I want to further consider your position after you provide me your reasoning and support. I will remain engaged all day should you be able to provide me with your support this afternoon. I want to do the right thing here.

Pat

> On Dec 26, 2023, at 11:53 AM, Khale J. Lenhart <KLenhart@hirstapplegate.com> wrote:
>
> Pat and Scott,
>
> We saw your response on our motion to set aside the entry of default. We are preparing a response, but we also noted that this is a non-dispositive motion and your response far exceeded the 10 page response limit under Local Rule 7.1(b)(1)(C). Unless you voluntarily withdraw it and refile something within the page limit, we intend to file a motion to strike. Given the requirement in Rule 7.1 that we confer, we wanted to reach out and see if we could reach an agreement to have you replace your filing with something within the page limit. Please let us know.
>
> *Khale J. Lenhart* (Bio)
> Hirst Applegate, LLP
> 1720 Carey Ave., Suite 400 • P.O. Box 1083
> Cheyenne, WY 82003-1083
> Phone: 307/632-0541 • Fax: 307/632-4999
> Email: klenhart@hirstapplegate.com
> <image001.jpg>
> CONFIDENTIALITY NOTICE: The information contained in this transmission is attorney/client privileged or is otherwise confidential and intended only for the person named above. If you are not the intended recipient, you are hereby notified that any examination, use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please permanently delete it and immediately notify the sender at the telephone number noted above.

4