**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

**MARC FEINSTEIN (*pro hac vice*)**
**WILLIAM PAO (*pro hac vice*)**
O'Melveny & Myers
400 South Hope Street
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com
wpao@omm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } } } | |
| Defendants. | } } } | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO BITMAIN GEORGIA'S MOTION TO STRIKE PLAINTIFF'S RESPONSE

HIRST APPLEGATE, LLP
LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

Defendant Bitmain Technologies Georgia Limited (hereinafter "Bitmain Georgia") replies to *Plaintiff's Response to Defendant Bitmain Georgia's Motion to Strike Plaintiff's Response* ("*Plaintiff's Response*") as follows:

## I.     THE U.S.D.C. LOCAL RULES HAVE THE FORCE AND EFFECT OF LAW.

Plaintiff argues that motions to set aside entry of default are dispositive because the Wyoming District Court has never explicitly ruled that such motions are non-dispositive and, in Plaintiff's counsel's experience, local practice treats such motions as dispositive. Plaintiff's arguments fail to address the clear, plain language in the local rules. As set forth in Bitmain Georgia's *Motion to Strike Plaintiff's Response Memorandum In Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set Aside Entry of Default* ("*Motion to Strike*"), the U.S. District Court for the District of Wyoming's Local Civil Rules, Rules 7.1(A) and 72.1(c), clearly list what constitutes a dispositive motion. Motions to set aside entry of default are not included. As such, Plaintiff is bound by the Local Rules' page limits on non-dispositive motions.

Not only is Plaintiff bound by those rules, but also Bitmain Georgia is entitled to rely on them. As the Tenth Circuit has held:

> Rules of Practice adopted by the United States District Courts … have the force and effect of law, and are binding on the parties and the court which promulgated them until they are changed in the appropriate manner…. A litigant has the right to rely upon the local rules, as the parties and court are bound by them.

*Woods Constr. Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890-91 (10th Cir. 1964) (citing *Weil v. Neary*, 278 U.S. 160, 49 S. Ct. 144 (1929)).

What Plaintiff believes based on its counsel's previous experience is irrelevant, particularly where, as here, the Local Rules provide a definitive answer as to how long briefing on a motion to set aside entry of default may be. The Local Rules have the force and effect of law, and Plaintiff's

overlong brief violated those rules. Plaintiff's brief should therefore be stricken, or in the alternative, the Court should decline to consider any of the briefing beyond the tenth page.

## II.   THE COURT HAS DISCRETION OVER HOW TO APPLY ITS RULES BUT SHOULD DECLINE TO EXCUSE PLAINTIFF'S VIOLATION.

Plaintiff also notes that the Court has previously exercised discretion to consider overlong briefs. While courts have discretion in applying local rules, such discretion is not automatic in favor of rule violations. If it were, it would render rules meaningless. This Court's typical practice is actually described in *Plaintiff's Response*: "Generally, the Court declines to consider anything past the page limit[.]" *Riley v. Unified Caring Ass'n*, 2014 WL 12629944 at *4 (D. Wyo. 2014 (Magistrate Judge Rankin).

In this instance, the Court should decline to excuse Plaintiff's violation of the Local Rules. Plaintiff's response brief was not slightly overlong; it was over twice the permitted length and contained a great deal of inadmissible and irrelevant factual assertions. In addition, even after Bitmain Georgia's counsel offered Plaintiff the opportunity to re-file, Plaintiff refused. The Court should thus enforce the Local Rules and either strike Plaintiff's overlong motion or decline to consider anything in the brief beyond the tenth page.

## III.   BITMAIN GEORGIA HAD NO OBLIGATION TO CONSENT TO PLAINTIFF'S VIOLATION OF THE RULES

Plaintiff appears to argue that Bitmain Georgia improperly refused to excuse its violation of the Local Rules. However, Bitmain Georgia has no obligation to consent to Plaintiff's violation of the rules. As set forth above, Bitmain Georgia is entitled to rely on the Local Rules as binding on the parties. Thus, Bitmain Georgia was within its right to reject Plaintiff's request that it consent to Plaintiff's overlong brief, and the Court should afford no weight to Plaintiff's argument to the contrary.

## IV.    PLAINTIFF IMPROPERLY TREATS ITS RESPONSE AS A SURREPLY.

Lastly, Plaintiff spends the final two pages of its five page brief responding to Bitmain Georgia's *Reply in Support of Motion to Set Aside Entry of Default* ("*Reply*"), not the *Motion to Strike*. These final two pages restate the arguments asserted in *Plaintiff's Response Memorandum in Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set Aside Entry of Default*, cite extensively to cases and law regarding the standards governing setting aside entries of default, and dispute the merits of the evidence proffered by Bitmain Georgia in its motion to set aside. Plaintiff is improperly treating this briefing as a surreply, and the Court should disregard these statements. None of these arguments by Plaintiff have any bearing on whether the Court should strike or otherwise disregard its overlong brief.

## V.    CONCLUSION.

For the reasons set forth above and in Bitmain Georgia's *Motion to Strike*, Bitmain Georgia requests that the Court strike Plaintiff's overlong brief or, in the alternative, decline to consider anything beyond the first ten pages contained in the brief.

Dated:  4 January 2024.

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Defendant


BY: s/Khale J. Lenhart
　　　**KHALE J. LENHART, #7-4693**
　　　**TYSON R. WOODFORD, #8-6650**
　　　OF HIRST APPLEGATE, LLP
　　　Attorneys for Defendant Bitmain Georgia
　　　P. O. Box 1083
　　　Cheyenne, WY 82003-1083
　　　Phone: (307) 632-0541
　　　Fax: (307) 632-4999
　　　klenhart@hirstapplegate.com
　　　twoodford@hirstapplegate.com

　　　　　and for

**MARC FEINSTEIN (*pro hac vice*)**
**WILLIAM PAO (*pro hac vice*)**
O'Melveny & Myers
400 South Hope Street
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com
wpao@omm.com

### *CERTIFICATE OF SERVICE*

I certify the foregoing ***Defendant's Reply to Plaintiff's Response to Bitmain Georgia's Motion to Strike Plaintiff's Response*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 4 January 2024, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

*Attorneys for Plaintiff*

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

s/ Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia