

**FILED**

10:38 am, 1/10/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

BCB CHEYENNE LLC d/b/a/ BISON
BLOCKCHAIN, a Wyoming limited
liability company,

        Plaintiff,

  v.

MINEONE WYOMING DATA
CENTER, LLC, a Delaware limited
liability company; MINEONE
PARTNERS LLC, a Delaware limited
liability company; TERRA CRYPTO
INC., a Delaware corporation; BIT
ORIGIN, LTD, a Cayman Islands
company; SONICHASH LLC, a Delaware
limited liability company; BITMAIN
TECHNOLOGIES GEORGIA LIMITED,
a Georgia corporation; and JOHN DOES
1-18, related persons and companies who
control or direct some or all of the named
Defendants,

        Defendants.

Case No.  23-CV-79-ABJ

---

### ORDER SETTING ASIDE DEFAULT AGAINST DEFENDANT BITMAIN TECHNOLOGIES GEORGIA LIMITED

THIS MATTER comes before the Court following Defendant Bitmain

Technologies Georgia Limited's ("Bitmain Georgia") *Motion to Set Aside Entry of Default*

*Against Defendant Bitmain Technologies Georgia Limited* ("*Motion to Set Aside Entry of*

*Default*") filed on December 13, 2023. ECF No. 81. Plaintiff, BCB Cheyenne LLC d/b/a

Bison Blockchain ("Plaintiff"), filed an *Application for the Clerk's Entry of Default* against Defendant Bitmain Georgia on November 16, 2023, requesting that that the Clerk of Court enter default against Defendant Bitmain Georgia. ECF No. 68. Within its filing, Plaintiff included evidence regarding the service of Plaintiff's *First Amended Complaint* and *Summons* to Defendant Bitmain Georgia on October 25, 2023. ECF No. 68.

Finding that Defendant had missed its answer deadline of November 15, 2023 and failed to appear or respond, the Court determined that Defendant had "failed to plead or otherwise defend[.]" *See* Fed. R. Civ. P. 55(a);[1] ECF No. 69. Given that Defendant, Bitmain Georgia, was in default for its failure to plead or otherwise defend, pursuant to Fed. R. Civ. P. 55(a), the Court issued *Clerk's Entry of Default Against Defendant Bitmain Technologies Georgia Limited* on November 17, 2023. ECF No. 69. On December 13, 2023, Defendant Bitmain Georgia filed its *Motion to Set Aside Entry of Default*, which Plaintiff responded to on December 21, 2023. ECF No. 81; ECF No. 94. Defendant replied on December 28, 2023. ECF No. 98.

Defendant Bitmain Georgia subsequently filed a *Motion to Strike Plaintiff's Response Memorandum in Opposition to Defendant Bitmain Technologies Georgia Limited's Motion to Set Aside the Entry of Default* ("*Motion to Strike*") on December 28, 2023. ECF No. 99. Bitmain Georgia argued that Plaintiff's *Response Memorandum* violated the page limit for non-dispositive motions as mandated by the United States

[1] "(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

District Court for the District of Wyoming's Local Rule 7.1(b)(1)(C). *Id.* at 2. Plaintiff responded in opposition on January 2, 2024, and Defendant replied on January 5, 2024. ECF No. 100; ECF No. 102.

For the foregoing reasons, the Court finds Defendant's *Motion to Set Aside Entry of Default* (ECF No. 81) should be **GRANTED** and the *Entry of Default* (ECF No. 69) against Defendant should be **VACATED**. The Court also finds that given the grant of Defendant's *Motion to Set Aside Entry of Default*, Defendant's *Motion to Strike* (ECF No. 99) is **MOOT**.

### STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the [district court] clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under federal law, Rule 55(c) allows a district court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Because courts favor the resolution of legal claims on the merits, courts construe "good cause" liberally[2] to avoid disposition by default. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) ("Default judgments are not favored by courts."). Thus, the decision to set aside an entry of default rests within the discretion of the district court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

---

[2] The good cause required under Rule 55(c) to set aside entry of default poses a lesser standard for the defaulting party than the excusable neglect standard which must be shown for relief from judgment under Rule 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

"The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646 at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).; *see also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."). "A court need not consider all of the [above] factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

## ANALYSIS

Applying the above factors to this case, the Court concludes that Defendants have demonstrated good cause to set aside the clerk's entry of default.

### I.   This Court May Set Aside an Entry of Default for "Good Cause"

Federal Rule of Civil Procedure 55(c) states a "court may set aside an *entry of default* for *good cause*, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c) (emphasis added). Relying in part upon state procedural[3] law, Plaintiff incorrectly asserts the relevant standard for setting aside entry of default under Federal Rule of Civil Procedure 55(c) is excusable neglect—the applicable standard for relief from

---

[3] In diversity cases such as this, federal courts apply state substantive law and federal procedural law. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).

4

default judgment under Federal Rule of Civil Procedure 60(b). ECF No. 95 at 5. Whether the Court should apply the legal standard of Rule 55(c) or Rule 60(b) depends on the nature of the judgment. On November 17, 2023, the Clerk of the District Court filed an *Entry of Default* against Bitmain Georgia pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 69. An entry of default under Rule 55(a) is not synonymous with an entry of default judgment under Rule 55(b). To be sure, the Tenth Circuit has acknowledged the entry of default and the entry of a judgment by default as two separate processes under the Federal Rules of Civil Procedure. *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995). First, a party seeking a default judgment must request an entry of default from the clerk of court under Federal Rule of Civil Procedure 55(a). Fed. R. Civ. P. 55(a). After entry of default, a party may seek default judgment pursuant to Federal Rule of Civil Procedure 55(b). Fed. R. Civ. P. 55(b).

Plaintiff requested the Clerk of the District Court to enter default against Defendant Bitmain Georgia pursuant to Rule 55(a). ECF No. 68 at 1. The Clerk of the District Court entered default, completing only the first step in the process for entry of default judgment under the Federal Rules of Civil Procedure. ECF No. 69. Therefore, the applicable standard in determining whether to vacate the entry of default is the "good cause" evaluation under Rule 55(c). As both parties articulate, "the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6

5

(10th Cir. 1997)). The Court will consider the pending motion under the consideration of good cause, as prescribed by Federal Rule of Civil Procedure 55(a).

## II.  Defendant's Conduct Did Not Lead to the Default

The Court first must evaluate Defendant's conduct. With respect to the first factor, whether the default was caused by defendants' culpable conduct, the Defendant concedes that their failure to file a timely answer was the result of error by corporate counsel, who failed to forward the *Summons* and *First Amended Complaint* to Defendant Bitmain Georgia. ECF No. 82 at 3–4. Nevertheless, Defendant asserts that their conduct was not culpable, as the error was unintentional, and the Defendant acted quickly to rectify their mistake after becoming aware of the missed deadline and the Clerk or Court's Entry of Default. *Id.* at 3–5, 7–8. In general, a defaulting party is "culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993) (internal quotations and citations omitted), *abrogated on other grounds* by *Degen v. United States*, 517 U.S. 820, 825 (1996). Conversely, "[a]n unintentional or good faith mistake is not considered culpable conduct under Rule 55(c)." *Roe by & through Roe v. Bd. of Trustees of Teton Cnty. Sch. Dist. No. 1*, No. 20-CV-249-SWS, 2021 WL 7211094, at *2 (D. Wyo. Mar. 23, 2021) (citing *Crapnell v. Dillon Companies, Inc.*, No. 14-cv-01713-KLM, 2015 WL 328524, at *5 (D. Colo. Jan. 23, 2015)). This is true especially when "a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist." *Id.* A mere failure on behalf of the defendant to file an answer does not generally constitute the willful conduct contemplated under Rule 55(c). *See Watkins*, 551 F. App'x at 958 (setting aside entry of

6

default where defendants failed to file an answer); *see also Kahler v. Wal-Mart Stores, Inc.*, No. 20-CV-01536-WJM-KMT, 2020 WL 7335714, at \*3 (D. Colo. Dec. 14, 2020) ("A late filing, without more, does not make a party's conduct willful for purpose of Rule 55(c).").

The Supreme Court has held, as Plaintiff argues, that litigants shall be held "accountable for the acts and omissions of their attorneys." *Pioneer Inv., Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 396 (1993). It is the Court's view that Defendant's corporate counsel made a mistake that was neither willful nor culpable conduct. Defendant does not refute that corporate counsel received the *Summons* and *First Amended Complaint* on October 25, 2023. ECF No. 82 at 4. By Affidavit, Bitmain Georgia's corporate counsel admits to receiving the *Summons* and *First Amended Complaint*, downloading both documents, and failing to forward these documents to Defendant. ECF No. 82-1 at 2–4. There is no evidence to indicate that Defendant's corporate counsel failed to forward these documents willfully, in fact she admits that her "mistake and inadvertence" violated her professional responsibility to review legal documents and correspond with her client, Defendant Bitmain Georgia. *Id.* at 6. Plaintiff attempts to paint Defendant's proffered "procedural failure" as "negligence" and "inexcusable." ECF No. 95 at 19–20. While the Court certainly finds it troubling that Plaintiff's *Summons* and *First Amended Complaint* were received by corporate counsel yet never reached the Defendant, the Court is satisfied that Defendant's conduct in this matter was not willful and was instead the result of an unintentional good faith mistake. Therefore, Defendant's failure to answer or otherwise respond to the complaint does not constitute

none7

culpable conduct. Despite the lack of initial response to Plaintiff's *First Amended Complaint*, Defendant also displays its intention and willingness to proceed with a response to the *First Amended Complaint* in this action. Defendant's counsel's attempts to rectify the situation and defend this action supports the Court's preference to resolve disputes on the merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Accordingly, the first factor supports setting aside the entry of default against the Defendant.

## III.   Setting Aside the Entry of Default Will Not Prejudice the Plaintiff

Second, the Court will consider whether Plaintiff would suffer prejudice if Defendant's failure to timely respond to Plaintiff's *First Amended Complaint* were excused. Defendant asserts that Plaintiff will not be prejudiced if entry of default against Defendant is set aside. ECF No. 82 at 8–9. After learning of the Entry of Default (ECF No. 69), defense counsel promptly contacted Plaintiff's counsel and requested that Plaintiff agree to set aside the Entry of Default. ECF No. 4–5. When Plaintiff's counsel did not agree to set aside the Entry of Default against Defendant, Defendant moved this Court to set aside the Entry of Default within a reasonable time. ECF No.81. In its Motion, Defendant argues that Plaintiff will not suffer harm from Bitmain Georgia's "short delay" due to "any loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 8. Plaintiff argues, in response, that it will be prejudiced because setting aside Defendant's Entry of Default will result in a delay in obtaining discovery. ECF 95 at 24–25. Plaintiff also elaborates that Defendant Bitmain Georgia does not suffer prejudice from the default, an assertion that is relatively irrelevant to the Court's consideration of "whether the *plaintiff* would be prejudiced if the default should be set

8

aside." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646 at *3 (10th Cir. Aug. 29, 1995) (emphasis added).

A non-moving party is not prejudiced by being forced to litigate the case on the merits, nor is delay, by itself, grounds for denying relief from entry of default. *See Kahler v. Wal-Mart Stores, Inc.*, 2020 WL 7335714, at *4. Further, resultant prejudice to a plaintiff can be mitigated by a defendant's quick action to remedy the conduct that led to an entry of default. *See Beverly v. Martin*, No. 1:22-CV-00884-DHU-LF, 2023 WL 4532461, at *3 (D.N.M. July 13, 2023); *see Crapnell v. Dillon Companies, Inc.*, No. 14-CV-01713-KLM, 2015 WL 328524, at *6 (D. Colo. Jan. 23, 2015). Defendant filed its *Answer* to Plaintiff's *First Amended Complaint* on December 13, 2023—the same day it moved this Court to set aside its Entry of Default—after meet-and-confer efforts with Plaintiff's counsel were unsuccessful. ECF No. 79. Plaintiff is not prejudiced by being forced to litigate the merits of its case against Bitmain Georgia, and Defendant's quick action sought to mitigate any resultant prejudice. Accordingly, Defendant's prompt action in this matter and Plaintiff's lack of prejudice to vacating the Entry of Default (ECF No. 69) thus weighs in favor of setting aside the default.

## IV.   Defendant Presents Meritorious Defenses to Plaintiff's Claims

The final factor in the Court's good cause analysis evaluates whether Defendant has presented a "meritorious defense" to the action. When establishing a meritorious defense, a defaulting party need only assert a legally cognizable defense that, if proven at trial, would constitute a defense to the adverse party's claims. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). In its Motion, Defendant asserts it has a meritorious defense against

Plaintiff's single claim for intentional interference with contractual relations. ECF No. 82 at 9. Defendant argues that Plaintiff's intentional interference with contractual relations claim lacks merit because Bitmain Georgia "lacked knowledge as to whether MineOne or Terra entered into a valid and enforceable contract with Plaintiff" and "Bitmain Georgia did not engage in any actions with the intent to dispute or otherwise interfere with any contract that may exist between MineOne and Plaintiff or between Terra Crypto Inc. ("Terra") and Plaintiff." *Id.* at 9–10. Plaintiff argues Defendant's assertion of a meritorious defense is conclusory and ill-founded. ECF No. 95 at 23–24. However, the Defendant need not prove its defenses at this stage in the litigation. Rather, a defendant need only show that its assertions, if true, constitute a defense to a plaintiff's claims. *In re Stone*, 588 F.2d at 1319. Thus, the third factor weighs in favor of the Defendant. The preceding three factors also weigh in favor of this Court's decision to set aside default against the Defendant, and the Court need not find each of the three factors satisfied to set aside default under Rule 55(c). *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 ("[T]he court need not consider all the factors").

## CONCLUSION

Considering the absence of culpable conduct on the part of the defendant, the lack of prejudice to the plaintiff, and Defendant's presentation of a meritorious defense, the Court finds "good cause" to vacate the Entry of Default against Defendant Bitmain Georgia, pursuant to Federal Rule of Civil Procedure 55(c). For the above-stated reasons and the strong preference for resolution of cases on the merits, the Court grants Defendant's motion and sets aside the clerk's Entry of Default against Defendant Bitmain Georgia.

10

IT IS HEREBY ORDERED, Defendant's *Motion to Set Aside Entry of Default* (ECF No. 81) is **GRANTED** and the *Entry of Default* (ECF No. 69) against Defendant is **VACATED**. The Court *FURTHER ORDERS* that given the grant of Defendant's *Motion to Set Aside Entry of Default*, Defendant's *Motion to Strike* (ECF No. 99) is **MOOT**.

Dated this _10th_ day of January, 2024.

Alan B. Johnson
United States District Judge