Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
          smurray@wpdn.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company,                       . | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-79 |
| | ) | |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY FROM DEFENDANTS' MINEONE WYOMING DATA CENTER, LLC, AND TERRA CRYPTO, INC.

---

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain, through its counsel, and pursuant to Magistrate Judge Rankin's oral rulings at the February 8, 2024 informal discovery conference and His Honor's February 9, 2024 text Order [Doc. 113], hereby files its First Motion to Compel Discovery against Defendants MineOne Wyoming Data Center, LLC ("MineOne") and Terra Crypto, Inc. ("Terra Crypto").

## I.      **INTRODUCTION**

There are two parts to the instant Motion.  First, Defendant MineOne represented to the Court and counsel at the February 8, 2024 informal discovery conference that it would be prepared to answer and produce responsive documents to Plaintiff's Request for Production Nos. 2, 3 and 4 on or before February 18, 2024.  The Court incorporated MineOne's promise in its 2/9/24 text Order ("MineOne represented it would be prepared to answer [Plaintiffs'] Request for Production numbers 2, 3 and 4 on or before 2/18/24").  It is now February 23, 2024, and MineOne has made no response or production to Plaintiffs' RFP Nos. 2, 3 and 4.  BCB seeks the Court's order compelling MineOne to supplement its discovery responses with **_all_** requested and responsive documents on or before March 4, 2024.[1]

The second aspect of this Motion asks the Court to grant Plaintiff leave, under Rule 33(a)(1), F.R.Civ.P., to allow Plaintiff to serve MineOne with eight (8) additional interrogatories and Terra Crypto with six (6) additional interrogatories.  Counsel for BCB met-and-conferred about these additional proposed interrogatories on February 22, 2024, and reached agreement on some, but not all, of these additional interrogatories.  In the Court's 2/9/24 text Order, the Court said: "It further ordered the parties to confer on the interrogatory number and breadth issue by phone or videoconference.  If such conferral is unsuccessful, Plaintiff may file a motion to compel and for additional interrogatories." [Doc. 113].  This is that motion.

## II.      **LEGAL STANDARD**

Rule 37(b)(3)(iii) allows a party to file a motion to compel the production of documents submitted under a Rule 34 request for production.  Trial courts "have broad discretion in fashioning the terms and conditions of discovery."  *See* 6/16/22 ORDER GRANTING IN PART AND DENYING IN

---

[1]  Plaintiff's Expert Designation is due on February 28, 2024, and Plaintiff is preparing to file its Expert Designation and expert's report that day, with or without any **_meaningful_** discovery from any of the Defendants.

PART DEFENDANTS' MOTION TO COMPEL, *Tillman v. Riverton Memorial Hospital, LLC*, Civil No. 21-CV-138-F, United States District Court; District of Wyoming (Rankin, Magistrate Judge), p. 2 (ECF 39).  "The purpose of this rule is to allow broad discovery of relevant information, even if that information is not admissible at trial."  *Id.*  "When the discovery sought appears relevant, the burden rests with the party resisting the discovery to establish irrelevancy by showing the discovery (a) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (b) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption favor of broad discovery."  *Id.* at 3.

### III.  ARGUMENT

**A.  The Court Should Compel Defendant MineOne to Honor Its Promise to the Court to Supplement Its Response and Provide All Responsive Documents to Plaintiff's RFP Nos. 2, 3 and 4 Forthwith.**

The Court should compel Defendant MineOne to honor the promise its counsel made to the Court – and to BCB's counsel – at the February 8, 2024 informal discovery conference.

At that 2/8/24 conference, MineOne's lead counsel promised to supplement MineOne's earlier responses to BCB's Request for Production Nos. 2, 3 and 4 by February 18, 2024.[2]  *See* this Court's 2/9/24 Text Order [ECF 113].  All of us will remember MineOne's lawyer telling the Court that MineOne's counsel had recently provided Bitmain's litigation counsel with a "bundle" of documents MineOne's counsel believed were responsive to BCB's RFP's 2, 3 and 4, and she was just waiting to hear back from Bitmain's counsel for Bitmain's consent to produce the responsive documents to BCB (pursuant to the Court's 12/6/23 Stipulated Protective Order).  Despite MineOne's promise to produce its supplemental documents that were responsive to BCB RFP Nos. 2, 3 and 4, BCB has received no responsive documents, or further communication from

---

[2]  Attached as **"Exhibit 1"** is Patrick Murphy's January 24, 2024 conferral letter (with attached Memorandum) which provide the context for BCB's RFP's 2, 3 and 4.

MineOne, about its promised production to RFP Nos. 2, 3 and 4.  MineOne has **not** produced:  its *SF Agreement* with Bitmain Georgia (RFP No. 2); any of the other appendices, exhibits, addenda, extensions and/or updates that exist that were incorporated with the *SF Agreement* (RFP No. 3), or, critically here, any

> . . .  document, contract, email, or other communication (including text messages, WeChat, WhatsApp, Discord, Telegram, or any other mobile or social messaging application), **between Bitmain** (including any and all of its subsidiaries) **and you** (including but not limited to, Jiaming Li, Erick Rengifo, Huali Zhang, Cho Zhu, Ziyao Shao, and Haku Du) relating in any way to cryptocurrency mining at the North Range and/or Campstool sites.

*See* BCB RFP No. 4 (emphasis added).

MineOne has produced no drafts of the *SF Agreement*.  No loan documents between MineOne and Bitmain Georgia.  And no communications – no communications! – between MineOne and Bitmain Georgia.  To date, MineOne has not produced these pre-suit documents and communications between Bitmain and MineOne.

And neither has Bitmain Georgia.  Earlier this week, Bitmain Georgia served its 2/20/24 *Response to Plaintiffs' First Set of Requests for Production of Documents* ("*Response*").  Bitmain's responses and production of **only 136 total pages** of documents to BCB's 28 requests for production were horridly inadequate and evasive.  Bitmain objected to all 28 BCB RFP's.  BCB's counsel, Patrick Murphy, quickly reviewed Bitmain's inadequate discovery responses and production, and then sent his conferral letter to Bitmain's local counsel on February 21, 2024, a copy of which is attached as **"Exhibit 2"** to this Motion to Compel.  As set forth in Mr. Murphy's conferral letter, Bitmain Georgia did not provide **any**:

- documents or communications between and among the MOTBO Defendants and Bitmain. (RFP No. 1).

- drafts (*i.e.*, incomplete and/or unsigned versions) of the *Service Framework Agreement*. (RFP No. 2).

- communications between MOTBO Defendants and Bitmain concerning the *Service Framework Agreement*. (RFP No. 4).

- documents and communications concerning any and all loan and/or financing agreements or contracts between any of the MOTBO Defendants and Bitmain, even where, as here, **"Exhibit 3"** to this Motion is a 12/15/22 email from MineOne's Jiaming Li referencing a potential multi-million-dollar loan from Bitmain to one, some, or all of the MOTBO Defendants.

- bank statements and/or crypto currency transaction records showing all transfers of funds, cryptocurrency, and/or assets from Bitmain to any of the MOTBO Defendants concerning loan and/or financing agreements between any of the MOTBO Defendants and Bitmain. (RFP No. 17).

- documents and communications concerning any and all agreements or contracts between Bitmain and MOTBO Defendants. (RFP No. 6).

- documents and communications concerning North Range. (RFP No. 9).

- documents and communications concerning Campstool. (RFP No. 10); and

- documents and communications concerning hosting, operations, and site management at North Range. (RFP No. 23).[3]

Relevancy is judged by the parties' contentions and defenses. Here, Plaintiff BCB and Defendant MineOne entered into a valid and enforceable written contract, the DEVELOPMENT, HOSTING & SERVICES AGREEMENT ("DHS AGREEMENT") on or about June 9, 2022. Sufficient and mutual consideration supports the DHS AGREEMENT. Plaintiff BCB substantially performed its obligations under the DHS AGREEMENT without breaching the DHS AGREEMENT. Defendant MineOne failed and/or chose not to honor or meet its obligations in the DHS AGREEMENT, which unjustified actions constitute a material breach, or material breaches, of the DHS AGREEMENT, due to the intentional interference by Bitmain Georgia.

---

[3] Counsel for Bitmain Georgia and BCB will confer on Wednesday, February 28 at 10:00 a.m., about Bitmain's objections and inadequate production, but that is an issue for next week. What's important here is that Bitmain and MineOne are acting in concert with each other to preclude Plaintiff from receiving the pre-suit relevant and liability-establishing communications and documents they shared with each other.

Plaintiff BCB suspects[4] that Bitmain Georgia would only do its deal with MineOne at the North Range facility – *i.e.*, provide to MineOne (a) 9,800 bitcoin mining machines to be hosted in MineOne's North Range bitcoin mining facility and (b) a possible $8,000,000 loan (which was referenced in the 12/15/22 email from Jiaming Li) – if MineOne replaced BCB as the O&M Service Provider with MineOne's own team, even though BCB and MineOne had previously agreed in the DHS AGREEMENT that BCB was the O&M Service Provider.

Wyoming substantive law governs BCB's intentional interference of contract ("IIWC") claims against Bitmain Georgia, MineOne Partners, LLC, and Bit Origin, Ltd.  The four elements of an IIWC claim in Wyoming are: (1) the existence of [BCB's] contract [with MineOne]; (2) [Bitmain's] knowledge of this contract; (3) Bitmain's intentional and improper interference inducing or causing a breach; and (4) resulting damages. *First Wyo. Bank v. Mudge*, 748 P.2d 713, 715 (Wyo. 1988).  MineOne and Terra Crypto admit the existence of BCB's DHS AGREEMENT with MineOne and BCB's CONSULTING SERVICES AGREEMENT with Terra Crypto.  The *Operations and Maintenance Service Framework Agreement* ("O&M SF AGREEMENT") demonstrates Bitmain's *knowledge* of BCB's DHS AGREEMENT with MineOne (and that Bitmain was previously aware that BCB was the O&M Service Provider[5]), as Bitmain  used this O&M SF

---

[4] These suspicions are evidenced by, among other things, (a) the multiple pre-suit representations that Erick Rengifo made to BCB that Bitmain did not want BCB to be the O&M Service Provider, and (b) MineOne Wyoming's proposed amendment to the DHS AGREEMENT (which would remove BCB as the O&M Service Provider).  It is also supported by the *Operations and Maintenance Service Framework Agreement* between MineOne Wyoming and Bitmain Georgia, which contains numerous sections, terms, conditions, rights, obligations, and compensation in direct conflict with the DHS AGREEMENT, and in which Bitmain agrees that MineOne Wyoming (not BCB) is to be the O&M Service Provider.

[5] MineOne Wyoming provided a presentation to Bitmain regarding the North Range Data Center Facility (in order to sell hosting space in said facility to Bitmain). Page 16 of that presentation (BITMAIN_GEORGIA_000112) is titled "Wyoming Data Center Team" and shows BCB as the "Operations Team." This presentation, which was likely received by Bitmain in late 2022 and/or Jan/Feb 2023, is evidence (produced by Bitmain on February 20, 2024) that Bitmain had knowledge in late 2022 and/or Jan/Feb 2023 that a non-MOTBO third party (BCB) was the O&M Service Provider at the North Range bitcoin mining facility. It would have been reasonable for Bitmain to infer that MineOne Wyoming and BCB must have had an agreement designating BCB as the O&M Service Provider in order for MineOne Wyoming to include BCB as the "Operations Team" in this presentation. It is likely that Bitmain and MineOne Wyoming exchanged communications (a) discussing BCB's role as the O&M Service Provider, and (b) Bitmain's requirement that BCB not be the O&M Service Provider for Bitmain's bitcoin mining machines in order

Agreement to replace BCB with MineOne's own team as the facility's O&M Service Provider (among other reasons, to impose terms and conditions on the O&M Service Provider that differed from BCB's DHS Agreement with MineOne).  BCB's expert witness next week will establish BCB's damages from Bitmain's and MineOne'sbreaches.  And, to prove the requisite "intentional and improper interference inducing or causing the breach," BCB needs the requested documents in RFP No. 4, which documents MineOne has refused to provide.  And BCB also needs the documents it requested Bitmain to provide in the bullet points above, all of which Bitmain has objected to producing (and none of which Bitmain has provided).  Those documents will show Bitmain's influence and control over MineOne, so much so that MineOne did Bitmain's bidding and removed BCB as the facility host when Bitmain required MineOne to do so.

We know MineOne communicated with Bitmain Georgia before MineOne effectively removed BCB.  In Haku Du's 2/20/23 email to BCB's Michael Murphy, there are six (6) different Bitmain representatives listed.  *See* **"Exhibit 4."**  This email is proof that MineOne communicated with Bitmain Georgia during the existence of the BCB DHS AGREEMENT, but MineOne and Bitmain will not produce those relevant communications.

With its deficient production, Bitmain at least provided two Agreements between Bitmain and MineOne: the *Service Framework Agreement*, and the *Operations and Maintenance Service Framework Agreement*: those two Agreements were 65 of the total 136 pages Bitmain produced.  But **MineOne** hasn't even produced these two Agreements (agreements it signed with Bitmain).  Agreements do not exist in a vacuum: correspondence accompanies them.   **Drafts** of those Agreements precede the final Agreements.  And where, as here, it also appears there was a multi-

---

for Bitmain to enter into a hosting agreement with MineOne (which is supported by multiple statements from Erick Rengifo to BCB indicating that Bitmain did not want BCB to be the O&M Service Provider, including this statement from Erick Rengifo's March 5, 2023 email to BCB: "Bitmain [is] completely opposed to you [BCB] being the Host [aka O&M Service Provider]."

million-dollar loan(s)[6] from Bitmain to MineOne as part of these Agreements, the loan documents will further demonstrate Bitmain's influence and control over MineOne.  All of these documents, if they exist, are highly relevant to BCB's claims of breach of contract and IIWC.  But MineOne and Bitmain, acting in concert, are intentionally stonewalling and refusing to provide these relevant documents (despite the existence of the Stipulated Protective Order), and despite BCB's fast-approaching expert witness designation deadline.

Acting under Bitmain's pressure and influence, MineOne effectively repudiated and breached its DHS AGREEMENT with BCB.  Now MineOne has the position at North Range that BCB was contractually entitled to have.   In the meantime, Bitmain's 9,800 bitcoin mining machines generate multi-millions of dollars every month for Bitmain, and MineOne receives the financial benefit as BCB's successor.  This should never have happened, but it did.  BCB needs all of those requested documents and communications to further prove its claims.

**B.  BCB's Additional Proposed Interrogatories to MineOne and Terra Crypto.**

Counsel for BCB, MineOne, and Bit Origin/SonicHash conferred with each other on February 22, 2024 about the additional proposed interrogatories BCB seeks leave of Court to serve on MineOne and Terra Crypto.  That conferral, and the revised interrogatories, are attached as **"Exhibit 5"** to this Motion.  MineOne's reply email is **"Exhibit 6."**  All of these interrogatories go to the parties' core competing liability and damages claims and counterclaims.  Interrogatories 8, 10 and 12 to MineOne – and No. 3 to Terra Crypto – seek liability information about BCB's core contractual duty and Terra Crypto's core contractual duty.  BCB's limited core contractual

---

[6]  Attached as **"Exhibit 3"** to this Motion is Jiaming Li's December 15, 2022 email to Erick Rengifo and Haku Du. Dr. Li writes: "Also, we're under discussion with the largest manufacturer, Bitmain, for a comprehensive partnership: (a) we're going to host their miners around 9,000 to fit 6 MDCs, and they're going to ship the most advances series S19 XP.  b) Bitmain will loan us 50% LTV of what we have spent on the time our site energized, which means, around $8,000,000 will fund us to allow us to continue phase 2, or buy additional miners, or lower down our debt rate, etc.  But Bitmain requires us to energize asap, also from our best interest, we can only sign agreements and get their funds by then."

duty is to do "all other reasonable related activities ***within its control*** to enable MineOne and other users of the facilities to conduct digital currency mining activities in a proper and timely manner to ensure that CFCO occurs not later than 31 October 2022." (emphasis added). Terra Crypto's absolute core contractual duty is to "***ensure*** that ***all*** the processes, activities and tasks with regard to the building of the Facilities are developed in a ***timely*** manner. (emphasis added). BCB's proposed Interrogatory Nos. 8, 10 and 12 to MineOne – and Interrogatory No. 3 to Terra Crypto – target these core contractual duties but MineOne and Terra Crypto will not answer them.

BCB's proposed Interrogatories also seek information about MineOne's meritless and vastly exaggerated[7] Counterclaim damages claims. But MineOne refuses to answer BCB Interrogatory Nos. 17 and 19 to MineOne. MineOne now says it will answer Interrogatory Nos. 3, 10, and 20 to MineOne, and Nos. 20 and 21 to Terra Crypto "so long as we have until 3/20 to do so." *See* **"Exhibit 6."** BCB agrees with this. But BCB asks the Court to allow and order MineOne and Terra Crypto to answer all the other Interrogatories in **"Exhibit 5"** by March 20.

## CONCLUSION

Plaintiff BCB Cheyenne LLC respectfully asks the Court to now order Defendant MineOne to fully and completely respond to Plaintiff's RFP Nos. 2, 3 and 4 by March 4, 2024, and produce all of its responsive documents to those RFP's on or before March 4, 2024; to order Defendant MineOne to fully answer BCB Interrogatory Nos. 3, 7, 8, 10, 12, 17, 19 and 20 by March 20, 2024; and order Defendant Terra Crypto to answer BCB Interrogatory Nos. 3, 15, 16, 18, 20 and 21 by March 20, 2024. Defendant MineOne must be ordered to produce what it earlier promised to produce. These three document requests all seek relevant and non-privileged documents and

---

[7] Just last week, three MOTBO Defendants, including MineOne, served BCB with their Rule 26(A)(1) Amended Initial Disclosures **("Exhibit 7)**. In these 2/14/24 Amended Disclosures, the three MOTBO Defendants have increased their claimed Counterclaim Damages from $44,500,000 to ***over $139,000,000*** against BCB (and its members, on a meritless alter ego/piercing the corporate veil theory). That's a claimed $94,000,000+ increase in alleged damages in just five months. And, as we have come to expect from MineOne, it provided no documents supporting this claimed $139,000,000 in damages.

communications.    Plaintiff BCB has already been prejudiced by MineOne's evasive and inadequate production of documents.    The Court should now intervene to curb MineOne's discovery behavior and stop any further prejudice to Plaintiff.

DATED this 23rd day of February, 2024.

<div style="margin-left: 40%;">

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By:    /s/ Patrick J. Murphy
       Patrick J. Murphy (WSB No. 5-1779)
       Scott C. Murray (WSB No. 7-4896)
       Williams, Porter, Day & Neville, PC
       159 N Wolcott St. Suite 400
       Casper, WY 82601
       Ph: (307) 265-0700
       pmurphy@wpdn.net
       smurray@wpdn.net

*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 23rd day of February, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |

| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ] U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com | [ ] U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ] U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ] U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy