# EXHIBIT 7

Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted Pro Hac Vice)
Sarah Levitan Perry, Esq. (Admitted Pro Hac Vice)
Alex Inman, Esq. (Admitted Pro Hac Vice)
LOEB & LOEB LLC
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4000
pcolbath@loeb.com
sperry@loeb.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23CV-79-SWS |
| v. | ) ) ) | |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'s RULE 26(A)(1) AMENDED INITIAL DISCLOSURES**

Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, "Defendants") by and through undersigned counsel hereby make the following amended initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The following disclosures are made based on the information now reasonably available to Defendants, and without waiving any objections as to relevance, materiality, or admissibility of evidence in the action. Defendants reserve their right to supplement or amend these disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

(i)     **The name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

| Name | Contact Information | General Subjects |
|---|---|---|
| Jiaming Li | May be contacted through undersigned counsel. | Defendants' business and corporate organization; representations made by, and negotiations with, Plaintiff; selection, development and construction of North Range and Campstool mining sites; the Development, Hosting & Service Agreement ("DHS Agreement") and other agreements between Defendants and Plaintiff, and the parties' performance thereunder; agreements with third parties related to the North Range and Campstool mining sites, and the parties' performance thereunder; selection and retention of Shermco and CEGEN; negotiations with Black Hills Energy; payments made to Plaintiff. |
| Erick Rengifo | May be contacted through undersigned counsel. | Defendants' business and corporate organization; representations made by, and negotiations with, Plaintiff; selection of North Range and Campstool mining sites; the DHS Agreement and other agreements between Defendants and Plaintiff, and the parties' performance thereunder; agreements with third parties related to the North Range and Campstool mining sites, and the parties' performance thereunder; selection and retention of Shermco and CEGEN. |

| Haku Du | May be contacted through undersigned counsel. | Development and construction of North Range and Campstool mining sites; negotiations with Black Hills Energy; payments made to Plaintiff. |
|---|---|---|
| Huaili Zhang | JWJ Technology LLC 614 N DuPont Hwy, Suite210 Dover, Delaware 19901 | Development and construction of North Range and Campstool mining sites. |
| Michael Murphy | | Plaintiff's business; representations made to, and negotiations with, Defendants; Murphy's and Plaintiff's experience in the crypto and Bitcoin fields; Plaintiff's relationships with Black Hills Energy, Shermco and CEGEN; negotiations with Black Hills Energy; development and construction of North Range and Campstool mining sites; Plaintiff's performance under the DHS Agreement; employees hired by Plaintiff for North Range and Campstool mining sites; payments made by Defendants to Plaintiff. |

Case 1:23-cv-00079-ABJ   Document 124-7   Filed 02/23/24   Page 6 of 15

| | | |
|---|---|---|
| Emory Patterson IV | | Plaintiff's business; representations made to, and negotiations with, Defendants; Patterson's and Plaintiff's experience in the crypto and Bitcoin fields; Plaintiff's relationships with Black Hills Energy, Shermco and CEGEN; negotiations with Black Hills Energy; development and construction of North Range and Campstool mining sites; Plaintiff's performance under the DHS Agreement; employees hired by Plaintiff for North Range and Campstool mining sites; payments made by Defendants to Plaintiff. |
| Neil Phippen | | Plaintiff's business; representations made to, and negotiations with, Defendants; Phippen's and Plaintiff's experience in the crypto and Bitcoin fields; Plaintiff's relationships with Black Hills Energy, Shermco and CEGEN; negotiations with Black Hills Energy; development and construction of North Range and Campstool mining sites; Plaintiff's performance under the DHS Agreement; employees hired by Plaintiff for North Range and Campstool mining sites; payments made by Defendants to Plaintiff. |
| Bryce Fincham | | Investment in Plaintiff; Plaintiff's business. |

| | | |
|---|---|---|
| Steven Randall | | Resume and work history; work performed in connection with the North Range and Campstool mining sites; communications with Defendants' officers or employees. |
| Sean Murphy | | Resume and work history; work performed in connection with the North Range and Campstool mining sites. |
| Patrick Murphy of Williams, Porter, Day & Neville P.C. | 159 N. Wolcott St. Suite 400 (82601)<br>P.O. Box 10700<br>Casper, WY 82602<br><br>307-265-0700 | Legal advice rendered to Defendants |
| Ryan Ford of Williams, Porter, Day & Neville P.C. | 159 N. Wolcott St. Suite 400 (82601)<br>P.O. Box 10700<br>Casper, WY 82602<br><br>307-265-0700 | Legal advice rendered to Defendants |
| Representative(s) of CEGEN | 10447 50th Street SE,<br>Calgary, Alberta, Canada<br>T2C 3E3 | Relationship with Plaintiff or its members; contract between CEGEN and MineOne Wyoming Data Center and CEGEN's performance or failure to perform thereunder; materials and/or equipment ordered for use Campstool and North Range mining sites. |
| Representative(s) of Shermco | 6551 S Revere Parkway, Ste 275<br>Centennial, CO 80111 | Relationship with Plaintiff or its members; contract between Shermco and MineOne Wyoming Data Center and Shermco's performance or failure to perform thereunder; development and construction of Campstool and North Range mining sites. |

| | | |
|---|---|---|
| Representative(s) of Black Hills Energy and/or Cheyenne Light, Fuel and Power Company | 1301 West 24th Street, Cheyenne, Wyoming 82001 | Negotiations and relationship with Plaintiff; delays in development and construction of Campstool and North Range mining sites; delays in development and construction of Black Hills Energy facilities intended to service Campstool and North Range mining sites; electricity demands of Campstool and North Range mining sites and ability to deliver sufficient electrical power. |
| Member(s) of BCB Ventures LLC | | BCB Ventures LLC's members and investment in Plaintiff. |
| James Quid | | Mr. Quid's citizenship and domicile; Bayview Capital Investments, LLC's members and investment in Plaintiff. |
| Tim Desrochers | | Mr. Desrochers' citizenship and domicile; CMV Global, LLC's members and investment in Plaintiff. |
| Any Entity or Party Listed on Plaintiff's Corporate Disclosures Statements | | Plaintiff's compliance with its obligation under various contracts and local laws and regulations; information regarding the allegations in Plaintiff's First Amended Complaint and Defendant's Amended Counterclaims, including (without limitation), Defendants' alter-ego claims. |

Defendants incorporate by reference any other individuals disclosed by other parties in this matter.

Defendants anticipate that other, unknown individuals may have discoverable information that Defendants may use to support their defenses and reserve the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e).

**(ii)    A copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

To the best of Defendants' knowledge, the following discoverable documents, things, and/or electronically stored information within its possession, custody, or control may be used to support their claims:

1.    Contracts related to the development, construction and operation of the North Range and Campstool mining sites.

2.    Communications between Plaintiff and Defendants.

3.    Communications concerning Plaintiff.

4.    Communications concerning the development and construction of the North Range and Campstool mining sites.

Discovery is ongoing in this matter, and Defendants reserve the right to supplement these categories as additional information becomes available or is made known through discovery.

**(iii)    A computation of each category of damages claimed by the disclosing party– who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Defendants (and each of them), through their Amended Counterclaims[1], seek to recover monetary damages from the Plaintiff in an amount that will reasonably and fairly compensate them for the damage caused by Plaintiff, including but not limited to, economic losses, diminution of goodwill/business reputation, loss of profits, financial penalties and damages in an amount to be

---

[1] As Defendants recently advised the Court, Defendants currently anticipate making a motion to amend their counterclaims to include additional claims and to revise the damage amounts sought contained in the current Amended Counterclaims to conform with the damages set forth herein.

proven at trial and in excess of the jurisdictional amount of this Court. These calculations are determined by Defendants' current and past business endeavors and represent the foreseeable expectation and monetary damages stemming from Plaintiff's actions. Defendants further request that they be awarded statutory interest from the date their causes of action accrued, pre- and post-judgment interest, court costs, other expenses, attorneys' fees and costs as allowed by law, punitive and exemplary damages as allowed by law, and for such other relief as the Court may deem just and proper.

Including and in addition to the monetary damages above, Defendants have suffered the following specific damages due to the willful, grossly negligent, and improper actions of Plaintiff as reflected in the claims and allegations made in their Amended Counterclaims as follows:

| | |
|---|---|
| Initial Construction Costs | $29,500,000 |
| Budget Overruns | $5,805,714 |
| Damages Due to Delays | $5,733,304 |
| Financial Penalty Damages | $200,000 |
| Bridge Loan Damages | $5,842,800 |
| Lost Business Opportunities/Monetary Damages | $60,773,328 |
| Reputational Harm and Tort Monetary Damages | $10,000,000 |
| **Total** | **$117,855,146** |

The damages suffered are based, in part, on the fact that Plaintiff, as Project Manager for Defendants' Facilities and operations at the North Range and Campstool facilities, among other things, breached contracts, failed to obtain the necessary permit(s) and approval(s) for construction of the Facilities in violation of (among other sections) Section 6.2 of the DHS Agreement, and that Plaintiff intentionally and maliciously, without justification, sought to and did harm Defendants. In addition, Plaintiff breached other provisions of the DHS Agreement, resulting in a total loss of

the construction costs in excess of $29,500,000, and other continuing damages.

Further, Plaintiff failed and refused to adhere to approved budgets and timelines for the project and did not efficiently and effectively manage the various vendors and suppliers as it was required to do. Defendants incurred significant, but avoidable, and intentional, cost overruns and additional expenses as a result of Plaintiff's failures and improper conduct, including the selection of vendors and suppliers who provided sub-standard work that had to be remediated. The projected budget from Plaintiffs to build out the facilities was approximately $18,819,067, but Defendants have been required to spend over $24,624,782, resulting in cost overruns of $5,805,714.

Plaintiff's failures led to a delayed opening of the North Range and Campstool facilities from Plaintiff's agreed and required start date of October 2022. As a result, Defendants lost significant operational time with their miners, resulting in self-mining losses, hosting revenue losses, and penalties they were required to pay as a result of Plaintiff's failures. These losses amount to a $200,000 penalty payment and mining and hosting losses of approximately $5,733,304.

Plaintiff's delays, improper conduct, and breaches caused Defendants to have to convert a bridge loan into an unattractive lease arrangement. Due to Plaintiff's breaches and failures, it took Defendants at least an additional ten (10) months to get the facilities online and productive. Timely repayment of the bridge loan would have cost Defendants only $5,532,200; instead, Defendants are now required to pay annual lease payments of $2,275,000 over the next five years, resulting in a monetary loss of at least $5,842,800.

Plaintiff's intentional smear campaign and negative propaganda to competitors, vendors, the media, and to Wyoming governmental authorities and legislators has caused Defendants grave damages, including economic losses in excess of $60,773,328. Plaintiff's malicious smear

campaign has directly damaged Defendants' business projects and activities outside of the Wyoming facilities and operations, damaging Defendants' reputation and business opportunities and prospects in excess of $10,000,000.

Including and in addition to the various categories of damages above, Defendant Terra Crypto Inc. has suffered the following specific monetary damages due to the actions of Plaintiff and its principals as reflected in the claims and allegations made in the Amended Counterclaims as follows:

| Breach of Consulting Service Agreement | $5,350,400 |
|---|---|
| Additional Economic Damages | $3,656,960 |
| **Total** | **$9,007,360** |

As a result of Plaintiff's breach of the Consulting Service Agreement and other improper conduct, the property value has been diminished and Defendant Terra Crypto has lost the expected value of the subject contract, which is in excess of $5,350,400. Additionally, Terra Crypto has suffered economic losses caused by the various delays in energizing the North Range and Campstool facilities and the resulting lost operational mining time, in the amount of at least $3,656,960.

The above are all appropriate and necessary damages based on Plaintiff's egregious and improper conduct under the claims asserted and to be asserted in Defendants' Amended Counterclaims.

In addition, Defendants are entitled to the following fees and costs, as set forth in the parties' DHS:

| Expert Fees and Investigation Costs | $450,000 |
|---|---|
| Prevailing Party Attorneys' Fees and Costs | $12,500,000 |
| **Total** | **$12,950,000.00** |

These damages are in addition to the above-listed statutory interest from the date Defendants' causes of action accrued, pre- and post-judgment interest, court costs, punitive and exemplary damages as allowed by law, and for such other relief as the Court may deem just and proper.

Discovery is still ongoing and Defendants reserve the right to continue to supplement their damages as the case progresses, especially considering that the damages continue to increase as time progresses.

**(iv)   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendants are not aware of any insurance agreements applicable to this proceeding.

Defendants reserve the right to supplement these Amended Initial Disclosures as necessary.

**DATED** this 14th day of February, 2024.

HATHAWAY & KUNZ, LLP

By: */s/ Sean Larson*
Sean Larson, Esq.
Kari Hartman, Esq.
2515 Warren Ave, Suite 500
Cheyenne, WY 82003
Telephone: (307) 634-7723

Fax:  (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com


LOEB & LOEB LLP


By: */s/ Paula K. Colbath*
Paula K. Colbath, Esq. (*Pro Hac Vice*)
Sarah Levitan Perry, Esq. (*Pro Hac Vice*)
Alex Inman, Esq. (*Pro Hac Vice*)
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4000
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of February, 2024, the undersigned served a true and correct copy of the foregoing as follows:

Patrick J. Murphy                              [  ] CM/ECF
Scott C. Murray                                [  ] U.S. Mail
Williams, Porter, Day & Neville, P.C.          [  ] Fax:  307-672-8955
159 N. Wolcott., Suite 400                     [ x ] Email: pmurphy@wpdn.net
Casper, WY 82601                                         smurray@wpdn.net

Marc Feinstein, *Pro Hac Vice*                 [  ] CM/ECF
William Pao, *Pro Hac Vice*                     [  ] U.S. Mail
O'Melveny & Myers                              [  ] Fax:  307-672-8955
400 South Hope Street                          [ x ] Email: mfeinstein@omm.com
Los Angeles, CA 90071-2899                              wpao@omm.com

Khale J. Lenhart                               [  ] CM/ECF
Tyson R. Woodford                              [  ] U.S. Mail
Hirst Applegate LLP                            [  ] Fax:  307-672-8955
1720 Carey Ave. Room 400                       [ x ] Email:
P.O. BOX 1083                                          klenhart@hirstapplegate.com
Cheyenne, WY 82003                                     twoodford@hirstapplegate.com

*/s/ Alex Inman*