# EXHIBIT 5

## Patrick Murphy

| | |
|---|---|
| **From:** | Patrick Murphy |
| **Sent:** | Wednesday, January 24, 2024 1:38 PM |
| **To:** | Paula Colbath; Sean Larson |
| **Cc:** | Kari Hartman; Sarah Levitan Perry; ainman@loeb.com; Khale J. Lenhart; Tyson R. Woodford; Feinstein, Marc; Pao, William K.; Scott C. Murray; Patrick Murphy |
| **Subject:** | BCB's First Meet and Confer Discovery Letter (and Memorandum) and Second Meet and Confer Discovery Letter (with Exhibit A) |
| **Attachments:** | Plaintiff's First Meet-and-Confer Letter re Defendants' Deficient Production [Letter and Memorandum] 1.24.24.pdf; Plaintiff's Second Meet-and-Confer Letter regarding Defendants' Deficient Production [Letter] 1.24.24.pdf |

Dear Paula and Sean:

Please see my attached discovery meet and confer letters, Memorandum and Exhibit A.

Pat Murphy



WILLIAMS, PORTER, DAY & NEVILLE, PC
Wyoming Law Firm

WPDN.NET



**Patrick J. Murphy**

Attorney at Law
Office: 307-265-0700
pmurphy@wpdn.net
159 N. Wolcott St. Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602

*PRIVILEGE NOTICE: This email message contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate it unless you are the addressee. If you have received it in error, please call (collect) immediately at (307) 265-0700 and ask to speak with the sender. Also, I would appreciate your forwarding the message back to me and deleting it from your system. Thank you.*

*FEDERAL TAX ADVICE DISCLAIMER: This email is not tax advice and is not intended for the purposes of avoiding federal tax penalties or promoting, marketing, or recommending to another party any matters addressed herein. IRS Circular 230.*



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601
Phone: 307-265-0700

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

January 24, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

Sean M. Larson
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com

Re:     Plaintiff BCB's First Discovery Meet-and-Confer Letter Concerning
        Defendants' Improper and Deficient Discovery Production

Dear Paula:

I sent you a meet and conferral (*see Memorandum*, attached) last week concerning your clients' lack of any production of documents relating to Bitmain (*i.e.,* RFP #2, #3, #4). I am including my Memorandum with this letter that explains the lack of production and provides examples of important documents we know your clients have and are withholding from us.

Unbelievably, I still have not received a complete and unredacted Service Framework Agreement – though you said in your 12/20/23 Request For Production Discovery Responses that you would be providing it. I have asked multiple times and received no response. In fact, I have not received a single document or communication between your clients and Bitmain. I explain this in my *Memorandum* last week.

In light of your lack of meaningful production, we are not going to be able to depose Erick Rengifo – a key witness in this case – on February 9, 2024. Your lack of production has made it impossible for us to meaningful prepare for such an important deposition, including assembling key deposition exhibits (that we know exist, but don't yet have). I will let you know when we would like to reschedule Erick Rengifo's deposition.

I would appreciate receiving your replies to this – my first meet and confer letter, and last week's Memorandum – no later than next Wednesday, January 31, 2024.



WILLIAMS, PORTER, DAY & NEVILLE, P.C.
*Wyoming's Law Firm*

Patrick J. Murphy's 1/19/24 Meet-and-Confer Letter
Re: Second Meet and Conferral Letter Regarding Discovery Production
To: S. Larson and P. Colbath

If I have not heard from you by that date, or, you have not produced what I have requested in these meet and confer letters and Memorandum, I will ask John Condor and Judge Rankin to schedule an informal discovery conference as quickly as the Court can.

Thank you, Paula and Sean.

Very truly yours,

Patrick J. Murphy

## Memorandum: Plaintiff's First Meet and Conferral Letter

**Re: Initial Meet and Confer on BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN'S (Request for Production #2, #3, and #4)**

**REQUEST NO. 2:** Please produce the full, complete, and unredacted SERVICE FRAMEWORK AGREEMENT between MineOne Wyoming Data Center LLC and BITMAIN TECHNOLOGIES GEORGIA LIMITED.

**RESPONSE NO. 2:** Defendant objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are more easily accessible from some other source. Defendant further objects to this Request to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case.
Subject to and without waiving any of its objections, Defendant will produce its contract with Bitmain Technologies Georgia, to the extent any such document exists, upon the entry of a suitable protective order in this case.

There is a Stipulated Protective Order. Magistrate Judge Rankin entered the Stipulated Protective Order on December 6, 2023 (ECF 74). Although Defendants provided about 7,000 documents in their 12/20/23 Discovery Responses, remarkably, our review indicates no less than half (and potentially as many as two-thirds) of the produced documents are *duplicates*. Was this done by your clients to artificially inflate the total document/page count of production to give the appearance of meaningful production?

Importantly here, you did not produce the complete, unredacted, and signed *Service Framework Agreement* ("*SF Agreement*") that you said you would produce upon entry of a "suitable  protective order." Your responses to BCB's requests for production were made on December 20, 2023, two weeks after Judge Rankin entered the Court's Protective Order. Consequently, there is no reason for your clients to not produce this highly relevant *SF Agreement* to BCB on December 20, 2023.

BCB and its counsel already have a heavily redacted copy of the *SF Agreement* (Exhibit B, attached). BCB attached that heavily redacted copy of the *SF Agreement* to its Amended Complaint (ECF 50, Exhibit A) and Response and Opposition to Bitmain Georgia's Motion to Set Aside Default. In Sean Murphy's 12/21/23 *Declaration* (ECF 95-2, paras. 85-99), Mr. Murphy identifies very suspicious irregularities with the *SF Agreement*. So, all of us know the *SF Agreement* exists (see 12/12/23 Declaration of Yiliang Guo at para 4, "Bitmain Georgia and MineOne Wyoming Data Center LLC ("MineOne") entered into a Service Framework Agreement (the "Agreement"), dated March 10, 2023" (ECF 82-3). Your clients should have provided the signed, complete, and unredacted *SF Agreement* to BCB on December 20, 2023, but for reasons only you and/or your clients know, it was not produced.

The *SF Agreement* is some of the very best evidence of Bitmain's intentional interference with BCB's *Development, Hosting & Services Agreement* ("*DHS Agreement*") with Defendant MineOne Wyoming. In fact, it proves – beyond peradventure of doubt –  Bitmain's intentional interference with contractual relations. It also proves your clients' breach of contract with BCB.

**REQUEST NO. 3:** Please produce the document referenced in Appendix I of the SF AGREEMENT called the "Information of Data Center Facility" submitted on January 19, 2023 with the reference number of BHMS2023002-01 ("the Corresponding Memo").

**RESPONSE NO. 3:** Defendant objects to this Request on the grounds that it is vague and ambiguous insofar as "SF Agreement" is not defined. Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are more easily accessible from some other source. Defendant further objects to this Request to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case.

Subject to and without waiving any of its objections, Defendant will produce Appendix I
to its contract with Bitmain Technologies Georgia, to the extent any such document exists, upon
the entry of a suitable protective order in this case.

The "*SF Agreement*" is defined in RFA #205 on page 114 of Plaintiff's First Combined Discovery Request to MineOne
Wyoming Data Center (as well as in Plaintiff's First Amended Complaint, and other documents). There is no
vagueness or ambiguity as to what the *SF Agreement* refers to. In fact, it is obvious. It refers to the Service
Framework Agreement. Magistrate Judge Rankin entered the Stipulated Protective Order on December 6, 2023 (ECF
74).

Appendix I — and all other appendices, exhibits, addenda, extensions and/or updates that exist — that were
incorporated with and into or a part of the *SF Agreement* are to be produced under this request in full and complete
unredacted form.

**REQUEST NO. 4:** Please produce each and every document, contract, e-mail, or other
communication (including text messages, WeChat, WhatsApp, Discord, Telegram, or any other
mobile or social messaging application), between Bitmain (including any and all of its
subsidiaries) and you (including, but not limited to, Jiaming Li, Erick Rengifo, Huali Zhang, Cho
Zhu, Ziyao Shao, and Haku Du) relating in any way to cryptocurrency mining at the North Range
and/or Campstool sites.

**RESPONSE NO. 4:** Defendant objects to this Request on the grounds that it is vague and
ambiguous insofar as "Bitmain" is not defined. Defendant further objects to this Request on the
grounds that it is overly broad, not stated with reasonable particularity and unduly burdensome, to
the extent that it seeks documents that are not relevant to any party's claims or defenses or
proportional to the needs of the case and is not limited temporally. Defendant further objects to
this Request insofar as it presumes all identified individuals are affiliated with Defendant.
Subject to and without waiving any of its objections, Defendant will produce nonprivileged
documents within its possession, custody or control dated between January 2022
through the commencement of this case, that are responsive to this request, to the extent any such
documents exist.

Nothing about this Request For Production is vague or ambiguous. Bitmain is defined in the Plaintiff's *Amended
Complaint* and Bitmain disclosed its corporate structure in its 12/13/23 Parent Corporation Disclosure (ECF 85).
When we say "Bitmain," we mean all of the companies that Bitmain owns and controls, including the following
companies: Defendant Bitmain Technologies Georgia Limited, Bitmain Delaware Holding Company, Inc., Bitmain
Switzerland AG, Bitmain Technologies Limited (China), Defendant Bitmain Technologies Holding Company
(Caymans), and Bitmain Technologies Inc.

Furthermore, in the 12/8/23 Declaration of Yiliang Guo (ECF 82-2), Mr. Guo states at para 2: "I have been employed
by Bitmain Technologies Inc. since April 2018. I am responsible for Bitmain's business development relating to data
center hosting services in the United States. In my role I serve as a primary point of contact for MineOne Wyoming
Data Center, LLC (MineOne")."

Mr. Guo also states at para 3: "...Ms. Lianfei (Haku) Du, an operations manager of MineOne Partners LLC, an affiliate
of MineOne, and my usual contact at MineOne, left me several voice messages, alerting me that Bitmain
Technologies Georgia Limited (together with its affiliates "Bitmain") was named along with MineOne..."

Furthermore, Bitmain Georgia admits at paragraph 137 in Bitmain Georgia's 12/13/23 *Answer and Affirmative
Defenses* (ECF 79) that "the Service Framework Agreement included a Form of Service Order for 9,8000 S19XP
Bitcoin mining computers with an estimated arrival date before February 25, 2023. Bitmain further admits that the
Form of Service Order designated MineOne Wyoming Data Center LLC as the 'Service Provider.' Bitmain Georgia
alleges that the Service Framework Agreement and the Form of Service Order speak for themselves." *(id.)*

We know that documents highly relevant to BCB's claims exist between your clients and Bitmain in contracts, e-mails, texts, and other communications (WeChat, WhatsApp, Discord, Telegram, or any other mobile or social messaging application). And yet, your clients did not produce a single document or communication between your clients and Bitmain, including Mr Guo, who states he is the point of contact with MineOne Wyoming and Bitmain. How is this even possible? Not a single document? Not a single email? Not a single WeChat message? Not a single contract?

By way of example, and this is not comprehensive, here are documents and communications we know exist that should be immediately produced.

- All versions and drafts of the *Service Framework Agreement* and the communications and documents related to all versions of the Service Framework Agreement. We have the redacted version of the Service Framework Agreement that we know existed as of January 2023 (see attached). When was the *SF Agreement* first conceived? Where is the communication negotiating and circulating the initial *SF Agreement* between your clients and Bitmain representatives? Where is the communication relating to subsequent drafts of the *SF Agreement*? Where is the communication relating to the final and signed SF Agreement? And, further, what other contracts and agreements exist between your clients and Bitmain? They should all be provided.

- In the heavily redacted *SF Agreement* in our possession, it states at Section 6.7 "24/7 Access by BITMAIN personnel. If there is no other specific agreement, BTMAIN or the third party designated by BITMAIN (collectively, the "O&M Service Provider") shall be responsible for the operation and maintenance of the Hosted Servers…" This begs the question: who is the O&M Service provider? Where are the documents and communications showing who is responsible for the operation and maintenance of the Hosted Services as the O&M Service Provider? Where are the Agreements with the third party designated to be the O&M Service Provider? These should all be provided. Or, did Bitmain not designate an O&M Service Provider? All documents and communications relating to the O&M Service Provider (as defined in the *SF Agreement*) should be provided.

- Our review showed you produced very few documents that referenced Bitmain in your production. But, among them, was MINEONE0010529, an email from Jiaming Li on December 15, 2022, talking about a "comprehensive partnership," around 9,000 S19 XPs (bitcoin miners), and a $8 million loan from Bitmain to your client. Where are all the documents and communications involving this "comprehensive partnership?" (we know this partnership was established under the *SF Agreement*).

- Where is all of the communication and documents relating to the thousands of bitcoin mining machines? (we know these bitcoin miners were shipped and are currently mining bitcoin). In addition to the 9,800 S19 XP bitcoin miners that were shipped to the NorthRange site in February 2023, we know that more Bitmain Antminers arrived at NorthRange site in early December 2023. And yet, you produced none of these documents and communications. Why? It should all be produced.

- Where is all the communication and documents between your clients and Bitmain regarding the $8 million loan and financing referenced in MINEONE0010529? Where is the Loan Agreement? All loan and financing documents and communications between your client and Bitmain should be produced under this request for production. This includes all of the bank statements showing the financial transactions/transfers between your clients and Bitmain.

- MINEONE0010530 - MINEONE0010553 were not produced. You produced documents bates numbered consecutively *before* MINEONE0010530 and *after* MINEONE0010553. Where are these 23 missing pages? You clearly bate stamped these 23 pages but then decided to withhold them from us for some unknown reason.. You did not provide any privilege log identifying the author, recipient, or the basis for any asserted privilege of these 23 pages. They should be produced.

- In MINEONE0004027, Jiaming Li references Campstool and Bitmain providing their hydro box. Jiaming talked about a "site plan" and "budget" regarding Campstool. We know there are documents and

communications about Bitmain and Campstool. And yet, you did not provide a single document about Campstool. Why? Please provide all of these documents.

- In MINEONE0003648, an email from Jiaming Li to Misty McPherson on 4/19/23, Jiaming Li says, "we'll have the ability to settle all the payments once we have the 7th DC on work in order to allow us to get fund from Bitmains. Hopefully, it'll coming soon!" Where is all the communication and documents involving these funds that Jiaming says were coming from Bitmain? What funds and how much came from Bitmain to your clients? All documents and communications involving the funds that came from Bitmain to your clients should be produced.

- In MINEONE0001852, an email from Tony Simpson to Jiaming Li on 6/19/23, Mr. Simpson states, "We did receive your text stating you are unable to pay further as its directly affecting you personally, until your deal with Bitmain Closes your deal, of which is understandable, System's is now and has been on board with assisting your companies, in finishing the work needed to be done." Where are the texts between Jiaming Li and Tony Simpson regarding your clients' being unable to pay further until your deal with Bitmain closes? What deal is this 6/19/23 email referring to? Please produce all documents and communications relating to this "deal" between your clients and Bitmain. Where are the documents and communications regarding System's now being 'on board with assisting your companies in finishing the work needed to be done?' Please produce all documents and communications relating to this work being done for your clients and the "deal" with Bitmain.

- In meetings between BCB and your clients, Jiaming Li stated that a "trusted contact at Bitmain" connected Mr. Zhang and CryptoKnight (and SystemsMEC). Who is the trusted contact at Bitmain that Jiaming Li is referring to? Where are the communications and documents between this "trusted contact at Bitmain" and your clients? We know they exist because someone introduced Mr. Zhang to CryptoKnight (and SystemsMEC). For clarity, Mr. Huaili "Wiley" Zhang continually represented that he worked for your clients and we have documents and communication from Erick Rengifo and Jiaming Li that say that Mr. Zhang (and "his team") were going to be the new Site Manager because Bitmain wanted BCB "completely out" and that "our major client [Bitmain] – our major partner here [Bitmain] is – is– he doesn't want you (Plaintiff BCB) to be the – the – the host and the manager." Please provide all of these documents and communications.

- We want all of the documents and communications relating to Bitmain's intent and/or interest to have BCB removed and replaced. In short, on the March 7, 2023 call, it was clear that Bitmain wanted BCB "out completely" (see 12/21/23 Affidavit of Patrick Murphy para 27-29, ECF 95-1 and the audio file of that recorded call on March 7, 2023). Given how clearly Dr. Rengifo told BCB that "our major client [Bitmain] – our major partner here [Bitmain] is – is– he doesn't want you [Plaintiff BCB] to be the – the – the host and the manager," we know that communication and documents relating to Bitmain's intent and interest to remove and replace BCB exist. All documents and communication relating to this intent and interest should be produced.

Patrick Murphy
Counsel for BCB Cheyenne, LLC
January 18, 2024

## Patrick Murphy

| | |
|---|---|
| **From:** | Patrick Murphy |
| **Sent:** | Monday, January 29, 2024 6:25 PM |
| **To:** | Paula Colbath; Sean Larson; Sarah Levitan Perry; Kari Hartman; ainman@loeb.com; Khale J. Lenhart; Pao, William K.; Feinstein, Marc |
| **Subject:** | BCB's Third Discovery Meet-and-Confer Letter to MineOne Wyoming et al |
| **Attachments:** | Attachments.html |

Good evening, Paula and Sean:

Attached please find BCB's Third Discovery Meet and Confer Letter.  Would you kindly favor me with your response to this letter by Thursday, February 1, 2024?

Thank you.

Pat Murphy



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

WPDN.NET



Patrick J. Murphy

Attorney at Law
Office: 307-265-0700
**pmurphy@wpdn.net**
159 N. Wolcott St. Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602

*PRIVILEGE NOTICE: This email message contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate it unless you are the addressee. If you have received it in error, please call (collect) immediately at (307) 265-0700 and ask to speak with the sender. Also, I would appreciate your forwarding the message back to me and deleting it from your system. Thank you.*

*FEDERAL TAX ADVICE DISCLAIMER: This email is not tax advice and is not intended for the purposes of avoiding federal tax penalties or promoting, marketing, or recommending to another party any matters addressed herein. IRS Circular 230.*

**From:** Wendy Trembath <wtrembath@wpdn.net>
**Sent:** Monday, January 29, 2024 6:20 PM
**To:** Patrick Murphy <pmurphy@wpdn.net>
**Subject:** BCB: PJM Meet and Confer Letter

| **Citrix Attachments** | Expires July 27, 2024 |
|---|---|
| 2024 01 29a PJM Meet and Confer Letter S...NED.pdf | 5.3 MB |
| 2024 01 29b Exhibit A to PJM Meet and Con...ter.pdf | 2.8 MB |

Download Attachments

Wendy Trembath uses Citrix Files to share documents securely.



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

January 29, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

Sean M. Larson
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com

Re:  Plaintiff BCB's Third Discovery Meet-and-Confer Letter [Concerning Defendants' Refusal to Answer BCB's Interrogatories]

Dear Paula and Sean:

I am writing Plaintiff's Third Discovery Meet-and-Confer letter to ask that your clients – MineOne Wyoming, Terra Crypto, and SonicHash – consent to answering a total of sixteen (16) interrogatories Plaintiff served on those Defendants in October 2023.  Assuming, for purposes of argument only, that Plaintiff BCB exhausted its allowed number of twenty-five interrogatories per Defendant with asking your three clients to state, in their answers to Interrogatory No. 1, "each and every *fact*, and each and every *reason*, which supports, or tends to support, your denial and/or qualified to each such Request for Admission," I am asking your clients to now agree to answer each of the sixteen (16) interrogatories on **Addendum A** to this Third Meet-and-Confer letter.  If your clients will not consent, by February 1, 2024, to answer the sixteen (16) interrogatories by February 16, 2024, then I will add this "Third" meet-and-confer letter to BCB's First and Second Discovery Meet-and-Confer letters to Magistrate Judge Rankin in an informal discovery conference early next week.

Summary List of Interrogatories Requested to Be Answered (*see* **Addendum A**).

- Defendant MineOne Wyoming (Interrogatories Nos. 3, 7, 8, 9, 10, 12, 13, 17, 18, 19) = 10 Answers
- Defendant Terra Crypto (Interrogatories Nos. 3, 15, 16, 18) = 4 Answers
- Defendant Sonic Hash (Interrogatories Nos. 4, 10, 12) = 3 Answers

---

T: 307-265-0700 | F: 307-266-2306 | wpdn.net | info@wpdn.net    



## A. The Background of This Discovery Request.

BCB served multiple Requests for Admission on Defendants MineOne Wyoming, Terra Crypto, and SonicHash in October 2023. Simultaneously with those Requests for Admission, BCB served each of these three Defendants with Interrogatory No. 1, which states as follows:

> **INTERROGATORY NO. 1:** If you have failed or chosen to not fully admit any of the foregoing Requests for Admission, please state each and every *fact*, and each and every *reason*, which supports, or tends to support, your denial and/or qualified admission to each such Request for Admission.

Your clients took the position that answering this interrogatory for each Request for Admission constituted a separate interrogatory, and then proceeded to provide answers to only the first twenty-five (25) requests for admission to which they did not fully admit, all as reflected in MineOne Wyoming's answers to BCB's interrogatories, selectively reproduced here in "**Exhibit A**."

Terra Crypto did the same thing.

SonicHash did the same thing.

Consequently, none of your three clients ever reached, or answered, *any* of the interrogatories that followed Interrogatory No. 1. They never answered Interrogatory Nos. 2, 3, 4, 5 etc., objecting that Interrogatory No. 1 "consists of multiple subparts, which together, exceeds the 25 interrogatory limit set forth in Rule 33." *See* "**Exhibit A**."

MineOne iterated this objection to BCB Interrogatory Nos. 2-19; Terra Crypto iterated this objection to BCB Interrogatory Nos. 2 - 19; and SonicHash iterated this objection to Interrogatory Nos. 2 - 12. Your clients refused to provide *any* answers to any of these interrogatories.

## B. Rule 33(a)(1) Allows Additional Interrogatories in the Court's Discretion.

Rule 33(a)(1) is the applicable rule. It says:

(1)     *Number*. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete sub-parts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Rules 26(b)(1) and (2) state, in applicable part, as follows:

(1)     ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any





nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

    (2)    ***Limitations on Frequency and Extent***

        (A)    When Permitted By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30,

Given the importance of the sixteen (16) interrogatories identified in **Addendum A**, the millions of dollars in controversy, your clients' counterclaims for "not less than $44 million," BCB needs your clients to answer these sixteen (16) interrogatories – ten (10) to MineOne Wyoming; four (4) to Terra Crypto; and only three (3) to SonicHash.

### C. BCB Has Narrowed Its Needed Interrogatories to the Sixteen (16) Interrogatories Identified in Addendum I.

BCB and its trial counsel have greatly narrowed the interrogatories it needs your three clients to answer. BCB has identified the interrogatories which go to the central issues in this case. Those selected interrogatories are set forth below, together with your clients' 12/20/2023 objections to these interrogatories. These are the *only* interrogatories BCB is asking your three clients to answer by February 16, 2024.

### CONCLUSION

Please let me know, by this Thursday, February 1, 2024, if your clients will (a) consent to answering these sixteen (16) interrogatories by February 16, 2024, or (b) maintain their objections to answering these interrogatories, thus forcing us to seek from Judge Rankin his permission to serve these "excess" interrogatories on your clients. If February 16, 2024 is not workable for your clients, could you please provide an alternative date before March 1, 2024 that your clients could submit their sworn answers to these sixteen (16) interrogatories. Thank you, Paula and Sean.





WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Sincerely,

Patrick J. Murphy

cc: Scott Murray





Patrick J. Murphy's 1/29/2024
Third Meet-and-Confer Letter
To: Paula Colbath and Sean Larson

# Addendum A - List of Interrogatories To Be Answered

- **Defendant MineOne Wyoming  (Interrogatories Nos. 3, 7, 8, 9, 10, 12, 13, 17, 18, 19)**

**INTERROGATORY NO. 3:** Please identify, with specificity, each and every fact, and each and every document, you and your attorneys had, as of September 29, 2023, to support each and all of the allegations in your Third Counterclaim for alter ego liability against the seven members of Plaintiff BCB Cheyenne LLC. Note: when answering this interrogatory, please focus your facts and analysis on the four statutory factors in Wyo. Stat. 17-29-304(c)(i- iv).

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney client privilege or attorney work-product doctrine. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 7:** Please identify, with specificity, each and every fact, and each and every document, and each and every communication, between you and Bitmain involving the SF AGREEMENT and any other agreements between you and Bitmain pertaining to site operations, management, and hosting at North Range, Campstool, and any other bitcoin mining site.

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

 



**INTERROGATORY NO. 8:** Please identify, with specificity, each and every fact, and each and every document, and each and every communication, that demonstrates BCB did not do "all reasonable activities within its control to enable MineOne and other users of the Facilities to conduct digital currency mining activities in a proper and timely manner to ensure that CFCO occurred not later than 31 October 2022." Note: When answering this interrogatory, please consider the contractual obligations between you and CEGEN under your SIMPLIFIED PURCHASE ORDER AGREEMENT, FIRST AMENDMENT TO THE SIMPLIFIED PURCHASE ORDER AGREEMENT, AND MATERIAL CONTRACT AGREEMENT, and between you and Shermco under your CONSULTING MANAGEMENT MASTER SERVICE AGREEMENT, ELECTRICAL INSTALL AGREEMENT, AND CONSTRUCTION MANAGEMENT AGREEMENT, and Black Hills Energy which indicated the construction of its facilities were not completed for you until February 22, 2023.

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent it seeks information in the possession of a party other than Defendant. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory as premature as discovery remains ongoing and as a result, Defendant's response to this Interrogatory may require modification at a later date. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 9:** Please identify, with specificity, each and every fact, and each and every document, and each and every communication, showing you ever notified BCB of any breach of contract or any contractual performance failure by BCB in connection with the DHS AGREEMENT prior to filing your ANSWER, DEFENSES, AND COUNTERCLAIMS on July 7, 2023. Note: when answering this interrogatory, please focus your facts and analysis in consideration of the contractual obligations between you and CEGEN under your SIMPLIFIED PURCHASE ORDER AGREEMENT, FIRST AMENDMENT TO THE SIMPLIFIED PURCHASE ORDER AGREEMENT, AND MATERIAL CONTRACT AGREEMENT, and between you and Shermco under your CONSULTING MANAGEMENT MASTER SERVICE

 



AGREEMENT, ELECTRICAL INSTALL AGREEMENT, AND CONSTRUCTION MANAGEMENT AGREEMENT, and between you and Black Hills Energy (Cheyenne Light, Power and Fuel Company) under the BCIS AGREEMENT.

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 10:** Please identify, with specificity, each and every fact, and each and every word in the DHS AGREEMENT, showing BCB had contractual obligations to you to procure needed construction materials; provide construction management services; provide professional engineering services; provide electrical install services to construct for you and deliver to you 10 fully operational data centers for the purposes of mining Bitcoin, and that BCB was in any way the responsible party to ensure these services and obligations (listed in this Interrogatory) were to be provided and delivered to you by BCB by an agreed upon date (between you and BCB).

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 12:** Please identify, with specificity, each and every fact, and each and every document, contract, and payment that supports any belief you have that there were

 



any companies or individuals involved in Phase I of North Range that were BCB Subcontractors under 6.3 of the DHS AGREEMENT. Note: when answering this interrogatory please provide the names of any entities you believe were BCB Subcontractors – that BCB hired directly and contracted with directly – and identify the contract that exists between BCB and any such entity, and the payments made by BCB to any such entity you claim to be a BCB Subcontractor (as defined under section 6.3 of the DHS AGREEMENT).

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent it seeks information from a party other than Defendant. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of Discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 13:** Please identify and provide each and every contract, and each and every payment, that you had, have, or made with another company or individual (i.e. your contractors) for materials and/or services, or both materials and services, involving Phase 1, Phase 2, and expansions at North Range, and Phase 1, Phase 2, and expansions at Campstool.

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 17:** Please identify, with specificity, each and every fact, document, communication, and calculation that supports your Rule 26 damages calculation of $44,516,065.00. Note: when answering this interrogatory, please address each of the "categories of damages" that you listed in your 9/15/23 DEFENDANTS' RULE 26(A)(1) INITIAL

 



DISCLOSURE that you claim are "specific damages due to the actions of Plaintiff as reflected in the claims and allegations made in their Counterclaims as follows:"

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney/client privilege or attorney work-product doctrine. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 18:** Please identify, with specificity, each and every fact, document, communication, and calculation that you used to support your conclusion that your claimed damages are "appropriate compensation for damages under the claims made in Defendants' Counterclaims'" (DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE, pg. 8).

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 19:** If you believe, contend or even suspect that Plaintiff has caused you damages from "diminution of goodwill/business reputation, loss of profits, financial penalties and other special, general, and/or compensatory damages" (DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE, pg. 7), then please identify, with detail, what documents, communication, contracts, and communication support your belief, contention, or suspicion.

**DEFENDANT MINEONE WYOMING'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous

 



insofar as "with detail" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

- **Defendant Terra Crypto (Nos. 3, 15, 16, 18)**

**INTERROGATORY NO. 3:** Please identify, with specificity, each and every fact, document, communication, and any activity, including the date of that activity, that you performed to ensure building the facilities (at North Range) were developed in a timely manner.

**DEFENDANT TERRA CRYPTO INC'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory as it is vague and ambiguous insofar as "with specificity" and "developed" are not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 15:** Please identify, with specificity, each and every fact, document, contract, calculation and communication involving the three options that Erick Rengifo presented in his financial analysis and calculations during the April 4, 2022 Zoom teleconference with Michael Murphy concerning the value of the BCIS AGREEMENT power usage, the value and buy-out price of the bitcoin mining projects at North Range and Campstool, and the payout model (80/20 split) between BCB and Terra. [Note: when you respond to this interrogatory, please direct your response to documents pertaining to the three options Erick Rengifo identified and/or proposed (in his response to the two options BCB proposed on March 28, 2022), namely, (1) "OPT 1 All Done By Wyoming Guys," (2) "OPT 2 $8.9 m" (million) (i.e., the upfront cash buy-out price for the entire project), and (3) "OPT 3" Erick Rengifo's calculations and proposed 80/20 split (as later agreed upon and memorialized in the CS AGREEMENT).

**DEFENDANT TERRA CRYPTO INC'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule

 



33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 16:** Please explain in detail the new model of financial payouts/payments, and the amounts of the payouts/payments, being made to Terra Crypto, Inc. for any consulting or work services being provided by Terra Crypto, Inc. and "Wiley's team" at the North Range site and Campstool site, including what work is being performed by Terra Crypto, Inc. and Wiley's team. [Note: This request is for a detailed explanation of the arrangement that Terra Crypto, Inc. currently has with MineOne Wyoming, MineOne Partners, Bit Origin, Mr. Zhang, and Bitmain, where, as here with BCB, under the CS AGREEMENT Terra Crypto Inc. was going to be paid "20% on a penny" during Phase 2. Then, per the March 7, 2023 Google Meet teleconference and the proposed "AMENDMENT" (i.e., new contract) to the DHS AGREEMENT sent by Jiaming Li on March 13 2023, "Wiley and his team..accepted .55 cent" and Terra Crypto Inc. was going to be paid 20% of the .55 cent (i.e., 11% on a penny). We do not know the current financial arrangement. Please explain the new model in place, which companies and individuals are involved, and what financial payouts/payments have been made to date and expected in the future.

**DEFENDANT TERRA CRYPTO INC'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "in detail," "detailed explanation," "new model of financial payouts/payments," and "Wiley's team" are not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

 



Patrick J. Murphy's 1/29/2024
Third Meet-and-Confer Letter
To: Paula Colbath and Sean Larson

**INTERROGATORY NO. 18:** Please identify, with specificity, each and every fact, document, contract, calculation and communication involving Erick Rengifo's calculations and financial modeling for Phase 2 payouts under the DHS AGREEMENT and CS AGREEMENT. [Note: this interrogatory should include all documents and communications involving Erick Rengifo's calculations, modeling and valuations of (i) the work BCB performed to secure the opportunity to build a bitcoin mine of at least 75MW, including but not limited to (a) winning BHE's RFP for BCIS power, (b) negotiating and signing its BCIS AGREEMENT with BHE, (c) negotiating and signing a purchase contract for the North Range Property, and (d) negotiating and signing a purchase contract for the Campstool Property and (ii) the value attributable to an unrelated third party host and operator operating the site in an arm's length transaction, and (iii) the structure of the performance incentives for BCB, the likelihood of BCB achieving one or more of them, and the value associated with them].

**DEFENDANT TERRA CRYPTO INC'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

- **Defendant Sonic Hash (Nos. 4, 10, 12)**

**INTERROGATORY NO. 4:** Please describe in detail why you have moved all of your bitcoin mining computers to the North Range site (from Georgia and Indiana). [Note: your answer to this question should address relevant bitcoin mining issues including power agreements at other bitcoin mining sites, the cost of power at other sites relative to North Range, available rackspace at other sites, benefits of having your miners at the North Range site, uptime performance of the bitcoin mining computers, etc.]

**DEFENDANT SONIC HASH'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant

 



Patrick J. Murphy's 1/29/2024
Third Meet-and-Confer Letter
To: Paula Colbath and Sean Larson

further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "in detail" and "bitcoin mining issues" are not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory insofar as it relies on the presumption of certain facts which have not been established.

**INTERROGATORY NO. 10:** Please provide all records, documents, public bitcoin wallets addresses, and an accounting of all the bitcoin that you currently hold in each cold storage wallet(s), hot wallet(s), on exchanges and/or any other locations. [Please note, this interrogatory is requesting a ledger showing the holdings of your "Bitcoin Treasury" and explaining how much bitcoin you (or your parent company, Bit Origin) currently owns and where you are holding it in your possession.]

**DEFENDANT SONIC HASH'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "an accounting" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information from a party other than Defendant. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory to the extent it seeks commercially sensitive or confidential information without the entry of a suitable protective order in this case On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 12:** Please provide the names of any entities containing common ownership and/or membership interest and/or management and/or control in any amount of any entity by and/or between Bing Liu, Huiley 'Wiley' Zang, Lucas Wang, Cho 'Jack' Zhu, Chong Wang, Jiaming Li, Lianfei Du, Erick Rengifo, and Haku Du. [Please note, this interrogatory is requesting a list showing any and all entities the aforementioned persons, whether individually or through an entity, in any combination of two or more, or as a whole have a common ownership and/or member interest in and/or management of or control in any entity of any amount, no matter how insignificant, as either or both an individual or an entity.]

 



**DEFENDANT SONIC HASH'S OBJECTION:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as it is not susceptible to a reasonable interpretation. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information from a party other than Defendant. On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.

 

# EXHIBIT

# A

Sean Larson, Wyo. Bar #7-5112
Kari Hartman
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath
Sarah Levitan Perry
Alex Inman
LOEB & LOEB LLP
345 Park Avenue
New York, NY  10154
212-407-4000
212-407-4990 (Fax)
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) |
| | Civil Action No. 23-CV-79-ABJ |
| Plaintiff, | ) ) |
| v. | ) ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **DEFENDANT MINEONE WYOMING DATA CENTER, LLC'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS** |
| Defendant. | ) |

17.     Defendant's failure to object to any specific Interrogatory, Definition or Instruction, or any statement that Defendant will provide information in response to a specific Interrogatory, is not an admission or representation that Defendant has any responsive or relevant information within its possession, custody, or control.

18.     Defendant's failure to object to an Interrogatory on a particular ground shall not be construed as a waiver of Defendant's right to object on that ground, or any additional ground at any time.

19.     Defendant is hereby providing substantive responses to the Interrogatories as required by the Court.  Defendant's collection of information that may be responsive or relevant to the Interrogatories is continuing and, therefore, Defendant reserves the right to supplement or modify its responses and objections to the Interrogatories if and when it discovers any additional responsive, non-privileged information adduced, disclosed, or developed through discovery or further investigation, as well as to assert additional general and specific objections not contained herein.

20.     Defendant's counsel is prepared to meet and confer in good faith as to any and all of the objections herein asserted.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** If you have failed or chosen to not fully admit any of the foregoing Requests for Admission, please state each and every *fact*, and each and every *reason*, which supports, or tends to support, your denial and/or qualified admission to each such Request for Admission.

**ANSWER:**  Defendant objects to this Interrogatory as consisting of multiple subparts, which together, exceed the 25 interrogatory limit set forth in Rule 33.  Defendant further objects

276

to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Interrogatory as premature as discovery remains ongoing and as a result, Defendant's response to this Interrogatory may require modification at a later date.

Subject to and without waiving any of its objections, Defendant is providing a response to the first 25 subparts of this Interrogatory pertaining to the first 25 Requests for Admission that were not fully admitted as follows:

- RFA 5: Defendant clarified its admission to this RFA because discovery remains ongoing and Defendant does not have total insight into Plaintiff's business. At this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated.

- RFA 6: Defendant clarified its admission to this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions or the bidding process with Black Hills Energy. At this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated.

- RFA 7: Defendant clarified its admission to this RFA and otherwise lacks knowledge to enable it to admit or deny the remainder of the RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions or the bidding process with Black Hills Energy. At this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated.

- RFA 8: Defendant clarified its admission to this RFA because it impermissibly seeks a legal conclusion. As a factual matter, Defendant admitted that the purpose of Plaintiff's agreement with Black Hills Energy was to provide electricity to operate the North Range and Campstool mining sites.

277

- RFA 9: Defendant clarified its admission to this RFA to clarify that while Plaintiff's math in the RFA is correct, it does not reflect the amounts charged for power at the North Range or Campstool mining sites.

- RFA 10: Defendant does not possess a copy of the Second Amendment to the BCIS Agreement and thus, cannot admit or deny that portion of the RFA.

- RFA 13: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into Black Hills Energy's business.

- RFA 14: Defendant clarified its admission to this RFA because for the time Defendant presumes Plaintiff is inquiring about in the RFA, the North Range site was not built or operational. The planned mine had the potential to be the largest Bitcoin mine in Wyoming, but it was not yet.

- RFA 15: Defendant denied this RFA because there are many Bitcoin mines in the United States that are larger than the planned mining sites at North Range and Campstool.

- RFA 16: Defendant denied a portion of the RFA because Defendant had Plaintiff renegotiate and amend its agreement with Black Hills Energy so the terms of the original agreement are not those that ultimately governed the electricity supplied or committed for North Range or Campstool.

- RFA 17: Defendant denied the RFA because Defendant had Plaintiff renegotiate and amend its agreement with Black Hills Energy so the terms of the original agreement are not those that ultimately governed the electricity supplied or committed for North Range or Campstool.

- RFA 18: Defendant clarified its admission to this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions. At this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated. In addition, Defendant does not admit that Plaintiff in fact procured each of the things itemized in the RFA.

- RFA 20: Defendant clarified its admission to this RFA because discovery remains ongoing and at this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated.

- RFA 21: Defendant denied this RFA because the prices which Plaintiff initially negotiated with Black Hills Energy were not conducive to operating a Bitcoin mine. Defendant had Plaintiff renegotiate and amend its agreement with Black Hills Energy so the rates could support the operation of a Bitcoin mining business.

278

- RFA 24: Defendant denied this RFA because there may have been other opportunities which Defendant could have pursued in Wyoming without Plaintiff's involvement.

- RFA 25: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions.

- RFA 26: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions.

- RFA 27: Defendant clarified its admission to this RFA because discovery remains ongoing and at this point in time, Defendant only knows what Plaintiff told Defendant, which has not been corroborated.

- RFA 28: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions.

- RFA 29: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions.

- RFA 31: Defendant clarified its admission to this RFA because the RFA is unclear as to the time period or "opportunity" to which it refers.

- RFA 32: Defendant clarified its admission to this RFA to use the precise language Dr. Li used in his March 26, 2022 email.

- RFA 33: Defendant clarified its admission to this RFA because Defendant is unable to confirm the date BCB offered the options of a joint venture or a buyout.

- RFA 34: Defendant clarified its admission to this RFA because it presumes there were only two options available to Defendant to reach a deal with BCB and that BCB's consent and/or agreement was not required.

- RFA 35: Defendant is not in a position to admit or deny this RFA because discovery remains ongoing and Defendant does not have insight into all of Plaintiff's actions. In addition, Defendant lacks complete information to respond to this hypothetical.

237924329.3
241515-10003

**INTERROGATORY NO. 2:** Describe in detail the factual basis, or bases, for each denial and affirmative defense MineOne Wyoming asserts in its Answer to BCB's First Amended Complaint in this case, and list each witness and document which you claim supports the same.

**ANSWER:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "in detail" is not defined. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not stated with reasonable particularity, to the extent that it seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Interrogatory as premature as discovery remains ongoing and as a result, Defendant's response to this Interrogatory may require modification at a later date.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 3:** Please identify, with specificity, each and every fact, and each and every document, you and your attorneys had, as of September 29, 2023, to support each and all of the allegations in your Third Counterclaim for alter ego liability against the seven members of Plaintiff BCB Cheyenne LLC. Note: when answering this interrogatory, please focus your facts and analysis on the four statutory factors in Wyo. Stat. 17-29-304(c)(i- iv).

237924329.3
241515-10003

**ANSWER:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 4:** If you believe, contend or even suspect that James Quid was not a citizen of Illinois when Plaintiff filed its May 3, 2023 Complaint in the Wyoming federal district court, then please state each and every fact, and each and every factor, which supports, or tends to support, your belief, contention or suspicion.

**ANSWER:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory to the extent it seeks information in the possession of a party other than Defendant. Defendant further objects to this Interrogatory as premature as discovery remains ongoing and as a result, Defendant's response to this Interrogatory may require modification at a later date.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 5:** If you believe, contend or even suspect that Tim Desrochers was not a citizen of Colorado when Plaintiff filed its May 3, 2023 Complaint in the Wyoming

237924329.3
241515-10003

on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 18:** Please identify, with specificity, each and every fact, document, communication, and calculation that you used to support your conclusion that your claimed damages are "appropriate compensation for damages under the claims made in Defendants' Counterclaims'" (*DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE, pg. 8).*

**ANSWER:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with specificity" is not defined. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

**INTERROGATORY NO. 19:** If you believe, contend or even suspect that Plaintiff has caused you damages from "diminution of goodwill/business reputation, loss of profits, financial penalties and other special, general, and/or compensatory damages" (*DEFENDANTS' RULE*

*26(A)(1) INITIAL DISCLOSURE, pg. 7),* then please identify, with detail, what documents, communication, contracts, and communication support your belief, contention, or suspicion.

**ANSWER:** Defendant objects to this Interrogatory, and each of its subparts, as in excess of the 25 interrogatory limit set forth in Rule 33. Defendant further objects to this Interrogatory on the grounds that it is vague and ambiguous insofar as "with detail" is not defined. Defendant further objects to this Interrogatory to the extent that it seeks information that can be obtained more efficiently or cost effectively through other means of discovery. Defendant further objects to this Interrogatory because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

On the basis of the foregoing objections, Defendant will not provide a response to this Interrogatory.

## GENERAL OBJECTIONS TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. Defendant objects to each Request and the "Definitions" and "Definitions and Requirements" applicable thereto, to the extent they purport to expand or otherwise modify the scope of discovery permissible under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Wyoming, or any other applicable rules or laws.

2. Defendant objects to each Request to the extent that it seeks information that is not relevant to any party's claims or defenses, and to the extent that it is not proportional to the needs of the case.

3. Defendant objects to each Request to the extent that it calls for the disclosure of documents that were prepared in anticipation of litigation or trial or otherwise constitutes attorney work product, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules. Defendant hereby asserts such privileges and

237924329.3
241515-10003

Subject to and without waiving any of its objections, Defendant is producing non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.

**DATED** this 20th day of December, 2023.

HATHAWAY & KUNZ, LLP

By: */s/ Sean Larson*
Sean Larson, Esq.
Kari Hartman, Esq.
2515 Warren Ave, Suite 500
Cheyenne, WY 82003
Telephone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

LOEB & LOEB LLP

By: */s/ Paula K. Colbath*
Paula K. Colbath, Esq. (*Pro Hac Vice*)
Sarah Levitan Perry, Esq. (*Pro Hac Vice*)
Alex Inman, Esq. (*Pro Hac Vice*)
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendant*
*MineOne Wyoming Data Center LLC*

315

DATED this __20___ day of December, 2023.

MINEONE WYOMING DATA CENTER
LLC, DEFENDANT

By: _____
[JIAMING LI], MineOne Wyoming Data
Center LLC
[PRESIDENT] for MineOne Wyoming Data
Center LLC

Beijing
China

I, JIAMING LI, PRESIDENT for MineOne Wyoming Data Center LLC, being duly
sworn, depose and say as follows: I am authorized to sign this document on behalf of MineOne
Wyoming Data Center LLC. I have read the foregoing Answers to Interrogatories, know the
contents thereof, and the facts set forth therein are true to the best of my knowledge.

Jiaming Li, President_____
_____, MineOne
Wyoming Data Center LLC

The above and foregoing instrument was acknowledged before me by
_____this 20 _____ day of December, 2023.

Witness my hand and official seal.

Notary Public

My Commission Expires:

_____December 31, 2030___

DEFENDANT MINEONE WYOMING DATA CENTER, LLC'S AMENDED RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST COMBINED DISCOVERY REQUESTS

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of December, 2023, the undersigned served a true and correct copy of the foregoing as follows:

Patrick J. Murphy                                [  ] CM/ECF
Scott C. Murray                                 [  ] U.S. Mail
Williams, Porter, Day & Neville, P.C.        [  ] Fax:  307-672-8955
159 N. Wolcott., Suite 400                   [ ✓ ] Email: pmurphy@wpdn.net
Casper, WY 82601                                  smurray@wpdn.net

*/s/ Sarah Levitan Perry*

316

237924329.3
241515-10003