# EXHIBIT 6

## Patrick Murphy

| | |
|---|---|
| **From:** | Paula Colbath <pcolbath@loeb.com> |
| **Sent:** | Friday, February 23, 2024 10:21 AM |
| **To:** | Patrick Murphy; Marc Gottlieb |
| **Cc:** | Sean Larson; Kari Hartman; Sarah Levitan Perry; Leily Lashkari; Alex Inman; David Forrest; Antoinette Pepper; Maribel Gill |
| **Subject:** | RE: Pat Murphy's Post-Conferral E-mail on the Proposed Additional Interrogatories to MineOne and Terra Crypto |

Pat:  Thank you for sending your revised interrogatories last night following our morning meet and confer.

Obviously, when you review each of your "17" additional interrogatories, you can't help but recognized that many of them are multiple interrogatories in one, when you take into account -- as you must -- the subparts (see F.R.C.P. 33).  Indeed, your purported "17" interrogatories equate to upwards of 100 interrogatories.  Furthermore, by framing most of your interrogatories to demand an identification of "each document and communication", "any document", "each and every fact, document, communication", you have not limited your interrogatories to principal or material facts and communications, which is a fatal flaw.  In addition, most of your additional interrogatories seek information that is cumulative and duplicative of information and documents sought by your Requests for Admission and Requests for Documents.  We reserve our right to assert new and additional objections (such as what is meant by the "Wylie team", etc.), should the Court direct us to respond to any additional interrogatories.

That said, we are agreeable to answer the following additional interrogatories, so long as we have until 3/20 to do so (I will be out of the office traveling from 3/8- 17, returning to the office on 3/18):  MineOne Wyoming – 3, 10, 20; Terra Crypto – 20, 21.  I would additionally note that we will be designating a damages expert, who will submit a report with the information you generally seek via your MineOne Wyoming Interrogatories 17 and 19, so we request that you withdraw those 2 interrogatories (without prejudice to serving them later in the case) until you have fully reviewed his damage report and you have taken his deposition.

Hope you are feeling better with your kidney stone situation and that you are getting relief.  Enjoy your weekend.

Regards,
Paula



**Paula Colbath**
*Partner*

345 Park Avenue | New York, NY 10154
Direct Dial: 212.407.4905 | Fax: 212.407.4990 | E-mail: pcolbath@loeb.com
Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com


Mansfield Rule
Certified 2022-2023

1

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

**From:** Patrick Murphy <pmurphy@wpdn.net>
**Sent:** Thursday, February 22, 2024 7:27 PM
**To:** Paula Colbath <pcolbath@loeb.com>; Marc Gottlieb <msg@orllp.legal>
**Subject:** Pat Murphy's Post-Conferral E-mail on the Proposed Additional Interrogatories to MineOne and Terra Crypto

Dear Paula and Marc:

Thank you for our conferral conference by Zoom this morning about BCB's proposed additional interrogatories to the MineOne and Terra Crypto Defendants. At the end of our conferral call, you asked that I send you my "revised" interrogatories and revisions which reflect my concessions with these original 17 additional interrogatories.

Here goes-

1. Last night, before our Zoom call this morning, I emailed you and Marc Gottlieb, new counsel for Bit Origin and SonicHash, that BCB was withdrawing the only two proposed additional interrogatories to SonicHash. This was part of my effort to compromise on what I would ask Judge Rankin to order be answered.

2. Attached please find my purple-lined version of my various concessions with respect to the proposed interrogatories.

3. I removed what you felt was objectionable language in Interrogatory No. 3 to MineOne.

4. I withdrew Interrogatory No. 18 to MineOne.

5. I deleted what you felt was the objectionable language in Interrogatory No. 19 to MineOne.

6. You were very critical about the entire interrogatory No. 16 to Terra Crypto. So I withdrew Interrogatory No. 16 (as it was written), and made it much simpler with a replacement Interrogatory No. 16.

7. I added a new Interrogatory No. 22 to Terra Crypto.

Finally, with respect to Interrogatory No. 15 to Terra Crypto, Paula (not Marc) accused my client, BCB, of surreptitiously recording all of its calls with her clients. That is absolutely untrue. BCB did record the March 7, 2023 GoogleMeet video call with Erick Rengifo, but only after BCB obtained Erick Rengifo's consent to do so – and before they got into the substance of that call – to record it. You should confirm that with Dr. Rengifo before you ever make such wrongful accusations again, Paula.

I visited with BCB about the specifics of the April 4, 2022 Zoom video call between Michael Murphy and Dr. Rengifo, in which Dr. Rengifo presented his deal counter-offer for BCB. On the Zoom video call, Dr. Rengifo shared his computer screen (while he was presenting and explaining his counter-offer) so that Michael Murphy could see Dr. Rengifo's computer screen. Michael Murphy took a screenshot of what Dr. Rengifo had drawn on his screen (so Murphy could later brief his BCB partners on what Dr. Rengifo had proposed). BCB did not record that April 4, 2022 Zoom call. It was just a single screenshot, Paula, and it was done with the intention of

2

accurately conveying to Michael Murphy's BCB partners what Dr. Rengifo had proposed. And, yes, we will be supplementing our production to provide you and all counsel with that April 4, 2022 screenshot.

These, then, as amended, are the interrogatories BCB will be asking Judge Rankin to allow be served on MineOne and Terra Crypto.

Finally, as I recall it this morning, you are going to reply to this e-mail and (1) tell us which interrogatories MineOne and Terra Crypto will agree to answer, and (2) state your objections to the other interrogatories, or at least inform us of which interrogatories your clients will not voluntarily agree to answer.

And I will be attaching this e-mail – with the red-lined version of the interrogatories – to the Court with BCB's motion to compel discovery tomorrow.

Thank you, Paula and Marc. Good evening to each of you.

Pat Murphy




WILLIAMS, PORTER, DAY & NEVILLE PC
Wyoming's Law Firm

WPDN.NET

Patrick J. Murphy

Attorney at Law
Office: 307-265-0700
pmurphy@wpdn.net
159 N. Wolcott St. Suite 400 (82601)
P.O. Box 10700
Casper, WY 82602

PRIVILEGE NOTICE: This email message contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate it unless you are the addressee. If you have received it in error, please call (collect) immediately at (307) 265-0700 and ask to speak with the sender. Also, I would appreciate your forwarding the message back to me and deleting it from your system. Thank you.

FEDERAL TAX ADVICE DISCLAIMER: This email is not tax advice and is not intended for the purposes of avoiding federal tax penalties or promoting, marketing, or recommending to another party any matters addressed herein. IRS Circular 230.

This email has been scanned for spam and viruses. Click here to report this email as spam.

- **Defendant MineOne Wyoming (Interrogatories Nos. 3, 7, 8, 10, 12, 17, 18, 19, 20)**

**INTERROGATORY NO. 3:** Please describe the factual bases ~~and foundation~~ that you ~~and your attorneys~~ had, as of September 29, 2023, to support the allegations in your Third Counterclaim for alter ego liability against the seven members of Plaintiff BCB Cheyenne LLC.

**INTERROGATORY NO. 7:** Please identify each document and communication between you and anyone at Bitmain relating to the Service Framework Agreement ("SF AGREEMENT"), financing or loan documents, and any other agreements between you and Bitmain pertaining to site operations, management, and hosting at the North Range and Campstool bitcoin mining sites.

**INTERROGATORY NO. 8:** Please identify each document and communication that demonstrates BCB did not do "all reasonable activities within its control to enable MineOne and other users of the Facilities to conduct digital currency mining activities in a proper and timely manner to ensure that CFCO occurred not later than 31 October 2022." (*see* DHS AGREEMENT at 6.2(d)).

**INTERROGATORY NO. 10:** Please identify where in the DHS AGREEMENT it shows that BCB had any contractual obligation to you to procure needed construction materials; provide construction management services; provide professional engineering services; provide electrical install services to construct for you and deliver to you 10 fully operational data centers for the purposes of mining Bitcoin, and that BCB was the responsible party to ensure these services and obligations (listed in this Interrogatory) were to be provided and delivered to you by BCB by an agreed upon date.

**INTERROGATORY NO. 12:** Please identify any document or communication that supports, or tends to support, any contention that there were any companies or individuals involved in Phase I of North Range that were BCB Subcontractors under 6.3 of the DHS AGREEMENT. Note: when answering this interrogatory please provide the names of any entities you believe were BCB Subcontractors – that BCB hired directly and contracted with directly – and identify the contract that exists between BCB and any such entity, and the payments made by BCB to any such entity you claim to be a BCB Subcontractor.

**INTERROGATORY NO. 17:** Please identify each document, communication, and calculation that supports your Rule 26 damages calculation of $44,516,065.00. Note: when answering this interrogatory, please address each of the "categories of damages" that you listed in your 9/15/23 DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE that you claim are "specific damages due to the actions of Plaintiff as reflected in the claims and allegations made in their Counterclaims as follows:"

~~**INTERROGATORY NO. 18:** Please identify, with specificity, each and every fact, document, communication, and calculation that you used to support your conclusion that your claimed damages are "appropriate compensation for damages under the claims made in Defendants' Counterclaims'" (DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE, pg. 8).~~

**INTERROGATORY NO. 19:** If you believe, contend ~~or even suspect~~ that Plaintiff has caused you damages from "diminution of goodwill/business reputation, loss of profits, financial penalties and other special, general, and/or compensatory damages" (DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURE, pg. 7), then please identify what documents, communication, contracts, and communication support your belief, contention, or suspicion.

**INTERROGATORY NO. 20:** Please describe all the steps that you took to assure that all of your employees and representatives that have been working at the North Range site have legal working and living status in the United States.

- **Defendant Terra Crypto (Nos. 3, 15, 16, 18, 20, 21)**

**INTERROGATORY NO. 3:** Please describe and identify any evidence, including but not limited to any activity (and the date of that activity) that shows or tends to show that you performed "to ensure building the facilities [North Range site] were developed in a timely manner" (see CONSULTANCY SERVICES AGREEMENT ("CS Agreement") at 1.2(b)).

**INTERROGATORY NO. 15:** Please identify any communication involving the three options that Erick Rengifo presented in his financial analysis and calculations during the April 4, 2022 Zoom teleconference with Michael Murphy concerning the value of the BCIS AGREEMENT power usage, the value and buy-out price of the bitcoin mining projects at North Range and Campstool, and the payout model (80/20 split) between BCB and Terra. [Note: when you respond to this interrogatory, please direct your response to documents pertaining to the three options Erick Rengifo identified and/or proposed (in his response to the two options BCB proposed on March 28, 2022), namely, (1) "OPT 1 All Done By Wyoming Guys," (2) "OPT 2 $8.9 m" (million) (i.e., the upfront cash buy-out price for the entire project), and (3) "OPT 3" Erick Rengifo's calculations and proposed 80/20 split (as later agreed upon and memorialized in the CS AGREEMENT).

~~**INTERROGATORY NO. 16:** Please explain in detail the new model of financial payouts/payments, and the amounts of the payouts/payments, being made to Terra Crypto, Inc. for any consulting or work services being provided by Terra Crypto, Inc. and "Wiley's team" at the North Range site and Campstool site, including what work is being performed by Terra Crypto, Inc. and Wiley's team~~

~~. [Note: This request is for a detailed explanation of the arrangement that Terra Crypto, Inc. currently has with MineOne Wyoming, MineOne Partners, Bit Origin, Mr. Zhang, and Bitmain, where, as here with BCB, under the CS AGREEMENT Terra Crypto Inc. was going to be paid "20% on a penny" during Phase 2. Then, per the March 7, 2023 Google Meet teleconference and the proposed "AMENDMENT" (i.e., new contract) to the DHS AGREEMENT sent by Jiaming Li on March 13 2023, "Wiley and his team...accepted .55 cent" and Terra Crypto Inc. was going to be paid 20% of the .55 cent (i.e., 11% on a penny). We do not know the current financial arrangement. Please explain the new model in place, which companies and individuals are involved, and what financial payouts/payments have been made to date and expected in the future.~~

**INTERROGATORY NO. 16:** Please explain the new model of financial payouts/payments, and the amounts of the payouts/payments, being made to Terra Crypto, Inc. for any consulting or work services being provided by Terra Crypto, Inc. and "Wiley's team" at the North Range site and Campstool site.

**INTERROGATORY NO. 18:** Please identify any communication involving Erick Rengifo's calculations and financial modeling for Phase 2 payouts under the DHS AGREEMENT and CS AGREEMENT. [Note: this interrogatory should include all documents and communications involving Erick Rengifo's calculations, modeling and valuations of (i) the work BCB performed to secure the opportunity to build a bitcoin mine of at least 75MW, including but not limited to (a) winning BHE's RFP for BCIS power, (b) negotiating and signing its BCIS AGREEMENT with BHE, (c) negotiating and signing a purchase contract for the North Range Property, and (d) negotiating and signing a purchase contract for the Campstool Property and (ii) the value attributable to an unrelated third party host and operator operating the site in an arm's length transaction, and (iii) the structure of the performance incentives for BCB, the likelihood of BCB achieving one or more of them, and the value associated with them].

**INTERROGATORY NO. 20:** Please identify your ownership structure (i.e., the names of your shareholders) and his/her/its percentages of ownership at all times between June 1, 2022 and February 10, 2024.

**INTERROGATORY NO. 21:** Please describe for how long and with what frequency Jiaming Li and Erick Rengifo have utilized their Universal Capital Global Holdings, Inc. email accounts (rengifo@ucholding.com and jiam@ucholding.com) to communicate about the North Range and Campstool sites.

**INTERROGATORY NO. 22:** Please explain the work being performed by Terra Crypto, Inc. and "Wiley's team" at the North Range site and Campstool site. [Note, in your response please reference the contract(s)/agreement(s) that Terra Crypto Inc is a party to relating to the work/services Terra Crypto, Inc. and Wiley's team are providing in connection with the North Range and Campstool sites].

- ~~Defendant Sonic Hash (Nos. 4, 10)~~

~~**INTERROGATORY NO. 4:** Please describe why you have moved all of your bitcoin mining computers to the North Range site (from Georgia and Indiana).~~

~~**INTERROGATORY NO. 10:** Please identify the public bitcoin wallets addresses, and an accounting of all the bitcoin that you currently hold in each cold storage wallet(s), hot wallet(s), on exchanges and/or any other locations. [Please note, this interrogatory is requesting a ledger showing the holdings of your "Bitcoin Treasury" and explaining how much bitcoin you (or your parent company, Bit Origin) currently owns and where you are holding it in your possession.]~~