Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLC
345 Park Avenue
New York, NY 10154
212-407-4000
212-407-4900 (Fax)
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br><br> Defendants. | Civil Action No. 23CV-79-ABJ |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC AND TERRA CRYPTO INC.'S OPPOSITION TO PLAINTIFF'S FIRST MOTION TO COMPEL DISCOVERY**

Defendants MineOne Wyoming Data Center LLC ("MineOne") and Terra Crypto Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain's ("Plaintiff") First Motion to Compel dated February 23, 2024 (the "Motion") (ECF 124).  Accompanying this memorandum is the supporting Declaration of Alex Inman, Esq., dated March 13, 2024 ("Inman Decl.").

Plaintiff's motion should be denied for the following three reasons:  (1) Defendants have produced the responsive documents, which Plaintiff's counsel apparently ignores; (2) Plaintiff's counsel has failed to meaningfully meet and confer in good faith with counsel for Defendants; and (3) Plaintiff's counsel has raised an assortment of discovery issues that have not been previously raised during the parties' informal discovery process with the Court, and therefore this Motion is in violation of the Court's local rules.

## FACTUAL BACKGROUND

On October 11, 2023, Plaintiff propounded its first combined discovery requests.  These combined demands included over 700 Requests for Admission, 50 Interrogatories, and over 125 Requests for Production ("RFPs").  On November 9, 2023, counsel for the parties held an informal discovery conference with the Court.  ECF 66.  As a result, on December 20, 2023, Defendants produced almost 7000 documents, totaling over 28,000 pages.

In the process of collecting and reviewing documents, Defendants' counsel identified that some documents responsive to Plaintiff's RFPs were subject to confidentiality agreements that MineOne had signed with its business partners and vendors.  On January 18, 2024 and January 24, 2024, Plaintiff's counsel sent letters to Defendants' counsel, raising a number of perceived issues

with Defendants' production. Defendants responded by letter on February 7, 2024, noting, among other things, that (1) Plaintiff's claim that Defendants were improperly inflating their document production was unfounded as Defendants had produced complete copies of all email communications, with all corresponding attachments – which may have resulted in copies of the same attachments appended to various emails produced, (2) due to confidentiality concerns, the production of certain documents had been withheld, but that Defendants were working diligently to resolve those issues with third parties, and (3) Defendants' counsel was working to acquire and review client WeChat messages, but that concerns regarding Chinese privacy laws were constraining production.  *See* **Exhibit A**[1].

On February 8, 2024, counsel for the parties held an informal discovery conference with the Court, which resulted in the Court's Order, stating: "Defendant MineOne represented it would be prepared to answer Request for Production numbers 2, 3, and 4 on or before 2/18/2024…and objected to the number and breadth of additional interrogatories Plaintiff seeks." ECF 113.  The Court ordered "the parties to confer on the interrogatory number and breadth issue by phone or videoconference." *Id*.  On February 16, 2024, in compliance with the Order, Defendants produced documents responsive to RFP Nos. 2, 3, and 4.  *See* Inman Decl. at ¶ 3, Exhibit A.  Contrary to Plaintiff's current contentions, Plaintiff's counsel in fact accessed the documents on the same day. *Id*. at ¶ 4.

On February 11, 2024, Plaintiff's counsel sent an email to Defendants' counsel, acknowledging that Defendants had raised concerns about Chinese privacy laws in connection with producing WeChat messages, but Plaintiff's counsel requested more information about the Chinese privacy laws in question and stated that these laws would not have bearing on the matter.

---

[1] The Exhibits referenced hereto are appended to this opposition.

**Exhibit B.**  The discussions of Chinese privacy laws and their impact on Defendants' potential document collection was not discussed further prior to the filing of Plaintiff's instant Motion.

On February 22, 2024, counsel further met and conferred as to the breadth of Plaintiff's supplemental interrogatory requests.[2]  That evening, Plaintiff's counsel proposed withdrawing a number of its supplemental interrogatories and limiting the scope of several others.  Motion Ex. 6 (ECF. 132-2) at 2.  The next day, February 23, 2024, Defendants' counsel proposed a response to five of the supplemental interrogatories, but expressed concerns as to others.  *Id.* at 1.  Plaintiff filed its Motion later that evening, without responding to Defendants' counsel.

Even after filing the Motion, Plaintiff's counsel, apparently acknowledging the ongoing duty to meet and confer, emailed Defendants' counsel on February 25, 2024 to address his perceived concerns with Defendants' document production with regards to RFP Nos. 2, 3, and 4.  **Exhibit D**.  In the process, he also noted that "an emergency motion" needed to be filed on behalf of "another client," which required him to *cancel* the parties' anticipated telephonic discussions regarding the outstanding discovery issues.  *Id*.  The next morning, however, Plaintiff's counsel sent a lengthy email to the Court reiterating the above (and, again, ignoring the fact that Defendants had previously produced the documents responsive to RFP Nos. 2, 3, and 4), and requesting that the Court divert its planned informal conference from discussing Plaintiff's jurisdictional discovery issues to addressing his grievances with Defendants' production.  **Exhibit E.**

---

[2] In the interim, counsel for the parties also exchanged multiple letters regarding Defendants' concerns about the insufficiency of Plaintiff's responses to Defendants' requests regarding jurisdictional discovery.  *See, e.g.*, **Exhibit C.**

## **LEGAL STANDARD**

"Control of discovery is entrusted to the sound discretion of the trial courts, and a denial of a motion to compel discovery will not be disturbed absent abuse of discretion." *Peter D Holdings L.L.C. v. Wold Oil Props.*, No. 17-CV-212-R, 2019 U.S. Dist. LEXIS 226671, at *6 (D. Wyo. Oct. 23, 2019) (citing *Martinez v. Schock Transfer & Warehouse Co.,* 789 F.2d 848, 850 (10th Cir. 1986)).

The Local Rules for the District of Wyoming provide that "the Court will not entertain any motions relating to discovery disputes unless counsel for the moving party has first conferred and made reasonable good faith efforts to resolve the dispute with opposing counsel." U.S.D.C.L.R. 37.1(b); *see also Homeland Ins. Co. v. Goldstein*, No. 1:15-cv-00031-ABJ, 2019 U.S. Dist. LEXIS 59461, at *4 (D. Wyo. Apr. 4, 2019). Any discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the motion is denied or denied in part, the court may issue any protective order authorized under Rule 26(c) and order payment of reasonable expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5). "In determining whether the moving party has satisfied its 'meet and confer' duty, the Court looks beyond the sheer quantity of contacts. It examines their quality as well." *U.S. Fire Ins. Co.*, 2019 U.S. Dist. LEXIS 226671, at *17. "A meet and confer is not done simply in passing as part of other discussions. Such conduct does not fit within the spirit of the meet and confer requirements." *Blendtec Inc. v. Blendjet, Inc.*, No. 2:21-cv-668 TC DBP, 2023 U.S. Dist. LEXIS 60385, at *15 (D. Utah Apr. 4, 2023).

**ARGUMENT**

**1.    Plaintiff's Motion is Moot Because Defendants Have Previously Produced the Responsive Documents to Plaintiff**

In its Motion, Plaintiff requests that the Court compel the production of documents in response to RFPs Nos. 2, 3, and 4. Motion at 3. At the outset, it is important to note that both in the Motion and in previous communications, Plaintiff continues to make false and/or misleading statements regarding the sufficiency of Defendants' production.

For example, Plaintiff alleges that in response to the Court's February 9, 2024 Order, "BCB has received no responsive documents [from MineOne]…about its promised production to RFP Nos. 2, 3 and 4." Motion at 3-4. This is simply untrue. Defendants produced documents responsive to those requests on February 16, 2024, in compliance with the Court's Order. *See* Inman Decl. at ¶ 3, Exhibit A. In fact, the documents that were produced by Defendants were accessed by Plaintiff's counsel *on that same day*. *Id*. at ¶ 4.

Similarly, Plaintiff alleges that no drafts of the Service Framework Agreement, no loan agreements, and no communications between defendant Bitmain and MineOne were produced. Motion at 4. This, too, is incorrect: Despite Plaintiff's contentions to the contrary, Defendants' production included a draft copy of the Bitmain Service Framework Agreement (responsive to RFP No. 2), which contains the full appendix (responsive to RFP No. 3). Further included in Defendants' production were numerous communications between MineOne and Bitmain. The production also contained a loan document between MineOne and Bitmain.

Given that Plaintiff's counsel appears not to have reviewed Defendants' February 16, 2024 document production, even though he accessed the production on the same day, the Court should deny Plaintiff's motion in its entirety.

Nonetheless, below is Defendants' response to Plaintiff's contentions as to the RFPs:

5

### a. Plaintiff's RFP No. 2

Plaintiff's RFP No. 2 seeks "the full, complete, and unredacted SERVICE FRAMEWORK AGREEMENT between MineOne Wyoming Data Center LLC and BITMAIN TECHNOLOGIES GEORGIA LIMITED." As noted above, Defendants produced a draft copy of this agreement with their production on February 16, 2024. Furthermore, at the time Plaintiff filed its Motion, Plaintiff's counsel was already in possession of this document, as it was produced to him by Defendant Bitmain Georgia on February 14, 2024.

Defendant MineOne *inadvertently* omitted to include an executed copy of the Service Framework Agreement in its February 16 production. However, this issue was only raised by Plaintiff on February 25, 2024 by letter (after the filing of the Motion). Defendants' counsel immediately corrected the error and produced the document to Plaintiff's counsel on February 26, 2024. *See* Inman Decl., at ¶ 5, Exhibit B. Therefore, this demand is moot, and Plaintiff is not entitled to relief.

### b. Plaintiff's RFP No. 3

Similarly, RFP No. 3 seeks "the document referenced in Appendix I of the SF AGREEMENT called the 'Information of Data Center Facility' submitted on January 19, 2023 with the reference number of BHMS2023002-01 ("the Corresponding Memo")." Defendants produced this very document – it was included with the Service Framework Agreement discussed above. Accordingly, Plaintiff was in possession of this document prior to the filing of the Motion. Further, because Defendants produced an executed copy of the Service Framework Agreement, again with the Appendix, to Plaintiff on February 26, 2024, Plaintiff's demand is moot and Plaintiff is not entitled to relief.

### c. Plaintiff's RFP No. 4

Plaintiff's RFP No. 4 seeks communications between defendants Bitmain and MineOne. As noted above, relevant email communications between Bitmain and MineOne were produced to Plaintiff's counsel on February 16, 2024. One email communication between MineOne and Bitmain was withheld from the production because it was designated as attorney-client privileged by Bitmain. MineOne also withheld communications with Bitmain that exclusively concern the delivery and/or shipment of Bitmain Antminers, which are not relevant to Plaintiff's claims. Indeed, Defendants objected to production of documents relating to Bitmain Antminers, never agreed to produce them to Plaintiff, and this matter was not even discussed in meet and confers or with the Court in any informal discovery conference.

As to Defendants' collection of instant messaging communications, the primary means of communication among the three primary witnesses– Erick Rengifo, Jiaming Li and Haku Du – is through Skype and WhatsApp. Defendants have collected the Skype and WhatsApp communications and they are currently under review, and will be processed for production as soon as possible.

WeChat messages are differently situated, however, as only Jiaming Li and Haku Du, individuals residing in China, communicated via WeChat (Erick Rengifo did not communicate via WeChat). The vendor that Defendants hired to assist with collection also participated in the collection of Mr. Li and Ms. Du's WeChat messages. The vendor worked with Ms. Du to ensure that all WeChat messages were properly transferred from Ms. Du and Mr. Li's physical devices (where such messages are typically stored) to an iCloud account so that the vendor would be able to collect those materials remotely. Ms. Du provided the vendor with all passwords and necessary information to access the iCloud accounts, but when the vendor attempted to transfer the files, the vendor was not able to do so. Prior to this transfer, the vendor had cautioned that it had previously

7

encountered difficulties in remotely accessing from the United States the iCloud accounts that are based in the People's Republic of China -- and that is precisely what occurred in this instance as well. As a result, Defendants have not been able to collect the WeChat messages.

## 2. Plaintiff Has Failed to Meaningfully Meet and Confer Regarding Its Proposed Interrogatory Responses

Plaintiff also requests that the Court order Defendants to answer an additional fourteen (14) supplemental interrogatories. Motion at 9. Because Plaintiff's counsel has not meaningfully engaged in a good faith effort to meet and confer on the additional interrogatories, Plaintiff's request is not properly before the Court and should be denied.

On February 22, 2024, counsel for Plaintiff and Defendants held a telephonic conference in order to meet and confer regarding the scope of Plaintiff's proposed interrogatories. Later that evening, Plaintiff's counsel submitted his proposed revisions. *See* Motion, Ex. 6 at p. 2. On February 23, 2024, Defendants' counsel replied, stating that (1) Defendants were willing to respond to five of Plaintiff's additional interrogatories, (2) two of the interrogatories were premature and should be withdrawn without prejudice until MineOne's damages expert has an opportunity to present his expert report and be deposed, and (3) the scope of Plaintiff's remaining requests was overbroad. *Id*. at p. 1. Plaintiff's counsel did not respond to this email, nor did the parties engage in any meet and confer on these issues. Instead, Plaintiff filed the instant Motion, and has failed to certify that counsel met and conferred in good faith, in violation of Fed. R. Civ. P. 37.

Again, both the local rules and Fed. R. Civ. P. 37 require that the parties engage in a good faith effort to meet and confer about discovery issues. "[R]eferences to emails demanding discovery responses do not satisfy meet and confer requirements." *Nunes v. Rushton*, No. 2:14-cv-627, 2015 U.S. Dist. LEXIS 109694, at *5 (D. Utah Aug. 18, 2015). "That generally requires

counsel to converse, confer, compare views, consult and deliberate." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (internal citations omitted).

Plaintiff's counsel has failed to engage in a good faith effort to resolve the dispute about Plaintiff's supplemental interrogatories before making this Motion. Plaintiff cannot meet this standard by making half-hearted efforts to discuss the matter at issue and then refusing to respond to counteroffers. "A meet and confer is not done simply in passing as part of other discussions. Such conduct does not fit within the spirit of the meet and confer requirements." *Blendtec Inc.*, 2023 U.S. Dist. LEXIS 60385, at *15. Here, Defendants' counsel raised reasonable compromises regarding the supplemental interrogatories, including the suggestion that the interrogatories regarding Defendants' counterclaim damages be withdrawn until Plaintiff has had the opportunity first to depose Defendants' damages expert. Plaintiff did not even acknowledge Defendants' counsel's compromise -- instead filing this Motion later on the same day. Accordingly, the Motion is premature and should be denied.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety.

**DATED** this 13th day of March, 2024.

                HATHAWAY & KUNZ, LLP

                By: */s/ Sean Larson*
                Sean Larson, Esq.
                Kari Hartman, Esq.
                2515 Warren Ave, Suite 500
                Cheyenne, WY 82003
                Telephone: (307) 634-7723
                Fax: (307) 634-0985
                slarson@hkwyolaw.com
                khartman@hkwyolaw.com

LOEB & LOEB LLP

By: */s/ Paula K. Colbath*
Paula K. Colbath, Esq. (*Pro Hac Vice*)
Sarah Levitan Perry, Esq. (*Pro Hac Vice*)
Alex Inman, Esq. (*Pro Hac Vice*)
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4000
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center LLC and Terra Crypto Inc.*

10

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of March, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net<br>smurray@wpdn.net |
| Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P. O. Box 1083<br>Cheyenne, WY 82003-1083 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com |
| Marc Feinstein, *pro hac vice*<br>William K. Pao, *pro hac vice*<br>Sherin Parikh, *pro hac vice*<br>David Iden, *pro hac vice*<br>Kaitie Farrell, *pro hac vice*<br>O'Melveny & Myers, LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>*Attorneys for Bitmain Technologies Georgia Limited* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mfeinstein@omm.com<br>wpao@omm.com<br>sparikh@omm.com<br>diden@omm.com<br>kfarrell@omm.com |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org<br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

/s/ Candice Hough
Hathaway & Kunz, LLP