# EXHIBIT A



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4905
**Main**   212.407.4000
**Fax**     212.407.4990
pcolbath@loeb.com

Via Email (pmurphy@wpdn.net)

February 7, 2024

Patrick J. Murphy, Esq.
Williams, Porter, Day & Neville P.C.
159 N. Wolcott St. Suite 400
P.O. Box 10700
Casper, WY  82602

Re:   <u>Response to BCB's Meet and Confer Letters, dated January 24, 2024</u>

Dear Patrick:

We write to respond on behalf of MineOne Wyoming Data Center LLC ("MWDC") and Terra Crypto Inc. ("Terra," together with MWDC, "Defendants") to your two meet and confer letters, dated January 24, 2024 (the "Letters"), served on behalf of Plaintiff BCB Cheyenne LLC ("BCB"). We have categorized the various issues you presented and address them each in turn below.

As an initial matter, however, your Letters are full of allegations of impropriety against my firm and/or our clients.  To be clear: our production was fulsome and was not artificially inflated in any way.  Yet, it is clear from your baseless allegations that you have not conducted a comprehensive review of our production.  Had you done so, you would not have asserted many of your allegations, which are demonstrably false.

      **1.**     **Purported Duplicates Within Our Production.**  As is proper practice, we produced complete families of documents.  In other words, when a produced email included attachments, those attachments were also produced and follow the email within our production. To the extent there are numerous copies of contracts, it is because those contracts were attached to numerous—but unique—emails.  Indeed, our litigation support team has confirmed that our production consisted of nearly 4,500 distinct parent emails, accompanied by nearly 2,500 attachments.

      It may be that part of your confusion is the result of the format in which the production was provided to you.  It is our normal practice—and has been common practice in our experience—to provide productions in Relativity-compatible format, which allows a party to comprehensively search within a production and ascertain the connections between families.  However, when we provided our initial disclosure production to you in such format, you demanded a production of PDFs.  We have found that productions of PDFs, especially in voluminous productions, are difficult to navigate.  Nevertheless, we provided our December 20th production to you in the same

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



format you had previously demanded.  The demands you served upon Defendants did not otherwise specify a particular format.[1]

**2.      Documents Subject to Contractual Confidentiality Obligations.**  As indicated in Paragraph 12 of the Service Framework Agreement between MWDC and Bitmain Technologies Georgia Limited ("Bitmain") (which remains visible in the redacted version in BCB's possession), MWDC is broadly obligated to protect the confidentiality of the Service Framework Agreement, its exhibits, and all documents it exchanged with Bitmain.  Because of these confidentiality obligations, MWDC has yet to produce any documents it exchanged with Bitmain.  That is not to say that MWDC is refusing to produce such documents at this point in time, but it is trying to work through its contractual obligations or otherwise reach some agreement with Bitmain before doing so.  MWDC is also under similar obligations with Shermco and Black Hills Energy and is working to reach a resolution with those parties as well.[2]

As for your allegations that we withheld documents on the basis of a need for a Protective Order, as you will recall, we were required to provide our objections to BCB on November 30, 2023, before Judge Rankin entered the Stipulated Protective Order on December 6, 2023.  We did not revise this language when we served our substantive responses but can tell you that other than the documents referenced in the immediately preceding paragraph, no documents were withheld from production on the basis of confidentiality.  To the extent any categories of documents are otherwise absent from production, they have been withheld on the basis of other objections, such as overbreadth or proportionality.[3]

**3.      Internal Communications.**  We do not know how you could claim we have produced "less than one dozen" internal emails when we have produced roughly 500 emails exchanged amongst or within accounts in the @mineonepartners.com, @bitorigin.io and @ucholdings.com domains.  Though this number is low compared to the size of our production, our clients have advised that they did not email about these products internally often.  In addition, to offer one critical point of clarity, Messrs. Huali Zhang and Ziyao Shao are not employees of any of those entities nor of any defendant to this action.  Accordingly, Defendants do not have access to or control the accounts associated with those individuals or their employer.  Nevertheless, our production contained roughly 1,700 emails where Messrs. Zhang or Shao were senders, recipients or were copied, belying your assertion that no such documents were produced.

**4.      WeChat Messages.**  We are consulting with our clients on this issue as there are a number of Chinese privacy laws at issue.

---

[1] I will note that the demands served upon BCB did include an instruction indicating any forthcoming productions should be made in Relativity-compatible format.  *See* Instruction No. 5.  We expect that BCB will comply with that instruction.

[2] Defendants have produced correspondence with these entities in which those affiliated with BCB were already copied.

[3] BCB's Letters refer to numbered Requests for Production without identifying from which set of Requests for Production it is referring.  As you are aware, you served voluminous discovery demands on three separate entities and need to specifically identify to which requests you refer to enable MWDC and Terra to provide accurate responses.


Patrick J. Murphy, Esq
February 7, 2024
Page 3

### 5. Specifically Identified Documents.

a. MINEONE0010530-MINEONE 0010553: Documents bearing these Bates numbers were not omitted from our production. We encourage you to revisit your files but if need be, we can provide an additional copy of these materials to you.

b. MINEONE0016978 and MINEONE0017254: These emails were not altered. They were draft documents which is why no sender or recipient information is available.

c. MINEONE0025886: The attachments to this email were a part of Defendants' production and followed sequentially after the parent email at MINEONE0025887 and MINEONE0025910. The correspondence between Dr. Li and Dr. Rengifo continues in documents such as MINEONE0018674 and MINEONE0025885, to identify but a few.

d. MINEONE0010529: This email indicates a potential investment from Bitmain. Any correspondence with Bitmain regarding this potential investment has been withheld from production for the time being, as set forth above.

e. MINEONE0027017, MINEONE0027139, MINEONE0027610, MINEONE0027837: We have confirmed that there were not any written responses to these emails, and thus, none were improperly withheld from production.

We trust the above addresses your concerns but we are available to meet and confer on any remaining open issues.

Regards,

Paula K. Colbath
Partner

cc:   Marc Feinstein, Esq.
      Sean M. Larson, Esq.

238274293