# EXHIBIT C



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY  10154

**Direct**   212.407.4905
**Main**    212.407.4000
**Fax**     212.407.4990
pcolbath@loeb.com

Via Email (pmurphy@wpdn.net)

February 21, 2024

Patrick J. Murphy, Esq.
Williams, Porter, Day & Neville P.C.
159 N. Wolcott St. Suite 400
P.O. Box 10700
Casper, WY  82602

Re:   Response to BCB's Meet and Confer Letter, dated January 24, 2024

Dear Pat:

We write in response to your letter of February 15, in which you have objected to each and every document request in the supplemental subpoenas dated February 9 and 12 to Mr. Tim Desrochers and to our deposition subpoena.

Your overly long letter repeatedly accuses us, among other things, of conducting an "unwarranted fishing expedition" and a "witch hunt." You spend page-after-page citing to black letter law with regard to attorney-client privilege, and then state that you have represented Mr. Desrochers in his individual capacity only since August 11, 2023 (Letter at 5).

The reason we asked for communications between you and Mr. Desrochers is that it was unclear to us at the time we served our notice of intention to serve the supplemental subpoenas that you represented Mr. Desrochers in his individual capacity. I asked you last week to provide us with your engagement agreement with Mr. Desrochers. You have not. I ask again: Please produce your engagement agreement with Mr. Desrochers to us this week, since such agreements are not held privileged.  *See Dishman v. First Interstate Bank*, 362 P.3d 360, 368 (2015) ("the attorney-client privilege does not extend to the fee agreement, billing records, or expense reports.").[1]  We also ask that Mr. Desrochers produce to us all communications he had with you and/or your firm, and/or that pre-date August 11, 2023, and he produces all communications with Mr. Quid.

You also <u>repeatedly</u> state in your letter that Mr. Desrochers has been living at his sister's home in Fort Collins, Colorado since March 2020.

But your letter *tiptoes* around the pivotal problems with your argument that we detailed in our February 15 letter to Judge Rankin; namely, if Mr. Desrochers has lived in Colorado since March 2020, as you repeatedly state, then: why does Mr. Desrochers' 2022 tax return which he signed

---

[1] "[I]ssues related to the attorney-client privilege are controlled by state law" in diversity actions.  *See Cleary v. Wind Quarry, LLC*, No. 15-CV-189-R, 2017 U.S. Dist. LEXIS 217486, at *9 (D. Wyo. Jan. 4, 2017) (citing Fed. R. Evid. 501) (Rankin, M.J.).

Los Angeles    New York    Chicago    Nashville    Washington, DC    San Francisco    Beijing    Hong Kong    www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



a mere 16 days before the commencement of this action give his address as 1401 Lavaca Street, Apt. No. 242, Austin, Texas 78701; why has Mr. Desrochers not filed any Colorado state tax returns in 2021 or 2022 if he lives in Colorado; why did Mr. Desrochers register his car in Austin, Texas a year and a half after he claimed permanent residency in Colorado; why did Mr. Desrochers not get a Colorado driver's license when he moved to Colorado, instead choosing to keep a Texas driver's license until five months after this action was commenced?

You have not even touched on any of these issues in your 22-page letter to us. And the reason seems clear to us: you cannot. There is only one defensible answer: while Mr. Desrochers may have put some of his belongings in Colorado in March 2020, he represented himself as a Texas resident and domiciliary and took advantage of the tax benefits and other benefits that the state of Texas has continued to afford him.

Mr. Desrochers cannot have his proverbial cake and eat it too. It is clear that to the extent Mr. Desrochers ever resided in Colorado, he intended at all times to return to Texas. He kept a Texas driver's license, he registered his car in Texas, and he filed tax returns with a Texas address. Why not file in Colorado if he presumably lived there? Why not have a Colorado driver's license if he presumably lived there? Why not register his car in Colorado if he presumably lived there? Where are Mr. Desrochers Form W-2s, Form 1099s, and Form K-1s showing his purported Colorado address?

As you well know, whether the Court has subject matter jurisdiction in this diversity case is a <u>threshold</u> issue, and our clients have the right to conduct discovery and to have documents produced pursuant to their supplemental subpoenas. You state that Mr. Desrochers is simply on a business trip and that he is not evading service of the supplemental subpoenas. Then, if he has nothing to hide and actually has been domiciled in Colorado since March 2020, why won't he instruct his sister to accept service on his behalf? Or, why won't he instruct your firm to accept service on his behalf since you claim to represent him individually?

I look forward to discussing with you at greater length the subpoena requests during our upcoming meet and confer.

Regards,

Paula K. Colbath
Partner

cc:   Sean M. Larson, Esq.
      Khale J. Lenhart, Esq.
      Marc Feinstein, Esq.
      Jane France, Esq.
      Marc Gottlieb, Esq.

238347671