**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

**MARC FEINSTEIN** (*pro hac vice*)
**WILLIAM PAO** (*pro hac vice*)
**DAVID IDEN** (*pro hac vice*)
**KAITLYN FARRELL** (*pro hac vice*)
**SHERIN PARIKH** (*pro hac vice*)
O'Melveny & Myers
400 South Hope Street
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com; wpao@omm.com;
diden@omm.com; kfarrell@omm.com; sparikh@omm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>      Plaintiff,<br><br>      vs.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants,<br><br>      Defendants. | } } } } } } } } } } } } } } } } } } } } } } } } } } | Civil No. 23-CV-79J |

– 2 –

# REPLY TO RESPONSE TO MOTION TO VACATE THE ORDER ON INITIAL PRETRIAL CONFERENCE AND SET A NEW SCHEDULING CONFERENCE

Defendant Bitmain Technologies Georgia Limited (hereinafter "Bitmain Georgia"), by and through undersigned counsel, replies to *Plaintiff's Response to Defendants' Motions to Vacate the Order on Initial Pretrial Conference and Set a New Scheduling Conference* ("*Response*") as follows:

Plaintiff has not rebutted Bitmain Georgia's showing of good cause regarding why the Court's existing schedule should be modified. Bitmain Georgia's initial motion set forth the challenges with the existing schedule, including the prejudice to Bitmain Georgia following its late addition to the case, the volume of discovery and documents produced, and the existing schedule. Plaintiff's *Response* does not rebut this showing, and instead primarily includes arguments regarding the case in chief or ongoing discovery disputes or conferrals. Further, Plaintiff's assertions of intentional and improper delay are baseless. The pace of document production in this matter is impacted by the nature of the claims and parties, including the necessity of ensuring compliance with Chinese data security and privacy laws which subject data stored in China to prior regulatory approval from the competent Chinese authorities before any cross-border transfers.

> **I. Bitmain Georgia has shown good cause regarding why the Court's existing schedule should be vacated and a new scheduling conference set.**

Bitmain Georgia's initial motion set forth good cause for setting aside the existing schedule. Plaintiff's *Response* has not rebutted that showing. Instead, much of Plaintiff's argument is focused on arguing the merits of the case, *Response* at ¶¶ 18- 22, or arguing about ongoing discovery disputes and/or conferrals. *Id*. at ¶¶ 14-17. Plaintiff only points to two elements

that bear directly on the schedule set by the Court: (1) Plaintiff acknowledges that the deadlines for expert designations need to be moved, *id*. at ¶¶ 23-24, and (2) Plaintiff states that, despite having listed over 50 potential witnesses in its disclosures, it only intends to depose five or fewer. *Id*. at ¶ 25.  These facts do not rebut Bitmain Georgia's showing of good cause.

Addressing Plaintiff's substantive arguments, Bitmain Georgia agrees that the expert designation deadlines must be changed, although the dates suggested by Plaintiff in its *Response* are not reasonable.  Discovery is still in early stages, and requiring expert designations and Rule 26 expert reports before the parties can meaningfully complete discovery does not serve the interests of judicial economy.  Given the stage of discovery, any disclosures within the timeframe suggested by Plaintiff will likely require revision or entirely new designations based on the additional discovery yet to be completed.  The parties have exchanged some written documentation, but the scope of discovery still needs to be defined and fact depositions taken before experts can engage in a full analysis.

Second, even though Plaintiff only intends to depose five or fewer witnesses, that is not the only discovery in this case.  Defendants are also entitled to take depositions, and, considering the number of witnesses disclosed by Plaintiff and co-defendants, the number of depositions in this matter is likely to exceed the five that Plaintiff suggests.  To what extent is unknown at this time given that Defendants must evaluate thousands of produced documents to determine which of those witnesses are meaningful.

Bitmain Georgia has shown good cause for the Court to set aside the current schedule.  Bitmain Georgia was not added to the case until months after the scheduling order was issued, had to obtain an order setting aside an entry of default (which was opposed by Plaintiff) before any substantive involvement in the matter, must review and analyze tens of thousands of

documents produced prior to its substantive involvement, and investigate dozens of potential witnesses, while simultaneously collecting and reviewing potentially responsive documents and witnesses for its own defense and in response to Plaintiff's written discovery. This is a particularly involved matter with high numbers of witnesses and potential documentary evidence. It is not one that lends itself to easy or quick evaluation or resolution. The Court should vacate the existing *Order on Initial Pretrial Conference* and set a new scheduling conference.

## II.   Bitmain Georgia is not improperly delaying discovery.

Second, Plaintiff makes assertions in its *Response* regarding document productions and delays, including alleging, without support, a "joint effort and strategy" among the Defendants to prevent Plaintiff from obtaining meaningful documents. These baseless accusations are not appropriate for this briefing. Nevertheless, Bitmain Georgia is compelled to briefly respond. First, no "joint effort and strategy" to deny Plaintiff meaningful discovery exists. Bitmain Georgia has raised valid objections to Plaintiff's discovery, has conferred with Plaintiff about narrowing the scope of its requests, and is diligently undergoing a search and review for responsive documents within the bounds of discovery that the parties agreed upon.[1] However, this is not an easy or short process. To the extent the documents are stored in China, they may not be produced outside of China absent government approval without violating Chinese data security and privacy laws. Many of the documents are also in a foreign language, adding additional translation hurdles to the document review and production process. It is a more involved process than the typical discovery production. Bitmain Georgia does not intend to delay or deny Plaintiff appropriate discovery.

---

[1] Plaintiff and Bitmain Georgia have agreed on some aspects of narrowing discovery and Bitmain Georgia intends to continue meet-and-confer efforts to attempt to reach an agreement on the remaining aspects. Bitmain Georgia is collecting and evaluating documents for production within the areas to which there is no dispute.

Rather, the nature of the discovery and the parties in this matter requires a more complicated review process than other cases.

### III.    Conclusion.

Bitmain Georgia has shown good cause for the Court to vacate its *Order on Initial Pretrial Conference* and to set a new scheduling conference in this matter. Plaintiff has failed to rebut this showing. For the reasons set forth above and in Bitmain Georgia's *Motion to Vacate the Order on Initial Pretrial Conference and Set a New Scheduling Conference*, Bitmain Georgia asks that the Court grant its motion.

Dated:  15 March 2024.

>BITMAIN TECHNOLOGIES GEORGIA
>LIMITED, Defendant
>
>BY:  /s/ Khale J. Lenhart
>**KHALE J. LENHART, #7-4581**
>**TYSON R. WOODFORD, #8-6650**
>OF HIRST APPLEGATE, LLP
>Attorneys for Defendant Bitmain Georgia
>P. O. Box 1083
>Cheyenne, WY 82003-1083
>Phone: (307) 632-0541
>Fax: (307) 632-4999
>klenhart@hirstapplegate.com
>twoodford@hirstapplegate.com
>
>and for
>
>**MARC FEINSTEIN (*pro hac vice*)**
>**KAITLYN FARRELL (*pro hac vice*)**
>**SHERIN PARIKH (*pro hac vice*)**
>O'Melveny & Myers
>400 South Hope Street
>Los Angeles, CA 90071-2899
>Phone: (213) 430-6000
>Fax: (213) 430-6407
>mfeinstein@omm.com;
>sparikh@omm.com; kfarrell@omm.com

## CERTIFICATE OF SERVICE

I certify the foregoing **Reply to Response to Motion to Vacate the Order on Initial Pretrial Conference and Set a New Scheduling Conference** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 15 March 2024, and that copies were served as follows:

| | |
|---|---|
| Patrick J. Murphy, #5-1779<br>Scott C. Murray, #7-4896<br>Williams, Porter, Day & Neville, P.C.<br>159 North Wolcott, Suite 400<br>P. O. Box 10700<br>Casper, WY 82602-3902<br>pmurphy@wpdn.net<br>smurray@wpdn.net<br>*Attorneys for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Sean M. Larson, #7-5112<br>Kari Ann Hartman, #8-6507<br>Hathaway & Kunz, LLP<br>P. O. Box 1208<br>Cheyenne, WY 82003-1208<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com<br>*Attorneys for Defendants Mineone, Terra Crypto* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>Loeb & Loeb, LLP<br>345 Park Avenue<br>New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com<br>*Attorneys for Defendants Mineone, Terra Crypto* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Jane M. France, #7-4828<br>Meggan Hathaway, #7-4856<br>Sundahl Powers Kapp & Martin LLC<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82001<br>jfrance@spkm.org<br>mhathaway@spkm.org<br>*Attorneys for Defendant Bit Origin Ltd., SonicHash* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

– 7 –

Marc S. Gottlieb, I, *Pro Hac Vice*  
Ortoli Rosenstadt, LLP  
366 Madison Avenue, 3rd Floor  
New York, NY 10022-5616  
msg@orlip.legal  
*Attorneys for Defendant Bit Origin Ltd., SonicHash*

☐ U.S. MAIL  
☐ FED EX  
☐ FAX  
☐ HAND DELIVERED  
☐ EMAIL  
☒ E-FILE

s/Norma J. Hubka  
OF HIRST APPLEGATE, LLP  
Attorneys for Defendant Bitmain Georgia