Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4000
212-407-4900 (Fax)
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br>                    Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br><br>                    Defendants. | Civil Action No. 23CV-79-ABJ |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S SUPPLEMENTAL BRIEFING REGARDING JURISDICTIONAL DISCOVERY**

Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants"), by and through their undersigned counsel, respectfully submit this supplemental briefing regarding outstanding jurisdictional issues, in compliance with the Court's March 11, 2024 text order. ECF No. 144.

## PRELIMINARY STATEMENT

Well aware that diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires *complete* diversity of citizenship among the parties, this Court has already recognized that the MineOne Defendants are entitled to jurisdictional discovery to ascertain the domicile of each of Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB")'s members.

Despite this Court's clear directive, BCB has refused to respond to the MineOne Defendants' jurisdictional discovery requests and has done everything in its power to conceal the domicile of the members of BCB's entity members, which is imputed to Plaintiff for purposes of establishing diversity of citizenship. BCB first refused to file a corporate disclosure statement at all—only doing so after directed by the Court. After BCB's initial corporate disclosure statement failed to include the members of BCB's entity members (including CMV Global, LLC), BCB later filed a Supplemental Corporate Disclosure Statement identifying Timothy Desrochers as a member of CMV Global, LLC and his residence as Texas. Apparently recognizing that Mr. Desrochers' status as a Texas resident destroyed diversity, BCB switched course completely and claimed that Mr. Desrochers was *a Colorado resident*.

While Mr. Desrochers claimed that he left his former residence in Texas during the Coronavirus pandemic and now resides with his sister in Fort Collins, Colorado, all of the objective

documentary evidence (including his income tax filings, car registration, and driver's license) points to the fact that he was, and intended himself to be, a Texas domiciliary at the time that this action was filed. Rather than helping the MineOne Defendants and the Court make an informed decision about Mr. Desrochers' citizenship, Plaintiff has created roadblocks and has assisted Mr. Desrochers in dodging service of process. But this is a *threshold* issue: if Mr. Desrochers is actually a citizen of Texas, as the overwhelming evidence to date clearly shows, then complete diversity will be destroyed, and the Court will no longer have subject matter jurisdiction over this action. The MineOne Defendants will be prejudiced if they are forced to litigate a case that should be dismissed for lack of jurisdiction.

Accordingly, the Court should extend the current deadline for the completion of jurisdictional discovery, grant the MineOne Defendants leave to serve Mr. Desrochers by alternative means, and order BCB and Mr. Desrochers to fully respond to the jurisdictional discovery directed to them.

**FACTUAL BACKGROUND**

**I.     BCB Conceals Mr. Desrochers' Identity, Admits That He is a Texas Resident, Then Claims that Mr. Desrochers is a Colorado Resident**

On May 3, 2023, BCB commenced this action by filing its Complaint against MineOne Wyoming Data Center LLC, MineOne Partners, LLC, Terra Crypto Inc., Bit Origin Ltd, and SonicHash LLC. ECF No. 1. Defendants[1] filed their Corporate Disclosure Statement identifying

---

[1] Undersigned counsel represented SonicHash LLC and Bit Origin Ltd. at the time of those filings; SonicHash and Bit Origin subsequently retained new counsel.  ECF No. 119.

that MineOne Wyoming Data Center LLC, MineOne Partners, LLC, and SonicHash LLC have members domiciled in Texas, among other states. ECF # 27.[2]

Despite its obligation under Rule 7.1, BCB failed to file its Corporate Disclosures for almost three months, only doing so after directed by the Court. ECF Nos. 37-38. BCB's initial corporate disclosure statement failed to include the members of BCB's entity members (including CMV Global, LLC), whose citizenship is imputed to BCB for purposes of establishing diversity. ECF No. 38. BCB later filed a Supplemental Corporate Disclosure Statement identifying Mr. Desrochers as a member of CMV Global, LLC and his residence as Texas. ECF No. 39.

Apparently recognizing that Mr. Desrochers' status as a Texas resident destroyed diversity, BCB switched course completely and filed a Second Supplemental Corporate Disclosure Statement, this time claiming that Mr. Desrochers was a Colorado resident. ECF No. 42. BCB annexed an affidavit from Mr. Desrochers, in which he stated that he left his former residence in Texas during the Coronavirus pandemic and now resides with his sister in Fort Collins, CO. ECF No. 42-1, Ex. 2. The MineOne Defendants immediately raised their concerns that if Mr. Desrochers was a Texas citizen, this would destroy complete diversity. ECF No. 44 at 9. During the initial pretrial conference, this Court stated that it would allow jurisdictional discovery.

**II.     BCB Refuses to Produce Documents Regarding the Domicile of its Members**

On December 13, 2023, the MineOne Defendants served an Amended First Set of Requests for Production of Documents (the "Requests") upon BCB. *See* **Ex. A**.[3] The Requests sought, among other things, documents sufficient to establish the residency and/or domicile of BCB's

---

[2] On August 15, 2023, Defendants filed their Amended Initial Disclosures, ECF No. 41, which disclosed that MineOne has at least three individual members who reside in Texas.

[3] The Exhibits referenced hereto are appended to this memorandum of law.

members, and documents and communications between and among any of BCB's members. *Id.*, Request Nos. 11, 42-49. BCB produced documents on or about February 15, 2024 in purported response to the Requests. However, BCB's production was wholly deficient in numerous respects. Among other things, BCB did not produce a single document involving Bryce Fincham (one of BCB's members) or any of the entity members identified in BCB's initial disclosures.

### III. Mr. Desrochers Produces Documents Demonstrating That He Was Domiciled in Texas When This Action Was Filed

On December 5, 2023, the MineOne Defendants noticed their intent to serve a subpoena *duces tecum* on Mr. Desrochers. ECF No. 73. After several failed attempts, on January 15, 2024, a process server in Fort Collins, Colorado was able to serve Mr. Desrochers. ECF No. 105. Mr. Desrochers, represented by Plaintiff's counsel, filed his Notice of Compliance with the subpoena. ECF No. 110.

The records Mr. Desrochers produced show that he was a Texas domiciliary until September 2023 (well after the filing of the Complaint), despite his claims to have moved to Colorado in 2020. For example, in response to MineOne's Subpoena to Mr. Desrochers to produce a copy of his federal tax returns for the years 2021-2023, Mr. Desrochers produced only the first two pages of his federal tax returns for 2021 and 2022, in which he certified under penalties of perjury that his "home address" is 1401 Lavaca Street, Apt. No. 242, Austin, Texas 78701. ECF Nos. 110-2 and 110-3. Moreover, despite his claims to have lived in Colorado since 2020, Mr. Desrochers stated he does not have any Colorado state or other local tax returns for 2021 and 2022. ECF No. 110 at ¶ 7. Further, his Colorado driver's license was not issued until September 29, 2023 (well after the filing of the instant suit), again contradicting his prior representation to the Court

DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S SUPPLEMENTAL BRIEFING REGARDING JURISDICTIONAL DISCOVERY
PAGE 5 OF 13

that he moved to Colorado in 2020. ECF No. 110-1. Clearly, on the date this action was commenced, Mr. Desrochers had a Texas driver's license.

**IV. Mr. Desrochers Evades Service of the MineOne Defendants' Subpoena**

Due to the clear discrepancies regarding Mr. Desrochers' residency, on February 9, 2024, the MineOne Defendants noticed their intent to depose Mr. Desrochers and obtain additional documents. *See* ECF Nos. 114 & 114-1. ECF No. 115-2; ECF No. 116-2.

While counsel met and conferred regarding the scope of the document requests, the MineOne Defendants repeatedly attempted service of the new subpoenas on Mr. Desrochers but were unable to complete service at the Fort Collins, Colorado address. For example, the MineOne Defendants retained process servers who made near-daily attempts at different times of day to serve Mr. Desrochers in Colorado, but were advised that Mr. Desrochers was out of town for work. ECF No. 122. On other occasions, the residents refused to answer the door and closed the blinds. *Id*. The process server eventually posted the documents on the door. *Id.* The process server made several subsequent efforts to serve Mr. Desrochers, including unsuccessful attempts to contact him by phone. The process servers have never stated they have seen Mr. Desrochers' vehicle, registered in Texas, at the address where he claims to reside in Fort Collins, Colorado. *See* **Ex. B; Ex. C**.

**V.   The Court Extends the Deadline to Serve Mr. Desrochers With A Narrowed Subpoena; Mr. Desrochers Continues to Evade Service**

In light of the difficulties with service, this Court granted a 21-day extension to serve any subpoenas or other discovery requests related to the jurisdictional issues and directed Defendants to narrow their jurisdictional discovery requests. ECF No. 126. The MineOne Defendants withdrew their previous subpoenas and issued a new, narrower subpoena (the "Subpoena") in compliance with the Court's order. *See* **Ex. D**; ECF No. 127-1; 128-1. The Subpoena sought

documents related to the address in Texas, and other documents sufficient to corroborate Mr. Desrochers' claims that he no longer resides or intends to return to Texas.

As Mr. Desrochers continued to dodge service, the MineOne Defendants retained a private investigator, Tim Gosar, to complete service. Mr. Gosar attempted to complete service of the new subpoenas on March 1 and March 3. ECF No. 147-1; ECF No. 147-2. Mr. Gosar subsequently suffered health problems that prevented him from making further attempts, and so the MineOne Defendants' original process server made subsequent attempts to serve Mr. Desrochers on March 13-15, 2024 but again was unsuccessful. *See* **Ex. E; Ex. F**. Mr. Desrochers simply is not at the subject address.

Despite diligent efforts to serve Mr. Desrochers with a subpoena, the MineOne Defendants have been unable to do so. Mr. Desrochers' counsel proposed an arbitrary "settlement" with the following terms: 1) all Defendants must agree that the address in Austin, Texas is a location where no one lives or resides; 2) Mr. Desrochers would provide Defendants the identity and address of the Utah tax preparer with the understanding that the individual would be served with a subpoena for Mr. Desrochers' tax files for 2021-2022; 3) Mr. Desrochers would be deposed for a maximum of two hours before March 31, 2024; 4) all Defendants would agree that no other discovery will be served on anyone related to Mr. Desrochers; and 5) Mr. Desrochers would not need to be personally served with the subpoenas. *See* **Ex. G**. Three days later, Plaintiff's counsel sent another letter objecting to the new jurisdictional subpoenas on behalf of Mr. Desrochers while simultaneously claiming that the relevant subpoenas were not served on Mr. Desrochers and implying they are ineffective. *See* **Ex. H**.

DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S SUPPLEMENTAL BRIEFING REGARDING JURISDICTIONAL DISCOVERY
PAGE 7 OF 13

**ARGUMENT**

I. **The Court Should Order Jurisdictional Discovery to Resolve Disputed Facts Necessary to Determine Whether Diversity Jurisdiction Exists and Avoid Prejudice**

Whether a federal district court has subject matter jurisdiction is a "threshold matter." *Bhd. & Trainmen v. Burlington N. Santa Fe Ry. Co.*, 925 F. Supp. 2d 1252, 1255 (D. Wyo. 2013) (Johnson, J.). Diversity of citizenship "exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be complete diversity between all plaintiffs and all defendants." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citations omitted). "[F]or purposes of diversity, a limited liability company is a citizen of all states in which its members are citizens." *Tulsa Specialty Hosp., L.L.C. v. Boilermakers Nat'l Health & Welfare Fund*, No. 12-CV-252-GKF-FHM, 2012 U.S. Dist. LEXIS 96863, at *9 (N.D. Okla. July 13, 2012). "For limited liability companies whose members are also limited liability companies, the court must look to the citizenship of the member's members in order to determine citizenship." *Id.*

A "person is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200 (citations omitted). "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* When "determining a person's domicile for diversity-jurisdiction purposes," courts consider the "totality of the circumstances" and are guided by factors such as:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

*Id.* at 1201 (citations omitted). "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d

1320, 1326 (10th Cir. 2002). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Id.* (citations omitted); *see Amos v. W.L. Plastics, Inc.*, No. 2:07-CV-49 TS, 2007 U.S. Dist. LEXIS 47103, at *6 (D. Utah June 28, 2007) (granting jurisdictional discovery against party that "has left many facts relevant to its residence unresolved.").

With the above standards in mind, courts routinely direct jurisdictional discovery where, as here, it is necessary to the determination of the citizenship of a member of a business entity that would destroy diversity. *See, e.g., MTGLQ Inv'rs, LP v. Wellington*, No. 17-cv-00487 KG/LF, 2019 U.S. Dist. LEXIS 94199, at *16 (D.N.M. June 5, 2019) (granting jurisdictional discovery regarding the "citizenship of the members of MLQ, LLC"); *Franchising v. McCabe*, Civil Action No. 19-cv-02103-CMA-STV, 2020 U.S. Dist. LEXIS 222073, at *5 (D. Colo. Jan. 29, 2020) (ordering jurisdictional discovery after party provided "inconsistent information pertaining to the citizenship of GPAM's members on three separate occasions"). These cases apply with equal force here.

After initially refusing to identify Mr. Desrochers as a member of one of BCB's entity members (CMV Global, LLC), BCB and Mr. Desrochers have made contradictory statements regarding Mr. Desrochers' residence. Mr. Desrochers, who claims he has been a Colorado domiciliary since March 2020, continued to use the Austin, Texas address as his residential address until at least April 17, 2023 — *a mere 16 days before BCB filed this lawsuit* — on his federal tax returns and did not file Colorado tax returns. It was only when it became clear that Mr. Desrochers' status as a Texas resident would destroy diversity that Mr. Desrochers suddenly decided to change course. And, while Mr. Desrochers stated in his August 14, 2023 affidavit that he was renting an apartment in Texas before the Covid-19 pandemic (ECF No. 42-1 at ¶ 4), all of the documentary

evidence demonstrates that he has not severed his ties with Texas; Mr. Desrochers had a Texas driver's license, his car was registered in Texas, and he received his mail in Texas. *See supra*, at 4. These documents make clear that Mr. Desrochers intends to remain in Texas indefinitely and never truly intended to change his domicile to Colorado.

By the same token, even though BCB's initial disclosures identified members beyond Messrs. Murphy, Patterson, and Phippen (*i.e.*, Bryce Fincham, BCB Ventures LLC, CMV Global, LLC, and Bayview Capital Investments, LLC), BCB refused to produce any documents involving Mr. Fincham or any of Plaintiff's entity members. ECF No. 42. The resolution of BCB's members' domicile is crucial because their citizenship is imputed to BCB for the purposes of establishing diversity jurisdiction, and complete diversity would be destroyed if Mr. Desrochers is indeed a Texas resident (or if any of BCB's other members would destroy diversity).[4] Because key facts regarding the domicile of BCB's members are disputed, the MineOne Defendants will be severely prejudiced without an extension of time to conduct jurisdictional discovery. The MineOne Defendants will be further prejudiced absent jurisdictional discovery because they will be forced to continue to litigate a lawsuit that must be dismissed due to lack of subject matter jurisdiction.

---

[4] While Plaintiff has attempted to frame the MineOne Defendants' efforts at conducting jurisdictional discovery as an "unwarranted fishing expedition," the MineOne Defendants' Subpoena goes to the very heart of the issue of Mr. Desrochers' domicile by seeking, among other things, documents and communications concerning Mr. Desrochers' insurance policies and vehicle registrations, tax returns and tax preparer, and excerpted bills showing only Mr. Desrochers' address, *see* ECF No. 128-1 Nos. 2-4, 6-7, and documents and communications sufficient to corroborate Mr. Desrochers' statements regarding his residence, including those with his business partners and those with Plaintiff's other members. *See* ECF No. 128-1 Nos. 11-12. These requests are designed specifically to test the veracity of Plaintiff's claims that Mr. Desrochers is a Colorado resident and are the types of objective evidence the Tenth Circuit has instructed courts to evaluate to determine whether there is diversity of citizenship – which the Court must analyze before it can proceed with this case. *Middleton*, 749 F.3d at 1200 (factors).

Accordingly, the Court should extend the jurisdictional discovery deadline and order BCB and Mr. Desrochers to respond to the Subpoena and the MineOne Defendants' Requests.

**II.     Alternative Service By Email is Warranted Because Mr. Desrochers Has Evaded Service**

Recognizing that "[t]he Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service", *W. Res., Inc. v. Union Pac. R.R.*, No. 00-2043-CM, 2002 U.S. Dist. LEXIS 14897, at *9 (D. Kan. July 23, 2002), courts have held that "delivering a copy [of the subpoena] to the named person—the phrase used by Rule 45— can include methods of service other than direct, hand-over-hand personal service." *Ross v. Jenkins*, No. 17-2547, 2019 U.S. Dist. LEXIS 127518, at *2-3 (D. Kan. July 31, 2019) (citations omitted). Courts have authorized alternative service by email directly to the witness, or by email directed to counsel claiming to lack authorization to accept service, as long as the method of alternative service "reasonably insures actual receipt of the subpoena by the witness." *W. Res., Inc.*, 2002 U.S. Dist. LEXIS 14897, at *9 (D. Kan. July 23, 2002).[5]

Mr. Desrochers used the email address tim.j.desrochers@outlook.com on his most recent tax returns and is reachable at that address. He is also well aware of Defendants' efforts to properly serve him, and will not be prejudiced by alternative service by email. Mr. Desrochers' counsel is also well aware of the MineOne Defendants' efforts to personally serve Mr. Desrochers. Because Mr. Desrochers has responded to one subpoena, filed a declaration in support of BCB's Amended Corporate Disclosure statement, and has received information about this case from his counsel

---

[5] *Ol Priv. Couns., Ltd. Liab. Co. v. Olson*, No. 2:21cv455, 2022 U.S. Dist. LEXIS 216264, at *5-6 (D. Utah Nov. 29, 2022) (authorizing alternative service by email); *Olson*, 2022 U.S. Dist. LEXIS 216264, at *5-6 ("Ephraim's counsel has previously filed a declaration from Elijah in this case, suggesting counsel is in contact with Elijah regarding this case.")

(who also represents BCB), there is no question that service by email on Mr. Desrochers and his counsel would "reasonably insure[] actual receipt of the subpoena by the witness." *W. Res., Inc.*, 2002 U.S. Dist. LEXIS 14897, at *9.

## CONCLUSION

For each of the foregoing reasons, the MineOne Defendants' motion should be granted in its entirety.

**DATED** this 18th day of March, 2024.

        HATHAWAY & KUNZ, LLP

        By: */s/ Sean Larson*
        Sean Larson, Esq.
        Kari Hartman, Esq.
        2515 Warren Ave, Suite 500
        Cheyenne, WY 82003
        Telephone:  (307) 634-7723
        Fax:  (307) 634-0985
        slarson@hkwyolaw.com
        khartman@hkwyolaw.com

        LOEB & LOEB LLP

        By: */s/ Paula K. Colbath*
        Paula K. Colbath, Esq. (*Pro Hac Vice*)
        Sarah Levitan Perry, Esq. (*Pro Hac Vice*)
        Alex Inman, Esq. (*Pro Hac Vice*)
        345 Park Avenue
        New York, NY  10154
        Telephone: 212-407-4000
        pcolbath@loeb.com
        sperry@loeb.com
        ainman@loeb.com

        *Attorneys for Defendants MineOne Wyoming Data Center LLC and Terra Crypto Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on the 18th day of March, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net<br>smurray@wpdn.net |
| Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P. O. Box 1083<br>Cheyenne, WY 82003-1083 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com |
| Marc Feinstein, *pro hac vice*<br>William K. Pao, *pro hac vice*<br>Sherin Parikh, *pro hac vice*<br>David Iden, *pro hac vice*<br>Kaitie Farrell, *pro hac vice*<br>O'Melveny & Myers, LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>*Attorneys for Bitmain Technologies Georgia Limited* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mfeinstein@omm.com<br>wpao@omm.com<br>sparikh@omm.com<br>diden@omm.com<br>kfarrell@omm.com |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org<br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

/s/ Candice Hough
Hathaway & Kunz, LLP