# EXHIBIT A

Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLC
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-CV-79-ABJ |
| v. | ) ) ) | |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS, LLC, TERRA CRYPTO INC., BIT ORIGIN, LTD., AND SONICHASH LLC'S *AMENDED* FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the United States District Court for the District of Wyoming, Defendants MineOne Wyoming Data Center, LLC, MineOne Partners, LLC, Terra Crypto Inc., Bit Origin, Ltd. and SonicHash LLC, by and through their undersigned counsel, hereby request that Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, produce for inspection and copying at the offices of Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154, the documents requested below that are in their possessions, custody or control within (30) days of service hereof.

### INSTRUCTIONS

1.      In responding to the following requests for documents, You are required to furnish all documents in Your possession, custody or control, regardless of whether such documents are in Your possession, or the possession of Your directors, officers, members, partners, designees, agents, managers, employees, representatives, attorneys, or any other person or entities acting on Your behalf or subject to Your control.

2.      Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

3.      All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

4.      Subject to Paragraph 5 of these Instructions, You are instructed to produce documents either as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with each of these requests.  In producing documents, all documents that are physically or electronically attached (e.g., email attachments) to each other when located for production shall be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.

5.      All electronically stored information responsive to a request shall be produced in black and white, single-page TIFF or color JPEG format, as applicable, and in native format. All corresponding metadata shall be produced in a load file compatible with Relativity; provided, however, that where such conversion would alter the information or render it impracticable to review, electronically stored information shall be produced in native format.

6.      If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the document or portion thereof, including any claim of privilege or protection, in sufficient detail to permit the Court to adjudicate the validity of Your withholding the document, and identify each document or portion thereof so withheld by providing at least the following information:

    a)      the type of document (e.g., memorandum, letter, report, etc.);

    b)      the date, title, and subject matter of the document;

    c)      the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document; and

d)      a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

7.      If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked with the word "REDACTED," and the rest of the document shall be produced.

8.      If a portion of an otherwise responsive document contains information that You contend is not relevant but that is not subject to a claim of privilege, the entire document shall be produced.

9.      If no documents exist that are responsive to a particular request, You shall state so in writing.  If any document requested is not in Your possession, custody or control, state the name and address of each person known to have possession, custody or control of such document.

10.     If You object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that You are not objecting to it.

11.     With respect to any responsive document that was formerly in Your possession, custody or control and has been lost, destroyed or transferred out of Your possession, custody or control, identify such document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subject matter, nature (*e.g.*, memorandum, letter, report, etc.), actual or approximate date on which the document was lost, destroyed or transferred, and, if destroyed, the conditions of and reasons for such destruction, and the names of the person authorizing and performing the destruction.

12.     These document requests are continuing.  If, at any time after service of Your responses hereto, You obtain or become aware of additional information or documents that are responsive to these document requests, You shall promptly serve upon the undersigned supplemental document productions.

13.     Defendants reserve the right to serve additional requests for the production of documents.

14.     If You have in Your possession, custody or control any English language translations of any non-English language documents that are responsive to any of these requests, You shall produce the English translations of said documents.

15.     Unless otherwise specified, these requests concern the period from June 1, 2021 to the present.

## DEFINITIONS

1.     "Plaintiff," "BCB," "You" or "Your"  shall mean Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, and any of its present or former predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

2.     "Defendants" means Defendants MineOne Wyoming Data Center, LLC, MineOne Partners, LLC, Terra Crypto Inc., Bit Origin, Ltd. and SonicHash LLC, and any of their predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

3.     "Parties" means Plaintiff and Defendants.

4.      The term "MineOne Wyoming" shall mean Defendant MineOne Wyoming Data Center, LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

5.      The term "MineOne Partners" shall mean Defendant MineOne Partners LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

6.      The term "Terra Crypto" shall mean Defendant Terra Crypto Inc., and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

7.      The term "Bit Origin" shall mean Defendant Bit Origin, Ltd., and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

8.      The term "SonicHash" shall mean Defendant SonicHash LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

9.      "Black Hills Energy" shall mean Cheyenne Power, Fuel, and Light Company, d/b/a Black Hills Energy, a subsidiary of Black Hills Corporation.

10.      The term "Action" shall mean the above-captioned civil action.

11.      The term "Amended Complaint" shall mean the First Amended Complaint filed on September 30, 2023 in this Action.

12.      The term "North Range" shall mean the cryptocurrency mining facility located in the North Range Business Park in Cheyenne, Wyoming.

13.     The term "Campstool" shall mean the planned cryptocurrency mining facility located in the Campstool Addition in Cheyenne, Wyoming.

14.     "Communication" means all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

15.     "Document" and "documents" include but are not limited to "documents," "electronically stored information" and "tangible things," as those terms are used in Federal Rule of Civil Procedure Rule 34(a), and "writings," "recordings" and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and include, without limitation, e-mails, text messages, letters, notes (whether handwritten or otherwise), memoranda, post-its, buck slips, receipts, contracts, letter agreements, journals, logs, drafts and other writings by which letters, words, numbers or images, or their equivalent, are set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, still photographs, video tapes, digital recordings and motion pictures, publications, pamphlets, promotional materials, charts, graphs, ledgers, telegrams, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, desk calendars, diaries, appointment books, and all means by which information can be stored by way of video or audio, tape, microfilm, microfiche, computers, hard disks, floppy disks, compact disks, and other similar means.  Any drafts or non-identical copies constitute separate documents, including any English translations of foreign-language documents.

16.     "Concerning" means in any way relating to, referring to, describing, comprising, consisting of, evidencing or constituting.

17.     The terms "person" and "persons" refer to natural persons or any business, legal, or governmental entities or associations, including without limitation, corporations, partnerships, limited partnerships, limited liability companies, joint ventures, or franchises.

18.     A reference to an entity (as opposed to a natural person) refers to the entity and to all persons employed by or affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, and employees.

19.     The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these discovery requests any information that might otherwise be construed to be outside its scope.

20.     The terms "each," "any" and "all" shall be construed interchangeably so as to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

21.     The use of the singular form of any word includes the plural, and vice versa, so as to bring within the scope of these discovery requests any document or information which might otherwise be construed as being outside their scope.

## **<u>REQUESTS FOR PRODUCTION</u>**

1.      All communications between or among the Parties.

2.      All documents and communications concerning BCB and its members' expertise, skills, and experience in any cryptocurrency and/or bitcoin mining or cryptocurrency and/or bitcoin business, including building cryptocurrency mining facilities and managing cryptocurrency mining operations (not subject to the June 1, 2021 time limitation).

3.      All documents and communications concerning BCB and its members' experience in construction and/or project management (not subject to the June 1, 2021 time limitation).

4.      All documents concerning the cryptocurrency and/or bitcoin mining facilities with which BCB has been, or is, affiliated (not subject to the June 1, 2021 time limitation).

5.      Michael Murphy's resume and/or curriculum vitae.

6.      Emory Patterson IV's resume and/or curriculum vitae.

7.      Neil Phippen's resume and/or curriculum vitae.

8.      Steven Randall's resume and/or curriculum vitae.

9.      Sean Murphy's resume and/or curriculum vitae.

10.      Melody Cheere's resume and/or curriculum vitae.

11.      All communications among any of BCB's members, including but not limited to Michael Murphy, Emory Patterson IV and Neil Phippen, regarding any of the following:

     a.      Any Defendant;

     b.      This Action;

     c.      The progress of construction at North Range and/or Campstool;

     d.      Construction delays at North Range and/or Campstool;

     e.      The capabilities of any contractor, sub-contractor or employee selected to work at North Range and/or Campstool;

     f.      Communications with reporters, columnists, bloggers, legislators or their staff, and/or writer journalists;

     g.      News coverage of Defendants, this Action, Chinese nationals conducting business in Wyoming, or North Range and/or Campstool; and

     h.      Securing funding or additional investors or investments for BCB.

12.      All contracts and agreements concerning BCB, North Range, Campstool or Defendants.

13.    All documents and communications concerning BCB's plans to develop and operate "one of the largest Bitcoin mines in the United States," as set forth in the Introduction to the Amended Complaint.

14.    All documents and communications concerning the Request for Proposal submitted by BCB to Black Hills Energy.

15.    All communications with Black Hill Energy and/or Black Hills Corporation or any of its affiliates, parents and/or subsidiaries.

16.    All documents and communications concerning energy and/or electricity pricing for North Range and/or Campstool.

17.    All documents and communications with Cheyenne LEADS concerning North Range and/or Campstool.

18.    All documents and communications concerning the site plans for North Range and/or Campstool.

19.    All documents and communications concerning any deadlines (target or otherwise) for the construction of, operation of, management, opening, or implementation at North Range and/or Campstool.

20.    All documents and communications concerning the budgets BCB created for North Range and/or Campstool.

21.    All invoices issued by BCB to any Defendant in connection with North Range and/or Campstool and all documents supporting the charges set forth therein.

22.    All documents concerning sources of BCB's financing.  For any entities, please provide documents that show the individuals who are members of, or own, those entities.

23.     All documents concerning payments, investments, loans, gifts, exchanges, or any other extension of credit received by BCB or any of its members in connection with North Range and/or Campstool.

24.     All documents and communications with Black Hills Energy and/or Cheyenne Power, Fuel and Light Company concerning the Power Purchase Agreement between Black Hills Energy and BCB, North Range, Campstool or Defendants.

25.     All documents and communications with CEGEN Green Energy Ltd. concerning North Range, Campstool or Defendants.

26.     All documents and communications with Defendants concerning CEGEN Green Energy Ltd.

27.     All documents and communications with Shermco Industries, Inc. concerning North Range, Campstool or Defendants.

28.     All documents and communications with Defendants concerning Shermco Industries, Inc.

29.     All documents and communications with Steven Randall concerning North Range, Campstool or Defendants.

30.     All documents and communications with Sean Murphy concerning North Range, Campstool or Defendants.

31.     All documents and communications evidencing any interference by any of Defendants with BCB's contractual obligations.

32.     Any documents and communications concerning the construction delays referred to in the Amended Complaint.

33.     All documents and communications concerning Huali Zhang.

34.     All documents and communications concerning the proposed amendment to the contract between BCB and MineOne Wyoming.

35.     All documents and communications concerning MineOne Wyoming's purported failure or refusal to honor its obligations under its contract with BCB.

36.     All documents and communications concerning Terra Crypto's purported failure or refusal to honor its obligations under its contract with BCB.

37.     All documents and communications concerning Bit Origin's purported interference with any of BCB's contracts.

38.     All documents and communications concerning SonicHash's purported interference with any of BCB's contracts.

39.     All documents and communications concerning MineOne Partners' purported interference with any of BCB's contracts.

40.     Any documents and communications concerning BCB's hiring criteria and/or considerations for any employees, contractors, sub-contractors, agents, or any other personnel considered for any form of work at North Range and/or Campstool.

41.     Any documents and communications concerning the qualifications of potential employees, contractors, sub-contractors, agents, or any other personnel considered for any form of work at North Range and/or Campstool.

42.     All documents showing the names of individuals or entities that are or have been members of BCB at any time.  For any entities, please provide documents sufficient to establish the individuals who are members of, or own, those entities.

43.     All documents showing the names of any current or former investors in BCB.  For any entities, please provide documents sufficient to establish the individuals who are members of, or own, those entities.

44.     All documents showing the names of all current or former members of BCB Ventures LLC.

45.     All documents showing the names of all current or former members of CMV Global LLC.

46.     All documents showing the names of all current or former members of Bayview Capital Investments, LLC.

47.     All documents showing the observation of corporate formalities at BCB, including minute books, agendas, certification of formation, organization, articles of organization, resolutions and other business filings.

48.     All documents showing the names of any managers of BCB and the process by which each manager was selected.

49.     All documents and communications concerning any withdrawals from any of BCB's bank accounts, the purpose of such withdrawals and the destination of such funds.

50.     All documents and communications concerning BCB's Request for Proposal process and financial investment and money expended in:

      a.     the Request For Proposal process with Black Hills Energy;

      b.     securing BCB's agreement with Black Hills Energy and/or Cheyenne Power, Fuel, and Light Company; and

      c.     securing the property for the North Range mining site.

51.     All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Michael Murphy.

52.     All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Neil Phippen.

53.     All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Emory Patterson IV.

54.     All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to BCB Ventures LLC or any of its members.

55.     All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to CMV Global LLC or any of its members.

56.     All documents and communications concerning any payments, investments, loans, gifts, exchanges, or any other extension of credit or distribution made by BCB to Bayview Capital Investments, LLC or any of its members.

57.     All documents and communications concerning any payments, investments, loans, gifts, exchanges, or any other extension of credit or distribution made by BCB to Bryce Fincham.

58.     All minutes from any BCB meetings.

59.     All documents showing BCB's capitalization from January 2021 through present.

60.     All documents showing all business relationships between BCB on the one hand and BCB Ventures LLC, CMV Global LLC, Bayview Capital Investments, LLC, Michael Murphy, Neil Phippen and/or Emory Patterson IV on the other hand.

61.     All documents and communications with any journalists or press agents (including public relations companies) about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

62.     All documents and communications with any government officials or their agents and representatives about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

63.     All documents and communications with Microsoft or any of its employees, officers, directors, agents, or representatives about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

64.     All documents and communications concerning Plaintiff's First Claim for Relief in the Amended Complaint.

65.     All documents and communications concerning Plaintiff's Second Claim for Relief in the Amended Complaint.

66.     All documents and communications concerning Plaintiff's Third Claim for Relief in the Amended Complaint.

67.     All documents and communications concerning Plaintiff's Fourth Claim for Relief in the Amended Complaint.

68.     All documents and communications concerning Plaintiff's Fifth Claim for Relief in the Amended Complaint.

69.    All documents and communications concerning Plaintiff's Sixth Claim for Relief in the Amended Complaint.

70.    All documents and communications concerning any element of damage, injury or harm You claim to have suffered as a result of any of the facts alleged in this action.

71.    All documents and communications obtained from third parties in connection with this Action, whether by subpoena or otherwise.

72.    All documents and communications other than those produced in response to any of the foregoing requests upon which Plaintiff intends to rely in connection with this Action.

73.    All documents responsive to the Requests for Production served by Plaintiff upon Defendants, dated October 11, 2023, October 22, 2023, and October 26, 2023 which are in Your possession, custody, or control.

74.    All documents that You intend to introduce as evidence at any hearing or trial of this action.

75.    All documents showing the identity of BCB's legal counsel.

DATED this 13th day of December, 2023.

*/s/ Sean Larson*
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4905
Fax: 212-407-4990

ATTORNEYS FOR DEFENDANTS
MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS, LLC, TERRA CRYPTO
INC., BIT ORIGIN, LTD. AND SONICHASH LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of December, 2023, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy | [✓ ] CM/ECF |
| Scott C. Murray | [  ] Fax: |
| Williams, Porter, Day & Neville, P.C. | [  ] E-mail: |
| 159 N. Wolcott., Suite 400 | pmurphy@wpdn.net |
| P.O. Box 10700 (82602) | smurray@wpdn.net |
| Casper, WY 82601 | |
| *Attorneys for Plaintiff* | |
| | |
| Khale J. Lenhart | [✓ ] CM/ECF |
| Tyson R. Woodford | [  ] Fax: |
| Hirst Applegate, LLP | [  ] E-mail: |
| P.O. Box 1083 | klenhart@hirstapplegate.com |
| Cheyenne, WY 82003-1083 | twoodford@hirstapplegate.com |
| *Attorneys for Bitmain Technologies* | |
| *Georgia Limited* | |
| | |
| Marc Feinstein,  *Pro Hac Vice* | [✓ ] CM/ECF |
| William K. Pao, *Pro Hac Vice* | [  ] Fax: |
| O'Melveny & Myers LLP | [  ] E-mail: |
| 400 South Hope Street, 18th Floor | mfeinstein@omm.com |
| Los Angeles, CA 90071 | wpao@omm.com |
| *Attorneys for Bitmain Technologies* | |
| *Georgia Limited* | |

*/s/ Sean Larson*
Hathaway & Kunz, LLP