# EXHIBIT D

Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLC
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR MINEONE WYOMING DATA CENTER, LLC
MINEONE PARTNERS LLC, TERRA CRYPTO, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants,<br><br>     Defendants. | Civil Action No. 23CV-79-ABJ |

# NOTICE OF SERVICE OF SUBPOENA TO PRODUCE DOCUMENTS

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc., by and through counsel, HATHAWAY & KUNZ, LLP, and LOEB & LOEB LLC, and provide notice that the attached Subpoena will be served on Tim Desrochers.

DATED this 28th day of February, 2024.

/s/ Sean Larson
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (*Admitted Pro Hac Vice*)
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4905
Fax: 212-407-4990

ATTORNEYS FOR DEFENDANTS

*MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation*

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of February, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

Patrick J. Murphy     [✓] CM/ECF
Scott C. Murray     [ ] Fax:
Williams, Porter, Day & Neville, P.C.     [ ] E-mail:
159 N. Wolcott., Suite 400     pmurphy@wpdn.net
P.O. Box 10700 (82602)     smurray@wpdn.net
Casper, WY 82601
*Attorneys for Plaintiff*

Khale J. Lenhart     [✓] CM/ECF
Tyson R. Woodford     [ ] Fax:
Hirst Applegate, LLP     [ ] E-mail:
P. O. Box 1083     klenhart@hirstapplegate.com
Cheyenne, WY 82003-1083     twoodford@hirstapplegate.com

Marc Feinstein, *pro hac vice*     [✓] CM/ECF
William K. Pao, *pro hac vice*     [ ] Fax:
O'Melveny & Myers, LLP     [ ] E-mail:
400 South Hope Street, 18th Floor     mfeinstein@omm.com
Los Angeles, CA 90071     wpao@omm.com
*Attorneys for Bitmain Technologies Georgia Limited*

Meggan J. Hathaway     [✓] CM/ECF
Jane M. France     [ ] Fax:
Sundahl, Powers, Kapp & Martin, L.L.C.     [ ] E-mail:
500 W. 18th Street, Suite 200     mhathaway@spkm.org
Cheyenne, WY 82003-0328     jfrance@spkm.org
*Attorneys for Bit Origin and SonicHash*

                        */s/ Candice Hough*
                        Hathaway & Kunz, LLP

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN <br> *Plaintiff* <br> v. <br> MINEONE WYOMING DATA CENTER, LLC et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. Civil Action No. 23CV-79-ABJ |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Timothy Desrochers, 7426 Matheson Dr. Fort Collins, CO 80525

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Hathaway & Kunz, LLP, P.O. Box 1208, Cheyenne, WY 82003-1208; email: SLarson@hkwyolaw.com | Date and Time: 03/11/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/28/2024

CLERK OF COURT

OR

_____          /s/ Sean M. Larson
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MineOne Wyoming Terra Crypto Inc. , who issues or requests this subpoena, are:
Sean M. Larson, P.O. Box 1208, Cheyenne, WY 82003-1208; slarson@hkwyolaw.com; 307-634-7723

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  Civil Action No. 23CV-79-ABJ

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A to Subpoena Issued to Tim Desrochers

*Request No. 1*

Produce documents showing dates of use for the address at 1401 Lavaca St., # 242, Austin TX 78701 (referenced in your Notice of Compliance, ECF No. 110), including any Form(s) 1583, titled "Application for Delivery of Mail Through Agent" that you completed in connection with receiving mail at this address.

*Request No. 2*

Produce a copy of the first two pages of your Form 1040 U.S. Individual Income Tax Return for 2020, your state tax return for 2020, and all Schedule K-1s, W-2 forms, and Form 1099s for tax years 2021, 2022 and 2023, which show your address (your financial information may be redacted).

*Request No. 3*

Produce any document evidencing the name and address in Utah of the person who prepared your income tax returns for tax years 2021 and 2022.

*Request No. 4*

Produce a copy of your communications with the Internal Revenue Service ("IRS") or any other taxing authority which show your address since January 1, 2020, including any IRS Forms 8822 you have completed (your financial information may be redacted).

*Request No. 5*

Produce a copy of your business cards for the years 2021, 2022, and 2023, including a copy of your business card with Amazon Web Services.

*Request No. 6*

Produce a copy of that portion of your motor vehicle insurance policy and/or motor vehicle insurance card(s) for the years 2021, 2022, and 2023 that list your address.

*Request No. 7*

Produce a copy of any loan applications and/or the first page of your credit card statements showing your address for the years 2021, 2022, and 2023.

*Request No. 8*

Produce a copy of the page of your renters insurance application(s) for the years 2021, 2022, and 2023, which show the address you listed on the application(s).

*Request No. 9*

Produce your medical claim forms and explanation of benefit forms for the years 2021, 2022, and 2023, with personal information redacted, which show your address listed on the forms.

*Request No. 10*

Produce the page of your statements for your investment, bank or brokerage accounts for the years 2021, 2022, and 2023 that show your address listed on the statements.

*Request No. 11*

Produce a copy of any portion of the operating agreement for CMV Global, LLC ("CMV") that

indicates you as a member of CMV and the address listed for you, and any communications to or from any member of CMV, which lists your address in 2021, 2022 and 2023.

*Request No. 12*

Produce a copy of any and all communications (i.e., text messages, emails, letters, etc.) between James Quid, Jessica Quid, Bayview Capital Investments, LLC, or any member of CMV or anyone acting on CMV's behalf, on the one hand, and you or anyone acting on your behalf, that relate to your residence and/or domicile for the years 2020, 2021, 2022 and 2023. (Please exclude from production in response to this Request any of your communications with your legal counsel).

*Request No. 13*

Produce a copy of all communications (i.e., text messages, emails, letters, etc.) you have had with anyone, since January 1, 2023, regarding your residence and/or domicile in Colorado, Georgia, and/or Texas, including but not limited to your communications with Michael Murphy, Sean Murphy, Caroline Free, Jana Free, James Free, any direct or indirect investor or participant in BCB, the IRS, your employer (including Amazon Web Services), any licensing authority, insurance company, and/or your accountant. (Please exclude from production in response to this Request any of your communications with your legal counsel).

*Request No. 14*

Produce a copy of your resumes and/or CVs for the years 2020, 2021, 2022 and 2023, which show your address listed on each resume and/or CV.

*Request No. 15*

Produce a copy of documents showing how many days you spent in Colorado between May 4, 2022 and May 3, 2023.