# EXHIBIT H



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

March 8, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

Sean M. Larson
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com

Re: BCB's, Tim Desrochers' and James Quid's Objections to MineOne's Fifth and Sixth Subpoenas to Tim Desrochers.

Paula and Sean:

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, I am writing to set forth the objections of Plaintiff BCB Cheyenne LLC ("BCB") and third persons Tim Desrochers and James Quid to MineOne's fifth and sixth subpoenas to Tim Desrochers. [Docs. 127, 128] Additionally, BCB, James Quid and Tim Desrochers will seek the Court's order quashing these subpoenas to the extent the subpoenas require disclosure of privileged communications and/or subject Tim Desrochers to undue burden. *See* Rule 45(d)(3)(A)(iii) and (iv).

Rule 45(d)(2)(B), F.R.Civ.P., governs objections to subpoenas. Tim Desrochers may serve his objections to these two new subpoenas, and BCB, the Plaintiff, may assert its objections. *Id.* If an objection is made, "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.*

Here, Mr. Desrochers was personally served with MineOne's *first* subpoena at his home in Fort Collins, Colorado on January 15, 2024 [Doc. 105], and Mr. Desrochers filed his Response to that first subpoena on January 29, 2024 [Doc. 110] pursuant to Judge Rankins' 1/10/24 text Order (Doc. 113). Mr. Desrochers fully complied with that *first*












subpoena, except that he redacted confidential financial information from his 2021 and 2022 federal income tax returns and the identity of his 2021 and 2022 Utah tax filer.

Thereafter, the moving party, MineOne, filed "notice" that it would serve second, third and fourth subpoenas on Tim Desrochers. [*See* Docs. 114, 115 and 116].[1] The *third* subpoena commands Mr. Desrochers to appear for a deposition on February 22, 2024 [ECF 114]. The *fourth* subpoena commands Mr. Desrochers to produce yet more privileged communications to Hathaway & Kunz on February 16, 2022 – just four days after "notice" of the fourth subpoena. [Doc. 115-2]. The *fifth* subpoena commands Mr. Desrochers to appear for a video conference deposition on March 18, 2024 at 9:00 a.m. [Doc. 127-1]. The *sixth* subpoena commands Mr. Desrochers to produce an extensive, unduly burdensome, irrelevant, and harassing list of at least 15 categories of documents to Hathaway & Kunz by March 11, 2024 – just twelve days after "notice" of the subpoena. [Doc. 128, 128-1].

On February 26, 2024, counsel participated in an informal discovery conference with Magistrate Judge Kelly Rankin solely dedicated to Tim Desrochers and jurisdictional discovery. The Court entered its text Order on that discovery conference the following day. [Doc. 126]. Then, on February 28, 2024, Defendant MineOne gave notice that it would be serving Tim Desrochers with a *fifth* (5th) subpoena (for a testimonial deposition on March 18, 2024) and a *sixth* (6th) subpoena (for fifteen different categories of documents) [Docs. 127, 128, and 128-1].

None of MineOne's six (6) subpoenas have yet been served on Tim Desrochers.

Following the Court's informal discovery conference on February 26, BCB and Tim Desrochers' counsel sent a proposed conferral proposal to all counsel, with a copy to the

[1] None of these three new subpoenas have been personally served on Tim Desrochers as of today, March 8, 2024. Rule 45(b)(1) requires personal service on the person to whom the subpoena is directed. ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law"). Patrick Murphy, personal counsel for Tim Desrochers, is not authorized to accept service of any of these six subpoenas for Mr. Desrochers, and Mr. Murphy has earlier advised MineOne's counsel of this fact.









Honorable Kelly Rankin. Defendants Bit Origin, Ltd. and SonicHash, LLC have recently rejected Mr. Murphy's conferral proposal. So have MineOne, Terra Crypto, and MineOne Partners late last night.

BCB and Tim Desrochers stand on their March 5 conferral proposal. It is not withdrawn, but in the event Defendants continue to reject Mr. Murphy's 3/5/24 proposal, BCB and Tim Desrochers now assert their objections to providing (a) nearly all of the fifteen categories of documents in MineOne's *sixth* subpoena; and (b) providing Tim Desrochers for any deposition on these jurisdictional discovery issues.

Before I set forth our clients' specific objections, BCB, Tim Desrochers and James Quid first object to producing any of their ***privileged*** attorney client communications[2] with Patrick Murphy, Scott Murray or anyone employed at Williams, Porter, Day & Neville, P.C. MineOne's *fourth* subpoena to Tim Desrochers wrongly commands Tim Desrochers to produce his privileged attorney client communications with "Patrick Murphy or anyone with Williams, Porter, Day & Neville," (Doc. 116-2), even though MineOne knows that Patrick Murphy and WPDN represent Tim Desrochers personally.

Patrick Murphy has separate attorney client engagement agreements with (a) BCB, (b) James Quid, and (c) Tim Desrochers. Patrick Murphy entered into his attorney client relationship(s) with James Quid and Tim Desrochers on August 5, 2023 when Mr. Murphy began communicating with Mr. Quid to prepare BCB's 8/10/23 *Supplemental Disclosure Statement* (Doc 39), and also with Tim Desrochers in early August, 2023. Tim Desrochers and James Quid continue to be represented by Patrick Murphy, Scott Murray and WPDN

---

2 Rule 45(e)(2)(A)(i) says:

> (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:
>
> (i) expressly make the claim.

With this letter, BCB, Tim Desrochers and James Quid expressly make the claim that all of their communications with Patrick Murphy, Scott Murray or anyone at WPDN are privileged attorney client communications.












in their individual capacities as members of a corporate member of Plaintiff BCB. All of Tim Desrochers' communications with Patrick Murphy and WPDN are attorney client privileged communications. All of James Quid's communications with Patrick Murphy and WPDN are attorney client privileged communications. And all of BCB's communications with Patrick Murphy and WPDN are attorney client privileged communications.

Pursuant to Rule 45(e)(2)(A)(i), Patrick Murphy and WPDN, as separate counsel for BCB, James Quid, and Tim Desrochers, expressly assert the attorney client privilege as to each and all of (a) Patrick Murphy's and WPDN's privileged communications with BCB; (b) Patrick Murphy and WPDN's privileged communications with Tim Desrochers; and (c) Patrick Murphy's and WPDN's privileged communications with James Quid.

**A. Unwarranted Fishing Expedition.**

Tim Desrochers and BCB oppose MineOne's [Doc. 128, 128-1] request for the 15 categories of documents set forth in MineOne's *sixth* subpoena.

As Judge Rankin recently ruled, "Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery or a 'fishing expedition' to obtain evidence to support their clams or defenses." *See 6/2/22 ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM in Tillman v. Riverton Memorial Hospital, LLC,* Civil No. 21-CV-138-F; United States District Court for the District of Wyoming [Doc. 36], citing *Richards v. Convergys Corp*., No. 05-CV-790-DAK, 2007 WL 474012 at *2 (D. Utah Feb. 7, 2007) (*citing Munoz v. St. Mary-Corwin Hosp.,* 221 F. 3d 1160, 1169 (10th Cir. 2000)).

MineOne's request for the 15 categories of documents in the *sixth* subpoena is nothing more than a "fishing expedition in an attempt to obtain evidence to support [MineOne's] defense of incomplete diversity." *Id.*

What is relevant is where Mr. Desrochers resided on May 3, 2023. Tim Desrochers' residence as of May 3, 2023 is all that is relevant, not his residence in 2021 or 2022. Mr.





Desrochers remains willing to provide his engagement letter with his 2023 Denver, Colorado preparer.

One's domicile at a given point in time (here, May 3, 2023) is all that matters. A "person may have a domicile in only one place at a time: however, the same person may be a 'resident' of several places at the same time." *Estate of Tokowitz v. Silverwood,* 2024 WY 5, 541 P.3d 446 (Wyo. 2024). *Id.*; *and* "Domicile is narrowly defined: the domicile of a person is the place where he has voluntarily fixed his habitation with a present intent to make it either his permanent home or his home for the indefinite future." *Id.*; *and see Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (Phillips, Circuit Judge) ("For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state [citation omitted]. And a person acquires domicile in a state when the person ***resides there*** **and** ***intends to remain there indefinitely*** [citation omitted]. Domicile is established by a ***physical presence in a place*** in connection with a certain state of mind concerning ***one's intent to stay there***") (and finding that even though Mr. Stephenson owned a home and ranch **in Wyoming**, was registered to vote and voted **in Wyoming, and his tax returns showed a Wyoming address**, the court concluded that he was domiciled **in Utah**).[3]

[3] In prior correspondence from MineOne's lead counsel, MineOne says, "Mr. Desrochers produced only the first two pages of his federal tax returns for 2021 and 2022, in which he certified under penalties of perjury that his "home address" is 1401 Lavaca Street, Apt. No. 242, Austin, Texas 78701." *See* Paula Colbath's 2/15/24 letter, p. 2. Ms. Colbath observes that ". . . Mr. Desrochers' claim that he was a Colorado domiciliary at the time the action was commenced is baseless." *Id.* She says: "If, indeed, Mr. Desrochers was a Colorado domiciliary since March 2020, as he avers in his affidavit, then Mr. Desrochers would have been required to file Colorado state income tax returns for 2021 and 2022 – which he himself readily admits he did not." *Id.* MineOne intimates that Mr. Desrochers should be barred from claiming Colorado domicile in 2021-2022 because he filed his federal income tax returns with the 1401 Lavaca Street address in Austin, Texas, and did not file any Colorado state income tax returns in Colorado those years. This is a mistaken analysis. Something very similar happened in *Middleton,* 749 F.3d at 1201-02. Like Texas, Wyoming has no state income tax. Like Colorado, Utah has a state income tax. In *Middleton*, Mr. Stephenson lived in Wyoming from 2006-2009. In 2009, he moved his family to Utah. Thereafter, Mr. Stephenson did not report or pay any Utah state income taxes. Just as Tim Desrochers filed his 2021 and 2022 income taxes from the Austin, Texas Post-Net address, Mr. Stephenson kept filing his federal income tax returns from his Wyoming address, not his Utah address. And, noting that Mr. Stephenson moved back to Utah in 2009, Judge Greg Phillips then wrote:

> We don't mean to suggest that Stephenson had nothing on his side of the ledger. To be sure, he had evidence pointing to Wyoming as his domicile. For example, he highlighted that he owned a home and ranch near Evanston, Wyoming, that he was registered to vote











**B. Tim Desrochers Was (and Still Is) Domiciled in Colorado on May 3, 2023. And I Know 'You Know' That.**

Tim Desrochers has spoken definitively to what matters here. In his 8/21/23 Affidavit and his 1/29/24 subpoena Response, Mr. Desrochers says he hasn't lived in Texas since early 2020. He has no home in Texas. He rents no home, apartment or property in Texas. He owns no real property in Texas. He leases no property in Texas. Instead, Mr. Desrochers moved all of his personal property to his sister's home in Fort Collins, Colorado in March 2020 (Doc. 42-1). His sister's home is Mr. Desrochers' home and residence. *Id.* And Colorado is where Mr. Desrochers ***has intended*** to reside – and ***has resided*** – since leaving Texas in early 2020. And Colorado is where he intends to continue residing. Mr. Desrochers has engaged a Colorado tax preparer, and Colorado is where Mr. Desrochers plans to file his 2023 tax returns. Nothing in the Utah tax preparer's 2021 and 2022 tax files will shed further light on which state – Texas or Colorado – Mr. Desrochers was ***residing*** on May 3, 2023. *Middleton, supra.*

Tim Desrochers has already complied with Judge Rankin's Order that he (Desrochers) respond to MineOne's [first] document subpoena to Mr. Desrochers [Doc. 110]. Mr. Desrochers provided MineOne with redacted copies of his 2021 and 2022 federal income tax returns. Nothing about those 2021 and 2022 federal income tax returns is relevant to the question of which state Mr. Desrochers ***resided*** on May 3, 2023. What may be relevant to this question is where Mr. Desrochers is planning to file his 2023 federal income tax return, and that is Colorado, using his Colorado home address of 7426

> and did vote in Wyoming, ***and that his tax returns showed a Wyoming address.*** Even so, the district court weighed this evidence and wasn't persuaded. And, for our part, we aren't persuaded that the district court's scales were so poorly calibrated that its finding constituted clear error.

*Middleton*, 749 F.3d at 1201-02 (emphasis added). The Tenth Circuit did not adopt or apply any notion of "tax estoppel," and the Tenth Circuit correctly viewed the state where Mr. Stephenson filed his taxes (Wyoming) as just one factor – but clearly not an important factor – when determining Mr. Stephenson was domiciled in a different state (Utah). This is what should happen here with Tim Desrochers: the states where Mr. Stephenson and Mr. Desrochers stated as home on their federal income tax returns are ***not*** the states where they were/are "domiciled."











Matheson Drive, Fort Collins, Colorado. Mr. Desrochers has been clear about this. *See* Doc. 110.

Importantly, only in those cases "where it appears that a party may have more than one residence, [should] the Court use a 'totality of evidence' approach to ascertain the party's intended domicile." *Middleton v. Stephenson*, 2012 WL 2224451, at *6 (D. Utah, Central Division, decided June 14, 2012), *quoting Cressler v. Neuenschwanter,* 930 F. Supp. 1458, 1460 (D. Kan. 1996). Here, there is no evidence showing that Tim Desrochers had any residence other than Fort Collins, Colorado since March 2020 – more than three years before this case was filed on May 3, 2023. Here, all of the evidence shows that Tim Desrochers was living and residing in Fort Collins, Colorado since March 2020. He moved all of his belongings to his sister's home in Fort Collins, Colorado when he left Texas in March 2020. (Doc. 42-1). And it is in Colorado that Mr. Desrochers intends to remain. To be sure, Mr. Desrochers travels extensively, but Fort Collins, Colorado is the only place to which Mr. Desrochers has "a present intention of [returning from any travels] and making it his home." *Estate of Tokowitz*, 541 P.3d at 451.

The *Cressler* court "compiled a list of factors courts have to consider in ***choosing between two residences***."[4] *Middleton* at 4 (emphasis added). Those nine (9) factors are:

1. Whether or not an individual votes where he claims domicile;

2. The manner in which an individual lives, taken in connection with his station in life, i.e., whether he rents or buys a home;

3. Whether his family and dependents have moved to the new residence;

4. Whether an individual's belongings have been moved to the new residence;

---

[4] Tim Desrochers has had only one residence since March 2020: 7426 Matheson Drive in Fort Collins, Colorado. He hasn't lived in Texas since March 2020. (Doc. 42-1). While he often travels, he has lived and resided only in Colorado since March 2020. Unlike Mr. Stephenson in *Middleton*, 749 F.3d at 1202, Tim Desrochers does not have two residences. ***The predicate finding – two residences – for even traveling down this domicile inquiry road is wholly absent here***.











5. One's relationships with churches, clubs, and investments in the new residence;

6. Whether or not a place of abode is retained in the old state of residence;

7. Whether or not investments in local property or enterprises attach one to the former residence;

8. Whether one retains affiliations with professional religious and fraternal life of the former community; and

9. What domicile is claimed for tax purposes.

*Id.* at *4.

Here, even if Tim Desrochers had two residences in 2021, 2022 or 2023 – which he never did – these factors strongly point to Colorado as Tim Desrochers' domicile on May 3, 2023. Tim Desrochers does not vote and is not registered to vote in any state. Tim Desrochers has lived at his sister's home in Fort Collins, Colorado since March 2020 when Covid struck: he has not rented a home, apartment or ***any*** property in Texas since early 2020, nor has he lived or resided ***anywhere in Texas*** during these last four years. His ***only*** home is his sister's home in Fort Collins since March 2020. Mr. Desrochers has no wife or children, but he lives with his sister, and her husband, at their home in Fort Collins. He was personally served with MineOne's 'first' subpoena at his home in Fort Collins on January 15, 2024 (Doc.105). Tim Desrochers moved ***all*** of his belongings to his sister's Fort Collins home in March 2020, and that is where they have remained ever since. (Doc. 42-1). Tim Desrochers has never had any relationship with a church, club or any investment in Texas. Mr. Desrochers has a gym membership in Fort Collins, Colorado he established in 2023. Mr. Desrochers never retained his Texas apartment (or any place of abode) when he left Texas in March 2020: his lease terminated and he has never renewed it or sought another lease. And Mr. Desrochers has not had any "investments in local [Texas] property or enterprise" which attach to his 2019 Texas apartment lease. And Mr. Desrochers filed his federal income tax return using his Post-Net virtual mailbox address in Austin, Texas in 2021 and 2022 (which forwards his mail to Tim Desrochers electronically – so Tim can receive and view it quickly from anywhere he is at – and Post-Net also forwards Tim's physical mail to his home in Fort Collins, Colorado at 7426 Matheson Drive). Thus, even











if the Court were to ever conclude, which it cannot, that Tim Desrochers had "two residences" on May 3, 2023, which he did not, the great weight of the evidence commands the judicial conclusion that Tim Desrochers was "domiciled" in Colorado – not in Texas – when the lawsuit was filed on May 3, 2023. *See Middleton* at 5 ("whether diversity exists is determined based on the facts as they were at the time a suit is filed").

Through their counsel, BCB, Tim Desrochers, and James Quid now assert the following additional objections with respect to MineOne's *fifth* and *sixth* subpoenas to Tim Desrochers.

**C. BCB's, Tim Desrochers,' and James Quid's Specific Objections to MineOne's *Sixth* Subpoena.**

Any request that seeks any 2021 and/or 2022 documents is irrelevant, not proportional to this jurisdictional issue, and the burden and expense of the requested document collection and discovery outweighs any likely benefit. To the extent each and all of these 15 discovery requests seek *any* 2021 and 2022 documents, BCB and Tim Desrochers object to each such request.

Incorporating all of their above-stated objections, BCB, Tim Desrochers, and James Quid assert the following additional objections to each of the 15 specific requests for production of documents in MineOne' *fifth* subpoena. [Doc. 128-1].

***Request No. 1***
**Produce documents showing dates of use for the address at 1401 Lavaca St., Austin TX, 78701, (referenced in your Notice of Compliance, ECF No. 110), including any Form(s) 1583, titled "Application for Delivery of Mail Through Agent" that you completed in connection with receiving mail at this address.**

OBJECTIONS: This request is entirely too burdensome, over-reaching, vexatious, and irrelevant. As described above, the building at 1401-1403 Lavaca Street in Austin, Texas is a single-story commercial storefront retail and office building, and that Post-Net, a business, is the tenant of the commercial retail space located at 1401 Lavaca Street, Austin, Texas, and that no one lives/resides at that address, and that no one could live/reside, or has lived/resided, at that address as long as it has been a Post-Net business or a commercial










retail space or office space. And any of Mr. Desrochers' mail that is received at this Post-Net building in Austin, Texas is forwarded to Mr. Desrochers' home at 7426 Matheson Drive in Fort Collins, Colorado. No one lives at this Austin, Texas Post-Net address and building, nor could they.

To seek any of Mr. Desrochers' "applications, payments, contracts/agreements, [and] documents showing the dates of use and whether this [Post-Net] address is currently active" is vexatious, irrelevant, and unduly burdensome on Mr. Desrochers.

***Request No. 2***
**Produce a copy of the first two pages of your Form 1040 U.S. Individual Income Tax Return for 2020, your state tax return for 2020, and all Schedule K-1s, W-2 forms and Form 1099s for tax years 2021, 2022 and 2023, which show your address (your financial information may be redacted).**

OBJECTIONS: In MineOne's *third* subpoena, it requested Tim Desrochers' 2021 and 2022 income tax returns. Now, with this *sixth* subpoena, they are requesting his 2020-2023 tax returns, and "all Schedule K-1's, W-2 forms, and Form 1099's for all these years." Mr. Desrochers has not prepared his 2023 federal and Colorado state income tax returns. In addition to all our objections above, especially the objections to any 2021 and 2022 tax year documents, this request seeks irrelevant, confidential, personal financial information of Tim Desrochers, someone who is not a party to this case. It has nothing to do with where Tim Desrochers ***lived and resided*** on May 3, 2023. This personally invasive request is irrelevant, vexatious and unduly burdensome on Tim Desrochers. Mr. Desrochers agreed to allow Defendants to subpoena his Utah tax filer for Mr. Desrochers' 2021 and 2022 tax returns and all schedules with his attorney's March 5, 2024 conferral proposal, but this new request is irrelevant, over-reaching, excessive, and unduly burdensome on Tim Desrochers.

***Request No. 3***
**Produce any document evidencing the name and address in Utah of the person who prepared your income tax returns for tax years 2021 and 2022.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference here.









***Request No. 4***

**Produce a copy of your communications with the Internal Revenue Service ("IRS") or any other taxing authority which show your address since January 1, 2020, including any IRS Forms 8822 you have completed (your financial information may be redacted).**

OBJECTIONS: All of the objections recited above are restated here. This request further demonstrates MineOne's willful attempt to invade Tim Desrochers' life and personal financial privacy beyond any limit to which a court should subject any third person. *All* communications with the IRS? *All* communications with "any other taxing authority?" From January 1, 2020 to the present? This is an unfettered witch hunt against Tim Desrochers. This request for all of Tim Desrochers' tax communications from January 1, 2020 – February 15, 2024 is not relevant to ***where Tim Desrochers resided*** on May 3, 2023. This is not a criminal investigation of Mr. Desrochers, but MineOne seeks to make it one with this and similar subpoena requests. This is a quintessential fishing expedition, a fishing expedition Mr. Desrochers and BCB object to.

***Request No. 5***

**Produce a copy of your business cards for the years 2021, 2022, and 2023, including a copy of your business card with Amazon Web Services.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference here. Where, as here, Tim Desrochers works remotely for his employer, any business cards are irrelevant to *where Tim Desrochers resided* on May 3, 2023.

***Request No. 6***

**Produce a copy of that portion of your motor vehicle insurance policy and/or motor vehicle insurance card(s) for the years 2021, 2022, and 2023 that list your address.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference. Where, as here, Tim Desrochers actually resided in only one house in Fort Collins, Colorado all of these years, his motor vehicle insurance policy and/or insurance cards are irrelevant.












*Request No. 7*

**Produce a copy of any loan applications and/or the first page of your credit card statements showing your address for the years 2021, 2022, and 2023.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference here.

Additionally, much like Request No. 4 which seeks all of Tim Desrochers' communications with the IRS or any other taxing authority, this request for "any loan applications [Tim Desrochers] applied for in 2021, 2022, and 2023" is willfully calculated to invade Tim Desrochers' life and personal financial privacy beyond any limit a court should subject any third person with a subpoena. It is more evidence of the witch hunt MineOne is subjecting this third person to. And it says nothing about *where Tim Desrochers **resided*** on May 3, 2023. Again, this is a fishing expedition, not targeted to the only relevant issue: where did Tim Desrochers ***reside*** on May 3, 2023? Tim Desrochers should never have to disclose his most sensitive personal and financial "loan statements and the first page of his credit card statements." Moreover, any loan applications and credit statements are duplicative of the 2021 and 2022 K-1's, W-2's, and 1099's that Mr. Desrochers offered to provide with his attorney's 3/5/24 conferral letter.

*Request No. 8*

**Produce a copy of the page of your renters insurance application(s) for the years 2021, 2022, and 2023 which show the address you listed on the application(s).**

OBJECTION: Please see all of our objections above, all of which are incorporated by reference. Without waiving these objections, Tim Desrochers did not make and has no renter's or homeowner's insurance application for the years 2021, 2022 and 2023. Tim Desrochers lives with his sister and her husband in Fort Collins, Colorado continuously since March 2020, and his sister and her husband handle the homeowner's insurance for 7426 Matheson Drive with their Colorado insurance agent. Tim Desrochers had and still has the present and continuing intent to live and reside with his sister and her husband at their Fort Collins, Colorado home whenever he is not traveling.












***Request No. 9***

**Produce your medical claim forms and explanation of benefit forms for the years 2021, 2022, and 2023, with personal information redacted, which show your address listed on the forms.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference. In addition to all our objections above, especially the objections to any 2021 and 2022 health insurance cards, this request seeks irrelevant, confidential, personal health information ("PHI") of Tim Desrochers, someone who is not a party to this case. Mr. Desrochers' health insurance cards have nothing to do with where Tim Desrochers ***lived and resided*** on May 3, 2023, or where he ***lived and resided*** in January – May 2023. This personally invasive request is irrelevant, vexatious, unduly burdensome, and wrongfully seeks Tim Desrochers' confidential information.

***Request No. 10***

**Produce the page of your statements for your investment, bank or brokerage accounts for the years 2021, 2022, and 2023 that show your address listed on the statements.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference here.

Additionally, much like Request No. 7 which seeks all of Tim Desrochers' "loan applications and/or the first page of your credit card statements," this request for "your investment, bank or brokerage accounts for the years 2021, 2022, and 2023" is willfully calculated to invade Tim Desrochers' life and personal financial privacy beyond any limit a court should subject any third person with a Rule 45 subpoena. It is more evidence of the witch hunt MineOne is subjecting this third person to. And it says nothing about *where Tim Desrochers **resided*** on May 3, 2023. Again, this is a fishing expedition, not targeted to the only relevant issue: where did Tim Desrochers ***reside*** on May 3, 2023. Tim Desrochers should never have to disclose his most sensitive personal and financial "investment, bank or brokerage accounts for the years 2021, 2022, and 2023." Moreover, any investment, bank or brokerage account addresses are duplicative of the 2021 and 2022 addresses on Mr. Desrochers K-1's, W-2's, and 1099's that Mr. Desrochers offered to provide with his attorney's 3/5/24 conferral proposal letter.










WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*



***Request No. 11***

**Produce a copy of any portion of the operating agreement for CMV Global, LLC ("CMV") that indicates you as a member of CMV, and the address listed for you, and any communications to or from any member of CMV, which lists your address in 2021, 2022, and 2023.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference. Moreover, James Quid previously provided you and the Court with all of his documentation reflecting Tim Desrochers' state of domicile as of August 10, 2023 [ECF 108, 108-1]. This new request unreasonably and in violation of Tim Desrochers' privacy and the privacy of other members of CMV Global, LLC now seeks CMV Global, LLC's documentation of Tim Desrochers' and others' membership in CMV Global, LLC for 2021, 2022 and 2023 where, as here, 2021 and 2022 are irrelevant.

***Request No. 12***

**Produce a copy of any and all communications (i.e., text messages, e-mails, letters, etc.) between James Quid, Jessica Quid, Bayview Capital Investments, LLC, or any member of CMV or anyone acting on CMV's behalf, on the one hand, and you or anyone acting on your behalf, that relate to your residence and/or domicile for the years 2020, 2021, 2022, and 2023. (Please exclude from production in response to this Request any of your communications with your legal counsel).**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference.

This request is also too vague and unduly burdensome on Tim Desrochers. It seeks Tim Desrochers' communications with multiple people for over four years that "relate" to Mr. Desrochers' residence and/or domicile for 2021, 2022 and 2023. What does "relate to" mean? How does MineOne intend it to mean? Tim Desrochers and his counsel cannot be expected to guess as to how narrow, how broad, or how specific "relate to" means. *See*





*Harris v. German*, No. 115CV01462DADSAPC, 2019 WL 6683136, at *9 (E.D.Cal.Dec.6, 2019) ("A document request or interrogatory is also overly broad or unduly burdensome on its face if it: (1) uses an omnibus term such as 'relating to' or 'concerning' and (2) applies to a general category or group of documents or a broad range of information") (quotation marks omitted). This a classic fishing expedition.

Additionally, the Operating Agreement of a corporate member which has less than a 5% ownership interest in Plaintiff BCB Cheyenne LLC – CMV Global, LLC – is wholly irrelevant to any jurisdictional issue involving Tim Desrochers' May 3, 2023 residence in Colorado (or Texas). CMV Global, LLC is a Wyoming limited liability company with 23 individual members spread among multiple states, and several other corporate members. The Operating Agreement of CMV Global, LLC, including "all exhibits, schedules and other attachments to said Operating Agreement" have nothing to do with where Tim Desrochers ***resided and was domiciled*** in 2023. It has no importance in resolving the jurisdictional issue. It is a gross over-reach and invades the privacy rights and expectations of the 23 individual members of CMV Global, LLC. It is nothing but an unwarranted fishing expedition and witch hunt.

The final clause of Request No. 14 shows, even more clearly, what an unauthorized request this is. MineOne seeks "any communications with *any* member of CMV." Thus, if Tim Desrochers, one of 23 individual members of CMV, has communicated with any/all of the other 22 CMV individual members *about anything* over an *undefined time period*, it seeks all of these communications, whether or not they relate to CMV, CMV's operations, or any personal matters. This request seeks wholly irrelevant and likely confidential communications and is an unhinged fishing expedition.

***Request No. 13***

**Produce a copy of all communications (i.e., text messages, e-mails, letters, etc.) you have had with anyone, since January 1, 2023, regarding your residence and/or domicile in Colorado, Georgia, and/or Texas, including but not limited to your communications with Michael Murphy, Sean Murphy, Caroline Free, Jana Free, James Free, any direct or indirect inventor or participant in BCB, the IRS, your employer (including Amazon Web Services), any licensing authority, insurance**











**company, and/or your accountant. (Please exclude from production in response to this Request any of your communications with your legal counsel).**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference, especially RFP No. 12 above.

This request seeks all of Mr. Desrochers' 2023 and 2024 communications "regarding his residence" and/or domicile in Colorado and/or Texas with:

- Michael Murphy
- Sean Murphy
- Caroline Free (Mr. Desrochers' sister)
- James Free (Mr. Desrochers' brother-in-law)
- *Any* direct or *indirect* investor or participant in BCB
- The IRS
- Mr. Desrochers' employer
- *Any* licensing authority
- *Any* insurance company; <u>and</u>
- His accountant.

Where, as here, Tim Desrochers did ***not live or reside in Texas*** after March 2020, all of these requests seek irrelevant information that is unduly burdensome on this third person to search for and produce. And MineOne has not made any effort – as it is required to do under 45(d)(2)(B)(ii) – to "protect a person [Tim Desrochers] who is neither a party nor a party's officer from significant expense resulting from compliance."

This request unreasonably requests *any* communication with *any* licensing authority, without stating or describing what "licensing authority" MineOne seeks Mr. Desrochers' communications with.

It unreasonably requests *any* communication with *any* insurance company, without stating or describing what or which insurance company they seek Mr. Desrochers' communication with.

It unreasonably requests *any* communication with Mr. Desrochers' 2021 and 2022 accountant(s), to which we asserted our objections above.












It is overbroad and vague, as they all seek communications "regarding your residence." They do not define or describe what they mean by "regarding your residence." Requests for Production seeking documents "regarding" a subject are facially overbroad. *See Harris v. German*, No. 115CV01462DADSAPC, 2019 WL 6683136, at *9 (E.D.Cal.Dec.6, 2019) ("A document request or interrogatory is also overly broad or unduly burdensome on its face if it: (1) uses an omnibus term such as 'relating to' or 'concerning' and (2) applies to a general category or group of documents or a broad range of information") (quotation marks omitted).

It unreasonably requests any of Tim Desrochers' communications with "any direct or indirect investor or participant in BCB [or] the IRS," without describing who or what constitutes an "indirect investor" in BCB, and without limiting or defining the type of Mr. Desrochers' communications with the IRS, or anyone with the IRS.

It is irrelevant, vexatious, harassing, intimidating, an invasion of Mr. Desrochers' constitutional right of privacy, and unduly burdensome which burden far outweighs any likely benefit.

***Request No. 14***

**Produce a copy of your resumes and/or CV's for the years 2020, 2021, 2022, and 2023, which show your address listed on each resume and/or CV.**

OBJECTIONS: Please see all our objections above, all of which are incorporated by reference.

***Request No. 15***

**Please produce a copy of documents showing how many days you spent in Colorado between May 4, 2022 and May 3, 2023.**

OBJECTIONS: Please see all of our objections above, all of which are incorporated by reference here.












This request is irrelevant and asks Mr. Desrochers to search through *all* his computer files and records looking for any document which places him in Colorado for the entire year preceding the filing of this lawsuit. It is irrelevant because it does not matter how many, or how few, days Tim Desrochers actually spent in Colorado for the year preceding the 5/3/23 filing of the Complaint. What matters is where Mr. Desrochers ***actually resided*** (Colorado) coupled with his intent to remain in Colorado when he returned from any of his travels. *Middleton*, 749 F.3d at 1200 ("Domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there"). It is uncontroverted Tim Desrochers did ***not reside*** in Texas after March, 2020. It is also uncontroverted that Tim Desrochers lives at his sister's home in Colorado. Defendants have no evidence suggesting that Tim Desrochers resided anywhere else than his sister's Colorado home after March 2020. Consequently, it is irrelevant 'how many, or how few days' Tim Desrochers was physically present in Colorado during the 365 days preceding the May 3, 2023 filing of this suit. One's travels do not affect one's residence or domicile. What matters is where the individual intends to return following his travels. For Tim Desrochers, that has always been to his home, with his sister and brother-in-law, in Fort Collins, Colorado, since March 2020.

Even if relevant, which it is not, this request is vexatious and unduly overbroad.

Without waiving these objections, Tim Desrochers has already produced, in his Response to MineOne's *first* subpoena, the only relevant documents requested here. *See* Doc. 110.

**D. BCB and Tim Desrochers' Objections to MineOne's *Fifth* Subpoena to Tim Desrochers, the Subpoena Seeking Mr. Desrochers' Videoconference Deposition on March 18, 2024.**

BCB and Tim Desrochers restate and incorporate all of their objections above and re-assert them here. BCB and Tim Desrochers object to any deposition of Tim Desrochers. Any deposition of Mr. Desrochers is unreasonable, it will seek irrelevant information, it will seek privileged information and communications, is not proportional to the needs of this case, and increases the already-unreasonable demands which MineOne has subjected Mr. Desrochers and his counsel to with MineOne's four document subpoenas, and the










burden and expense associated with any deposition of Mr. Desrochers outweighs its likely benefit. Additionally, where, as here, there is **no evidence** that Tim Desrochers actually ***lived or physically resided in Texas*** at any time from March 2020 to the present, any deposition of Tim Desrochers constitutes an unreasonable fishing expedition, a witch hunt, calculated to harass and intimidate Mr. Desrochers, a third person to this suit.

## CONCLUSION

The MOTBO Defendants are correctly concerned that Tim Desrochers was not domiciled in Texas since March 2020. Thus, the MOTBO Defendants are engaged in a big fishing expedition: lacking any evidence that Tim Desrochers ***ever resided*** in Texas after March 2020, they cast their vast net hoping to find some indicia that Tim Desrochers ***actually resided*** in Texas in 2021, 2022 or 2023. But Tim Desrochers did ***not live or reside*** in Texas after March, 2020, and none of the subpoenaed documents are reasonably calculated to show that Tim ***lived and resided*** in Texas after March 2020.

As stated above, Tim Desrochers is still willing to perform on his and BCB's March 5, 2024 conferral proposal with respect to all subpoenas and all jurisdictional discovery (even though the MOTBO Defendants have recently rejected their proposal). We hope Defendants will reconsider their rejection of that very reasonable proposal.

In the event Defendants do not reconsider their rejections of our conferral proposal, please accept this letter as BCB's, James Quid's, and Tim Desrochers' objections to MineOne's 5th and 6th subpoenas to Mr. Desrochers. For clarity and your planning purposes, Mr. Desrochers does not plan to attend Defendants' [proposed] March 18, 2024 video-deposition. Mr. Desrochers has not been personally served with any deposition subpoena, and I do not have Mr. Desrochers' authority to accept a subpoena for him.

Very truly yours,

Patrick J. Murphy

cc: Khale Lenhart (via e-mail only)
Marc Gottlieb (via e-mail only)



