# EXHIBIT A



**WILLIAMS, PORTER, DAY & NEVILLE P.C.**
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

March 5, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

Sean M. Larson
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com

Re:   Follow-up Conferral Proposal on the Tim Desrochers Jurisdictional Discovery Issues.

Dear Counsel:

I recently received MineOne's fifth and sixth subpoenas directed to non-party Tim Desrochers on Wednesday afternoon, February 28 (Doc. 127 and 128). This was two days after we had our informal discovery call with Judge Rankin about this jurisdictional discovery (Doc. 126). And I am sharing this follow-up conferral proposal with His Honor so he can track our progress.

I listened very carefully to everything Judge Rankin shared with us at the February 26 informal discovery conference to talk about "jurisdictional discovery." Taking Judge Rankin's comments to heart, Tim Desrochers, BCB and I now wish to suggest a very reasonable compromise solution to all further jurisdictional discovery.

Before I get to the specifics of my proposal, it seemed [to me] that Paula equivocated a bit when asked by Judge Rankin if MineOne's lawyers had been able to identify whether or not the PostNet building at 1401 Lavaca Street in Austin, Texas is a PostNet building (a business), or if anyone actually lives there. After all, Tim Desrochers provided a color picture of that PostNet building with his January 29 *Notice of Compliance with Subpoena*

 



**WPD&N**
WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy's Letter to P. Colbath and S. Larson
Tuesday, March 5, 2024
Page 2 of 4

---

(Doc. 110). Paula said something along the lines of "her team had googled it," but hadn't yet drilled down further – or gone to the site – to confirm that no one can actually live there. Now is the time to do that (if you ever intend to suggest that *anyone* could ever *live in that building*). It is so clear that it is a PostNet building – a business office – and that no one lives there. And no one ever has lived there as long as it has been a PostNet building.

BCB wants the Defendants to have *reasonable* discovery from Tim Desrochers. But not overbroad, extended and excessive discovery like I have seen from MineOne to this point. BCB wants to provide reasonable jurisdictional discovery [concerning Tim Desrochers], and then let everyone make their assessments of that jurisdictional discovery, and then prepare any dispositive motions based on that jurisdictional discovery. And sooner rather than later.

Knowing that Defendants must personally serve Tim Desrochers with any of these now-six (6) subpoenas, and that Defendants are getting "the cart before the horse" by pursuing an informal discovery conference with Judge Rankin on four of these subpoenas before actually serving these subpoenas on Tim Desrochers, but knowing that no one – especially Tim Desrochers – enjoys the prospect of MineOne continuing to adversely affect Tim's life with its extraordinary efforts to serve Mr. Desrochers with unreasonable and extraordinary discovery requests, here is the comprehensive compromise proposal BCB, Tim Desrochers and I now wish to submit for your collective consideration:

1. All Defendants would stipulate and agree that 1401-1403 Lavaca Street in Austin, Texas is a single-story commercial storefront retail and office building, and that PostNet, a business, is the tenant of the commercial retail space located at 1401 Lavaca Street, Austin, Texas, and that no one lives/resides at that address, and that no one could live/reside, or has lived/resided, at that address as long as it has been a PostNet business or a commercial retail space or office space. If, and <u>only if</u>, all Defendants would formally stipulate to this, <u>then</u> BCB and Tim Desrochers offer the following.

2. Tim Desrochers and BCB would then agree to provide Defendants with the identity and address of Tim's 2021 and 2022 Utah tax preparer, with the understanding that

---

 



one of the Defendants would then serve a document subpoena on that tax preparer seeking its 2021 and 2022 tax files for Tim Desrochers. BCB and Tim Desrochers would not object to that subpoena, or to the production of the tax preparer's 2021 and 2022 tax files of Tim Desrochers. All of Tim's 2021 and 2022 1099's, K-1's, and W-2 statements would be produced by the tax preparer, but we would require all of Tim's financial information to be redacted from those papers before production. Defendants would receive all of the addresses on Tim's 2021 and 2022 tax file documents. Defendants will withdraw all six (6) of their previous subpoenas concerning Tim Desrochers.

3. After these documents are produced to Defendants' counsel, BCB and Tim Desrochers would allow Defendants' counsel to take Tim Desrochers' Zoom deposition – at a mutually agreeable date, but before March 31, 2024 -- not to exceed two hours.

4. Save for the production of the documents described above, all Defendants would agree that no other subpoenas or discovery will be served on anyone, or for any other documents, relating in any way to Tim Desrochers or to jurisdictional discovery. The production of the above-described documents, followed by Defendants' two-hour deposition of Tim Desrochers, would be the end of any "jurisdictional discovery" by all Defendants. There would be no more subpoenas, no more depositions, and no more document production from Tim (or anyone else relating to Tim Desrochers or his residence).

5. Tim Desrochers has not made any loan application in the years 2021, 2022 or 2023. Tim Desrochers has not made any renter's insurance application for the years 2021, 2022 and 2023: when Tim is not traveling, he lives at his sister's home in Fort Collins, Colorado in all these years.

6. Further, if all of the above is agreeable to all Defendants (not just to MineOne), Tim Desrochers and BCB would agree that the above-described documents, and Tim's two-hour deposition, could be accomplished without any need to personally serve any subpoena on Tim Desrochers.






Patrick J. Murphy's Letter to P. Colbath and S. Larson
Tuesday, March 5, 2024
Page 4 of 4

This is our conferral proposal, everyone. It honors Judge Rankin's shared sentiments to all of us last week at our February 26 conferral call. It is very reasonable: it provides the documents that Judge Rankin seemed inclined to order if the Court later enters a discovery order (the 2021 and 2022 tax documents showing Tim's address); it provides these documents without any further defense efforts to personally serve Tim Desrochers with their excessive and unreasonable [six] subpoenas; it provides for what Paula said would be her "very short" deposition of Tim Desrochers without any need to personally serve Tim with a testimonial subpoena; it requires ALL Defendants to join together in this one-and-only "jurisdictional discovery" exercise without various Defendants taking subsequent, separate shots at Tim Desrochers – or any further jurisdictional discovery – with multiple depositions and multiple more subpoenas; and it allows all parties to timely bring this jurisdictional discovery, and any briefing, to Judge Johnson in April, 2024.

This is what BCB and Tim Desrochers will submit to Judge Rankin at our next informal discovery conference on these issues (should any of the Defendants not agree with all of the terms of this conferral proposal). In the meantime, I will timely provide you with BCB's and Tim Desrochers' objections to MineOne's 5th and 6th subpoenas to Tim Desrochers by this Friday, March 8.

Very truly yours,

*Pat My* (signature)

Patrick J. Murphy
Scott C. Murray

Counsel for Plaintiff/Counterclaim Defendant
BCB Cheyenne LLC d/b/a Bison Blockchain

cc: All counsel of record (via email only)
    Honorable Kelly H. Rankin (via email only)
    Joe Layzell (via email only)

T: 307-265-0700 | F: 307-266-2306 | wpdn.net | info@wpdn.net

