## Ortoli Rosenstadt llp

366 Madison Avenue, 3rd Floor
New York, New York 10017

ADMITTED; NY, NJ

Telephone: (212) 588-0022
Facsimile: (866) 294-0074
Email: msg@orllp.legal

MARC S. GOTTLIEB
*Direct Dial: (212) 829-8943*

March 18, 2024

The Honorable Kelly H. Rankin
United States Magistrate Judge
United States District Court
2120 Capitol Avenue, Room 2204
Cheyenne, Wyoming 82001

*Filed via ECF*

    Re:   <u>*BCB Cheyenne, LLC v. Mineone Wyoming Data Center LLC., et al.*</u>
             Case No. 23-CV-79-SWS

Dear Judge Rankin:

This firm represents defendants Bit Origin Ltd. and SonicHash, LLC. in this litigation. On March 11, 2024, Your Honor directed the parties to submit briefing on the disputed issue of whether Defendants are entitled to limited discovery to determine the existence (or non-existence) of complete diversity in this case. Because a lack of complete diversity would be fatal to the survival of this case, proving its existence presents a fundamental jurisdictional question for the Court's determination. Defendants have ample reason to dispute the existence of complete diversity in this case beginning with what appears to be a concerted effort on the part of Plaintiff's counsel to prevent Defendants from getting to the truth on where each of Plaintiff's LLC members are domiciled. That Plaintiff is fighting so hard to prevent Defendants from getting to the truth here is itself quite revealing.

For purposes of validating diversity jurisdiction, the Federal Rules of Civil Procedure require each corporate party to file with its first appearance or pleading a corporate disclosure statement identifying the citizenship of its members, including its individual members (see FRCP Rule 7.1(a)). Plaintiff' filed its initial pleading on May 3, 2023 (ECF 1). Yet, Plaintiff

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Two

waited nearly three months (until July 31, 2023) to file its initial corporate disclosure statement (ECF 38), doing so only after the Court *sua sponte* directed this filing (ECF 37). Even then, counsel conveniently omitted the most critical information necessary for the Court to determine whether complete diversity exists here.

While Plaintiff identified the names and states of domicile of each of BCB Cheyenne's seven members, including CMV Global LLC, counsel conveniently and suspiciously omitted from this disclosure the names and states of domicile of CMV Global's members as required under Rule 7.1(a). It is worth noting that by this time, Defendants had already submitted their corporate disclosure statement identifying for jurisdictional purposes Texas as one of the states of domicile of at least one of its individual LLC members (ECF 27).

It wasn't until August 10, 2023, that Plaintiff supplemented its initial corporate disclosure statement to include the relevant information missing from its initial disclosure – information that if true completely undermines the jurisdictional foundation of this case (ECF 39). In its supplemental disclosure statement, Plaintiff finally identified all of its individual members, including Tim Desrochers whom, Plaintiff confirmed, resided in the state of Texas. Perhaps recognizing that its own disclosure statement effectively destroyed diversity jurisdiction if left unchanged, on August 21, 2023, Plaintiff's counsel supplemented its corporate disclosure statement for a second time.  According to Plaintiff's "Amended and Second Supplemental Corporate Disclosure Statement" (ECF 42), none of CMV Global's members were domiciled in the state of Texas (see p. 3).  As for Mr. Desrochers, Plaintiff now alleges that by the time this action had been commenced, he had permanently moved into his sister's house in the State of Colorado, and it is Colorado where this man intends to stay. Naturally, these contradicting Corporate Disclosure Statements (ECF 38 and 42) raise serious concerns as to whether complete diversity existed at the time this lawsuit began.

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Three

To get to the bottom of this critical jurisdictional issue, Defendants' counsel sought from Plaintiff's counsel, who also happens to be Mr. Desrochers' attorney, limited discovery on the issue of Mr. Desrocher's state of domicile. This included information and documentary evidence surrounding Mr. Desrochers' recent income tax filings and most notably whether as a Colorado resident he filed income tax returns with the State of Colorado.[1]

While Defendants are the ones seeking discovery to establish whether or not Mr. Desrochers did indeed become a domiciliary of the State of Colorado as of the date of commencement, it is worth reminding the Court that Plaintiff, as the party asserting diversity jurisdiction, bears the burden of proof here. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 179 (1936). This burden is heightened when, as here, the party asserting diversity jurisdiction claims a change in domicile. "Where the proponent of federal jurisdiction is also the party contending that there has been a change of domicile of one of the litigants, the effect of this presumption is to raise the standard of proof which that party must bear." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 287 (3d Cir. 2006).

Mr. Desrochers does not dispute that he lived in the State of Texas for many years prior to the commencement of this action. Upon information and belief, at all relevant times, including at the time this action began, Mr. Desrochers carried a Texas drivers' license. He filed federal tax returns using a Texas address.

---

[1] A comprehensive description of what Defendants are seeking and the efforts of Plaintiff's counsel to impede Defendant's efforts at getting it is amply memorialized in the February 15, 2024 letter submitted to Your Honor by Paula Colbath, Esq. In an effort to spare the Court any redundancy, I respectfully refer Your Honor to Ms. Coldbath's compelling letter on this subject.

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Four

Also, upon information and belief, his car was also registered in that state. These are key ingredients in determining a person's state of domicile.

In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Krasnov v. Dinan,* 465 F.2d 1298, 1301 (3d Cir.1972) (quotation omitted). Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3612 (3d ed.2005).  Defendants are seeking some of this information but not all.

Perhaps the best evidence that Mr. Desrochers was domiciled in Texas at the commencement of this case is Plaintiff's admission to this fact in its First Supplemental Corporate Disclosure Statement (ECF 38).  That he moved to Colorado with the intent to remain in that state for the foreseeable future is Plaintiff's burden to prove, not Defendants to disprove.  "A domicile once acquired is presumed to continue until it is shown to have been changed." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 287 (3d Cir. 2006); *see, e.g.*, *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir.2003); *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir.1998); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir.1994); *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir.1981); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir.1979); *Stine v. Moore*, 213 F.2d 446, 447 (5th Cir.1954); *see also* 13B Wright et al., supra, § 3612.  Plaintiff has not met this burden of proof simply by declaring it to be so.

A reasonable argument can be made that Defendants should not be required to do anything more than look to Plaintiff's own corporate disclosure statement (ECF 38) and leave Plaintiff to its burden of proving Mr. Desrochers was indeed permanently domiciled in Colorado as of the date this action was commenced.  In the absence of adequate proof to establish this fact, he should be considered a resident of the State of Texas and this

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Five

case should be dismissed on jurisdictional grounds. But because so much is riding on the Court's ultimate determination of whether complete diversity actually exists here, Defendants seek and are entitled to get reasonable discovery that will resolve this issue one way or the other. That Plaintiff is fighting so hard to prevent Defendants from getting to the truth is itself quite revealing.

The Tenth Circuit has held that denial of jurisdictional discovery constitutes an abuse of discretion when the denial results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002). Prejudice exists "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Cent. Wyoming Neurosurgery, LLC v. Barta-Iso Aviation*, No. 13-CV-77-ABJ, 2013 WL 2457705, at *4 (D. Wyo. June 6, 2013), *citing Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir.2006). What could be more prejudicial to a party than depriving it of the right to procure easily obtainable testimony and/or documentary evidence that will establish one way or the other whether complete diversity exists or not? While this Court has broad discretion in determining whether to permit jurisdictional discovery, a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary. *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006), *citing, Sizova v. National Institute of Standards & Technology*, 282 F.3d1320 (10th Cir. 2002); *Willey v. Mayer*, 876 P.2d 1260, 1264 (Colo.1994).

Defendants' discovery requests are fairly limited in scope and are designed to get clarity on this one important issue. Under the Court's "Proportionality Matrix," the Court lists several factors for determining when discovery is appropriate; i.e., "proportionate." These factors include

- The importance of the issues at stake in the action and the discovery at issue in resolving the issues;

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Six

- The parties' relative access to relevant information;

- Whether the burden and/or expense associated with the discovery sought outweighs its likely benefit; and

- Whether the discovery sought is unreasonably cumulative or duplicative, or it can be obtained from some other source that is more convenient, less burdensome or less expensive.

Congress has authorized the federal district courts to exercise jurisdiction over certain cases between citizens of different states. 28 U.S.C. § 1332(a)(1). But such diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Every circuit to consider the citizenship of an LLC for purposes of diversity jurisdiction has held that an LLC's citizenship is determined by reference to the citizenship of each and every one of its members. *See Zambelli Fireworks*, 592 F.3d at 420 (collecting cases); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1236 (10th Cir. 2015). Clearly, this is a very important issue that the Court must resolve. The easiest way to resolve it is through limited discovery.

The discovery Defendants seek here cannot readily be obtained from outside sources. Only Plaintiff and his agents (attorneys, tax preparers, etc.) have access to the information Defendants seek. Defendants recognize they are not entitled to privileged information, nor do they seek privileged materials. Rather, Mr. Desrochers' tax returns and the name(s) and address(es) of his tax preparer(s) does not constitute privilege material. Rather than respond to Defendants' demands for this type of information, Plaintiff's counsel has refused to provide responsive materials.

Ortoli Rosenstadt llp

Honorable Kelly H. Rankin
March 18, 2024
Page Seven

To avoid having to go through Plaintiff's counsel, Defendants have attempted to serve subpoenas on Mr. Desrochers but counsel has refused to accept service of these subpoenas and curiously, Mr. Desrochers cannot be located and thus, cannot be served.  This hardly demonstrates Plaintiff's good faith effort so get to the bottom of this issue.

For these reasons, Defendants are forced to turn to the Court for help.  We have tried to meet and confer with Plaintiff's counsel.  Our efforts were met with unreasonable conditions which are unacceptable to Defendants.  Based upon the foregoing, Defendants Bit Origin and SonicHash seek this Court's permission to move to compel Plaintiff's compliance with Defendant's discovery demands on this jurisdictional issue.  We thank the Court for its consideration of this submission.

                          Respectfully submitted,

                          ORTOLI ROSENSTADT, LLP.

By:     ___/s/ Marc S. Gottlieb_____
           Marc S. Gottlieb
           366 Madison Avenue, 3rd Floor
           New York, New York 10017
           (212) 829-8943 (tel)
           (866) 294-0074 (fax)
           msg@orllp.legal (email)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2024, I caused the foregoing Letter Brief to be electronically filed with the Court using the CM/ECF system, which will send email notification of such filing to the following:

| | |
|---|---|
| Sean Larson<br>Hathaway & Kunz, LLP.<br>P.O. Box 1208 Cheyenne, WY 82003-1208<br>Cheyenne, WY 82003-1208 | [____] U.S. Mail<br>[____] Electronically<br>[_X__] E-File |
| Paula Coldbath, Esq.<br>Sarah Levitan Perry, Esq.<br>Loeb & Loeb LLC<br>345 Park Avenue<br>New York, New York 10154 | [____] U.S. Mail<br>[____] Electronically<br>[_X__] E-File |
| Patrick J. Murphy, Esq.<br>Scott C. Murray, Esq.<br>Williams Porter Day & Neville, P.C.<br>159 N.Wolcot, Suite 400<br>Casper, WY 82601 | [____] U.S. Mail<br>[____] Electronically<br>[_X__] E-File |
| Jane M. France, Esq.<br>Meggan Hawthorn, Esq.<br>Sundahl Powers Kapp & Martin, LLC.<br>500 West 18th Street, Suite 200<br>P.O. Box 328<br>Cheyenne, WY 82003-0328 | [____] U.S. Mail<br>[____] Electronically<br>[_X__] E-File |

   ___/s/ Marc S. Gottlieb___
   Marc S. Gottlieb