IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company, et al,<br><br>Defendants. | Case No.  23-CV-79-J |

# ORDER ON PLAINTIFF'S MOTION TO COMPEL AND JURISDICTIONAL DISCOVERY BRIEFING

Before the Court is Plaintiff's Motion to Compel and the Parties' simultaneous briefing on jurisdictional discovery. Having heard oral argument on the Motion to Compel and reviewed the briefing on jurisdictional discovery, the Court grants the Motion to Compel in Part, grants alternative service, and orders jurisdictional discovery to proceed as described below.

## MOTION TO COMPEL

Rule 37 of the Federal Rules of Civil Procedure provides an enforcement mechanism for discovery. *Simon v. Taylor*, No. CIV 12-0096 JB/WPL, 2014 WL 6633917, at *13 (D.N.M. Nov. 18, 2014). It states "[a] party seeking discovery may move for an

order compelling … production" if a party fails to comply with a proper request under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Prior to filing a motion to compel, the moving party must have "in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "It is within the sound discretion of the court to grant or deny a motion to compel under Rule 37." *Breen v. Black*, No. 15-CV-168-NDF, 2016 WL 4257438, at *5 (D. Wyo. July 22, 2016).

"Control of discovery is entrusted to the sound discretion of the trial courts" and trial courts are granted broad discretion in fashioning the terms and conditions of discovery. *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

Rule 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information does not need to be admissible in order to be discoverable. *Id.* Rather, "the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information." *Landry v. Swire Oilfield Serv's*, 323 F.R.D. 360, 375 (D.N.M. 2018) (quoting *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004)).

However, "[b]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both the plaintiff and defendant." *Tanner v. McMurray*, 405 F. Supp. 3d 1115, 1178 (D.N.M. 2019). Additionally, a court is not "required to permit a plaintiff to engage in a 'fishing expedition' in the hope of supporting his [or her] claim." *Landry*, 229 F.R.D. at 375 (quoting *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002)). After the 2015 amendments to Rule 26, it is clear discovery must be proportional to the needs of the case. *Id.* at 379. A court must balance the needs of the party seeking discovery and the burden the request imposes on the other party. "The burden of demonstrating relevance remains on the party seeking discovery" while the receiving party must show any undue burden. *Id.* at 381.

At the hearing, the parties represented request for production numbers 2 and 3 are no longer at issue. Leaving only request for production number 4 and the additional interrogatories Plaintiff seeks leave to serve. Related to request for production number 4, Plaintiff summarizes its request for Defendant MineOne to produce all documents and communications in their possession, in the possession of all MineOne representatives, including Jiaming Li and Huaili Zhang, all of their and communications with any of the Bitmain representatives. Specifically, Plaintiff requests:

- MineOne produce any and all communications or documents with Bitmain that reference BCB and BCB's role and involvement at the North Range and Campstool mining sites.

- MineOne produce all documents and communications about the comprehensive partnership and all communications involving loans or financing between Bitmain, MineOne, and any Bitmain-controlled company, such as AntAlpha which has the July 27, 2023, loan that was first referenced by Jiaming Li with MineOne in a December 15th, 2022, email.

3

- Finally, the loan and security agreement referenced but not provided, between MineOne and Bitmain-controlled company AntAlpha. That document and all communications involving not only that loan but other loans and financing between MineOne and any of the entities that Bitmain controls and directs should be produced.

MineOne represented it has largely complied with this request. In its response and at the hearing, counsel stated it disclosed nearly 7,000 pages of documents responsive to those requests that included all email communications up to the date suit was filed. There was some disagreement between counsel that the proper cutoff was the date this suit was initiated. The Court is not inclined at this time to extend the requests beyond the date suit was filed. Plaintiff asserted its claims at that time, strongly insinuating the factual bases for those claims already occurred. Thus, it is not evident why communications after the commencement of this suit are relevant.

As to the other, currently undisclosed communications, counsel is currently reviewing Skype and WhatsApp messages requested by Plaintiff and cannot obtain the WeChat Messages because of Chinese law. However, counsel represented the Skype and WhatsApp communications will be ready for production on or before April 4, 2024. MineOne shall disclose the Skype and WhatsApp communications by April 4, 2024, as well as any other non-privileged responsive documents it may have to Plaintiff's request for production number 4 within the relevant timeframe. The Court, however, cannot order disclosure of the WeChat messages because Chinese law is currently blocking their retrieval. The boundaries of discovery only extend to what is in a party's custody or control, and the Court cannot order production of information not in Defendant's control. However,

4

the Court will require Defendants to continue to work in good faith to a solution to collect the WeChat communications. Should Plaintiff later discover Defendants are not working in good faith to collect the messages, or intentionally withholding other relevant responsive documents or communications, and rather delaying production, Plaintiff may file a motion for sanctions.

Further, it was referenced that Defendant has not provided a privilege log for any information withheld on the basis of a privilege. The Federal Rules of Civil Procedure and this Court's Local Rules require a party to produce a privilege log when privileged information is withheld. Fed. R. Civ. P. 26(b)(5); Local Rule 34.1(c). Defendant shall provide a current privilege log detailing any privileged documents withheld throughout the course of discovery by the April 4, 2024, disclosure deadline. To the extent any other party to this action has not provided a privilege log when privileged documents have been withheld, they too shall provide a privilege log on or before April 4, 2024.

Last, Plaintiff requests leave to serve the additional fourteen (14) interrogatories, eight (8) to MineOne and six (6) to Terra Crypto. The Court will exercise its discretion under Rule 33(a)(1) to allow those interrogatories. The amount in controversy and issues at stake warrant exceeding the limit on interrogatories imposed by Rule 33.

## SERVICE

As shown in the briefing, service of Mr. Desrochers has been difficult. On only one occasion was Defendant MineOne successful in serving a subpoena and that led to more questions than answers which required additional discovery. Since then, Defendant MineOne has attempted service on Mr. Desrochers' claimed address, his sister's house in

Fort Collins, Colorado, countless times without success. Mr. Desrochers' counsel has represented that he frequently travels for work which is why service has been difficult. Yet, other residents of the home have closed the blinds and ignored process server's attempts to serve the subpoenas. (ECF No. 122). The Court has also had in depth discussion with counsel regarding the service issues at discovery conferences. These circumstances require the Court to permit alternative service.

Rule 45 governs subpoenas issued to third parties in civil cases. Regarding service, Rule 45(b)(1) states in part "[s]erving a subpoena requires delivering a copy to the named person." Some courts have held this requires service on the physical person. However, this Court sees no reason to impose a more stringent standard for Rule 45 service of a subpoena than what is required under Rule 4. "Rulings on alternative service under Rule 4(e)(1) are discretionary." *Ceva Animal Health, LLC v. Levin*, No. 23-2118-JWB-ADM, 2023 U.S. Dist. LEXIS 76605, at *4 (D. Kan. May 2, 2023). "[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950))

Further, other courts in this district have permitted alternative service of a subpoena issued under Rule 45. *Peterson v. Pickering*, No. 22-cv-00320-WJM-KLM, 2022 U.S. Dist. LEXIS 238479, at *7 (D. Colo. Nov. 7, 2022) ("Accordingly, the Court finds that both this District's caselaw and a plain reading of Rule 45 compel the conclusion that Rule 45 does not require in-person service in every instance"); *Amann v. Office of Utah Att'y*

*Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 U.S. Dist. LEXIS 205581, at *6 (D. Utah Oct. 25, 2021) ("Moreover, under the circumstances, service by email is a means reasonably calculated to ensure actual receipt of the subpoena."). Based on the circumstances here, the court finds alternative service is warranted. Mr. Desrochers frequently travels for work, numerous attempts at his listed address have been unsuccessful, he clearly has knowledge of the subpoena and contents based off of his attorney's statements, and finally Mr. Desrochers has an attorney actively litigating on his behalf. Those facts strongly warrant service by email. MineOne may serve Mr. Desrochers via email and shall additionally send a copy of the subpoenas to his counsel.

## JURISDICTIONAL DISCOVERY

"District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020). "[A] denial of jurisdictional discovery [is reviewed] for an abuse of discretion." *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016). On review, the appellate court will ascertain "whether the court's denial prejudiced a litigant because 'pertinent facts bearing on the question of jurisdiction are controverted . . . or . . . a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)) (omissions in original). "The party seeking discovery bears the burden of showing prejudice." *Dental Dynamics, LLC*, 946 F.3d at 1233.

"'A court may not … exercise authority over a case for which it does not have subject matter jurisdiction.'" *Cunningham v. BHP Petroleum Gr. Brit PLC*, 427 F.3d 1238,

1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)) (omission in original). "[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). The "party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton*, 749 F.3d at 1200. Plaintiff is an LLC and "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Diversity is a paramount determination because "judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Cunningham*, 427 F.3d at 1245 (quoting *United States v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1309 (10th Cir. 1994)). Even if a marginal interest in an LLC by a non-diverse member is enough to defeat diversity. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("Statutes conferring diversity jurisdiction are to be strictly construed.").

A person's domicile is his or her state of residence with the intention to remain their indefinitely. *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006). "The party invoking diversity jurisdiction might satisfy [its] burden by leaning on a rebuttable presumption that its domicile, once established, remains the same." *Middleton*, 749 F.3d at 1200. However, that is a rebuttable presumption. *Id.* Here, it is appropriate to say that Mr. Desrochers burden is to in fact show his domicile changed from Texas to Colorado by a preponderance of the evidence. That determination is made considering the totality of the

8

circumstances. *Id.* at 1200–01. "It's an all-things-considered approach, and any number of factors might shed light on the subject in any given case." *Id.* at 1201.

Defendant has more than met its burden to show there is a legitimate question of Mr. Desrochers domicile. The initial corporate disclosure listing Mr. Desrochers as a resident of Texas was the first domino. While it was subsequently amended, it sparked the initial inquiry. Holding a Texas Driver's License and maintaining vehicle registration in Texas when suit was filed further fuels the spark. If Mr. Desrochers truly lives with his sister in Fort Collins, it is curious why he kept his Texas license and maintained his vehicle registration in Texas, assumingly paying yearly fees to do so, for nearly three years after his alleged move date. The gasoline on the fire is his tax returns. Mr. Desrochers' 2021-2023 federal tax returns list his home address in Austin, Texas. More condemning is the fact that he did not file any Colorado state tax returns for 2021 and 2022. That failure insinuates Mr. Desrochers was either not a resident of Colorado those years or was up to some sort of mischief.

Mr. Desrochers' brief fails to counter any of these discrepancies. First, it mainly relies on cases where a decision was made on a party's domicile. The issue facing the Court today is only whether to allow discovery. Second, counsel fails to see the significance in their totality and instead argues each in a vacuum. Third, all of counsel's arguments come from a place of power as he has access to the information Defendant seeks. That forces the Court and opposing counsel to rely on Mr. Desrochers' word when the weight of the hard evidence raises serious questions. The far better option is level the playing field with equal access to the highly relevant information.
9

The brief also propounds that the Texas address on Mr. Desrochers' federal tax returns is merely a private mail forwarding service Mr. Desrochers uses. However, that is the home address he chose to list on his tax returns. In any event, the mail forwarding address raises more questions of his domicile than answers. First, is why set up a private mail forwarding address in Texas if he no longer lives there? Assumingly those services are also available in Colorado, his current alleged domicile. Second, what is the need for a mail forwarding service if his permanent domicile is at his sister's house in Fort Collins, Colorado? Notwithstanding those facts, Counsel argues the tax returns are irrelevant to Mr. Desrochers' domicile at the time suit was filed. That argument is misplaced as counsel has forcefully argued Mr. Desrochers has been a Colorado resident since March 2020. These facts seemingly refute that allegation, and if Mr. Desrochers was lying about his residency from 2020 to 2022, what is to say he wasn't lying about his residency when suit was filed.

As far as this Court is concerned, it is just as likely that Mr. Desrochers is using his sister's house as a storage unit for his personal items than as an actual residence. His constant travel for work, allegedly the reason for why proper service has been difficult, further supports that he may just need a place to keep his things for the time being. These issues should have been handled long ago, but Mr. Desrochers' nomadic profession and reluctance to participate have severely delayed this case from proceeding. Accordingly, jurisdictional discovery is warranted. Additionally, the scope of the subpoenas, as filed, is within the confines of Rule 26 and they are appropriate as drafted. Once served, the Court will not entertain any objections and further delay this case.

## CONCLUSION

Defendant MineOne shall disclose Skype and WhatsApp messages on or before April 4, 2024, as it represented it would at the hearing. It shall further diligently work in good faith to find a solution to obtain the WeChat messages. If it is later discovered Defendant is not working in good faith or intentionally withholding the messages without reason, Plaintiff may file a motion for sanctions. All parties shall further provide a privilege log on or before April 4, 2024, if they have not done so already. Plaintiff may also serve the additional interrogatories it seeks leave for in its Motion. Finally, Defendant is permitted to serve the requested subpoenas on Mr. Desrochers via email and shall additionally send a copy of the subpoenas to his counsel.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion to Compel is GRANTED in PART.

IT IS FURTHER ORDERED MineOne may serve its requested subpoenas on Tim Desrochers via email.

Dated this 27th day of March, 2024.

Kelly H. Rankin
United States District Judge