Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLC
345 Park Avenue
New York, NY 10154
212-407-4000
212-407-4900 (Fax)
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br>      Plaintiff, <br> v. <br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br>      Defendants. | Civil Action No. 23-CV-79-ABJ |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

STANDARD OF REVIEW .........................................................................................................2

ARGUMENT ................................................................................................................................3

I.     PLAINTIFF'S MOTION FAILS TO COMPLY WITH JUDGE JOHNSON'S
ORDER AND APPLIES THE WRONG STANDARD .........................................................3

II.    RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT
PROPERLY DECIDED PLAINTIFF'S MOTION TO COMPEL ....................................4

     1.     Judge Rankin Did Not Commit Clear Error or Abuse His Discretion in
Denying Plaintiff's Motion to Compel in Full, and Plaintiff's Demand
for Documents that Post-Date the Initiation of This Action ....................................5

     2.     The Court Did Not Abuse Its Discretion in Finding that Defendants
Cannot Produce Documents that Are Not within Defendants' Custody
or Control .................................................................................................................8

CONCLUSION................................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barela v. Safeco Ins. Co. of Am.*,
   No. 13-1084 ..................................................................................................................6

*DR Distribs., LLC v. 21 Century Smoking, Inc.*,
   513 F. Supp. 3d 839 (N.D. Ill. 2021) ............................................................................9

*Dye v. Cooney's Farm Serv.*,
   No. 09-CV-32-F, 2011 U.S. Dist. LEXIS 168897 (D. Wyo. Apr. 1, 2011) ............. 2-3

*Herman v. City of N.Y.*,
   334 F.R.D. 377 (E.D.N.Y. 2020) ..................................................................................9

*HRH, LLC v. Teton Cnty.*,
   No. 18-CV-104-SWS, 2019 U.S. Dist. LEXIS 242930 (D. Wyo. June 11, 2019) ... 2-3

*Laub v. Horbaczewski*,
   No. CV 17-6210-JAK, 2020 U.S. Dist. LEXIS 247102 (C.D. Cal. Nov. 17, 2020) .......11

*Logsdon v. United States Marshal Serv.*,
   91 F.4th 1352 (10th Cir. 2024) ......................................................................................2

*Moothart v. Bell*,
   21 F.3d 1499 (10th Cir. 1994) .......................................................................................5

*Peter D Holdings LLC v. Wold Oil Props.*,
   No. 17-CV-212-R, 2019 U.S. Dist. LEXIS 226671 (D. Wyo. Oct. 23, 2019) ......... 4-5

*Ramos v. Banner Health*,
   No. 15-cv-2556-WJM-MJW, 2018 U.S. Dist. LEXIS 138101 (D. Colo. Aug. 8, 2018) ..........7

*United States ex rel. Spay v. CVS Caremark Corp.*,
   No. 09-4672, 2013 U.S. Dist. LEXIS 121554 (E.D. Pa. Aug. 27, 2013) .................7

*Volt Asset Holdings Tr. XVI v. Martinez*,
   No. 13-508 KG/KK, 2015 U.S. Dist. LEXIS 179280 (D.N.M. Aug. 21, 2015) ........3

*Wright v. Abbott Labs., Inc.*,
   259 F.3d 1226 (10th Cir. 2001) .....................................................................................3

*Zagg Inc. v. Ichilevici*,
   No. 1:23-cv-20304-ALTMAN/REID, 2024 U.S. Dist. LEXIS 15956
   (S.D. Fla. Jan. 30, 2024) ................................................................................................9

**Statutes**

28 U.S.C. § 636...........................................................................................................................4

28 U.S.C. § 636(b)(l)(A)............................................................................................................4

**Rules**

Local Rule 74.1 ..........................................................................................................................4

### DEFENDANTS MINEONE WYOMING DATA CENTER LLC AND TERRA CRYPTO INC.'s OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants MineOne Wyoming Data Center LLC ("MineOne") and Terra Crypto Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain's ("Plaintiff") Motion/Request For Reconsideration of Judge Rankin's Order on Plaintiff's Motion to Compel (the "Request") (ECF No. 158).

Plaintiff's Request should be denied because the Court made the correct decision on the two discrete discovery issues at hand, namely the production of arguably-responsive documents created *after* this action commenced, and the production of certain WeChat messages located on devices owned by Defendants' principals who are residents of China.

First, the Court correctly determined that Plaintiff has failed to establish the relevance of documents that post-date the commencement of the instant action. In its Motion to Compel (ECF No. 124), Plaintiff alleged that the production of certain documents responsive to its Request for Production No. 4 was essential for Plaintiff to prove its intentional interference claims against Defendant Bitmain Technologies Georgia Limited ("Bitmain"). However, after Defendants made their initial production of documents, Plaintiff shifted its position to demand *even more* documents allegedly to help prove its tortious interference claims by demanding documents that were created *after* the alleged tortious interference occurred and *after* the commencement of the instant action. Plaintiff should not be entitled to a conduct such a fishing expedition.

Second, as to the WeChat messages, the Court correctly held that Defendants cannot produce documents that are not properly within their possession, custody, or control. The Court's Order dated March 27, 2024 (ECF No. 154) specifically requires Defendants to continue to make good faith efforts to collect and produce the WeChat messages that are currently located on devices

in China.[1] At no point have Defendants refused to produce the WeChat messages in question; to the contrary, Defendants and their e-discovery vendor have continued to work in good faith to collect and produce responsive documents, and they have actually collected and produced WeChat messages that they were able to collect from devices presently located in the United States. Accordingly, the Court's Order properly sets out a workable protocol, as Defendants cannot produce documents that are not within their possession.

For each of the foregoing reasons, and because Plaintiff has failed to identify any clear error or abuse of discretion made by Judge Rankin in his March 27, 2024 Order, the Request for Reconsideration should be denied.

## STANDARD OF REVIEW

"Authority to reconsider an interlocutory order ... exists solely under Rule 54(b)." *HRH, LLC v. Teton Cnty.*, No. 18-CV-104-SWS, 2019 U.S. Dist. LEXIS 242930, at *3 (D. Wyo. June 11, 2019); see also *Logsdon v. United States Marshal Serv.*, 91 F.4th 1352, 1361 (10th Cir. 2024) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Pursuant to Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." The Court's authority to grant or deny reconsideration under this provision is discretionary. See *HRH*, 2019 U.S. Dist. LEXIS 242930 at *4 (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988)). "Generally, in determining whether to grant a Motion for Reconsideration, the basic analysis is whether new

---

[1] The Order also required (a) Defendants to make productions of certain Skype and WhatsApp messages by April 4, 2024, (b) required both parties to produce a privilege log, and (c) allowed Plaintiff to serve additional interrogatories on Defendants beyond the prescribed limit set forth in Rule 33. ECF No. 154 at 11.

evidence or legal authority has emerged or whether a prior ruling was clearly in error." *Dye v. Cooney's Farm Serv.*, No. 09-CV-32-F, 2011 U.S. Dist. LEXIS 168897, at *3 (D. Wyo. Apr. 1, 2011). 10th Circuit law defines "clear error" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235-36 (10th Cir. 2001).

Courts in the 10th Circuit typically "look[] to the standard used to review Fed. R. Civ. P. 59(e) motions for guidance in addressing those motions to reconsider." *Volt Asset Holdings Tr. XVI v. Martinez*, No. 13-508 KG/KK, 2015 U.S. Dist. LEXIS 179280, at *3 (D.N.M. Aug. 21, 2015) (citing *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013)). "Rule 59(e) does not allow a losing party to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Volt Asset Holdings*, 2015 U.S. Dist. LEXIS 179280, at *3.

As discussed below, Plaintiff simply ignored this Court's Order and failed to submit its initial interlocutory appeal as a proper motion for reconsideration. However, even assuming that Plaintiff subsequently filed a proper motion, the Request should be denied because Judge Rankin did not abuse his discretion or commit clear error in denying portions of Plaintiff's Motion to Compel.

**ARGUMENT**

**I.    PLAINTIFF'S REQUEST FAILS TO COMPLY WITH JUDGE JOHNSON'S ORDER AND APPLIES THE WRONG STANDARD**

As a threshold procedural matter, Plaintiff's Request fails to comply with Judge Johnson's April 11, 2024 Order directing Plaintiff to re-file its prior motion as a motion for reconsideration to be reviewed by Judge Rankin, and therefore the Request should be denied on this basis.

In fact, on April 10, 2024, BCB filed an "appeal" of Judge Rankin's Discovery Order which was substantively identical to the instant Request. By Order dated April 11, 2024 (ECF No. 156), Judge Johnson denied BCB's motion without prejudice, and issued the following directive:

3

> Judge Rankin issued his Order on Plaintiffs Motion to Compel as a newly confirmed United States District Judge for the United States District Court for the District of Wyoming. Local Rule 74.1 and 28 U.S.C. § 636(b)(l)(A) allow for the reconsideration of a magistrate judge's order. However, Judge Rankin was no longer a magistrate judge when the Order was filed in this matter, and the Court is unable to reconsider this ruling pursuant to the standards governing reconsideration of a magistrate judge's order. Plaintiff may refile its appeal of Judge Rankin's Order **as a motion for reconsideration, and it will be reviewed as such by Judge Rankin**.

ECF No. 156 at 2 (emphasis added). In other words, because Judge Rankin was a District Judge at the time he issued the Order, Judge Johnson was unable to reconsider the Order pursuant to Local Rule 74.1 and 28 U.S.C. § 636(b)(l)(A), which only permits a District Judge to reconsider certain orders issued by Magistrate Judges. However, despite Judge Johnson's clear directive that BCB direct its motion to District Judge Rankin, BCB re-filed the instant Motion pursuant to 28 U.S.C. § 636, which permits "[a] judge of the court" *i.e.*, a District Judge, to "reconsider any pretrial matter…where it has been shown that *the magistrate's* … order is clearly erroneous or contrary to law."

Because Plaintiff failed to follow Judge Johnson's clear directive and re-filed its baseless motion under the wrong standard, the Request should be denied out of hand.

## II.   RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT PROPERLY DECIDED PLAINTIFF'S MOTION TO COMPEL

Even if the Court does not deny the Request on procedural grounds, it should be dismissed on the merits.

"Control of discovery is entrusted to the sound discretion of the trial courts, and a denial of a motion to compel discovery will not be disturbed absent abuse of discretion." *Peter D Holdings LLC v. Wold Oil Props.*, No. 17-CV-212-R, 2019 U.S. Dist. LEXIS 226671, at *6 (D. Wyo. Oct. 23, 2019) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).  As detailed below, the Court correctly exercised its discretion in deciding

4

Plaintiff's motion to compel because (1) Plaintiff failed to establish the relevance of the Loan and Security Agreement; and (2) Defendants have and continue to attempt to collect the WeChat messages on devices that remain physically located in China, which are not within Defendants' possession, custody, or control.  Ultimately, Defendants' e-discovery vendor has been unable to retrieve potentially-responsive documents from devices located in China, and Defendants' counsel has met and conferred with Plaintiff's counsel on this issue (as recently as April 17, 2024), and Defendants' will continue their efforts to retrieve and collect potentially-responsive documents.

    **1.    Judge Rankin Did Not Commit Clear Error or Abuse His Discretion in Denying Plaintiff's Motion to Compel in Full, and Plaintiff's Demand for Documents that Post-Date the Initiation of This Action Was Properly Denied**

Plaintiff's first argument is that "Judge Rankin erred when he ordered MineOne to produce only its communications and documents which existed as of March 15, 2023 when BCB filed this lawsuit," but denied Plaintiff's request to compel MineOne to produce subsequent "financing and loan communications and documents with Bitmain," specifically, the "July 27, 2023 Loan and Security and Agreement." Request at 2.[2] But, as detailed below, Plaintiff's allegations here fail to meet the standard of "abuse of discretion," which is identical to the clear error standard.  *See Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (defining abuse of discretion as a decision that is "arbitrary, capricious or whimsical, or results in a 'manifestly unreasonable judgment.'").

Although relevance for purposes of discovery is defined broadly, "some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to

---

[2] This District Court action was initiated on May 3, 2023, and Defendants have produced responsive documents up to that date, rather than the more limited March 15, 2023 date cited by Judge Rankin (March 15, 2023 is the date Plaintiff commenced its Wyoming Chancery Court action that was dismissed).

produce a variety of information which does not reasonably bear upon the issues in the case. Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Barela v. Safeco Ins. Co. of Am.*, No. 13-1084 SMV/SCY, 2014 U.S. Dist. LEXIS 195118, at *5 (D.N.M. Aug. 22, 2014) (internal citations omitted).

Plaintiff alleges that the production of the Loan and Security Agreement will "demonstrate[] the financial power and influence Bitmain wielded over MineOne; and prove[], or tend[] to prove, that MineOne was willing to yield to Bitmain's demand that BCB be removed." Request at 8. However, Plaintiff made this exact same argument in its Motion to Compel, and a motion for reconsideration is not the place to regurgitate previously failed arguments. See ECF No. 124 at 7-8. Plaintiff offers no new evidence here to support its Request.

In fact, Defendants did produce documents responsive to Plaintiff's RFP No. 4, including all communications with Bitmain up to the date that this action was commenced. Plaintiff now argues that the Loan and Security Agreement, which was not entered into until months after Defendants' alleged breach of the DHS Agreement (in March 2023), is the "foundational document to demonstrate Bitmain's financial influence and control over MineOne, so much so that MineOne did Bitmain's bidding and wrongfully removed BCB as the O&M Service Provider when Bitmain required MineOne to do so." Request at 6. Plaintiff's argument here totally misses the mark. Plaintiff alleges that tortious interference of the DHS Agreement took place on or before March 15, 2023 (the date that Plaintiff commenced the Chancery Court action). By definition, an agreement entered into months later *and after* this lawsuit started could not have been the alleged cause of any alleged tortious interference. The post-commencement documents that Plaintiff seeks are simply irrelevant.

Furthermore, by Plaintiff's own admission, the Loan and Security Agreement dated July 27, 2023 that Plaintiff seeks to have produced is not even responsive to Plaintiff's Requests for Production. *See* Request at 5. While Plaintiff speculates that "[i]t is foreseeable Defendants may argue the Loan and Security Agreement should not be produced because it is technically a contract between Defendant MineOne and AntAlpha, but 'Exhibit C' clearly shows how AntAlpha is owned and controlled by Bitmain." *Id.* Plaintiff's Exhibit C shows nothing of the sort; at best, Exhibit C suggests that AntAlpha and Bitmain may have some common ownership. Plaintiff presents nothing but unfounded speculation here.

Nor do Plaintiff's references to the date of its Amended Complaint filed on September 30, 2023 aid its argument, as Plaintiff does not make any additional factual allegations regarding the relationship between Plaintiff and Defendants. Thus, their contractual relationship does not warrant extending the applicable discovery date past the date of commencement of the present action. The instant dispute between Plaintiff and Defendants came to a head when Plaintiff walked off the jobsite and began its litigation against Defendants in mid-March 2023, and Plaintiff simply fails to show why the production of subsequent documents is relevant to its claims.

Ultimately, Plaintiff's motion to compel and its current Request are nothing more than an improper fishing expedition designed to inflict additional costs and expenses on Defendants, to interfere in Defendants' current business operations, and to probe into their finances in the hope of finding additional parties to drag into this lawsuit. It is unlikely at this point that Plaintiff will be fully satisfied with any additional documents that Defendants produce, and instead Plaintiff will continue to expand its requests. Courts in such situations routinely deny additional discovery. See, e.g., *Ramos v. Banner Health*, No. 15-cv-2556-WJM-MJW, 2018 U.S. Dist. LEXIS 138101, at *10 (D. Colo. Aug. 8, 2018) ("While courts allow discovery of documents post-dating the filing

7

of a complaint, such documents must be relevant to the claims in the complaint and not a fishing expedition into other potential claims."); *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2013 U.S. Dist. LEXIS 121554, at *12-13 (E.D. Pa. Aug. 27, 2013) ("this Court declines to allow such a fishing expedition into potential fraudulent claims beyond 2007 absent some particularized pleading that any such claims occurred."). Accordingly, the Motion should be denied as to the production of any documents created after the onset of litigation in May 2023.

### 2. The Court Did Not Abuse Its Discretion in Finding that Defendants Cannot Produce Documents that Are Not within Defendants' Custody or Control

The second aspect of Plaintiff's Request is that the Court erred when it "did not order production of the WeChat messages between Bitmain representatives and MineOne representatives under RFP No. 4." Request at 9-10. In their opposition to Plaintiff's Motion to Compel, Defendants described, in detail, their e-discovery vendor's unsuccessful efforts to collect, review, and produce WeChat messages from their principals in China. ECF No. 145 at 7-8.[3]

In response, Plaintiff suggests that "[a]ll that MineOne or Bitmain need to do to "retrieve and produce their WeChat messages is to log-in to their WeChat account – something they do every day – and take screenshots of their WeChat messages and then sending those screenshots (as .jpeg files) to BCB." Request at 10. This suggestion is absurd on its face: it is tantamount to asking Defendants to screenshot all of their emails from January 1, 2022 to May 3, 2023.[4]

Plaintiff also stated that it was "highly concerned Defendants will circumnavigate an order of the Court by only producing WeChat messages between mid-level company representatives

---

[3] Defendants' e-discovery vendor collects and processes ESI from parties in litigations across the world, and it informed Defendants' counsel that it had previously experienced similar problems accessing documents from devices located in China.

[4] Plaintiff's document production alone is nearly 35,000 pages and Defendants have already produced in excess of 32,000 pages. If either party produced their emails or other documents as screenshots, the current production numbers would potentially be doubled or more.

8

Yiliang Guo (Bitmain) and Haku Du (MineOne), when BCB reasonably believes there was considerable and highly relevant WeChat and email communication between senior/executive representatives of Bitmain (unknown) and MineOne (e.g. Jiaming Li)." Request at 11. Given that Defendants already made attempts through their e-discovery vendor to collect and produce Mr. Li's WeChat messages (which could not be exported out of China), and that Defendants did collect and produce all of Mr. Li's responsive emails (which were accessible through a server in the United States), this is a baseless accusation by Plaintiff.

Finally, Plaintiff suggests that "Judge Rankin has no idea what, if any, Chinese law is blocking their retrieval and production (because Defendants have never informed the Court of any such Chinese privacy law)" and that "Judge Rankin clearly erred with His Honor's conclusion based, as it was, on pure speculation, and misunderstanding how easy it is for Defendants to take WeChat message screenshots and produce those WeChat message screenshots to BCB." Request at 10-11. But Plaintiff's suggestion that the Court acted on pure speculation ignores Defendants extensive efforts to collect the WeChat messages, which were detailed in their opposition to Plaintiff's Motion to Compel. See ECF No. 145 at 7-8. In short, the Court's Order was thoughtfully and correctly decided, and Plaintiff does not point to any clear error or abuse of discretion in its Request.

Defendants are not hiding their WeChat messages. To the contrary, Defendants were able to collect and review emails and WeChat messages from devices located in the United States, including those involving messages three of Defendants' principals, and those documents were produced to Plaintiff. However, while Defendants engaged its e-discovery vendor to collect and process the WeChat messages located in China, which is consistent with the discovery protocol in collecting and producing other responsive documents, no such documents could be collected.

9

While Defendants will continue to work with their vendor and Plaintiff to resolve any outstanding issues regarding the production of the WeChat messages located on devices in China, the Court correctly determined that WeChat messages are not presently within their control, and denied the motion to compel accordingly.  *See, e.g., Laub v. Horbaczewski*, No. CV 17-6210-JAK (KSx), 2020 U.S. Dist. LEXIS 247102, at *11-12 (C.D. Cal. Nov. 17, 2020).

The Court's Order sets a fair compromise:  it does not require Defendants to produce documents not currently in their possession, but it does require Defendants to continue to work in good faith to acquire and produce any additional WeChat messages that can be located.  The Court's order also contains a safeguard for Plaintiff in the form of provisions that would allow Plaintiff to pursue sanctions or other remedies if Defendants fail to proceed in good faith.  ECF 154 at 11.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Request in its entirety.

**DATED** this 25th day of April, 2024.

                    HATHAWAY & KUNZ, LLP

                    By: */s/ Sean Larson*
                    Sean Larson, Esq.
                    Kari Hartman, Esq.
                    2515 Warren Ave, Suite 500
                    Cheyenne, WY 82003
                    Telephone:  (307) 634-7723
                    Fax:  (307) 634-0985
                    slarson@hkwyolaw.com
                    khartman@hkwyolaw.com

                    LOEB & LOEB LLP

                    By: */s/ Paula K. Colbath*
                    Paula K. Colbath, Esq. (*Pro Hac Vice*)

        Sarah Levitan Perry, Esq. (*Pro Hac Vice*)
        Alex Inman, Esq. (*Pro Hac Vice*)
        345 Park Avenue
        New York, NY  10154
        Telephone: 212-407-4000
        pcolbath@loeb.com
        sperry@loeb.com
        ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center LLC and Terra Crypto Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 25th day of April, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net<br>smurray@wpdn.net |
| Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P. O. Box 1083<br>Cheyenne, WY 82003-1083 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com |
| Marc Feinstein, *pro hac vice*<br>William K. Pao, *pro hac vice*<br>Sherin Parikh, *pro hac vice*<br>David Iden, *pro hac vice*<br>Kaitie Farrell, *pro hac vice*<br>O'Melveny & Myers, LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>*Attorneys for Bitmain Technologies Georgia Limited* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mfeinstein@omm.com<br>wpao@omm.com<br>sparikh@omm.com<br>diden@omm.com<br>kfarrell@omm.com |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org<br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

                                                                              */s/ Alex Inman*
                                                                              Loeb & Loeb LLP