IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**[PROPOSED] ORDER GRANTING A PROTECTIVE ORDER ON PLAINTIFF BCB CHEYENNE LLC'S EMERGENCY MOTION FOR WRITS OF PREJUDGMENT ATTACHMENT AND GARNISHMENT**

THIS MATTER comes before the Court on Plaintiff BCB Cheyenne, LLC's 5/15/24 *Emergency Motion for a Protective Order and for Writs of Prejudgment Attachment and Garnishment* ("*Emergency Motion*") pursuant to Rule 64, Fed.R.Civ.P. and WYO. STAT. § 1-15-201 *et. seq*. The *Emergency Motion* is factually supported by two Affidavits from BCB co-founder and member Michael Murphy, and the Affidavit of Stephen Randall.

The Court has carefully reviewed the *Emergency Motion*, as well as the supporting Affidavits and the exhibits attached to Michael Murphy's *Emergency Motion Affidavit*. The Court

1

has also read President Biden's "Order Regarding the Acquisition of Certain Real Property of Cheyenne Leads by MineOne Cloud Computing Investment I L.P." The Court has also read the May 8, 2024 PURCHASE AND SALE AGREEMENT between MineOne Wyoming Data Center LLC ("MineOne") and CleanSpark, Inc.

The Court FINDS that MineOne Director Jiaming Li made the following written warranty and representation to CleanSpark, Inc. in Article 7(a) of MineOne's May 8, 2024 PURCHASE AND SALE AGREEMENT with CleanSpark, Inc.:

> Seller [MineOne] hereby represents and warrants to Buyer [CleanSpark, Inc.] that as of the [May 8, 2024] Effective Date, and subject to Section 7(b) below, as of the date of the Closing:  . . . (vi) there is no litigation pending or threatened against Seller [MineOne] that arises out of Seller's ownership or operation of the Property.

The Court FURTHER FINDS that this instant lawsuit is litigation pending against MineOne and Terra Crypto that arises out of MineOne's and Terra Crypto's ownership or operation of the Property, as defined in the PURCHASE AND SALE AGREEMENT. The Court FURTHER FINDS that MineOne's warranty and representation is an intentional misrepresentation of fact and is *prima facie* evidence of fraud.

The Court FURTHER FINDS that, according to the PURCHASE AND SALE AGREEMENT, the potential exists that the sale and purchase money transfer of up to $32,500,000 could happen in the coming weeks, and there is a further potential that Defendants MineOne Wyoming Data Center, LLC and Terra Crypto, Inc. could quickly move some or all of these $32,500,000 purchase monies beyond the reach of Plaintiff BCB Cheyenne LLC and this Court.

In fact, according to the PURCHASE AND SALE AGREEMENT, the amount of $5,625,000 was to have been delivered to the Escrow Holder, at the following address, on May 15, 2024:

Republic Title of Texas, Inc.
Attn: Misti Michelle Ellis
2626 Howell Street
10th Floor
Dallas, Texas 75204
e-mail: mellis@republictitle.com
Phone: (214) 754-7713

The Court FURTHER FINDS that these circumstances constitute a "present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the Court," thereby warranting a protective order and prejudgment writ of attachment. WYO. STAT. § 1-15-201 and § 1-15-103(a)(ii)(A). The Court FURTHER FINDS that if any of the purchase monies are delivered to Defendants MineOne Wyoming Data Center LLC or Terra Crypto, Inc. or any of their Affiliates, alter ego companies, partners, third party beneficiaries, or creditors, Plaintiff BCB Cheyenne LLC will likely suffer irreparable injury.

The Court FURTHER FINDS that the *prima facie* intentional misrepresentation of MineOne's Jiaming Li is evidence of fraud, and this evidence of fraud is cause for the Court to intercede and order the transfer of any and all of the sales proceeds into a Wyoming interest-bearing account under the supervision and direction of the Court, provided, however, that if the sale of the Property is not consummated and, pursuant to Section 2(e)(i) of the PURCHASE AND SALE AGREEMENT, CleanSpark, Inc. is entitled to the return of its deposited funds, those funds shall nonetheless be deposited with the Clerk of this Court but may later be returned to CleanSpark upon CleanSpark petitioning the Court for the return of those funds. It is said, and correctly so: "Fraud vitiates everything it touches." *In Re Hartt's Estate,* 295 P.2d 985, 990 (Wyo. 1956). Where, as here, there is *prima facie* evidence that MineOne has committed fraud, the Court best exercises its statutory and inherent authority to assume control of the transfer, delivery and investment of all of the $18,750,000 - $32,500,000 purchase monies from CleanSpark, Inc. to MineOne Wyoming Data Center, LLC and/or Terra Crypto, Inc.

The Court FURTHER FINDS AND ORDERS that this Court has jurisdiction over the real property and BHE power contract and hereby ORDERS that no monies paid for those assets may be distributed EXCEPT to Margaret Botkins, the Clerk of this Court, or upon further Order of this Court. Clerk Botkins' address is:

Margaret Botkins
Clerk of the United States District Court
District of Wyoming
2120 Capitol Avenue
Cheyenne, WY 82001
Ph. No. (307) 433-2190

The Court FURTHER FINDS that Fed. R. Civ. P. 64 allows this Court to attach Wyoming real property (the North Range and Campstool sites in Laramie County, Wyoming) and the Cheyenne Light, Fuel and Power Company d/b/a Black Hills Energy ("BHE") power contract (also located in Wyoming). This Court has jurisdiction over these assets and the interests of justice require the Court to place a judicial lien on them in the form of a prejudgment writ of attachment, which Writ is HEREBY ENTERED. Wyoming statutory law allows this Court to "order. . .the proceeds deposited in the court to be disbursed pursuant to the judgment in the action." Wyo. Stat. Ann. § 1-15-207(b). This Court also has authority under Wyoming law to issue an injunction to ensure that the Court can make a meaningful decision on the merits. *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986). However, attachment alone will not preserve the *status quo*. Defendants MineOne Wyoming Data Center LLC and Terra Crypto, Inc. are in the process of converting assets this Court has jurisdiction to attach (the real property and power contracts) into assets outside the reach of this Court (money in the hands of the Texas Escrow Holder). Further, to preserve the *status quo,* this Court also FINDS AND HEREBY ENTERS THIS PROTECTIVE ORDER requiring the Escrow Holder to deposit all the sale proceeds into the registry of this Court.

The Court FURTHER FINDS it has the inherent authority to enter an order ensuring

enforcement of its writ of attachment. Wyoming law expressly allows this Court to order the sales proceeds be distributed to this Court. To preserve the *status quo* and prevent these Chinese-owned companies that have been determined, by the President of the United States, to be a threat to national security from absconding with $32,500,000 in sales proceeds, the Court FURTHER ORDERS CleanSpark, Inc., Republic Title of Texas, Inc., or any other third person or authorized agent who has or comes into possession of any of the $32,500,000 in sales proceeds to pay *all* sales proceeds from the sale of this Wyoming real property (and the valuable BHE power contracts) into the registry of this Court, which sale proceeds shall then be placed into an interest bearing account under this Court's control, to later be allocated and distributed on further order of this Court.

IT IS FURTHER ORDERED that Plaintiff BCB Cheyenne LLC be required to post a $1,000 Bond with the Clerk of the District Court to secure this Writ of Attachment. Because this Court FINDS that possession of all the sales proceeds will remain with the Court and not be allocated or distributed to Plaintiff BCB Wyoming LLC or any other person until further notice and order of the Court, Defendants MineOne Wyoming Data Center LLC and Terra Crypto, Inc. will not suffer any pecuniary damage because of this Writ of Attachment.

DATED this _____ day of _____ 2024.

BY THE COURT: _____
United States District Judge