Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS BIT ORIGIN, LTD. AND SONICHASH, LLC

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain ("BCB"), through its

counsel, and respectfully submits this Response to Defendants Bit Origin, Ltd.'s and SonicHash,

1

LLC's 5/10/24 Motion to Dismiss for Plaintiff's asserted failure to allege and/or establish facts sufficient to establish diversity jurisdiction sufficient to satisfy 28 U.S.C. § 1332(a)(1).

## I. PRELIMINARY STATEMENT

Counsel for Bit Origin, Ltd. and SonicHash correctly begin their domicile analysis. They say, "If indeed Desrochers was a Colorado Domiciliary at the time this action was commenced (May 2023), then complete diversity existed at that time, and it continues to exist today." *See* Bit Origin's 5/10/24 *Memorandum* [ECF 174, p. 2 of 16]. But, by the end of their *Memorandum*, Bit Origin and SonicHash are reduced to urging the following speculation as the crux of their Texas domicile argument:

> Given the documentary evidence presented here, including the fact Desrochers appears to be residing in New York at the moment and perhaps as far back as January 2024, Plaintiff has a heavy burden to meet [to prove his Colorado domicile on May 3, 2023].

*See Memorandum* at ECF p. 14 of 16.

Tim Desrochers was ***not*** residing in New York in 2024, but, even if he was, it is of no moment to the May 3, 2023 domicile analysis.

Like MineOne and Terra Crypto, Bit Origin and SonicHash avoid mentioning that Tim Desrochers does not currently "live" anywhere in Texas, nor did he in 2020, 2021, 2022, or 2023. Defendants never suggest Texas is Tim Desrochers' "home." They never place Tim Desrochers anywhere in Texas after September 6, 2019, except for the one time – in 2022 – he visited a friend at that friend's parents' home in Austin, Texas and visited an Orange Theory health club while he was there.

Bit Origin and SonicHash stretch way too far when they argue, "In fact, it is very strange for a 33-year-old man to be living permanently with his older sister, her husband, and their young child." *See Memorandum* at ECF 176, p. 13 of 16. Actually, this is what people have done for

thousands of years, even if it is not as common in modern times in the United States. In her Affidavit, Tim Desrochers' sister, Caroline Desrochers Free, describes the reasons, and family history, for why she and Tim are so close and why they still live together. *See* ECF 180-54 ("Tim attended UGA and graduated in May of 2013. During the years I was attending UGA, I stayed in Georgia to be close to Tim . . . I was the only family Tim had in the area. Tim and I are very close and we have always supported each other . . . Tim and I have lived together pretty much our entire lives . . . his home has always been with me where we are living").

Critically, in their *Memorandum*, Bit Origin/SonicHash avoid saying the word "PostNet." Instead, they always call Mr. Desrochers' PostNet mailbox his "Texas Address." They fear calling it what it is: a virtual mail address. And with good reason: as a matter of law, a mailbox address is insufficient to establish domicile. *See infra* at pp. 3-6. And, despite knowing that Tim Desrochers filed Colorado state income tax returns – and paid Colorado state income taxes – in 2017-2018, and that Mr. Desrochers is filing and paying Colorado state income tax returns and taxes in 2023, Bit Origin/SonicHash never touch, in their *Memorandum*, that Tim Desrochers is filing his 2023 Colorado state income taxes in the only year that matters: 2023.

## II.  REBUTTAL ARGUMENT

### A.  As a Matter of Law, a Mailbox is Insufficient to Establish Domicile.

All four Defendants argue that Tim Desrochers' Texas PostNet mailbox address establishes his Texas as his "domicile." All four Defendants are wrong. In BCB's 5/13/24 *Response* to MineOne's *Motion to Dismiss*, BCB said this: "No Court has ever equated a virtual or private mailbox rental with a 'home' for domicile." *See* BCB *Response* at ECF 180, p.23 of 24. Federal domicile law proves the truth of BCB's assertion. Courts have spoken on this very issue and said:

> ***A mailbox is insufficient to establish domicile***. *See, e.g.*, *Fort v. ABZCO, LLC*, 470 F. Supp. 3d 133, 137 (D. PR. 2020) (rejecting Plaintiff's claim of diversity jurisdiction

> based upon New Jersey domicile because "[m]ost notably, [plaintiff] no longer has a residence in New Jersey to which she can return. The only New Jersey address cited by [plaintiff] is a P.O. Box"); *Bobo v. City of Fresno*, No. 6:14-CV-01070-MC, 2014 WL 3784103, *1 (D. Or. July 31, 2014) ("***Plaintiff also lists a post office box for his Oregon address, which is not a permanent abode and not sufficient proof of domicile***"); *Smith v. Breakthrough Int'l*, Case No. 12-1832, 2013 WL 4731245 *4, (N.D. Cal. Sept. 3, 2013) ("***But just having a post office box in Portland today would not be not sufficient proof of domicile***"); *Gravdahl v. Conwell*, No. 00-C-0579, 2002 U.S. Dist. LEXIS 4184, 2002 WL 398599, at *2 (N.D. Ill. Mar. 14, 2002) ("***We have little trouble concluding that post office box cannot establish a domicile or residence***").

*Levy v. Suissa*, No. CV162532EKARL, 2021 WL 2402240, at *4 (E.D.N.Y. Mar. 19, 2021), *report and recommendation adopted*, No. 16-CV-2532(EK)(ARL), 2021 WL 2401011 (E.D.N.Y. June 11, 2021) (emphasis added). See also *Truxillo v. Amercian Zurich Ins. Co*., No. CV 16-369-JJB-EWD, 2016 WL 6987127, at *4 (M.D. La. Oct. 24, 2016), *report and recommendation adopted sub nom. Truxillo v. Am. Zurich Ins. Co.*, No. CV 16-369-JJB-EWD, 2016 WL 6986676 (M.D. La. Nov. 28, 2016) (holding that just having a post office box is not sufficient proof of domicile); *Bell v. Iozzo*, No. 22-CV-10888 (LTS), 2023 WL 2186452, at *3 (S.D.N.Y. Feb. 23, 2023); *Turicchi v. Quaid*, No. CV 18-8908 PA (AFMX), 2019 WL 3213587, at *2 (C.D. Cal. Apr. 25, 2019); *Ali v. City of E. Cleveland*, No. 1:18 CV 2068, 2018 WL 6696911, at *1 (N.D. Ohio Dec. 20, 2018); *Byrd v. QDRO Off*., No. 3:13-CV-2712, 2014 WL 4715869, at *3 (N.D. Ohio Sept. 22, 2014); *Hudson v. Divers Alert Network*, No. 4:08-CV-00036-JEG, 2008 WL 2705163, at *2 (S.D. Iowa June 16, 2008); *Walden v. Libery Mut. Ins. Corp*., No. 18-CV-00097-PAB, 2018 WL 495185, at *2 (D. Colo. Jan. 19, 2018).

The facts of the instant case regarding Tim Desrochers' domicile are remarkably similar to those in *Levy*. In *Levy*, the Court determined that a P.O. box is insufficient to establish domicile when that party had moved all of his personal belongings to another jurisdiction. Similar to the parties in the cases above, Tim Desrochers has no physical residence in Texas to return to and has

moved to Colorado together with his belongings. As Tim Desrochers' "Texas address" is nothing more than a mail receiving/scanning/forwarding service and not a residence in which he can reside, there is no way for Defendants to establish that Tim Desrochers is domiciled in Texas.

What Defendants refuse to appreciate is that "a person acquires domicile in a state when the person ***resides there*** and intends to remain there indefinitely," *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983) (emphasis added), and that "domicile is established by ***physical presence*** in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989) (emphasis added). A physical presence and residence in the state is ***required*** to establish domicile. Tim Desrochers cannot reside at an address that is purely a commercial mail-receiving/scanning/forwarding service such as PostNet. Similarly, he has no residence in Texas. Tim Desrochers does, however, have a physical presence in Fort Collins, Colorado where he ***lives*** with his sister and her family at ***their home***. Consistent with *Levy*, Tim's residence in Fort Collins, Colorado is the residence which Tim Desrochers always returns to after travelling. After "all" of his travels since 2017, he always returns to "my family's home in Fort Collins." Tim Desrochers Depo. at 208. "Domicile is the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." *Levy*, 2021 WL 2402240, at *3; *and see Middleton*, 749 F.3d at 1200 ("[A] person acquires domicile in a state when the person ***resides there*** and intends to remain there indefinitely") (emphasis added). Tim Desrochers has no intention of returning to Texas after travelling, and again, has no physical residence in Texas to return to.

*Borderud v. Riverside Motorcars, LLC*, No. 3:18-CV-1291 (VAB), 2020 WL 2494760, (D. Conn. May 13, 2020) is also factually similar to the instant case. Mr. Borderud lived in Connecticut

until May 16, 2017. *Id.* at 1. After May 16, 2017, he began travelling throughout the southern and southeastern states until September of 2017. During this time, Mr. Borderud always returned to New York where he had a room in his daughter's apartment, received his mail, and spent twenty to thirty days out of the year. *Id.* at 6. The Court found that the contacts Mr. Borderud had established in New York outweighed his remaining contacts to Connecticut (receiving Social Security payments by direct deposit from his bank in Stratford, Connecticut, having a valid Connecticut driver's license[1] listing an address in Stratford, and casting a ballot in Stratford, Connecticut during the 2016 presidential election). This finding led the Court to hold that Mr. Borderud maintained a **physical presence in New York** rather than Connecticut, and "possessed an intent to remain in New York indefinitely, especially because he would return there whenever he was not traveling." *Id.*

*Borderud* holds that without a physical presence in a state, a person cannot be domiciled in that state even if he or she continues to have certain contacts with the state. In the instant case, it is well established and not contested that Tim Desrochers does not have a physical presence in the state of Texas. Tim Desrochers resides and has a physical presence in Fort Collins, Colorado. His home in Colorado is where he returns to after travelling. Tim Desrochers' limited contacts with the state of Texas are not sufficient to establish domicile in Texas absent a physical presence there. Consequently, the fact that Tim Desrochers has a mailing address with an electronic mailing service in Texas is insufficient, as a matter of law, to establish residence and, therefore, domicile in Texas. *Fort* at 137, *Bobo* at 1, *Smith* at 4, *Gravdahl* at 2, *supra*.

---

[1] As it was in *Borderud*, so it is here. The fact that Tim Desrochers had a Texas driver's license as of May 3, 2023 is of no moment or consequence. And having a Texas driver's license does not indicate that Tim Desrochers had any intent of returning to Texas, especially when his testimony and documentary evidence establish that he had zero intent at residing, living, or even being in Texas in January-May, 2023.

As BCB stated in its 5/13/24 *Response*: "No Court has ever equated a virtual or private mailbox rental with a 'home' for domicile." [ECF 180, p.23 of 28] BCB has demonstrated here that ***all*** of the cases considering this question have held that a mailbox is insufficient to establish domicile, even where one has a driver's license and receives Social Security benefits in the same state as his or her mailbox.

> **B.    Defendants' Reliance on Judge Rankin's 3/27/24 Jurisdictional Discovery Order [ECF 154] is Misplaced.  Judge Rankin Did Not Have the Jurisdictional <u>Facts</u> When He Entered His Jurisdictional <u>Discovery</u> Order.**

In its *Memorandum*, Bit Origin/SonicHash never mention Judge Rankin or Judge Rankin's 3/27/24 Jurisdictional Discovery Order. But the MineOne Defendants tout Judge Rankin's jurisdictional *discovery* Order as though Judge Rankin has already decided/determined that Tim Desrochers was domiciled in Texas in May 2023.  They quote from Judge Rankin's jurisdictional *discovery* Order three times, and intimate that Judge Rankin 'got it right,' and BCB and Tim Desrochers 'have it wrong' in their domicile analyses.  This is unfortunate.  Judge Rankin entered his jurisdictional *discovery* Order without knowing the domicile *facts*.  When Judge Rankin entered his discovery Order, he and his law clerk did ***<u>not have</u>*** and ***<u>knew nothing about</u>***:

- The 1,454 pages of documents Tim Desrochers produced to all counsel on April 5, 2024; April 8, 2024; April 15, 2024; April 22, 2024; and May 7, 2024 (pursuant to MineOne's subpoena);

- Tim Desrochers' 2018 Colorado state income tax return (showing Tim filed and paid Colorado state income taxes in 2017 and 2018);

- Tim Desrochers' September 6, 2019 Addison, Texas apartment move-out papers;

- Caroline Desrochers' Affidavit (establishing that Tim Desrochers lives with Caroline and

7

- her husband, James Free, at their Colorado home);

- how Tim Desrochers has lived with his sister Caroline in Fort Collins from 2017-2024, first at their 4900 Boardwalk apartment from July 4, 2017 – October 2019, then at their 7426 Matheson Drive home from October 2019 – present;

- Tim Desrochers' bedroom at 7426 Matheson and how he has all his personal and family possessions there;

- how Tim has never had any apartment, house, or abode in Texas from 2020-2024;

- how Tim receives all his Amazon packages at his home at 7426 Matheson Drive, Fort Collins, Colorado;

- how Tim has his medical, dental and car care in Colorado, not in Texas; and

- how Tim's Utah CPA, Peng Lim, *recommended* that Tim file his 2020-2022 federal income tax return with his Austin, Texas PostNet virtual mailbox address.

Judge Rankin's jurisdictional *discovery* Order was not a decision on Tim Desrochers' domicile. It was an order to permit additional discovery so that Tim Desrochers' true domicile could be determined. Defendants mistakenly rely on Judge Rankin's comments in his jurisdictional *discovery* order, which Judge Rankin made without knowing everything that is now known by all parties, particularly the above facts that prove Tim Desrochers was domiciled in Colorado in May 2023. Defendants, who had requested – and received – additional discovery per the order of Judge Rankin, are now grasping at straws by relying on commentary by Judge Rankin that (a) is outdated and misinformed based on all of the relevant information Judge Rankin ordered to be obtained through additional jurisdictional discovery, and (b) was only meant to support Judge Rankin's belief that more jurisdictional discovery was needed (not that Tim Desrochers was domiciled in a particular location).

Furthermore, Judge Rankin was factually mistaken when he wrote, "The gasoline on the fire[2] is his tax returns. Mr. Desrochers' 2021-*2023* federal tax returns list his home address in Austin, Texas." [ECF 154, p. 9 of 11]. (Emphasis added). Mr. Desrochers testified he has not yet filed his *2023* federal or state income tax returns.  With the assistance of his Colorado CPA, Mr. Desrochers obtained, on February 12, 2024, an extension of time – until October 15, 2024 – to file his Colorado federal income tax returns.

Moreover, Judge Rankin mistakenly perceived that Tim Desrochers ***had*** a ***Texas*** domicile, and that it is BCB's burden to show, "by a preponderance of the evidence," that "his domicile ***changed*** from ***Texas to Colorado***." ECF 154 at p. 8 of 11. (emphasis added).  This is 180 degrees mistaken.  Tim Desrochers was never domiciled in Texas.  Tim Desrochers was domiciled in Fort Collins, Colorado ***continuously*** from July 4, 2017 – present (but Judge Rankin did not have the needed facts to make an informed decision on Tim Desrochers' domicile – Texas or Colorado – when His Honor entered his jurisdictional *discovery* Order).  If Judge Rankin had had **the facts** that are now before Judge Johnson, Judge Rankin would not have written it was, "Mr. Desrochers' burden is to in fact show his domicile ***changed*** from Texas to Colorado by a preponderance of the evidence." (emphasis added).  He correctly would have written that it is the "Defendants' burden to show that Tim Desrochers' domicile ***changed from Colorado to Texas***," which it never did.

Defendants also lean on Judge Rankin's mis-informed 'storage unit' observations as some kind of proof that Tim Desrochers was domiciled in Texas, not Colorado.  Judge Rankin's mistaken speculation flies in the face of the ***facts***.

> As far as this Court is concerned, it is just as likely that Mr. Desrochers is using his sister's house as a storage unit for his personal items than as an actual residence.

---

[2] This is so similar to the mistaken analogy Marc Gottlieb employed in is 3/5/24 jurisdictional discovery letter to Judge Rankin ["Red Flag #1, Red Flag #2…"], and Judge Rankin's law clerk and/or Judge Rankin mistakenly ran with this inapt analogy, thus missing the true and genuine domicile analysis.

> His constant travel for work, allegedly the reason for why service has been so difficult, further supports that he may just need a place to keep his things for the time being.

[ECF 154 at p. 10 of 11].

There is no evidence that Tim Desrochers uses his Colorado home as a mere "storage unit." There is no evidence that Tim Desrochers "*constantly* travels for work." Instead, the evidence now before the Court demonstrates that Tim Desrochers lives with his family at their home in Fort Collins, Colorado. He has a bedroom there and has "everything he owns" there. *See* Tim Desrochers Depo. at 40-41, 50. When Mr. Desrochers travels, whether for work or otherwise, he always returns to his Colorado home. *Id.* at 208; *see also* Caroline Free Affidavit at ¶ 9 ("Tim is frequently on the road for work and/or personal travel. That does not negate that his home has always been with me where we are living."). Moreover, the fact that Mr. Desrochers travels does not affect this domicile analysis. "[P]eople may travel outside their state of residence—even for extended periods of time—without affecting their domicile." *Neiman v. Barazani*, No. 22-15843, 2023 WL 4891981, at *1 (9th Cir. Aug. 1, 2023); *see MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 343 (6th Cir. 1997) ("Domicile is 'where a person has his principal home and place of enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel'")(citations omitted). Mr. Desrochers' house/home in Fort Collins, Colorado is not a layover or a waypoint or merely a place for him to store his things for the time being; instead, it is Mr. Desrochers' **only home**.

In its *Memorandum*, Bit Origin/SonicHash misunderstands the facts and the applicable law. They say:

> The burden of proof is **heightened** here given Plaintiff's original declaration that ***Desrochers was domiciled in Texas*** prior to his alleged ***relocation in Colorado***.

*See* Bit Origin *Memorandum* [ECF 176, p. 8 of 16] (bold and italics emphasis added).

Factually, Tim Desrochers and BCB have never said or alleged that Tim Desrochers relocated from Texas to Colorado. Desrochers never relocated from Colorado to Texas: he remained in Colorado from July 4, 2017 – present, and spent infrequent nights at a sparsely-furnished apartment between November 2018 – September 6, 2019 while still residing, living and making his home with his sister, Caroline Free, at their 4900 Boardwalk apartment in Fort Collins. Second, *Tim Desrochers* never said he was domiciled in Texas. While *James Quid* mistakenly listed Tim Desrochers as being domiciled in "TX" on the original corporate disclosure form, Mr. Quid quickly corrected his mistake once he learned, from Tim Desrochers, that Mr. Desrochers hadn't been in Texas since 2020. Third, Bit Origin cites no case to support its "heightened" burden of proof here. There is no "heightened" burden of proof. BCB's only burden of persuasion is to show, by a preponderance of evidence, Tim Desrochers was domiciled in Colorado on May 3, 2023. BCB has carried its burden beyond any reasonable doubt.

    **C.**    **All Defendants Avoid Any Meaningful Analysis of *Middleton v. Stephenson*, 749 P.3d 1197 (10th Cir. 2014).**

There is a reason Defendants never analyze *Middleton v. Stephenson*, 749 F.3d 1197 (10th Cir. 2014). *Middleton* is the most factually and legally applicable Tenth Circuit domicile case. To be sure, Defendants mention *Middleton* for such basic principles as:

- "A person is a citizen of a state if the person is domiciled in that state" (*Memorandum* at ECF 176, p. 6 of 16];

- "A district court should consider the totality of the circumstances (when determining a person's domicile for diversity – jurisdiction purposes)" [*Id.* at 9 of 16]; and

- "the party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence [ECF 179, p. 17 of 32]

11

***but*** they avoid – like a plague – any recognition or analysis of what makes *Middleton* dispositive of Tim Desrochers' domicile in our case.

In *Middleton*, Circuit Judge Greg Phillips and the Tenth Circuit reviewed the compelling domicile evidence (Wyoming v. Utah). The Court considered Mr. Stephenson's ***intent*** ("In [the] fall of 2008, Stephenson told Hall that his wife didn't like living in Wyoming ***so they intended*** to move back to their old home in Utah after the school year") (emphasis added). *Middleton*, 749 F.3d at 1201. The Court considered that their Utah "rooms were fully furnished," just like Tim Desrochers' home at 7426 Matheson Drive are fully furnished. *Id.* (emphasis added). One of Tim Desrochers' cars – the Kia – carries Colorado plates. After noting this and other evidence of Mr. Stephenson's Utah domicile, Judge Phillips made the Court's most meaningful and controlling analysis:

> We don't mean to suggest that Stephenson had nothing on his side of the ledger. To be sure, he had evidence pointing to Wyoming as his domicile. For example, he highlighted that ***he owned a home and ranch near Evanston, Wyoming***, that he was registered to vote and did vote ***in Wyoming, and that his tax returns showed a Wyoming address***. Even so, the district court weighed this evidence and wasn't persuaded. And, for our part, we aren't persuaded that the district court's scales were so poorly calibrated that its finding constituted clear error.

*Middleton*, 749 F.3d at 1201-02 (emphasis added). Even where, as in *Middleton*, Mr. Stephenson had a Wyoming "home and ranch," was registered to vote in Wyoming, and his "tax returns showed a Wyoming address," the Tenth Circuit found that Mr. Stephenson's ***physical presence*** <u>and</u> ***intent to reside in Utah*** compelled the conclusion he was domiciled in Utah (not Wyoming). That Mr. Stephenson filed his tax returns from Wyoming – and consequently paid no state income taxes – and did not overcome the conclusion he was domiciled in Utah. It was not an important domicile factor. Defendants side step any *Middleton* analysis. But this *Middleton* analysis drives – or should drive – this Court's decision that Tim Desrochers was domiciled in Colorado despite

12

filing his 2020-2022 federal tax returns from his Texas PostNet mailing address. Tim Desrochers had no physical presence in Texas from 2020-2024, nor did he have any intent to live in Texas (then or ever).

### D. Tim Desrochers Never "Scrubbed" His LinkedIn Account Seven Months After This Domicile Issue Surfaced; Instead, He Regularly Updates His LinkedIn Profile.

At page 13 of its *Memorandum*, Bit Origin argues as follows:

> The Court should also be mindful of the fact that since this jurisdictional issue has arisen, Desrocher (sic) has been hard a (sic) work scrubbing Texas from his social media sites… Desrocher (sic) conceded that sometime between February 12, 2024 (when he listed "Austin, Texas" as the locations of his employers) and April 15, 2024 (when his attorney produced Desrocher's (sic) updated LinkedIn screenshot) Desrocher (sic) removed the Austin, Texas reference. (See Tr. P. 93, Lines 4-10).

Bit Origin *Memorandum* [ECF 176, p. 13 of 16]. When Bit Origin's counsel says that Tim Desrochers has been hard at work "scrubbing" Texas from his LinkedIn page "since this jurisdictional issue has arisen," he badly exaggerates. It wasn't until sometime between February 12, 2024 and April 23, 2024, that Tim Desrochers "updated" his LinkedIn profile to accurately reflect his "remote" work status with Amazon Web Services (instead of "Austin, Texas"). Tim Desrochers Depo. at 88-100. "Scrubbing" is Bit Origin's characterization, not Tim Desrochers' sworn testimony. *Id*. at 90 ("I update my LinkedIn profile on a semi week – multiple times a month…"). And Mr. Desrochers explained *why* he updated his LinkedIn profile from Austin, Texas to "remote."

> Q: Okay. And so why did you remove on Exhibit 6 the reference to "Austin, Texas," that was opposite your current employer?
>
> A: There's been a big shift in companies moving away from remote work. So I wanted to make it clear that for anybody who reaches out to me on LinkedIn, that remote work is a top priority and condition for me.

13

Tim Desrochers Depo. at 91.

Mr. Desrochers further explained that "I have made updates [to my LinkedIn profile] to indicate to recruiters that I am a remote worker." *Id*. at 91. Mr. Desrochers says he "change[s] [his LinkedIn profile] almost on a monthly basis based on market trends, things I read in the news… shifts in the technology sector." *Id*. at 94, 95. He has never retained a copy of his LinkedIn profile. *Id*. at 99. And he corrected Ms. Colbath for not showing him "every aspect of my LinkedIn profile." *Id.* at 100.

Defendants' mis-statements and arguments about Tim Desrochers' domicile are vapid attempts to make something out of nothing.

## **CONCLUSION**

We end where we began, with Defendants' unsupported speculation that "Desrochers appears to be residing in New York at the moment, and perhaps as far back as January 2024," [Bit Origin] *Memorandum* at p. 14, and the MineOne Defendants' concluding speculation that:

> The overwhelming record evidence establishes that Mr. Desrochers did not sever ties with Texas, that he used his sister's home in Colorado to store his belongings, and otherwise travels the country in his sleeper van.

[ECF 179, p. 29 of 32].

First, the Defendants never use the word "home" to describe where Tim Desrochers stayed in Texas in 2018-2019.  They just call his PostNet address his "Texas address," knowing it is not his "home."  But domicile case law requires a state be one's ***home***, not his mere mailing address, and certainly not a virtual mailing address or post office box.

Second, they avoid mentioning, or analyzing, the two "inextricable elements of domicile." *Wilson*, 2013 WL 1341401, at *2 ("Residence and intent are inextricable elements of domicile"). Defendants concede Tim Desrochers did not reside anywhere in Texas from 2020-2023.

14

Third, they avoid another domicile Achilles Heel for Defendants. They won't discuss the fact that Tim Desrochers had no "physical presence," let alone a residence, anywhere in Texas from 2020-2023.

Fourth, they say, "Mr. Desrochers did not sever ties with Texas," but fail to appreciate that Tim Desrochers left Texas for good on September 6, 2019, and never returned. Tim Desrochers didn't/doesn't want to live in Texas and, during the next four years, Tim spent only a handful of nights in Texas, one time in 2022, visiting a friend. He severed his two primary ties to Texas when he (1) ended his Addison, Texas lease on September 6, 2019, and (2) when his Automation Anywhere "remote" employment ended in Texas in early 2020 (when Automation Anywhere closed its Texas office).

Fifth, all of the record evidence proves that Tim Desrochers does not merely "use his sister's home in Colorado, to store his belongings." Tim Desrochers' sworn testimony refutes this. So does his sister's sworn affidavit. Tim and Caroline Desrochers have lived together – in two apartments, and now in one house – since Tim Desrochers graduated from UGA in 2013. They live together. Tim Desrochers does not live separately from his sister, in some other place, abode, or home. Tim Desrochers' ***only home*** – from 2013-2024 – is with his sister, Caroline Free. While counsel for Bit Origin can denigrate their relationship and living arrangement,[3] this ***is*** their relationship.

Finally, MineOne's concluding speculation and nonsense that Tim Desrochers "uses his sister's home in Colorado to store his belongings, ***and otherwise travels the country in his sleeper van***" wholly misrepresents the record evidence. While Tim Desrochers admits driving his van

---

[3] Mr. Gottlieb writes, "In fact, it's very strange for a 33-year-old man to be living permanently with his older sister, her husband and their young child." [ECF 176, p. 13 of 16]. But a great man once shared with me: "What's the point of ***being*** family, if you can't ***help*** family?" – Dr. Joseph P. Murphy, father of 12 children (1927-2004).

15

around the Rocky Mountain area to work and ski in the January-February winter months, he testified he sleeps in his van "only if I have to," and works remotely in his van only "if I have to." Tim Desrochers Depo. at 252.  MineOne's exaggeration and misrepresentation of the actual facts reminds this writer of what MineOne's Jiaming Li fraudulently warranted and represented to CleanSpark in Article 7(a)(vi) of the 5/8/24 PURCHASE AND SALE AGREEMENT:

> Article 7.  Representations and Warranties.  Seller's Representations and Warranties.
>
> (a)(vi).  There is no litigation pending or threatened against Seller that arises out of Seller's ownership or operation of the Property.

Bit Origin and MineOne are reduced to making unsupportable mis-statements to try to win on domicile.

**Actual residence + intent to reside there = citizenship/domicile.**  Tim Desrochers had both "inextricable elements of domicile" in Colorado on May 3, 2023, and the years preceding May 2023.  *Wilson*, 2013 WL 1341401 at *2 ("Residence and intent are inextricable elements of domicile").  Tim Desrochers never had them in Texas.  He resided and lives/lived with his sister in Fort Collins from 2017-2024. Fort Collins – with his sister and his brother-in-law at their family home – is the only place Tim Desrochers wants or intends to live.  No one can reasonably conclude Mr. Desrochers' private virtual mailbox address is his residence, his *home*.  Plaintiff BCB Cheyenne LLC has more than met its burden of demonstrating Tim Desrochers' domicile, in Colorado, on the date this case was filed.  The Court should affirm that Mr. Desrochers was domiciled in Colorado on May 3, 2023, and that complete diversity exists.

DATED this 17th day of May, 2024.

                     BCB CHEYENNE LLC d/b/a
                     BISON BLOCKCHAIN, Plaintiff

By:   */s/ Patrick J. Murphy*
      Patrick J. Murphy (WSB No. 5-1779)
      Scott C. Murray (WSB No. 7-4896)
      Williams, Porter, Day & Neville, PC
      159 N Wolcott St. Suite 400
      Casper, WY 82601
      Ph: (307) 265-0700
      pmurphy@wpdn.net
      smurray@wpdn.net

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 17th day of May, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]  U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ]  U. S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |

| | | |
|---|---|---|
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |

*/s/Patrick J. Murphy*
Patrick J. Murphy