Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4000
pcolbath@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br>                      Plaintiff, <br><br>v. <br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br>                      Defendants. | ) ) ) ) ) ) Civil Action No. 23CV-79-ABJ ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S *PROCEDURAL*
OPPOSITION TO SETTING EMERGENCY HEARING AND EXPEDITED BRIEFING
REGARDING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC and Terra Crypto Inc. (collectively, the "MineOne Defendants"), by and through their undersigned counsel, file this *procedural* opposition in response to Plaintiff's request at the May 17, 2024 Hearing and Plaintiff's counsel's follow up emails to the Court on May 17, 2024 that the Court set an Emergency Hearing and Expedited Briefing with regard to Plaintiff's Motion (ECF No. 182), filed on May 15, 2024, for a Protective Order With Prejudgment Writs of Attachment and Garnishment (the "Motion").

In accordance with Wyoming Local Civil Rule 7.1, the MineOne Defendants intend to file their opposition to the Motion on May 29, 2024.

## THE MINEONE DEFENDANTS' POSITION

**A.  Wyoming Local Rules Provide for 14 Days to Respond to Both Dispositive and Non-Dispositive Motions**

While Plaintiff has styled its Motion under Fed. R. Civ. P. 64 for seizures of property, Plaintiff seeks injunctive relief (*see, e.g.*, ECF No. 182 at 10). Pursuant to Wyoming Local Civil Rule 7.1(b)(2)(A) ("Dispositive and Preliminary Injunction Motions"), a "party opposing the motion shall have fourteen (14) days from the filing of the motion to file a written brief…." Even under Wyoming Local Civil Rule 7.1(b)(1)(B) ("Non-Dispositive Motions"), the MineOne Defendants have 14 days (until May 29, 2024) to file opposition papers to Plaintiff's Motion.

**B.  There Are No Extenuating Circumstances Present in This Case Requiring the Court to Depart from the 14-Day Mandate Under the Wyoming Local Civil Rules**

The Court has not scheduled a formal Hearing in connection with the Motion. While at the May 17, 2024 Hearing, the Court offered its time on May 20 or May 21, 2024 to facilitate a resolution, the May 20-21, 2024 dates are not feasible for two reasons: (1) lead counsel for the MineOne Defendants is not available then, and (2) the MineOne Defendants respectfully state that

the Court should be fully informed before a Hearing on the Motion is scheduled, which would be on a date after May 29, 2024, when the MineOne Defendants have had an opportunity to file their opposition. There are no extenuating circumstances present here, which would require the Court to diverge from providing the MineOne Defendants' with the requisite 14 days under Rule 7.1 to oppose the Motion.

To the extent the Court is inclined to do so, the MineOne Defendants respectfully state that there are at least three reasons why an earlier Hearing date is unnecessary: (1) contrary to the fact that Plaintiff has styled its Motion as an "Emergency," there are no emergent circumstances presented here; (2) the Motion papers, including the multiple affidavits submitted, contain clear misrepresentations that must be corrected on the record by the MineOne Defendants, which cannot properly be done on an immediate basis; and (3) given that the Court has scheduled a Hearing on May 22 at 10:30 am in connection with Defendants' motion to dismiss based on lack of subject matter jurisdiction, it is respectfully requested that the Court address the dismissal motion *before* it entertains the Motion, which although styled as an *emergency*, is not an emergency in any respect.

By way of background, the MineOne Defendants entered into a May 9, 2024 Purchase and Sale Agreement (the "PSA") to sell property in Laramie County to CleanSpark, Inc. (and CleanSpark's subsidiary, CSRE Properties Wyoming, LLC) (collectively, "CleanSpark"). This sale was prompted by discussions between MineOne and the U.S. federal government's Committee on Foreign Investment in the United States ("CFIUS"), which objected to MineOne operating facilities within one mile of Francis E. Warren Air Force Base. On May 13, 2024, President Biden signed an Executive Order requiring MineOne to divest itself of the facilities and property. Plaintiff's claim that the proceeds from the PSA will be immediately taken out of the

3

country is again simply not true. As will be detailed in the MineOne Defendants' opposition papers, no payments or deposits have been made by CleanSpark, and ultimately, the PSA itself is subject to approval from CFIUS, which is expected to take at least 30 days, if not longer. The transaction cannot close before that point, and, as such, there is no emergency warranting the extraordinary relief that Plaintiff is seeking.

As will be further detailed in the MineOne Defendants' opposition papers, Plaintiff is not a victim of anything other than its own negligence. The true injustice here is the fact that the MineOne Defendants are being forced to sell their Cheyenne property in Wyoming and dismantle the facility because Plaintiff, which was appointed as the Project Manager for the facilities, failed to secure proper approval from CFIUS as it was obligated to do. As set forth in the MineOne Defendants' Counterclaims against Plaintiff, it was Plaintiff that breached the terms of the parties' Development, Hosting, and Services Agreement by failing to obtain the necessary and required permits and authorizations for the facilities, which Plaintiff was required to do.

The MineOne Defendants intend to file their opposition papers on May 29, 2024 as required by the Local Civil Rules. There is no emergency present, no money has exchanged hands and no money will for at least 30 days, and likely longer.

Critically, as Judge Rankin opined in the Court's March 27, 2024 Decision in this case, "[d]iversity is a paramount determination because 'judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action.'" ECF No. 154, at 8 (quoting *Cunningham v. BHP Petroleum Gr. Brit PLC*, 427 F.3d 1238,1245 (10th Cir. 2005)). It is the MineOne Defendants' position that the Court does not have jurisdiction over this case, there is no diversity of citizenship, and this case should be dismissed after the May 22 Hearing.

**CONCLUSION**

As stated above, in conformance with Wyoming Local Civil Rule 7.1, the MineOne Defendants intend to file their opposition to the Motion on May 29, 2024

DATED this 20th day of May, 2024.

        HATHAWAY & KUNZ, LLP

        By: */s/ Sean Larson*
           Sean Larson, Esq.
           Kari Hartman, Esq.
           2515 Warren Ave, Suite 500
           Cheyenne, WY 82003
           Telephone: (307) 634-7723
           Fax: (307) 634-0985
           slarson@hkwyolaw.com
           khartman@hkwyolaw.com

        LOEB & LOEB LLP

        By: */s/ Paula K. Colbath*
           Paula K. Colbath, Esq. (*Pro Hac Vice*)
           Alex Inman, Esq. (*Pro Hac Vice*)
           345 Park Avenue
           New York, NY 10154
           Telephone: (212) 407-4000
           pcolbath@loeb.com
           ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.*

**CERTIFICATE OF SERVICE**

    This is to certify that on the 20th day of May, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy | [✓] CM/ECF |
| Scott C. Murray | [ ] Fax: |
| Williams, Porter, Day & Neville, P.C. | [ ] E-mail: |
| 159 N. Wolcott., Suite 400 | pmurphy@wpdn.net |
| P.O. Box 10700 (82602) | smurray@wpdn.net |
| Casper, WY 82601 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Khale J. Lenhart | [✓] CM/ECF |
| Tyson R. Woodford | [ ] Fax: |
| Hirst Applegate, LLP | [ ] E-mail: |
| P. O. Box 1083 | klenhart@hirstapplegate.com |
| Cheyenne, WY 82003-1083 | twoodford@hirstapplegate.com |

| | |
|---|---|
| Marc Feinstein, *pro hac vice* | [✓] CM/ECF |
| William K. Pao, *pro hac vice* | [ ] Fax: |
| David Iden, *pro hac vice* | [ ] E-mail: |
| Kaitlyn Farrell, *pro hac vice* | mfeinstein@omm.com |
| Daniel Hirsch, *pro hac vice* | wpao@omm.com |
| Sherin Parikh, *pro hac vice* | dhirsch@omm.com |
| O'Melveny & Myers, LLP | diden@omm.com |
| 400 South Hope Street, 18th Floor | kfarrell@omm.com |
| Los Angeles, CA 90071 | sparikh@omm.com |
| *Attorneys for Bitmain Technologies Georgia Limited* | |

| | |
|---|---|
| Meggan J. Hathaway | [✓] CM/ECF |
| Jane M. France | [ ] Fax: |
| Sundahl, Powers, Kapp & Martin, L.L.C. | [ ] E-mail: |
| 500 W. 18th Street, Suite 200 | mhathaway@spkm.org |
| Cheyenne, WY 82003-0328 | jfrance@spkm.org |

| | |
|---|---|
| Marc S. Gottlieb | [✓] CM/ECF |
| Ortoli Rosenstadt, LLP | [ ] Fax: |
| 366 Madison Avenue, 3rd Floor | [ ] E-mail: |
| New York, NY 10017 | msg@orllp.legal |
| *Attorneys for Bit Origin and SonicHash* | |

                                              */s/ Paula K. Colbath*

                                              Loeb & Loeb, LLP