Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
      smurray@wpdn.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS REQUEST FOR AN IMMEDIATE HEARING ON ITS EMERGENCY MOTION, AND IN OPPOSITION TO THE MINEONE DEFENDANTS'** *PROCEDURAL* **OPPOSITION TO SETTING AN EMERGENCY AND EXPEDITED BRIEFING REGARDING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain ("BCB"), through its

counsel, and hereby serves its Reply in support of its *Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Emergency Motion*") and its Response to the MineOne Defendants' *Opposition to Setting Emergency Hearing and Expedited Briefing Schedule* [ECF 189].

## I.     INTRODUCTION

The MineOne Defendants' *Opposition* is both predictable and unsupported.  The Court should reject MineOne's latest delay and obstructionist tactics.  The Court should set Plaintiff's *Emergency Motion* for a hearing either tomorrow (May 21) or at the conclusion of the 10:30 a.m. domicile oral arguments on Wednesday, May 22.

## II.     ARGUMENT

### A.     MineOne's Fraud.

All of MineOne's arguments, and their counsel's advocacy, are colored by MineOne's fraud.  Judge Rankin reminded us – just hours ago –how this Court and the Tenth Circuit view fraud:

> Intentional misrepresentations are subject to sanctions.  'Where a court finds that fraud has been practiced upon it, it may assess attorney fees against the responsible party.  *Stenson v. Edmunds*, 86 F.4th 870, 876 (10th Cir. 2023).

*See* Judge Rankin's 5/20/24 ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFYING PRIOR ORDER [ECF 190 AT P. 11 OF 20]. The MineOne Defendants fraudulently misrepresented to CleanSpark, Inc., in those parties' May 8, 2024 PURCHASE AND SALE AGREEMENT ("PSA"), that "There is no litigation pending or threatened against [MineOne] that arises out of [MineOne's] ownership or operation of the Property."  PSA at Article 7(a)(vi). Nothing could be further from the truth.  MineOne also fraudulently misrepresented to CleanSpark, Inc. that, "To Seller's knowledge, Seller has received no notice from any governmental authority

1

with jurisdiction over the Property of any current violation by the Property of any laws or regulations applicable to the Property." *Id.* at Article 7(a)(iii).  But, according to MineOne's litigation counsel, MineOne has been corresponding with CFIUS for over a year, and CFIUS determined that MineOne's Property was a potential threat to our national security. MineOne's Skype messages show that CFIUS sent MineOne a letter on January 2 or 3, 2023.  *See* **"Exhibit A."**  The MineOne Defendants also fraudulently represented, to CleanSpark, that "No other person or entity has a contract or option to purchase, letter of intent, right of first refusal or first offer, or similar rights with respect to the Property that is now outstanding."  *See* PSA at Article 7(a)(i).  This is wholly false.  In Michael Murphy's *Emergency Motion Affidavit*, Mr. Murphy describes BCB's contractual right of first refusal.[1]  We have also learned – just recently – that MineOne did not disclose anything about its involvement and communications with CFIUS to CleanSpark prior to the May 8, 2024 execution of the PSA.  That is an intentional omission of a material fact to this $18,750,000 - $32,500,000 PSA.  And MineOne never disclosed its dialogue or involvement with CFIUS to BCB or the Court until BCB stumbled upon this information on Monday, May 13, 2024.

Loeb & Loeb is lead litigation counsel for the MineOne Defendants in this case, and Loeb & Loeb is also the transactional counsel for the MineOne Defendants with respect to the PSA with CleanSpark.  *See* PSA, Article 13(a). How Loeb & Loeb could allow its clients, the MineOne

---

[1] At all times, BCB has a contractual right of first refusal to purchase these facilities.  The DHS AGREEMENT states: "In the event that MineOne desires to sell any one or more of the Facilities, MineOne shall give written notice (a "Sales Notice") of its intention to do so to BCBC.  Such Sale Notice shall set forth the Facility(ies) which MineOne wishes to sell, the price at which MineOne is prepared to sell and any other terms and conditions, including the proposed date of sale (the "Sale Date"), which shall not be less than two (2) months nor more than three (3) months after the date on which the Sale Notice is given to BCBC," (DHS AGREEMENT, Article IX, Section 1).  MineOne did not give written notice to BCB of its intention to sell any one or more of the Facilities.

*See* Michael Murphy's *Emergency Motion Affidavit*, ¶ 45(c)(ii) [ECF 182-1, p. 17 of 30]

Defendants, to make these fraudulent warranties, representations and omissions (above) is discovery for another day. But it demonstrates that the Court cannot rely, at face value, on what the MineOne Defendants tell us without proof or evidence.

### B. MineOne Says Things with No Proof or Evidence.

MineOne's counsel posits several arguments for why the Court should not stray from its usual briefing schedule (or set an emergency hearing). But MineOne's counsel never supports MineOne's arguments with *facts*.

*(i)   MineOne's Lead Counsel Says She is Not Available Today or Tomorrow.*

> MineOne's lead counsel, Paula Colbath, says "the May 20-21, 2024 dates [for an emergency hearing] are not feasible for two reasons: (1) lead counsel for the MineOne Defendants is not available then, and (2) the MineOne Defendants respectfully state that the Court should be fully informed before a Hearing on the Motion is scheduled, which would be on a date after May 29, 2024, when the MineOne Defendants have had an opportunity to file their opposition." [ECF 189, p. 3 of 6].

But MineOne's lead counsel never says 'why or how' she is "not available" today or tomorrow. Ms. Colbath should state the reason(s) for her alleged unavailability. Her omission of these supporting facts is telling.

Then MineOne's counsel simply proclaims that the MineOne Defendants will file their substantive Opposition to Plaintiff's *Emergency Motion* on May 29th . . . nine days from now *after* (1) all the valuable bitcoin mining computers have left Wyoming; (2) the May 8-23, 2024 Due Diligence period under the PSA has ended; and (3) MineOne and CleanSpark, Inc. potentially agree, in writing, to accelerate the June 22, 2024 Closing Date (where the remaining 70% of the $18,750,000 - $32,500,000 purchase will be paid to the Texas Escrow Holder and gone from Wyoming). MineOne and its counsel know there won't be anything the Court can do for BCB if the Court doesn't expeditiously set a hearing on BCB's *Emergency Motion*. This is MineOne's

3

stall job. As Defendants MineOne and Terra Crypto stall with the Court, Defendant Bitmain is swiftly moving in coordinated fashion with MineOne and Terra Crypto at the North Range site to remove all of the bitcoin mining computers from Wyoming. *See* **"Exhibit B."**

    *(ii)*    *MineOne Just Says – But Never Shows – There is No Emergency Here.*

As their next argument to stall off any emergency hearing, MineOne Defendants say that:

> . . . the Motion papers, including the multiple affidavits submitted, contain clear misrepresentations that must be corrected on the record by the MineOne Defendants, which cannot properly be done on an immediate basis. *Id.*

However, if MineOne and its lead counsel can so confidently say that BCB's *Emergency Motion* and affidavits "contain clear misrepresentations," they **should state** what those misrepresentations are in their *Opposition* – and not just say, 'oh, we'll do that *later* on May 29th.' Again, MineOne and its lead counsel chose not to provide the Court with any of their supporting evidence for their conclusory argument. This is MineOne's *pattern.*

    *(iii)*    *MineOne Chooses Not to Show the Court Any Evidence or Proof that BCB Breached the Terms of the Parties' DHS AGREEMENT by Failing to Obtain the Necessary and Required Approval from CFIUS.*

The MineOne Defendants now seek to blame BCB for the predicament the MineOne Defendants themselves created and where they now find themselves with CFIUS and the Presidential Order. Despite Ms. Colbath's representation to the Court that the MineOne Defendants have been dialoguing with CFIUS for over a year, she and the MineOne Defendants now say – for the *first time* in this year-plus long lawsuit, even though the MineOne Defendants *knew much earlier* they did not have CFIUS approval, and have had ample opportunity to use that information to make their allegations against BCB – its all BCB's fault, not MineOne's fault. It is the ultimate projection.

> As set forth in the MineOne Defendants' Counterclaims against Plaintiff, it was Plaintiff who breached the terms of the parties' Development, Hosting and Services

4

>Agreement by failing to obtain the necessary and required permits and authorizations for the facilities, which Plaintiff was required to do. *Id.* at p. 4 of 6.

Set aside, for the moment, the fact that the MineOne Defendants Erick Rengifo and Jiaming Li misrepresented to Michael Murphy who they were and who they represented back in 2022,[2] thus giving Michael Murphy and BCB no cause or reason to believe they would have to notify CFIUS about their new proposed partners, MineOne Wyoming or Terra Crypto, Inc.  Again, as is their pattern, the MineOne Defendants chose not to support their conclusion that it was BCB – not MineOne – who had the obligation to reach out to CFIUS.  The MineOne Defendants do not provide or show the Court: (a) the DHS AGREEMENT *contract terms or language* imposing such an obligation on BCB, (b) *when* CFIUS first contacted MineOne; (c) *why* MineOne never asked

---

[2] In his *Emergency Motion Affidavit*, ECF 182-1, ¶¶ 32-34, Michael Murphy testified as follows:

>32. When I first met Erick Rengifo he told me he represented a "diverse multinational group of investors."  In hindsight, I see now why Erick Rengifo misrepresented their ownership instead of truthfully telling me he represented 'entirely Chinese partners and investors with ties to the Chinese Communist Party.'
>
>33. When I first met Jiaming Li, he told me that he was living in Singapore.  Then, when this litigation began, I saw where Jiaming Li was representing himself to be an American in investment documents as the President of Defendant BitOrigin (an alter ego company of Defendant MineOne and Terra Crypto).  But, Jiaming Li is neither Singaporan or American.  He is, in fact, a Chinese national residing in China.
>
>34. In Defendants' 8/15/23 *Amended Corporate Disclosure Statement* [ECF 41] it states: "Defendant MineOne Partners LLC is a limited liability company with Jiaming Li, an individual residing in China, as its sole member."

And Michael Murphy swore as follows in ¶ 48 of his Affidavit:

>48. Jiaming Li and Erick Rengifo are willing to obfuscate the truth with CFIUS to serve their interests.  And MineOne and Terra Crypto have kept secret – from BCB and this Court – *all* of MineOne's involvement and communications with CFIUS.  MineOne didn't want BCB or the Court to know of MineOne's involvement and communications with CFIUS about these North Range and Campstool sites.

*Id.*

BCB to be involved, or advocate to CFIUS, for MineOne; and (d) *why* MineOne kept all of its CFIUS discussions a big nefarious secret from BCB and this Court.  All of this will be revealed in discovery, but, to oppose BCB's request for an expedited hearing on BCB's *Emergency Motion*, the MineOne Defendants should have supported their assertions with something more than the bald assertion that BCB breached its DHS AGREEMENT.  Again, they chose not to provide any support, hoping the Court will kick the can down the road on their mere assertion that BCB's alleged breach does not warrant an emergency hearing.

## CONCLUSION

BCB respectfully asks the Court to set its *Emergency Hearing* for arguments at any time Tuesday (May 21) or immediately following the 10:30 a.m. oral arguments on Tim Desrochers' domicile on Wednesday, May 22, 2024.

DATED this 20th day of May, 2024.

                BCB CHEYENNE LLC d/b/a
                BISON BLOCKCHAIN, Plaintiff

By:   /s/ Patrick J. Murphy
        Patrick J. Murphy (WSB No. 5-1779)
        Scott C. Murray (WSB No. 7-4896)
        Williams, Porter, Day & Neville, PC
        159 N Wolcott St. Suite 400
        Casper, WY 82601
        Ph: (307) 265-0700
        pmurphy@wpdn.net
        smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 20th day of May, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York,<br>NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003 klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [  ]      U. S. Mail (prepaid)<br>[ x ]    CM/ECF Electronic Transmission<br>[  ]      Overnight Delivery<br>[  ]      Hand Delivery<br>[  ]      Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy
