Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S SUPPLEMENT TO ITS EMERGENCY MOTION TO ENTER AN IMMEDIATE PROTECTIVE ORDER/STAY ORDER FOR ALL THE PURCHASE MONIES TO BE IMMEDIATELY PLACED INTO THE REGISTRY OF THE COURT

COMES NOW Plaintiff BCB Cheyenne LLC, through its counsel, and makes this

supplemental filing in support of its *Emergency Motion* to have the Court enter an immediate Order where the Court directs that all of the sales monies from the MineOne/CleanSpark PURCHASE AND SALE AGREEMENT be *immediately ordered* to be paid into the Registry of this Court, to later be allocated by the Court. In support of this supplemental filing, Plaintiff BCB Cheyenne LLC shows the Court as follows:

1. During the May 17, 2024 status call with Judge Johnson and Magistrate Judge Carman, MineOne's lead counsel, Paula Colbath, said that there is "no Closing Date in sight" for CleanSpark's purchase of the North Range and Campstool properties and the highly-valued electrical power contracts with Black Hills Energy. Ms. Colbath said this to persuade the Court there is no emergency, and that the Court should not expedite its consideration of Plaintiff's *Emergency Motion*. Ms. Colbath said the Due Diligence period was extended and things weren't likely to close for at least 45 days (and, as such, there is no emergency).

2. Then, in the MineOne Defendants' May 20, 2024 *Procedural Response*, MineOne's lead counsel told the Court:

- "there are no emergent circumstances presented here;"
- "no payments or deposits have been made to CleanSpark;" and
- "The transaction cannot close [without CFIUS' approval]."

[ECF 189].

3. As shown below, this is not the case at all. A significant portion of the CleanSpark/MineOne Closing may happen *this week*.

4. On May 16, 2024, Plaintiff BCB served a records subpoena upon Black Hills Energy ("BHE") (after BCB learned of this heretofore-secret MineOne/Clean Spark PURCHASE AND SALE AGREEMENT). [ECF 181 Ex. B].

1

     5.     In that subpoena, BCB asked BHE to produce the following documents:

I. Please provide all documents and communications by, between, and among representatives of CLFPC, MineOne Wyoming Data Center LLC, CleanSpark, Inc., and CSRE Properties Wyoming, LLC, (a wholly owned subsidiary of CleanSpark, Inc) relating to the *Purchase and Sale Agreement,* dated May 8, 2024 by and among CSRE Properties Wyoming, LLC, Terra Crypto, Inc. and MineOne Wyoming Data Center, LLC that was filed with the U.S. Securities and Exchange Commission ("SEC") and is publicly available.

II. Please provide all documents and communications by, between, and among representatives of CLFPC, MineOne Wyoming Data Center LLC, CleanSpark, Inc., and CSRE Properties Wyoming, LLC, (a wholly owned subsidiary of CleanSpark, Inc.), or any of them, relating to CLFPC's confirmations of "additional electrical power of 25 megawatts in North Range and 30 megawatts in Campstool (for the avoidance of doubt, the 75 megawatts are currently available, and 55 megawatts are conditional on utility load confirmation)." (*See Purchase and Sale Agreement*). Please note: this request includes the documents and communications relating to the source of the electrical power generation (*i.e.,* coal or renewable) for (1) the 75 megawatts and (2) the 55 megawatts defined under the *Purchase and Sale Agreement* being confirmed and supplied to Buyer.

     6.     On May 21, 2024, at 10:55 a.m., BHE served Patrick Murphy with its Response to the subpoena, and BHE produced 217 pages with its Response. Mr. Murphy has already provided BHE's subpoena response and documents to all counsel. Two of these newly-produced BHE documents are attached as **"Exhibit A"** and **"Exhibit B."** These May 14 and 15, 2024 emails show CleanSpark wants to close on the Campstool portion of this deal *sometime this week*. *Id.* ("CleanSpark's goal is to close on the EBP Campstool next week . . . "). And CleanSpark "would like to accelerate the closing of the Campstool/EBP property with [MineOne-M1] as they see this as the path of least resistance." *Id.*

     7.     Ms. Colbath would have known of these **May 14 and May 15, 2024** "meeting[s] with MineOne and CleanSpark." But Ms. Colbath said nothing about these May 14 and May 15 "CleanSpark/MineOne meeting[s]" to the Court in our May 17 status call or her May 20, 2024 procedural *Response*.

2

8.   Based on the $18,750,000 - $32,500,000 purchase price in the MineOne/CleanSpark PURCHASE AND SALE AGREEMENT, and further evidenced in Michael Murphy's 5/15/24 *Emergency Motion Affidavit*, it is near certain that CleanSpark will pay $7,500,000 ($250,000/MW x 30MW = $7,500,000) for the Campstool Property. And very quickly.

9.   This *means* that CleanSpark will send – or has already sent – $7,500,000 to the Escrow Holder, Republic Title of Texas, in the next 1-3 days; immediately thereafter, upon Closing, this money will be transferred to MineOne Wyoming and Terra Crypto, beyond the reach of this Court and BCB, never to be seen again in the United States if the Court does not intercede right now and enter its emergency Order compelling the May 15, 2024 escrow payment of $5,625,000, and this imminent $7,500,000 escrow payment (for Campstool), into the Registry of this Court forthwith.

10.   The Court should note the possibility that the total $18,750,000 - $32,500,000 purchase price *may* never close *in full* because the North Range site is wrapped up with CFIUS requirements and the Presidential Order. Therefore, this $7,500,000 being paid for 30MWs of power *at Campstool* could potentially be the *only* money that changes hands.

11.   As BCB has earlier advised the Court, the MineOne/CleanSpark PSA allows those Parties to agree, in writing, to a much earlier Closing Date than the anticipated date of June 22, 2024. PSA at Article 6(b)(iii).  It is evident CleanSpark wants to close much sooner than June 22, 2024. And yet, we have no representation or guarantee from MineOne, or its lead counsel, that MineOne/Terra Crypto will hold these, or any, purchase monies for anyone but themselves.

12.   In spite of MineOne's fraud upon CleanSpark, CleanSpark still wants/needs to close quickly on some/all of this PSA because CleanSpark just purchased *hundreds of millions of dollars worth* of new bitcoin mining computers from Bitmain, and CleanSpark needs to put those new bitcoin mining computers to work as quickly as possible (to generate income and profits from these

3

new machines while the price of Bitcoin hovers near $70,000/bitcoin) [ECF 182-6, pages 2-8].

13. All of the elements for a prejudgment Writ of Attachment for these PSA purchase monies are demonstrated in Michael Murphy's 5/15/24 *Emergency Motion Affidavit* [ECF 182-1 at ¶¶ 11, 18-21, 41, 54, 56, 58, 59 and 62].

14. Given this newest evidence from BHE, it is more urgent and critical than ever that this Court act now to preserve the purchase money funds for the protection of all three parties who have claims – or arguable claims – to these purchase monies. These three parties are: (1) BCB Cheyenne LLC, an unsecured creditor whose breach of contract claims against MineOne and Terra Crypto exceed $38,000,000; (2) Antalpha, which apparently is a secured creditor of MineOne/Terra Crypto in an amount believed to be between $2M - $8M, and which Judge Rankin knows the actual amount because His Honor has reviewed the Antalpha/MineOne 7/27/23 *Loan and Financing Agreement in camera*; and (3) MineOne/Terra Crypto, the sellers and legal owners of the North Range and Campstool Properties.

15. Without an immediate stay Order from this Court, these PSA purchase monies will all be sent to the Texas Escrow Holder, an escrow agent which told Patrick Murphy it perceives it is beyond the power of this Court. If the Texas Escrow Holder is correct, all the escrow monies would then be distributed to MineOne and Terra Crypto, never to be seen by this Court or BCB.

16. Given this new information from BHE concerning MineOne and CleanSpark, BCB Cheyenne, LLC now asks this Court to enter its immediate Order on Wednesday, May 22, 2024 at the conclusion of the domicile oral arguments, where the Court enters an emergency stay of any future transfer of the May 15, 2024 escrow monies ($5,625,000.00), and all future transfers of any escrow monies that the Texas Escrow Holder comes to hold, and in which the Court further orders that ***all*** of these PSA purchase monies instead be sent to the Registry of this Court, where they will

be held, in an interest-bearing account, pending this Court's subsequent allocation of these purchase monies.

17.     This Court has the inherent authority to enter an order ensuring enforcement of its writ of attachment. Wyoming law expressly allows this Court to order the sales proceeds be distributed to this Court. To preserve the *status quo* and prevent these Chinese-owned companies that have been determined, by the President of the United States, to be a threat to national security, from absconding with up to $32,500,000.00, the Court should now order the MineOne Defendants, CleanSpark, Inc., Republic Title of Texas, Inc., or any other third person or authorized agent to pay *all* sales proceeds from the sale of these Wyoming real properties (and the valuable BHE power contracts) into the registry of this Court, with all sales proceeds to then be placed into an interest bearing account under this Court's control to later be allocated and distributed on further order of this Court.

18.     Here, Plaintiff asks the Court to fix the amount of the surety bond to be filed with the Court by BCB Cheyenne LLC at $1,000.00. The issuance of these writs will not damage MineOne and Terra Crypto one bit. The monies to be attached are the proceeds of the PURCHASE AND SALE AGREEMENT between MineOne and CleanSpark, Inc. These are not purchase funds needed to ensure the deal is closed; rather, they are the proceeds and assets of MineOne post-closing. By requiring those funds to be deposited with the Registry of the Court, the Court can ensure no harm or financial injury is done to MineOne and simultaneously ensure BCB is not harmed by allowing the sole assets of MineOne to be withdrawn from Wyoming and this Court's reach. Moreover, BCB has no money with which to pay for, and post, a bond for over $1,000.00. Defendants MineOne and Terra Crypto owed BCB $90,000.00 for past services when Defendants anticipatorily repudiated the DHS Agreement and CS Agreement, and BCB had and has no other sources of income. These fraudulent,

Chinese-owned companies have financially broken BCB. BCB has no more money with which to pay an expensive bond, and no bond is needed or warranted where, as here, the Court controls all the funds.

19. Given the MineOne Defendants' fraud and the urgency with which CleanSpark wants to close the deal, and the MineOne Defendants' desire that all these PSA monies quickly be sent to the Texas Escrow Holder, and then disbursed to MineOne, forever beyond the reach of this Court and BCB, there should be ***no hearing*** on the Plaintiff's *Emergency Motion.* Instead, based on Plaintiff's showing, the Court should immediately enter its stay order and its further order that all of the PSA monies be sent, forthwith, to the Clerk of the District Court.

DATED this 21st day of May, 2024.

> BCB CHEYENNE LLC d/b/a
> BISON BLOCKCHAIN, Plaintiff
>
> By:   /s/ Patrick J. Murphy
> Patrick J. Murphy (WSB No. 5-1779)
> Scott C. Murray (WSB No. 7-4896)
> Williams, Porter, Day & Neville, PC
> 159 N Wolcott St. Suite 400
> Casper, WY 82601
> Ph: (307) 265-0700
> pmurphy@wpdn.net
> smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 21st day of May, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York,<br>NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003 klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

8

| | |
|---|---|
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [  ]     U. S. Mail (prepaid)<br>[ x ]    CM/ECF Electronic Transmission<br>[  ]     Overnight Delivery<br>[  ]     Hand Delivery<br>[  ]     Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy