

**FILED**

**12:44 pm, 5/23/24**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a/ BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Islands company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants,<br><br>Defendants. | Case No. 23-CV-79-ABJ |

### ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR A PROTECTIVE ORDER WITH PREJUDGMENT WRITS OF ATTACHMENT AND GARNISHMENT

THIS MATTER comes before the Court upon the *Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment*, filed by the Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB" or "Plaintiff") on May 12, 2024. ECF No. 182. The Court conducted a brief hearing on May 17, 2024. ECF No. 186.

Defendant MineOne Wyoming Data Center LLC, MineOne Partners LLC and Terra Crypto Inc. (collectively, "MineOne Defendants") filed a *Procedural Opposition to Setting Emergency Hearing and Expedited Briefing Regarding Plaintiff's Motion for a Protective Order* on May 20, 2024. ECF No. 189. Plaintiff filed a reply to MineOne Defendants' procedural opposition on May 20, 2024. ECF No. 191. Plaintiff also filed a supplement to the *Emergency Motion* (ECF No. 182) on May 21, 2024. ECF No. 192. Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court finds an evidentiary hearing and substantive response from the MineOne Defendants is necessary to render a decision on this matter.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 64, federal district courts have the authority to award any remedy that is available under state law that provides for seizing property to secure satisfaction of a potential judgment. Fed. R. Civ. P. 64. "The right to the prejudgment remedy of attachment is purely statutory, and therefore strict compliance with applicable statutes is imperative." *NEPCO Fund II LLC v. DeFelice*, No. 12-CV-246-F, 2013 WL 12086095, at *1 (D. Wyo. June 4, 2013) (referencing 7 C.J.S. Attachment § 3).

In Wyoming, a plaintiff "may have the property of the defendant ... attached as security for the satisfaction of any judgment that may be recovered." Wyo. Stat. Ann. § 1-15-201 (a). Before a writ of attachment may be issued, the plaintiff must file an affidavit stating:

> (i) that the defendant is indebted to the plaintiff, specifying the amount of the indebtedness ... and the nature of the indebtedness;

> (ii) that the attachment is not sought to hinder, delay or defraud any creditor of the defendant;
> (iii) that the payment of the indebtedness has not been secured by a mortgage or lien upon real or personal property in this state, or, if originally so secured, that the security has, without any act of the plaintiff ... become impaired; and
> (iv) any one or more of the [ ] grounds for attachment...." [including, for example, a defendant's out of state residency]

*Id.* at (b)(i)-(iv). The plaintiff bears the burden of establishing facts sufficient to justify the issuance of a writ. Wyo. Stat. Ann. § 1-15-103(a)(v).

"No prejudgment writ of attachment, replevin or garnishment shall issue unless the plaintiff files with the clerk a surety bond in an amount fixed by the court for the payment of all costs and damages which may be incurred or suffered by any party as a result of the wrongful issuance of the writ, not exceeding the sum specified in the bond." Wyo. Stat. Ann. § 1-15-104.

## DISCUSSION

Through ex-parte email and motion within the record, Plaintiff has informed the Court about the prospective sale of MineOne Defendant's North Range and Campstool properties and property contracts to a third-party, CleanSpark. Inc. ECF No. 182 at 2. Through this sale, Plaintiff asserts MineOne Defendants intend to "abscond from Wyoming and the United States" with the purchase money, taking the funds out of the jurisdictional reach of this Court. *Id.* MineOne Defendants confirm that the party entered into a Purchase and Sale Agreement on May 9, 2024 to sell the property in Laramie County to CleanSpark, Inc. ECF No. 189 at 3. The sale was prompted by discussion between MineOne and the United States federal government Committee on Foreign Investment in the United States ("CFIUS"), upon objection to MineOne operating facilities within one mile of Francis E.

Warren Air Force Base. *Id.* President Biden signed an Executive Order on May 13, 2024, requiring MineOne to divest itself of the facilities and property. *Id.*

Plaintiff asserts that a prejudgment writ of attachment and garnishment on the purchase money exchanged between MineOne Defendants and CleanSpark is appropriate, and Plaintiff has filed a motion and affidavit to this effect. ECF No. 182; ECF No. 182-1. The affidavit claims at least one recognized ground for attachment and otherwise satisfies the requirements of Wyoming Statute § 1-15-201(b). However, "the court shall not direct the issuance of the writ without notice to the adverse party and an opportunity to be heard unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury will result to the plaintiff before notice can be served and a hearing had thereon." Wyo. Stat. Ann. § 1-15-103(a)(ii). Such a finding of irreparable injury can be made if the court determines "there is a present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court." Wyo. Stat. Ann. § 1-15-103(a)(ii)(A). Defendant asserts that there is no immediacy in this matter. ECF No. 189 at 4 (stating "There is no emergency present, no money has exchanged hands and no money will for at least 30 days, and likely longer").

As of now, the Court is uncertain that the remedy Plaintiff seeks is appropriate and it does not clearly appear from specific facts shown by affidavit that immediate and irreparable injury will result before a hearing can be had. *See* Wyo. Stat. Ann. § 1-15-103(a)(ii). Further, the nature of the filings—both ex-parte through email correspondence with the court and counsel and on the record through motion and supplemental motion—has given the Court pause concerning the relief sought in this matter. While Plaintiff

appears to request a writ of attachment under Wyoming law, Plaintiff also seems to desire a stay or injunction but fails to articulate the basis for either alluded relief. The Court will allow MineOne Defendants to appropriately respond to Plaintiff's *Emergency Motion* and the Court will hold a hearing on the merits of relief Plaintiff has requested.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**, that the Court will reserve its ruling on Plaintiff's Emergency Motion until the motion has been properly briefed and upon the conclusion of a hearing on the matter.

Dated this 23d day of May, 2024.

Alan B. Johnson
United States District Judge