Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
      smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants,<br><br>    Defendants. | Civil No. 23-CV-79 |

## PLAINTIFF'S MOTION AND REQUEST FOR LEAVE TO FILE AN OVER-LENGTH BRIEF OF SEVENTEEN (17) PAGES

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain ("BCB"), through its counsel, and pursuant to Rule 7.11(b)(1)(c) of the U.S.D.C.L.R., hereby moves and requests the Court

1

to grant BCB leave to file an over-length brief of seventeen (17) pages on BCB's Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment. In support of this Motion, BCB shows the Court as follows:

1. On May 15, 2024, BCB filed its ten-page *Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Emergency Motion*") [ECF 182].

2. On May 21, 2024, BCB filed its six-page *Supplement to Its Emergency Motion to Enter an Immediate Protective Order/Stay Order for All the Purchase Monies to be Immediately Paid into the Registry of the Court* ("*Supplement*").

3. On May 23, 2024, the Court entered its *Order on Plaintiff's Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("ORDER") [ECF 194]. The Court said it would hold a future evidentiary hearing on the Emergency Motion.

4. On May 24, 2024, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto, Inc. filed their twenty-page *Memorandum of Law In Opposition to Plaintiff's Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Opposition*") [ECF 195]. In their *Opposition*, they attached Erick Rengifo's 25-page Declaration and multiple exhibits. They also alleged, among other things, that:

- BCB's *Emergency Motion* is intended to derail the CleanSpark Transaction and jump ahead of MineOne's proper creditors;

- Any Court order granting BCB's Emergency Motion would contradict the President's [Divestment] Order and Create a Separation of Powers Concern;

- BCB's *Emergency Motion*, if granted, would make it impossible to either close the transaction or comply with the President's Order;

- Granting a writ of attachment is "tantamount to enjoining President Biden's

Order" [ECF 195, Page 23 of 26];

- The "MineOne Defendants have numerous secured liens that have priority over any judgment that BCB would obtain." *Id.* at Page 14 of 26;

- "BCB's actions over the past ten days . . . clearly seem intended to make it ***impossible*** for the transaction between MineOne Data and CleanSpark to close." *Id.* at Page 12 of 26 (emphasis added);

- "BCB walked off the job," constituting a breach of the DHS Agreement. *Id.* at 6, 8, 15, and 16; and

- Patrick Murphy, BCB's counsel, "improperly submitted [an ex parte communication] to the Court and all counsel on May 17, 2024 . . ." *Id.* at 11.

5. In their *Opposition*, the MineOne Defendants – for the first time – identify the creditors' claims they say have priority over BCB's judgment lien but, with the exception of the AntAlpha loan, mortgage, security interest, and current loan balance of approximately $6,900,000, they provide no documentary proof of these alleged higher-priority creditors or claims.

6. In their *Opposition*, the MineOne Defendants never reveal that closing on ***Campstool*** is divisible from closing on ***North Range***.

7. To explain and properly rebut these (and other) allegations in Defendants' Opposition, BCB's counsel, Patrick Murphy, has needed seventeen (17) pages. And, given the new information in the *Opposition*, and the need and desire to preserve the MineOne/CleanSpark purchase, as well as the need to comply with and not interfere with the Presidential Order, it requires BCB to amend its 5/15/24 *Emergency Motion* with an Amended Emergency Motion (all as explained in BCB's [proposed] Amended Emergency Motion).

8. An unsigned, but complete, copy of BCB's [proposed] Amended Emergency Motion

3

is attached to this Motion as **"Exhibit A**.**"**

9. On Thursday afternoon, May 30, 2024, Patrick Murphy emailed this complete, but unsigned, copy of BCB's [proposed] Amended Emergency Motion to all defense counsel, asking all of them if they objected – or would not object – to BCB filing this 17-page over-length Amended Emergency Motion. Mr. Murphy asked all defense counsel if they would please provide their clients' position to this [proposed] over-length filing by 10:00 a.m. on Friday, May 31, 2024. Mr. Murphy did not receive any reply from any of the sixteen (16) defense counsel that Mr. Murphy emailed. Thereafter, on Friday, May 31, 2024, at 10:35 a.m., Mr. Murphy sent a reply-to-all email to the sixteen (16) defense counsel observing that Mr. Murphy had not received any reply from any of the sixteen defense counsel to Mr. Murphy's 5/30/24 conferral email. Mr. Murphy asked that, "if any of you have a position on BCB's forthcoming Motion for leave to file an over-length brief, would you kindly favor me with your position by 11:30 a.m. Mountain today. Thank you, everyone." Counsel for MineOne, Sean Larson, was the first defense counsel to reply. Mr. Larson asked Mr. Murphy to please note, in this Motion, that the MineOne Defendants object to BCB filing its Amended Emergency Motion, but do not object to it being 17 pages in length. Khale Lenhart, on behalf of Bitmain Georgia, replied indicating he does not object to the 17 pages. After receiving Sean Larson's email, Paula Colbath replied, saying "Frankly, I had understood that the page limit was 25 pages, so do need to speak with my team and local counsel to better understand your request." Finally, Meggan Hathaway, on behalf of Defendants Bit Origin LTD and SonicHash LLC also responded, stating "We also do not object to the 17 pages, but we do object to the second/amended motion."

10. U.S.D.C.L.R. 7.1(b)(1)(C) provides as follows:

> Page Limitation. Briefs in support of and in opposition to all non-dispositive motions are limited to a maximum of ten (10) pages. Motions seeking permission to file briefs in excess of ten (10) pages will be granted only when complex or numerous legal issues justify such relief. The motion

shall state how many pages the proposed brief will contain.

11. BCB's [proposed] Amended Emergency Motion presents complex and numerous legal issues of first impression for this Court. To counsel's knowledge, this Court has never addressed a Presidential Divestment Order, or the legal consequences of such an Order. The alleged priorities of the competing claims, debts, and potential liens present novel questions for this Court. The emergency nature of the *Motion* also compels additional briefing, as do the elements and proofs needed to sustain the requested writs. The divisible nature of the CleanSpark/MineOne Purchase and Sale Agreement ("PSA"), and whether the MineOne Defendants should be allowed to imminently close on Campstool and take possession of the initial $7,500,000 purchase price free and clear of any prejudgment claim by MineOne's largest-dollar creditor, BCB, warrants additional pages. Preferential payments, absconding with assets, and fraudulent transfers to avoid paying one's largest potential judgment creditor warrant additional pages. Explaining which PSA sales proceeds are – and are not – subject to the Presidential Order warrants detailed explanation. The interests of justice are best served by allowing these additional seven (7) pages of briefing. The Court needs to understand why BCB is amending its original Emergency Motion, and the information that is driving the amendment, all of which is articulated, to the best of this counsel's ability, in the unsigned draft of BCB's [proposed] Amended Emergency Motion, a complete copy of which is attached hereto, marked as "**Exhibit A**," and incorporated by reference.

12. Defendants will not be prejudiced by allowing BCB to file this over-length brief. No evidentiary hearing has yet been set. Defendants' counsel have all had BCB's complete, but unsigned, draft of BCB's [proposed] Amended Emergency Motion since May 30, 2024. Defendants and their counsel will have ample time to file their responses (if any) to BCB's 17-page brief in advance of any evidentiary hearing.

WHEREFORE, Plaintiff BCB Cheyenne LLC d/b/a/ Bison Blockchain respectfully asks the Court to allow BCB to file its 17-page over-length Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment.

DATED this 31st day of May, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:   /s/ Patrick J. Murphy
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 31st day of May, 2024.

| Counsel | Method |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]  U. S. Mail (prepaid)<br>[x]  CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ]  U. S. Mail (prepaid)<br>[x]  CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |

| | |
|---|---|
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

         */s/ Patrick J. Murphy*
         Patrick J. Murphy