Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
　　　　smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**PLAINTIFF BCB CHEYENNE LLC'S RESPONSE IN OPPOSITION TO DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S SUPPLEMENT TO MOTION TO VACATE AND RESET THE JUNE 7, 2024 EVIDENTIARY HEARING AND SET BRIEFING DEADLINE**

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain ("BCB"), through its

1

counsel, and respectfully submits this Response to *Defendants' MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.'s Supplement to Motion to Vacate and Reset Hearing and Set Briefing Deadline* ("*Motion*").

1. Plaintiff BCB Cheyenne LLC ("BCB") and its counsel object to the MineOne Defendants' *Motion* to vacate the June 7, 2024 evidentiary hearing and re-set that hearing for June 12, 2024.

2. For some of the bases of its objection to vacating the June 7 evidentiary hearing, BCB relies on what it shared with defense counsel in its June 3 conferral on this issue. [ECF 205-1].

3. In further support of its objection to moving this emergency hearing, BCB shows the Court as follows:

4. Before CleanSpark, Inc. signed the May 8, 2024 Purchase and Sale Agreement ("PSA") to buy the North Range and Campstool sites for between $18,750,000 - $32,500,000 from the MineOne Defendants, the MineOne Defendants and their counsel never disclosed to CleanSpark, BCB, or the Court anything about CFIUS, a CFIUS investigation of the MineOne Defendants, or an imminent Presidential Order of Divestment. The MineOne Defendants, their transaction counsel (Loeb & Loeb), and their litigation counsel (also Loeb & Loeb) kept everything about the CFIUS investigation of MineOne a secret from CleanSpark before CleanSpark and the MineOne Defendants signed their May 8 PSA.  The Campstool parcel is not subject to President Biden's May 13 Divestment Order:  Campstool can be quickly sold to CleanSpark without any CFIUS review or approval.

5. Two days after BCB filed its May 15, 2024 *Emergency Motion* (and brought this May 8 MineOne/CleanSpark PSA to light), counsel for the MineOne Defendants told Judge Johnson and Judge Carman that there is no immediacy in this case.  *See* Judge Johnson's 5/24/24 Order on

Plaintiff's Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment. [ECF 194, Page 4 of 5]. MineOne's counsel told the Court: "There is no emergency present, no money has exchanged hands, and no money will for at least 30 days and longer." *Id*. In its Order, the Court correctly observed that, "The sale was prompted by discussion between MineOne and the United States government Committee on Foreign Investment in the United States ("CFIUS"), upon objection to MineOne operating facilities within one mile of Francis E. Warren Air Base." *Id.* at 3-4. The Court also correctly captured BCB's suspicion and belief: "Through this sale, Plaintiff asserts MineOne Defendants 'intend to abscond from Wyoming and the United States' with the purchase money, taking the funds out of the jurisdictional reach of this Court." *Id.* at 3. BCB's concerns that MineOne is planning to do exactly this is heightened by more recent events, described below.

6. Then, in an abrupt about face, Ms. Colbath wrote to Judge Johnson on May 31, 2024, after Patrick Murphy sent all counsel BCB's draft Amended Emergency Motion on May 30, 2024 (where Mr. Murphy highlighted that the Campstool and North Range parcels were divisible from each other, and warning that the MineOne Defendants may be trying to sell Campstool very quickly, before it sells the CFIUS-affected North Range, and abscond with the sales proceeds from Campstool).

7. Ms. Colbath attached the new May 29, 2024 CleanSpark/MineOne PSA to her May 31, 2024 letter to the Court. The May 29, 2024 PSA clearly made the Campstool and North Range parcels (and sales) divisible from each other, and it changed the purchase amounts for the parcels. Instead of being the original PSA of $18,750,000 - $32,500,000 for these two parcels (and the highly valuable electrical power that comes with both parcels), the new PSA called for a sum certain payment of $11,250,000 for Campstool, and a sum certain payment of $11,250,000 for North Range.

3

8. In her May 31, 2024 letter to the Court, and in the MineOne Defendants' June 4 *Motion*, counsel for the MineOne Defendants never disclose or inform the Court (or BCB) whether CleanSpark has paid any purchase money for Campstool (or for North Range) to the Escrow Holder, Republic Title of Texas, Inc. MineOne could and should have made this simple affirmation, but they have not. MineOne and its counsel know if CleanSpark has paid any Campstool purchase monies into escrow.

9. Nowhere do the MineOne and Terra Defendants, or their many counsel, ever state or share with the Court that they will **not** close on the $11,250,000 ***Campstool*** transaction before the Court holds its evidentiary hearing on BCB's *Emergency Motion*.

10. Nowhere do the MineOne Defendants, or their many counsel, ever state or share with the Court that MineOne will hold any of the $22,500,000 CleanSpark sales monies pending this Court's decision(s) on the *Emergency Motion*. The clear implication from MineOne's counsel is that the MineOne Defendants will take, receive, and do what they will with the CleanSpark sales proceeds if any/all of those CleanSpark sales proceeds are delivered to the MineOne Defendants (including co-Defendant Terra Crypto, Inc.) ***before*** this Court enters an order on the *Emergency Motion.*

11. The basis for the Court setting the June 7 evidentiary hearing—the urgent circumstances which led BCB to file its *Emergency Motion*—are more pressing now than ever. Despite MineOne's attempts to downplay the timeline and allay BCB's and this Court's concerns, there is growing evidence indicating $11.25M in sales monies for Campstool is imminently about to change hands and go into Defendants' possession.

12. Based on the phone call BCB's lead counsel, Patrick Murphy, received from Republic Title of Texas registered agent, Peter Graf, early Tuesday evening, June 4, in combination what

MineOne's counsel has recently said (and not said), BCB and Patrick Murphy suspect and believe that CleanSpark's $11,250,000 purchase money for Campstool has already been paid by CleanSpark to the Escrow Holder, Republic Title of Texas, Inc., and the Escrow Agent is about to pay Defendants MineOne and/or Terra Crypto, Inc. *all of the purchase monies* before the Court has a chance to rule on BCB's *Emergency Motion*.

13. Peter Graf called and spoke to Patrick Murphy early Tuesday evening, June 4, even though BCB has not yet served any subpoena on Republic Title of Texas, Inc. Mr. Graf called Mr. Murphy *sua sponte*, without any call or request from Mr. Murphy.

14. Mr. Graf asked Mr. Murphy if Mr. Murphy would send Mr. Graf a copy of the MineOne Defendants' [June 4] *Motion to Vacate and Re-set the Evidentiary H*earing. From some source not connected to BCB, Republic Title of Texas, Inc. (Peter Graf) had heard about MineOne's *Motion to Vacate* on the same afternoon (June 4) that MineOne filed it.

15. Mr. Murphy asked Mr. Graf why he wanted Mr. Murphy, as BCB's counsel, to send Mr. Graf MineOne's *Motion to Vacate* the evidentiary hearing where, as here, Mr. Graf could easily obtain it from MineOne or MineOne's counsel, which is one of the contracting parties to the CleanSpark/MineOne Escrow Agreement under the May 8 PSA and May 29 Amended PSA.

16. Mr. Graf declined to answer Mr. Murphy's question, offering only that it was a public document and that he could not access it on the Wyoming federal court Pacer system.

17. Mr. Murphy then asked Mr. Graf if CleanSpark had recently paid money to the Escrow Holder, but Mr. Graf would not answer that question.

18. BCB has not (yet) served Republic Title of Texas, Inc. with a records subpoena, but, based on the suspicions raised by Mr. Graf's unsolicited call to Mr. Murphy, and Mr. Graf's request and his subsequent refusal to answer Mr. Murphy's questions, BCB is going to serve its records

5

subpoena on Republic Title of Texas, Inc. and CleanSpark Inc. as soon as it can in an attempt to ascertain what money has been paid into escrow and/or is about to change hands to Defendants (as Defendants do not tell BCB when the Campstool Closing is scheduled).

19. Mr. Murphy's and BCB's suspicions and belief that CleanSpark has already paid some or all of the $11,250,000 purchase monies for Campstool to the Escrow Holder, and that MineOne is seeking to abscond with (through Terra Crypto) and/or spend these Campstool purchase monies before the Court rules on BCB's *Emergency Motion*, is further heightened by what MineOne's counsel has said, and not said, in its recent pleadings with the Court.

20. Contrary to what Ms. Colbath told the Court and counsel at the May 17 status conference, and to what the May 29 Amended PSA says, Paula Colbath wrote to Judge Johnson on Friday afternoon, May 31, telling Judge Johnson and counsel, as follows:

> "The transaction on the Campstool site may close as early as next week…As currently structured, the proceeds from the Campstool transaction will be paid by CleanSpark directly to MineOne Data's secured creditors (as outlined in the Declaration of Dr. Erick Rengifo, ECF No. 195-1 at ¶ 64). The payments will be in the following amounts: AntAlpha - $6,903,707; Bridge Loan (Terra Crypto) - $4,152,434; Oriental Sun Enterprises LLC- $193,859; Total - $11,250,000."

21. BCB and its counsel now believe Republic Title of Texas, Inc. (Escrow Holder) has some or all of that $11,250,000 purchase money for Campstool, and that the Escrow Holder is about to send those Campstool purchase monies to MineOne and MineOne's preferred creditors (whereby the MineOne Defendants will take possession of at least $4,152,434 and pay Terra Crypto Inc. – which is 100% owned by Erick Rengifo and Jiaming Li – as an alleged creditor as early as today or tomorrow).

22. In MineOne's June 4 *Motion*, at ¶ 17, MineOne counsel Sean Larson represents that "…no closing is set, no money has changed hands, and Plaintiff [BCB] stands behind MineOne's secured creditors."

23. BCB and its counsel believe that the Campstool Closing is set to happen within days (or has already happened); that the North Range Closing has not yet been set, so that Mr. Larson's representation may be technically accurate. But if, in fact, CleanSpark has already paid any purchase money to the Escrow Holder or is scheduled to make any payment before the June 7 Evidentiary Hearing, then counsel should have advised the Court and BCB of that fact.

24. While Mr. Larson may also be technically correct that "no money has changed hands" – as Republic Title of Texas holds CleanSpark's purchase money in trust *for CleanSpark* until such time that Republic Title of Texas pays that money to or for MineOne – if, in fact, CleanSpark paid any money into escrow, then counsel should have advised the Court and counsel of that fact.

25. Neither Mr. Larson nor Ms. Colbath tell the Court or counsel, in their *Motion*, the current status of the Closings(s); the due diligence status; whether the purchase monies are to be paid directly to MineOne or into escrow; or 'when' any of these events are to happen (or have already happened), leading BCB and its counsel to further suspect and believe MineOne is immediately preparing to abscond with more than $4,150,000 (via Defendant Terra Crypto, Inc.) of Campstool purchase monies before the Court can conduct the evidentiary hearing, which MineOne now seeks to push back to June 12, 2024, *after* Terra Crypto, Inc. potentially takes possession of $4,154,434.

26. To further support their *Motion*, the MineOne Defendants also cite BCB's long-standing document requests and the fact that MineOne has "not been able to comply" given the "lack of time." This is inaccurate. BCB formally requested these documents over six (6) months ago, and the MineOne Defendants have been utterly recalcitrant in their objections and refusal to provide requested documents. They are able to comply; they choose not to.

27. Additionally, the MineOne Defendants claim to have several "secured creditors," among which is MineOne's co-defendant, Terra Crypto, Inc. The MineOne Defendants claim that

7

"any action would prevent payment to MineOne's secured creditors" which would cause CleanSpark's "withdrawing from the deal altogether." This hyperbole is designed to distract from the reality that MineOne's mis-characterization of Terra Crypto's investment as a bridge loan is another improper attempt to remove monies from this Court's jurisdiction, and, crucially, is potentially violative of the Uniform Fraudulent Transfer Act. *See* Wyo. Stat. § 34-14-201 et seq.

28.     Finally, the claimed unavailability of Defendants MineOne and Terra Crypto's numerous counsel is not a compelling reason to vacate this Court's emergency evidentiary hearing. The details MineOne's many defense counsel fail to provide in their *Motion* are telling. Attorney Alex Inman is unavailable due to "a previously scheduled engagement." What this engagement is, they do not say. Nor do they discuss any efforts whatsoever made by Mr. Inman to accommodate Your Honor's June 7 emergency Evidentiary Hearing. Similarly, Sean Larson is unavailable due to a "prior scheduled deposition." Did Mr. Larson make any attempt to reschedule that deposition? Depositions are more common-place and flexibly scheduled, and rescheduled, than an ***emergency hearing*** in ***federal court*** concerning ***$22,500,000 and a Presidential Order*** against his clients. ***Most importantly, we know that Ms. Colbath is available on June 7***. MineOne's witness(es) are also available on June 7 (as MineOne's counsel says nothing about their witness(es) being unavailable on June 7). Ms. Colbath wants more time to prepare for the Evidentiary Hearing, and she wants more time to brief the *Amended Emergency Motion*, but BCB believes these are smokescreens to allow MineOne to receive the Campstool purchase monies out of escrow ***before*** the Court can hold the Evidentiary Hearing. Wanting more time to prepare and brief is not good cause to vacate the June 7 Evidentiary Hearing. Because Ms. Colbath and her MineOne witness(es) are available on June 7, 2024, the Court should hold this emergency Evidentiary Hearing on June 7, 2024, as scheduled.

29.     Ms. Colbath has been deeply involved in *all* aspects of BCB's *Emergency Motion*,

BCB's supplement to its *Emergency Motion*, the drafting and submission of MineOne's extensive *Response* (including Erick Rengifo's Affidavit), Ms. Colbath's May 31 letter to Judge Johnson, and subsequent conferrals with Counsel. Ms. Colbath is totally familiar with the issues before the Court. Ms. Colbath having additional preparation time does not render her unavailable. She is available on June 7.

30.     What BCB suspects is this: Ms. Colbath is available, but her clients seek to delay this Emergency Evidentiary Hearing so Defendants can take possession of $11.25M Campstool money. This is wrongful. Ms. Colbath and Mr. Larson should tell BCB and the Court when the Closing is scheduled to occur. Telling BCB and the Court it "may" close soon – after telling the Court there would be no Closing, and no money changing hands for at least 30 days (on May 17, 2024) – creates a smokescreen to help the MineOne Defendants take possession of at least $4,150,000 before the Court can hear these emergency matters and see the evidence.

31.     For the foregoing reasons, BCB respectfully asks the Court to deny the MineOne Defendants' *Motion to Vacate* and proceed with the evidentiary hearing set for June 7, 2024 at 1:30 p.m. This Court, appreciating the emergent facts and circumstances giving rise to Plaintiff's *Emergency Motion* correctly set the hearing as quickly as possible. Any further delay in these matters being brought before the Court will severely prejudice Plaintiff BCB Cheyenne LLC and may well result in the exact harm BCB described in its *Emergency Motion* and its *Amended Emergency Motion*.

WHEREFORE, Plaintiff BCB Cheyenne LLC respectfully requests the Court deny MineOne's *Motion* and proceed with the emergency evidentiary hearing at 1:30 p.m. this Friday, June 7, 2024.

DATED this 5th day of June, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:  */s/ Patrick J. Murphy*
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 5th day of June, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]  U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ]  U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]  Overnight Delivery<br>[ ]  Hand Delivery<br>[ ]  Electronic Mail |

| | | |
|---|---|---|
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |

        */s/Patrick J. Murphy*
        Patrick J. Murphy