# Exhibit A



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

June 5, 2024

**VIA E-MAIL ONLY**

The Honorable Mark L. Carman
Mark_Carman@wyd.uscourts.gov

Re: Requested Informal Discovery Conference on June 6, 2024 Re BCB Cheyenne LLC and MineOne et al; Civil No. 23-CV-79

I am writing to ask if Your Honor would convene an urgent informal discovery conference with counsel for Plaintiff BCB and counsel for the MineOne Defendants. Hopefully as early as Thursday morning (June 6).

Plaintiff BCB wants to ask the Court to order the MineOne Defendants to quickly produce – before the June 7 evidentiary hearing with Judge Johnson – two groups of documents:

(1) Any and all documents to support the assertions of Erick Rengifo in paragraphs 64(b) and 64(c) of his May 24, 2024 Declaration [ECF 195-1, at Pages 22 of 25], including loan documents, sales documents, lease documents, security and/or lien documents, contemporaneous correspondence concerning those aforementioned documents by and between all individuals and/or entities party to those documents, accounting ledgers for June 2022 through May 2024 for both MineOne and Terra (including the date/time each entry was made, and if edited, the date/time each entry was edited) and all of MineOne's and Terra's bank statements from June 2022 through May 2024, and

(2) Any and all communications evidencing any transfer of funds made by CleanSpark of any of the $22,500,000 purchase monies for (i) Campstool, and (ii) North Range, as well as any communications as to 'when, or how soon' any payment(s) are going to be made.

BCB believes that the MineOne Defendants are wanting to move as much, if not all, of this $22,500,000 CleanSpark sales proceeds to themselves and related parties (who they allege are creditors), or their alleged/perceived creditors, and away from BCB or the Court as quickly as they can.        

BCB needs all of these documents and communication for the June 7 evidentiary hearing with Judge Johnson, Your Honor. And the MineOne Defendants are not telling us "when, or what" documents they are going to provide us.

I have recently met and conferred with MineOne's various counsel about this discovery dispute, and multiple times over the last six months, and now we need Your Honor to quickly resolve this discovery dispute in advance of the evidentiary hearing.

Our last communication on this discovery issue came from Alex Inman, one of the MineOne Defendants' counsel in New York City. Mr. Inman wrote that "… Judge Rankin's May 20, 2024 Order makes clear that we have no obligation to provide documents dated after the commencement of this lawsuit, especially documents that are entirely unrelated to any of the claims that BCB has raised against MineOne. With that said, we are still collecting the documents from our clients regarding any loans between MineOne and its lenders, which we will need to review carefully before producing them to ascertain if the clients are bound by any confidentiality provisions or similar provisions. We expect to produce them in the near future, but that will not happen today." Well, that was yesterday, and we have not been provided with any of these requested documents yet today.

BCB does not want the MineOne Defendants to drop these [alleged] loan, lease, and/or sales documents on BCB "at" (or after) the evidentiary hearing, especially without the necessary supporting and corroborating information. BCB needs all of these documents, contemporaneous correspondence about each document, accounting ledger information, and bank statements in advance of the evidentiary hearing.

The MineOne Defendants assert that all of these alleged loans have priority over BCB's likely judgment of $38,900,000, and that Judge Johnson should therefore deny BCB's *Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment*. BCB disagrees. BCB believes and contends as follows:

**A. *Information from Before Lawsuit(s) Filed***

Many of the documents BCB has requested (and much of the corroborating information) are from before the time BCB filed its Chancery Court lawsuit on March 15, 2023 (and later filed this Federal Court lawsuit on May 3, 2023), but Mr. Inman makes no mention of that in his comments. For example, Erick Rengifo's Declaration states, "MineOne Data borrowed a total of

 



$5,285,701 from Terra in September 2022….it was converted [at some point in 2022] into an unattractive lease arrangement in which Terra owned the underlying land and equipment at North Range and leased it back to MineOne Data." [ECF 195-1 page 22]. MineOne has produced very little information related to these alleged transactions with related party Terra Crypto, Inc., an entity solely owned and controlled by two of the key decision makers for MineOne (Erick Rengifo and Jiaming Li).

**B. *BCB has been Asking for this Relevant Information <u>since October 11, 2023</u>:***

In MineOne's June 4, 2024 *Motion to Vacate* [ECF 205], Sean Larson says, "In addition, BCB has been demanding documents that it would like to use at the evidentiary hearing, but given the lack of time, MineOne has not been able to comply with BCB's recent informal requests for the production of documents." BCB disagrees with Mr. Larson's claim there has been a "lack of time." On October 11, 2023, BCB sent its First Combined Discovery Request for Production of Documents to MineOne. In BCB's request for production — sent over seven months ago – BCB requested MineOne produce each and every document between Jiaming Li, Erick Rengifo, Lucas Wang (and others from MineOne) (*see* RFP #6) as well as "all documentation and agreements involving debts, Notes payable, or other financial instruments showing any debt owned by your company or encumbrances on your company's assets, due in any measure, to any business activity at North Range and/or Campstool" (see RFP #25).

Obtaining documents under RFP #6 has been a discovery nightmare for BCB. BCB has tried for months to obtain documents under RFP #6 – including multiple meet and conferral letters and conference calls, an informal discovery conference with Judge Rankin, followed by Judge Rankin's 3/27/24 Order compelling production of documents under RFP #6, followed by Defendants' excuses and stonewalling to provide documents and unredacted communications by and between MineOne's owners and operators under RFP #6.

And RFP #6 is not the only issue. Regarding RFP #25, BCB specifically requested loan documents or any documents showing debts, but MineOne objected to BCB's request stating in MineOne's 11/30/23 First Set of Responses and Objections that:

> "*Defendant [MineOne] objects to this Request on the grounds that it is overly broad, not stated with reasonable particularity and unduly burdensome, to the extent that it seeks documents that are not relevant to any party's claims or defenses or proportional to the needs of the case. Defendant further objects to this Request to the extent it seeks commercially sensitive or confidential information without the*

 



*entry of a suitable protective order in this case. On the basis of the foregoing objections, Defendant will not produce documents in response to this Request.*

BCB made the same request to Defendant Terra Crypto, Inc. in BCB's 10/22/23 First Combined Discovery Requests to Terra Crypto, Inc., specifically, to produce "all documentation and agreements involving debts, notes payable, or other financial instruments showing any debt owed by your company or encumbrances on your company's assets, due in any measure, to any business activity at North Range and/or Campstool." (RFP #25).

To BCB's surprise, Defendants MineOne and Terra Crypto stated the same 'copy-and-paste' objection quoted above to their respective RFP #25 objections when there was already a Stipulated Protective Order entered in the case. [ECF 74]. The only reasons to explain Defendants not providing the loan documents and communication (they *now say* exist) is these loan documents either never existed (but *do now* that Defendants are trying to abscond with more than $15,000,000 in sale proceeds under the cover of newly alleged "loans") or Defendants have been intentionally withholding these highly relevant loan documents in violation of Judge Rankin's 3/27/24 Order for over two months. Is it possible Defendants haven't produced this information because these documents and communications don't tell the story Defendants are now telling the Court (*i.e.,* what Erick Rengifo, an owner and operator of both Defendants MineOne and Terra Crypto, swore to in his 5/24/24 Declaration)?

**C. *BCB Suspects the MineOne Defendants are likely Closing on $11,250,000 for Campstool within days (and then absconding with more than $4,150,000) and Closing on a second $11,250,000 (for North Range and absconding with nearly all of it).***

Your Honor, the MineOne Defendants are trying to vacate Friday's scheduled Emergency Evidentiary Hearing to 'buy time' to Close on Campstool and take possession of more than $4,150,000 before June 12, 2024, and then Close on North Range thereafter, and take possession of another $11,250,000. When this money is gone – offshored to the MineOne Defendants and their Chinese investors – there will be nothing for BCB to collect upon in the likely event BCB is successful at trial, with said success based on the evidentiary record established by BCB to date. This, we perceive, is the MineOne Defendants' plan, and their actions reveal their agenda to do this ***before*** the Court can rule on BCB's Writs of Attachment/Garnishment. We have detailed the urgency of this in BCB's *Response* that was filed earlier today *See BCB'S Response in Opposition to Defendants Supplement to Motion to Vacate and Reset the June 7, 2024 Evidentiary Hearing and Set Briefing Deadline*. (*see* "**Exhibit A**" attached hereto). [ECF 206].

 



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

---

We are asking Your Honor to compel Defendants to tell BCB what is happening with the Closing for Campstool and the Closing for North Range; what date they are scheduled for and when is money changing hands and possession. Defendants are withholding this highly critical and relevant information. We are requesting that you compel production of any/all communications evidencing any payments made by CleanSpark of any of the $22,500,000 purchase monies for (i) Campstool, and (ii) North Range, as well as any communications as to 'when, or how soon' any payment(s) are going to be made.

BCB has asked and asked for this information, and Defendants withhold and refuse to provide it. BCB needs this information for the June 7 Evidentiary Hearing. Without this critical information, BCB will be prone to any "gotchas" the MineOne Defendants will spring at the Evidentiary Hearing. The loan, lease, and sale documents, corresponding and contemporaneous communications and other corroborating information, and the documents/communications relating to large cash transfers and 'when, or how soon' Closing will occur for Campstool and North Range are needed by 5:00pm MDT on Thursday, June 6 before the Evidentiary Hearing. Without your Order, Defendants are certain to keep withholding this critical evidence (and/or creating new evidence to further their arguments to abscond with more than $15,000,0000 under the cover of alleged loans by and between themselves and their related third parties, all to the detriment of BCB).

If MineOne and Terra fail to produce the requested information (with said requests dating back to October 2023), the Court should draw an adverse inference from the fact that MineOne and Terra have failed to produce the requested information, specifically, MineOne and Terra lack the evidence to support their assertions about these alleged loan transactions, and as such, the Court should view those transactions for what they really are: equity transactions amongst related parties, whose principals – the same principals who made the decision to breach MineOne's and Terra's contracts with BCB – stand to benefit ***personally*** from strategically calling these subject transaction loans rather than equity.

Thank you, Judge Carman.

Very truly yours,

Patrick J. Murphy

cc: All counsel (via e-mail only)


