IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EXPEDITED MOTION TO COMPEL DISCOVERY FROM THE MINEONE DEFENDANTS [ECF 214]**

THIS MATTER comes before the Court on *Plaintiff's Expedited Motion to Compel Discovery from the MineOne Defendants* ("*Expedited Motion to Compel*") [ECF 214]. The Court has carefully reviewed the *Expedited Motion to Compel*, and the MineOne Defendants' *Response*. The Court earlier indicated it would issue its substantive ruling on the *Expedited Motion to Compel* without any Reply Brief or oral arguments (given the urgent need for this evidence before the Evidentiary Hearing, which is now re-set on June ____, 2024 at ____ p.m. before the Honorable Alan B. Johnson).

1

A.  **The Requested Documents and Communications for the Evidentiary Hearing.**

Plaintiff BCB seeks the following documents and communications in its *Expedited Motion to Compel*:

(1) **Loan & Financing Documents**: Any and all documents that support, or tend to support, the assertions of Erick Rengifo in Paragraphs 64(b), 64(c) and 64(d) of his *Declaration*, including all loan documents, investment documents, sales documents, lease documents, promissory notes, and security documents and/or lien documents (the "Documents"); and

(2) All drafts of the Documents; and

(3) All contemporaneous correspondence (the "Communications"), **unredacted** – (a) in native .eml form (including all attachments in native form) for email communications, and (b) in searchable .pdf form for all other communications, including but not limited to, known (and still unproduced) WeChat messages and (unredacted) Skype messages – concerning the Documents by and between all individuals and/or entities involved with negotiating and/or party to the Documents. BCB argues that these Communications are needed for its *Expedited Motion to Compel* as they will evidence Defendants' then-present intent about their various alleged loans or whether Defendants are in fact attempting to camouflage equity investments as loans; and

(4) For the time period May 1, 2022 through May 31, 2024, for MineOne Cloud Computing Investment I L.P. (*i.e.,* the parent entity for the entire Wyoming bitcoin data center project through which much of the funding for the project was sourced), MineOne Data Center LLC (a wholly owned subsidiary of MineOne Cloud Computing Investment I L.P. and majority owner of Defendant MineOne Wyoming Data Center LLC), Defendant MineOne Wyoming Data Center LLC, Defendant Terra

2

Crypto, Inc., and Defendant MineOne Partners LLC, the following information: (a) **accounting journal entry ledgers** with information for every transaction (including the date, time and author of each entry, and if later edited, the date, time, and author of the edit for each entry) and (b) **all bank statements**.

**B.  The Context for the Requested Documents Before the Evidentiary Hearing.**

The context for this *Expedited Motion to Compel* is the Evidentiary Hearing the Court first set on June 7, 2024, but, after conferral with counsel, has now re-set for June ____, 2024. The Evidentiary Hearing is on Plaintiff's 5/23/24 *Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Emergency Motion*") [ECF 194] and 6/3/24 *Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment* ("*Amended Emergency Motion*") [ECF 203]. In its *Amended Emergency Motion*, BCB asks the Court for the following relief at the Evidentiary Hearing:

> Following the evidentiary hearing, the Court should issue its writs of attachment and garnishment on all of the CleanSpark Purchase monies under the MineOne/CleanSpark *PSA*, including any amendments thereof and/or new agreement between MineOne and CleanSpark relating to North Range and/or Campstool, but not for those Purchase money amounts required to effectuate the Presidential Order. It should also issue its writs of attachment and garnishment on all of MineOne's funds held by Black Hills Energy ("BHE") in the Security Fund (except for those amounts needed to make BHE whole). Without these prejudgment writs, there will never be any money for BCB to execute against should the Court later enter judgment for BCB, and against the MineOne Defendants, for $38,983,848. Contrary to what the MineOne Defendants say, these Writs will not hinder, delay, or defraud any genuine creditor. Instead, they will preserve the status quo until the Court later determines and allocates the CleanSpark Purchase monies to the rightful creditor(s).

[ECF 203, Page 18 of 21].

Subsequently, BCB has acquired new information, and BCB has further refined the request in its *Amended Emergency Motion* to now request that the Court issue prejudgment Writs of Attachment and Garnishment on:

3

> (a) $15,292,618 of CleanSpark/MineOne purchase monies less the reasonable to-be-determined actual cost to remove the buildings and infrastructure at North Range required by the Presidential Order[1] (*i.e.,* $11,250,000 Campstool Purchase Price + $11,250,000 North Range Purchase Price - $6,903,707 AntAlpha secured loan - $303,675 amount owing to Systems MEC - TBD cost to remove North Range infrastructure), and (b) the remaining amount of MineOne Wyoming's Security Fund (held by Black Hills Energy) after paying all remaining amounts owing to Black Hills Energy,[2] resulting in a combined Writ of Attachment and Garnishment totaling $15,292,618 less the reasonable and actual to-be-determined cost to remove infrastructure at North Range plus the to-be-ascertained remaining amount of MineOne Wyoming's Security Fund held by BHE after paying all amounts owing to Black Hills Energy ($15,292,618 - to-be-determined North Range vendor costs + to-be-ascertained remaining Security Fund).

*See* BCB's *Expedited Motion to Compel* [ECF 214 at Pages 3-4].

BCB further asserts it will likely prevail at trial for approximately $38,983,848; that its future judgment, and judgment lien, has priority over all the [alleged] loans and debts identified in Paragraphs 64(b), 64(c), and 64(d) of Erick Rengifo's *Declaration*; that none of these asserted loans and debts should be paid to the alleged creditors in Paragraphs 64(b), 64(c), and 64(d) of Erick Rengifo's *Declaration* if the Court concludes that BCB's likely $38,983,848 judgment has priority over these alleged related party loans and debts where there is now no more than $15,292,618 of available CleanSpark purchase monies and $3,200,000 (of MineOne Wyoming's security fund held by Black Hills Energy) remaining; and that the priority of these competing claims is disputed at the evidentiary hearing. *See In Re Lexington Oil and Gas, Ltd.*, 423 B.R. 367 (2010) (authorizing the court to re-characterize debt as equity under various Tenth Circuit factors

---

[1] Erick Rengifo stated in his May 24, 2024 *Declaration* that "the process [to remove the buildings and improvements at the North Range facility as required by President Biden's Order] is expected to take approximately 25-30 days" [ECF 195-1 page 23]. This means that MineOne Wyoming should know all of the actual costs between June 18-23, 2024. BCB is formally requesting that MineOne produce all of the following related to this work at North Range: (a) all estimates, (b) all invoices, and (c) all evidence of any payments to any vendor for any invoiced work.

[2] According to the April 1, 2024 Amended and Restated BCIS Agreement, MineOne Wyoming "...shall establish, fund, and maintain the Security Fund to a level of $3,200,000." BCB plans to issue a subpoena to Black Hills Energy to ascertain the remaining amount of MineOne Wyoming's Security Fund held by Black Hills Energy after accounting for any remaining amounts owing to Black Hills Energy.

and to determine the priority of these debts where there is a limited fund of money to pay corporate debts which exceed the available monies to pay these competing claims).

      **C.**    **The Court Finds the Requested Documents are Relevant and Proportional to the Needs of this Case, Particularly the Needs of the Evidentiary Hearing on Plaintiff's *Emergency Motion* [ECF 182] and *Amended Emergency Motion* [ECF 203].**

The Court finds that BCB's requested documents are relevant and proportional to the needs of this case, particularly the parties' and the Court's needs for the Evidentiary Hearing on BCB's *Emergency Motion* and *Amended Emergency Motion*. Where, as here, several of the alleged loans and corporate debt involve millions of dollars ostensibly loaned to Defendant MineOne Wyoming Data Center, LLC by persons or parties related to MineOne Wyoming Data Center LLC, those debt instruments must be "substantiated." *See* Financial Accounting Standards Board ("FASB"), Statement of Financial Accounting Standards No. 57 Regarding Related Party Disclosures; *also see* J. David Spiceland, James F. Sepe, Mark W. Nelson, Lawrence A. Tomassini, *1 Intermediate Accounting* 124 (5th Ed. 2009); *and see ECA & Local 134 IBEW Joint Pension Trust v. JP Morgan Chase Co.*, 553 F.3d 187 n. 3 (2nd Cir. 2009) ("a transaction with a related party is not an arms-length transaction"); *and see In Re Lexington Oil and Gas, Ltd.*, 423 B.R. 353, 371 (2010) ("A court must look not simply at self-serving declarations of the parties, but instead must examine those circumstances surrounding the transaction"). The Court finds that the documents BCB is requesting with its requests (1) - (4) above are tailored to obtain the needed "substantiation" for the alleged loans and/or debt instruments in Paragraphs 64(b), 64(c) and 64(d) of Erick Rengifo's *Declaration*.

The Court specifically finds that the contemporaneous correspondence requested in #(3) should be provided ***unredacted*** – (a) in native .eml form (including all attachments in native form) for email communications, and (b) in searchable .pdf form for all other communications, including but not limited to, known (and still unproduced) WeChat messages and (unredacted) Skype

messages – concerning the Documents by and between all individuals and/or entities involved with negotiating and/or party to the Documents.

The Court further finds that all of the documents requested in Nos. (1) - (4) in BCB's *Expedited Motion for Hearing* must be provided by the MineOne Defendants to Plaintiff by 5:00 p.m. on Thursday, June 18, 2024.  The reason the MineOne Defendants must do this is because BCB and its counsel need the time and opportunity to review (and designate) these documents in advance of the June \_\_\_\_, 2024 Evidentiary Hearing.

IT IS THEREFORE ORDERED that Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto, Inc. (collectively, the MineOne Defendants) produce the following documents to Plaintiff's counsel, Patrick Murphy and Scott Murray, on or before 5:00 p.m. Mountain time on Thursday, June 18, 2024:

(1) **Loan & Financing Documents**: Any and all documents that support, or tend to support, the assertions of Erick Rengifo in Paragraphs 64(b), 64(c) and 64(d) of his *Declaration* including all loan documents, investment documents, sales documents, lease documents, promissory notes, and security documents and/or lien documents (the "Documents"); and

(2) All drafts of the Documents; and

(3) All contemporaneous correspondence (the "Communications"), ***unredacted*** – (a) in native .eml form (including all attachments in native form) for email communications, and (b) in searchable .pdf form for all other communications, including but not limited to, known (and still unproduced) WeChat messages and (unredacted) Skype messages – concerning the Documents by and between all individuals and/or entities involved with negotiating and/or party to the Documents; and

(4) For the time period May 1, 2022 through May 31, 2024, for MineOne Cloud Computing Investment I L.P. (*i.e.,* the parent entity for the entire Wyoming bitcoin data center project

through which much of the funding for the project was sourced), MineOne Data Center LLC (a wholly owned subsidiary of MineOne Cloud Computing Investment I L.P. and majority owner of Defendant MineOne Wyoming Data Center LLC), Defendant MineOne Wyoming Data Center LLC, Defendant Terra Crypto, Inc., and Defendant MineOne Partners LLC, the following information: (a) **accounting journal entry ledgers** with information for every transaction (including the date, time and author of each entry, and if later edited, the date, time, and author of the edit for each entry) and (b) **all bank statements**; and

(5) The scope of work to be completed at North Range to comply with the Presidential Order of Divestment, including all estimates, all invoices and/or contractors' statements, and all evidence of any payments to any vendor for any invoiced work, including notarized partial and/or final waivers.

DATED this _____ day of June, 2024.

BY THE COURT: _____
Mark L. Carman
United States Magistrate Judge