Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4000
212-407-4900 (Fax)
pcolbath@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center, LLC,
MineOne Partners LLC, and Terra Crypto Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,　　　　　　) ) ) ) | |
| 　　　　　　　Plaintiff,　　　) | |
| 　　　　　　　　　　　　　　) | Civil Action No. 23CV-79-ABJ |
| v.　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants.　) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| 　　　　　　　　　　　　　　) | |
| 　　　　　　　Defendants.　　) | |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants MineOne Wyoming Data Center LLC ("MineOne Data"), MineOne Partners LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain's ("Plaintiff") Motion to Compel dated June 10, 2024 (the "Motion") (ECF No. 214).

## FACTUAL BACKGROUND

On October 11, 2023, Plaintiff propounded its first combined discovery requests. These combined demands included over 700 Requests for Admission, 50 Interrogatories, and over 125 Requests for Production ("RFPs"). On November 9, 2023, counsel for the parties held an informal discovery conference with the Court to discuss Plaintiff's discovery requests. ECF No. 66. Thereafter, on December 20, 2023, the MineOne Defendants produced to BCB almost 7000 documents, totaling over 28,000 pages. The MineOne Defendants have continued to supplement their productions as they gather more relevant documents and have now produced well over 8000 documents totaling over 33,000 pages.

In opposition to BCB's first Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment, the MineOne Defendants submitted a Declaration of Dr. Erick Rengifo (ECF No. 195-1; the "Rengifo Declaration").[1] The Rengifo Declaration detailed, among

---

[1] For a statement of the relevant facts regarding BCB's attachment motion, the MineOne Defendants respectfully refer the Court to the supporting Declaration of Dr. Erick Rengifo accompanying their initial opposition papers (ECF No. 195-1), the MineOne Defendants May 31, 2024 letter updating the Court on the status of the CleanSpark transaction (ECF No. 198), and the MineOne Defendants' Opposition to BCB's amended attachment motion (ECF No. 221).

other things, the MineOne Defendants' creditors and lenders who stand in front of BCB.  BCB

holds no judgment and is nothing more than a contingent liability.

During a June 1, 2024 meet and confer between BCB and the MineOne Defendants

regarding certain discovery disputes which had been identified in advance, counsel for BCB sought

to surface, with no advance notice, the issue of the loans referenced in the Rengifo Declaration.

During the meet and confer, BCB's counsel requested the MineOne Defendants produce copies of

the loan documents referenced in the Rengifo Declaration; counsel for the MineOne Defendants

stated that they would discuss the matter internally and make a decision about producing the loan

documents, contingent on BCB withdrawing its subpoena issued on CleanSpark, Inc.   The

following day, Sunday June 2, 2024, BCB's counsel (Mr. Murphy) memorialized his request for

"all documents supporting the assertions in paragraph 64b and 64c of Erick Rengifo's Declaration,

as well as the communications leading to those documents."  *See* **Exhibit 1** (Patrick J. Murphy's

6/2/24 Response).[2]

Then, with no effort to meaningfully meet and confer on this belated and recently-expanded

document request, by email dated June 5, 2024 , Mr. Murphy requested an informal discovery

conference with the Court and again expanded the scope of BCB's document request, as relevant

to this motion:

> Any and all documents to support the assertions of Erick Rengifo in paragraphs
> 64(b) and 64(c) of his May 24, 2024 Declaration [ECF 195-1, at Pages 22 of 25],
> including loan documents, sales documents, lease documents, security and or lien
> documents, contemporaneous correspondence concerning those aforementioned
> documents by and between all individuals and/or entities party to those documents,
> accounting ledgers for June 2022 through May 2024 for both MineOne and Terra
> (including the date/time each entry was made, and if edited, the date/time each entry
> was edited) and all of MineOne's and Terra's bank statements from June 2022
> through May 2024…

---

[2] The Exhibits referenced herein are appended to this opposition.

*See* ECF No. 214-1 at 1.  Thereafter, in the instant motion, Mr. Murphy expanded the scope of his document requests yet again, and now seeks:

> (1) **Loan & Financing Documents**: Any and all documents that support, or tend to support, the assertions of Erick Rengifo in Paragraphs 64(b), 64(c) and 64(d) of his *Declaration* **("Exhibit B")**, including all loan documents, investment documents, sales documents, lease documents, promissory notes, and security documents and/or lien documents (the "Documents"); and
> (2) All drafts of the Documents; and
> (3) All contemporaneous correspondence (the "Communications")…
> (4) For the time period May 1, 2022 through May 31, 2024, for MineOne Cloud Computing Investment I L.P [a non-party]… (a) **accounting journal entry ledgers** with information for every transaction (including the date, time and author of each entry, and if later edited, the date, time, and author of the edit for each entry) and (b) **all bank statements**.

*See* ECF No. 214 at 4-5 (emphasis in original).

For the reasons set forth below, BCB's belated document requests should be denied.

## LEGAL STANDARD

"Control of discovery is entrusted to the sound discretion of the trial courts, and a denial of a motion to compel discovery will not be disturbed absent abuse of discretion."  *Peter D Holdings L.L.C. v. Wold Oil Props.*, No. 17-CV-212-R, 2019 U.S. Dist. LEXIS 226671, at *6 (D. Wyo. Oct. 23, 2019) (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).  If the motion is denied or denied in part, the court may issue any protective order authorized under Rule 26(c) and order payment of reasonable expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5).

## ARGUMENT

### I.   BCB Has Failed to Meaningfully Meet and Confer Regarding this Dispute

BCB's motion is procedurally defective and should not be entertained by this Court.  The Local Rules for the District of Wyoming provide that "the Court will not entertain any motions

relating to discovery disputes unless counsel for the moving party has first conferred and made reasonable good faith efforts to resolve the dispute with opposing counsel." U.S.D.C.L.R. 37.1(b).

While BCB claims that its counsel "recently met and conferred with MineOne's various counsel about this discovery dispute," this is simply not true.  BCB had not even articulated the full scope of its document requests in writing as of the only time that Mr. Murphy briefly spoke about the issue with the MineOne Defendants' counsel (on Saturday, June 1, 2024).  In fact, the <u>first</u> time that BCB articulated its request for accounting ledgers was in its June 5, 2024 letter requesting that the Court hold an informal discovery conference.  *See* ECF No. 214-1.  BCB's requests have only further grown since June 5, and many of the requests in BCB's motion are entirely new and were never the subject of any meet and confer:  prior to filing the instant Motion, BCB never mentioned requests for "bank statements," "draft" loan agreements, documents from MineOne Cloud Computing Investment I L.P. (an entity which is not even a party to this dispute), or documents related to removal of buildings and improvements at the North Range facility as required by President Biden's Order.  ECF No. 214 at 2 n.1, 4-5.  BCB's failure to meet and confer on the document requests that are the subject of the instant motion compels denial of its motion.

## II.    BCB's Motion is Moot

Separately and independently, BCB's motion should be denied because many of the documents that BCB seeks, including the loan documents referenced in Paragraphs 64(b), 64(c) and 64(d) of Erick Rengifo's Declaration, will be listed on the MineOne Defendants' exhibit list and exchanged as required by the Court's Scheduling Order for the evidentiary hearing that will be held on June 26, 2024.  *See* ECF No. 217.  The subject loan agreements establish the MineOne Defendants' obligations to their creditors and lenders and further establish that the MineOne Defendants do not intend to "abscond" with the proceeds of the CleanSpark transaction, as BCB

falsely alleges.  The actual loan agreements themselves are the only documents that are even

remotely relevant to the issues at hand — there is simply no reason that BCB needs drafts of loan

agreements, or sensitive financial and accounting documents, or the MineOne Defendants' bank

statements.  Had BCB properly met and conferred with the MineOne Defendants, it would have

readily learned that the MineOne Defendants planned to produce the loan agreements, promissory

notes, and documents evidencing the amounts the MineOne Defendants owe to lenders and other

creditors and vendors.

### III.   The Remaining Discovery BCB Seeks is Irrelevant, Overbroad, and Unduly Burdensome

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible

discovery in this action.  The rule only permits discovery of

> nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the issues at
> stake in the action, . . . the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit."

*Great W. Cas. Co. v. Anderson*, No. 1:23-CV-00076-SWS, 2024 U.S. Dist. LEXIS 38745, at *8

(D. Wyo. Mar. 2, 2024).   Because BCB's document requests—which go far beyond the scope of

loan agreements and promissory notes—are not relevant to its causes of action for breach of

contract as against the MineOne Defendants, and because conducting such belated collection of

electronically stored information and documents from multiple custodians is virtually impossible

before next Wednesday, June 26, 2024 (the date of the evidentiary hearing) and, at a minimum,

would be unduly burdensome and time-consuming, the Court should deny the motion.

## A. Draft Loan Agreements, Correspondence, and Financial and Accounting Documents are Not Relevant

"The burden of demonstrating relevance remains on the party seeking the discovery." *Polk v. Swift*, 339 F.R.D. 189, 194 (D. Wyo. 2021). Yet BCB itself acknowledges that its request for draft loan agreements, sales documents, accounting journal entries with information for every transaction, sensitive financial and accounting documents, and bank statements "are a robust request for production of documents and communication." (ECF No. 214 at 5). None of BCB's relevance arguments pass muster.

First, BCB's claim—that unfettered production of draft loan agreements, sensitive financial and accounting documents, and bank statements is necessary to determine whether MineOne's creditors "have priority over BCB's *likely judgment*" or whether they are supposedly "junior to BCB's *likely ... judgment*"—is BCB's clearest admission yet that it ***does not*** have any judgment or other security interest against the MineOne Defendants. (ECF No. 214 at 2.) BCB is, at best, a speculative judgment creditor holding unproven, utterly speculative claims and even more speculative and un-supportable allegations of damages. BCB has not cited any case law or statutory authority to support its position that it has priority over MineOne Defendants' creditors, because there is none. BCB's status as a plaintiff to a lawsuit is plainly insufficient to warrant the broad discovery BCB now seeks to have produced to it in under than four (4) business days. Under the Federal Rules of Civil Procedure, a plaintiff is "not permit[ted] the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Pinkert v. John J. Olivieri, P.A.*, No. 99-380-SLR, 2001 U.S. Dist. LEXIS 8133, at *22 (D. Del. May 24, 2001) (citations omitted).

Here, the only documents arguably relevant to the issues to be presented at the evidentiary hearing are the loan documents, promissory notes, and documents identifying amounts owed by the MineOne Defendants to creditors and vendors, and nothing more.  It is clear that Plaintiff's document requests are nothing more than a classic fishing expedition where Plaintiff hopes to find alleged evidence of fraud, transfers of assets, or accounting irregularities, because it brought its attachment motion without any evidence that the MineOne Defendants intended to "abscond" with the proceeds of the CleanSpark transaction or that the MineOne Defendants have or are about to "assign, remove, depose of or conceal, any of its property with intent to defraud creditors."  These improper document requests are a last ditch, improper effort to salvage a frivolous application for attachment, and a naked attempt to distract MineOne's counsel from their preparation of the parties' evidentiary hearing by imposing voluminous document demands at the last minute.  Accordingly, because the loan documents and promissory notes will be produced to Plaintiff (and, therefore, Plaintiff's argument as it applies to those documents is mooted), the motion should be denied.

BCB also argues that its requests are relevant given "(a) the ***related nature of the parties*** mentioned as creditors in paragraphs 64(b) and 64(c) of Dr. Rengifo's *Declaration* (each of which are now claiming higher creditor priority than BCB), (b) the **significant amount of monies in question** about to be transacted (i.e, $22,500,000 in CleanSpark purchase monies plus up to $3,200,000 in the BHE Security Fund) and (c) ***the possibility*** that the economic substance of MineOne Wyoming's purported transactions may differ from their legal form."  ECF 214 at 5 (emphasis added).  But these threadbare and conclusory statements are not sufficient to carry BCB's burden of establishing the relevance of its requests either.  Indeed, the fact that the parties to a loan are "related" does not warrant discovery of ***all*** documents and communications about that

loan.  *Id.*  This is true even where the loans are for a "significant amount of" money.  *Id.*  BCB's speculation of a "possibility" that "the economic substance" of the MineOne Data's loans "may differ from their legal form" fails for the same reason — BCB's concern that Dr. Rengifo or anyone else will be enriched due to a repayment of the loan made by Terra Crypto is unfounded, as Dr. Rengifo will testify during the evidentiary hearing.[3]  BCB's counsel will have ample opportunity to cross examine the MineOne Defendants' witnesses at the evidentiary hearing, and therefore its fishing expedition must end.

As its final effort to establish relevance, BCB also claims that its requested discovery is relevant in order to "'substantiate' the representations made by Dr. Rengifo in his Declaration about the transactions involving related parties."  ECF No. 214 at 5.  But assessing a witness' credibility is not grounds to serve plainly overbroad, burdensome, and irrelevant document requests with only four days to comply, especially where Dr. Rengifo will testify at the June 26, 2024 evidentiary hearing and BCB's counsel will have an opportunity to examine him.  *See Hinkel v. Colling*, No. 20-CV-166-NDF, 2021 U.S. Dist. LEXIS 124134, at *16 (D. Wyo. June 30, 2021) ("There are other evidentiary sources, both more proportional and relevant, that may be used when assessing Colling's propensity for truthfulness and credibility.").

### B.  BCB's Requests are Overbroad and Unduly Burdensome

Even where evidence is "facially relevant," discovery is unwarranted where the perceived "relevance is marginal to the potential harm."  *Great W. Cas. Co.*, 2024 U.S. Dist. LEXIS 38745, at *11 (citing *Devon Energy Prod. Co., Ltd. P'ship v. Justice Oil & Gas*, No. 19-CV-267-S, 2020 U.S. Dist. LEXIS 257191, at *4 (D. Wyo. Nov. 16, 2020)).  Here, even if draft loan agreements,

---

[3] BCB's citation to the Oklahoma Bankruptcy Court's non-binding interpretation of the Bankruptcy Code is therefore completely inapposite.  (ECF No. 214 at 1 (citing *Miller v. Dow (In re Lexington Oil & Gas Ltd.)*, 423 B.R. 353, 375 (Bankr. E.D. Okla. 2010)).

all accounting journal entries, sensitive financial and accounting documents, and bank statements were relevant (and they are not), BCB's motion should be denied because its requests are overbroad and unduly burdensome and even if the Court were to agree with BCB, there simply is insufficient time to collect the requested documents and to process them for production.

First, while BCB claims that its motion is a "surgical request" the actual language of its requests reveals the exact opposite. ECF No. 214 at 1. By way of example only, BCB now seeks "[a]ny and all documents that support, or tend to support, the assertions of Erick Rengifo in Paragraphs 64(b), 64(c) and 64(d) of his Declaration" and "[a]ll drafts" of such documents and "[a]ll contemporaneous correspondence." ECF No. 214 at 4. BCB also seeks:

> For the time period May 1, 2022 through May 31, 2024, for MineOne Cloud Computing Investment I L.P … (a) **accounting journal entry ledgers** with information for every transaction (including the date, time and author of each entry, and if later edited, the date, time, and author of the edit for each entry) and (b) **all bank statements**.

*See id.* at 4-5 (emphasis in original). This request seeks over two years of bank statements for MineOne Cloud Computing Investment I L.P. (who is, again, not a party to this lawsuit) as well as unfettered discovery of each and every accounting journal entry for every single transaction that the non-party entity engaged in, and details regarding any edits to the entity's books and records. *Id.* at 4-5 (emphasis in original). Even reading BCB's request as seeking documents directly from MineOne Data, it would still be overbroad in seeking excruciating detail regarding every single one of the transactions comprising MineOne Data's $27.8 million investment in building and operating the subject cryptocurrency mining facilities.[4] BCB's requests are wildly overbroad and

---

[4] BCB objected to the MineOne Defendants' document requests seeking similar documents. For example, BCB objected and refused to produce documents in response to the MineOne Defendants' requests for "documents concerning sources of BCB's financing" and "documents and communications concerning any withdrawals from any of BCB's bank accounts, the purpose of such withdrawals and the destination of such funds." *See* **Exhibit 2** at Response

should be denied.  *See McKinney v. Granite Peak Fabrication, Ltd. Liab. Co.*, No. 19-CV-266-J, 2021 U.S. Dist. LEXIS 255448, at *10 (D. Wyo. Aug. 24, 2021) (Johnson, J.) ("requests are also overbroad in that they seek ALL documents and communications without offering any justification"); *Quest Sol., Inc. v. Redlpr, LLC*, No. 2:19-cv-00437-CW-DBP, 2021 U.S. Dist. LEXIS 263348, at *4 (D. Utah Oct. 8, 2021) (requests "seeking the production of any and all documents and communications related to the Charlotte Airport Project are overbroad").

Second, and more importantly, BCB's requested discovery is unduly burdensome under the circumstances.  Mr. Murphy's belated and latest requests (set forth for the first time in BCB's motion itself) are a clear attempt to distract the MineOne Defendants from preparing for the upcoming evidentiary hearing and would require the MineOne Defendants to collect documents, apply search terms, and conduct a lengthy document review that the MineOne Defendants simply cannot complete under the tight deadlines set for the evidentiary hearing.  If BCB had a valid basis for seeking the correspondence and sensitive financial information it now seeks (which it does not), it should have done so earlier, at the appropriate time, when it served its document requests in October 2023, or contemporaneously with its emergency motion filing.[5]

BCB's requests are a mere pretext to disrupt the MineOne Defendants' preparation for the upcoming evidentiary hearing and should be denied.

---

Nos. 22, 49.  The MineOne Defendants intend to pursue this deficiency, as well as BCB's discovery failures, by separate motion.

[5] While BCB claims that it previously sought the requested discovery (ECF No. 214 at 9 n.6), the MineOne Defendants properly objected to BCB's request for "all documentation and agreements involving debts, Notes payable, or other financial instruments showing any debt owed by your company or encumbrances on your company's assets, due in any measure, to any business activity at North Range and/or Campstool" as overbroad and incomprehensible.  *McKinney*, 2021 U.S. Dist. LEXIS 255448 at *10; *Redlpr, LLC*, 2021 U.S. Dist. LEXIS 263348, at *4.

## <u>CONCLUSION</u>

For each of the foregoing reasons, the MineOne Defendants respectfully request that the Court deny Plaintiff's Motion to Compel in its entirety.

**DATED** this 19th day of June, 2024.

HATHAWAY & KUNZ, LLP

By: */s/ Sean Larson*
Sean Larson, Esq.
Kari Hartman, Esq.
2515 Warren Ave, Suite 500
Cheyenne, WY 82003
Telephone:  (307) 634-7723
Fax:  (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

LOEB & LOEB LLP

By: */s/ Paula K. Colbath*
Paula K. Colbath, Esq. (*Pro Hac Vice*)
Alex Inman, Esq. (*Pro Hac Vice*)
345 Park Avenue
New York, NY  10154
Telephone: 212-407-4000
pcolbath@loeb.com
ainman@loeb.com

*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

   This is to certify that on the 19th day of June, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy | [✓ ] CM/ECF |
| Scott C. Murray | [   ] Fax: |
| Williams, Porter, Day & Neville, P.C. | [   ] E-mail: |
| 159 N. Wolcott., Suite 400 | pmurphy@wpdn.net |
| P.O. Box 10700 (82602) | smurray@wpdn.net |
| Casper, WY 82601 | |
| *Attorneys for Plaintiff* | |
| | |
| Khale J. Lenhart | [✓ ] CM/ECF |
| Tyson R. Woodford | [   ] Fax: |
| Hirst Applegate, LLP | [   ] E-mail: |
| P. O. Box 1083 | klenhart@hirstapplegate.com |
| Cheyenne, WY 82003-1083 | twoodford@hirstapplegate.com |
| | |
| Marc Feinstein, *pro hac vice* | [✓ ] CM/ECF |
| William K. Pao, *pro hac vice* | [   ] Fax: |
| David Iden, *pro hac vice* | [   ] E-mail: |
| Sherin Parikh, *pro hac vice* | mfeinstein@omm.com |
| Daniel Hirsch, *pro hac vice* | wpao@omm.com |
| O'Melveny & Myers, LLP | diden@omm.com |
| Los Angeles, CA 90071 | sparikh@omm.com |
| *Attorneys for Bitmain Technologies Georgia Limited* | |
| | |
| Meggan J. Hathaway | [✓ ] CM/ECF |
| Jane M. France | [   ] Fax: |
| Sundahl, Powers, Kapp & Martin, L.L.C. | [   ] E-mail: |
| 500 W. 18th Street, Suite 200 | mhathaway@spkm.org |
| Cheyenne, WY 82003-0328 | jfrance@spkm.org |
| | |
| Marc S. Gottlieb | [✓ ] CM/ECF |
| Ortoli Rosenstadt, LLP | [   ] Fax: |
| 366 Madison Avenue, 3rd Floor | [   ] E-mail: |
| New York, NY 10017 | msg@orllp.legal |
| *Attorneys for Bit Origin and SonicHash* | |

           */s/ Paula K. Colbath*

           Loeb & Loeb, LLP