# EXHIBIT

# 2

Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' AMENDED FIRST SET OF DOCUMENT REQUESTS

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB

Cheyenne") and pursuant to the Federal Rules of Civil Procedure, hereby submits its

objections and responses to *Defendants MineOne Wyoming Data Center, LLC, MineOne*

1

*Partners, LLC, Terra Crypto Inc., Bit Origin, Ltd., And SonicHash LLC's Amended First Set Requests for Production of Documents* as follows:

## GENERAL OBJECTIONS

Plaintiff incorporates each of these General Objections into the specific responses below.

1.     Plaintiff will respond pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements or requests inconsistent with the Federal Rules of Civil Procedure are objected to and will be disregarded.

2.     Plaintiff objects to each Request to the extent that it calls for the disclosure of documents that were prepared in anticipation of litigation or trial or otherwise constitutes attorney work product, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules. Plaintiff hereby asserts such privileges and protections to the extent that such privileged or protected documents are sought by any Request and will exclude privileged and protected documents from its production. Any disclosure of such documents is inadvertent and is not intended to waive those privileges or protections.

3.     Plaintiff objects to these requests for production of documents to the extent they seek information and documents not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26.

4.     Plaintiff reserves all rights to object as to the competency, relevancy, materiality and admissibility of the information and documents produced pursuant to Defendants' request for production of documents.

5.     Plaintiff objects to each Request and the "Definitions" and "Definitions and Requirements" applicable thereto, to the extent they purport to expand or otherwise modify the scope of discovery permissible under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Wyoming, or any other applicable rules or laws.

6.     Plaintiff objects to each Request to the extent that it seeks documents or information not within its possession, custody, or control, or not reasonably accessible to Plaintiff.   Plaintiff will collect, search for, and provide documents that are in its possession, custody, or control.

7.     Plaintiff objects to each Request to the extent that it seeks documents or information that are already in Defendants' possession, custody or control, are publicly available or equally available to Defendant, or are obtainable from some other source to whom the documents or information is more convenient or obtaining it is less burdensome or less expensive.

8.     Plaintiff objects to each Request to the extent that it assumes facts that are in dispute and/or legal conclusions in describing the information or material requested.

9.     Plaintiff objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, vexatious, primarily designed to be oppressive or harassing, and/or fails to describe the documents sought with reasonable particularity.

10.     Plaintiff objects to each Request to the extent that it is duplicative or cumulative of other Requests, or seeks information that can be obtained more efficiently or cost effectively from other sources or through other means of discovery.

11.     Plaintiff objects to each Request to the extent that it seeks documents containing confidential financial, trade secret, proprietary business, or commercially sensitive information or material. Plaintiff will produce such documents on a confidential basis only.

12.     Plaintiff objects to each Request to the extent that it does not include a reasonable date restriction, or any date restriction whatsoever.

13.     Plaintiff objects to the general definition of "you" and "your" as overbroad and unduly burdensome insofar as it includes, managing members, members, agents, contractors and consultants. Plaintiff is responding solely on its behalf.

14.     Plaintiff's failure to object to any specific Request or any statement that Plaintiff will produce documents responsive to a specific Request, is not an admission or representation that Plaintiff has any responsive documents within its possession, custody, or control or that such documents exist.

15.     Plaintiff's failure to object to a Request on a particular ground shall not be construed as a waiver of Plaintiff's right to object on that ground, or any additional ground at any time.

16.     These General Objections apply to each of the following objections and responses.  Any failure to repeat an objection in answering a specific request for production shall not be deemed a waiver of these general objections.

4

17.     Plaintiff has made a reasonable inquiry into the factual matters at issue in these requests for production of documents, has collected the information and documents in its custody and that it could reasonably obtain, and continues to investigate the factual matters at issue.  As a result, Plaintiff reserves the right to amend, supplement, or edit these responses if additional information and/or documents become available.

18.     Plaintiff's counsel is prepared to meet and confer in good faith as to any and all of the objections herein asserted.

## REQUESTS FOR PRODUCTION

1.     All communications between or among the Parties.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control. And please see Plaintiff's objection to Request for Production No. 11 below, which is incorporated by reference.

Subject to and without waiving any of its objections, Plaintiff will produce documents and communication within its possession, custody or control dated March 9, 2022 through March 13, 2023 that are responsive to this request, to the extent any such documents exist.

Further, please see the emails and documents attached to BCB's 9/15/23 initial Rule 26 Disclosures and its 1/19/2024 First Supplemental Rule 26 Disclosures.  If additional "communications between or among the Parties" are located or found, this

response will be supplemented with any non-privileged communications.

2.     All documents and communications concerning BCB and its members'
expertise, skills, and experience in any cryptocurrency and/or bitcoin mining or
cryptocurrency and/or bitcoin business, including building cryptocurrency mining
facilities and managing cryptocurrency mining operations (not subject to the June 1, 2021
time limitation).

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request on the grounds
that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly
burdensome, it seeks documents that are not relevant to any party's claims or defenses,
is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff
further objects to this Request to the extent it seeks commercially sensitive and/or
confidential information.  Plaintiff further objects to this Request to the extent that it
seeks documents that are already in Defendants' possession, custody or control, are
publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-
privileged documents within its possession, custody or control dated March 9, 2022
through March 7, 2023 that are responsive to this request, to the extent any such
documents exist.

3.     All documents and communications concerning BCB and its members'
experience in construction and/or project management (not subject to the June 1, 2021

time limitation).

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

4.      All documents concerning the cryptocurrency and/or bitcoin mining facilities with which BCB has been, or is, affiliated (not subject to the June 1, 2021 time limitation).

**RESPONSE**:      There are no documents showing BCB's past or present affiliation with cryptocurrency and/or bitcoin mining facilities other than the projects at issue in this lawsuit.

5.      Michael Murphy's resume and/or curriculum vitae.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request to the extent

that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

6.     Emory Patterson IV's resume and/or curriculum vitae.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

7.     Neil Phippen's resume and/or curriculum vitae.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022

8

through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

8.     Steven Randall's resume and/or curriculum vitae.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

9.     Sean Murphy's resume and/or curriculum vitae.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

10.     Melody Cheere's resume and/or curriculum vitae.

**RESPONSE**:        Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.


11.    All communications among any of BCB's members, including but not limited to Michael Murphy, Emory Patterson IV and Neil Phippen, regarding any of the following:

      a.    Any Defendant;

      b.    This Action;

      c.    The progress of construction at North Range and/or Campstool;

      d.    Construction delays at North Range and/or Campstool;

      e.    The capabilities of any contractor, sub-contractor or employee selected to work at North Range and/or Campstool;

      f.    Communications with reporters, columnists, bloggers, legislators or their staff, and/or writer journalists;

      g.    News coverage of Defendants, this Action, Chinese nationals conducting business in Wyoming, or North Range and/or Campstool; and

      h.    Securing funding or additional investors or investments for BCB.

**OBJECTION/RESPONSE**:        Plaintiff objects to this Request for Production, and its various sub-parts (a)-(h) on several grounds.

Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents

that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.   Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Plaintiff further objects to this request to the extent it seeks communications that are privileged from discovery by the attorney client privilege and/or work product doctrine.  Since March 7, 2023, when Defendants MineOne Wyoming Data Center LLC and Terra Crypto, Inc. anticipatorily breached their Agreements with Plaintiff BCB, every communication by, between or among any or all of BCB members and management team have been written to, received from, and/or copied to BCB's litigation attorneys, Patrick Murphy or Scott Murray; therefore, post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work produce doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P.  No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.  This objection applies to sub-parts (a)-(h) above.   The following objections and responses apply to each individual sub-part.

a.   **Any Defendant:**

Communications among any of the BCB's members regarding any

11

Defendant since March 7, 2023 are privileged from discovery for the reasons described above.  Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist and were not already provided with BCB's initial Rule 26 Disclosures on September 15, 2023 or BCB's First Supplemental Rule 26 Disclosures on January 19, 2024.

b.    **This Action:**

All communications among any of the BCB members regarding this Action, or proposed Action, since March 7, 2023 are privileged from discovery by the attorney client privilege and/or work product doctrine and/or as privileged trial preparation communications and materials for the reasons described above.  On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

c.    **The progress of Construction at North Range and/or Campstool:**

Communications among any of the BCB's members regarding any progress of construction at North Range and/or Campstool since March 7, 2023 are privileged from discovery for the reasons

described above.   Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist and were not already provided with BCB's initial Rule 26 Disclosures on September 15, 2023 or BCB's First Supplemental Rule 26 Disclosures on January 19, 2024.

d.      **Construction delays at North Range and/or Campstool.**

Communications among any of the BCB's members regarding construction delays at North Range and/or Campstool since March 7, 2023 are privileged from discovery for the reasons described above.   Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist and were not already provided with BCB's initial Rule 26 Disclosures on September 15, 2023 or BCB's First Supplemental Rule 26 Disclosures on January 19, 2024.

e.      **The capabilities of any contractor, sub-contractor or employee selected to work at North Range and/or Campstool;**

Communications among any of the BCB's members regarding the

13

capabilities of any contractor, sub-contractor or employee selected
to work at North Range and/or Campstool since March 7, 2023 are
privileged from discovery for the reasons described above.  Subject
to and without waiving any of its objections, Plaintiff will produce
non-privileged documents within its possession, custody or control
from March 9, 2022 through March 7, 2023 that are responsive to
this request, to the extent any such documents exist and were not
already provided with BCB's initial Rule 26 Disclosures on
September 15, 2023 or BCB's First Supplemental Rule 26
Disclosures on January 19, 2024.

f.  **Communications with reporters, columnists, bloggers,
legislators or their staff, and/or writer journalists:**

Communications among any of the BCB's members regarding
communications with reporters, columnists, bloggers, legislators or
their staff, and/or writer journalists since March 7, 2023 are
privileged from discovery for the reasons described above.  BCB's
communications with legislators are privileged pursuant to WYO.
STAT. 28-8-116(b).  Subject to and without waiving any of its
objections, Plaintiff will produce non-privileged documents within
its possession, custody or control from March 9, 2022 through
March 7, 2023 that are responsive to this request, to the extent any
such documents exist and were not already provided with BCB's

14

initial Rule 26 Disclosures on September 15, 2023 or BCB's First

Supplemental Rule 26 Disclosures on January 19, 2024.

g.      **News coverage of Defendants, this Action, Chinese nationals
        conducting business in Wyoming, or North Range and/or
        Campstool:**

Plaintiff further objects to this Request on the grounds that it is

vague and ambiguous insofar as its use of "news coverage."  Subject

to and without waiving any of its objections, Plaintiff will produce

non-privileged documents within its possession, custody or control

dated March 9, 2022 through March 7, 2023 that are responsive to

this request, to the extent any such documents exist.

h.      **Securing Funding or Additional Investors or Investments for
        BCB:**

Plaintiff further objects to this Request on the grounds it is

premature:   Defendants have no judgment against BCB;

consequently, any discovery seeking to obtain BCB members'

financing for BCB is irrelevant, premature and objected hereto for

the reasons explained on BCB's objections to Request for

Production No. 22 below. Plaintiff further objects to this Request to

the extent it seeks commercially sensitive and/or confidential

information. Without waiving these objections, Plaintiff states that

BCB has not sought or pursued additional investors or investments for BCB after Defendants MineOne Wyoming Data Center LLC and Terra Crypto, Inc. breached their contracts with BCB.

12.     All contracts and agreements concerning BCB, North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 to March 7, 2023 that are responsive to this request, to the extent any such documents exist, and were not already provided with BCB's initial Rule 26 Disclosures on September 15, 2023 or BCB's First Supplemental Rule 26 Disclosures on January 19, 2024.

13.     All documents and communications concerning BCB's plans to develop and operate "one of the largest Bitcoin mines in the United States," as set forth in the Introduction to the Amended Complaint.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.   Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control dated March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist, and were not already provided with BCB's initial Rule 26 Disclosures on September 15, 2023 or BCB's First Supplemental Rule 26 Disclosures on January 19, 2024.

14.      All documents and communications concerning the Request for Proposal submitted by BCB to Black Hills Energy.

**OBJECTION**:      Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or

17

confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

15.    All communications with Black Hill Energy and/or Black Hills Corporation or any of its affiliates, parents and/or subsidiaries.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

16.    All documents and communications concerning energy and/or electricity pricing for North Range and/or Campstool.

18

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.  Defendant further objects to this Request to the extent it seeks commercially sensitive or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

17.    All documents and communications with Cheyenne LEADS concerning North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily

19

accessible from some other source.  Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

18.    All documents and communications concerning the site plans for North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such

documents exist.

19.    All documents and communications concerning any deadlines (target or otherwise) for the construction of, operation of, management, opening, or implementation at North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

20.    All documents and communications concerning the budgets BCB created for North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds

21

that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

21.     All invoices issued by BCB to any Defendant in connection with North Range and/or Campstool and all documents supporting the charges set forth therein.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from March 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such

documents exist.

22.     All documents concerning sources of BCB's financing. For any entities, please provide documents that show the individuals who are members of, or own, those entities.

**OBJECTION**:       BCB objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even

if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the

question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here"). Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objection(s), Plaintiff will not produce documents in response to this Request.

23.    All documents concerning payments, investments, loans, gifts, exchanges, or any other extension of credit received by BCB or any of its members in connection with North Range and/or Campstool.

**OBJECTION**:       BCB objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in

25

cases involving *exceptional* circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in Wyo. Stat. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider

veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here").

On the basis of the foregoing objection(s), Plaintiff will not produce documents in response to this Request.

24.     All documents and communications with Black Hills Energy and/or Cheyenne Power, Fuel and Light Company concerning the Power Purchase Agreement between Black Hills Energy and BCB, North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Demand because it

seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

25.    All documents and communications with CEGEN Green Energy Ltd. concerning North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

26.     All documents and communications with Defendants concerning CEGEN Green Energy Ltd.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

27.     All documents and communications with Shermco Industries, Inc. concerning North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through

March 7, 2023 that are responsive to this request, to the extent any such documents exist.

28.     All documents and communications with Defendants concerning Shermco Industries, Inc.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

   Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

29.     All documents and communications with Steven Randall concerning North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:     Plaintiff BCB objects to producing any of Steven Randall's privileged communications concerning North Range, Campstool or Defendants after March 6, 2022 when litigation was first anticipated, and when all of Steve Randall's communications were then sent to, received by, or copied to BCB's litigation attorneys Patrick Murphy and Scott Murray.  All of Steven Randall's post-March 6, 2022 communications concerning North Range, Campstool or Defendants are privileged from discovery by the attorney client privilege and work product doctrine, and/or as trial preparation work product under Rule 26(b)(5)(A) of the F.R.Civ.P.  As the BCB Site Manager at North Range, Steve Randall was, and remains, part of the

managerial team at BCB.  No privilege log is needed to log any of Steve Randall's communications with BCB's litigation counsel, Patrick Murphy and Scott Murray, where BCB members Michael Murphy, Emory Patterson, and Neil Phippen are copied on these trial preparation emails.  It would require a prohibitive amount of attorney time and expense to log all of Steven Randall's emails with BCB's litigation counsel, Patrick Murphy and Scott Murray, and such an effort and expense is not warranted where, as here, all of Steven Randall's post-March 6, 2022 emails are privileged by attorney client and attorney work product privileges and the trial preparation privilege.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Without waiving these objections, all of Steven Randall's non-privileged emails relating to North Range, Campstool or Defendants are being produced.

30.     All documents and communications with Sean Murphy concerning North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**:        Plaintiff BCB objects to producing any of Sean Murphy's privileged communications concerning North Range, Campstool or Defendants after March 6, 2023 when litigation was first anticipated, and when all of Sean Murphy's communications were then sent to, received by, or copied to BCB's litigation attorneys Patrick Murphy and Scott Murray.  All of Sean Murphy's post-March 6, 2023 communications concerning North Range, Campstool or Defendants are privileged from discovery by the attorney client privilege and work product doctrine, and/or as trial preparation work product under Rule 26(b)(5)(A) of the F.R.Civ.P.  As the

BCB Site Administrator at North Range, Sean Murphy was part of the managerial team at BCB.  No privilege log is needed to log any of Sean Murphy's emails with BCB's litigation counsel, Patrick Murphy and Scott Murray, where BCB members Michael Murphy, Emory Patterson, and Neil Phippen are copied on these trial preparation emails. It would require a prohibitive amount of attorney time and expense to log all of Sean Murphy's emails with BCB's litigation counsel, Patrick Murphy and Scott Murray, and such an effort and expense is not warranted where, as here, all of Sean Murphy's post-March 6, 2023 emails are privileged by attorney client and attorney work product privileges and the trial preparation privilege.  Without waiving these objections, all of Sean Murphy's January 3, 2023 through March 6, 2023 emails relating to North Range, Campstool or Defendants are produced here.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

31.     All documents and communications evidencing any interference by any of Defendants with BCB's contractual obligations.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental

Rule 26 Disclosures.

32.     Any documents and communications concerning the construction delays referred to in the Amended Complaint.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosures.

33.     All documents and communications concerning Huali Zhang.

**OBJECTION/RESPONSE**:     Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, or are more easily accessible from some other source.   Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.   Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-

privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosures.

34.     All documents and communications concerning the proposed amendment to the contract between BCB and MineOne Wyoming.

**OBJECTION/RESPONSE**:        Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P.  No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and

January 19, 2024 First Supplemental Rule 26 Disclosures.

35.    All documents and communications concerning MineOne Wyoming's purported failure or refusal to honor its obligations under its contract with BCB.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P.  No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.  For example, please see the unredacted SF Agreement which the Defendants have not yet produced to Plaintiff.

Subject to and without waiving any of its objections, Plaintiff will produce non-

privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist. Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosure.

36.     All documents and communications concerning Terra Crypto's purported failure or refusal to honor its obligations under its contract with BCB.

**OBJECTION/RESPONSE**: Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P. No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this

Request may be modified.  For example, please see the unredacted SF Agreement which the Defendants have not yet produced to Plaintiff.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosure.

37.    All documents and communications concerning Bit Origin's purported interference with any of BCB's contracts.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P.  No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Plaintiff further objects to this Request to the extent that it seeks documents that

are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.  For example, please see the unredacted SF Agreement which the Defendants have not yet produced to Plaintiff.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosure.


38.    All documents and communications concerning SonicHash's purported interference with any of BCB's contracts.

**OBJECTION/RESPONSE**:     Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P.  No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-

consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. For example, please see the unredacted SF Agreement which the Defendants have not yet produced to Plaintiff.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist. Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosure.

39.    All documents and communications concerning MineOne Partners' purported interference with any of BCB's contracts.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request to the extent it seeks documents and communications by, between and among any or all of the BCB members and management team written to, received by and/or copied to BCB's litigation attorneys, Patrick Murphy and Scott Murray; none of these post-breach, these pre-litigation, and all litigation communications are privileged communications and are not subject to disclosure pursuant to the attorney/client privilege, the attorney work product

doctrine, and constitute privileged trial preparation correspondence and materials under Rule 26(b)(5) of the F.R.Civ.P. No Privilege Log is needed, as the privileged nature of all these communications is evident, and it would constitute a prohibitively time-consuming and expensive exercise to log hundreds, of emails by, between and/or among any or all of these BCB members with BCB's litigation attorneys.

Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. For example, please see the unredacted SF Agreement which the Defendants have not yet produced to Plaintiff.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist. Additionally, please see the emails and documents provided in BCB's September 15, 2023 Rule 26 Initial Disclosures and January 19, 2024 First Supplemental Rule 26 Disclosure.

40.    Any documents and communications concerning BCB's hiring criteria and/or considerations for any employees, contractors, sub-contractors, agents, or any other personnel considered for any form of work at North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is overly broad, not stated with reasonable particularity, unduly burdensome, it

seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

41.    Any documents and communications concerning the qualifications of potential employees, contractors, sub-contractors, agents, or any other personnel considered for any form of work at North Range and/or Campstool.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.

41

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

42.     All documents showing the names of individuals or entities that are or have been members of BCB at any time. For any entities, please provide documents sufficient to establish the individuals who are members of, or own, those entities.

**RESPONSE**:      Please see Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42) and 8/21/23 AFFIDAVIT of James Quid and "Exhibit 1-A" to Mr. Quid's Affidavit.

43.     All documents showing the names of any current or former investors in BCB. For any entities, please provide documents sufficient to establish the individuals who are members of, or own, those entities.

**RESPONSE**:      Please see Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42) and 8/21/23 Affidavit of James Quid and "Exhibit 1-A" to Mr. Quid's Affidavit.

44.     All documents showing the names of all current or former members of BCB Ventures LLC.

**RESPONSE**:      Please see Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42) and 8/21/23 AFFIDAVIT of James Quid

and "Exhibit 1-A" to Mr. Quid's Affidavit.

45.    All documents showing the names of all current or former members of CMV Global LLC.

**RESPONSE**:    Please see Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42) and 8/21/23 AFFIDAVIT of James Quid and "Exhibit 1-A" to Mr. Quid's Affidavit.

46.    All documents showing the names of all current or former members of Bayview Capital Investments, LLC.

**RESPONSE**:    Please see Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42) and 8/21/23 AFFIDAVIT of James Quid and "Exhibit 1-A" to Mr. Quid's Affidavit.

47.    All documents showing the observation of corporate formalities at BCB, including minute books, agendas, certification of formation, organization, articles of organization, resolutions and other business filings.

**OBJECTION**:    Plaintiff objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might

support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy.

44

Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objection(s), Plaintiff will not produce documents in response to this Request.


48.    All documents showing the names of any managers of BCB and the process by which each manager was selected.

**OBJECTION**:    Plaintiff objects to this request for multiple reasons.  First, it

seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues. Second, the burden and/or expense of the requested discovery outweighs its likely benefit. Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the **_rare exception_** to be applied **_only_** in cases involving **_exceptional_** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing

the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.  However, subject to and without waiving any of its objections,

Plaintiff states that BCB Ventures LLC was the sole initial Manager of BCB (as documented in BCB's Operating Agreement), and that BCB Ventures LLC has been the sole Manager of BCB at all times from BCB's formation until the present.

49.    All documents and communications concerning any withdrawals from any of BCB's bank accounts, the purpose of such withdrawals and the destination of such funds.

**OBJECTION**:    Plaintiff objects to this request for multiple reasons.  First, it seeks information that is irrelevant to any party's claim or defense, Second, it seeks production of Plaintiff's confidential and proprietary financial information that has no value in resolving the disputed issues in the case.  Third, the burden and expense of this proposed discovery outweighs any limited benefit.  It is vexatious and harassing.  Fourth, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances."  *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it

48

entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo.

2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here"). Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

50.    All documents and communications concerning BCB's Request for Proposal process and financial investment and money expended in:

      a.    the Request for Proposal process with Black Hills Energy;

      b.    securing BCB's agreement with Black Hills Energy and/or Cheyenne Power, Fuel, and Light Company; and

      c.    securing the property for the North Range mining site.

**OBJECTION**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent that it seeks documents that are already in

50

Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

51.    All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Michael Murphy.

**OBJECTION/RESPONSE**:    BCB objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc.*

*v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there

is liability for an underlying cause of action" has been answered. *GreenHunter Energy,*

*Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo.

2014) (action to pierce LLC veil brought after judgment had been obtained and could not

be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the

district court's decision as to underlying liability. Because there was no breach of duty

or underlying liability, the question of whether to pierce the corporate veil will not be

reached. The threshold requirement for piercing – underlying liability – has not been

met. Therefore, we do not address the question of whether to pierce the corporate veil

here").

Subject to and without waiving any of its objections, BCB states there are no

documents or communications "concerning any distributions, payments, investments,

loans, gifts, exchanges, or any other extension of credit made by BCB to Michael

Murphy" because BCB has never made any distributions, payments, investments, loans,

gifts, exchanges, or credit extensions to Michael Murphy.


52. All documents and communications concerning any distributions,

payments, investments, loans, gifts, exchanges, or any other extension of credit made by

BCB to Neil Phippen.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request for multiple

reasons. First, it seeks information and documents that is not relevant to any party's

claim or defense, nor is it material to resolving any disputed issues. Second, the burden

and/or expense of the requested discovery outweighs its likely benefit. Third, the

requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.    Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.    In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the *rare exception* to be applied *only* in cases involving *exceptional* circumstances."  *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in

Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states there are no documents or communications "concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Neil Phippen" because BCB has never made any distributions, payments, investments, loans, gifts, exchanges, or credit extensions to Neil Phippen.

55

53.    All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Emory Patterson IV.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request for multiple reasons.  First, it seeks information and documents that is not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances."  *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability

on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . .  In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be

reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states there are no documents or communications "concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Emory Patterson IV" because BCB has never made any distributions, payments, investments, loans, gifts, exchanges, or credit extensions to Emory Patterson IV.

54.    All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to BCB Ventures LLC or any of its members.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the

individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating

59

the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states that BCB made payments to BCB Ventures LLC for management services (as BCB Ventures LLC was and is the Manager of BCB) and will produce the invoices from BCB Ventures LLC.

55.    All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to CMV Global LLC or any of its members.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the

requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.   Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.   In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).   Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.   And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.   Piercing does not exist here.   Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.   The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.   *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in

Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states that BCB made several distributions (totaling $3,000,000) to CMV Global LLC for the complete return of capital to CMV Global LLC, and BCB will produce redacted bank statements showing these distributions.

56.   All   documents   and   communications   concerning   any   payments,
investments, loans, gifts, exchanges, or any other extension of credit or distribution made
by BCB to Bayview Capital Investments, LLC or any of its members.

**OBJECTION/RESPONSE**:      BCB   objects   to   this   request   for   multiple
reasons.  First, it seeks information and documents that are not relevant to any party's
claim or defense, nor is it material to resolving any disputed issues.  Second, the burden
and/or expense of the requested discovery outweighs its likely benefit.   Third, the
requested information is nothing more than an unpermitted 'fishing expedition' to look
for evidence that might support Defendants' malicious and unwarranted claim for alter
ego liability against the individual members of BCB on a piercing the corporate veil
theory in Defendants' Alter Ego Claim.   Defendants have no evidence to support a
piercing the corporate veil claim, and this request is a fishing expedition to search for any
such evidence.   In Wyoming, "it bears repeating that limited liability [against the
individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be
applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc.
v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis
added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it
entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not
under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do
Defendants allege any fraud by the BCB members with any particularity.  Piercing does
not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability
on BCB's members, which they cannot, any discovery on any of the four piercing factors

in Wyo. Stat. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been

met.  Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states there are no documents or communications "concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Bayview Capital Investments, LLC or any of its members" because BCB has never made any distributions, payments, investments, loans, gifts, exchanges, or credit extensions to Bayview Capital Investments, LLC or any of its members.

57.  All documents and communications concerning any payments, investments, loans, gifts, exchanges, or any other extension of credit or distribution made by BCB to Bryce Fincham.

**OBJECTION**:  BCB objects to this request for multiple reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the

rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy.  Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC*

*v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB states there are no documents or communications "concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Bryce Fincham" because BCB has never made any distributions, payments, investments, loans, gifts, exchanges, or credit extensions to Bryce Fincham.

58.   All minutes from any BCB meetings.

**OBJECTION**:   Plaintiff objects to this request for multiple reasons. First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues. Second, the burden and/or expense of the requested discovery outweighs its likely benefit. Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might

support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy.

Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

59.    All documents showing BCB's capitalization from January 2021 through present.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request for multiple

69

reasons.  First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues.  Second, the burden and/or expense of the requested discovery outweighs its likely benefit.  Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the ***rare exception*** to be applied ***only*** in cases involving ***exceptional*** circumstances."  *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in Wyo. Stat. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the

individual members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here").

Subject to and without waiving any of its objections, BCB will provide documents showing capitalization of $3,000,000, all of which investment capital was received from

and returned to CMV Global LLC.  Please see BCB's Objection and Response to Request

for Production No. 55 above, which is incorporated by reference.


60.    All documents showing all business relationships between BCB on the one

hand and BCB Ventures LLC, CMV Global LLC, Bayview Capital Investments, LLC,

Michael Murphy, Neil Phippen and/or Emory Patterson IV on the other hand.

**OBJECTION**:        Plaintiff objects to this request for multiple reasons.  First, it

seeks information and documents that are not relevant to any party's claim or defense,

nor is it material to resolving any disputed issues.  Second, the burden and/or expense of

the requested discovery outweighs its likely benefit.  Third, the requested information is

nothing more than an unpermitted 'fishing expedition' to look for evidence that might

support Defendants' malicious and unwarranted claim for alter ego liability against the

individual members of BCB on a piercing the corporate veil theory in Defendants' Alter

Ego Claim.  Defendants have no evidence to support a piercing the corporate veil claim,

and this request is a fishing expedition to search for any such evidence.  In Wyoming, "it

bears repeating that limited liability [against the individual members of an LLC] is the

rule, and piercing is the *rare exception* to be applied *only* in cases involving *exceptional*

circumstances."  *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337

P.3d 454, 465 (Wyo. 2014) (emphasis added).  Where, as here, BCB was capitalized in

the amount of $3,000,000 at the time it entered into its June 9, 2022 DHS Agreement

with MineOne Wyoming, BCB was not under-capitalized as a matter of law.  And

nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB

members with any particularity.  Piercing does not exist here.  Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims.  The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the individual members on a piercing the corporate veil theory.  *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim.  Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable.  The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims.  Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered.  *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying

73

liability.  Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached.  The threshold requirement for piercing – underlying liability – has not been met.  Therefore, we do not address the question of whether to pierce the corporate veil here").  BCB further objects to this request because the business relationships between "BCB on the one hand" and "BCB Ventures LLC, CMV Global LLC, Bayview Capital Investments LLC, Michael Murphy, Neil Phippen and/or Emory Patterson, IV on the other hand" are completely irrelevant. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.  However, for additional information, please see Plaintiff's Objections and Response to Request for Production No. 48, Plaintiff's Amended and Second Supplemental Corporate Disclosure Statement (ECF Doc. 42), and the 8/21/23 Affidavit of James Quid and "Exhibit 1-A" to Mr. Quid's Affidavit.

61.    All documents and communications with any journalists or press agents (including public relations companies) about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.   Plaintiff

further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

62.    All documents and communications with any government officials or their agents and representatives about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff also objects to this Request as it seeks protected communications between constituents and Wyoming legislators pursuant to WYO. STAT. 28-8-116(b) ("Private communications of or to a legislator in his official capacity, including but not limited to communications with constituents, are confidential until

otherwise disclosed by the legislator or the individual who is a party to the communication").

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

63.    All documents and communications with Microsoft or any of its employees, officers, directors, agents, or representatives about North Range, Campstool, Defendants or any involvement by China or Chinese nationals in business in Wyoming.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

64.    All documents and communications concerning Plaintiff's First Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request as premature as

discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.  Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

65.    All documents and communications concerning Plaintiff's Second Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-

privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

66.    All documents and communications concerning Plaintiff's Third Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

67.    All documents and communications concerning Plaintiff's Fourth Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:       Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.  Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

68.     All documents and communications concerning Plaintiff's Fifth Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:       Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information. Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

69.    All documents and communications concerning Plaintiff's Sixth Claim for Relief in the Amended Complaint.

**OBJECTION/RESPONSE**:    Plaintiff objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.   Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.   Plaintiff further objects to this Request because it seeks information protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine and/or trial preparation materials under Rule 26(b) for all communications generated after March 6, 2023.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Additionally, please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.

70.    All documents and communications concerning any element of damage,

injury or harm You claim to have suffered as a result of any of the facts alleged in this action.

**OBJECTION/RESPONSE**:      Plaintiff objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information. Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine, for example it seeks Patrick Murphy's and Scott Murray's communications with BCB's retained damages expert under Rule 26(b)(4).  Plaintiff further objects to this Request as premature as discovery remains ongoing and as a result, Plaintiff's response to this Request may be modified.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control that are responsive to this request, to the extent any such documents exist.   Please see BCB's September 15, 2023 initial Rule 26 Disclosures and BCB's January 19, 2024 First Supplemental Rule 26 Disclosures.  Additionally, please see BCB's expert witness report which will be filed and provided to all counsel on February 28, 2024 pursuant to the Court's Scheduling Order.

71.    All documents and communications obtained from third parties in connection with this Action, whether by subpoena or otherwise.

**RESPONSE**:        These documents will be provided to Defendants as they are received from any third parties.

72.    All documents and communications other than those produced in response to any of the foregoing requests upon which Plaintiff intends to rely in connection with this Action.

**OBJECTION**:        Plaintiff objects to this request for multiple reasons.  It is unduly broad, ambiguous, seeks irrelevant information and documents protected by the attorney client privilege, work product doctrine and/or materials prepared in anticipation of litigation, and not limited in scope or time.  It is also premature, as Plaintiff and its counsel have not yet determined which documents Plaintiff intends to rely on, at trial, in connection with this Action.  Plaintiff and its counsel will disclose Plaintiffs' trial exhibits in accordance with the Court's scheduling order(s).   Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Plaintiff will not be producing any documents in response to this Request at this time.

73.    All documents responsive to the Requests for Production served by Plaintiff upon Defendants, dated October 11, 2023, October 22, 2023, and October 26, 2023 which are in Your possession, custody, or control.

**OBJECTION**:        Plaintiff objects to this request for multiple reasons.  This request constitutes 126 requests for production: 39 requests that were directed to

Defendant MineOne Wyoming; 67 requests that were directed to Defendant Terra Crypto; and 20 requests that were directed to Defendant SonicHash.  These 126 requests for production are an unreasonably excessive number of requests for production of documents to a single party, here, the Plaintiff.  Moreover, the parties seeking this discovery can obtain this information from other sources that is more convenient, less burdensome, and less expensive than seeking it from Plaintiff.  Additionally, the parties seeking this discovery have had ample opportunity to obtain the information by discovery in this case.  And this requested discovery is unreasonably cumulative.  The requested production is also unduly broad, ambiguous, seeks irrelevant information and documents protected by the attorney client privilege, work product doctrine and/or materials prepared in anticipation of litigation, and not limited in scope or time.  It is not proportional to the needs of the case.

Plaintiff will not be producing any documents in response to this Request.

74.    All documents that You intend to introduce as evidence at any hearing or trial of this action.

**OBJECTION/RESPONSE**:    Plaintiff objects to producing any documents at this time for evidence it may introduce at a future hearing or trial of this action.  BCB and its litigation counsel, Patrick Murphy and Scott Murray, have not yet decided what documents it may introduce at a future motion or trial.  No motion is pending at the time these discovery responses and objections are being served.  No depositions have been taken yet.  One of the Defendants, Bitmain Technologies Georgia Limited, has not yet

served its Rule 26 Initial Disclosures.  It is premature for BCB to know which exhibits it will use or introduce at any hearing at any hearing or trial of this case.  This response can be supplemented when BCB is required to file its list of exhibits and witnesses.  Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

75.    All documents showing the identity of BCB's legal counsel.

**OBJECTION/RESPONSE**:    Plaintiff objects to this request because it seeks irrelevant and privileged matter that is not relevant to any party's claim or defense, and the information is not needed in resolving any of the case issues.  Defendants' counsel have known, since March 2023, that Patrick Murphy and Scott Murray are BCB's litigation counsel in this case and the predecessor case filed in the Wyoming Chancery Court.  All of the pleadings filed by Plaintiff in this federal court case have identified Patrick Murphy and Scott Murray as Plaintiff's counsel.  No further documents are needed to prove or show the identity of BCB's legal counsel.

DATED this 31st day of January, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By:

Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
WILLIAMS, PORTER, DAY & NEVILLE, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel via email this 31st day of January, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ]  U. S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[ x ]  Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [  ]  U. S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[ x ]  Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com | [  ]  U. S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[ x ]  Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [  ]  U. S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[ x ]  Electronic Mail |

Patrick J. Murphy