`Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION AND REQUEST FOR LEAVE TO FILE AN OVER-LENGTH REPLY BRIEF OF FIFTEEN (15) PAGES

COMES NOW Plaintiff BCB Cheyenne LLC, d/b/a Bison Blockchain ("BCB"), through its

counsel, and pursuant to Rule 7.1(b)(1)(D) of the U.S.D.C.L.R., hereby moves and requests the Court

to grant BCB leave to file an over-length reply brief of fifteen (15) pages for BCB's [proposed] Reply

Brief In Support of Its Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment on (1) $15,529,165 of CleanSpark Purchase Monies and (2) $999,111 of MineOne's Security Fund Held by Black Hills Energy ("Reply Brief").  In support of this *Motion*, BCB shows the Court as follows:

1.      On May 15, 2024, BCB filed its ten-page *Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Emergency Motion*") [ECF 182].

2.      On May 21, 2024, BCB filed its six-page *Supplement to Its Emergency Motion to Enter an Immediate Protective Order/Stay Order for All the Purchase Monies to be Immediately Paid into the Registry of the Court* ("*Supplement*") [ECF 192].

3.      On May 23, 2024, the Court entered its *Order on Plaintiff's Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("ORDER") [ECF 194].

4.      On May 24, 2024, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto, Inc. filed their twenty-page *Memorandum of Law In Opposition to Plaintiff's Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Opposition*") [ECF 195].

5.      On May 29, 2024, unbeknownst to BCB and its counsel, MineOne and CleanSpark amended their May 8, 2024 PSA, indicating, among other things, that original PSA now only pertained to the North Range property and that the Contingent Payment was removed.  Additionally, on that same day, MineOne and CleanSpark entered into a new and separate PSA for the Campstool Property, which increased the Purchase Price for Campstool and removed the Contingent Payment.

6.      On June 3, 2024, Plaintiff filed its 17-page *Amended Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Amended Emergency Motion*") [ECF 203], which BCB had drafted and provided to all defense counsel and this Court **before** the MineOne Defendants informed BCB about the May 29, 2024 MineOne and CleanSpark PSA

changes. BCB did not learn about these changes from MineOne's counsel and subpoenaed documents until *after* BCB sent all defense counsel its draft Amended Emergency Motion. In other words, the MineOne and CleanSpark deal significantly changed right before BCB drafted its *Amended Emergency Motion* – Defendants withheld this information until BCB provided defense counsel with its draft Amended Emergency Motion – and BCB's draft Amended Emergency Motion did not account for these significant and highly relevant changes, which BCB must now account for to explain to the Court regarding the requested prejudgment writs of attachment and garnishment.

7.      On June 13, 2024, the Court set an evidentiary hearing on the matter for June 26, 2024 at 1:30PM.

8.      On June 17, 2024, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto, Inc., filed their 10-page *Memorandum of Law in Opposition to Plaintiff's Amended Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment* ("*Memorandum*") [ECF 221].

9.      On June 19, 2024, Plaintiff and Defendant MineOne exchanged witness and exhibit disclosures per the evidentiary hearing schedule, as ordered by the Court. In MineOne's disclosures, MineOne disclosed 29 exhibits. Of these 29 timely disclosed exhibits, 10 exhibits are related to alleged loans, and as such, are highly relevant to Plaintiff's *Amended Emergency Motion*.

10.      Although Plaintiff has been requesting all loan and financing documents and communications be produced (since October 2023), Plaintiff only now received some of these critical documents relating to Defendants' justifications, rationale, and arguments as to why Plaintiff's *Motion for a Writ of Attachment* should be denied. At a minimum, Plaintiff should have received these critical loan documents weeks ago when MineOne filed its Opposition (and before Plaintiff filed its *Amended Emergency Motion*). But the Defendants did not provide these documents. They withheld these critical loan documents until June 19, 2024. Although Rule 7.1(b)(1)(D) of the U.S.D.C.L.R. limits reply

briefs to five (5) pages, the extraordinary circumstances in this case justify the Court granting Plaintiff leave to file a reply brief of fifteen (15) pages in length.

11.     In the three weeks since Plaintiff submitted its *Amended Emergency Motion*, and Defendants filed their *Memorandum*, there have been significant shifts in the landscape of this litigation and, specifically, regarding the matters presented in the *Amended Emergency Motion*.

12.     In order to fully inform the Court, it is imperative BCB be allowed to create a record of the rapidly changing facts and circumstances affecting the parties and their rights. The evidentiary hearing – which will address thousands of documents and directly implicates $16,528,276 – is already limited and will limit the presentation of evidence supporting BCB's *Amended Emergency Motion*. Additional pages in Plaintiff's Reply Brief are necessary to give the Court crucial information and context in this rapidly evolving set of facts with Defendant MineOne now finally providing (on June 19, 2024) some documents involving the alleged loans (and revealing Defendants' scheme to allocate and take all the money without ever providing any evidence to support their claims).

13.     These developments highlight how the MineOne Defendants have obfuscated and improperly resisted Plaintiff's discovery efforts.

14.     Pursuant to the Court's ORDER GRANTING DEFENDANTS' MOTION TO VACATE AND RESET HEARING AND SET BRIEFING DEADLINE, Defendants filed *Defendant MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.'s Amended Hearing Witness & Exhibit Lists*, which included several exhibits that are/would be responsive to discovery requests BCB served on the MineOne Defendants in October of 2023, the MineOne Defendants refused to produce other needed responsive documents. And now, at the eleventh hour of this critical evidentiary hearing, all or some of these loan documents BCB has been requesting for over eight months now suddenly appear and are apparently deemed relevant by the MineOne Defendants. It is not acceptable that Defendants provide, at the last minute, the documents supporting their scheme to take control of $16,528,276 and

then pay themselves, their investors, and related parties all of that money.

15.     BCB's *Expedited Motion to Compel* [ECF 214] relates to these loan documents and the contemporaneous communications of these loan and financial documents. This motion is pending with Magistrate Judge Carman.

16.     Importantly, these rapid developments show how the litigation in this case is set for major expansion – beyond what is already considerable ongoing litigation — in the event the writ of attachment is not issued.

17.     Also, these developments show the likelihood that this case will settle and resolve (before the two-week scheduled bench trial) if the writs of attachment and garnishment are issued for $16,528,276.

18.     Additionally, the MineOne Defendants, in their *Memorandum*, raise new legal and factual issues concerning the Presidential Order and its effect to which BCB must respond. The issuance of a Presidential Order is extraordinary, so, too, is the need to inform the Court of interceding factual developments related to that Order. The MineOne Defendants also raise new legal and factual issues concerning CFIUS and claim the Presidential Order rendered their contractual performance an impossibility, issues and claims they never asserted, or even mentioned, until just recently.

19.     This evidentiary hearing – and all the issues involved with it – is far more akin to a dispositive motion (on steroids) than a non-dispositive motion.  Reply briefs for dispositive motions are typically ten (10) pages.  Dispositive motions often involve only one issue, such as the statute of limitations, release, discharge in bankruptcy, or a defendant's "duty of care."  By contrast, this evidentiary hearing is a mini-trial of the entire case, where BCB must show it has a substantial likelihood of prevailing on the merits and must also show its entitlement to the emergency writs. There is inadequate time at the evidentiary hearing to present all the facts, law and context that are presented in BCB's (proposed) 15-page Reply Brief. Judicial efficiency and understanding are best

promoted by allowing BCB to file its requested 15-page Reply Brief.

20.     All of these developments, especially when viewed in the context of the enormity and importance of the evidentiary hearing, constitute circumstances that are, by definition, extraordinary and justify the additional briefing pages BCB seeks to submit.

21.     Additionally, given the scope of the recent changes in circumstance and need for Plaintiff to ensure the Court has a complete record upon which to make Your Honor's decision, additional pages for the Reply Brief will eliminate the need for Plaintiff to file any sort of amendments, supplements, or hearing brief.

22.     An unsigned, but complete, copy of BCB's Reply Brief is attached to this *Motion* as **"Exhibit A."**

23.     In accordance with Rule 7.1(b)(1)(A) of the U.S.D.C.L.R., on Sunday, June 23, 2024, Patrick Murphy sent a conferral email to all defense counsel, asking them if they objected to BCB filing this 15-page Reply Brief.

24.     Counsel for the MineOne Defendants, Paula Colbath, replied indicating she objected to the filing of the overlength [proposed] Reply Brief.

WHEREFORE, Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain respectfully asks the Court to allow BCB to file its 15-page Reply Brief in support of its Reply Brief in Support of Its Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment on (1) $15,529,165 of CleanSpark Purchase Monies, and (2) $999,111 of MineOne's Security Fund Held by Black Hills Energy.

DATED this 24th day of June, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:  /s/ Patrick J. Murphy
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 24th day of June, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | | |
|---|---|---|
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street 6<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>sparikh@omm.com | [  ]<br>[ x ]<br>[  ]<br>[  ]<br>[  ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [  ]<br>[ x ]<br>[  ]<br>[  ]<br>[  ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [  ]<br>[ x ]<br>[  ]<br>[  ]<br>[  ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [  ]<br>[ x ]<br>[  ]<br>[  ]<br>[  ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |

*/s/ Patrick J. Murphy*
Patrick J. Murphy