Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
         smurray@wpdn.net

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-79 |
| | ) | |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF BCB'S REPLY TO MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBITS AND WITNESS TESTIMONY

---

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB"), through its counsel, and hereby submits Plaintiff's Reply Brief in support of its *Motion to Strike Exhibits and Witness Testimony* [ECF 243].

## **BACKGROUND**

1.       The MineOne Defendants claim their untimely designation of Ed Deignan is justified because Mr. Deignan is "a rebuttal and/or impeachment witness… to rebut BCB's allegations regarding the MineOne Defendants' loan agreements." *See* ECF 247 at pp. 2-3.

2.       Mr. Deignan is ***not*** a proper rebuttal/impeachment witness because the MineOne Defendants have known for over eight months that BCB sought alleged loan agreements, and for more than a month that BCB would present evidence regarding those loan agreements at the Evidentiary Hearing.

3.       On October 11, 2023, BCB sent its First Combined Discovery Requests for Production of Documents to MineOne. One of those requests (RFP #25) sought "all documentation and agreements involving debts, Notes payable, or other financial instruments showing any debt owned by your company or encumbrances on your company's assets, due in any measure, to any business activity at North Range and/or Campstool."

4.       BCB sent the same request for documents to Defendant Terra Crypto, Inc. on October 22, 2023, in BCB's First Combined Discovery Requests to Terra Crypto, Inc., which specifically requested "all documentation and agreements involving debts, notes payable, or other financial instruments showing any debt owed by your company or encumbrances on your company's assets, due in any measure, to any business activity at North Range and/or Campstool."

5.       The MineOne Defendants refused to produce any of the requested financial documents.

6.       BCB then sent several conferral letters concerning the loan agreements, including formal Meet-and-Confer Letters on January 24, 2024. The MineOne Defendants continued to

obfuscate.

7.      On February 9, 2024, Judge Rankin held an informal discovery conference and addressed several of BCB's concerns related to the MineOne Defendants' inadequate discovery responses and allowed BCB to file a motion to compel, if necessary.

8.      On June 5, 2024, counsel for BCB wrote to Judge Carman requesting an informal discovery conference based on the MineOne Defendans' continued refusal to provide the needed "substantiation" for its alleged loans and related-party transfers. *See* "**Exhibit A**" ("BCB believes that the MineOne Defendants are wanting to move as much, if not all, of this $22,500,000 CleanSpark sales proceeds to themselves and related parties (who they allege are creditors), or their alleged perceived creditors, and away from BCB or the Court as quickly as they can…MineOne and Terra lack the evidence to support their assertions about these alleged loan transactions, and as such, the Court should view those transactions for what they really are: equity transactions amongst related parties, whose principals are the same principals who made the decision to breach MineOne's and Terra's contracts with BCB and who stand to benefit personally from strategically calling these subject transaction loans rather than equity").

9.      As a result, Judge Carman held an informal discovery conference on June 6, 2024, where he granted Plaintiff leave to file any necessary motions, including a motion to compel.

10.     BCB then filed its *Expedited Motion to Compel Discovery from MineOne Defendants* on June 10, 2024 [ECF 214], in which it sought the Court's intervention and ***once again*** requested the production of the loan documents and contemporaneous communications about those alleged loans.

11.     These alleged, but bogus, loans are not a new issue: the MineOne Defendants have been aware of this important issue for ***more than eight months***. For more than a month, the MineOne Defendants have known that BCB is challenging whether MineOne's purported loans are genuine loans (or camouflaged equity).

## ARGUMENT

12.     Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

13.     Judge Freudenthal, in considering a motion strike a rebuttal expert witness, noted that:

> When a party "seek[s] to rebut [] theories which they knew about or reasonably could have anticipated, the district court is within its discretion in disallowing rebuttal testimony. *See Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 664 (10th Cir. 1991) ("Because plaintiffs were warned that rebuttal evidence would be restricted and because they reasonably could have anticipated defendants' evidence ... [i]t was within the district court's discretion to disallow plaintiffs' rebuttal evidence."); *Fashauer v. New Jersey Transit Rail Operations Inc.*, 57 F.3d 1269, 1287 (3d Cir. 1995) (holding that district court acted within its discretion by precluding rebuttal testimony to that which reasonably could have been anticipated)."

*Linnik v. Trans Quality, Inc.*, No. 20-CV-89-F, 2022 WL 2189547, at *2 (D. Wyo. Jan. 12, 2022).

14.     Here, the MineOne Defendants have known the loan agreements and related documents are central to the matters to be presented at the Evidentiary Hearing. For them to now claim otherwise is an absurdity.

15.     The MineOne Defendants are "not offering true rebuttal testimony, but [are] attempting bolster [their] case in chief." *Estrada v. Bukaty*, No. 14-CV-242-SWS, 2016 WL 8316223, at *3 (D. Wyo. Aug. 19, 2016). "Rebuttal testimony is not 'an opportunity for the correction of any oversights in the [party's] case in chief.'" *Schwartz v. Hawkins & Powers Aviation, Inc.*, No. 04-CV-195-D, 2005 WL 8155455, at *2 (D. Wyo. Dec. 29, 2005). Knowing that BCB was challenging these loans at the Evidentiary Hearing, the MineOne Defendants were obligated to list their CPA witness on their June 19 Witness List. They reasonably anticipated they would need a financial witness to support their alleged, but bogus, loans. They simply chose (or failed) to list Ed Diegnan.

16.     In addition to arguing Mr. Diegnan's testimony should be allowed, the MineOne Defendants also claim their late-designated exhibits should be allowed. They say some of these exhibits were not timely designated because they are rebuttal exhibits, while other late-designated exhibits were "inadvertently omitted." Yet the MineOne Defendants offer no explanation or listing of which exhibits are rebuttal exhibits and which are simply late.

17.     Finally, the MineOne Defendants claim BCB "cannot articulate any prejudice" as a result of these untimely and improper witness and exhibit designations. It absolutely can. Plaintiff BCB is prejudiced by the lack time BCB and its attorneys have had to review these exhibits and prepare for Mr. Diegnan's testimony. This late designation and prejudice cannot be cured before the June 26 Evidentiary Hearing.

## **<u>CONCLUSION</u>**

For the foregoing reasons, BCB respectfully requests the Court grant its *Motion to Strike the MineOne Defendants' Newly Listed Witness and Seventeen New Exhibits* [ECF 243]. BCB will be unfairly prejudiced if the Court allows Ed Diegnan to testify and any of these new seventeen (17) exhibits to be discussed or admitted.

RESPECTFULLY SUBMITTED this 25th day of June, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:    */s/ Scott C. Murray*
        Patrick J. Murphy (WSB No. 5-1779)
        Scott C. Murray (WSB No. 7-4896)
        Williams, Porter, Day & Neville, PC
        159 N Wolcott St. Suite 400
        Casper, WY 82601
        Ph: (307) 265-0700
        pmurphy@wpdn.net
        smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 25th day of June, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ]  U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[  ]  Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [  ]  U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[  ]  Electronic Mail |

| | |
|---|---|
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

*/s/ Scott C. Murray*
Scott C. Murray