**FILED**

**Margaret Botkins**
**Clerk of Court**

12:28 pm, 6/28/24

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| BCB CHEYENNE LLC d/b/a/ BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br>        Plaintiff, <br><br>    v. <br><br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Islands company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br>        Defendants. | Case No.  23-CV-79-ABJ |

---

### ORDER GRANTING REQUEST FOR ISSUANCE OF PREJUDGMENT WRITS OF ATTACHMENT AND GARNISHMENT

---

Upon consideration of Plaintiff's motion for a prejudgment writ of attachment and garnishment (ECF No. 182; ECF No. 203), the affidavit of Michael Murphy attached (ECF No. 182-1), as well as plaintiff's complaint on file in this action, the court being fully advised in the matter and good cause appearing; now, therefore, the court makes the

1

following findings in conformity with the court's ruling at the evidentiary hearing held on
June 27, 2024:

1. Under Federal Rule of Civil Procedure 64, "[a]t the commencement of and
   throughout an action, every remedy is available that, under the law of the state
   where the court is located, provides for seizing a person or property to secure
   satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). These remedies
   include "attachment," "garnishment," and "other corresponding or equivalent
   remedies." Fed. R. Civ. P. 64(b).

2. Pursuant to Wyoming law, a plaintiff "may have the property of the defendant ...
   attached as security for the satisfaction of any judgment that may be recovered."
   Wyo. Stat. Ann. § 1-15-201(a). Before a prejudgment writ of attachment may
   issue, the plaintiff must file an affidavit stating:

   > (i) That the defendant is indebted to the plaintiff, specifying the
   > amount of the indebtedness ... and the nature of the indebtedness;
   >
   > (ii) That the attachment is not sought to hinder, delay or defraud any
   > creditor of the defendant;
   >
   > (iii) That the payment of the indebtedness has not been secured by a
   > mortgage or lien upon real or personal property in this state, or, if
   > originally so secured, that the security has, without any act of the
   > plaintiff ... become impaired; and
   >
   > (iv) Any one (1) or more of the following grounds for attachment:
   >
   > > (A) That the defendant is not a resident of this state;
   > >
   > > (B) That the defendant is a foreign corporation, not qualified
   > > to do business in this state;

(C) That the defendant stands in defiance of an officer, or conceals himself so that process cannot be served upon him;

(D) That the defendant has assigned, removed, disposed of or concealed, or is about to assign, remove, dispose of or conceal, any of his property with intent to defraud his creditors;

(E) That the defendant has departed or is about to depart from the state to the injury of his creditors;

(F) That the defendant fraudulently or criminally contracted the debt or incurred the obligation respecting which the action is brought. *Id.* at (b)(i)-(iv).

3. Plaintiff bears the burden of establishing facts sufficient to justify the issuance of a writ, Wyo. Stat. Ann. § 1-15-103(a)(v), and Plaintiff has satisfied this burden.

4. The facts and reasons supporting this request for prejudgment writ of attachment and garnishment are plaintiff's allegations, supporting affidavits, and presentation at the evidentiary hearing held on June 27, 2024 demonstrating that Plaintiff has a right to attach property of Defendant MineOne Wyoming Data Center, LCC, in the amount of $15,529,165.00, as purchase monies exchanged between CleanSpark, Inc. and Defendant MineOne Wyoming Data Center, LLC for the sale of properties in Laramie County, Wyoming.

5. Having reviewed the complaint of plaintiff and the documents on file in this action, it appears that plaintiff has a meritorious claim for relief. However, the Court notes that its findings are preliminary, based only on the record now before it, and should not be considered a final determination as to the validity of any

party's claims in this action, nor the anticipated or predetermined compensatory damages attributable to Plaintiff.

6. The amount for which the attachment and garnishment will issue in this action is for the principal sum of $15,529,165.00.

7. Prior to attachment, plaintiff shall furnish a surety bond, pursuant to Wyo. Stat. Ann. § 1-15-104(a), in the sum of $100,000.00. Such bond shall be filed with the Clerk of Court before the writs specified in this order will issue.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**, that:

1. Prior to attachment, Plaintiff shall file a $100,000.00 surety bond pursuant to Wyo. Stat. Ann. § 1-15-104(a) with the Clerk of Court, as security for the payment of costs and damages which may be incurred or suffered by any party as a result of the wrongful issuance of the writ. Such bond shall be furnished before the writ specified in this order will issue.

2. Upon the filing of a surety bond in the amount of $100,000.00, Plaintiff shall file a notice of deposit in this case, and the Clerk of Court shall issue a writ of attachment forthwith in the amount of $15,529,165.00 against the Defendant.

3. The amount for which the attachment and garnishment will issue in this action is for the principal sum of $15,529,165.00. Pursuant to Fed. R. Civ. P. 67(a) and U.S.D.C.L.R. 67.l(a), the Court directs the Clerk of Court to deposit the aforementioned principal sum within the Court Registry Investment System ("CRIS"), an interest-bearing cash management tool administered by the

4

Administrative Office of the United States Courts, pursuant to 28 U.S.C. § 2045(b). An account, entitled *BCB Cheyenne LLC v. Mine One Wyoming Data Center LLC et al*, No. 1:23-cv-00079-ABJ, will be established in the CRIS Liquidity Fund, amounting to $15,529,165.00. The Clerk of Court shall deduct from any income "earned on the investment a fee not to exceed that authorized by 28 U.S.C. § 1914(b) and any regulations promulgated thereunder by the Judicial Conference of the United States." U.S.D.C.L.R. 67.l(b).

4. The Clerk of Court shall retain such surety bond and funds until further order of the Court. Only by order of this Court shall the Clerk of Court withdraw or disperse any bond or funds.

**IT IS SO ORDERED.**

Dated this _28_ th day of June, 2024.

Alan B. Johnson
United States District Judge