

FILED
11:43 am, 7/1/24
**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Islands company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Islands company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1–18,<br><br>       Defendants. | Case No.  23-CV-00079-ABJ |

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

**THIS MATTER** comes before the Court upon *Plaintiff's Motion to Strike the MineOne Defendants' Newly Listed Witness and Seventeen New Exhibits*, filed herein on June 25, 2024. [Doc. 243]. Defendants have filed a response and Plaintiff has filed a reply.

1

[Docs. 247, 248]. Accordingly, this matter is fully briefed and therefore ripe for review. Having reviewed the filings, the Court **FINDS** as follows:

This Court scheduled an evidentiary hearing on *Plaintiff's Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment*, to occur on June 26, 2024, and set a briefing schedule and deadline to "exchange and file anticipated witness lists no later than June 19, 2024." [Doc. 217]. Plaintiff complied with this deadline, listing two will-call and six may-call witnesses. In addition, Plaintiff listed 24 potential exhibits, including four potential "rebuttal exhibits." [Doc. 225]. Defendant MineOne complied, listing seven potential witnesses and 30 exhibits.[1] [Doc. 224].

Then, on June 26, 2024, Defendant MineOne filed a Second and Third amended witness/exhibit list. [Docs. 237, 239]. It is unclear what the difference was between these two pleadings, but it is obvious that Defendant MineOne added Ed Deignan and at least sixteen (16) new exhibits. MineOne did not seek leave of the Court to designate additional exhibits or witnesses subsequent to the designation deadline.

Plaintiff first received notice of MineOne's desire to call Ed Deignan, which was made by an email message on the night of Saturday, June 22, 2024, at 7:26 p.m. [Doc. 243-1, at 4]. Neither the email nor the filed designation indicated the nature of Mr. Deignan's testimony. Plaintiff also seeks to strike the sixteen late-designated exhibits.[2]

MineOne responded to Plaintiff's *Motion* on June 25, 2024, in which the former asserted that it may call Mr. Deignan as a "rebuttal and/or impeachment witness." [Doc.

---
[1] MineOne filed an amended witness/exhibit list on June 20, 2024, which was very similar, but attached the actual exhibits which had not been included in its June 19, 2024, filing.
[2] Plaintiff refers to sixteen and seventeen late exhibits. The difference is immaterial to this order.

247, at 2]. MineOne asserted that Mr. Deignan is a Certified Public Accountant (CPA) who would rebut Plaintiff's assertions regarding various loan agreements. MineOne applied the same rationale to "most" of the new exhibits and asserted the others were omitted by mistake.

The same day, Plaintiff filed a reply in which it asserted that the loans—which they have contended are bogus or camouflaged capital contributions—have been at issue for months and subject of repeated discovery requests and disputes.

The late nature of these pleadings did not allow the Court to rule prior to the evidentiary hearing of June 26, 2024. At this hearing, the Court quoted from *Linnik v. Trans Quality, Inc.*, in stating that when a party "seek[s] to rebut theories which they knew about or reasonably could have anticipated, the district court is within its discretion in disallowing rebuttal testimony." No. 20-CV-00089-NDF, 2022 WL 2189547, at *2 (D. Wyo. Jan. 12, 2022) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000)).

The Court disallowed the testimony of Mr. Deignan on the basis that the validity of the loans was clearly in issue, as set forth in *Plaintiff's Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment*, filed on June 4, 2024. [Doc. 203, at 10–13]. MineOne contended in its June 17 response that it had "real creditors and lenders that are entitled to be paid now." [Doc. 221, at 15]. The fact that the loan documents were at issue is further supported by Plaintiff's BCB Cheyenne LLC'S Expedited Motion to Compel Discovery from the MineOne Defendants filed herein on June 10, 2024 which explained at great length Plaintiff's contentions regarding the loans and the importance for

the upcoming hearing. [Doc. 214]. While not addressed directly at the hearing, the same rational applies to the late designated exhibits.

The Court required the parties to list all "anticipated" witnesses and exhibits by June 19, 2024. MineOne, without leave of the Court, listed additional witnesses and exhibits. Issues concerning the nature of the loans were anticipated and, as such, were required to be listed by June 19, 2024.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Strike to MineOne Defendants' Newly Listed Witness and Seventeen New Exhibits* (Doc. 243) is hereby **GRANTED**.

**DATED** this 1st day of July, 2024.

Mark L. Carman
United States Magistrate Judge