Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
         smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

# PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO DESIGNATE EXPERT WITNESSES

---

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, through its counsel, and hereby serves its Response to the MineOne Defendants' *Request for Extension of Time to Designate Expert Witnesses* [ECF 238].  BCB opposes the MineOne Defendants' request for another month to designate their experts.

1.      At the Initial Pretrial Conference ("IPT") on August 30, 2023, after consultation with counsel, Judge Johnson set Defendants' Expert Designation Deadline for April 15, 2024 [ECF 46]. The Court set BCB's expert witness designation deadline for February 27, 2024.  The Court also set this case for a two-week bench trial on January 27, 2025.  *Id*.

2.      The MineOne Defendants waited just over three months to initiate any jurisdictional discovery.  Specifically, they waited from August 30, 2023 to December 5, 2023 to serve a notice of subpoena even though Judge Johnson earlier informed everyone, at the August 30, 2023 IPT, that merits discovery and jurisdictional discovery would run concurrently.

3.      The MineOne Defendants then pursued scorched earth jurisdictional discovery from BCB and Tim Desrochers from December 5, 2023 to April 24, 2024.

4.      During that time, specifically on March 15, 2024, the MineOne Defendants filed their *Notice of Joinder* to other Defendants' motions to vacate the August 30, 2023 IPT dates and deadlines, set a new scheduling conference, and vacate the January 27, 2025 bench trial date [ECF 147].  On March 8, 2024, BCB filed its *Response* to the Defendants' motion to vacate the existing pre-trial and trial dates. [ECF 140].

5.      BCB filed its extensive and detailed *Expert Witness Disclosures* on March 21, 2024 [ECF 151], which was only twenty-two days after the original February 28, 2023 due date set at the IPT.

6.      Judge Johnson heard oral arguments on the *Motion, Response, and Joinder* on April

25, 2024 [ECF 163].

7.      At the April 25, 2024 motion hearing with Judge Johnson, the Court said it would not vacate or postpone the January 27, 2025 trial date (thus denying Defendants' request that the trial date be vacated and pushed back until later in 2025).  And, after consulting with all counsel about new proposed pre-trial dates and deadlines, Judge Johnson made adjustments to several dates.  Judge Johnson pushed back the discovery cutoff date from August 7, 2024 to September 17, 2024. [ECF 164].  Judge Johnson also pushed back the dispositive motions filing deadline from September 6, 2024 to October 4, 2024.  *Id*.  Importantly, with input from all counsel and with BCB's consent and stipulation, Judge Johnson extended Defendants' expert witness designation deadline from April 15, 2024 to July 15, 2024, thus giving the Defendants an additional three months to designate their experts, even though Plaintiff BCB had filed its expert designation and report three weeks earlier. *Id*.

8.      Here is what Judge Johnson ordered:

7/15/24.  EXPERT WITNESS FOR DEFENDANT shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis of each opinion.  All designations of expert witnesses must fully comply with the provisions of Fed. R. Civ. P. 26… Expert witness designations and reports should be filed and served.

9.      Thus, as of April 25, 2024 when this motion hearing was held and the new dates established, all Defendants knew they had another three months to designate their experts.

10.     Now, in their *Motion for Extension of Time* [ECF 238], to rationalize and support their request for a one-month extension from July 15, 2024 to August 15, 2024, the MineOne Defendants say they "seek this [one-month] extension in light of other pressing matters involved in this case." *Id*. at Page 3 of 5.  They say:  "The MineOne Defendants have been devoting a substantial amount of time to Plaintiff's Emergency Motion, discovery disputes, and the pending Motion to

Dismiss [for alleged lack of complete diversity]." *Id*. "As such," they say, "the MineOne Defendants need additional time to coordinate with expert witnesses." *Id*. The MineOne Defendants also posit that, "the MineOne Defendants have sent a discovery deficiency letter to Plaintiff [on June 19, 2024]. Plaintiff has yet to produce various documents that may impact the expert designation and report." *Id*.

11.     The MineOne Defendants then say, "An extension of time will not prejudice Plaintiffs (sic) in any way because the trial date is set for January 27, 2025, and moving the expert deadline will not affect other dates." *Id*.

12.     These arguments wholly miss the mark. The MineOne Defendants have not shown the "good cause" needed to support this – their second – requested extension of time to designate their experts. And BCB and its counsel will be greatly prejudiced if the Court grants the MineOne Defendants an entire additional month to designate their experts.

13.     First, the MineOne Defendants have not supported their Motion with any of the efforts or actions they have undertaken to retain and work with their expert witness(es) to show compliance with the Court's updated July 15, 2024 expert designation deadline. When did they first retain their experts? What materials have they provided their expert(s), and when did they provide those materials? Did their expert(s) request additional time to review this case – a case where over 60,000 pages have earlier been produced – and write their expert reports? Or, are their experts nearly finished with their reports? When did the MineOne expert(s) first review Plaintiff's March 21, 2024 expert report? Simply stated, there is no demonstration that the MineOne Defendants' expert(s) need more time to write their reports based on any good faith effort by Defendants to complete their reports by either the original deadline (April 15, 2024) or the revised extended deadline (July 15, 2024).

14.     Second, the MineOne Defendants' reliance on the fact that they spent so much of their time and legal talent conducting scorched earth jurisdictional discovery and briefing **and not on preparing their experts' reports** is not "good cause" to grant them another month – right as we are approaching the September 17, 2024 discovery cutoff date – to designate their experts.  Judge Johnson made it clear, from the very beginning, the parties would be doing their merits discovery and jurisdictional discovery simultaneously, on parallel tracks.  The MineOne Defendants have at least five (5) counsel of record, and several more working behind the scenes.  They have triple the legal resources that BCB has, yet BCB was able to timely designate its expert by March 21, 2024.

15.     Third, it is not "good cause" to say they need another month to designate their experts because they had to work to defend against BCB's *Emergency Motion and Amended Emergency Motion*.  The fact that MineOne had to defend against BCB's new motions is MineOne's own making.  BCB had to learn, on its own, of the May 8, 2024 MineOne sale to CleanSpark, Inc., then later learn, on its own, of the May 13, 2024 Presidential Order: MineOne never told BCB it was negotiating with CleanSpark for the sale of its Campstool and North Range properties, and MineOne never told BCB anything about its CFIUS investigation and negotiations until after BCB filed its May 15 *Emergency Motion*.  MineOne kept the Court and BCB in the dark while the MineOne Defendants spent their time and resources facilitating the sale of its only two Wyoming properties (note: BCB has credible evidence that the MineOne Defendants had been soliciting the sale of these Wyoming properties as early as March 4, 2024, and likely much earlier).  These are not events or circumstances that justify another extension of time for the MineOne Defendants to designate their experts.

16.     The fact that written discovery and deposition testimony is not completed is not "good cause" for yet another extension of time to designate MineOne's experts.  BCB designated

its expert at the same time it was arguing its first motion to compel discovery.  BCB designated its

expert without a single deposition having been taken.  There is no rule or practice which allows a

party to stall designating its experts until all depositions are completed, or until no further written

discovery is obtained.   MineOne and its lawyers know, or reasonably should know, that it would

have to designate its experts ***before*** the September 17, 2024 discovery cutoff date.

17.     BCB would be greatly prejudiced if the Court were to grant this one-month extension

of time – from July 15, 2024 to August 15, 2024 – for MineOne to designate its expert(s).  Discovery

cutoff is September 17, 2024.  Fact witness depositions will have to be taken, and concluded, in this

August 16, 2024 – September 17, 2024 window. And the Defendants have threatened to take over

20 fact witness depositions.  None of those depositions have yet been taken.  All of those depositions

will have to be taken from August 16, 2024 – September 17, 2024.  That will greatly impact BCB's

ability, and its counsel's ability, to meaningfully prepare for and take MineOne's experts'

depositions in that same time frame.  BCB wants and needs to depose MineOne's experts before

August 10, 2024 (to leave adequate time to devote to the most important fact witness depositions).

18.     Moreover, dispositive motions are due on October 4, 2024.  So much time and effort

will need to go into researching and writing those dispositive motions.  BCB's counsel cannot be

using important time in September which he would need to prepare for, and take, the MineOne's

experts' depositions when they need to be researching and writing the dispositive motions in

September 2024.

19.     Most importantly, at the end of Judge Johnson's April 25, 2024 REVISED

SCHEDULING ORDER [ECF 164], His Honor writes, in capital letters:

DEADLINES WILL NOT BE CHANGED, ABSENT COMPELLING OR
EXTRAORDINARY CIRCUMSTANCES.

20.     There is nothing "compelling" about MineOne's request, or desire, for another month

to designate its expert(s).  If there was some "compelling" reason for this requested extension, MineOne should have articulated it in its motion.  It didn't.  And there is no "extraordinary circumstance" warranting another month's extension of time, especially when it will adversely impact BCB and its counsel's ability to complete discovery and prepare dispositive motions.  The circumstances leading up to this point were caused by MineOne and its legal strategy to spend so much time and effort fighting jurisdiction, selling its bitcoin facilities for $22,500,000 to CleanSpark, and not focusing, as BCB has done, on the merits of the case.

## CONCLUSION

In Judge Johnson's 4/25/24 REVISED SCHEDULING ORDER, His Honor very clearly articulated that the deadlines put in place would remain in place absent "compelling or extraordinary circumstances." The MineOne Defendants' *Request* does not (and cannot) meet this heightened standard where the MineOne Defendants do not even acknowledge the required showing, let alone provide any support aside from the obligations of ongoing litigation. For the reasons set forth above, the MineOne Defendants' for the Court should deny *Request for Extension of Time to Designate Expert Witnesses* [ECF 238].

WHEREFORE, Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain respectfully requests the Court enter an order denying the MineOne Defendants' *Request*, and for such other and further relief as the Court deems just in the premises.

DATED this 2nd day of July, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:      */s/ Patrick J. Murphy*
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400

Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 2nd day of July, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |

| | | |
|---|---|---|
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]<br>[ x ]<br>[ ]<br>[ ]<br>[ ] | U. S. Mail (prepaid)<br>CM/ECF Electronic Transmission<br>Overnight Delivery<br>Hand Delivery<br>Electronic Mail |

   */s/ Patrick J. Murphy*
      Patrick J. Murphy