**FILED**



3:13 pm, 7/17/24

**Margaret Botkins**
**Clerk of Court**

# United States District Court
## For The District of Wyoming

|  |  |
|---|---|
| BCB CHEYENNE LLC,<br><br>Plaintiff,<br>v.<br>MINEONE WYOMING DATA CENTER LLC, et al,<br><br>Defendants. | Civil No. 23-CV-0079-AJ |

## ORDER FOR MEDIATION

This matter having come before the Court pursuant to agreement by the parties for a mediation, and the Court finding that the requested relief should be granted, does now hereby ORDER that the parties appear before the Honorable Mark L. Carman, United States Magistrate Judge at 10:00 a.m. on **July 29, 2024,** for purposes of an in-person mediation for which the Court has set aside two days.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court will require the parties to follow and the procedures the Court typically will employ in conducting the mediation.

A.    **MEDIATION STATEMENTS**

By **July 25, 2024**, each of the parties shall submit a confidential mediation statement to the court (<u>not</u> filed), for the use of the Court in conducting the mediation, no more than twelve (12) pages, double spaced and not less than 12-point font, containing the following information:

1)    Concise statement of contentions regarding claims of breach of contract with references to contracts in the record;

2)    A simple timeline of significant events;

3)    Statement of each parties' claim for damages arising from alleged breaches of contract;

4)    The Court has extensive familiarity of the role of Plaintiff BCB and the MineOne defendants.  The parties shall provide a concise statement of the roles of the other named Defendants in the claims, their damages or asserted claims, and their role is potentially resolving this matter at mediation;

5)    a statement explaining the nature of any prior settlement negotiations;

6)    status of all sale transactions involving the North Range and Camp Stool properties;

7)    any agreements of involvement of CFIUS regarding the North Range and Camp Stool properties and significance of such matters to settlement in this matter; and

8)    a statement indicating the number and names of the participants expected to participate in the settlement conference and if any such parties anticipate appearing by Zoom.  If any parties are appearing by Zoom this Court will set up the conference and provide sign-in information to the parties prior to the mediation.

The report shall be submitted to the Court by email directly to mark_carman@wyd.uscourts.gov.

## B.    ATTENDANCE OF PARTIES REQUIRED

**Parties with settlement authority are required to personally attend the mediation.** An insured party shall appear by representative of the insurer who is authorized to negotiate, and who has authority to settle the matter.   The party or a designated representative shall have authority up to the limits of the opposing parties' existing settlement demand absent prior approval of the opposing party and the Court.  Each party shall appear by a representative who is authorized to negotiate, and **who has authority to settle the matter**.   Having a client with authority available by telephone is *not* an acceptable alternative.   Because the Court has set aside two days, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.  The Court is aware that this substantial mediation was set up on short notice and there are international implications.  Any concern or requests for exceptions to these requirements should be addressed to Judge Mark Carman's chambers.

## C.    MEDIATION FORMAT

The Court will conduct a joint session, followed by private caucusing by the Court with each side.  The Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute. The Court will not allow opening statements during the joint session.

The Court expects the parties to **address each other with courtesy and respect**. Parties are encouraged to be frank and open in their discussions.  As a result, statements

made by any party during the mediation are not to be used in discovery and will not be admissible at trial.

Dated this 17th day of July, 2024.

_____
Hon. Mark L. Carman
U.S. Magistrate Judge
United States District Court
District of Wyoming