

FILED

3:16 pm, 8/9/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | |
| Plaintiff, | |
| vs. | Civil No. 23-cv-079-ABJ |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CR YPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | |
| Defendants. | |

# ORDER ON PLAINTIFF'S EXPEDITED MOTION TO COMPEL DISCOVERY FROM THE MINEONE DEFENDANTS [214]

The Plaintiff filed its Motion to Compel on June 10, 2024 [Doc. 214] following receipt of leave to file during the informal discovery conference of June 6, 2024. [Doc. 210]. The Court ordered an expedited response to be filed by Defendants by June 19, 2024.

[Doc. 219]. Defendants filed their response on June 19, 2024. [Doc. 221]. Following review of the pleadings this Court scheduled oral argument on this motion, which occurred on July 11, 2024. [Doc. 270]. These discovery motions are interrelated to matters which this Court discussed with the parties during an informal discovery conference held on June 18, 2024. As reflected in the minutes of that meeting and with the guidance of the Court an agreement on some matters was achieved as reflected here.

1. Regarding relevancy the Plaintiffs will identify 10 days of Skype communications. Defendant MineOne will provide the Court with the redacted and unpredicted Skype messages for those dates which this Court will review in camera and based upon that review make a decision as the appropriateness of the redactions. Those documents shall be provided directly to Judge Carman's chambers for review by MineOne on or before the close of business on July 7, 2024.
2. MineOne will not be required to produce redactions related to the Ant Alpha loan.
3. MineOne will provide all non-privileged Skype messages which related to CFIUS for the time frame ending May 3, 2023.

In summary, Plaintiff seeks discovery regarding Defendants' allegations that it received loans from various entities which it is required to repay, and which enjoy priority over any damages as claimed by Plaintiff. More specifically the following four (4) categories are sought:

1. Loan and financing documents supporting assertions of Erik Rengifo that MineOne owes to lenders:

    a. approximately $4.15 million to Terra Crypto;

      b. approximately $3.67 million to Yu & Jing Investment LLC, Oriental Sun Enterprises LLC, Rising Sun Properties LLC, Intellectual International Capital LLC, and, BitGeek DT Group Limited; and

      c. approximately $2.6 million to Bitmain in repayment of prepaid hosting fees.

2. Draft of such documents.

3. Contemporaneous correspondence concerning the documents related to the discussions and negotiations concerning the documents, including unredacted WeChat and Skype messages.

4. Accounting journal and bank statements from Jay 1, 2022 to Mary 31, 2024 for MineOne defendants.

These financial matters were a subject of discussion in the briefing and arguments presented to the Court regarding Plaintiff's request for prejudgment writs of attachment and garnishment which were heard and ruled upon by this Court on June 26, 2024. [Doc. 264]. Substantial documents were exchanged between the parties in the days leading up to the hearing regarding the requested writs and as such are no longer subject to this motion. This order will address the outstanding discovery issues existing at this time.

The Plaintiff sought and was granted prejudgment writs of attachment and garnishment in the total amount of $15,529,165.00 by this Court[1]. [Doc. 254]. This amount allowed for the repayment of Defendant MineOne loan with AntAlpha Technologies

---

[1] The amount of the writs was subsequently reduced slightly by stipulation of the parties.

Limited in the approximate amount of $6.9 million as necessary to allow for Defendant MineOne's divestment of the property in accordance with President Biden's *Order Regarding the Acquisition of Certain Real Property of Cheyenne Leads by MineOne Cloud Computing Investment I L.P.* as issued on May 13, 2024 [Doc. 195-3] and generally referred to hereinafter as the "CIFIUS order"[2].

In that the writs have been granted the first question which this Court must address is the remaining relevance of the financial documents sought by Plaintiff. Plaintiff contends that these financial records are relevant to the trial in that the Honorable Alan Johnson so stated during his oral ruling on the granting of the writs. It is clear that these transactions were relevant to Defendant MineOne's argument that the sale proceeds were needed to pay such loans and as such should not be attached. Plaintiff asserted that these were not actual loans but capital contributions which are now being reclassified as loans. As such, Plaintiff asserts the amounts reflected in the loan documents were "camouflaged capital". With the writs granted what relevance do these documents retain? A review of the oral ruling at the conclusion of the hearing on the writs does not support Plaintiff's assertion that these financial documents will be addressed during the trial in this matter. The questions for trial are focused on the circumstances surrounding the alleged breach of contract, which each side contends was breached by the other. The priority of distribution of funds, if any, awarded at trial, is not a matter which this Court will decide during the trial of the merits of the claims.

---

[2] CIFIUS is the acronym for the Committee on Foreign Investment in the United States.

Absent subsequent pleadings this would resolve the issue of relevance. On July 8, 2024, MineOne Defendants (Mineone Wyoming Data Center LLC, Mineone Partners LLC and Terra Crypto Inc.) filed their *Motion, Pursuant to Wyoming Statute §1-15-204, for Hearing on Their Objections to the Amount of the Prejudgment Attachment Bond set in the Court's June 28, 2024 Order*. [Doc 267]. The MineOne Defendants assert that the $100,000 bond is not in compliance with the requirements of the Wyoming statute which require the amount of the bond to cover "the payment of all costs and damages which may be incurred or suffered by any party as a result of the wrongful issuance of the writ". W.S. §1-15-104(a). In doing so, Defendant MineOne reference the outstanding loans as set forth above as a portion of their basis of their potential losses. Whether the amounts are loans or capital contributions is relevant to this Court's ongoing consideration of the proper amount of the bond securing the writs as placed in issue by Defendant MineOne.

With relevance established. it is necessary to determine the proper scope of discovery to be allowed. The purported loan agreements have been provided by Defendants but raise some questions which would call for additional discovery. For example, the loan agreement with Yu & Jing Investment LLC, Oriental Sun Enterprises LLV and Rising Sun Properties [Doc. 267-5] sets forth the amounts borrowed as of April 23, 2024 at Doc. 267-5 page 3, and shows advances all of which occurred subsequent to the date the Loan Agreement was purported to be executed on April 23, 2023. The same is true of the Loan Agreement with BitGeek [Doc. 267-5 page 9-14] and the Loan Agreement with Intellectual International Capital LLC [Doc. 267-5 page 16-21]. The

authenticity of these Loan Agreements is a subject of proper discovery in so far as it relates to ongoing motion practice concerning the writs.

This is not to say that discovery as to all financial matters is opened. For example, the Plaintiffs have not at this time shown that discovery of all ledgers and checking accounts are appropriate or proportional at this time. But the Court is convinced that Plaintiffs are entitled to discovery regarding the authenticity of the Loan Agreements which would include discovery of drafts and records of negotiations concerning the creation and execution of the Loan Agreements.

A related issue concerns the Skype messages and this Court's review of sample redactions. The Court undertook a review of the Skype redactions for the dates of December 16, 2022, December 22, 2022, December 30, 2022, January 3, 2023, February 2, 2023, February 14, 2023, March 10, 2023, March 17, 2023, and March 24, 2023. The majority of the redactions address increasing concerns about funding the project and financing. Based upon the previous analysis such information is discoverable on the issue of determining the nature of monies obtained by MineOne Defendants. Very minor references occurred regarding the Securities and Exchange Commission (SEC) and appear to have no relevance. The final date contains discussion of information clearly related to reviewing the allegations of Plaintiff's complaint filed in the Wyoming Chancery Court on March 15, 2023. Such discussions are not relevant and impinge on both the Work Product Doctrine and the Attorney Client privilege.

The Court hereby GRANTS in part and DENIES in part *PLAINTIFF'S EXPEDITED MOTION TO COMPEL DISCOVERY FROM THE MINEONE DEFENDANTS*. Defendant MineOne is ordered to produce on or before August 23, 2024, the following documents:

1. All loan documents, investment documents, sales documents, lease documents, promissory notes, security documents and lien documents, including all drafts of such documents which relate to the purported loans as referenced in the declaration of Erick Rengifo paragraphs 64(b), 64(c) and 64(d). [Doc. 214-2]

2. All contemporaneous communications (unredacted) including email, Skype, WeChat and written which address the above referenced documents or financial matters involving capital contributions or loans as related to the Wyoming project which is the subject to this litigation.

3. All unredacted Skype messages addressing financial matters in any respect of MineOne and the Wyoming project which is the subject of this litigation.

Defendant MineOne is not required to produce, at this time, the following documents.

1. Skype redactions related to SEC or litigation communications occurring after the filing of the initial litigation in Wyoming Chancery Court.

2. Accounting journals and checking account records of MineOne.

_____
The Hon. Mark L. Carman
United States Magistrate Judge