

**FILED**
United States District Court
11:56 am, 8/13/24
Margaret Botkins
Clerk of Court

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**August 13, 2024**

Christopher M. Wolpert
Clerk of Court

———————————————

BCB CHEYENNE, LLC, a Wyoming limited liability company, d/b/a Bison Blockchain,

    Plaintiff Counter Defendant - Appellee,

v.

MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company,

    Defendant Counterclaimant - Appellant,

and

MINEONE PARTNERS, a Delaware limited liability company, et al.,

    Defendant Counterclaimants,

and

BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company, et al.,

    Defendants.

No. 24-8048
(D.C. No. 1:23-CV-00079-ABJ)
(D. Wyo.)

———————————————

**ORDER**

———————————————

    This matter is before the court on its own initiative following receipt and review of appellant MineOne Wyoming Data Center, LLC's docketing statement and this court's

initial review of the district court's docket. The court has identified a potential jurisdictional defect and is considering whether to summarily dismiss this appeal. 10th Cir. R. 27.3(B). Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

MineOne Wyoming seeks to appeal the district court's *Order Granting Request for Issuance of Prejudgment Writs of Attachment and Garnishment* [ECF No. 254] "only in so far as the Order granted the issuance of the prejudgment writs of attachment and garnishment of [MineOne Wyoming's] assets attached thereunder." [*See* ECF No. 302 (Am. Notice of Appeal)]. Following issuance of the order on appeal, the district court entered a *Prejudgment Writ of Attachment* [ECF No. 260] and a *Writ of Garnishment* [ECF No. 261], each of which have been twice amended [ECF Nos. 275, 276, 277, 293, 294, 295] and require Republic Title of Texas, Inc. "or other appointed person/entity" to transfer to the Clerk of the district court certain, identified proceeds from the sales of MineOne Wyoming's Campstool Facility and North Range Facility to CSRE Properties Wyoming, LLC.

The jurisdiction of this court is typically limited to "final decisions of the district courts." 28 U.S.C. § 1291; *see Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995). The district court has not entered a final judgment in the action underlying this appeal. Thus, if this court has jurisdiction over this appeal, it is by virtue of 28 U.S.C. § 1292(a)(1), as MineOne Wyoming notes in the docketing statement it submitted to this court.

Section 1291(a)(1) permits interlocutory appeal of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." "If the district court denotes its order as the grant or denial of an injunction, we treat it as coming within § 1292(a)(1)." *See Ditucci v. Bowser*, 985 F.3d 804, 808 (10th Cir. 2021). "But even if the order is not so denoted, it may still come under that provision" if the substance of the order is appropriately categorized as an injunction. *See id.* at 809.

However, "[s]ome orders that may appear to satisfy [the test for injunctions] are nevertheless not appealable under § 1292(a)(1). Relevant here, writs of attachment . . . are not appealable as injunctions." *See Ditucci*, 985 F.3d at 809. That is because, attachments—"even where coercive and designed to protect ultimate relief"—are considered to be legal remedies, not equitable ones, and "therefore are not 'injunctions' for § 1292(a)(1) purposes." *See id.* (citation and internal quotation marks omitted).

"If the Order is a writ of attachment, then it is unappealable." *See id.* at 810. If—and only if—the Order is <u>not</u> a writ of attachment is it appealable if it threatens a "serious, perhaps irreparable, consequence," and "can be effectually challenged only by immediate appeal." *See id.* at 811 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S 79, 84 (1981)).

It is MineOne Wyoming's burden to establish this court's appellate jurisdiction under § 1292(a)(2). *See United States v. Solco I, LLC*, 962 F.3d 1244, 1251 (10th Cir. 2020). Accordingly, on or before August 27, 2024, MineOne Wyoming shall file a written response to this order, addressing any basis in law for this court to exercise

3

jurisdiction over this appeal. In the alternative, MineOne Wyoming may either: (1) voluntarily dismiss this appeal, *see* Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which case the court will dismiss this appeal without further notice, *see* 10th Cir. R. 42.1.

                                          Entered for the Court

                                          CHRISTOPHER M. WOLPERT, Clerk