Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company,                        . | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF BCB'S RESPONSE TO DEFENDANT MINEONE'S MOTION TO STRIKE THE REPLY AFFIDAVITS OF MICHAEL MURPHY AND EMORY PATTERSON [ECF 309]

COMES NOW Plaintiff BCB Cheyenne LLC ("BCB"), through its counsel, and respectfully

serves its Response and Opposition to the MineOne Defendants' Motion to Strike the Affidavits of Michael Murphy and Emory Patterson [ECF 309].

# I.    <u>OVERVIEW</u>

The MineOne Defendants ("MineOne") present a conclusory, shotgun, and ill-supported motion to strike the Affidavits of Michael Murphy [ECF 305-2] and Emory Patterson [ECF 305-4] that BCB filed with its 7/31/24 Reply Brief [ECF 305] in support of its motion for discovery sanctions.    MineOne is not serious with its Motion to Strike.    Without support, MineOne conclusorily says these Affidavits "are replete with brand new factual claims and misrepresentations" [ECF 309, p. 2 of 8]; are "just the latest instance of litigation misconduct by BCB and its counsel" [*Id.*]; they do not contain "information within the affiant's personal knowledge" [*Id.* at 3 of 8]; they make "legal arguments and conclusions" [*Id.*]; "reference communications and documents [which] are not the specific subject matter of BCB's motion for sanctions" [*Id.* at 4 of 8]; "attempt to reach a conclusion of law that the MineOne Defendants are misrepresenting their relationship with [Mr. Zhang and Mr. Shao]" [*Id.* at 5 of 8]; they "make hearsay claims outside of the personal knowledge of the affiant and new legal arguments and conclusions" [*Id.*]; because "the Court previously struck improper reply affidavits from Michael and Emory that BCB submitted on Reply [ECF No. 251] [it] should do so again here" [*Id.*]; and "the Court should not consider new arguments raised in a reply." [*Id.* at 6 of 8].    Each of these arguments are misguided and unsupported.    And rather than specifically identifying which statements in the Affidavits should be stricken, MineOne instead asks the Court to strike the entire Affidavits. This is improper.

## ARGUMENT

### A.    The Only Reason the Court Struck Michael and Emory's June 24 Affidavits Is Not Presented Here.

The **only reason** the Court struck the June 24 Reply Affidavits of Michael and Emory is because BCB filed those Affidavits on June 24 – five days after the Court's June 19 deadline for designating all witnesses and exhibits for the June 26, 2024 evidentiary hearing.  Magistrate Judge Carman said:

> These affidavits were submitted subsequent to the [June 19, 2024] deadline for designation of exhibits for the evidentiary hearing of June 26, 2024.  They were not introduced or considered by the Court in the context of its decision on *Plaintiff's Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment*.

> IT IS HEREBY ORDERED that the affidavits of Michael Murphy and Emory Patterson (ECF Nos. 242-3 and 242-4) are stricken from the records in regard to this Court's consideration and ruling upon *Plaintiff's Amended Emergency Motion for Prejudgment Writs of Attachment and Garnishment*. [ECF 251].

They were late.  They were not stricken for any other reason.  They were not stricken because they were filed with a Reply Brief. They were not otherwise improper: they were just late.  Here, Michael and Emory's July 31 Affidavits are not late-filed. Affidavits are properly filed with Reply Briefs. *Daneshvar v. Graphic Technology Inc.*, 237 Fed. Appx. 309, 317-18 (10th Cir. 2007) ("[Appellant] only moved to strike the affidavit on grounds it was impermissibly attached to GTI's reply brief, an argument he repeats on appeal, and one that we reject . . . the district court's reliance on the Clary affidavit was proper, and the district court did not abuse its discretion in denying the motion to strike it").  These July 31 Affidavits were timely and properly filed and should be considered by the Court on the merits of BCB's Motion for Sanctions [ECF 269].

### B.    There is No Hearsay in These Affidavits.  They Contain Admissions of a Party Opponent Under Rule 801(d)(2), F.R.E.

In its Motion to Strike, MineOne says these Affidavits "make hearsay claims outside the personal knowledge of the affiant" [ECF 309 at 5 of 8], but MineOne never identifies any such

hearsay statement.  We are left to guess that what MineOne likely means, or refers to, are the written and oral statements made to both Emory Patterson and Michael Murphy by MineOne employee Haku Du and MineOne executive Jiaming Li describing Huaili Zhang and others as MineOne "employees." *See, e.g.* Emory Patterson's 7/31/24 Affidavit at ¶ 9; ("MineOne claimed and told BCB that "Huaili Zhang (Wiley) and Guangchao (Jack) are **MineOne employees** supervising the site progression") (emphasis added); and at ¶ 26 ("At no time did Defendants say these individuals are independent contractors or third-party vendors.  In all video calls and written communications, MineOne Defendants have consistently represented Huaili "Wiley" Zhang, Guangchao "Jack" Zhu, and Ziyao Shao, and their other team members as MineOne employees, staff, manager, MineOne team, MineOne staff, or MineOne team members"); *and see* Michael Murphy's 7/31/24 Affidavit at ¶ 6 ("At all times during the project, MineOne represented to BCB that Huaili Zhang was an "employee" and team member of MineOne, and that Mr. Zhang was sent to Cheyenne, WY by Chong Wang (MineOne's admitted beneficial owner of the North Range Project, *i.e.*, "the big boss" in China) to help with the project."); and at ¶ 21 ("There are numerous written examples of MineOne representatives referring to Huaili Zhang as a MineOne 'employee'" - *see* the 12/6/22 e-mail from Alice Shan at MineOne Partners to Michael Murphy, [ECF 269-8, at Page 4 of 8] ("Michael, I left a msg to Huaili on this issue.  Will let you know if any update.  The 6 person: *Huaili (Wiley) and Guangchao (Jack) are MineOne employees supervising the site progression*") (emphasis added); *and see* Michael Murphy's Affidavit at ¶ 21 ("MineOne representatives also made verbal representations to the BCB team that Huaili Zhang was a MineOne 'employee,' including but not limited to the following:

- On a November 16, 2022 call with BCB and several MineOne executives, *Huaili Zhang* was described as an engineer *and MineOne "employee"* who oversees several of MineOne's other mining operations. [and]

o On a December 16, 2022 call with BCB and several MineOne executives, Jiaming Li and Haku Du described Huaili Zhang (and several other individuals expected to arrive at the North Range Site the next day) as ***trusted MineOne "employees"*** with lots of mining experience that MineOne (including Mr. Wang) was sending to the site to help BCB)." (emphasis added).

These oral and written statements by MineOne employee Haku Du and MineOne owner/executive Jiaming Li about Huaili Zhang, Ziyao Shao and Jack Zhu being "MineOne employees" to BCB's Emory Patterson and Michael Murphy are ***not hearsay*** under Rule 801(d)(2), F.R.E. Instead, they are the admissions of a party opponent. "Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility as evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." *See* Rule 801, Advisory Committee Notes. "A substantial trend favors admitting statements related to a matter within the scope of the agency or employment." *Id.* All of Haku Du's and Jiaming Li's statements to Murphy and Patterson about Huaili (Wiley) Zhang and Jack Zhu being "MineOne employees" fit four of the five categories of being an "opposing party's statement" under Rule 801(d)(2)(A-D): they (A) were made by MineOne in an individual or representative capacity; (B) MineOne believed it to be true; (C) were made by a person who the party authorized to make a statement on the subject and/or (D) were made by MineOne's agent or employee on a matter within the scope of that relationship and while it existed. Rule 801(d)(2)(A-D), F.R.E. These statements are "not hearsay." They are admissible evidence against MineOne. They should not be stricken. Of course, MineOne does not provide this evidentiary analysis knowing, as it should, these statements of a party opponent are "not hearsay."

And these MineOne statements go to the very heart of BCB's motion for sanctions. Throughout this *litigation, MineOne's counsel* keeps saying Huaili Zhang was not a MineOne

4

employee, and that MineOne has no access to Huaili Zhang's e-mails, WeChat messages, or Skype messages. But before this lawsuit was filed, MineOne employees (*e.g.*, Haku Du) and MineOne's executive (Jiaming Li) represented to BCB that Huaili Zhang and Jack Zhu were MineOne "employees." The Court should accept MineOne's written and oral communications to BCB – made when there was no litigation and when MineOne had every reason to be truthful to BCB – instead of their attorney's post-litigation protestation that Huaili Zhang was not a MineOne employee. When the Court rules on BCB's Motion for Sanctions [ECF 269], it should do so knowing that Huaili Zhang, Jack Zhu and Ziyao Shao were MineOne employees, and MineOne has intentionally refused to produce Mr. Zhang's e-mails, WeChat, and Skype messages. MineOne's representations to BCB, made during the regular course of this project, are admissible statements against MineOne's [litigation] interests. They are not hearsay. They are substantive admissible evidence.

### C. Michael and Emory's 7/31/24 Affidavits are *Not* Replete with Brand New Factual Claims.

The **only** new claim or evidence presented in Michael Murphy's 7/31/24 Affidavit – which was not presented with BCB's July 10, 2024 Motion for Sanctions – is Michael's analysis of the December 20, 2022 contract between "JWJ Technology LLC (which appears to be managed and is likely owned in whole or in part by Huaili Zhang) [and MineOne] in an effort to show Huaili Zhang is not a MineOne employee (even though during the project MineOne represented to BCB that Huaili Zhang was a MineOne 'employee')." *See* Michael Murphy Affidavit at ECF 305-2, Page 3 of 12, and his analysis of that purported contract at ¶¶ 4-23. Critically, MineOne first produced this 12/20/22 contract to BCB on July 22, 2024, twelve days **after** BCB filed its July 10, 2024 Motion for Sanctions. MineOne hid this dispositive 12/20/22 contract from BCB throughout this case – until July 22, 2024. According to this JWJ/MineOne contract, "JWJ replaced BCB as the Phase 2 O&M Service Provider only three days after Mr. Zhang arrived at the North Range site (on

December 20, 2022)" *Id.* at ¶ 16.   MineOne's July 22, 2024 "production of the Zhang O&M Agreement shows that MineOne breached its agreements with BCB as early as December 20, 2022 (when MineOne contracted with Mr. Zhang through JWJ, to provide the Phase 2 O&M Services at the North Range site), and MineOne intentionally kept the Zhang O&M Agreement a secret from BCB so that MineOne could keep BCB working on the project." *Id.* at ¶ 14.   Where, as here, MineOne's [7/22/24] "production of the alleged Zhang O&M Agreement shows that (a) MineOne has been intentionally withholding critical evidence (*i.e.*, the Zhang O&M Agreement itself) and (b) continues to withhold critical evidence (*i.e.*, the contemporaneous communication leading to the Agreement) these intentional acts support BCB's Motion for Sanctions." *Id.* at ¶ 16.   And "despite MineOne's significantly delayed production of the Zhang O&M Agreement (which MineOne likely just produced in a misguided effort to show that Huaili Zhang is not a MineOne employee) and continued withholding of related additional critical evidence, MineOne represented to BCB during the North Range project, and as late as May 24, 2024, that Huaili Zhang was a MineOne employee and/or staff." *Id.* at ¶ 20.

Where, as here, Michael's Reply Affidavit testimony concerns evidence which MineOne belatedly produced 12 days **after** BCB filed its Motion for Sanctions for the purpose of rebutting BCB's showing that "Wiley" Zhang and "Jack" Zhu were not MineOne employees (to avoid the obligation MineOne has to provide those employees' communications), BCB properly submitted Michael's 7/31/24 Affidavit to explain the significance of MineOne's late production and its effect on BCB's Motion for Sanctions.

Emory Patterson's Affidavit contains the needed evidentiary rebuttal of MineOne's *Response* litigation averments that several of MineOne's employees, including Huaili Zhang, aren't MineOne "employees."   They were MineOne "employees."   And Emory properly provided the needed evidentiary rebuttal in his Reply Affidavit.   For example, in Paragraph 17 of his Affidavit,

Emory describes the December 16, 2022 early morning video call with MineOne executives where Emory "inquired more about these 6 employees now expected to arrive at the North Range site." Emory then testifies to what MineOne's Jiaming Li and Haku Du told Emory on that call.

> Jiaming Li and Haku Du described them as ***trusted MineOne employees*** who have a lot of mining experience and that MineOne executives, including Mr. Wang, had decided to send them to the North Range site to better understand the Vendor delays and help speed things up.

*Id.* at ¶ 18 (emphasis added).

This is ***not*** "new arguments and claims" (as MineOne mistakenly suggests in its Motion to Strike). Instead, this is proper rebuttal to MineOne's mistaken assertions in MineOne's *Response.*

### D.   The December 20, 2022 Contract is the Only Communication or Document Not Mentioned in BCB's 7/10/22 Motion for Sanctions.

MineOne also argues that these Affidavits should be wholly stricken because they "reference communications and documents [which] are not the specific subject matter of BCB's motion for sanctions." As described above, the ***only*** document in Michael's Reply affidavit that was "not the specific subject matter of BCB's motion for sanctions" is the December 20, 2022 contract between JWJ Technology LLC and MineOne. Because this JWJ/MineOne contract was first produced by MineOne twelve days ***after*** BCB filed its Motion for Sanctions, BCB knew nothing about it when BCB filed its sanctions motion. MineOne produced that contract in an apparent effort to rebut BCB's sanctions motion showing that Huaili Zhang was a MineOne "employee," and BCB properly submitted Michael's Reply Affidavit to demonstrate MineOne's contrived litigation *Response* assertion that Huaili Zhang is not a MineOne "employee."

### E.   These Affidavits Simply State What MineOne Told BCB About Huaili Zhang and Other MineOne Employees: They Do Not Suggest Conclusions of Law.

MineOne criticizes Michael's and Emory's Affidavits because they "attempt to reach a conclusion of law that the MineOne Defendants are misrepresenting their relationship with [Mr.

Zhang and Mr. Zhu]." [ECF 309, page 5 of 8]. This is not the case. Employment representations are a matter of <u>fact</u>, not a conclusion of <u>law</u>. Michael's and Emory's Affidavits recite *what MineOne told Michael and Emory* about Mr. Zhang and Mr. Zhu being "MineOne employees." Their Affidavits do not make any legal conclusion about their employment with MineOne. They simply state the <u>fact</u> that Haku Du and Jiaming Li <u>told Michael and Emory</u> – in multiple written and oral communications – that Huaili Zhang, Ziyao Shao and Jack Zhu were "MineOne employees." Better than anyone else, Jiaming Li and Haku Du would know who were – and who were not – "MineOne employees."

Now, in this litigation, MineOne and its counsel are desperately running from MineOne's 2022/2023 representations (of fact) that Mr. Zhang and Mr. Zhu were "MineOne employees." They do this to avoid having to produce Huaili Zhang's and Jack Zhu's project communications (because MineOne, as their employer, would have to collect and produce its employees' relevant communications), and MineOne seeks to avoid any of that production. This is why BCB filed its Motion for Sanctions.

**F.      Michael and Emory's Affidavits Contain Their Personal Knowledge.**

To support an argument that the Court should strike these Affidavits, MineOne also asserts the Affidavits do not contain "information within the Affiants' personal knowledge." This is not the case. A close analysis of their Affidavits demonstrates that their Affidavits contain information within Michael's and Emory's personal knowledge.

Everything in Emory's Affidavit describes what he has seen, been provided with, said, been told, or understands from reading documents. The same is true for Michael's Affidavit testimony. Michael's testimony focuses on the December 20, 2022 contract that was first provided to BCB on July 24, 2024. But his Affidavit also recites other communications Michael has seen, been provided with, things he was told, or understands from reading documents. Nothing in either Affidavit is

objectionable.  None of it should be stricken.

## CONCLUSION

For all these reasons, the Court should decline MineOne's misguided invitation to strike the July 31, 2024 Reply Affidavits of Michael Murphy and Emory Patterson.  Instead, the Court should consider their Affidavits and then grant BCB's *Motion for Sanctions*.  Since February 2024, MineOne has backtracked on MineOne's own written representations and evidence that Huaili Zhang was a MineOne "employee," and used its new litigation position – *i.e.*, he was now a mere "consultant" – to block BCB from receiving Mr. Zhang's e-mails, Skype messages, and WeChat messages, and even going so far as to block BCB from deposing Mr. Zhang.  The Court should now grant BCB's *Motion for Sanctions.*

DATED this 15th day of August, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:   /s/ Patrick J. Murphy
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 15th day of August, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>*David* Iden, *Pro Hac Vice*<br>Kaitlyn Farrell, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [   ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[   ]   Overnight Delivery<br>[   ]   Hand Delivery<br>[   ]   Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [   ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[   ]   Overnight Delivery<br>[   ]   Hand Delivery<br>[   ]   Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy