Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
        smurray@wpdn.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF BCB'S EMERGENCY MOTION FOR A PROTECTIVE ORDER, QUASHING MINEONE'S AUGUST 2024 SUBPOENAS ON PASSIVE INVESTORS OF BCB, FOR THE SANCTION OF DEFAULT AGAINST MINEONE WYOMING DATA CENTER LLC, FOR THE AWARD OF BCB'S ATTORNEY FEES DEFENDING AGAINST THESE HARASSING SUBPOENAS, AND FOR REVOCATION OF THE COURT'S *PRO HAC VICE* ADMISSION OF MINEONE'S NEW YORK CITY COUNSEL, PAULA K. COLBATH.

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB"), through its

counsel, Patrick Murphy,  and hereby submits Plaintiff's Emergency Motion for a Rule 26(c)

protective order, and to (a) quash Defendant MineOne Wyoming Data Center LLC's ("MineOne") August 2024 subpoenas on passive investors of BCB in the states of Illinois, Ohio, Tennessee, and Florida; (b) for the sanction of default against MineOne on its Plaintiff's First Amended Complaint, and MineOne's Answer and Counterclaims; (c) for an award of BCB's attorney fees incurred to resist these harassing, irrelevant, and unduly burdensome foreign subpoenas on BCB's passive investors in Illinois, Ohio, Tennessee, and Florida, and for the revocation of the Court's *pro hac vice* admission of MineOne's New York City counsel, Paula K. Colbath, who issued, or caused to be issued, these vexatious, unduly burdensome, and harassing subpoenas.

## I.  PRELIMINARY STATEMENT

What Paula Colbath and MineOne did late Friday afternoon, August 16, 2024 is contemptuous and an abuse of the discovery process this Court should not allow. Without any prior notice to Plaintiff's counsel, and without even attempting to confer with Plaintiff's counsel, Paula Colbath emailed all counsel at 4:50 p.m. on Friday, August 16, 2024 with seven subpoenas she intends to serve on three individuals in Illinois, Tennessee, and Florida setting depositions for Friday August 23, 2024 in Chicago, Illinois, Greenville, Tennessee, and Miami Beach, Florida, for 9:00 a.m, 1:00 p.m., and 3:00 p.m. that day (without providing for Zoom) commanding them to produce documents that day (8/23/24), and commanding Black Hills Energy to provide multiple documents that same day. Ms. Colbath made no effort – as she is required to do – of  "taking reasonable steps to avoid imposing undue burden on a person subject to a subpoena." Rule 45(d)(1), F.R.Civ. P. With these newest foreign subpoenas on BCB's passive investors, Paula Colbath and MineOne engaged in wrongful litigation behavior ("lawfare") by using the legal system to harm, harass, and coerce third persons for improper means. The information Ms. Colbath and MineOne seek should be sought *only* from BCB – not from 'BCB's members of a member CMV Global LLC,' who are mere passive investors. The Court should (1) grant a protective order stopping any of MineOne's six depositions of foreign residents and

precluding those deponents' production of any of the subpoenaed documents; (2) quash the Illinois and Ohio subpoenas for August 22; (3) quash all of the subpoenas for August 23; (4) enter the sanction of default against MineOne; (5) award BCB all of its attorney fees for resisting these subpoenas; and (6) revoke this Court's permission for Paula Colbath to practice law *pro hac vice* in this Wyoming Federal Court lawsuit. This litigation discovery abuse – this New York City style lawfare – must end.

## II.  FACTUAL/PROCEDURAL HISTORY

1.  On August 21, 2023, nearly one year ago, Plaintiff BCB filed its Amended and Second Supplemental Corporate Disclosure Statement. [ECF 42].  In that disclosure statement, BCB identified CMV as one of the seven "members" of BCB. *Id*.

2.  Bayview Capital Investments, LLC ("Bayview") is the sole managing member of CMV.  *See* James Quid's 8/21/23 Affidavit at ¶ 2.  [ECF 42-1].

3.  CMV is, and has been, a member of Plaintiff BCB since January 16, 2022.  *Id*. at ¶ 4.

4.  As one of the two managing members of Bayview, which is the sole managing member of CMV, James Quid "knows each and all of the members of CMV Global, LLC." *Id*.

5.  James Quid provided a list of all the corporate and individual members of CMV.  *See* ECF 42-1. This list is reproduced on the following page.

[The Rest of This Page is Intentionally Left Blank]

## EXHIBIT 1-A

| CMV Global, LLC | |
|---|---|
| Member | Domicile |
| Lucas Clarke | Colorado |
| Tim Desrochers | Colorado |
| Beth Edwards | Illinois |
| Brennan Edwards | Florida |
| Ryan Edwards | Florida |
| Todd Edwards | Florida |
| Bryce Fincham | Ohio |
| Alan Firetto | Arizona |
| Arvind Greesh | New Hampshire |
| Zach Ihde | Illinois |
| James Lord | Illinois |
| Julie Lord | Illinois |
| Connor Morgan | Illinois |
| Martin Morgan | Illinois |
| Barney Patsel | Tennessee |
| Kalani Patsel | Japan |
| Lee Patsel | Kentucky |
| Jennifer Peters | Colorado |
| Josh Post | Illinois |
| Gregory Quid | Illinois |
| Aleksander Rendtslev | Portugal |
| Brian Stone | Tennessee |
| Nicole Valenzuela | Illinois |
| Bayview Capital Investments, LLC | |
| James Quid | Illinois |
| Jessica Quid | Illinois |
| Diversey Real Estate, LLC | |
| Jack Krasaeath | Illinois |
| QL Holdings, LLC | |
| Ryan Quid | Illinois |
| Sean Lahart | Illinois |
| Riberia, LLC | |
| Anthony Rein | Arizona |
| Rivers End Realty Group, LLC | |
| Arvind Greesh | New Hampshire |
| David Palma | New Hampshire |
| Sul Cap, LLC | |
| Anthony Sullins | Arizona |
| PBGG Investments, Inc. | |
| Incorporated in Illinois | |
| Principal place of business in Illinois | |

| Bayview Capital Investments, LLC | |
|---|---|
| Member | Domicile |
| James Quid | Illinois |
| Jessica Quid | Illinois |

6.  Todd Edwards, domiciled in Florida, is identified as an individual member of CMV. *Id.* Todd Edwards is not a member of BCB (nor has he ever been).

7.  Barney Patsel, domiciled in Tennessee, is identified as an individual member of CMV. *Id.* Barney Patsel is not a member of BCB (nor has he ever been).

8.  James Quid resides with his wife and children in Naperville, Illinois [ECF 42-1].  James Quid founded and organized CMV and Bayview. *Id.*

9.  James and Jessica Quid are the only two members – and the managing members – of Bayview [ECF 42-1 at page 3 of 14].  Bayview first became a member of BCB on May 6, 2023, three days *after* this Federal Court lawsuit was filed. *Id.* at ¶ 5.

10. None of these aforementioned people or limited liability companies – James Quid, Barney Patsel, Todd Edwards, CMV Global LLC, and Bayview Capital Investments LLC – have any role or voice in the operation, management or control of BCB.  Nor have they ever.  Neither does CMV member Bryce Fincham, an orthopedic surgeon in Columbus, Ohio (though Paula Colbath and MineOne served subpoenas on Dr. Fincham on August 5, 2024, and seek to depose Dr. Fincham on August 22, 2024, again without conferring with Patrick Murphy about those subpoenas or that August 22, 2024 deposition date).  All of these four (4) individuals, and two limited liability companies, are mere passive investors of CMV Global LLC and/or BCB.  Yet Paula Colbath and MineOne have served, or now seek to serve, document and deposition subpoenas on all of them for August 22 and 23, 2024.

11. Paula Colbath and MineOne seek to cram deposition subpoenas of these Illinois, Ohio, Tennessee and Florida investors down BCB's and these passive investors' throats, on wholly unreasonable short notice, and without ever conferring about these subpoenas and the date of these individuals' depositions, to harass BCB, BCB's counsel, wildly run up BCB's costs to prepare for and defend these depositions in four distant states (with no provision for Zoom attendance), when all of this irrelevant information is available from the Party Plaintiff in this case, BCB.  Paula Colbath and

MineOne are running roughshod over this admonition in Rule 26(b)(2)(c) of the Federal rules of Civil

Procedure:

> The Court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Rule 26(b)(2)(C); *and see McKinney v. Granite Peak Fabrication, LLC*, No. 19-CV-266-J, 2021

WL 7252981, at * 5 (D. Wyo. Aug. 24, 2021) (Rankin, J.).

12. Paula Colbath is also cramming these August 22 and 23, 2024 deposition dates down BCB's

throats because she is taking her "vacation" on August 26 - September 3, 2024.

13. BCB has already incurred significant legal fees from local counsel in Illinois and Ohio to resist

and oppose MineOne's vexatious subpoenas to Dr. Fincham, Bayview Capital Investments, LLC and

CMV Global, LLC.  And now, if the Court does not quash these newest Illinois, Tennessee, and Florida

subpoenas, BCB will be forced to hire more local counsel in these states – for tens of thousands of

dollars -  to defend these depositions and assist with any document production.  All of this is very

expensive and so burdensome, vexatious, irrelevant, and wrongful.  It constitutes Paula Colbaht's and

MineOne's abuse of the discovery process.

14. At 4:50 p.m. MDT on Friday, August 16, 2024, Paula Colbath served counsel with her and

MineOne's "Notice of Intent to Serve Subpoena and Subpoena Duces Tecum," together with a

"Subpoena to Testify in a Civil Action" on Naperville, Illinois resident James Quid. *See* "**Exhibit A**."

The subpoena commanded James Quid to produce a litany of documents, and appear for his deposition

on Friday, August 23, 2024 at 9:00am CDT. *Id.*  MineOne's "Exhibit A" page attached to the subpoena

lists the same six categories of documents that MineOne served on Ohio resident Bryce Fincham, M.D.

on August 5, 2024 and the same six categories of documents MineOne served on CMV Global LLC

and Bayview Capital Investments LLC, in Illinois, on August 5, 2024.

15. James Quid has not yet been served with the two August 16, 2024 subpoenas as of the time this Emergency Motion is being filed on Sunday, August 18, 2024.

16. At 4:50 p.m. MDT on Friday, August 16, 2024, Paula Colbath also served counsel with her and MineOne's "Notice of Intent to Serve Subpoena and Subpoena Duces Tecum," together with a "Subpoena to Testify in a Civil Action" on Miami Beach, Florida resident Todd Edwards. *See* **"Exhibit B."** The subpoena commands Todd Edwards to produce the same litany of documents, and appear for his deposition on Friday, August 23, 2024 at 1:00 p.m. EDT. *Id*. The "Exhibit A" page attached to the subpoena lists the same six categories of documents that MineOne served on Ohio resident Bryce Fincham, M.D., CMV Global LLC, Bayview Capital Investments LLC, and James Quid.

17. On information and belief, Todd Edwards has not been personally served with his subpoena as of the time this Emergency Motion is being filed on Sunday, August 18, 2024.

18. At 4:50 p.m. MDT on Friday, August 16, 2024, Paula Colbath also served counsel with her and MineOne's "Notice of Intent to Serve Subpoena and Subpoena Duces Tecum," together with a "Subpoena to Testify in a Civil Action" on Greenville, Tennessee resident Barney Patsel. *See* **"Exhibit C."** The subpoena commands Barney Patsel to produce the same litany of documents, and appear for his deposition on Friday, August 23, 2024 at 3:00 p.m. EDT. *Id*. The "Exhibit A" page attached to the subpoena commands Mr. Patsel to produce the same six categories of documents that MineOne served on Ohio resident Bryce Fincham on August 5, 2024, and the same six categories of documents MineOne served on CMV Global LLC and Bayview Capital Investments LLC, in Illinois, on August 2, 2024, and on James Quid (Illinois) and Todd Edwwards (Tennessee) in their newest (August 16) subpoenas.

19. On information and belief, Barney Patsel has not been personally served with his subpoena as of the time this Emergency Motion is being filed on Sunday, August 18, 2024.

20. Rule 30.1(a) of the Local Rules of the United States District Court for the District of Wyoming provides as follows:

(a) Reasonable Notice.  Unless otherwise ordered by the Court, "Reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30(b)(1) shall not be less than fourteen days, as computed under Fed. R. Civ. P. 6.  Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner.

21. Paula Colbath and MineOne have violated Local Rule 30.1 with respect to all of the deposition subpoenas they have served, or now seek to serve, on these Illinois, Ohio, Tennessee and Florida residents.  Paula Colbath and MineOne never made any effort to "make a good faith effort to schedule [these depositions] in a convenient and cost-effective manner."  Ms. Colbath and MineOne never asked BCB's counsel if they could depose Dr. Fincham, CMV Global, LLC, or Bayview Capital Investments, LLC on August 22, 2024.  Ms. Colbath and MineOne unilaterally set those depositions on August 22, 2024 without any prior notice to, or conferral with, BCB or its counsel.  Ms. Colbath and MineOne never asked BCB's counsel if they could depose James Quid, Barney Patsel, or Todd Edwards on Friday, August 23, 2024.  Instead, Ms. Colbath and MineOne unilaterally set those three depositions, all in different states, on August 23, 2024 without any prior notice to, or conferral with, BCB or its counsel.

22. Paula Colbath and MineOne have unilaterally set the depositions of Todd Edwards, James Quid and Barney Patsel for ***less than seven (7) days*** from the date they first produced "notice" of these depositions to BCB and BCB's counsel (or to these three witnesses).

23. Ms. Colbath and MineOne made **zero effort** to seek to accommodate BCB, BCB's counsel, or any of these three foreign deponents. Ms Colbath never even inquired as to: (a) Whether Patrick Murphy is available on August 23, 2024 (he is not because he is defending a defendant's deposition in Cheyenne that day on another case in Judge Johnson's Court); (b) whether James Quid, Barney Patsel, and Todd Edwards are even available to give depositions on August 23, 2024; (c) what steps Ms. Colbath and

MineOne could take to "avoid imposing undue burden or expense,"[1] on James Quid, Todd Edwards, and Barney Patsel; and (d) what possible day, or days, Mr. Murphy and each of these out-of-state citizens are available for these proposed depositions.

24. Paula Colbath and MineOne provided BCB and Bitmain Georgia with only seven days "notice" of these proposed out of state depositions on August 23, 2024. This violates the required fourteen (14) days notice in Local Rule 30.1. All of these depositions should be quashed for this reason alone.

25. In addition to not conferring with the existing parties, Paula Colbath and MineOne have not provided James Quid, Todd Edwards, or Barney Patsel a reasonable amount of time to comply with their proposed document production. Rule 45(c)(2)(B) sets the reasonable time as fourteen (14) days after service of the subpoena. But Ms. Colbath and MineOne have provided these Illinois, Tennessee and Florida citizens less than seven (7) days – and less than five (5) business days – to collect and produce documents. *See Brown v Hendler,* No. 09 –CV–4486, 2011 WL 321139 at * 2 (S.D. N.Y. Jan. 31, 2011) (citing cases noting that courts found compliance times of seven and eight days to be unreasonable). Five business days is *per se* unreasonable.

26. Paula Colbath knows how to notice a Zoom Deposition. She did it when she took the lengthy deposition of Tim Desrochers back on April 22, 2024. Yet Ms. Colabth purposely did not notice Dr. Fincham, CMV Global, Bayview Capital Investments, James Quid, Todd Edwards, or Barney Patsel as Zoom depositions. She noticed them as regular depositions – on the same days – knowing that BCB's counsel, Patrick Murphy, can't possibly cover these foreign depositions himself, and that BCB will be forced to find and retain local counsel in these four states, prepare those Illinois, Ohio, Tennessee and Florida counsel on the details and intricacies of this litigation, move their admission to practice *pro hac*

---

[1] Rule 45 governs subpoenas. Rule 45(d)(1) says: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The Court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earning and reasonable attorneys' fees – on a party or attorney who fails to comply."

*vice*, pay their *pro hac* fees, and incur tens of thousands of dollars having these foreign lawyers defend these irrelevant, vexatious, and unduly burdensome depositions. This is intentional lawfare by Paul Colbath. She seeks to make this litigation as costly and time consuming as possible for BCB, all in an effort to force BCB to accept less money than what BCB deserves. This is the definition of abuse of the discovery process.

27. Aside from these fatal **procedural** violations, none of these August 2024 document subpoenas to "members of a member" – and to mere passive investors of BCB Cheyenne LLC – have **substantive** merit. BCB carefully explained this in its August 16, 2024 letter (and exhibits) to Magistrate Judge Stephanie Hambrick.

28. These subpoenas are facially overbroad, irrelevant, unduly burdensome, and oppressive. These three LLC passive investors are analogous to shareholders in a corporation. In litigation against the corporation, plaintiffs are not allowed to subpoena the shareholders for documents or depositions. And these Ohio, Illinois, Tennessee, and Florida LLC investors should not be subjected to these obtrusive subpoenas.

29. MineOne argues that it is entitled to discovery of all these investment documents because "BCB emptied its bank accounts – making itself suddenly and strategically judgment proof . . . BCB knew lawsuits were likely on the horizon . . . the MineOne Defendants are entitled to discovery regarding BCB's dissipation of assets."

30. No, they are not. And there was never any "dissipation of assets." As Michael Murphy volunteered to MineOne's counsel on August 12, this is the information regarding the investments and return thereof:

- CMV Global raised $2.65M in early January 2022 (including $1M from Dr. Bryce Fincham), executed a Unit Purchase Agreement with BCB on January 16, 2022 for 2,650 Class C units, and then sent the $2.65M to BCB on January 18, 2022 (see attached PDF) in return for 2,650 Class C membership units.

- After this, CMV Global raised another $350k for investing into BCB. CMV executed a Unit Purchase Agreement with BCB on January 17, 2022 for 200 additional Class C units, and CMV executed a Unit Purchase Agreement with BCB on June 30, 2022 for an additional 150 Class C units. CMV sent the $350k for these additional 350 Class C units to BCB on July 18, 2022 (see attached PDF).

- BCB and CMV signed a Membership Interest Redemption Agreement on August 8, 2022 in which CMV redeemed 350 Class C membership units (which had originally been bought for $350k). BCB returned $350k to CMV on August 10, 2022 to redeem and assume these 350 Class C membership units.

- BCB passed a Corporate Resolution on February 7, 2023 to return the remaining $2.65M of CMV's initial capital contributions to CMV (while CMV would continue to hold its remaining 2,650 Class C membership units). BCB sent the $2.65M to CMV on February 10, 2023 (see attached PDF).

- BCB and Bryce Fincham executed a Unit Purchase Agreement for 100 Class D membership units on May 13, 2023 (with an effective date of May 1, 2023). Bryce Fincham deposited $10 to purchase these units on May 15, 2023. These units were provided to Dr. Fincham as a bonus for him investing $1M into CMV in January 2022.

- BCB and Bayview Capital Investments executed a Unit Purchase Agreement for 150 Class D membership units on May 24, 2023 (with an effective date of May 6, 2023). These units were provided to Bayview Capital Investments as a performance incentive for Bayview Capital raising $3M through CMV Global to invest in BCB.

Dr. Fincham's 100 Class D units and Bayview Capital's 150 Class D units currently represent 0.167% and 0.250% ownership interests in BCB, respectively. Neither Dr. Fincham nor Bayview Capital had (or currently have) anything to do with BCB's management or operations. Dr. Fincham and Bayview Capital are passive investors with very minimal direct ownership in BCB. Further, given that Dr. Fincham and Bayview Capital executed their respective Unit Purchase Agreements after May 3, 2023, neither Dr. Fincham nor Bayview Capital were BCB members as of the May 3, 2023 filing of BCB's Federal Court lawsuit, and as such, are outside the scope of allowable discovery. Bryce Fincham, Bayview Capital Investments, and/or CMV Global did not provide any monies, investments,

contributions, transfers, loans, payments, or other consideration to Michael Murphy, Emory Patterson, Neil Phippen, and/or BCB Ventures LLC. *See* Patrick Murphy's 8/12/24 Conferral Letter to Paula Colbath, **"Exhibit D".**

31. Patrick Murphy told MineOne's counsel that she "can certainly examine BCB's Michael Murphy about any or all of the above information when you depose him – to confirm its truth." *Id.* Factually and by way of context, Bayview Capital Investment LLC ("Bayview"):

- is a private equity firm owned and operated by James Quid and Jess Quid;
- formed CMV Global, LLC ("CMV") and raised funds from accredited investors into CMV for investing into BCB Cheyenne LLC ("BCB");
- is the managing member of CMV;
- received 150 Class D units in BCB as a performance bonus for raising $3M in CMV and CMV investing that $3M into BCB; and
- is a passive member/investor in BCB, has no role or involvement in the management or operations of BCB, and its 150 Class D units in BCB currently represent a 0.25% membership interest in BCB.

32. Additionally, CMV Global, LLC ("CMV"):

- was formed by Bayview Capital Investments LLC ("Bayview") for the sole purpose of investing funds into BCB Cheyenne LLC ("BCB");
- is managed by Bayview;
- had $3M invested into it, which CMV then invested into BCB in return for 3,000 Class C units of BCB; and
- is a passive member/investor in BCB, has no role or involvement in the management or operations of BCB, and currently holds 2,650 Class C units of BCB, which represent a 4.417% membership interest in BCB.

33. These six subpoenas to passive investors Bryce Fincham, CMV Global, LLC and Bayview Capital Investments, LLC are another one of MineOne's discovery fishing expeditions meant to harass and intimidate BCB's passive investors (like MineOne earlier did with Tim Desrochers for jurisdictional purposes). BCB has not sent subpoenas to the passive investors/members of MineOne Wyoming Data

Center, LLC, and MineOne should not be doing that to BCB's passive investors and/or members. Just as parties would not be allowed to serve discovery subpoenas on the shareholders of a corporation in a case where the corporation is the party Plaintiff or Defendant, MineOne is not allowed to serve discovery subpoenas on the investors of BCB, a limited liability company. To do otherwise is simply lawfare and inconsistent with Rule 1 of Federal Rules of Civil Procedure ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

34. The document subpoenas are also facially overbroad in their requests to passive investors Bryce Fincham, James Quid, Todd Edwards, Barney Patsel, CMV Global, and Bayview Investments. None of the document subpoenas contain Judge Rankin's May 3, 2023 discovery cutoff date for production of any communications or documents. The following four examples demonstrate how Paula Colbath and MineOne command these subpoena recipients to produce communications and documents that were generated long after this case was filed on May 3, 2023. This is a *per se* violation of this Court's discovery parameter. At the very least Ms. Colbath and MineOne should have limited their subpoena document requests to documents generated before May 3, 2023 (but they intentionally did not, as the Court can see). With these subpoenas MineOne seeks:

- All documents showing the use and current location of any monies, investments, contributions, transfers, loans, payments, or other consideration given to you (or to any of your agents, affiliates, and/or members) by the individuals and/or entities referred to in (a)-(i) above.
- All documents relating to the operations and business activities of BCB, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.
- All documents relating in any way to the North Range and/or Campstool sites in Cheyenne, Wyoming; and
- All documents relating to or mentioning any of the Defendants or this action.

[ECF 306, 307 and 308].

35. In Ms. Colbath's August 12, 2024 letter to Judge Hambrick and Judge Carman, she makes libelous accusations against Patrick Murphy. She said Mr. Murphy's representation of BCB members and/or passive investors Bryce Fincham, Tim Desrochers, CMV Global, LLC, and Bayview Capital Investments, LLC "raises serious concerns of witness tampering and interference." This is untrue and Ms. Colbath knows it is untrue. A lawyer making these untruthful and false allegations against Patrick Murphy should not be allowed to practice in this Court.

36. On July 19, 2023, Sean Larson moved the admission of Paula K. Colbath from New York City to appear and participate as attorney for the MineOne Defendants in this Wyoming suit *pro hac vice*. [Doc. 31].

37. The following day, Magistrate Judge Rankin entered the Court's order admitting Paula K. Colbath "to practice for this Court for all purposes in this matter." [Doc. 33].

38. This is the second  motion for sanctions that Plaintiff BCB has had to file against Defendant MineOne Wyoming. BCB filed its First Motion for Sanctions against MineOne on July 10, 2024 [Doc. 269]. The briefing on that motion is complete and is under advisement with the Court.

### III.  ARGUMENT

39. Rule 26(c)(1) says, "the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one of more of the following:

(A) Forbidding the disclosure of discovery…"

40. Rule 26(c) says the motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* Patrick Murphy's conferral certification is in the next paragraph.

41. Paula Colbath and MineOne served notice of these seven (7) subpoenas on Friday, August 16, 2024, at 4:50 p.m. On Sunday morning, August 18, 2024, Patrick Murphy emailed Paula Colbath, in

good faith, asking if she and MineOne would consent to the relief being requested in this Emergency

Motion. Subsequently, Ms. Colbath declined Mr. Murphy's requested relief and proposed Emergency

Motion.

42. Local Rule 37.1(d) provides further guidance. These [purposed] depositions are stayed pending

this Court's further order. Local Rule 37.1(d) says:

> (d)      Motion to Quash Deposition Notice and Motion for Protective Order
>
> Pending resolution of any motion under Fed. R. Civ. P. 26(c), 30(d), or 45(c),
> neither the objecting party, witness nor any attorney is required to appear at the deposition
> to which a motion to quash is directed until the motion is ruled upon. The filing of a motion
> under any of these referenced Federal Rules of Civil Procedure shall stay the discovery to
> which the motion is directed pending further order of the Court. Any motion of relief under
> Fed. R. Civ. P. 26(c) directed to a deposition must be filed and served as soon as practicable
> after receipt of the deposition notice, but in no event less than five (5) days prior to the
> scheduled depositions. Counsel seeking such relief shall request the Court for a ruling or a
> hearing thereon promptly after the filing of such motion, so that discovery shall not be
> unnecessarily delayed in the event the motion is denied.

43. Rule 26(b)(2)(c) says as follows:

> The Court must limit the frequency or extent of discovery otherwise allowed by
> these rules or by local rule if it determines that: (i) the discovery sought is
> unreasonably cumulative or duplicative, or can be obtained from some other source
> that is more convenient, less burdensome, or less expensive.

All of the August 2024 depositions of BCB's passive investors are unreasonably cumulative,

duplicative, and can be obtained from some other source – BCB itself – that is far more convenient, less

burdensome, and especially less expensive [than subpoenaing these six passive investors, having the

investors go to the time, headache and hassle of gathering and producing the requested (and facially

overbroad) documents and then making the time and effort to prepare for, and give, their depositions in

August 22 and 23, 2023, in Illinois, Oho, Tennessee, and Florida]. And this is not to mention the

impossibility of Patrick Murphy traveling to and attending these proposed depositions in Illinois, Ohio,

Tennessee and Florida those two days. Paula Colbath and MineOne are trying to break BCB and its

attorney, Patrick Murphy, knowing that she should seek this irrelevant financial information from BCB alone. This is an abuse of the discovery process.

44. In *Tom v. S.B. Inc.,* the District Court of New Mexico did a good analysis of the difference between "disobedience" versus misbehavior.  The *Tom* court noted that:

> The Tenth Circuit has said, "Despite the severity of a dispositive sanction, this circuit has affirmed the use of default judgments and dismissals for discovery violations frequently in the past year. See *Stichting Mayflower Mt. Fonds v. City of Park City,* 441 Fed.Appx. 568, 570 (10th Cir.2011) (unpublished) ("This case represents at least the sixth time this year that this court has had to affirm dismissals or default judgments resulting from repetitive abuses of the discovery process ... It is a sad record."). It is noteworthy that all of the Tenth Circuit cases regarding dispositive sanctions in 2011 were brought under Rule 37(b), which pertains to the refusal of a party to comply with court orders. See generally *Lee*, 638 F.3d 1318 (10th Cir.2011) (affirming dismissal of case after plaintiff violated two orders and made a false certification); *Stichting*, 441 Fed.Appx. at 569–70 (affirming dismissal where plaintiff violated at least five discovery orders over the course of four years); *Gross v. GM LLC*, 441 Fed.Appx. 562 (10th Cir.2011) (unpublished) (affirming dismissal where plaintiff instructed doctor not to produce records despite a court order); *Norouzian v. Univ. of Kan. Hosp. Auth.*, 438 Fed.Appx. 677 (10th Cir.2011) (unpublished) (affirming dismissal where plaintiff repeatedly refused to appear for a deposition after numerous court orders and did not attend a hearing); *Freddie v. Marten Transp., Ltd.,* 428 Fed.Appx. 801 (10th Cir.2011) (unpublished) (affirming dismissal of case where plaintiff failed to produce documents after ordered to do so and lied to the court); *611 *Chicago Ins. Co. v. Hamilton,* 422 Fed.Appx. 740 (10th Cir.2011) (unpublished) (affirming default judgment where pro se defendant failed to file an answer despite numerous hearings and reminders by the court)."

*Tom v. S.B., Inc.*, 280 F.R.D. 603, 610–11 (D.N.M. 2012). Putting all the depositions so quickly, and, on the same day, and without any consultation with the existing parties is an abuse of the discovery process.

45. The Court should revoke Paula Colbath's *pro hac vice.*

> "Admission pro hac vice "is not a right but a privilege, the granting of which rest[s] in the sound discretion of the presiding judge." *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir.1957) (per curium), cert. denied, 355 U.S. 958 (1958).  Thus, "the decision to grant or revoke the permission to appear pro hac vice is a matter committed to the trial court's discretion..  "[O]nce permission to appear has been granted, it should not be revoked without giving counsel notice that the court is considering doing so. Nonetheless, like

disqualification, revocation of an attorney's pro hac vice admission is an available sanction in response to counsel's misconduct.  In *re Rimsat, Ltd.,* 229 B.R. 914, 922 (Bankr. N.D. Ind. 1998), aff'd, 230 B.R. 362 (N.D. Ind. 1999), aff'd, 212 F.3d 1039 (7th Cir. 2000) (internal quotation marks and citations omitted).  "Indeed, the privilege [to practice pro hac vice], once granted, may be revoked, at least where the actions of counsel disrupt the proper functioning of the Court and violate the Code of Professional Responsibility and perhaps absent such circumstances." *United States v. Gutierrez*, No. 94 CRIM. 565 (LAK), 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994).

In *Rimsat*, the bankruptcy court held that "[f]or more than a year, Kauthar Sdn. Bhd. and its counsel1 engaged in a course of conduct designed to make litigation as difficult, unpleasant, time-consuming and expensive as possible, for everyone involved. "  *In re Rimsat, Ltd*., 229 B.R. 914, 916 (Bankr. N.D. Ind. 1998), aff'd, 230 B.R. 362 (N.D. Ind. 1999), aff'd, 212 F.3d 1039 (7th Cir. 2000).  The *Rimsat* court held that "[d]espite repeated warnings from this court, rather than devoting their efforts to the just speedy, and inexpensive' determination of this case, counsel engaged in abusive litigation tactics that delayed the proceeding of the case and increased expense for both parties and the judicial system.  Furthermore, when viewed against the backdrop of their previous actions and [Defendant's] unthinking file and litigate anything we can think of, just for the sake of doing so approach to this case, counsels' conduct at Mr. Lau's deposition is not an isolated event. Instead, it represents only the most recent manifestation of their overall litigation strategy." *In re Rimsat, Ltd.*, 229 B.R. 914, 922–23 (Bankr. N.D. Ind. 1998), aff'd, 230 B.R. 362 (N.D. Ind. 1999), aff'd, 212 F.3d 1039 (7th Cir. 2000) (internal quotation marks, citations, and alteration omitted).

In *Rimsat*, the court concluded that  monetary sanctions alone were insufficient and in addition to monetary sanctions ordered that counsel's appearance be stricken and their permission to appear pro hac vice be revoked.  *Id. see also Baker v. Cottrell, Inc*., No. 116CV00840DADSAB, 2017 WL 3479004, at *3 (E.D. Cal. Aug. 14, 2017) ("When a district court admits an attorney pro hac vice, the attorney is expected to follow local rules.  Where the evidence strongly suggests that an out-of-state attorney will neither abide by the court's rules and practices and will thereby impede the orderly administration of justice, or will not be readily answerable to the court, the court may reject his pro hac vice application") (internal quotation marks and citations omitted).

46. Here, Paula Colbath and MineOne have served – and given notice of their intent to serve – deposition and document subpoenas on passive investors in four states whose irrelevant financial information is duplicative of financial information BCB has in its possession.

47. Rather than seeking this financial information exclusively from the ***party***, BCB, who has all of this financial information, Paula Colbath and MineOne are intentionally and in bad faith serving subpoenas on passive investors, around the country, seeking to harass and unduly burden BCB and its passive investors with these unnecessary subpoenas.  This violates Rule 26(b)(2)(C).  It violates any notion of good faith or fair play.  It violates Rule 1, F.R. Civ. P.  And it is done with the improper purpose of annoying these foreign residents; making this litigation as expensive as it can for BCB (so BCB will give up and go away); and to unduly burden BCB and BCB's attorney with having to resist these wrongful subpoenas.

48. BCB filed its earlier *First Motion for Sanctions* against only MineOne: it did not seek any sanction against Paula Colbath, MineOne's attorney, for not cooperating with BCB's reasonable discovery requests.  That *First Motion for Sanctions* is under advisement.  BCB now seeks to place the blame for these wrongful subpoenas with where it rightfully lies: with MineOne and its offending lawyer, Paula Colbath.  The Court should:

      (i)     Issue its protective order forbidding all of these August 2024 subpoenas to Dr. Bryce Fincham, James Quid, Todd Edwards, Barney Patsel, CMV Global LLC, Bayview Capital Investments LLC, and Cheyenne Light, Fuel, and Power Company (a wholly owned subsidiary of Black Hills Energy);

      (ii)    Issue its order quashing all of these August 2024 subpoenas;

      (iii)   Award BCB its attorney fees BCB incurred resisting these wrongful subpoenas, and reimbursing BCB for the fees and costs BCB has already incurred retaining foreign counsel in Illinois and Ohio to resist these wrongful subpoenas;

      (iv)   Issue its order finding MineOne to be in default on Plaintiff's First Amended Complaint and on all of MineOne's Counterclaims as a discovery sanction for this abuse of the discovery process; and

(v)    Issue its further order revoking Paula Colbath's *pro hac vice* authority to represent any of the three MineOne Defendants from this point forward in this litigation.

WHEREFORE, Plaintiff BCB Cheyenne, LLC respectfully asks the Court to grant BCB all of the above-stated relief at the conclusion of the August 19, 2024 informal discovery conference with the Honorable Stephanie Hambrick, and that the Court issue any further discovery and sanction order as quickly as possible.

Respectfully submitted this 18th day of August, 2024.


BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:      */s/ Patrick J. Murphy*
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 18th day of August, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>David Forrest,  *Pro Hac Vice*<br>Leily Lashkari *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New<br>York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>dforrest@loeb.com<br>llashkari@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>David Iden, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

_/s/ Patrick J. Murphy_
Patrick J. Murphy