# EXHIBIT B

Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' AMENDED FIRST SET OF DOCUMENT REQUESTS**

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB Cheyenne") and pursuant to the Federal Rules of Civil Procedure, hereby submits its objections and responses to *Defendants MineOne Wyoming Data Center, LLC, MineOne*

1

documents exist.

22. All documents concerning sources of BCB's financing. For any entities, please provide documents that show the individuals who are members of, or own, those entities.

**OBJECTION**: BCB objects to this request for multiple reasons. First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues. Second, the burden and/or expense of the requested discovery outweighs its likely benefit. Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the *rare exception* to be applied *only* in cases involving *exceptional* circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even

23

if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.*, 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the

24

question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here"). Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objection(s), Plaintiff will not produce documents in response to this Request.

23.   All documents concerning payments, investments, loans, gifts, exchanges, or any other extension of credit received by BCB or any of its members in connection with North Range and/or Campstool.

**OBJECTION**:   BCB objects to this request for multiple reasons. First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues. Second, the burden and/or expense of the requested discovery outweighs its likely benefit. Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the *rare exception* to be applied *only* in

cases involving ***exceptional*** circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in Wyo. Stat. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider

veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.,* 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo. 2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here").

On the basis of the foregoing objection(s), Plaintiff will not produce documents in response to this Request.

24. All documents and communications with Black Hills Energy and/or Cheyenne Power, Fuel and Light Company concerning the Power Purchase Agreement between Black Hills Energy and BCB, North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**: Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Demand because it

27

seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

25. All documents and communications with CEGEN Green Energy Ltd. concerning North Range, Campstool or Defendants.

**OBJECTION/RESPONSE**: Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine.

Subject to and without waiving any of its objections, Plaintiff will produce non-privileged documents within its possession, custody or control from June 9, 2022 through March 7, 2023 that are responsive to this request, to the extent any such documents exist.

Plaintiff states that BCB Ventures LLC was the sole initial Manager of BCB (as documented in BCB's Operating Agreement), and that BCB Ventures LLC has been the sole Manager of BCB at all times from BCB's formation until the present.

49.   All documents and communications concerning any withdrawals from any of BCB's bank accounts, the purpose of such withdrawals and the destination of such funds.

**OBJECTION**:   Plaintiff objects to this request for multiple reasons. First, it seeks information that is irrelevant to any party's claim or defense, Second, it seeks production of Plaintiff's confidential and proprietary financial information that has no value in resolving the disputed issues in the case. Third, the burden and expense of this proposed discovery outweighs any limited benefit. It is vexatious and harassing. Fourth, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious, conclusory and unwarranted claim for alter ego liability against three individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the *rare exception* to be applied *only* in cases involving *exceptional* circumstances." *Greenhunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014) (emphasis added). Where, as here, BCB was capitalized in the amount of $3,000,000 at the time it

48

entered into its June 9, 2022 *DHS Agreement* with MineOne Wyoming, BCB was not under-capitalized as a matter of law. And nowhere in their Answer or Counterclaim do Defendants allege any fraud by the BCB members with any particularity. Piercing does not exist here. Even if Defendants could pierce the LLC veil to impose personal liability on BCB's members, which they cannot, any discovery on any of the four piercing factors in WYO. STAT. § 17-19-304 is premature in the underlying suit against the limited liability company, BCB, where judgment has not been entered against BCB on Defendants' Counterclaims. The entry of judgment against the limited liability company is a predicate requirement before Defendants may later pursue any discovery, or judgment, against the LLC members on a piercing the corporate veil theory. *See e.g., Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004) ("In the instant case, a trial on the issue of piercing the corporate veil would have been unnecessary absent a ruling in Mandeville's favor on the breach of contract or Title VII claim. Thus, the decision to bifurcate advanced judicial economy. Moreover, the issues were clearly separable. The ability to collect a judgment by piercing the corporate veil became relevant only when Mandeville was successful on one of the underlying claims. Because the issues before the district court were logically separable, and because bifurcation promoted judicial economy, we conclude that the district court did not abuse its discretion in bifurcating the trial"); *and see Wallop Canyon Ranch, LLC v. Goodwin*, 351 P3d 943, 960, 961 (Wyo. 2015) ("[W]e do not consider veil-piercing until the "threshold question of whether there is liability for an underlying cause of action" has been answered. *GreenHunter Energy, Inc. v. Western Ecosystems Tech., Inc.*, 2014 WY 144, ¶ 3, 337 P.3d 454, 458 (Wyo.

2014) (action to pierce LLC veil brought after judgment had been obtained and could not be satisfied because LLC had no assets . . . . In the instant case, we have affirmed the district court's decision as to underlying liability. Because there was no breach of duty or underlying liability, the question of whether to pierce the corporate veil will not be reached. The threshold requirement for piercing – underlying liability – has not been met. Therefore, we do not address the question of whether to pierce the corporate veil here"). Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

50. All documents and communications concerning BCB's Request for Proposal process and financial investment and money expended in:

  a. the Request for Proposal process with Black Hills Energy;

  b. securing BCB's agreement with Black Hills Energy and/or Cheyenne Power, Fuel, and Light Company; and

  c. securing the property for the North Range mining site.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, it seeks documents that are not relevant to any party's claims or defenses, is not limited temporally, and/or is not proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks documents that are already in

Defendants' possession, custody or control, are publicly available, and/or are more easily accessible from some other source. Plaintiff further objects to this Request to the extent it seeks commercially sensitive and/or confidential information.

On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

51. All documents and communications concerning any distributions, payments, investments, loans, gifts, exchanges, or any other extension of credit made by BCB to Michael Murphy.

**OBJECTION/RESPONSE**: BCB objects to this request for multiple reasons. First, it seeks information and documents that are not relevant to any party's claim or defense, nor is it material to resolving any disputed issues. Second, the burden and/or expense of the requested discovery outweighs its likely benefit. Third, the requested information is nothing more than an unpermitted 'fishing expedition' to look for evidence that might support Defendants' malicious and unwarranted claim for alter ego liability against the individual members of BCB on a piercing the corporate veil theory in Defendants' Alter Ego Claim. Defendants have no evidence to support a piercing the corporate veil claim, and this request is a fishing expedition to search for any such evidence. In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the *rare exception* to be applied *only* in cases involving *exceptional* circumstances." *Greenhunter Energy, Inc.*

51

DATED this 31st day of January, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By: ________________________

Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
WILLIAMS, PORTER, DAY & NEVILLE, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel via email this 31st day of January, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ] U. S. Mail (prepaid)<br>[ ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[x] Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | [ ] U. S. Mail (prepaid)<br>[ ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[x] Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>William Pao, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>wpao@omm.com | [ ] U. S. Mail (prepaid)<br>[ ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[x] Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. Box 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ] U. S. Mail (prepaid)<br>[ ] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[x] Electronic Mail |

/s/ Patrick J. Murphy