Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants.<br><br>Defendants. | Civil Action No. 23CV-79-ABJ |

# OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT SANCTION AGAINST MINEONE WYOMING DATA CENTER LLC, FOR THE AWARD OF BCB'S ATTORNEY FEES DEFENDING AGAINST SUBPOENAS, AND FOR REVOCATION OF THE COURT'S *PRO HAC VICE* ADMISSION OF MINEONE'S COUNSEL

COMES NOW Defendant MineOne Wyoming Data Center LLC ("MineOne Data"), by and through counsel, Hathaway & Kunz, LLP, and Loeb & Loeb LLP, and hereby files this *opposition* to Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB")'s motion for sanction of default against MineOne Data, award of BCB's attorney fees, and for revocation of the Court's *Pro Hac Vice* admission of MineOne Data's counsel, Paula K. Colbath, Eq. (ECF No. 317, the "Motion").

## PRELIMINARY STATEMENT

BCB's Motion -- the second frivolous sanctions motion it has filed -- is itself sanctionable. Contrary to BCB's insinuations, there is no pattern of delay, harassment or obfuscation by MineOne Data or Loeb & Loeb LLP ("Loeb") or any of Loeb's attorneys, including attorney Paula K. Colbath, that merits any type of sanctions. BCB's sanctions Motion is an obvious litigation tactic aimed at distracting MineOne Data's counsel from focusing on preparation for upcoming depositions and causing MineOne Data to unnecessarily expend resources responding to BCB's frivolous Motion.

BCB has filed this Motion to try to gain a tactical advantage and prevent the MineOne Defendants from seeking testimony from key third party witnesses who have critical knowledge of the claims and counterclaims in this case. BCB contends that any information MineOne Data has sought from those key third parties should instead be obtained "exclusively" from BCB. (Motion at ¶ 47). In other words, BCB seeks to be the sole gatekeeper of information relevant to this case. That is *not* how discovery works. MineOne Data has every right to issue subpoenas under Fed. R. Civ. P. 45 and BCB has the right to make a motion to quash or for protective order. But for BCB to escalate a *routine* Fed. R. Civ. P. 45 discovery dispute by seeking drastic sanctions is the quintessential definition of abuse of process.

BCB's counsel's conduct should be deterred. MineOne Data respectfully requests that the Court exercise its inherent powers to restrict BCB and its counsel from filing future sanctions motions against the MineOne Defendants or their counsel without first seeking leave of Court to do so. MineOne Data should not have to incur these unnecessary legal fees in responding to frivolous sanctions motions by BCB each time there is a routine discovery dispute, particularly since the parties have a September 17 discovery deadline.

The crux of BCB's complaint seems to be that on August 16, the MineOne Defendants emailed counsel with regard to their *intention* to serve subpoenas on four individuals/entities. If a party objects to a subpoena, the recourse is a motion to quash or a motion for protective order. Rule 45 of the Federal Rules of Civil Procedure sets forth the mechanism for a motion to quash. It does not direct a party to also harass the issuer of the subpoena with a motion for sanctions. If each time a party moved to quash a subpoena they did what BCB has done here and also moved for a motion for sanctions, litigation would come to a standstill since court dockets around the country would be clogged with unnecessary and wasteful sanctions motions. As discussed below, the Motion is replete with <u>**misrepresentations**</u>, is a clear abuse of process, and constitutes misconduct by BCB and its counsel that MineOne Data respectfully requests that the Court curtail.

## <u>STATEMENT OF FACTS</u>

On August 18, 2024, BCB filed an overlength motion, once again styled as an "emergency" motion, for a protective order as to third-party subpoenas and for sanctions. (ECF No. 317). The latter Motion is the subject of this opposition. Per Order dated August 21, 2024, the Court held that it will bifurcate its decision on BCB's "emergency" motion, with Magistrate Judge Hambrick ruling on BCB's request for a protective order and Judge Johnson ruling on BCB's request for

sanctions. (ECF No. 320 at 2; *see also* Magistrate Judge Hambrick's August 21, 2024 Order, ECF No. 319 at 2-3).

1. BCB repeatedly **misstates** that MineOne Data's counsel (Ms. Colbath) emailed counsel on August 16, 2024 with "seven subpoenas." Motion at p. 1 & ¶ 41. That is simply not true. Ms. Colbath's August 16 email was simply a **notice of intent** to serve not seven, but ***four*** subpoenas, and these subpoenas have **not** been issued.

2. **Exhibit 1** attached hereto is the cover email dated August 16, 2024 attaching *four* subpoenas, consisting of the notice by MineOne Data, MineOne Partners, LLC and Terra Crypto Inc. (collectively, the "MineOne Defendants") to serve a (1) document subpoena to Cheyenne Light, Fuel, and Power Co. d/b/a black Hills Energy ("Black Hills"), (2) deposition subpoena to Todd Edwards (and for Mr. Edwards to bring certain documents with him to the deposition), (3) deposition subpoena to Barney Patsel (and for Mr. Patsel to bring certain documents with him to the deposition), and (4) deposition subpoena to James Quid (and for Mr. Quid to bring certain documents with him to the deposition). The MineOne Defendants **ceased** all service attempts upon receipt of BCB's motion for protective order.

3. As discussed in MineOne Data's opposition brief to BCB's motion to quash and for protective order that will be filed separately, these are key witnesses in the MineOne Defendants' defense and prosecution of their counterclaims.

4. While BCB's counsel makes the general statement that on August 18, 2024 "Ms. Colbath declined Mr. Murphy's requested relief and proposed Emergency Motion" (Motion at ¶ 41), Mr. Murphy **failed** to inform the Court as to the following salient points that Ms. Colbath made in her email to Mr. Murphy: that on August 18, ***prior*** to Mr. Murphy filing this Motion, Ms. Colbath emailed Mr. Murphy that given the impending discovery deadline of September 17, 2024,

it was imperative that subpoenas be issued to start the discussion as to witness availability, and, importantly, confirmed to Mr. Murphy that the return dates on the subpoenas "**are simply proposed dates, totally subject to witness' availability**." Ms. Colbath also assured Mr. Murphy that the MineOne Defendants "**intend to cooperate with all third party witnesses (and their individual counsel should they retain them) as to their availability**." *See* **Exhibit 2** (copy of Ms. Colbath's August 18, 2024 email to Mr. Murphy) (emphasis added); *see also* **Exhibit 3**, ECF No. 318 (copy of Ms. Colbath's August 19, 2024 letter to the Court). BCB, however, makes no mention in its Motion that Ms. Colbath assured Mr. Murphy, ***prior*** to BCB filing this Motion, that the dates would be subject to witness and counsel availability.

5. Mr. Murphy also **failed** to include Ms. Colbath's August 18 email (**Exhibit 2**) in BCB's motion papers. Instead, BCB filed its frivolous Motion, with personal attacks on Ms. Colbath, seeking drastic measures against MineOne Data and Ms. Colbath -- clearly with the sole purpose to intimidate and harass them, sidetrack MineOne Data's counsel from focusing on the time-consuming preparation for the upcoming depositions, and run up unnecessary legal fees for MineOne Data.

6. To further confuse the record, Mr. Murphy appears to conflate the MineOne Defendants' August 16 notice of their intention to serve four subpoenas with three other subpoenas that were served in early August by the MineOne Defendants on BCB members Dr. Bryce Fincham ("Fincham"), CMV Global LLC ("CMV") and Bayview Capital Investments LLC ("Bayview"). (Motion ¶¶ 10, 21). The MineOne Defendants filed their notice of their intent to serve deposition and document subpoenas on these three individuals/entities on August 1, 2024 (*see* ECF Nos. 306-308) and then served the three subpoenas.

7. Once again, BCB **failed** to inform the Court that on July 31, 2024, ***prior*** to serving the three subpoenas on Fincham, CMV and Bayview, Ms. Colbath emailed Mr. Murphy asking him to confirm whether Mr. Murphy's firm represented Fincham, but Mr. Murphy did not respond to the email. Then the next day, on August 1, 2024, Ms. Colbath again emailed Mr. Murphy and asked which BCB members Mr. Murphy's firm represented. Mr. Murphy again refused to respond. *See* **Exhibit 4** (copy of Ms. Colbath's July 31 and August 1 emails to Mr. Murphy); *see also* **Exhibit 5** (copy of the August 12, 2024 letter from Ms. Colbath to Magistrate Judges Carman and Hambrick discussing the reasons why the subpoenas were issued, and highlighting the baselessness of BCB's motion to quash, which will be further detailed in MineOne Data's separate brief in opposition to BCB's motion to quash and for protective order).

8. And consistent with BCB's other misrepresentation to the Court, BCB repeatedly makes inflammatory statements such as MineOne Data and Ms. Colbath seeking to "cram" deposition subpoenas "down BCB's and these passive investors' throats" (Motion at ¶ 11; *see also* Motion ¶ 12), or that BCB will now have to spend "tens of thousands of dollars" in response to these depositions and assist with document production (Motion at ¶¶ 13, 26). Again, this is baseless.

9. BCB's complaint that it will have to incur expenses in defending these depositions is of no relevance. BCB is the plaintiff here. If anything, it is MineOne Data which now has to incur tens of thousands of dollars in legal fees defending against BCB's nuisance Motion.

10. Importantly, MineOne Data cannot abstain from subpoenaing key witnesses who have critical information to the claims and counterclaims in this case because BCB does not *want* to retain local counsel in another jurisdiction. While BCB states that MineOne Data has "crammed" these depositions (Motion at ¶¶ 11-12), its counsel again **failed** to inform the Court

that, in fact, on August 12, it was Ms. Colbath herself who told Mr. Murphy that not only were the MineOne Defendants agreeable to extend BCB's time to file motions to quash and/or modify the subpoenas until two days after the parties have completed an informal discovery conference, but that MineOne Data would also consent to transferring Mr. Murphy's motions relating to the subpoenas to Wyoming district court and any issues relating to the subpoenas could be decided by this esteemed Court. *See* **Exhibit 6** (copy of Ms. Colbath's August 12 email to Mr. Murphy).

11. If Ms. Colbath intended to "cram" subpoenas "down BCB's throat" (Motion at ¶¶ 11-12), why would she agree to extend BCB's time to make a motion to quash? And if Ms. Colbath was trying to have BCB incur "tens of thousands of dollars" in expenses (Motion at ¶¶ 13, 26) or if "Paula Colbath and MineOne [were] trying to break BCB and its attorney, Patrick Murphy" (Motion at ¶ 43), then why would Ms. Colbath agree that any issues BCB has with regard to the subpoenas could be decided by this Court, instead of BCB having to retain counsel in other states, pay to open a new case file in those states, and initiate a motion for protective order in those states? BCB's arguments make no sense.

12. BCB repeats that this is the *second* sanctions motion it has brought, as if the fact that BCB has brought two frivolous sanctions motion somehow gives credence and validation to the Motion. It does not. In both instances, the MineOne Defendants considered filing a cross-claim for sanctions against Mr. Murphy and his law firm for a growing number of sanctionable conduct, but they have refrained from doing so at this time. This is precisely why MineOne Data and Ms. Colbath respectfully request that the Court, based on its inherent powers, curtail Mr. Murphy's conduct by requiring BCB to seek leave of Court before filing any additional sanctions motions against the MineOne Defendants or their counsel. Mr. Murphy's venom has gone too far.

## ARGUMENT

### A. Pursuant to the Court's Inherent Powers, the Court Should Either Strike BCB's Motion or Refuse to Consider any Part of the Motion that Exceeds 10 Pages

BCB's Motion far exceeds the page limit mandated by the U.S. District Court for the District of Wyoming's Local Civil Rules. Local Rule 7.1(b)(1)(C) states, in relevant part, that "[b]riefs in support of and in opposition to all non-dispositive motions are limited to a maximum of ten (10) pages." As Judge Johnson observed in the Court's Notice of Procedural Disposition Regarding Plaintiff's Emergency Motion [ECF No. 317], BCB filed its overlength brief without "request[ing] permission to file a brief in excess of ten pages." ECF No. 320 at n.1.

Because BCB has exceeded the 10-page limit of the Local Rules, the Court, in exercising its inherent power, should either strike BCB's Motion or refuse to consider any part of the Motion that exceeds the 10-page limit. *See, e.g., Dubrovin v. Ball Corp. Consol. Welfare Benefit Plan*, No. 08-cv-00563, 2009 U.S. Dist. LEXIS 123844, at *3 (D. Colo. Dec. 23, 2009) ("[T]he Tenth Circuit has indicated that the court has discretion to strike materials that are in non-compliance with the Local Rules") (citing *In Re Hopkins*, No. 98-1186, 1998 U.S. App. LEXIS 24637, at *10 n. 6 (10th Cir. 1998)); *see also DePatco Inc. v. Ground Eng'g Consultants, Inc.*, No. 17-CV-082-SWS, 2018 U.S. Dist. LEXIS 234188, at *5 n.2 (D. Wyo. Dec. 3, 2018) (refusing to consider "any portion of th[e]…response that exceeds the…page limit").

### B. BCB's Request for Drastic Sanctions Against MineOne Data and Ms. Colbath Is Not Supported by the Cases BCB Cites or Any of Its Arguments

#### 1. BCB's Request for Default Judgment Against MineOne Data Is Baseless

There is not a single Federal Rule of Civil Procedure or statutory authority that BCB cites in support of its drastic request that MineOne Data be held in default on the complaint and counterclaims "as a discovery sanction for this abuse of the discovery process." (Motion at

¶ 48(iv)). BCB seems to rely on a single case in support: *Tom v. S.B. Inc*., 280 F.R.D. 603 (D.N.M. 2012) (Motion at 15) – a case that has no bearing here. In *Tom*, among other things, defendants withheld maintenance and repair records for the truck that was involved in the accident at issue, failed to disclose information regarding the insurer's investigation, withheld the truck driver's complete employment file, and falsely stated that they were unaware of any disciplinary actions against the driver. *Id*. at 618. Even then, with numerous egregious discovery violations, the Court *denied* plaintiff's motion for default judgment. *Id*. at 619.

While BCB provides a lengthy block quote from the *Tom* decision without any substantive discussion of the case (Motion at ¶ 44), the *Tom* case specifically states that in order to grant a default judgment, "a court should evaluate: (1) the degree of actual prejudice to the litigant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Id*. at 610 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)). Yet, the Motion makes no mention of the factors that need to be evaluated for a default judgment analysis. Indeed, the block quote cited by BCB from the *Tom* case references parentheticals to cases where a party has violated court orders, which again has no relevance here.

MineOne Data and Ms. Colbath have done nothing wrong. In BCB's own words, "[p]utting all the depositions so quickly, and on the same day, and without any consultation with the existing parties is an abuse of the discovery process." (Motion at ¶ 44). But this is ***not*** what happened. As explained, Ms. Colbath told BCB's counsel that the return dates were placeholder dates, subject to both counsel and witness availability. There has been no abuse of the discovery process. BCB here complains of seven subpoenas the MineOne Defendants have served or intend to serve in this case

on key witnesses with critical facts, yet **fails** to inform the Court that BCB has issued dozens of subpoenas in this case.

**2. BCB's Request to Revoke Ms. Colbath's *Pro Hac Vice* Admission Is Baseless**

In paragraph 45 of the Motion, BCB provides a lengthy block quote spanning two pages, seemingly from a case, but the case is not cited in the Motion. Within the block quote, however, is a citation to a Northern District of Indiana bankruptcy decision, *In re Rimsat, Ltd*, 229 B.R. 914 (N.D. Ind. 1998). Assuming this is the case BCB is relying on in support of its position that Ms. Colbath's *pro hac vice* admission should be revoked, *Rimsat* has no application here. The *Rimsat* court noted that the reason for revocation of counsel's *pro hac vice* admission in that case was in part due to counsel's "overall litigation strategy" of his "unthinking 'file and litigate anything we can think of, just for the sake of doing so' approach to this case." *Id*. at 922-923.

The attorney in *Rimsat* had engaged "in a course of conduct designed to make litigation as difficult, unpleasant, time-consuming and expensive as possible, for everyone involved." *Id*. at 916. That description neatly encapsulates Mr. Murphy's conduct with respect to BCB's Motion.

Ms. Colbath has not engaged in any actions that would require her *pro hac* admission to be revoked. This is a routine discovery dispute. In fact, Ms. Colbath went out of her way to inform BCB that the return dates were placeholder dates, subject to counsel and witness availability, gave additional time to BCB to file its motion to quash, and readily agreed that the motion for protective order for out-of-state third parties can be decided by this Court. It is truly outrageous that BCB suggests that her admission be revoked. Nothing in the record supports this baseless request.

**3. BCB's Request for Award of Its Attorneys' Fees Is Baseless**

BCB's request for an award of fees is baseless. The notice of intent to serve subpoenas was not in derogation of Rule 45. As explained above, MineOne Data and its counsel went out of their

way to make sure that no undue burden or expense will be placed on witness or counsel alike. This request should be denied.

### C. Pursuant to the Court's Inherent Powers, the Court Should Require BCB's Counsel to Seek leave of Court Before Filing any Future Sanctions Motions Against the MineOne Defendants or Their Counsel

This is now the second frivolous sanctions motion BCB has filed. If BCB was unhappy with MineOne Data serving subpoenas on key witnesses in the case, then BCB's recourse was to filed a motion to quash or for protective order, but *not* to also move for sanctions. Unless BCB is required to obtain prior approval from the Court before filing future sanctions motions, these frivolous motions will continue. *See, e.g.*, *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-2068-EFM, 2023 U.S. Dist. LEXIS 183359, at *1 (D. Kan. Sept. 27, 2023) (as a result of "continued frivolous or vexations [sic] motions practice," the court invoked a filing restriction on plaintiff). Indeed, BCB's Motion is itself sanctionable, but MineOne Data has refrained from seeking such sanctions and expending more party and judicial resources. But if BCB remains unchecked, BCB will continue to abuse the process, file overlength briefs without seeking permission from the Court, continue to file "emergency" motions when no emergency exists, and file baseless sanctions motions in response to discovery disputes. Based on the Court's inherent powers, BCB should be restricted from doing so.

## CONCLUSION

For the foregoing reasons, BCB's Motion should be denied, and BCB should be required to seek leave of Court before filing any further sanctions motions against the MineOne Defendants or their counsel.

DATED this 30th day of August, 2024

DEFENDANT MINEONE WYOMING DATA CENTER, LLC

By: */s/Paula K. Colbath*
Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4905
Fax: 212-407-4990

HATHAWAY & KUNTZ, LLP
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 30th day of August, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓ ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: pmurphy@wpdn.net<br>smurray@wpdn.net |
| Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P. O. Box 1083<br>Cheyenne, WY 82003-1083 | [✓ ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com |
| Marc Feinstein, *pro hac vice*<br>David Iden, *pro hac vice*<br>Kaitlyn Farrell, *pro hac vice*<br>Daniel Hirsch, *pro hac vice*<br>Sherin Parikh, *pro hac vice*<br>Kate Stutz, *pro hac vice*<br>O'Melveny & Myers, LLP<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>William K. Pao, *pro hac vice*<br>*Attorneys for Bitmain Technologies Georgia Limited* | [✓ ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: mfeinstein@omm.com<br>wpao@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>kfarrell@omm.com<br>sparikh@omm.com<br>kstutz@omm.com<br>wpao@cooley.com |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓ ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: mhathaway@spkm.org<br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>*Attorneys for Bit Origin and SonicHash* | [✓ ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:msg@orllp.legal |

*/s/ Paula K. Colbath*
Loeb & Loeb, LLP

239591355