# EXHIBIT 5



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

**Direct**    212.407.4905
**Main**     212.407.4000
**Fax**      212.407.4990
pcolbath@loeb.com

Via Email

August 12, 2024

Chambers of the Honorable Mark L. Carman
United States District Court for the District of Wyoming
2120 Capitol Avenue
Cheyenne, WY 82001

Chambers of the Honorable Stephanie A. Hambrick
Yellowstone Justice Center
105 Albright Avenue
Mammoth, WY 82190

Re:    *BCB Cheyenne LLC v. MineOne et. al.*; Civil No. 23-CV-79-ABJ;
       **Request for an Expedited Informal Discovery Conference**

Dear Judge Carman and Judge Hambrick:

We, along with our co-counsel Hathaway & Kunz, LLP, represent Defendants MineOne Wyoming Data Center, LLC, MineOne Partners, LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants"). We write to request an expedited informal discovery conference (hopefully this week) concerning Plaintiff BCB Cheyenne LLC ("BCB")'s very concerning interference with numerous subpoenas seeking highly relevant discovery from third parties.

Specifically, on August 1, 2024, the MineOne Defendants filed notice of their intent to serve deposition and document subpoenas on three individuals/entities: (1) CMV Global, LLC and Mr. Bryce Fincham (members of BCB), and (2) Bayview Capital Investments, LLC (a member of CMV Global, LLC). (ECF 306-308; collectively, the "Subpoenas").[1] The MineOne Defendants served their Subpoenas. However, as BCB has done in the past, once the Subpoenas were served, BCB's counsel immediately offered legal representation to the subject third parties, wrote letters on their behalf objecting to the Subpoenas, and stated that the third parties would not comply with the Subpoenas issued to them.[2] Williams, Porter, Day and Neville, P.C. notified us that it would now be representing all three witnesses. In a further effort to stonewall discovery and interfere with the MineOne Defendants' preparation for upcoming depositions, Williams, Porter, Day and Neville, P.C. has now threatened to file motions to quash the Subpoenas.

---

[1] Prior to serving the Subpoenas, the MineOne Defendants twice asked BCB's counsel to confirm whether he represented Bryce Fincham, Bayview Capital Investments, LLC and/or CMV Global, LLC, but BCB's counsel failed and refused to respond.

[2] There is no doubt that BCB's counsel has offered to represent the third parties free of charge, as BCB's counsel did with Timothy Desrochers, another third party subpoenaed by the MineOne Defendants. This conduct raises serious concerns of witness tampering and interference. It also raises serious issues of conflicts of interest between Williams, Porter, Day and Neville, P.C.'s representation of BCB and individual members, whose interests are clearly in conflict -- given the serious allegations made against Plaintiff BCB, and the MineOne Defendants' Counterclaims (including alter ego liability).

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



This latest effort by BCB to interfere with the MineOne Defendants' development of proper discovery in this litigation must be stopped because the documents and testimony sought by the Subpoenas are highly relevant and essential to multiple critical issues in this action.

*First*, BCB does not deny raising capital from investors across the United States: its corporate disclosure statement touts individual and entity investors from Colorado, Illinois, Florida, Ohio, Arizona, New Hampshire, Kentucky, and Tennessee. *See* ECF No. 42-1. When raising capital from private investors in a non-registered offering, BCB was required to comply with strict offering requirements and disclose in a private placement memorandum (or similar documentation) the intended use of the funds raised by BCB as a startup. BCB has not produced a private placement memorandum or the equivalent. If BCB's capital raising efforts were illegal or improper, or it mislead investors about its plans relating to the use of funds, the MineOne Defendants are entitled to discovery on these issues. In addition, BCB's counsel today acknowledged that BCB provided "performance incentives" to one or more of its members who invested – and the MineOne Defendants are entitled to know the details. It is imperative that the MineOne Defendants be able to understand how the $3 million was raised and what BCB told its investors in order to induce them to invest.

*Second*, BCB and its counsel have recently claimed that "BCB cannot afford to post a bond of more than a few thousand dollars." ECF 242. At the Evidentiary Hearing, BCB's principal Michael Murphy doubled down on this claim by testifying that he was "all in financially, having invested most of [his] life savings." ECF 259 at 41. BCB is claiming that it lost all of its investments in the subject project. But BCB did not invest a dime. The MineOne Defendants are thus entitled to discovery on what money BCB raised and what it did with the money, since BCB is blaming the MineOne Defendants for the loss of all its money.

Despite having apparently raised significant amounts of money (millions and millions of dollars) from investors across the United States, when the cryptocurrency project in Cheyenne, WY was struggling financially in February 2023 because of cost overruns and extensive construction delays caused by BCB, BCB emptied its bank accounts -- making itself suddenly and strategically judgment proof. Rather than use its $3 million to save the faltering project (a situation BCB was itself responsible for), BCB made itself judgment proof, as it knew lawsuits were likely on the horizon. The discovery sought by the subpoenas is expected to show that BCB engaged in classic fraudulent conduct by transferring its assets without adequate consideration. While the MineOne Defendants invested nearly $30 million in building out the North Range site, including paying for the real property, BCB did not invest a single penny. The MineOne Defendants are entitled to discovery regarding BCB's dissipation of assets.

*Third*, the Subpoenas seek discovery that is necessary to investigate the veracity of Michael Murphy's testimony at the Evidentiary Hearing regarding camouflaged equity and irregular accounting practices. By testifying on these subjects at the evidentiary hearing, he has put the issue front and center: so much so that Judge Carman just required the MineOne Defendants to produce additional documents regarding loans and equity investments. The MineOne Defendants believe that BCB used the same accounting. BCB too must be required to produce accounting records showing how they booked contributions, monies, and loans, etc., from their investors, and how they emptied their bank account of all funds.



Chambers of the Honorable Mark L. Carman and Stephanie A. Hambrick
August 12, 2024
Page 3

BCB's latest efforts at obstructing discovery must be stopped. Given the compressed time frame and the significance of these issues, we respectfully request an immediate informal conference on these issues. The MineOne Defendants respectfully reiterate their request that Your Honor schedule an informal discovery conference this week concerning these requests.

We thank the Court for its attention to this matter.

Respectfully,

Paula K. Colbath
Partner


cc:    All Counsel (via Email)