Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF BCB'S EMERGENCY MOTION FOR A PROTECTIVE ORDER, QUASHING MINEONE'S AUGUST 2024 SUBPOENAS ON PASSIVE INVESTORS OF BCB, FOR THE SANCTION OF DEFAULT AGAINST MINEONE WYOMING DATA CENTER LLC, FOR THE AWARD OF BCB'S ATTORNEY FEES DEFENDING AGAINST THESE HARASSING SUBPOENAS, AND FOR REVOCATION OF THE COURT'S *PRO HAC VICE* ADMISSION OF MINEONE'S NEW YORK CITY COUNSEL, PAULA K. COLB.TH [ECF 317]**

**PRELIMINARY STATEMENT**

MineOne says this is a "*routine* Fed.R.Civ. P. 45 discovery dispute." [ECF 331, Page 2 of 13]. It is anything but a "routine" Rule 45 discovery request or dispute. MineOne says its "notice of intent to serve subpoenas was not in derogation of Rule 45." *Id.* at Page 10 of 13. It was in derogation of Rule 45. On August 16, 2024, without first conferring with BCB's counsel about its intent to subpoena three members of BCB member CMV Global for depositions in Illinois, Tennessee, and Florida just seven days later on August 23, and without informing BCB that it was not actually serving these subpoenas on these passive investors and did not actually intend to depose them on August 23, MineOne's counsel served its Notice of intent to serve these document and deposition subpoenas on BCB's counsel, giving BCB only seven days' notice of depositions in three different states, all on the same day, without providing any opportunity for anyone to attend those August 23 depositions at 9:00 a.m. (in Chicago), 1:00 p.m. (in Miami), and 3:00 p.m. (in Nashville) by Zoom, and giving BCB only two days to file a Rule 26(c) motion for protective order to stay these depositions and quash these wrongful depositions. MineOne's counsel should have informed all counsel, with Alex Inman's August 16 transmittal email, that MineOne was not serious about actually deposing these passive investors on August 23, but MineOne did not provide that required notice, leaving BCB's counsel to reasonably believe MineOne was taking these three foreign deponents' depositions on the date MineOne listed, August 23.

No, these are not "routine" Rule 45 subpoenas or even disputes. On August 12, after serving investors Bryce Fincham, CMV Global, and Bayview Investments with deposition and document production subpoenas on August 5 in Ohio and Illinois, Ms. Colbath wrote this to Judge Carman and Judge Hambrick about Patrick Murphy:

> There is no doubt that BCB's counsel has offered to represent the third parties free of charge, as BCB's counsel did with Timothy Desrochers, another third party subpoenaed by the MineOne Defendants. ***This conduct raises serious concerns of witness tampering and***

1

*interference*. It also raises serious issues of conflicts of interest between Williams, Porter, Day and Neville, P.C.'s representation of BCB and individual members, whose interests are clearly in conflict – given the serious allegations made against Plaintiff BCB, and the MineOne Defendants' Counterclaims (including alter ego liability).  [ECF 331-5].

Witness tampering is the act of physically harming or using threats, intimidation, harassment, or corrupt persuasion against a witness with the goal of influencing the witness's testimony or preventing the witness from providing evidence in an official proceeding. 18 U.S.C. § 1512(b)(1); *and see United States v. Sutton*, 30 F.4th 981, 984 (10th Cir. 2022).   It is the act of attempting to influence a witness's testimony in a court or criminal proceeding. ***It is a crime***. The goal is to prevent a witness from testifying truthfully, or to make them withhold testimony or evidence.  18 U.S.C. § 1512(e) (providing an affirmative defense to witness tampering in an official proceeding where a defendant establishes that his "conduct consisted solely of lawful conduct" and his "sole intention was to encourage, induce or cause the other person to testify truthfully"); *see also United States v. Sparks*¸791 F.3d 1188, 1193 (10th Cir. 2015).   Witness tampering can involve physical harm, verbal or written threats, bribery, or corrupt persuasion. 18 U.S.C. § 1512(b)(1)-(b)(2)(B).  These newest subpoenaed investors are similarly situated to CMV Global member Tim Desrochers: they are members of BCB investor CMV Global, LLC. Patrick Murphy represented Tim Desrochers without MineOne's counsel alleging that Mr. Murphy was tampering or interfering with Mr. Desrochers' testimony, yet now, when Mr. Murphy rightfully asserts objections to all of these 'members of member' subpoenas, MineOne's counsel all but accuses Patrick Murphy of witness tampering, witness interference, and having a conflict of interest representing BCB and its members of a member.  MineOne makes this libelous accusation without having ever demonstrated that Mr. Murphy did anything wrong or unethical with his joint representation of BCB and Tim Desrochers.  But now, without any evidence to support her new libelous accusation against Patrick

2

Murphy, MineOne's counsel claims Mr. Murphy's joint representation[1] of James Quid ". . . raises serious concerns of witness tampering and interference." [ECF 331-5]. This is a **serious charge** against Patrick Murphy. It should never be made without evidence to prove it. Yet MineOne's counsel offers no supporting evidence, and deflects any culpability for such a scurrilous accusation, saying, "Mr. Murphy's venom has gone too far." [ECF 331, Page 7 of 13]. Such rhetoric and projection are more of the same from MineOne's counsel.

## ARGUMENT

Technically, MineOne served four new subpoenas on investors Barney Patsel (Tennessee), James Quid (Illinois), Todd Edwards (Florida), and Black Hills Energy. But the subpoenas to these three investors also compel them to produce documents when they give their out-of-state depositions. Because Rule 45 subpoenas can compel the production of documents *and* the witness's deposition testimony, these three subpoenas are the functional equivalent of seven subpoenas (four for the production of documents and three for the witness's depositions).

In its *Response*, MineOne correctly observes that, on Sunday, August 18, two days after giving "notice" it would take these foreign citizens' depositions on Friday, August 23, and without having earlier informed BCB's counsel that it was intending to use August 23 as a placeholder date (and not as an actual deposition date), MineOne's counsel wrote to Patrick Murphy saying:

> No need to get hysterical over several non-party subpoenas [in Illinois, Tennessee and Florida]. . . the dates on the subpoenas are simply proposed dates, totally subject to the witness's availability. Given the impending discovery deadline, it was imperative we issued the subpoenas to start discussions with the witnesses on availability, especially given my upcoming vacation. [ECF 331-2].

MineOne should have informed BCB's counsel of MineOne's secret intention on August 16 with

---

[1] MineOne's counsel also wrongly asserts, "There is no doubt that BCB's counsel has offered to represent the third parties free of charge, as BCB's counsel did with Timothy Desrochers, another third-party subpoenaed by the MineOne Defendants." [ECF 331-5]. In fact, Patrick Murphy hasn't contacted subpoenaed investors Todd Edwards (Florida) or Barney Patsel (Tennessee), and Mr. Murphy does not represent them.

MineOne's transmittal email, but instead, MineOne said only this:

> Counsel: Please see the MineOne Defendants' notice of intent to serve subpoenas on Black Hills Energy, James Quid, Todd Edwards, and Barney Patsel.  Regards, Alex.  [ECF 331-1].

MineOne's counsel should not have forced BCB to have to file its August 18 motion for protective order to stay these August 23 depositions[2] in three states.  And MineOne should never have set these three foreign depositions (in Florida, Illinois, and Tennessee on the same day, just seven days after giving notice of these subpoenas and August 23 depositions),[3] without providing any possibility that BCB's counsel could attend these Illinois, Tennessee and Florida depositions by Zoom.[4]  The subpoenas do not have any Zoom invite or Zoom participation ability.  This, of course, is all calculated and intentional by MineOne's counsel.  MineOne does not want BCB to be able to attend depositions by Zoom.  MineOne wants to drive BCB's expenses so high that BCB will run out of money to continue this lawsuit.

MineOne and its counsel know that Rule 45 is written in such a way that BCB would have to (a) retain local counsel in the Illinois, Ohio, Tennessee and Florida federal courts to appear for BCB on MineOne's foreign depositions, and (b) retain and pay those local counsel to contest these foreign subpoenas in the federal district courts of all those states.  *See* Rule 45 ("the Court for the

---

[2] Local Rule 37.1(d) says: "Any motion for relief under Fed. R. Civ. P. 26(c) directed to a deposition must be filed and served as soon as practicable after receipt of the deposition notice, but in no event less than five (5) days prior to the scheduled Depositions." BCB had to file its motion for protective order on Sunday, August 18.

[3] MineOne should never have given only seven (7) days' notice of these foreign depositions.  Pursuant to Local Rule 30.1.(a), MineOne should have (1) first conferred with BCB's counsel to schedule these foreign depositions in a convenient and cost-effective manner; and (2) set these depositions at least 14 days after giving notice of these deposition subpoenas.  Local Rule 30.1(a) says:
> Unless otherwise ordered by the Court, "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30(b)(1) shall be not less than fourteen (14) days, as computed under Fed. R. Civ. P. 6. Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner.

[4] Rule 30(b)(4) provides that parties may take or attend any deposition by telephone or other remote means, such as Zoom:
> (4)  By Remote Means.
> The parties may stipulate – or the Court may on motion order – that a deposition be taken by telephone or remote means.

MineOne's counsel will not stipulate to any deposition being taken by remote means, so BCB now moves the Court for its order authorizing BCB and its counsel to take, defend and attend any deposition in this case by Zoom.

4

district court where compliance is required" is the Court ruling on objections to the foreign subpoena). While Ms. Colbath, at Mr. Murphy's request, later agreed that Magistrate Judge Hambrick could rule on BCB's objections to MineOne's August 5 Illinois and Ohio subpoenas to Dr. Bryce Fincham, CMV Global, LLC, and Bayview Capital Investments, LLC, MineOne did not offer to stipulate that Judge Hambrick could also rule on these August 16 foreign subpoenas when MineOne served notice of these August 16 foreign subpoenas and August 23 depositions. MineOne should have made this offer, or stipulation, to BCB and its counsel when it served "notice" of these foreign subpoenas on August 16. Had MineOne done that, BCB would not have needed to file its Rule 26(a) motion for protective order on Sunday, August 18.

MineOne pooh-poohs BCB's argument that MineOne and its counsel are seeking to cram these foreign depositions and subpoenas down BCB's and these passive investors' throats, but that is exactly what MineOne and its counsel are doing [ECF 331 Page 6 of 13]. Why, for example, did MineOne issue foreign document and deposition subpoenas to *four (4)* of BCB's "members of member CMV" for all of their investor communications with BCB, instead of to just one of BCB's 'members of member CMV?' At a minimum, this is duplicative. At worst, it is lawfare designed to financially break BCB. If the Court does not quash these irrelevant, duplicative and wrongful subpoenas, BCB and its counsel will have to incur tens of thousands of dollars defending these subpoenas and foreign depositions. BCB has already incurred $1,500 in fees for an attorney licensed to practice in the Northern District of Illinois.

## **CONCLUSION**

The actions of MineOne and their counsel are intentional. MineOne's counsel, Paula Colbath all but accuses Plaintiff's counsel, Patrick Murphy, of a *crime*: witness tampering and interference. The Court should sanction MineOne and Ms. Colbath, enter default against MineOne, award BCB attorney fees resisting these out-of-state subpoenas, and revoke Ms. Colbath's *pro hac vice*.

Respectfully submitted this 4th day of September, 2024.

        BCB CHEYENNE LLC d/b/a
        BISON BLOCKCHAIN, Plaintiff

By:   /s/ Patrick J. Murphy
      Patrick J. Murphy (WSB No. 5-1779)
      Scott C. Murray (WSB No. 7-4896)
      Williams, Porter, Day & Neville, PC
      159 N Wolcott St. Suite 400
      Casper, WY 82601
      Ph: (307) 265-0700
      pmurphy@wpdn.net
      smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 4th day of September 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>Leily Lashkari *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>llashkari@loeb.com<br>dforrest@loeb.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Marc Feinstein, *Pro Hac Vice* <br> Daniel Hirsch, *Pro Hac Vice* <br> David Iden, *Pro Hac Vice* <br> Sherin Parikh, *Pro Hac Vice* <br> Kate Stutz, *Pro Hac Vice* <br> O'MELVENY & MYERS <br> 400 South Hope Street <br> Los Angeles, CA 90071-2899 <br> mfeinstein@omm.com <br> dhirsch@omm.com <br> diden@omm.com <br> sparikh@omm.com <br> kstutz@omm.com | [  ]   U. S. Mail (prepaid) <br> [ x ]   CM/ECF Electronic Transmission <br> [  ]   Overnight Delivery <br> [  ]   Hand Delivery <br> [  ]   Electronic Mail |
| William Pao, *Pro Hac Vice* <br> COOLEY LLP <br> Wells Fargo Center, South Tower <br> 355 South Grand Avenue, Suite 900 <br> Los Angeles, CA 90071-1560 <br> Ph.:   213-561-3249 <br> Fax:  213-430-6407 <br> wpao@cooley.com | [  ]   U. S. Mail (prepaid) <br> [ x ]   CM/ECF Electronic Transmission <br> [  ]   Overnight Delivery <br> [  ]   Hand Delivery <br> [  ]   Electronic Mail |
| Khale J. Lenhart, WSB No. 7-4581 <br> Tyson R. Woodford, WSB No. 8-6650 <br> HIRST APPLEGATE LLP <br> 1720 Carey Ave. Room 400 <br> P.O. BOX 1083 <br> Cheyenne, WY 82003 <br> klenhart@hirstapplegate.com <br> twoodford@hirstapplegate.com | [  ]   U. S. Mail (prepaid) <br> [ x ]   CM/ECF Electronic Transmission <br> [  ]   Overnight Delivery <br> [  ]   Hand Delivery <br> [  ]   Electronic Mail |
| Meggan J. Hathaway <br> Jane M. France <br> SUNDAHL, POWERS, KAPP & MARTIN, LLC <br> 500 W. 18th Street, Ste. 200 <br> Cheyenne, WY 82003 <br> mhathaway@spkm.org <br> jfrance@spkm.org | [  ]   U. S. Mail (prepaid) <br> [ x ]   CM/ECF Electronic Transmission <br> [  ]   Overnight Delivery <br> [  ]   Hand Delivery <br> [  ]   Electronic Mail |

| | |
|---|---|
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [  ]   U. S. Mail (prepaid)<br>[ x ]  CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy
