Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79 |

## PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE HAMBRICK'S AUGUST 22, 2024 TEXT ORDER [ECF 322] ON THE RELATIVITY FORMAT ISSUE

**COMES NOW** Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72 and to U.S.D.C.L.R. 74.1,

submits the following:

A.     **Introduction**

MineOne, undoubtedly, has a significant number of its files in native format in its Relativity database. Yet it refuses to produce those native files to BCB (without BCB paying for it). And it refuses to produce a Relativity load file with the same metadata that BCB had to provide MineOne (without BCB paying for it). The most time-consuming part of doing a Relativity production is identifying/filtering the documents to be produced in a particular volume. MineOne has already done that. All it needs to do now is run the same productions it did before, but rather than providing only flat, unsearchable PDFs for every document, MineOne should provide (a) native files (when applicable), (b) bates-stamped images (as either TIFFs or PDFs, when applicable), and (c) a Relativity load file containing the requested metadata for every document, just as MineOne required BCB to do. This is as simple as clicking a few buttons within Relativity when configuring the production.

Plaintiff BCB Cheyenne LLC ("BCB"), through its counsel, and pursuant to U.S.D.C.L.R. 74.1(a), hereby seeks the District Court's reconsideration of Magistrate Judge Stephanie Hambrick's August 21, 2024 Text Order [ECF 322] and ruling on this one non-dispositive matter. BCB seeks reconsideration of that portion of Judge Hambrick's Text Order where Her Honor denied Plaintiff's request for the MineOne Defendants to reproduce their written discovery production to BCB in Relativity format where, as here, BCB had to provide its extensive discovery documents (over 30,000 pages) to MineOne in Relativity format at BCB's cost, and where the MineOne Defendants had offered to reproduce their discovery documents to BCB in Relativity format, but at BCB's cost.

B.     **Standard of Review.**

This challenge of Magistrate Judge Hambrick's August 22, 2024 discovery order is made

pursuant to Local Rule 74.1(a), which states, "A party may seek reconsideration of a Magistrate Judge's order determining a non-dispositive matter within fourteen (14) days after service of the Magistrate Judge's order." The district judge will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72 (a). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and form conviction that a mistake has been committed.'" *Libretti v. Courtney*, No. 14-CV-107-SWS, 2015 WL 12927890, at *1 (D. Wyo. Apr. 17, 2015); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.3d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard:

> permits plenary review as to legal issues. See Practice and Procedure with Regard to Nondispositive Matters, 12 Fed. Prac. and Proc. Civ. § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. **But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis**.").

*Libretti v. Courtney*, No. 14-CV-107-SWS, 2015 WL 12927890, at *1 (D. Wyo. Apr. 17, 2015) (emphasis added).

### C. Background.

During the informal discovery conference held by Magistrate Judge Hambrick on August 22, 2024, BCB requested that Defendants re-produce their discovery to BCB in Relativity format (including native files, when applicable). After hearing short oral arguments from counsel, and without any formal briefing on the matter, Magistrate Judge Hambrick summarily denied BCB's request. BCB now seeks Your Honor's reconsideration of this ruling. MineOne *offered* to re-produce all its discovery documents in Relativity format (including natives files, when applicable) – but at BCB's cost – but Judge Hambrick completely denied BCB any ability to receive MineOne's documents (including native files, when applicable) in Relativity format. Exercising her discretion, Judge Hambrick should have ordered what MineOne offered to do.

Relativity is a discovery software tool that facilitates the identification, collection, review, and analysis of electronically stored information. BCB originally produced tens of thousands of pages of pdf-formatted documents to MineOne in response to MineOne's discovery requests. MineOne balked at that production and insisted that BCB provide its documents in Relativity format (including native files, when applicable). At that time, however, neither BCB nor its counsel had previously used—or had even heard of—this software platform. BCB then spent significant time (over 50 hours of BCB's time) and over $4,000.00 in hard costs (invoiced by BCB's Relativity provider) so it could re-produce all of its discovery responses to MineOne in Relativity format. All of BCB's subsequent productions to MineOne have also been in Relativity format (with native files, when applicable). BCB continues to incur monthly charges to maintain its Relativity database (due to MineOne's requirement that BCB produce files in Relativity format)

What BCB is seeking, and what it requested from Magistrate Judge Hambrick at the August 22, 2024 conference, is for MineOne to provide all of its discovery responses to BCB in the same Relativity format (including native files, when applicable) MineOne insists BCB use. This request will not require any significant outlay of time or expense to MineOne which, unlike BCB, was already very familiar with Relativity and uses it in everyday practice. This is not a burdensome request: and MineOne knows as much. In her February 7, 2024 letter to BCB's Counsel, Patrick Murphy, MineOne's counsel, Paula Colbath, stated, "It is our normal practice—and has been common practice in our experience—to provide productions in Relativity-compatible format, ***which allows a party to comprehensively search within a production and ascertain the connections between [document] families***" (emphasis added). Exactly.

BCB is merely requesting that MineOne produce *its* discovery responses in the very format that is Ms. Colbath's "normal practice." *See* Patrick Murphy's August 16, 2024 Letter to Judge

Hambrick (**Exhibit A** pp. 3-4) ("BCB asks for no favor. Instead, BCB asks for the same treatment that MineOne afforded BCB. The Court should compel MineOne to reproduce all of its document production to BCB in the requested Relativity format at MineOne's cost). MineOne *already has* its document production in Relativity, it simply needs to re-run the process with the selected output format to include native files (when applicable) and a Relativity load file with the same data fields MineOne requested of BCB). While the imposition this request puts on MineOne is so minimal, the unfair prejudice to BCB if MineOne is not required to tender its production in a Relativity format is extensive.

For every document MineOne has requested of BCB, it required BCB to provide over twenty data points about that document (in the Relativity load file), including the custodian of that document. Attached hereto as **Exhibit B**, is a table provided by MineOne outlining those required data points. When used in Relativity, this data allows MineOne to perform extensive searching, filtering, and sorting of the documents based on who sent an email, who received an email, when the email was sent, what keywords are in the email and/or attachment, what documents belong to a particular document family (*i.e.*, which email attachments are associated with a particular email message), etc. In contrast, BCB does not get any of this information about documents that MineOne produces. BCB cannot run most of the searches, filters, and/or sorts that MineOne can run. Even if BCB ran the tens of thousands of pages produced by MineOne through an OCR (optical character recognition) process, the accuracy of the ensuing data searches, filters, and sorts would not be as high as MineOne's. And very importantly, BCB will not know the custodian of each document.

MineOne, undoubtedly, has a significant number of its files in native format in its Relativity database (because those native files were used to create the flat, unsearchable PDFs that MineOne provided to BCB). Yet it refuses to produce those native files to BCB. And it refuses to produce a

Relativity load file with the same metadata that BCB had to provide MineOne. BCB spent over $4,000.00 and over 50 hours of time to accommodate MineOne's request. The most time-consuming part of doing a Relativity production is identifying/filtering the documents to be produced in a particular volume. MineOne has already done that. All MineOne needs to do now is run the same productions it did before, but instead of only providing flat, unsearchable PDFs for every document, it should provide (a) native files (when applicable) and (b) bates-stamped images (as either TIFFs or PDFs, when applicable), and (c) a Relativity load file containing the requested metadata for every document, just as MineOne required BCB to do. This is as simple as clicking a few buttons within Relativity when configuring the production. At most, this would require 2-4 hours of MineOne's time (or the time of its Relativity vendor).

Furthermore, MineOne has required BCB to produce native files (whenever possible), while MineOne only provides images of its documents in flat PDFs (*i.e.*, the pdfs do not contain any OCR metadata and cannot be searched for text). With native files (particularly emails and attachments), not only does Relativity data allow one to see the connection between the attachment and email, it provides a significantly higher level of confidence that the attachment was actually attached to an email. Moreover, having a native file (compared to an image in a flat PDF) provides a higher level of confidence that the native file has not been manipulated or altered (whereas an image in a flat PDF is more easily altered).

When Magistrate Judge Hambrick denied BCB's request for parity in the format of document production, BCB was put at a significant disadvantage. And BCB will remain at a huge disadvantage if this decision is not reversed.

### D.    Argument

A district court judge's ability to over-ride matters determined by a magistrate judge is

codified in 28 U.S.C.A. § 636. Regarding non-dispositive matters, the Court "may reconsider any pretrial matter […] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636 (b)(1)(a). "It is clear that district court judges were intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates." *United States v. First Nat. Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir. 1978). However:

> It is also important to avoid the conclusion that district judges are absolutely powerless to alter magistrate-judge resolution of nondispositive matters unless they fall into the clearly erroneous category. At bottom, the power to review is necessary to avoid constitutional difficulties, and an absolute prohibition on revision by the district judge creates risks of undermining that essential review authority.

WRIGHT & MILLER § 3069 Practice and Procedure with Regard to Nondispositive Matters, 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.). District judges are free to reconsider their own decisions made during a case, so "it would turn the jurisprudential system on its head to ascribe irrevocable finality (akin to that of a final judgment) to any unreviewed discovery or evidentiary rulings by a Magistrate Judge." *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003). A district court judge has the final say on all matters in his or her court.

Here, Magistrate Judge Hambrick's ruling denying BCB's request was clearly erroneous. The request was denied outright, without any additional context or information. No consideration appears to have been given to the fact that MineOne offered to undertake the Relativity production. The arguments were not focused on whether the documents would be produced by MineOne in Relativity format (with native files, when applicable), but rather on who would pay for it. Yet Magistrate Judge Hambrick denied the request altogether.

A magistrate judge's ruling can be overturned due to clear error, even when that error is understandable. *See Deselms v. Occidental Petroleum Corp.*, No. 19-CV-0243-F, 2022 WL 22702535, at *2 (D. Wyo. Jan. 7, 2022) (Judge Freudenthal finding "clear (yet understandable) error

in the [Magistrate Judge's ] order's failure to consider to [limitations on the request]"). Magistrate Judge Hambrick did not have a complete record before her, nor did the parties have the opportunity to fully brief the issue. Instead, Magistrate Judge Hambrick, having heard the parties, ordered that MineOne not be required to reproduce documents, even though MineOne offered to do so.

Given the incredible obfuscation and resistance of the MineOne parties to provide any discovery responses throughout this case, BCB simply will now never be able to obtain MineOne's documents in a Relativity-format (with native files, when applicable) without an order from the Court. Rule 34 of the Federal Rules of Civil Procedure states:

> **Unless otherwise stipulated or ordered by the court**, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E) (emphasis added). The rule does not preclude production in "more than one format" and MineOne offered to re-produce its documents in Relativity format (with native files, when applicable), but at BCB's cost. Judge Hambrick should have granted BCB's request, even if Her Honor ordered BCB to pay MineOne's additional expense. Magistrate Judge Hambrick's ruling denying BCB's request fails to recognize: a) the significant prejudice to BCB if MineOne is not required to produce its documents in Relativity format (with native files, when applicable), and b) the surety that MineOne will not voluntarily provide BCB with MineOne's documents, even at BCB's expense.

### E.     Conclusion.

BCB respectfully asks the Court to level the playing field, both in discovery and at trial. MineOne and BCB should both have access to native files (when applicable) with the same metadata fields provided in Relativity format. And MineOne even agreed to produce this, but at BCB's cost. BCB is not thrilled with having to pay twice for native files (when applicable) and Relativity compatible metadata – once to comply with MineOne's demand, and now to seek MineOne's documents in this format – but BCB is willing to consider bearing MineOne's reasonable and necessary cost of re-producing its documents to BCB (in the same format that MineOne required BCB to provide BCB's documents to MineOne), after MineOne provides an estimated cost, if that is what the Court, on this appeal, requests of BCB. BCB will suffer greatly if it and its attorneys are handicapped the next five months with only having access to documents in a more primitive format as compared with what MineOne and its team of lawyers have available to them (which they have at BCB's expense and effort).

**DATED** this 4th day of September, 2024.

> BCB CHEYENNE LLC d/b/a
> BISON BLOCKCHAIN, Plaintiff
>
> By: _/s/ Patrick J. Murphy_
> Patrick J. Murphy (WSB No. 5-1779)
> Scott C. Murray (WSB No. 7-4896)
> Williams, Porter, Day & Neville, PC
> 159 N Wolcott St. Suite 400
> Casper, WY 82601
> Ph: (307) 265-0700
> pmurphy@wpdn.net
> smurray@wpdn.net

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 4th day of September 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>Leily Lashkari *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>llashkari@loeb.com<br>dforrest@loeb.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>David Iden, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>sparikh@omm.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| William Pao, *Pro Hac Vice*<br>COOLEY LLP<br>Wells Fargo Center, South Tower<br>365 South Grand Avenue, Suite 900<br>Los Angeles, CA 90071-1560<br>Ph.:  213-561-3249<br>Fax:  213-561-3244<br>wpao@cooley.com | [ ]   U. S. Mail (prepaid)<br>[x]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

    /s/Patrick J. Murphy
    Patrick J. Murphy