# EXHIBIT 1

| | |
|---|---|
| **From:** | Alex Inman |
| **Sent:** | Friday, August 16, 2024 6:50 PM |
| **To:** | Patrick Murphy; Scott C. Murray; Khale J. Lenhart; Feinstein, Marc; diden@omm.com; sparikh@omm.com; Marc Gottlieb; Meggan Hathaway; Tyson R. Woodford; Pao, William K.; Jane France; Masterson |
| **Cc:** | Paula Colbath; David Forrest; Leily Lashkari; Maribel Gill; Sean Larson; Kari Hartman |
| **Subject:** | BCB v MineOne et al - Notice of Subpoena |
| **Attachments:** | Notice of Intent to Serve Subpoena Dep-DT 8.16.24.pdf; T Edwards Depo Subpoena 8-16-2024.pdf; B Patsel Depo Subpoena 8-16-2024.pdf; J Quid Depo Subpoena 8-16-2024.pdf; Black Hills Energy Subpoena DT 8-16-2024.pdf |

Counsel:

Please see the MineOne Defendants' notice of intent to serve subpoenas on Black Hills Energy, James Quid, Todd Edwards, and Barney Patsel.

Regards,

Alex

Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Sarah Levitan Perry, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR MINEONE WYOMING DATA CENTER, LLC
MINEONE PARTNERS LLC, TERRA CRYPTO, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 23CV-79-ABJ |
| v. | ) ) ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF INTENT TO SERVE DEPOSITION SUBPOENA
## AND SUBPOENA DUCES TECUM

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc., by and through counsel, HATHAWAY & KUNZ, LLP, and LOEB & LOEB LLP, and provide notice that the attached Subpoena Duces Tecum will be served upon Cheyenne Light, Fuel, and Power Co. d/b/a Black Hills Energy and the attached Subpoenas to Testify at a Deposition and Subpoena Duces Tecum will be served upon James Quid, Todd Edwards and Barney Patsel.

DATED this 16th day of August, 2024.

/s/ Paula K. Colbath
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

LOEB & LOEB LLP
Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Leily Lashkari, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4905
Fax: 212-407-4990

*ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation*

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of August, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy | [ ] CM/ECF |
| Scott C. Murray | [ ] Fax: |
| Williams, Porter, Day & Neville, P.C. | [ x ] E-mail: |
| 159 N. Wolcott., Suite 400 | pmurphy@wpdn.net |
| P.O. Box 10700 (82602) | smurray@wpdn.net |
| Casper, WY 82601 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Khale J. Lenhart | [ ] CM/ECF |
| Tyson R. Woodford | [ ] Fax: |
| Hirst Applegate, LLP | [ x ] E-mail: |
| P. O. Box 1083 | klenhart@hirstapplegate.com |
| Cheyenne, WY 82003-1083 | twoodford@hirstapplegate.com |

| | |
|---|---|
| Marc Feinstein, *pro hac vice* | [ ] CM/ECF |
| William K. Pao, *pro hac vice* | [ ] Fax: |
| Sherin Parikh, *pro hac vice* | [ x ] E-mail: |
| David Iden, *pro hac vice* | mfeinstein@omm.com |
| Kaitie Farrell, *pro hac vice* | wpao@omm.com |
| O'Melveny & Myers, LLP | sparikh@omm.com |
| 400 South Hope Street, 18th Floor | diden@omm.com |
| Los Angeles, CA 90071 | kfarrell@omm.com |
| *Attorneys for Bitmain Technologies* | |
| *Georgia Limited* | |

| | |
|---|---|
| Meggan J. Hathaway | [ ] CM/ECF |
| Jane M. France | [ ] Fax: |
| Sundahl, Powers, Kapp & Martin, L.L.C. | [ x ] E-mail: |
| 500 W. 18th Street, Suite 200 | mhathaway@spkm.org |
| Cheyenne, WY 82003-0328 | jfrance@spkm.org |

| | |
|---|---|
| Marc S. Gottlieb | [ ] CM/ECF |
| Ortoli Rosenstadt, LLP | [ ] Fax: |
| 366 Madison Avenue, 3rd Floor | [ x ] E-mail: |
| New York, NY 10017 | msg@orllp.legal |
| *Attorneys for Bit Origin and SonicHash* | |

*/s/ Paula K. Colbath*
LOEB & LOEB LLP

SUBPOENA 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     CHEYENNE LIGHT, FUEL, AND POWER CO. d/b/a BLACK HILLS ENERGY, c/o Corporation Service Company, 1821 Logan Ave, Cheyenne, WY 82001

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE SCHEDULE A

| Place: Hathaway & Kunz, LLP, Kari Hartman, Esq. 2515 Warren Avenue, PO Box 1208, Cheyenne WY 82001 | Date and Time: 08/23/2024 5:00 pm |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/16/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Paula K. Colbath |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MineOne Wyoming Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc. , who issues or requests this subpoena, are:
Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**DEFINITIONS**

1.      "You", "Your" or "BHE" shall mean Cheyenne Light, Fuel, and Power Co. d/b/a Black Hills Energy, and any of its present or former predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

2.      "Plaintiff," or "BCB," shall mean Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, and any of its present or former predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

3.      "Defendants" means Defendants MineOne Wyoming Data Center, LLC, MineOne Partners, LLC, Terra Crypto Inc., Bitmain Technologies Georgia Limited, Bit Origin, Ltd. and SonicHash LLC, and any of their predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

4.      "Parties" means Plaintiff and Defendants.

5.      The term "MineOne Wyoming" shall mean Defendant MineOne Wyoming Data Center, LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

6.      The term "MineOne Partners" shall mean Defendant MineOne Partners LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

7.    The term "Terra Crypto" shall mean Defendant Terra Crypto Inc., and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

8.    The term "Bit Origin" shall mean Defendant Bit Origin, Ltd., and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

9.    The term "SonicHash" shall mean Defendant SonicHash LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

10.    "Black Hills Energy" shall mean Cheyenne Power, Fuel, and Light Company, d/b/a Black Hills Energy, a subsidiary of Black Hills Corporation.

11.    The term "Action" shall mean the above-captioned civil action.

12.    The term "Amended Complaint" shall mean the First Amended Complaint filed on September 30, 2023 in this Action.

13.    The term "North Range" shall mean the cryptocurrency mining facility located in the North Range Business Park in Cheyenne, Wyoming (635 Logistics Dr, Cheyenne, WY 82009).

14.    The term "Campstool" shall mean the planned cryptocurrency mining facility located in the Campstool Addition in Cheyenne, Wyoming (CAMPSTOOL ADDITION, 4TH FILING: LOT 1, BLOCK 4 (*i.e.,* 9010 VENTURE DR, CHEYENNE, WY 82007).

15.    The term "Request for Proposal" shall mean the Cheyenne Light, Fuel And Power Company Blockchain Interruptible Service Request For Proposals dated August 24, 2021, attached hereto as **Exhibit A**.

16.     "Communication" means all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

17.     "Document" and "documents" include but are not limited to "documents," "electronically stored information" and "tangible things," as those terms are used in Federal Rule of Civil Procedure Rule 34(a), and "writings," "recordings" and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and include, without limitation, e-mails, text messages, letters, notes (whether handwritten or otherwise), memoranda, post-its, buck slips, receipts, contracts, letter agreements, journals, logs, drafts and other writings by which letters, words, numbers or images, or their equivalent, are set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, still photographs, video tapes, digital recordings and motion pictures, publications, pamphlets, promotional materials, charts, graphs, ledgers, telegrams, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, desk calendars, diaries, appointment books, and all means by which information can be stored by way of video or audio, tape, microfilm, microfiche, computers, hard disks, floppy disks, compact disks, and other similar means.  Any drafts or non-identical copies constitute separate documents, including any English translations of foreign-language documents.

18.     "Concerning" means in any way relating to, referring to, describing, comprising, consisting of, evidencing or constituting.

19.     The terms "person" and "persons" refer to natural persons or any business, legal, or governmental entities or associations, including without limitation, corporations, partnerships, limited partnerships, limited liability companies, joint ventures, or franchises.

20.     A reference to an entity (as opposed to a natural person) refers to the entity and to all persons employed by or affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, and employees.

21.     The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these discovery requests any information that might otherwise be construed to be outside its scope.

22.     The terms "each," "any" and "all" shall be construed interchangeably so as to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

23.     The use of the singular form of any word includes the plural, and vice versa, so as to bring within the scope of these discovery requests any document or information which might otherwise be construed as being outside their scope.

## **REQUESTS FOR PRODUCTION**

1.     All Documents and Communications regarding the Request for Proposal including, without limitation, the full text of each competitive bid submission (including any drafts and all attachments).

2.     Documents sufficient to show the terms of each competitive bid submission BHE received in response to the Request for Proposal.

3.     Documents and Communications concerning electricity prices at North Range and Campstool from January 1, 2012 to the present.

4.      All Communications between BHE and BCB, or any of BCB's affiliates or members.

5.      All Communications between BHE and any third party concerning the bitcoin mining projects at North Range and Campstool.

6.      All documents and Communications relating in any way to BCB's operations and business activities and operations at North Range and/or Campstool.

# EXHIBIT A

# CHEYENNE LIGHT, FUEL AND POWER COMPANY

# BLOCKCHAIN INTERRUPTIBLE SERVICE

# REQUEST FOR PROPOSALS

**Issue date: August 24, 2021**

**Response deadline: September 7, 2021**

## Table of Contents

The table of contents is empty because you aren't using the paragraph styles set to appear in it.

## Introduction

Black Hills Corp. (NYSE: BKH) is a customer-focused, growth-oriented utility company with a tradition of improving life with energy and a vision to be the energy partner of choice. Based in Rapid City, South Dakota, the company serves 1.3 million natural gas and electric utility customers in eight states: Arkansas, Colorado, Iowa, Kansas, Montana, Nebraska, South Dakota and Wyoming. More information is available at www.blackhillscorp.com, www.blackhillscorp.com/corporateresponsibility and www.blackhillsenergy.com.

Black Hills Corporation through its wholly owned subsidiary Cheyenne Light, Fuel and Power Company is soliciting proposals from potential Blockchain Interruptible Service ("BCIS") customers.    Cheyenne Light, Fuel and Power Company dba Black Hills Energy ("Cheyenne Light") serves over 43,000 electric customers in Cheyenne, Wyoming and the surrounding vicinity.

This document is the RFP and serves as written application to Cheyenne Light for service under its BCIS Tariff.  This RFP is for respondents to propose pricing and terms related to taking service under a to be negotiated BCIS agreement.  Cheyenne Light desires to enter into one or more BCIS agreement(s) as a result of this RFP.  However, Cheyenne Light may require additional information, and Cheyenne Light and the applying customer may, at the sole discretion of either party, cease negotiation of rates and terms and conditions of service under the BCIS Tariff. If the parties agree through negotiations to electric service through the BCIS Tariff, an Agreement will be executed. The electric service under the BCIS Tariff is not applicable to temporary, standby, supplementary, emergency, resale, shared or incidental purposes.

The agreement for service under the BCIS tariff must include:
1. Electric service is for new interruptible load expected to be 10,000 kW or greater;
2. A term of at least two (2) years;
3. Specific pricing for all electricity purchased, with the pricing terms being subject to renegotiation at least every three (3) years;
4. Negotiated service interruption provisions (size of interruptible load, notice of planned interruption, duration of interruption, and maximum hours of interruption per year);
5. Other requirements as defined in the BCIS tariff (see appendix).

Cheyenne Light will give preference to bids with the highest price, accept high curtailment/interruptible hours and are in desirable locations. The Company will also factor in the bidder's credit quality and the ability for the bidder to transact quickly.

All system upgrade or system interconnection costs will be borne by the respondent. Cheyenne Light will endeavor to provide an estimate to the short-listed bidders of the expected costs to interconnect to its facilities during the screening process and the notice to the short-listed bidders.

All proposals received will be handled confidentially.

## Bid Submittal

**Proposal Submissions**

Proposals must be submitted in the complete name of the party expecting to execute any resulting BCIS Agreement with Cheyenne Light.  The proposal must be executed by a person who is duly authorized to bind the respondent to a contract.

Bidders can submit alternate proposals for price, location, or curtailable hours.  However, please submit a complete package for each alternative location proposed.  If alternate pricing and/or curtailable hours are proposed from the same location, please submit a new Section 3-Pricing for each proposal.

All proposals submitted in response to this RFP must be received by Cheyenne Light no later than 5:00 pm MDT on the due date at BCIS_RFP@blackhillscorp.com.  To ensure receipt, please send e-mails from a United States service provider.

**Schedule**

| | |
|---|---|
| **Issue RFP** | **August 24, 2021** |
| **RFP Responses due** | **September 7, 2021** |
| **Screening of bids complete** | **September 30, 2021** |
| **Notice to short-listed bidders** | **September 30, 2021** |
| **Execution of BCIS Agreement** | **October 15, 2021** |

**Questions**

Cheyenne Light will accept questions via email to BCIS_RFP@blackhillscorp.com.  Cheyenne Light requests that all questions concerning this RFP be submitted in writing at the above address.  Answers will be provided through email correspondence to and from this address only.  Written questions will be accepted by Cheyenne Light through September 3rd.

**Required attachments:**

All bids must include the entity's certificate of good standing and most recent financial statements.  If no financial statements exist, the bidder must detail its financial condition or show other means to fund the project. Additionally, please provide details regarding credit support and preference for form of credit support (e.g. letter of credit).  Bids without any financial detail regarding the bidder's ability to fund the project or support credit requirements will not be considered.

With each proposal Cheyenne Light will require all parties to sign the Non-disclosure Agreement, contained in Appendix - Non-disclosure Agreement to this RFP.  Cheyenne Light will sign and execute the Non-disclosure Agreement upon receipt from each Respondent.   Cheyenne Light will use commercially reasonable efforts, in a manner consistent with the Non-disclosure Agreement, to protect any claimed proprietary and confidential information contained in a proposal.

- See Bid Form - Section 1 - Bid Checklist

## Bid Form - Section 1 - Bid Checklist

☐ **Signed** **Bid Form - Section 2 - Contact/Company information**

☐ **Bid Form - Section 3 - Project Specifics**

☐ **Bid Form - Section 4 - Pricing Proposal**

☐ **Attached certificate of good standing**

☐ **Attached financial statements**

☐ **Completed and Signed** **Non-Disclosure Agreement**

## Bid Form - Section 2 - Company/Contact information

**Contact name:**

**Full legal name of bidding entity:**

**State of incorporation:**

**Address:**

**Phone:**

**Email:**

**Signature:**

## Bid Form - Section 3 - Project Specifics

**Describe the project:**

**Desired interconnection substation: (please see appendix for list)**

**Project's physical address:**

**Project's latitude and longitude:**

**Project's facility description: (containers or building, etc.)**

**Project's desired start date:**

**Project's expected megawatts of demand at start, schedule of increase over time, and final demand at project completion:**

**Project's site preparation: (permitting requirements complete (if applicable), has land been acquired, is a lease option preferred?)**

**Does the bidding entity currently have cryptocurrency mining operations? If yes, how many megawatts?**

## Bid Form - Section 4 - Pricing Proposal

Cheyenne Light will entertain proposals for fixed price supply.  In the tables below please provide the proposed total or all-in pricing the bidder is willing to pay under a BCIS Agreement. Priority will be placed on price as well as on the number of curtailment hours.

As required in the tariff, the BCIS Agreement requires a bid reopener after three years.  However, the bidder may propose pricing and terms beyond that time.

Please complete the table below with the proposed bid (add rows or columns as necessary).  It should be completed in cents per kilowatt hour.

| Term | Total Bid |
|---|---|
| Example (Jan-Dec 2022) | $.0XX/kwh |
| Example (Jan-Dec 2023) | |
| | |
| | |

Please list the maximum hours the project would be willing to be curtailed annually due to uneconomic market energy prices.  Cheyenne Light retains the right to curtail load for system safety and integrity beyond the hours indicated below as necessary.

XXX hours

Is the bidder willing to pay a premium during hours in which power supply cost exceeds the bid price to avoid being curtailed?  (Yes/No)

Is the bidder interested in off-peak only energy or tiered pricing during on-peak vs off-peak hours? If so please explain further.

Please indicate any other information related to bid pricing you wish to share with Cheyenne Light for your bid:

**Project funding and credit support:**

Cheyenne Light will assess the bidders' ability to fund the project and bidders' credit quality.   At a minimum, the bidder can expect to post credit support equal to multiple months of the project's electric utility bill. Bidders with less credit history or without excellent credit can expect to provide more credit support.

Please detail proposed project funding: (Is funding secured or in process?)

Please detail your proposed credit support for this bid:

# **Appendix**

**Appendix - Cheyenne Light BCIS Tariff**

**Appendix - Cheyenne Light Substation Availability**

**Appendix - Non-Disclosure Agreement**

## Appendix - Blockchain Interruptible Service (BCIS) Tariff



| Cheyenne Light, Fuel and Power Company d/b/a Black Hills Energy | Wyo. P.S.C. Tariff No. 13 |
|---|---|

| **Blockchain Interruptible Service** | First Revised Sheet No. 26 |
|---|---|
| | Cancels Original Sheet No. 26 |

### ELECTRIC RATES

### BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS")

### APPLICABILITY

This tariff is applicable to new Customer interruptible load, interconnected with the Company's system, expected to be 10,000 kW or greater.  Interruptions will be at the Company's discretion.  Each new customer will have entered into a Blockchain Interruptible Service Agreement ("Agreement") with the Company.

### ELIGIBILITY

Customers requesting Blockchain Interruptible Service ("BCIS") will be considered upon written application to the Company.  Upon receipt of the customer's written application and such additional information as the Company may require, the Company and the applying customer may, at the sole discretion of either party, commence negotiation of rates and terms and conditions of service under this BCIS tariff.  If the parties agree through negotiations to electric service through this BCIS tariff, an Agreement will be executed. The electric service under this tariff is not applicable to temporary, standby, supplementary, emergency, resale, shared or incidental purposes.

### CONTRACT

As a condition to be eligible for this tariff, the customer is required to enter into an Agreement for service under this tariff.  The Agreement shall be filed, with a request for confidentiality protections, with the Public Service Commission of Wyoming ("Commission") prior to the customer being billed under the Agreement.

The Agreement shall be in accordance with the provisions of this BCIS tariff and at a minimum shall include:

1. Electric service is for new interruptible load expected to be 10,000 kW or greater;
2. A term of at least two (2) years;
3. Specific pricing for all electricity purchased, with the pricing terms being subject to renegotiation at least every three (3) years;
4. Identification of Customer and Company costs for any required new electric infrastructure;
5. Details specifying how service will be interrupted by the Company;
6. Negotiated service interruption provisions (size of interruptible load, notice of planned interruption, duration of interruption, and maximum hours of interruption per year) ;
7. BCIS customers that fail to interrupt service as required by the Agreement shall be responsible for all costs incurred by the Company due to such failure;
8. A release of liability of the Company for any losses or damages, including consequential damages, caused by or resulting from any interruption of service;

Date Issued: August 12, 2019                                          Effective Date: June 1, 2019
By: Jerrad Hammer                                          Title: Director – Regulatory and Finance

BCIS Tarriff



Cheyenne Light, Fuel and Power Company
d/b/a Black Hills Energy

Wyo. P.S.C. Tariff No. 13

---

**Blockchain Interruptible Service**

First Revised Sheet No. 27
Cancels Original Sheet No. 27

---

### BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS") - CONTINUED

9.  Revenue expected to be received under the Agreement during its term must exceed the anticipated costs to the Company of its performance under the Agreement;

10. Terms and conditions of service shall be those contained in the Agreement; and

11. Customer shall not be eligible for any discounts or service conditions except as provided for in the Agreement.

<u>**MONTHLY RATE**</u>

All charges for service under this tariff shall be in accordance with the Agreement entered into between the Company and the Customer.

<u>**POWER COST ADJUSTMENT**</u>

Customers receiving service under this tariff shall not participate in the Power Cost Adjustment (PCA) to the extent of service received under this tariff schedule.

<u>**PAYMENT**</u>

Net monthly bills are due and payable twenty days from the date of the bill, and after that date the account becomes delinquent.  A late payment charge of 1.5% on the undisputed unpaid balance shall apply to delinquent accounts.  Discontinuance of service can occur pursuant to the Rules and Regulations, Sheet No. R16.

Date Issued: August 12, 2019
By: Jerrad Hammer

Effective Date: June 1, 2019
Title: Director – Regulatory and Finance



Cheyenne Light, Fuel and Power Company
d/b/a Black Hills Energy

Wyo. P.S.C. Tariff No. 13

---

**Blockchain Interruptible Service**

First Revised Sheet No. 28
Cancels Original Sheet No. 28

---

### BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS") - CONTINUED

**COST AND BENEFIT ASSIGNMENT**

The Company assumes all financial and operational risks associated with BCIS, and as such, the costs and benefits to the Company and its other retail customers shall be distributed as follows:

- All BCIS power supply costs and any associated revenues shall be separately identified in the books and records of the Company and shall be solely the responsibility of the Company. These costs and revenues will be removed from the Company's Power Cost Adjustment ("PCA") calculation. All directly assigned power costs and related kWh shall be excluded when determining the annual PCA rate;
- All third party transmission charges attributable to the BCIS customer's electric requirements shall be the responsibility of the Company. These costs will be recorded on the Company's books in FERC Account 565 and removed from the Company's PCA calculation;
- When the BCIS customer is served through use of the Company's local transmission system (115 kV and above) customers will receive a benefit per megawatt hour of energy served under Agreements entered into pursuant to this tariff through the BCIS Transmission Credit component of the BCIS Customer Credit Adjustment Tariff ("BCCA"). ;
- The Company shall be responsible for corporate overhead expense as is allocated to BCIS customers utilizing the then current Cost Allocation Manuals (CAM). These identified expenses will be removed from any annual earnings reports and the retail cost of service in any Company rate proceedings. A portion of these expenses will be included in the BCIS Corporate Overhead Credit component of the BCCA; and
- In addition, retail electric customers shall receive a customer benefit per megawatt hour of energy served under Agreements entered into pursuant to this tariff through the BCIS Customer Benefit Credit component of the BCCA..

The customer benefits outlined herein and in the BCCA Tariff shall be the exclusive benefits provided to other retail customers as a result of the Company providing BCIS service. Any revenues and expenses associated with BCIS service shall be removed from the Company's normalized earnings reports, rate of return calculations, and the retail cost of service in any Company rate proceedings. Any profits or losses resulting from BCIS service shall inure to and be the responsibility of the Company.



Cheyenne Light, Fuel and Power Company
d/b/a Black Hills Energy

Wyo. P.S.C. Tariff No. 13

---

**Blockchain Interruptible Service**

First Revised Sheet No. 29
Cancels Original Sheet No. 29

---

### BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS") - CONTINUED

**DEMAND SIDE MANAGEMENT**

Demand Side Management (DSM) Surcharge shall not be applicable to Blockchain Interruptible Service Customers.

**RULES AND REGULATIONS**

Service supplied under this schedule is subject to the terms and conditions set forth in the Company's Rules and Regulations on file with the Public Service Commission of Wyoming unless modified by the Agreement.

**CREDIT SUPPORT**

The Company may require from the BCIS customer a deposit or other credit support as outlined in the Agreement. The credit support shall not be considered as an advance payment of bills for service to be rendered, but shall be held as security for payment of obligations incurred on behalf of the customer.

Date Issued: August 12, 2019
By: Jerrad Hammer

Effective Date: June 1, 2019
Title: Director – Regulatory and Finance

## Appendix - Cheyenne Light Substation Availability

| Substation | Total Capacity | Reservation for Native Growth | Available BCIS Capacity | Distribution Voltage |
|---|---|---|---|---|
| Happy Jack | 28 MW | 5 MW | 10 MW | 24.9 kV |
| North Range* | 100 MW | 83 MW | 0 MW | 24.9 kV |
| Hilltop | 96 MW | 6 MW | 30 MW | 13.2 kV |
| Skyline | 96 MW | 9 MW | 35 MW | 13.2 kV |
| Crow Creek | 96 MW | 8 MW | 15 MW | 13.2 kV |
| East Business Park | 50 MW | 7 MW | 30 MW | 13.2 kV |

*BCIS capacity at North Range could be considered however would require additional analysis.

Note: Capacity listing is the result of arithmetic summation of transformer capacities and does not constitute the results of detailed system analysis. Upgrades such as feeder improvements, service line extensions, multiple metering points, or transmission improvements may be necessary before connecting some or all of this capacity. Prior to connecting any new customer, Black Hills would perform its usual due diligence to identify any system impacts associated with a new customer.

## Appendix - Non-Disclosure Agreement

**NON-DISCLOSURE AGREEMENT**

This Non-Disclosure Agreement ("Agreement") is effective as of the            day of            , 2021 ("Effective Date"), by and between [INSERT LEGAL NAME OF ENTITY], a [INSERT ENTITY TYPE], organized

under the laws of the state of [INSERT STATE OF ORGANIZATION] having a place of business at ("                "), and Cheyenne Light, Fuel and Power Company, a company having a place of business at 7001 Mt. Rushmore Rd., Rapid City, SD 57702, and its affiliates and subsidiaries ("Black Hills").  Black Hills and                shall collectively be referred to as the "Parties".

## RECITALS

A.      The Parties have expressed a desire to engage in discussions regarding a Blockchain Interruptible Service Agreement  (the "Transaction").

B.      In order to explore  this relationship, it will be necessary for the Parties to disclose certain Confidential Information (as hereinafter defined) to each other.

## AGREEMENT

NOW THEREFORE, in consideration of the recitals, the mutual promises and covenants made herein, with the intent to be legally bound hereby, the Parties agree as follows:

1.      <u>Confidential Information</u>. As used in this Agreement, the term "Confidential Information" includes all written information, data, correspondence or other tangible materials, and information disclosed orally, electronically or in any other intangible form by one party to the other.  Confidential Information shall include all information as described herein, whether or not it is marked Confidential or Proprietary.

Each party shall have the right to determine, in its sole judgment, what information it will provide to the other. Confidential Information shall not include the following:

(a)      information which at the time of disclosure by a Party (the "Disclosing Party") is already public or becomes available to the public through no act or omission of the Party receiving such information  (the "Receiving Party");

(b)      information which was in the Receiving Party's possession prior to receipt from the Disclosing Party;

(c)      information which is lawfully received independently from a third party who, to the Receiving Party's knowledge, is free to disclose such information to the Receiving Party; or

(d)      information which is independently developed by or on behalf of Receiving Party  without use of any Confidential Information.

Without the other party's prior written consent, the Parties and their directors, officers, employees, consultants and advisors shall not disclose to any person or entity either the fact that discussions or negotiations are taking place concerning the Transaction between the Parties or any of the terms, conditions or other facts with respect to any such Transaction, including the status thereof.

2.    <u>Disclosure and Use of Confidential Information</u>. For a period of three (3) years from the Effective Date of this Agreement, the Parties agree:

(a)    to hold in confidence and not to disclose to any third party the Confidential Information, employing the same degree of care to keep such Confidential Information confidential as it employs with respect to its own information of like importance, but in no event less than reasonable care.

(b)    not to use the Confidential Information for any purpose other than in connection with the Transaction.  The Parties may disclose Confidential Information on a need to know basis to their consultants and advisors and employees who have a need to know such information for purposes of such evaluation, provided that such disclosures are made under confidentiality requirements consistent with those set forth in this Agreement.

(c)    With respect to Confidential Information jointly generated by the Parties, each Party shall be deemed to be the Receiving Party for purposes of this Section 2.

3.    <u>Required Disclosure</u>. If compelled by a requirement of a government agency, a court, or by law or discovery to disclose any of the Confidential Information, the party ordered to disclose the information shall make reasonable efforts to resist disclosure and shall notify the other party in writing prior to making any disclosure in order to provide the party whose information may be disclosed a reasonable opportunity to either waive any objection to such disclosure or request a remedy from the appropriate authority.  The Parties will reasonably cooperate with each other in efforts to obtain such a remedy.  If the party whose information may be disclosed waives its objections or is unsuccessful in its request for a remedy or fails to make such a request, the party compelled to disclose information will furnish only that portion of the Confidential Information that is legally required.

4.    <u>Return of Documents</u>. The Parties may elect at any time to terminate further access to Confidential Information.  The party in possession of Confidential information agrees to return, or destroy if so requested, any and all Confidential Information as well as any other information disclosed upon request, including all originals, copies or any other form of said material, without retaining any copy or duplicate thereof, and shall promptly destroy any and all translations, notes and other written, printed, computer based or readable or other material or information derived from the Confidential Information, without retaining any copy or duplicate thereof. Notwithstanding the foregoing, the party in possession of Confidential Information will not have an obligation to return or destroy Confidential Information stored in electronic backup systems, provided that such systems are not used to access such Confidential Information and the terms of this Agreement will continue to apply to such Confidential Information stored in electronic backup systems.

5.      <u>No Further Obligations</u>. Nothing herein shall obligate either party to disclose to or receive from the other party any particular information.  Neither of the Parties has an obligation under this Agreement to purchase any service or item from the other party.  The Parties shall not be obligated to compensate each other for the use of any information disclosed under this Agreement. acknowledges that Black Hills may explore opportunities similar to the

Transaction with other companies that may be competitors of                    .


6.      <u>Remedies</u>. The Parties acknowledge that remedies at law may be inadequate to protect against any actual or threatened breach of this Agreement, and, without prejudice to any other rights and remedies otherwise available, the Parties agree to the granting of injunctive relief without proof of actual damages.  In the event of litigation relating to this Agreement, if a court of competent jurisdiction determines that this Agreement has been breached, then the party at fault will reimburse the other party for its costs and expenses (including, without limitation, attorneys' fees and expenses) incurred in connection with all such litigation.


7.      <u>No Other Rights or License.</u> Disclosure of any information under this Agreement shall not be construed as granting, directly or by implication, any license under any United States or foreign patent, patent application or copyright, or any other intellectual proprietary rights; nor shall this Agreement be construed as creating any agency or partnership relationship between the Parties.


8.      <u>LIMITATION OF LIABILITY</u>. NEITHER PARTY NOR ANY OF ITS RESPECTIVE AFFILIATES AND SUBSIDIARIES SHALL BE LIABLE TO THE OTHER OR ANY THIRD PARTY FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES RELATED TO OR ARISING OUT OF THIS AGREEMENT EVEN IF THE PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND REGARDLESS OF WHAT LEGAL OR EQUITABLE THEORY MAY BE ASSERTED, INCLUDING, WITHOUT LIMITATION, ANY CONTRACT, NEGLIGENCE, BREACH OF WARRANTY OR ANY OTHER LEGAL OR EQUITABLE THEORY.


9.      <u>Termination</u>. This Agreement may be terminated by either party upon three days prior written notice to the other party; provided, however, that notwithstanding any termination hereof, the Parties obligations under this Agreement shall remain in full force and effect with respect to Confidential Information disclosed prior to such termination for three (3) years after the effective date of such termination.


10.     <u>Non-Solicitation</u>. During the term of the Agreement, and for a period of two (2) years after the active business relationship ends or is terminated for any reason, each party agrees that it will not directly or indirectly, solicit, hire, or retain for employment or contract services, any current employee of the other party or any employee who has been employed by the other party at any time during the term of the Agreement, and who became known to the hiring party in connection with its consideration of the Transaction.  Notwithstanding the foregoing, the hiring party shall not be precluded from hiring any such employee who: (a) initiates discussions regarding such employment without any direct or indirect solicitation by the hiring party; (b) is referred to the hiring party by search firms, employment agencies or other similar entities provided that such entities have not been specifically instructed by the hiring

party to solicit the employees of the other party or its affiliates or (c) has been terminated by the other party prior to commencement of employment discussions between the hiring party and such employee.


11.    <u>Miscellaneous</u>. The Parties represent and warrant that they have the right to disclose the information disclosed under this Agreement for the purpose set forth herein.  The Parties shall not disclose any information that is confidential or otherwise restricted by reason of any oral, written or implied agreement or other understanding they have with any third party.  This Agreement supersedes all prior agreements, understandings, representations and statements, whether oral or written, between the Parties relating to the subject matter of this Agreement.  The terms of this Agreement may not be changed except by subsequent written agreement duly executed by an authorized representative of each of the Parties.  This Agreement may not be assigned by either party without the prior written consent of the other party, shall be binding upon the Parties and their successors and permitted assigns, and shall inure to the benefit of and shall be enforceable by the Parties and their successors and permitted assigns. The invalidity in whole or in any part of this Agreement does not affect the validity of the remainder of the Agreement. Notices given under this Agreement shall be in writing and delivered by first class, certified mail to each signatory at the addresses identified herein, unless changed by written notice, with a copy to Black Hills' General Counsel.  This Agreement shall be interpreted in accordance with the laws of the state of Wyoming without regard to its conflicts of laws principles.  The venue for any dispute arising hereunder shall be in state or federal courts located within the state of Wyoming. This Agreement may be executed by facsimile and in one or more counterparts, each of which will be deemed to be an original, and all of which when taken together, shall be deemed to constitute one and the same agreement.


The undersigned have caused this Agreement to be duly effective as of the date first set forth above.


Cheyenne Light, Fuel and Power Company


_____          _____
(signature)                                                              (signature)


_____          _____
(name printed)                                                        (name printed)


_____          _____
(title)                                                                       (title)


_____          _____
(date)                                                                       (date)

# SUBPOENA 2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC ET AL | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          James Quid, 1904 Tufton Court, Naperville, IL 60564

_____
_(Name of person to whom this subpoena is directed)_

✓ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Loeb & Loeb LLP, c/o Laura McNally, Esq. 321 North Clark Street, Ste 2300, Chicago, IL 60654 | Date and Time: 08/23/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means

✓ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          08/16/2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Paula K. Colbath |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   MineOne Wyoming Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc.                      , who issues or requests this subpoena, are:
Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

    I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
*Server's signature*

                                          _____
*Printed name and title*

                                          _____
*Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**DOCUMENTS REQUESTED**

*Request No. 1*

Please produce all documents concerning any monies, investments, contributions, transfers, loans, payments, or other consideration given by you (or by any of your agents, affiliates and/or members) to (a) Plaintiff BCB Cheyenne LLC doing business as Bison Blockchain ("BCB"), or any of BCB's affiliates or members, (b) Michael Murphy, (c) Emory Patterson, (d) Neil Phippen, (e) Bryce Fincham, (f) BCB Ventures LLC, (g) CMV Global, LLC, (h) James Quid, and/or (i) Bayview Capital Investments, LLC.

*Request No. 2*

Please produce documents showing the use of the monies, investments, contributions, transfers, payments, or other consideration by the individuals and/or entities referred to in (a) – (i) above, or any of them, and how you and the individuals and/or entities referred to in (a) – (i) above recorded such monies on your and/or their books and records, including tax returns and accounting records.

*Request No. 3*

Please produce all documents showing the use and current location of any monies, investments, contributions, transfers, loans, payments, or other consideration given to you (or to any of your agents, affiliates, and/or members) by the individuals and/or entities referred to in (a) – (i) above.

*Request No. 5*

Please produce all documents relating to the operations and business activities of BCB, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.

*Request No. 5*

Please produce all documents relating in any way to the North Range and/or Campstool sites in Cheyenne, Wyoming.

*Request No. 6*

Please produce all documents relating to or mentioning any of the Defendants or this action.

# SUBPOENA 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Todd Edwards, 1510 Bay Road, Apt. 503,
Miami Beach, FL  33139-3381

_(Name of person to whom this subpoena is directed)_

✓ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  TransPerfect<br>701 Brickell Avenue, Ste. 520, Miami, FL 33131 | Date and Time:<br>08/23/2024 1:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic means

✓ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          08/16/2024

CLERK OF COURT

OR

_____          /s/ Paula K. Colbath
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   MineOne Wyoming Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc. _____, who issues or requests this subpoena, are:
Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## DOCUMENTS REQUESTED

*Request No. 1*

Please produce all documents concerning any monies, investments, contributions, transfers, loans, payments, or other consideration given by you (or by any of your agents, affiliates and/or members) to (a) Plaintiff BCB Cheyenne LLC doing business as Bison Blockchain ("BCB"), or any of BCB's affiliates or members, (b) Michael Murphy, (c) Emory Patterson, (d) Neil Phippen, (e) Bryce Fincham, (f) BCB Ventures LLC, (g) CMV Global, LLC, (h) James Quid, and/or (i) Bayview Capital Investments, LLC.

*Request No. 2*

Please produce documents showing the use of the monies, investments, contributions, transfers, payments, or other consideration by the individuals and/or entities referred to in (a) – (i) above, or any of them, and how you and the individuals and/or entities referred to in (a) – (i) above recorded such monies on your and/or their books and records, including tax returns and accounting records.

*Request No. 3*

Please produce all documents showing the use and current location of any monies, investments, contributions, transfers, loans, payments, or other consideration given to you (or to any of your agents, affiliates, and/or members) by the individuals and/or entities referred to in (a) – (i) above.

*Request No. 5*

Please produce all documents relating to the operations and business activities of BCB, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.

*Request No. 5*

Please produce all documents relating in any way to the North Range and/or Campstool sites in Cheyenne, Wyoming.

*Request No. 6*

Please produce all documents relating to or mentioning any of the Defendants or this action.

SUBPOENA 4

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Barney Patsel
                              290 Wayland Drive, Greenville, TN  37743-5948

*(Name of person to whom this subpoena is directed)*

✔ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Loeb & Loeb LLP, c/o Tim Warnock, 35 Music Square East, Ste. 310, Nashville, TN 37203 | Date and Time: 08/23/2024 3:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic means

✔ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/16/2024

| CLERK OF COURT | OR | /s/ Paula K. Colbath |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  MineOne Wyoming Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc. , who issues or requests this subpoena, are:
Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

      I declare under penalty of perjury that this information is true.

Date: _____

                                           _____
*Server's signature*

                                           _____
*Printed name and title*

                                           _____
*Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**DOCUMENTS REQUESTED**

*Request No. 1*

Please produce all documents concerning any monies, investments, contributions, transfers, loans, payments, or other consideration given by you (or by any of your agents, affiliates and/or members) to (a) Plaintiff BCB Cheyenne LLC doing business as Bison Blockchain ("BCB"), or any of BCB's affiliates or members, (b) Michael Murphy, (c) Emory Patterson, (d) Neil Phippen, (e) Bryce Fincham, (f) BCB Ventures LLC, (g) CMV Global, LLC, (h) James Quid, and/or (i) Bayview Capital Investments, LLC.

*Request No. 2*

Please produce documents showing the use of the monies, investments, contributions, transfers, payments, or other consideration by the individuals and/or entities referred to in (a) – (i) above, or any of them, and how you and the individuals and/or entities referred to in (a) – (i) above recorded such monies on your and/or their books and records, including tax returns and accounting records.

*Request No. 3*

Please produce all documents showing the use and current location of any monies, investments, contributions, transfers, loans, payments, or other consideration given to you (or to any of your agents, affiliates, and/or members) by the individuals and/or entities referred to in (a) – (i) above.

*Request No. 5*

Please produce all documents relating to the operations and business activities of BCB, Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc.

*Request No. 5*

Please produce all documents relating in any way to the North Range and/or Campstool sites in Cheyenne, Wyoming.

*Request No. 6*

Please produce all documents relating to or mentioning any of the Defendants or this action.