# EXHIBIT 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN *Plaintiff* <br> v. <br> MINEONE WYOMING DATA CENTER LLC ET AL *Defendant* | ) ) ) ) Civil Action No. 23-CV-79 ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Registered Agents Inc., 30 N Gould St Ste R
Sheridan, WY 82801 USA, (307) 200-2803, legalteam@registeredagentsinc.com

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto.

| Place: Patrick J. Murphy <br> Williams, Porter, Day & Neville, PC <br> 159 N. Wolcott Street, Suite 400, Casper, WY 82601 | Date and Time: <br> 12/20/2023 9:30 am |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/04/2023

CLERK OF COURT

_____  OR  _____*[signature]*_____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff__
BCB Cheyenne LLC_____, who issues or requests this subpoena, are:

Patrick J. Murphy WPDN, 159 N. Wolcott St., Ste. 400, Casper, WY 82601, pmurphy@wpdn.net, (307) 265-0700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-CV-79

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December 2023, a true and correct copy of the foregoing document was served as follows:

| | | |
|---|---|---|
| Registered Agents Inc.<br>30 N Gould St Ste R<br>Sheridan, WY 82801 USA<br>(307) 200-2803<br>legalteam@registeredagentsinc.com<br>Registered Agent for YZY Capital Holdings, LLC | ☐<br>☐<br>☐<br>☐<br>☐<br>x | CM/ECF Electronic Filing<br>U.S. Mail, Postage Prepaid<br>Overnight Delivery<br>Hand Delivery<br>Facsimile<br>E-Mail |
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | ☐<br>☐<br>☐<br>☐<br>☐<br>x | CM/ECF Electronic Filing<br>U.S. Mail, Postage Prepaid<br>Overnight Delivery<br>Hand Delivery<br>Facsimile<br>E-Mail |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue<br>New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>ainman@loeb.com | ☐<br>☐<br>☐<br>☐<br>☐<br>x | CM/ECF Electronic Filing<br>U.S. Mail, Postage Prepaid<br>Overnight Delivery<br>Hand Delivery<br>Facsimile<br>E-Mail |

By: _____
Patrick J. Murphy

Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email:   pmurphy@wpdn.net
         smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC
d/b/a Bison Blockchain*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO, INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants.<br><br>Defendants. | Civil Action No. 23-CV-79-ABJ |

# EXHIBIT A
# BCB CHEYENNE LLC D/B/A BISON BLOCKCHAIN'S
# SUBPOENA DUCES TECUM TO YZY CAPITAL HOLDINGS, LLC TO
# PRODUCE DOCUMENTS IN A CIVIL ACTION

YZY Capital Holdings LLC ("YZY") is commanded to produce copies of the following documents to Patrick J. Murphy at Williams, Porter, Day & Neville, P.C. at 159 N. Wolcott Street, Suite 400, Casper, WY 82601 by hand-delivery or by e-mail to pmurphy@wpdn.net by December 20, 2023 at 9:00 a.m. MT, as follows:

## DEFINITIONS

1. "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include every writing or record of every type and description, including, but not limited to, agreements, contracts, contract files, correspondence, memoranda, publications, pamphlets, promotional materials, studies, books, tables, charts, graphs, schedules, e-mails, text messages, photographs, films, voice recordings, reports, surveys, analyses, journals, ledgers, telegrams, stenographic or handwritten notes, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, credit and billing statements, checks, manuals, circulars, bulletins, instructions, sketches, diagrams, computer programs, printouts, punch cards, tabulations, logs, telephone records, desk calendars, diaries, appointment books, computer data, tapes, and disks; and includes all drafts or copies of every such writing or record whenever a draft or copy of a document is not an identical copy of the original or where such draft or copy contains any commentary or notes that do not appear on the original.

2. "Communications" shall mean all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

3.  The term "relating to" shall mean directly or indirectly mentioning or describing, comprising, consisting of, referring to, reflecting on, or being in any way logically or factually connected with the matter discussed.

## DOCUMENTS REQUESTED

I. All Documents and Communications regarding your application to the CHEYENNE LIGHT, FUEL AND POWER COMPANY BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS") REQUEST FOR PROPOSALS ("RFP" or "competitive bid"). Specifically, please provide the following sections of your BCIS submission: (1) Section 2 - Contact/Company Information, (2) Section 3 - Projection Specifics, and (3) Section 4 - Pricing Proposal.

II. All Documents and Communications relating to YZY's BCIS RFP following YZY's BCIS RFP submission to Black Hills Energy (on or about September 7, 2021). Note: this request includes all charts, projections, and forecasts involving the montarty value of the BCIS power to YZY and/or other bitcoin mining companies, and financial costs for YZY associated with losing the BCIS RFP and subsequently setting up bitcoin mining operations in Oklahoma.

III. All Documents and Communications (including all sent and received emails) relating to the sale of CAMPSTOOL ADDITION, 4TH FILING: LOT 1, BLOCK 4 (9010 Venture Dr Cheyenne, WY 82007) ("Campstool") to MineOne Wyoming Data Center LLC. Please note, this request includes all documents and communications relating to the reason(s) why YZY sold CAMPSTOOL ADDITION, 4TH FILING: LOT 1, BLOCK 4 (9010 Venture Dr Cheyenne, WY 82007) to MineOne Wyoming Data Center LLC.

IV. All Documents and Communications (including all sent and received emails) by any representative of YZY relating to the MineOne Wyoming Data Center LLC bitcoin mining site in the North Range Business Park (located at 635 Logistics Dr, Cheyenne, WY 82009 ("North Range") and the Campstool property YZY sold to the Defendant(s) listed in the caption of this subpoena duces tecum.

V. The Chinese national identity card ("shenfenzheng" or "身份证") of Mr. Yuan Qian.

RESPECTFULLY SUBMITTED this 4th day of December 2023.

        BCB CHEYENNE LLC d/b/a
        BISON BLOCKCHAIN,

        Plaintiff

By:  _____
        Patrick J. Murphy, WSB No. 5-1779
        Scott C. Murray, WSB No. 7-4896
        WILLIAMS, PORTER, DAY & NEVILLE, PC
        159 N. Wolcott, Ste. 400
        Casper, WY 82601
        (307) 265-0700
        pmurphy@wpdn.net
        smurray@wpdn.net

        *Attorneys for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain*