# EXHIBIT 10

Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott Street, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email:   pmurphy@wpdn.net
         smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC
d/b/a Bison Blockchain*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br> v. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO, INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 23-CV-79-ABJ |

## BCB CHEYENNE, LLC, d/b/a BISON BLOCKCHAIN'S NOTICE OF INTENT TO SERVE A SUBPOENA DUCES TECUM UPON CHEYENNE LIGHT, FUEL, AND POWER COMPANY d/b/a BLACK HILLS ENERGY, A SUBSIDIARY OF BLACK HILLS CORPORATION

COMES NOW Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, through its counsel Patrick J. Murphy and Scott C. Murray of WILLIAMS, PORTER, DAY & NEVILLE, P.C.*,* and gives this *Notice of Intent to Serve a Subpoena Duces Tecum* upon CHEYENNE LIGHT, FUEL, AND POWER COMPANY d/b/a BLACK HILLS ENERGY, a subsidiary of BLACK HILLS CORPORATION.  The Subpoena Duces Tecum and "**Exhibit A**" are attached hereto.

DATED this 15th day of May 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By: _____
Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, PC
159 N. Wolcott, Ste. 400
Casper, WY 82601
(307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel as indicated below this 15th day of May 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112 | [  ]  U. S. Mail (prepaid) |
| Kari Hartman, WSB No. 8-6507 | [  ]  CM/ECF Electronic Transmission |
| HATHAWAY & KUNZ, LLP | [  ]  Overnight Delivery |
| P.O. Box 1208 | [  ]  Hand Delivery |
| Cheyenne, WY 82001 | [ x ]  Electronic Mail |
| slarson@hkwyolaw.com | |
| khartman@hkwyolaw.com | |

| | |
|---|---|
| Paula Colbath, *Pro Hac Vice* | [  ]  U. S. Mail (prepaid) |
| Sarah Levitan Perry, *Pro Hac Vice* | [  ]  CM/ECF Electronic Transmission |
| Alex Inman, *Pro Hac Vice* | [  ]  Overnight Delivery |
| LOEB & LOEB LLP | [  ]  Hand Delivery |
| 345 Park Avenue New York, NY 10154 | [ x ]  Electronic Mail |
| pcolbath@loeb.com | |
| sperry@loeb.com | |
| ainman@loeb.com | |

| | |
|---|---|
| Marc Feinstein, *Pro Hac Vice* | [  ]  U. S. Mail (prepaid) |
| William Pao, *Pro Hac Vice* | [  ]  CM/ECF Electronic Transmission |
| Daniel Hirsch, *Pro Hac Vice* | [  ]  Overnight Delivery |
| David Iden, *Pro Hac Vice* | [  ]  Hand Delivery |
| Kaitlyn Farrell, *Pro Hac Vice* | [ x ]  Electronic Mail |
| Sherin Parikh, *Pro Hac Vice* | |
| O'MELVENY & MYERS | |
| 400 South Hope Street | |
| Los Angeles, CA 90071-2899 | |
| mfeinstein@omm.com | |
| wpao@omm.com | |
| dhirsch@omm.com | |
| diden@omm.com | |
| kfarrell@omm.com | |
| sparikh@omm.com | |

Khale J. Lenhart, WSB No. 7-4581       [   ]   U. S. Mail (prepaid)
Tyson R. Woodford, WSB No. 8-6650   [   ]   CM/ECF Electronic Transmission
HIRST APPLEGATE LLP              [   ]   Overnight Delivery
1720 Carey Ave. Room 400        [   ]   Hand Delivery
P.O. BOX 1083                 [ x ]   Electronic Mail
Cheyenne, WY 82003
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

Meggan J. Hathaway              [   ]   U. S. Mail (prepaid)
Jane M. France                [   ]   CM/ECF Electronic Transmission
SUNDAHL, POWERS, KAPP & MARTIN, LLC  [   ]   Overnight Delivery
500 W. 18th Street, Ste. 200       [   ]   Hand Delivery
Cheyenne, WY 82003           [ x ]   Electronic Mail
mhathaway@spkm.org
jfrance@spkm.org

Marc S. Gottlieb               [   ]   U. S. Mail (prepaid)
ORTOLI ROSENSTADT, LLP       [   ]   CM/ECF Electronic Transmission
366 Madison Avenue, 3rd Floor    [   ]   Overnight Delivery
New York, NY 10017          [   ]   Hand Delivery
Telephone: (212) 588-0022      [ x ]   Electronic Mail
Facsimile: (866) 294-0074
Email: msg@orllp.legal

By: _____
      Patrick J. Murphy

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Wyoming

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC ET AL | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     CHEYENNE LIGHT, FUEL, AND POWER COMPANY d/b/a BLACK HILLS ENERGY, c/o Corporation Service
      Company, its Wyoming Registered Agent for service of process. 1821 Logan Ave, Cheyenne, WY  82001.

*(Name of person to whom this subpoena is directed)*

   ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:Please see Exhibit A attached hereto.

| Place: Patrick J. Murphy of Williams, Porter, Day & Neville, PC<br>159 N. Wolcott Street, Suite 400, Casper, WY  82601<br>or by email to pmurphy@wpdn.net. | Date and Time:<br><br>05/21/2024 10:00 am |
|---|---|

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/14/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *[signature]* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiff
BCB Cheyenne LLC                                                                                     , who issues or requests this subpoena, are:

Patrick J. Murphy, WPDN, 159 N. Wolcott St., Ste. 400, Casper, WY  82601, pmurphy@wpdn.net, (307) 265-0700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott Street, Ste. 400
P.O. Box 10700 (82602)
Casper, WY  82601
Email:  pmurphy@wpdn.net
        smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br> v. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO, INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 23-CV-79-ABJ |

# EXHIBIT A
# BCB CHEYENNE LLC D/B/A BISON BLOCKCHAIN'S
# SUBPOENA DUCES TECUM TO CHEYENNE LIGHT, FUEL, AND
# POWER COMPANY D/B/A BLACK HILLS ENERGY, A SUBSIDIARY OF
# BLACK HILLS CORPORATION

Cheyenne Light, Fuel, and Power Company ("CLFPC") (d/b/a Black Hills Energy), a subsidiary of Black Hills Corporation, is commanded to produce copies of the following documents to Patrick J. Murphy at WILLIAMS, PORTER, DAY & NEVILLE, P.C. at 159 N. Wolcott Street, Suite 400, Casper, WY 82601, or by emailing the documents to pmurphy@wpdn.net by May 21, 2024 at 10:00 a.m., as follows:

## DEFINITIONS

1.      "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include every writing or record of every type and description, including, but not limited to, agreements, contracts, contract files, correspondence, memoranda, publications, pamphlets, promotional materials, studies, books, tables, charts, graphs, schedules, e-mails, text messages, photographs, films, voice recordings, reports, surveys, analyses, journals, ledgers, telegrams, stenographic or handwritten notes, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, credit and billing statements, checks, manuals, circulars, bulletins, instructions, sketches, diagrams, computer programs, printouts, punch cards, tabulations, logs, telephone records, desk calendars, diaries, appointment books, computer data, tapes, and disks; and includes all drafts or copies of every such writing or record whenever a draft or copy of a document is not an identical copy of the original or where such draft or copy contains any commentary or notes that do not appear on the original.

2.      "Communications" shall mean all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

3.      The term "relating to" shall mean directly or indirectly mentioning or describing, comprising, consisting of, referring to, reflecting on, or being in any way logically or factually connected with the matter discussed.

## DOCUMENTS REQUESTED

I.    Please provide all documents and communications by, between, and among representatives of CLFPC, MineOne Wyoming Data Center LLC,  CleanSpark, Inc., and CSRE Properties Wyoming, LLC, (a wholly owned subsidiary of CleanSpark, Inc) relating to the *Purchase and Sale Agreement*[1], dated May 8, 2024 by and among CSRE Properties Wyoming, LLC, Terra Crypto, Inc. and MineOne Wyoming Data Center, LLC that was filed with the U.S. Securities and Exchange Commission ("SEC") and is publicly available.

II.   Please provide all documents and communications by, between, and among  representatives of CLFPC, MineOne Wyoming Data Center LLC, CleanSpark, Inc., and CSRE Properties Wyoming, LLC, (a wholly owned subsidiary of CleanSpark, Inc.), or any of them, relating to CLFPC's confirmations of "additional electrical power of 25 megawatts in North Range and 30 megawatts in Campstool (for the avoidance of doubt, the 75 megawatts are currently available, and 55 megawatts are conditional on utility load confirmation)." (*see Purchase and Sale Agreement*). Please note: this request includes the documents and communications relating to the source of the electrical power generation (*i.e.,* coal or renewable) for (1) the 75 megawatts and (2) the 55 megawatts defined under the *Purchase and Sale Agreement* being confirmed and supplied to Buyer.

III.  Please provide Sections 2, 3, and 4 of the CHEYENNE LIGHT, FUEL AND POWER COMPANY BLOCKCHAIN INTERRUPTIBLE SERVICE ("BCIS") REQUEST FOR PROPOSAL ("RFP" or "competitive bid") submitted by BitMain Technologies Ltd., or any of Bitmain's subsidiary, holding, or partner companies, including but not limited to Bitmain Technologies Georiga Limited, Bitmain Delaware Holdings, Inc., Bitmain Switzerland AG, Bitmain Technologies Holding Company, AntPool, and AntAlpha. Please note: BCB Cheyenne LLC has knowledge and belief RFPs were submitted by Bitdeer, YZY Capital, Crypto Knight Hosting, and approximately 12 other companies. Please note: this request is relevant, targeted, and is requesting only the following sections in Bitmain's RFP submission: *(*1) Section 2 - Contact/Company Information, (2) Section 3 - Projection Specifics, and (3) Section 4 - Pricing Proposal.

---

[1] https://contracts.justia.com/companies/cleanspark-inc-7310/contract/1283284/

**Please also note**: All documents and communication requests under this subpoena are being done so on an emergency basis. CLFPC's counsel, Todd Brink, has been provided the protective order that was entered in this civil action on December 6, 2023. All documents and communication requested and provided under this subpoena are protected and treated as confidential under this civil action's protective order.

Please email the documents and communication in the request above to **pmurphy@wpdn.net** **by May 21, 2024 at 10:00 a.m**.

RESPECTFULLY SUBMITTED this 14th day of May 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN,

Plaintiff

By: _____
Patrick J. Murphy, WSB No. 5-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, PC
159 N. Wolcott Street, Ste. 400
Casper, WY 82601
(307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

*Attorneys for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain*