# Exhibit 1

Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**AFFIDAVIT OF MICHAEL MURPHY REGARDING
MINEONE'S FAILURE TO COMPLY WITH JUDGE CARMAN'S AUGUST 9, 2024
ORDER ON PLAINTIFF'S EXPEDITED MOTION TO COMPEL DISCOVERY FROM
THE MINEONE DEFENDANTS**

COMES NOW your affiant, on his oath, and hereby states as follows:

1. I am Michael Murphy, age 42, and I have personal knowledge of these matters and I am competent to provide this testimony.

2. I was born and raised in Casper, Wyoming. I hold BBA (2004) and Masters of Accountancy (2005) degrees from the University of Notre Dame's Mendoza College of Business, where I graduated number one in each of my respective classes. I have been a Certified Public Account (with experience at the Financial Accounting Standards Board and PwC) and a licensed real estate broker since 2006.

3. I have significant knowledge of many aspects of the bitcoin data center project (both at North Range and Campstool) and the ongoing litigation between Plaintiff BCB Cheyenne LLC ("BCB") and Defendants MineOne Wyoming Data Center LLC ("MineOne"), Terra Crypto Inc. ("Terra") and MineOne Partners LLC ("MineOne Partners") (collectively, the "MineOne Defendants"). I have provided several Affidavits to this Court: (a) my March 20, 2024 Campstool Affidavit (with respect to the work BCB did to develop the Campstool site); (b) my May 15, 2024 Merits Affidavit (with respect to the merits of BCB's case and the likelihood of BCB's success at trial); (c) my June 24, 2024 Amended Emergency Motion Affidavit ("Writs Affidavit") (with respect to the circumstances entitling BCB to prejudgment writs of attachment and garnishment); and (d) my July 22, 2024 Bond Amount Affidavit (with respect to the amount of BCB's bond required as security for the payment of costs and damages which may be incurred or suffered by any party as a result of any wrongful issuance of BCB's writs of attachment and garnishment).

**A. Judge Carman's August 9, 2024 Order Requiring MineOne to Produce Documents; MineOne's Failure to Comply.**

4. On August 9, 2024, Judge Carman, in his *Order on Plaintiff's Expedited Motion to Compel Discovery from the MineOne Defendants* [ECF 313], ordered MineOne to produce the following documents:
    - "All loan documents, investment documents, sales documents, lease documents, promissory notes, security documents and lien documents, including all drafts of such documents which relate to the purported loans as referenced in the declaration of Erick Rengifo paragraphs 64(b), 64(c) and 64(d). [Doc. 214-2]

- All contemporaneous communications (unredacted) including email, Skype, WeChat and written which address the above referenced documents or financial matters involving capital contributions or loans as related to the Wyoming project which is the subject to this litigation.

- All unredacted Skype messages addressing financial matters in any respect of MineOne and the Wyoming project which is the subject of this litigation."

5. On August 26, 2024, MineOne re-produced portions of VOL010 (with some of the earlier redactions now removed) and VOL019 (which consisted of one hundred nine (109) newly produced documents). On August 27, 2024, MineOne re-produced portions of VOL009 (with some of the earlier redactions now removed), which MineOne labeled VOL009a and which, according to MineOne, it had inadvertently omitted from the previous day's production.

6. Upon my close and careful review of MineOne's production of documents in response to Judge Carman's August 9, 2024 *Order*, it is clear MineOne materially failed to comply with Judge Carman's *Order*. Moreover, MineOne did not provide any reason or explanation of its failure to produce the documents Judge Carman ordered MineOne to produce.

7. In short, MineOne did **_not_** produce any loan documents, investment documents, sales documents, lease documents, promissory notes, security documents or lien documents which relate to the purported loans referenced in paragraphs 64(b) and 64(c) of Erick Rengifo's Declaration [Doc. 214-2]. Furthermore, MineOne did **_not_** produce a single draft of any agreement, including drafts of the alleged agreements which MineOne previously produced on June 19, 2024 in support of its opposition to Plaintiff BCB's Amended Emergency Motion for Writs of Attachment and Garnishment.

8. Instead of producing the documents which Judge Carman ordered to be produced (which could help substantiate the claims in paragraphs 64(b) and 64(c) of Erick Rengifo's Declaration), MineOne primarily produced documents and communications showing MineOne's payments to vendors and distributions to investors (see "**Exhibit A**" for a log of VOL019). These produced documents do not provide substantiation to support Erick Rengifo's assertions that the related party transactions referenced in paragraphs 64(b) and 64(c) of his Declaration are loans. Further, as I stated in both my Writs Affidavit and

Bond Amount Affidavit, "One should draw an adverse inference from MineOne not producing these highly relevant documents [which Judge Carman ordered to be produced]: either the documents don't exist and/or they don't show what MineOne has said they show (so MineOne refuses to produce them)."

**B. MineOne Failed To Produce the Alleged September 2022 Bridge Loan Agreement Between MineOne and Terra, and Any Drafts Thereof.**

9. In paragraph 64(b) of his Declaration, Erick Rengifo states "...MineOne Data borrowed a total of $5,285,701 from Terra in September 2022."

10. MineOne did **_not_** produce the September 2022 Bridge Loan Agreement in its June 19, 2024 production for the Evidentiary Hearing. Further, in violation of Judge Carman's August 9, 2024 *Order*, MineOne still did **_not_** produce the September 2022 Bridge Loan Agreement – or any drafts thereof – in its August 26-27, 2024 production. MineOne also did **_not_** produce any contemporaneous communications indicating if/when this alleged September 2022 Bridge Loan was ever signed.

11. As mentioned in My Writs Affidavit and Bond Amount Affidavit, MineOne attempted to substantiate the alleged September 2022 Bridge Loan ***between MineOne and Terra*** by providing to BCB, on June 19, 2024, two loan agreements ***between Terra and Terra Global Asset Management Holdings, Inc.*** ('Terra Global')," which Erick Rengifo signed on behalf of both Terra and Terra Global. These two loan documents are dated September 14, 2022 (for $2,365,426.48) and December 20, 2022 (for $2,921,700.00). In its recent production, MineOne did **_not_** produce any drafts of the loan agreements between Terra and Terra Global, **_nor_** did MineOne produce any contemporaneous communications indicating when these alleged Terra-Terra Global loans were signed.

**C. MineOne Failed To Produce a Fully Executed Version of the Alleged 2022 Lease Arrangement Between MineOne and Terra, and Any Drafts Thereof.**

12. In paragraph 64(b) of his Declaration, Erick Rengifo states the September 2022 Bridge Loan "...was converted into an unattractive lease arrangement in which Terra owned the underlying land and equipment at North Range and leased it back to MineOne Data."

13. MineOne produced the alleged "lease arrangement" (which it called a "Purchase Agreement") on June 19, 2024. Erick Rengifo and Jiaming Li signed the Purchase Agreement on behalf of MineOne. There was **_no_** signature on behalf of Terra.

14. In violation of Judge Carman's August 9, 2024 *Order*, MineOne did ***not*** produce a fully executed version of the alleged 2022 Lease Arrangement (aka Purchase Agreement), ***nor*** did MineOne produce any drafts of this Purchase Agreement, ***nor*** did MineOne produce any contemporaneous communications indicating when Erick Rengifo and Jiaming Li signed the agreement on behalf of MineOne.  MineOne also did ***not*** produce any sales documents (such as a bill of sale), or drafts thereof, related to the transfer of ownership of the equipment referenced in the Purchase Agreement.

D. **MineOne Failed To Produce Drafts of the Alleged 2024 Repurchase and Debt Conversion Agreement Between MineOne and Terra.**

15. In paragraph 64(b) of his Declaration, Erick Rengifo states "on March 20, 2024, MineOne Data and Terra entered into a Repurchase and Debt Conversion Agreement ("DCA") which converted the prior lease agreement to a Senior Loan with an initial principal amount equal to $4,152,434."

16. MineOne produced the alleged DCA on June 19, 2024.

17. In violation of Judge Carman's August 9, 2024 *Order*, MineOne did ***not*** produce any drafts of the DCA, ***nor*** did MineOne produce any contemporaneous communications indicating when the DCA was signed.

18. As explained in my Bond Amount Affidavit, evidence exists which strongly suggests the DCA was signed after March 20, 2024 (despite Erick Rengifo representing that this agreement was entered into on March 20, 2024).  Now, additional evidence has come to light to indicate the DCA was signed after March 20, 2024.  On August 29, 2024, MineOne produced a supplemental Privilege Log (which provided eleven entries for email communications, including attachments, sent on March 31, 2024 and April 1, 2024).  *See* "**Exhibit B**."  One of these emails, sent on March 31, 2024 by Loeb & Loeb attorney Stephen Cohen to Erick Rengifo and Jiaming Li, included two attachments: a Word version and PDF version of "Repo and Debt Conversion Agreement with attorney comments [draft]."  If the DCA Agreement was entered into on March 20, 2024, it doesn't make sense for attorney Stephen Cohen to be providing a ***draft agreement with attorney comments*** on March 31, 2024 (eleven days after the DCA was allegedly entered into by MineOne and Terra).  MineOne's supplemental Privilege Log also includes an entry for an email sent by attorney Stephen Cohen to Erick Rengifo and Jiaming Li on

April 1, 2024, which included a PDF attachment named "Payment loan agreement." What is this document? Is it some other agreement that has been produced, or is it an agreement that has not yet been produced? Or is it a PDF showing payments related to a previously produced agreement? MineOne does not say.

E. **MineOne Failed To Produce the Alleged May 2023 Loan Agreement(s) Between MineOne and its Members, Drafts Thereof, and Contemporaneous Communications between Those Parties; MineOne Also Failed to Produce Any Drafts of, and Contemporaneous Communications Regarding, the Alleged April 23, 2024 Loan Agreement Between MineOne and its Members.**

19. In paragraph 64(c) of his Declaration, Erick Rengifo states "MineOne Data was forced to borrow another $3,356,327 in additional funds from five lenders: Yu & Jing Investment LLC, Oriental Sun Enterprises LLC, Rising Sun Properties LLC, Intellectual International Capital LLC, BitGeek DT Group Limited."

20. Three of these alleged lenders are MineOne members, specifically, Yu & Jing Investment LLC, Oriental Sun Enterprises LLC, and Rising Sun Properties LLC (collectively, the "MineOne Members").

21. On June 19, 2024, MineOne produced a single loan document, made April 23, 2024, between each of MineOne Members, MineOne, and MineOne Cloud. This loan document indicates "The [MineOne Members] jointly lent $1,454,600 to [MineOne] and agreed to charge 10% annualized interest rate from May to July 2023." This language appears to indicate that the MineOne Members provided $1,454,600 to MineOne in May 2023.

22. In violation of Judge Carman's August 9, 2024 *Order*, MineOne has **_not_** produced any agreement(s) between MineOne and the MineOne Members (either individually or collectively) around May 2023 when the MineOne Members appear to have provided $1,454,600 to MineOne, **_nor_** has MineOne provided any draft agreements thereof, **_nor_** has MineOne provided any contemporaneous communications between MineOne and the MineOne Members from that time.

23. In further violation of Judge Carman's August 9, 2024 *Order*, MineOne has **_not_** produced any drafts of the alleged April 23, 2024 loan agreement between MineOne and the MineOne Members, **_nor_** has MineOne produced any contemporaneous communications

between MineOne and the MineOne Members from around the time of the April 2024 alleged loan. Furthermore, MineOne has ***not*** produced any information from Docusign (which is the online digital signing method used by the MineOne Members to sign the Loan Agreement) showing when the MineOne Members signed the alleged April 2024 Loan Agreement.

**F. MineOne Failed To Produce One or More Loan Agreements Between MineOne and BitGeek, Drafts of Those Loan Agreements, and Contemporaneous Communications between Those Parties; MineOne Also Failed to Produce Any Drafts of, and Contemporaneous Communications Regarding, the Alleged April 30, 2024 Loan Agreement Between MineOne and BitGeek.**

24. In paragraph 64(c) of his Declaration, Erick Rengifo states "MineOne Data was forced to borrow another $3,356,327 in additional funds from five lenders: Yu & Jing Investment LLC, Oriental Sun Enterprises LLC, Rising Sun Properties LLC, Intellectual International Capital LLC, BitGeek DT Group Limited."

25. BitGeek DT Group Limited ("BitGeek") is a related party to MineOne.

26. On June 19, 2024, MineOne produced an alleged "Loan Agreement," made on April 30, 2024, between BitGeek, MineOne, and MineOne Cloud. This alleged loan agreement indicates "From Mid 2023 till April 30, 2024 ("Effective Date" ) the Lender [BitGeek] and or its affiliate continued to lend cash to the Borrower [MineOne] or disburse on behalf of the Borrower to pay the open invoices or outstanding loans, however has not signed an loan agreement for these previous lending As of the effective Date, The lender has lent $1,931,727 to the Borrower on interest free basis" (typos quoted verbatim). As such, the reason MineOne did not produce one or more loan agreements, or drafts thereof, between MineOne and BitGeek from mid 2023 to April 2024 - per Judge Carman's *Order* - is because those loan agreements (and drafts) never existed. However, from mid 2023 to April 2024, it is highly likely that there was contemporaneous communication between BitGeek and MineOne when MineOne was requesting BitGeek (or its affiliate) to provide funds to MineOne and/or pay MineOne's invoices. In violation of Judge Carman's *Order*, MineOne did not produce any of this contemporaneous communication from mid 2023 to April 2024.

27. In further violation of Judge Carman's *Order*, MineOne did not produce any drafts of the April 30, 2024 April Loan Agreement between BitGeek, MineOne and MineOne Cloud, nor did MineOne produce any contemporaneous communication – including contemporaneous communication to indicate when the alleged April 30, 2024 Loan Agreement was signed – between MineOne and BitGeek around the time the alleged April 30, 2024 Loan Agreement was made.

**G. MineOne Failed To Produce One or More Loan Agreements Between MineOne and Intellectual International Capital and Any Drafts Thereof; MineOne Also Failed to Produce Any Drafts of the Alleged April 30, 2024 Loan Agreement Between MineOne and Intellectual International Capital.**

28. In paragraph 64(c) of his Declaration, Erick Rengifo states "MineOne Data was forced to borrow another $3,356,327 in additional funds from five lenders: Yu & Jing Investment LLC, Oriental Sun Enterprises LLC, Rising Sun Properties LLC, Intellectual International Capital LLC, BitGeek DT Group Limited."

29. Intellectual International Capital LLC ("IIC"), which is solely owned and controlled by Jiaming Li, is a related party to MineOne.

30. On June 19, 2024, MineOne produced an alleged "Loan Agreement," made on April 30, 2024, between IIC, MineOne, and MineOne Cloud. This alleged loan agreement indicates IIC "...deposited $150,000 to AVVE SG Investment Pte. Ltd.(the "LP") 's (sic) designated bank account on behalf of the Borrower [MineOne], in order to fulfill its distribution obligation under the investment agreement between the Partnership and the LP. The Lender [IIC] would like and the Borrower [MineOne] agrees to put this $150,000 disbursement under contract." Based on this language, the reason MineOne did not produce one or more loan agreements, or drafts thereof, between MineOne and IIC - as ordered by Judge Carman - is because those loan agreement(s) (and drafts) never existed.

31. In further violation of Judge Carman's *Order*, MineOne did ***not*** produce any drafts of the April 30, 2024 Loan Agreement between IIC, MineOne, and MineOne Cloud, ***nor*** did MineOne produce any contemporaneous communication – including contemporaneous communication to indicate when the alleged April 30, 2024 Loan Agreement was signed – between MineOne and IIC around the time the alleged April 30, 2024 Loan Agreement was made.

## H. CONCLUSION

32. Judge Carman's August 9, 2024 *Order* is clear: MineOne was to produce all loan documents, investment documents, sales documents, lease documents, promissory notes, security documents and lien documents, including all drafts of such documents which relate to the purported loans as referenced in the Declaration of Erick Rengifo paragraphs 64(b), 64(c) and 64(d), as well as all contemporaneous communications (unredacted) including email, Skype, WeChat and written which address the above referenced documents or financial matters involving capital contributions or loans as related to the Wyoming project which is the subject to this litigation.

33. As explained above, MineOne materially failed to comply with Judge Carman's August 9, 2024 *Order*.

34. MineOne's failure to comply is likely a result of the ordered to-be-produced documents and communications (a) not actually existing and/or (b) not showing what MineOne and Erick Rengifo say they show (and MineOne intentionally choosing to withhold them from BCB). Both of these reasons call into question the legitimacy of MineOne's position and Erick Rengifo's Declaration.

[Remainder of Page Intentionally Left Blank]

FURTHER AFFIANT SAYETH NOT.

DATED this 4th day of September, 2024.

_____
(SIGNATURE)

STATE OF COLORADO    )
                     )
COUNTY OF DENVER     )

    Before me, a Notary Public in and for the County of Denver, State of Colorado, personally appeared Michael Murphy, this 4th day of September, 2024, and he being duly sworn by me upon his oath, says that the facts alleged in the foregoing instrument are true and correct.

Witness my hand and official seal: _____
                                                                  Notary Public

SEAL

RYAN WILLIAM GOODWIN
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20034021373
MY COMMISSION EXPIRES JUL 23, 2027

My Commission Expires: July 23, 2027