Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23CV-79-ABJ |
| | ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.'S MOTION PURSUANT TO FED. R. CIV. P. 16(b)(4) TO MODIFY THE COURT'S APRIL 25, 2024 SCHEDULING ORDER**

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, "MineOne") by their counsel, and hereby file this motion, pursuant to Federal Rule of Civil Procedure 16(b)(4), for an order modifying the Court's *Revised Scheduling Order* (ECF No. 164) to extend the fact discovery and dispositive motion deadlines.

## **PRELIMINARY STATEMENT**

This afternoon, Judge Hambrick granted permission to MineOne to file a Motion to Compel BCB to cure its discovery deficiencies. ECF No. 342. Pursuant to Judge Hambrick's Order of September 10, 2024, MineOne's Motion to Compel will not be fully briefed until October 8, 2024. If the Court grants MineOne's Motion to Compel, then BCB will be required to collect and produce numerous key categories of documents that were discussed in MineOne's letter dated September 6, 2024 to Judge Hambrick. *See* **Exhibit 2** (letter dated September 6, 2024).

In addition, BCB has made a Motion for Protective Order and to quash six deposition/document subpoenas to BCB's members/investors and one document subpoena to Black Hills Energy, which will not be fully briefed before Judge Hambrick until September 11, 2024. BCB's Motion for Protective Order (ECF Nos. 317 and 325) is baseless as detailed in MineOne's opposition brief (ECF No. 331), but because BCB filed a Motion for Protective Order, MineOne could not proceed with the depositions of BCB's members/investors which are the subject of BCB's Motion. MineOne fully anticipates that the Court will deny BCB's Motion for Protective Order and, when this occurs, then MineOne will be able to proceed with serving the subpoenas and scheduling those depositions based on witness and counsel availability. (MineOne had only served a notice of its intention to depose three of the six deponents when BCB filed its Motion for Protective Order and, as a result, MineOne ceased its efforts to serve the subpoenas on these nonparties).

At this juncture, it is literally impossible for the above motions to be decided by the Court and documents collected and depositions taken and concluded this month.

As such, MineOne requests that the deadline for (1) dispositive motions, (2) joint final pretrial memorandum, and (3) motions in limine be each extended by three weeks. On September 9, 2024, Judge Hambrick ordered that the deadline for taking depositions be extended until September 30, 2024. However, until Judge Hambrick decides BCB's Motion for Protective Order, all depositions in this case cannot conclude. MineOne will conduct the depositions of the witnesses that have been identified by the Court's September 30, 2024 deadline. However, as to the depositions of key non-parties that are the subject of BCB's Motion for Protective Order, MineOne respectfully requests that after Judge Hambrick issues her Order as to the Motion for Protective Order, the Court order a new date for the completion of those depositions in this case, if applicable.

Since the outset of this case, MineOne has diligently worked to complete discovery in a timely and efficient manner. MineOne engaged a discovery vendor to collect documents and communications from all custodians under their control, and have produced over 36,600 pages of documents. Yet, BCB has tried to prevent MineOne from obtaining crucial evidence and developing the evidence it needs that is key to the claims and counterclaims.

For example, BCB initially refused to produce any text messages among the various members of BCB or comply with Judge Rankin's Order mandating production of documents at least through the filing of this action on May 3, 2023 (thereby withholding documents that the Court had already determined to be relevant). While BCB should have produced these documents in February 2024, BCB did not produce these documents until August 16, 2024 and August 26, 2024. At that time, BCB made a massive production of over 4,500 documents (over 17,000 pages)

to MineOne. BCB then made a second production of over 5,000 documents (almost 13,000 pages) 10 days later on August 26, 2024—less than a month before the discovery deadline.

BCB's belated bad faith productions have caused a significant delay in the progress of this case. Even to date, BCB has failed to conduct a good faith search from all custodians and devices (or identify its custodians as ordered by Judge Hambrick), and continues to withhold audio recordings relevant to the parties' dispute and WeChat messages, which have been addressed in MineOne's September 6, 2024 discovery deficiency letter to Judge Hambrick. *See* **Exhibit 2** (letter to Judge Hambrick dated September 6, 2024).[1]

BCB has also interfered with MineOne's third party discovery by filing a motion to quash highly relevant subpoenas to BCB's investors and Black Hills Energy. (ECF Nos. 317, 325). BCB also shut down MineOne's efforts (beginning in mid-July) to set a global deposition schedule by refusing to discuss deposition scheduling until Magistrate Judge Hambrick mandated it on August 29th. Furthermore, there have been delays caused by BCB conditioning depositions of its principals on MineOne's agreement to produce individuals outside of its control (BCB has now withdrawn its request), which also has added to the discovery delay. *See* **Exhibit 1** (letter to Judge Hambrick dated September 3, 2024). To date, the parties have not conducted a single deposition.

Without an extension of the discovery deadline, MineOne will be severely prejudiced as it will lose the opportunity to obtain crucial evidence from non-parties (such as BCB's investors and Black Hills Energy and others with critical knowledge of the allegations in the case) and pursue

---

[1] Mr. Michael Murphy testified at the June 26th Evidentiary Hearing that BCB "was a team which includes about a dozen individuals, including Cheyenne locals." *See* **Exhibit 3** (excerpt from the Evidentiary Hearing transcript) at 41:1-2. BCB's production does not contain documents from most of these "dozen individuals" and appears to be in large part comprised of documents from only Mr. Michael Murphy.

BCB's ongoing discovery defaults. In stark contrast, BCB will suffer no prejudice from a short extension of the deadlines, as the trial date will remain intact. BCB should not be able to prevent all parties from conducting crucial discovery by running out the clock.

## RELEVANT BACKGROUND[2]

BCB commenced this action on May 3, 2023. BCB's first combined discovery requests in October 2023 included over 700 Requests for Admission, 50 Interrogatories, and over 125 Requests for Production. In response, in December 2023, MineOne produced almost 7,000 documents, totaling over 28,000 pages. Later, in the course of jurisdictional discovery, BCB refused to respond to MineOne's straightforward requests for information about the domicile of one of its members, requiring MineOne to file its motion to dismiss.

While MineOne's motion to dismiss for lack of jurisdiction was pending, on April 25, 2024, the Court issued the *Revised Scheduling Order*. ECF No. 164.[3] However, in May 2024, BCB filed an Emergency Motion for a Protective Order with Prejudgment Writs of Attachment and Garnishment (the "Attachment Motion"), as well as amendments and supplements thereto (ECF Nos. 182, 192, 204). The Attachment Motion necessitated extensions to discovery deadlines issued by the Court. *See, e.g.*, ECF No. 263 (Order extending expert designation).

---

[2] MineOne has conferred with counsel for the other parties in this matter. Defendants Bit Origin, Ltd. and SonicHash LLC consent to this motion. BCB and Defendants Bitmain Technologies Holding Co. and Bitmain Technologies Georgia Limited (collectively, "Bitmain") oppose this motion. Indeed, today Defendant Bitmain filed a Stipulation of Dismissal of BCB's claims against Bitmain with prejudice (ECF No. 343).

[3] The operative deadlines in the Revised Scheduling Order (ECF No. 164) include: (i) Dispositive motions: October 4, 2024; (ii) Responses to dispositive motions and filing of all other pretrial motions: October 18, 2024; (iii) Replies to dispositive motions: October 25, 2024; (iv) Joint Final Pretrial Memorandum: November 8, 2024; and (v) Motions in Limine: November 8, 2024.

Beginning in February 2024, BCB produced documents in response to MineOne's requests in dribs and drabs – often in formats that made it nearly impossible for MineOne to adequately review. But BCB refused to produce large categories of key information, which will be the subject of MineOne's Motion to Compel:

- BCB unilaterally determined that it need not produce documents between March 15, 2023 (when it commenced its Wyoming Chancery Court action) and May 3, 2023 (when the instant action was commenced), despite Judge Rankin's May 20, 2024 Order (ECF No. 190) mandating production of documents through the commencement of this action on May 3, 2023;

- BCB failed to produce responsive documents dated after March 7, 2023, despite claiming that production through at least March 15, 2023 would be forthcoming;

- BCB failed to produce *any* text or WeChat messages between BCB's members and/or between BCB and third parties that relate to the Wyoming digital currency project, their business dealings with MineOne, cost overruns on the project, missed milestones and deadlines, MineOne's alleged breach of contract, or any other relevant topic;

- BCB refused to produce any documents regarding its financial situation, including its capitalization and funding. These documents are highly relevant to BCB's breach of its initial agreement with Black Hills Energy, BCB's standing to maintain their suit, its representation concerning intended uses of funding, and BCB's eleventh hour effort (in February 2023) to make itself judgement-proof by returning the vast majority of its funding to investors for no reason other than concern about impending litigation and counterclaims;

- BCB failed to produce to MineOne the third-party documents it had received as result of BCB's subpoenas; and

- BCB has unreasonably refused to produce documents in response to MineOne's document request "concerning the Request for Proposal submitted by BCB to Black Hills Energy," despite the fact that BCB has consistently referred to the alleged value attendant to the contract that BCB obtained by being the winning bidder of the requests for proposal (*see, e.g.,* ECF No. 242 at 1). These documents are, at a minimum, relevant to Plaintiff's damages claims.

BCB's conduct forced MineOne to seek informal discovery conferences with Magistrate Judge Hambrick, Judge Carman and Judge Rankin, regarding BCB's numerous deficiencies, which has caused undue delay in this case. BCB has also thwarted efforts to set a deposition schedule in this action. BCB's unreasonable positions have included, among other things:

- BCB's counsel included his son (Michael Murphy) on counsel's meet and confer to set deposition scheduling, with Michael Murphy attempting to control counsel's conversation and disrupting the purpose of the call, which led Judge Hambrick to order that future meet and confers be limited to counsel only (ECF No. 339);

- BCB's repeated attempts to identify additional witnesses to be deposed *after* the Court-ordered deadline for identifying all deposition witnesses; and

- BCB's refusal to permit MineOne to depose BCB principals in-person, notwithstanding MineOne's willingness to travel to Wyoming to do so.

BCB's counsel has repeatedly changed the availability of BCB's witnesses for deposition, and insisted that individuals outside of MineOne's control be produced first for deposition. To date, the parties have not conducted a single deposition, leading Magistrate Judge Hambrick to extend the deposition deadline to September 30, 2024. ECF No. 339. But BCB's discovery misconduct, pending before Judge Hambrick, remains ongoing. It has refused to produce documents from all of its custodians (or even identify them, in violation of a Court order to do so), and there are highly relevant documents that must also be produced that have been addressed to Judge Hambrick. *See* **Exhibit 2**.

## ARGUMENT

Pursuant to Rule 16(b)(4), the Court may amend the scheduling order upon a showing of "good cause." Good cause exists where the moving party has "been diligent in attempting to meet the deadlines" under the existing schedule. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The movant need only provide "an adequate explanation for any delay." *Id.*

Courts routinely extend discovery deadlines due to delays caused by discovery disputes and motion practice. *See, e.g., Hoagland v. Rockin' R Ranch & Lodge Guest Operations, Inc.*, No. 2:10-cv-478-TC-PMW, 2011 U.S. Dist. LEXIS 48472, at *6 (D. Utah May 5, 2011) ("Because of the delays caused by the above-referenced discovery disputes, the court concludes that Plaintiffs

have demonstrated good cause in support of entry of an amended scheduling order."); *Black & Veatch Corp. v. Aspen Ins. (UK)*, No. 12-2350-SAC, 2014 U.S. Dist. LEXIS 25897, at *46 (D. Kan. Feb. 28, 2014) (same).

Critically, "the Court of Appeals for the Tenth Circuit has stated rigid adherence to a pretrial schedule 'should not be exacted, especially where to do so will result in injustice to one party and relaxing of such agreement will not cause prejudice to the other party.'" *Osborne v. Baxter Healthcare Corp.*, No. 13-CV-139-SWS, 2015 U.S. Dist. LEXIS 178318, at *4 (D. Wyo. Dec. 2, 2015) (citation omitted). Here, as detailed above, an extension of discovery deadline is necessitated by (i) the significant, unexpected and unforeseeable time expended on briefing motions, including the motion based on subject matter jurisdiction (ECF No. 178), the Attachment Motions (ECF Nos. 182, 203), repeated frivolous sanctions motions filed by BCB (ECF Nos. 269, 317, 338), and BCB's repeated motions for reconsideration of motions that it had lost (ECF Nos. 155, 158, 336) during the discovery period; (ii) BCB's baseless withholding of thousands of pages of key documents until the eleventh hour of the discovery period; (iii) the pending motion for protective order and discovery deficiencies that are unlikely to be resolved before the close of discovery; and (iv) the parties' inability to schedule witness depositions. These factors constitute good cause to modify the existing schedule.

Without a short extension of discovery, MineOne will be severely prejudiced. BCB's baseless motion to quash is still pending before Magistrate Judge Hambrick, and operates as a stay of discovery from key third party witnesses who have critical knowledge of the claims and counterclaims in this case. As detailed in MineOne's opposition to BCB's motion to quash (ECF No. 337), documents and testimony from BCB's members and investors are crucial as, among other things, they will show: (i) how BCB planned to comply with its financial obligations in the

Blockchain Interruptible Electric Service Agreement with Black Hills (ECF No. 337 at 4), and what BCB told its investors about the agreement in order to induce them to invest; (ii) what money BCB raised and what it did with the money since BCB is blaming MineOne for the loss of all its money; and (iii) that Michael Murphy's testimony at the Evidentiary Hearing regarding "camouflaged equity" and irregular accounting practices was baseless. When BCB's motion to quash is denied, it will be a hollow victory for MineOne if there is no time left to obtain the documents and conduct key depositions.

An extension is also necessary because depositions have not begun at this late stage. BCB's counsel has now claimed (for the first time) to Judge Hambrick that he does not represent Neil Phippen, Sean Murphy, and Stephen Randall -- founding members of BCB who were intricately involved in the failed buildout of the subject crypto mining facilities, requiring MineOne to subpoena them.[4] There is simply not enough time to complete these depositions (even with the extension to September 30).

This is a document-intensive dispute where the parties' investors-members are critical witnesses. Depositions of key third party witnesses, which BCB seeks to prevent, are also paramount to MineOne's defense. Adhering to the existing deposition deadline will hinder MineOne's ability to defend against BCB's claims and cause a substantial risk of unfairness. *see also Garza v. Fusion Indus., LLC,* 2023 U.S. Dist. LEXIS 56402, at *4 (W.D. Okla. Mar. 31, 2023) (good cause where refusing to grant a continuance would cause a substantial risk of unfairness) (citing *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019)).

---

[4] Yet, BCB has already admitted that Stephen Randall is a BCB custodian under BCB's control, as BCB prepared an affidavit for Mr. Randall (which Mr. Randall signed on behalf of BCB). ECF No. 182-3.

Importantly, without an extension, MineOne will be unable to pursue BCB's ongoing discovery defaults. After BCB refused to produce any text messages among the various members of BCB, and refused to comply with Judge Rankin's Order mandating production of documents at least through the filing of this action on May 3, 2023, BCB finally produced 29,000 pages on the eve of the discovery deadline. A cursory review of these documents shows that there are significant gaps of time where BCB has not produced critical communications. For example, BCB recently produced an email from Michael Murphy dated June 13, 2022 which states that BCB members Neil Phippen, Emory Patterson and Michael Murphy have been using a "Slack" text message chain "for the past 9 months to manage all our day-to-day internal communication on the Cheyenne project)." (*See* MINEONE0023954). Yet, the "Slack" communications that BCB produced begin in October 2022. BCB did not produce "Slack" communications prior to October 2022 (including for the 9 month period prior to June 13, 2022 referred to by BCB).

BCB has also failed to complete a good faith search from all custodians and all devices: at the August 29th meet and confer, BCB's counsel admitted he did not have Neil Phippen's telephone number and had not spoken with Phippen, which demonstrates that BCB did not collect Phippen (an important custodian)'s documents. And separately, while BCB's counsel represented at the August 19 Informal Discovery Conference before Judge Hambrick that "BCB did not use WeChat to communicate on the project, and it has no WeChat messages to produce" (*see* **Exhibit 4** at 19:13-15--excerpt from the transcript of the August 19, 2024 conference), BCB attached some of Mr. Randall's WeChat messages relating to the project to its motion for sanctions against MineOne. *See* ECF No. 269-3. Yet, BCB has refused to produce all of Mr. Randall's WeChat messages, (which have to be produced) along with relevant audio recordings with regard to the parties dispute that BCB has withheld, which is a subject that Judge Hambrick will decide.

9

BCB's withholding of documents and other discovery misconduct has harmed MineOne's ability to prepare its defense and prosecution of their counterclaims. This prejudice will only be magnified if BCB's discovery defaults are not resolved before dispositive motions are briefed.

While MineOne will be severely prejudiced if the discovery period is not extended, BCB will suffer no prejudice from a short extension of these deadlines, as the trial date will remain intact and all parties will have adequate time to brief summary judgment motions. *See Heuskin v. D&E Transp.*, LLC, 2020 U.S. Dist. LEXIS 163053, *8 (D.N.M. Sept. 8, 2020) (good cause existed where scheduling deadlines could not be met despite the movant's diligent efforts) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)); *see also Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (court must also consider the likelihood that the additional discovery period will lead to relevant evidence).

Accordingly, good cause exists to modify the existing schedule to allow additional time for the parties to conduct depositions as well as brief dispositive motions.

## **CONCLUSION**

WHEREFORE, MineOne requests that the Court enter an Order modifying the Court's *Revised Scheduling Order* (ECF No. 164) to extend by **three weeks** each of the following current deadlines in the Revised Scheduling Order (ECF No. 164): (i) Dispositive motions: October 4, 2024; (ii) Responses to dispositive motions and filing of all other pretrial motions: October 18, 2024; (iii) Replies to dispositive motions: October 25, 2024; (iv) Joint Final Pretrial Memorandum: November 8, 2024; and (v) Motions in Limine: November 8, 2024. In addition, MineOne respectfully requests that the Court provide additional time to MineOne for the depositions of key nonparties which are the subject of BCB's current Motion for Protective Order if the Court denies BCB's motion (which it should).

DATED this 10th day of September, 2024

        DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO, INC.

By: */s/ Paula K. Colbath*
Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4905
Fax: (212) 407-4990

HATHAWAY & KUNTZ, LLP
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

**CERTIFICATE OF SERVICE**

      This is to certify that on the 10th day of September, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net smurray@wpdn.net |
| Khale J. Lenhart<br>Tyson R. Woodford<br>Hirst Applegate, LLP<br>P. O. Box 1083<br>Cheyenne, WY 82003-1083 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>klenhart@hirstapplegate.com;<br>twoodford@hirstapplegate.com |
| William K. Pao, *pro hac vice*<br>Cooley LLP<br>Wells Fargo Center, South Tower<br>365 South Grand Avenue, Suite 900<br>Los Angeles, CA 90071-1560 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: wpao@cooley.com |
| Marc Feinstein, pro hac vice<br>David Iden, pro hac vice<br>Kate Stutz, pro hac vice<br>Daniel Hirsch, pro hac vice<br>Sherin Parikh, pro hac vice O'Melveny & Myers, LLP 400 South Hope Street, 18th Floor Los Angeles, CA 90071<br><br>*Attorneys for Bitmain Technologies Georgia Limited* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mfeinstein@omm.com; dhirsch@omm.com; diden@omm.com; kstutz@omm.com; sparikh@omm.com |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org; jfrance@spkm.org |

Marc S. Gottlieb  
Ortoli Rosenstadt, LLP  
366 Madison Avenue, 3rd Floor  
New York, NY 10017  

*Attorneys for Bit Origin and SonicHash*

[✓] CM/ECF  
[ ] Fax:  
[ ] E-mail:  
msg@orllp.legal  

/s/Paula K. Colbath  
 Loeb & Loeb, LLP