# EXHIBIT 1



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4905
**Main**   212.407.4000
**Fax**    212.407.4990
pcolbath@loeb.com

Via Email

September 3, 2024

Chambers of the Honorable Stephanie Hambrick
Yellowstone Justice Center
105 Albright Avenue
Mammoth, WY 82190

Re:   *BCB Cheyenne LLC v. MineOne et. al.*; Civil No. 23-CV-79-ABJ
      **Request for an Informal Discovery Conference**

Dear Judge Hambrick:

We represent Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants").  We write pursuant to the District of Wyoming Local Civil Rules to respectfully request the scheduling of an informal discovery conference to discuss depositions in the above-captioned suit.[1]

After the two informal discovery conferences last week, pursuant to the Court's direction, counsel for all parties exchanged lists of intended deposition witnesses by email as well as counsel's respective availabilities.  Given the tight window before discovery closes, on August 22, I suggested that counsel for all parties set up a meet and confer for August 27 to determine the dates for all depositions.[2]

After numerous back and forth exchanges regarding availability, on August 29 counsel for all parties finally met and endeavored to schedule all remaining depositions in light of the short timeline remaining to complete discovery. However, the call was, in short, a disaster, and only two depositions have now been tentatively scheduled (those of the experts), despite the fact that counsel for all parties listed multiple fact witnesses that they intend to depose.

As an initial matter, Plaintiff's counsel had invited his son Michael Murphy, one of the seven members of BCB, to attend the call. The conferral call lasted almost a full three hours (in part due to the combative arguments and comments by Mr. Murphy).

While the purpose of the call was ostensibly to schedule depositions, Mr. Michael Murphy attempted to argue his case at numerous points, making deposition coordination impossible. Mr. Michael Murphy's participation on the call was completely improper, and while he was purportedly invited to participate on the call because he was one of the deponents that needed to be

---

[1] The MineOne Defendants have additional issues to raise with the Court regarding BCB's discovery defaults, but are limiting this letter solely to deposition scheduling.

[2] By letters and emails dated July 11, 2024, and August 16, 2024, and August 22, 2024, I had previously requested that counsel participate in an all-hands conference to establish an agreeable deposition schedule.  Counsel failed to agree to such a conference.

Los Angeles   New York   Chicago   Nashville   Washington, DC   San Francisco   Beijing   Hong Kong   www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Chambers of the Honorable Stephanie Hambrick
September 3, 2024
Page 2

scheduled for deposition, when asked about his own availability beyond the two dates provided by Plaintiff's counsel (because other deponents would have to be taken on those days), Mr. Michael Murphy noted that he would defer to BCB's counsel (his father) on his availability and declined to definitively answer what other scheduled conflicts he had in the near future. BCB has refused to produce any of its other witnesses prior to Mr. Michael Murphy's deposition. However, it has also refused to provide dates beyond the two that it has suggested for Mr. Michael Murphy's deposition, or conflicts for Mr. Michael Murphy on dates proposed by Defendants. We should not be forced into taking depositions in the order that Plaintiff demands, especially when Plaintiff is entirely unwilling to provide any rationale for its inability to comply with the dates that Defendants have suggested.

In addition to the difficulties arising from Mr. Murphy's participation on the call, Plaintiff's counsel also put up additional roadblocks to scheduling depositions. For example, Plaintiff's counsel represented that he was unwilling to provide key witnesses (and BCB members and employees) Neil Phippen, Emory Patterson, and Sean Murphy for a deposition if the MineOne Defendants did not produce Gillian Han, Chong Wang, and Wiley Zhang for a deposition and if Dr. Jiaming Li was not set for a deposition before September 17, 2024. This is completely improper.

First, Gillian Han's name has appeared on no prior witness list, nor was her name listed in Plaintiff's four sets of Initial Disclosures. Ms. Han is not a member, employee, officer, or director of any MineOne Defendant. Counsel for the MineOne Defendants have not had the opportunity to determine if she is a proper deposition witness because her requested deposition was only put on the table at the August 29 meet and confer. She was not included on any prior communications by Plaintiff regarding deposition witnesses, and therefore Plaintiff's belated efforts to include her on its deposition list are entirely improper.

Separately, as counsel for the MineOne Defendants has noted on numerous occasions, it does not control Chong Wang or Wiley Zhang. Mr. Zhang is employed by JWJ Technology, LLC, which is not one of the MineOne Defendants. The MineOne Defendants first alerted Plaintiff's counsel to this fact months ago and have repeated it multiple times since then. As the MineOne Defendants have repeatedly advised Plaintiff, Mr. Wang is not a member, officer, director, or employee of any MineOne Defendant, and he has never visited the Wyoming site.

In compliance with the Court's recent directive, counsel for the MineOne Defendants provided Plaintiff with the all the information that it has regarding these individuals, including their current relationship and contact information. It is completely unreasonable for Plaintiff's counsel to hold up scheduling of depositions for key fact witnesses (such as Neil Phippen and Emory Patterson) that Plaintiff undeniably controls, simply because the MineOne Defendants are unable to produce individuals for depositions that they do not control.

Further, the MineOne Defendants have never objected to producing Dr. Li for a deposition; as they have repeatedly noted, he will be produced for a deposition once he obtains his passport and is able to travel outside of mainland China so that he does not violate Chinese laws, which prohibit live testimony in foreign court cases. Again, it is improper to hold up any other depositions based upon the fact that Dr. Li cannot be deposed today, given that Plaintiff's counsel vehemently objects to any modification to the current scheduling order (as he noted at the Court's August 19, 2024 informal discovery conference), and because we have also clearly stated that we will



produce Dr. Li even after discovery closes for a deposition, but he cannot violate Chinese law in the process. This is something that district courts across the country have upheld. <u>See</u>, e.g., <u>Glam v. Igel Beauty, LLC</u>, No. SA CV 20-00088-JVS (DFMx), 2022 U.S. Dist. LEXIS 212841 (C.D. Cal. Sep. 30, 2022) (granting a protective order for a Chinese citizen prohibiting his deposition until he was able to leave mainland China); <u>Junjiang Ji v. Jling Inc.</u>, No. 15-CV-4194 (SIL), 2019 U.S. Dist. LEXIS 55341, at *33 (E.D.N.Y. Mar. 31, 2019) ("It is therefore undisputed that, by testifying via video link while located in mainland China, Ji violated Article 277 of the Chinese Civil Law.").

Further, it is clear that Plaintiff's counsel never even intended to coordinate the scheduling of depositions of other witnesses that it absolutely controls, such as Mr. Neil Phippen (scheduled by the MineOne Defendants for September 12) or Mr. Emory Patterson. BCB's counsel stated during the call that he had not consulted with Mr. Phippen about available deposition dates, and did not even have his telephone number. As to Mr. Patterson, BCB's counsel advised (for the first time) that Mr. Patterson was then on vacation, returning on September 13. We offered to take his deposition on September 14 through September 17, but BCB's counsel refused to schedule Mr. Patterson's deposition. Both Mr. Emory Patterson and Mr. Neil Phippen were included on the MineOne Defendants' August 20 email to all counsel regarding deposition witnesses, and they have also been included in prior letter correspondence between counsel regarding deposition witnesses since at least early July. It is therefore surprising that BCB's counsel would agree to participate in a meet and confer to schedule depositions without any available dates for Messrs. Phippen and Patterson.

Despite the length of the conferral call, the parties were only able to tentatively agree to two depositions. Plaintiff's expert (Mr. Gahan) will potentially be deposed on September 17, 2024, and Rebuttal Expert (Mr. Hayward) will potentially be deposed on September 13, 2024 by BCB's and Bit Origin's counsel. The MineOne Defendants proposed Dr. Erick Rengifo's deposition for September 10, but Plaintiff's counsel declined to agree to conduct the deposition in person in New York. At a minimum, all depositions for key witness should be conducted in-person. The MineOne Defendants were prepared to take the deposition of Tony Simpson, a non-party witness, on September 11, 2024, because that is the date he and his counsel are available. However, when Mr. Simpson's deposition was discussed, Plaintiff's counsel refused to agree to September 11 and added two additional witnesses related to Mr. Simpson (his wife and daughter), neither of whom were on any prior list of witnesses (nor any parties' initial disclosures). The addition of Mr. Simpson's wife and daughter was a clear attempt by Michael Murphy and his father to intimidate Mr. Simpson from attending his deposition and make it impossible to complete depositions by September 17. The MineOne Defendants object to any newly added witnesses for depositions in light of the tight schedule already before the parties.

Ultimately, at this time, it does not appear that any further conferral regarding depositions will resolve these issues. Therefore, we respectfully request the Court's intervention to efficiently schedule all depositions.



Chambers of the Honorable Stephanie Hambrick
September 3, 2024
Page 4

We appreciate the Court's courtesies in this matter.

Respectfully,

Paula K. Colbath
Partner

cc:    All Counsel (via Email)

239625973
241515-10003