Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER ON MINEONE'S AUGUST 2024 SUBPOENAS TO BCB'S PASSIVE INVESTORS, MINEONE'S REQUEST FOR BCB'S CAPITALIZATION AND FUNDING, AND FOR PRODUCTION OF BCB'S REQUEST FOR PROPOSAL TO BHE**

MineOne seeks to support its facially irrelevant Rule 45 subpoenas to BCB's investor and "members of member CMV Global" by fixating on BCB's supposed lack of standing to pursue this motion for protective order. MineOne's argument misapprehends the law of this Circuit. Courts within the Tenth Circuit address discovery disputes, including the quashing or modifying of a Rule 45 subpoena, despite the moving party's lack of standing to object to the non-party subpoena. FED. R CIV. P. § 26(b)(2)(C)(iii); *McKinney v. Granite Peak Fabrication, LLC*, No. 19-CV-266-J, 2021 WL 7252981, at *2 (D. Wyo. Aug. 24, 2021) (explaining that court "must limit the frequency or extent of discovery" if the court determines that proposed discovery is outside the scope permitted by Rule 26(b)(1)"). This power derives from a federal court's inherent authority to control discovery and limit irrelevant or non-proportional discovery requests in a manner consonant with Rule 26(b)(2)(C). *Id. See also Griggs v. Vanguard Grp., Inc.*, No. CIV-17-1187-SLP, 2019 WL 3058982, at *1 (W.D. Okla. May 7, 2019) ("The Court can (and, here, does) issue a protective order to guard the [ ] nonparties from unnecessarily burdensome discovery regardless of whether Plaintiff, herself, has standing to assert specific objections to the subpoenas issued by Defendants"); 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed.) (explaining that "[f]ederal courts always have had the inherent power to protect persons subject to subpoena from undue burden" but that Rule 45(d)(3)(A) *requires* a court to quash a subpoena imposing an undue burden upon a timely motion).

Even assuming the Court finds BCB lacks standing, it could, and should, exercise its inherent authority to protect against MineOne's blatant fishing expedition. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000) (noting "the court must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production."). MineOne, through its subpoenas, seeks irrelevant information, the acquisition of which will impose an undue burden on the non-party deponents. MineOne attempts to cobble together "numerous reasons this third-party discovery is

necessary;" however, these "reasons" amount to nothing more than vagaries about fictional "fraudulent conduct" and dissipation of assets by BCB. *McKinney,* 2021 WL 7252981 at *4 (quashing non-party subpoena where plaintiff failed to particularize "how any of the subpoenaed documentation is relevant and discoverable").[1]

In its *Opposition* at page two, MineOne equates these passive investors with being "key third party witnesses who have critical knowledge of the claims and counterclaims in this case." They are not. MineOne says "the information sought in the subpoenas is highly relevant to the claims and counterclaims in this case." *Opposition* at 10. It is not.[2] Instead, it constitutes a prohibited discovery fishing expedition.[3] Throughout its *Opposition*, MineOne fails to specifically identify which ***actual***

---

[1] This Reply Brief is supported by the Affidavits of Micheal Murphy and Patrick Murphy attached hereto and incorporated by reference. Most of BCB's evidentiary rebuttal is contained in these Affidavits, especially in Michael Murphy's point-by-point rebuttal of MineOne's mistaken arguments.

[2] MineOne Wyoming Data Center, LLC ("MineOne") asserted three Counterclaims against BCB on September 29, 2023. [ECF 49]. MineOne has never amended or sought to amend its three Counterclaims. MineOne's First Counterclaim is for breach of contract. [*Id.*]. MineOne alleges that BCB and MineOne are parties to a valid and binding DHS Agreement. [*Id.* at Page 34 of 45]. MineOne alleges that "BCB failed to secure the promised electric rates and ultimately walked off the project (and hastily filed this and another lawsuit"). [ECF 49 at Page 39 of 45]. And that "MineOne complied with all of its obligations under the DHS Agreement; [*Id.*]; and that BCB breached its obligations under the DHS Agreement. [*Id.*]. MineOne alleges that, "BCB walked off the job, refused to [further] communicate with Defendants, and ran to the courthouse with no default or other notice to MineOne;" that "MineOne is excused from further performing its contractual obligations under the DHS Agreement because of the material breaches of BCB;" and that "by reason of the foregoing breaches of contract and anticipatory repudiation of the contract, Plaintiff BCB is liable to MineOne Wyoming Data Center LLC for monetary damages on its First Counterclaim in an amount to be determined at trial, which amount is no less than $40,000,000, together with interest accrued." [*Id.*]. **Importantly here, nowhere in MineOne's First Counterclaim is any claim or allegation relating to any of BCB's funding or capitalization with its investor(s) or members.** MineOne's Second Counterclaim is limited to the recovery of its attorney fees as the [alleged] Prevailing Party in Paragraph 18 of Article X of the DHS Agreement. [*Id.* at Page 40 of 45]. MineOne's Third Counterclaim is for the imposition of alter ego liability, individually, against BCB members Michael Murphy, Neil Phippen, and Emory Patterson, but without naming, or even seeking to name, these three individuals as named Defendants (alleging, only generally and without specificity, that "adherence to the fiction of the separate existence of the LLC under these circumstances would promote injustice or a fraud"). [*Id.* at Page 42 of 45]. Importantly, no allegation is made in the Second or Third Counterclaims about any alleged under-capitalization of BCB or impropriety or issue with any of BCB's capitalization, funding, or BCB's return of any of its investor's money to the investor in 2022. [*Id.*].

[3] Judge Rankin recently ruled, "Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery or a 'fishing expedition' to obtain evidence to support their claims and defenses. *See* 6/2/22 Order Denying Defendant's Motion to Quash Subpoena *duces tecum* in *Tillman v. Riverton Memorial Hospital, LLC*, Civil No. 21-CV-138-F; United States District Court for the District of Wyoming [Doc 36], *citing Richards v. Convergys Corp.*, No. 05-CV-790-DAK, 2007 WL 474012 at *2 (D. Utah Feb. 7, 2007) (citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)). (emphasis added).

claims or Counterclaims these third persons have critical knowledge of, and how the information sought from them is relevant and proportional to this **_actual_** case. In its *Opposition*, MineOne never responds to BCB's citation to *Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL 1518959, at *7 (M.D. Fla. Apr. 8, 2019), where the court quashed subpoenas requesting investment amounts and contact information from investors because "[plaintiff] [could] potentially obtain such information directly from the corporate entity." MineOne says it wants to "explore Patsel's and Edward's investment in BCB," *Opposition* at Page 16 of 25, but MineOne never explains how the information it seeks from CMV investors Patsel and Edwards is relevant to BCB's claims and/or MineOne's Counterclaims, or how any of the information relates to any of the obligations in the DHS Agreement.  *See* Michael Murphy Affidavit at ¶ 33 **("Exhibit A")**. Patsel and Edwards are both passive investors (just like Dr. Bryce Fincham).  *Id.* at ¶ 34.  Neither of them has ever been involved in BCB's day to day operations or management decisions. *Id.* MineOne says it wants to ask investor James Quid:

> What did Quid know about CMV's Investment in BCB? What communications did he have with Fincham? What did he understand about the Power Contract? What conversations did Quid have with the dozens of other CMV Global investors about their investments and the project at issue? *See Opposition* at Page 17 of 25.

All of this is a fishing expedition.  It is just curiosity.  It is not even facially relevant to the claims, Counterclaims, or language in the DHS Agreement.  MineOne also says it "seeks to depose Quid and CMV as to the monies raised by BCB and the promises made in exchange for the money." *Id.* at Page 18 of 25. "Critically," MineOne asks, "why was Bayview Capital given a 'performance incentive' three days after BCB filed this suit?" *Id.* This performance incentive is not relevant to the Parties' claims or Counterclaims, nor is it relevant to any of the Parties' promises in the DHS Agreement, nor is it relevant to 'who breached the DHS Agreement, 'who breached first,' or any Party's damages.' *See* **"Exhibit A,"** ¶ 13. Without conceding any relevancy, BCB explained to MineOne that "BCB was

obligated to provide this performance incentive to Bayview based on the Syndicate Bonus and Management Agreement between BCB and Bayview Capital Investments" but how is this relevant to anything in this lawsuit? *Id*. at ¶ 13. It is not. MineOne also says it seeks a jurisdictional deposition of James Quid to ask Mr. Quid how he learned that Tim Desrochers has been living in Colorado (not Texas) since the Covid-19 pandemic began in March 2020, *Opposition* at Page 19 of 25, but Judge Carman ruled, on May 17, 2024, that jurisdictional discovery was already ended. *See* Patrick Murphy Affidavit at ¶¶ 4-6 **("Exhibit B")**; *and see* ECF 187 (". . . and well after the discovery cutoff for jurisdictional discovery . . .").

MineOne argues it is "entitled to discovery regarding BCB's dissipation of assets." *Opposition* at Page 7 of 25. Respectfully, it is not. BCB's return of its investors' $3M is not related to, and does not prove or tend to prove, any ***actual*** claims or Counterclaims in this case, nor is it related to any of the Parties' obligations in the DHS Agreement. *See* **"Exhibit A,"** ¶ 16. Speaking of the Parties' obligations, MineOne criticizes BCB for providing the Court with a "***chart*** of the Parties' contractual obligations." *Opposition*, fn. 1, Page 8 of 25. MineOne says it is "***not*** chart of the parties contractual obligations," the chart should be stricken, and BCB admonished. *Id.* MineOne is wrong. This chart recites each and every Phase 1 obligation under the DHS Agreement for both MineOne and BCB. *See* **Exhibit A** at ¶ 23. And each and every Phase 1 obligation is cited with its Paragraph number from the DHS Agreement. *Id.* It is "telling that none of BCB's six specific Phase 1 obligations require anything remotely close to 'funding' or 'bringing funds' to the Project. *Id.*

> In stark contrast, eight of MineOne's ten Phase 1 obligations required MineOne to 'finance,' 'fund,' 'acquire,' 'purchase,' and/or procure items for the project. Thus, without any contractual obligation to bring any raised capital or investment funds to the Project, whether and to what extent BCB raised any capitalization and/or investment funds [from any investor] is wholly irrelevant to these Parties' contractual claims and defenses.

*See* Michael Murphy Affidavit at ¶ 23 **("Exhibit A")**.

4

MineOne argues it is "entitled to conduct discovery as to how BCB secured the Power Contract with Black Hills" [ECF 337 p. 21] because BCB's RFP submission "will likely show that BCB was the winning bidder because BCB overstated its credentials and financial wherewithal…and offered to pay the highest price for electricity." [*Id*. at 20]. But, "the RFP submissions are not relevant to any of the partiers' claims or counterclaims in this lawsuit" [*See* **Exhibit A** at ¶ 42]. In contrast, the Power Contract, which BCB assigned to MineOne under the DHS Agreement, is relevant (and the Power Contract stated it "supersedes and replaces all prior agreements and understandings" [*See* **Exhibit A** at ¶ 41], thus rendering the RFP submissions irrelevant). Relevancy aside, MineOne provides no evidence to support its assertion that BCB's representations in the RFP submission are overstated: MineOne is clearly on a prohibited fishing expedition. "BCB (a) was truthful in all of its communications with BHE and (b) had a plan sufficient to BHE to honor BCB's representations to BHE" [*See* **Exhibit A** at ¶ 42] and has even produced a document to MineOne (BCB00010) that should "more than suffice to allay MineOne's (irrelevant and misplaced) concerns that BCB made representations it had no ability honor" [*Id*.]. MineOne also argues that BCB's 2023 subpoenas for similar RFP submission information justifies MineOne's subpoenas, but "***MineOne objected*** to BCB's late 2023 subpoenas" by stating "the documents sought by the Subpoena do not appear to be relevant to the subject matter of this action." [*See* **Exhibit A** at ¶ 44]. ***BCB agreed***, and did not pursue those RFP submissions any further. MineOne also cites references to the RFP submissions in BCB's Amended Complaint as a basis to receive that information, but BCB included those references "as background facts." [*See* **Exhibit A** at ¶ 46].

## CONCLUSION

BCB asks the Court to quash all the August 2024 subpoenas to BCB's only investor and its members of member CMV Global and grant this Court's protective order precluding any of this irrelevant and unduly burdensome discovery.

5

DATED this 11th day of September, 2024.

                        BCB CHEYENNE LLC d/b/a
                        BISON BLOCKCHAIN, Plaintiff

By:   */s/ Patrick J. Murphy*
       Patrick J. Murphy (WSB No. 5-1779)
       Scott C. Murray (WSB No. 7-4896)
       Williams, Porter, Day & Neville, PC
       159 N Wolcott St. Suite 400
       Casper, WY 82601
       Ph: (307) 265-0700
       pmurphy@wpdn.net
       smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel as indicated below this 11th day of September 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ]  U.S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[  ]  Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>msg@orllp.legal | [  ]  U.S. Mail (prepaid)<br>[  ]  CM/ECF Electronic Transmission<br>[  ]  Overnight Delivery<br>[  ]  Hand Delivery<br>[  ]  Electronic Mail |

| | |
|---|---|
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [  ]   U.S. Mail (prepaid)<br>[  ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>Leily Lashkari, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>dforrest@loeb.com<br>llashkari@loeb.com | [  ]   U S. Mail (prepaid)<br>[  ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| Marc Feinstein, *Pro Hac Vice*<br>Daniel Hirsch, *Pro Hac Vice*<br>David Iden, *Pro Hac Vice*<br>Sherin Parikh, *Pro Hac Vice*<br>Kate Stutz, *Pro Hac Vice*<br>O'MELVENY & MYERS<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>mfeinstein@omm.com<br>dhirsch@omm.com<br>diden@omm.com<br>sparikh@omm.com<br>kstutz@omm.com | [  ]   U.S. Mail (prepaid)<br>[  ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| William Pao, *Pro Hac Vice*<br>COOLEY LLP<br>Wells Fargo Center, South Tower<br>355 South Grand Avenue, Suite 900<br>Los Angeles, CA 90071-1560<br>Ph.:  213-561-3249<br>Fax:  213-430-6407<br>wpao@cooley.com | [  ]   U. S. Mail (prepaid)<br>[  ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |

| | |
|---|---|
| Khale J. Lenhart, WSB No. 7-4581<br>Tyson R. Woodford, WSB No. 8-6650<br>HIRST APPLEGATE LLP<br>1720 Carey Ave. Room 400<br>P.O. BOX 1083<br>Cheyenne, WY 82003<br>klenhart@hirstapplegate.com<br>twoodford@hirstapplegate.com | [ ]   U.S. Mail (prepaid)<br>[ ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

By:   */s/ Patrick J. Murphy*
         Patrick J. Murphy

8