Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
          smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 23-CV-79 |
| | ) | |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF PATRICK J. MURPHY

COMES NOW Patrick J. Murphy, and on his oath states as follows:

1.     I am Patrick J. Murphy, and I am competent to provide this testimony.

2.     I am lead counsel for Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain.

3.     I am submitting this Affidavit to explain and/or correct certain assertions in

the MineOne Defendants' 9/4/24 *Opposition to Plaintiff's 8/18/24 Emergency Motion and 8/23/24 Supplemental Briefing for Protective Order and to Quash MineOne's August 2024 Subpoenas* [ECF 337] ("*Opposition*").

> **A.    MineOne Seeks a Jurisdictional Deposition of James Quid Months After Jurisdictional Discovery Closed with Tim Desrochers' April 22, 2024 Seven-Hour Deposition, the Parties' Extensive Jurisdictional Briefing and May 22, 2024 Oral Arguments, and Judge Carman's May 17, 2024 Oral Ruling and Text Order.**

4.     In its *Opposition* at page 19 of 25, MineOne says it

…also seeks to depose [CMV Global LLC member] James Quid as to the August 21, 2023 affidavit Quid submitted regarding CMV Global member, Timothy Desrochers, whose citizenship was the subject of the MineOne Defendants' motion to dismiss based on subject matter jurisdiction…Quid's affidavit states that he 'learned that Timothy Desrochers has not lived or resided in Texas since before the Covid-19 pandemic began in March 2020, and that he has been living in Colorado since that time.' MineOne seeks to understand how Quid learned this information and supplement to the Court any evidence uncovered that shows that Mr. Desrochers was a Texas domiciliary during the relevant time.

[ECF 337, Page 19 of 25].

5.     Jurisdictional discovery ended with Defendants' seven-hour jurisdiction deposition of Timothy Desrochers, and the Parties' May 22, 2024 oral arguments to Judge Johnson.  Counsel had a hearing with Magistrate Judge Mark Carman on May 17, 2024. Judge Carman denied MineOne's request to depose James Free, the brother-in-law of Timothy Desrochers.  Judge Carman ruled that jurisdictional discovery had already ended. *See* ECF 187 ("Defendant MineOne did not seek the deposition of Mr. Free until the matter was raised by Plaintiff in a discovery conference less than a week prior to the hearing on the Motion to Dismiss.  Defendant MineOne's late request for the deposition of Mr. James

Free, and failure to seek intervention of the Court to gain service of the subpoena until this late date ***and well after the discovery cutoff for jurisdictional discovery***, does not justify this court allowing this deposition to proceed") (emphasis added).

MineOne correctly quotes from the last page of Judge Johnson's August 23, 2024 Order Denying Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction, where Judge Johnson concluded:

> If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed.R.Civ.P. 12(h)(3). Should additional information come to light more definitively establishing that Mr. Desrochers was not domiciled in Colorado at the time this lawsuit was filed, the Court would be required to consider supplemental evidence in light of its obligation to determine proper subject matter jurisdiction over this action.

[ECF 324, Page 19 of 20].

6.      Judge Johnson has never reversed or modified Judge Carman's May 17 ruling that jurisdictional discovery has ended.  Jurisdictional discovery ran from August 31, 2023 – May 17, 2024, but it is over. While Judge Johnson said he would consider more jurisdictional evidence if it were presented to him, Judge Johnson never said or suggested that formal jurisdictional discovery continues.  It is over.  MineOne erroneously intimates that it has a continuing right to ask James Quid any jurisdictional questions. MineOne subpoenaed documents from James Quid in January 2024, and Mr. Quid complied with that jurisdictional subpoena [ECF 108], but MineOne did not seek to take James Quid's deposition before the May 17, 2024 end of jurisdictional discovery.  MineOne waived its right to seek any further jurisdictional discovery from James Quid when it chose not to depose him before the May 17 end of jurisdictional discovery.

B.    **Patrick Murphy has Representation Agreements with Dr. Bryce Fincham, James Quid, CMV Global, LLC, and Bayview Investments, LLC, and Each of These Persons and Entities Have Objected to MineOne's Subpoenas, and Each of Them Have Standing to Resist These Subpoenas.**

7.    In its *Opposition*, MineOne claims that BCB "lacks standing to challenge the subpoenas," [ECF 337, Page 10 of 25], but never mentions that Dr. Bryce Fincham, CMV Global, LLC and Bayview Investments have their own Representation Agreements with me, and that – on their behalf – I served their objections to MineOne's subpoenas on August 9, 2024. *See* **"Exhibit A."**

8.    I have written Representation Agreements with Dr. Bryce Fincham, James Quid, CMV Global, LLC and Bayview Investments, LLC.   With respect to these subpoenas, I am their attorney.

9.    These investors have the legal right and standing to assert their objections to MineOne's subpoenas, and they timely asserted their objections through my August 9, 2024 letters to MineOne's counsel. I have also timely asserted objections to the noticed subpoenas on investors Barney Patsel, Todd Edwards and James Quid.

10.    In its *Opposition* at page 5, MineOne contends that:

Third, MineOne Data is entitled to discovery regarding BCB's dissipation of assets.  BCB does not deny raising capital from dozens of investors across the United States.  BCB apparently raised significant amounts of money (millions of dollars) from investors, despite the fact that the cryptocurrency project in Cheyenne, WY was struggling financially in February 2023 because of cost overruns and extensive construction delays caused by BCB. And, despite having raised significant amounts of money from investors, immediately prior to commencement of its lawsuit, BCB shed itself of all funds, emptied its bank accounts, making itself strategically judgment proof, as it knew counterclaims would be asserted.  This is classic fraudulent conduct. Rather than use its $3 million to save the faltering project (a

situation BCB was itself responsible for), BCB made itself judgment proof, as it knew lawsuits were likely on the horizon. The discovery sought by the subpoenas is expected to show that BCB engaged in classic fraudulent conduct by transferring its assets without adequate consideration.

[ECF 337, Page 7 of 25].

11.     MineOne is not entitled to any discovery regarding BCB's alleged dissipation of assets.

12.     The deadline for submitting proposed amendments to the pleadings without motion expired on September 30, 2023. [ECF 46]. MineOne has never sought to amend its Three Counterclaims to assert any claim for BCB's alleged dissipation of its assets. There is no such pending claim, and MineOne is not entitled to discovery on this non-existent claim.

13.     BCB never made itself judgment proof. When BCB returned money to its investor CMV Global LLC in August 2022 ($350,000) and February 9, 2023 ($2,650,000), BCB did not know it would later be filing suit against MineOne Wyoming Data Center, LLC, and it did not know MineOne would later be asserting any counterclaims. MineOne's new assertion that "BCB shed itself of all funds, emptied its bank accounts, making itself strategically judgment proof, as it knew counterclaims would be asserted" is all fiction: it is not true. MineOne wholly mis-states the evidence when it says, "this is fraudulent conduct."

14.     MineOne next says, "The discovery sought by the subpoenas is *expected to show* that BCB engaged in classic fraudulent conduct by transferring its assets without adequate consideration" (emphasis added). This, too, is wholly mistaken. Moreover, MineOne's capital-raising efforts with its investors, and its "plans relating to the use of

[these investments] funds," [ECF 337 at Page 6 of 25], is the quintessential discovery expedition which this Court eschews. When MineOne says the "discovery sought by the subpoenas is *expected to show* that BCB engaged in fraudulent conduct...," MineOne telegraphs it is fishing for something, anything. It is not a targeted discovery request.

15.    MineOne Wyoming Data Center, LLC ("MineOne") asserted three Counterclaims against BCB on September 29, 2023. [ECF 49]. MineOne has never amended or sought to amend its three Counterclaims. MineOne's First Counterclaim is for breach of contract. [*Id.*]. MineOne alleges that BCB and MineOne are parties to a valid and binding DHS Agreement. [*Id.* at Page 34 of 45]. MineOne alleges that "BCB failed to secure the promised electric rates and ultimately walked off the project (and hastily filed this and another lawsuit"). [ECF 49 at Page 39 of 34]; that "MineOne complied with all of its obligations under the DHS Agreement, [*Id.*]; and that BCB breached its obligations under the DHS Agreement." [*Id.*]. MineOne alleges that, "BCB walked off the job, refused to [further] communicate with Defendants, and ran to the courthouse with no default or other notice to MineOne;" that "MineOne is excused from further performing its contractual obligations under the DHS Agreement because of the material breaches of BCB;" and that "by reason of the foregoing breaches of contract and anticipatory repudiation of the contract, Plaintiff BCB is liable to MineOne Wyoming Data Center LLC for monetary damages on its First Counterclaim in an amount to be determined at trial, which amount is no less than $40,000,000, together with interest accrued." [*Id.*] Importantly here, nowhere in MineOne's First Counterclaim is any claim or allegation relating to any of BCB's funding or capitalization with its investor(s) or members.

MineOne's Second Counterclaim is limited to the recovery of its attorney fees as the [alleged] Prevailing Party in Paragraph 18 of Article X of the DHS Agreement. [*Id.* at Page 40 of 45]. MineOne's Third Counterclaim is for the imposition of alter ego liability, individually, against BCB members Michael Murphy, Neil Phippen, and Emory Patterson, but without naming, or even seeking to name, these three individuals as named Defendants alleging, only generally and without specificity, that "adherence to the fiction of the separate existence of the LLC under these circumstances would promote injustice or a fraud"). [*Id.* at Pate 42 of 45]. Importantly, no allegation is made in the Second or Third Counterclaims about any alleged under-capitalization of BCB or impropriety or issue with any of BCB's capitalization, funding, or BCB's return of any of its investor's money to the investor in 2022. *Id.*

### C.    BCB is Not Blaming MineOne Data for the Loss of All Its Money. MineOne Data is Not Entitled to Discovery on 'What Money BCB Raised and What It Did with the Money Since. BCB is Not Blaming for the Loss of All Its Money.

16.    In its *Opposition* at Page 7 of 25, MineOne says:

Second, MineOne Data is entitled to discovery on what money BCB raised and what it did with the money since BCB is blaming MineOne Data for the loss of all its money. BCB and its counsel have claimed that "BCB cannot afford to post a bond of more than a few thousand dollars." ECF No. 242 at 9. At the Evidentiary Hearing, BCB's principal Michael Murphy doubled down on this claim by testifying that he was "all in financially, having invested most of [his] life savings." [ECF Not 259 at 41]. BCB is claiming that it lost all of its investments in the subject project and MineOne Data is entitled to discovery on this subject.

17.    This is mistaken. BCB is not suing MineOne for the loss of BCB's investment money. Instead, BCB is suing MineOne for not paying BCB, per MineOne's promise to do so, for BCB's Power Contract with Black Hills Energy. BCB has never

blamed the MineOne Defendants for the loss [or, more correctly, the return] of its $3M of investment monies to its investors. That's MineOne's strawman argument. Instead, BCB has sued MineOne for loss of all of the ***Phase 2 compensation and profits*** BCB was contractually entitled to receive which loss was caused by MineOne's anticipatory repudiation/breach of contract.

> **D.** **The MineOne Defendants Have No Evidence to Support a Piercing the Corporate Veil Claim, and This Request is an Unpermitted Fishing Expedition to Search for Any Such Evidence.**

18.    In Wyoming, "it bears repeating that limited liability [against the individual members of an LLC] is the rule, and piercing is the rare exception to be applied only in cases involving exceptional circumstances." *GreenHunter Energy, Inc. v. Western Ecosystems Technology, Inc.*, 337 P.3d 454, 465 (Wyo. 2014).

19.    The MineOne Defendants have no evidence to support piercing the corporate veil, and their request is a fishing expedition to search for any such evidence.

20.    Judge Rankin recently ruled, "Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery or a 'fishing expedition' to obtain evidence to support their claims and defenses." *See* 6/2/22 Order Denying Defendant's Motion to Quash Subpoena *duces tecum* in *Tillman v. Riverton Memorial Hospital, LLC*, Civil No. 21-CV-138-F; United States District Court for the District of Wyoming [Doc 36], citing *Richards v. Convergys Corp.*, No. 05-CV-790-DAK, 2007 WL 474012 at *2 (D. Utah Feb. 7, 2007) (citing *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)) (emphasis added).

21.    MineOne's *Opposition* is filled with questions and examples of forbidden fishing expeditions from these passive investors.  For example, MineOne says it is "imperative that MineOne be able to understand . . . what BCB told its investors in order to induce them to invest." *Opposition* at Page 6 of 25.  MineOne says, "If BCB's capital raising efforts were improper, or it mislead investors about its plans relating to the use of funds, MineOne is entitled to discovery on these issues." *Id.* (emphasis added).  First, nothing about BCB's fund-raising efforts is mentioned in MineOne's three Counterclaims; it is not relevant to the pleaded claims.  If *BCB investors* were suing BCB for anything related to those $3M investment/capitalization funds, which they are not, this investment information would arguably be relevant in that suit.  But they are not relevant in this suit with MineOne.  Second, on its face, MineOne's discovery requests to BCB's investor (CMV Global LLC) and BCB's 'members of member CMV Global LLC' is, facially, a prohibited discovery fishing expedition.

FURTHER YOUR AFFIANT SAYETH NOT.

DATED this 11th day of September, 2024.


[Rest of this page intentionally left blank]

Patrick J. Murphy

STATE OF WYOMING          )
                                              )
COUNTY OF NATRONA         )

Before me, a Notary Public in and for the County of Natrona, State of Wyoming, personally appeared Patrick J. Murphy, this _11_ day of September, 2024, and he being duly sworn by me upon his oath, says that the facts alleged in the foregoing instrument are true.

Witness my hand and official seal:

Notary Public

S
E
A
L

JENNIFER L. THAYER
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 120057
MY COMMISSION EXPIRES: 05/21/2029

My Commission Expires: _05/21/2029_

10

# EXHIBIT

# A



WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601
Phone: 307-265-0700

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

August 9, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

Re:     BCB's Objections to MineOne's Two Subpoenas to Dr. Bryce Fincham

Dear Paula:

I am providing you with Dr. Bryce Fincham's and BCB's objections to MineOne's two subpoenas to Dr. Fincham. MineOne served Dr. Fincham, in Ohio, on August 5, 2024 with (a) a subpoena to produce documents on August 12, 2024, at 5:00 p.m., and (b) a subpoena to appear for a deposition in Ohio on August 22, 2024. Both subpoenas are infirm and should be quashed. The subpoena is facially defective and objectionable. Accordingly, Dr. Fincham will not produce the requested documents, nor will he appear for a deposition on August 22, 2024. Additionally, this letter serves as my conferral, pursuant to U.S.D.C.L.R. 7.1 (b)(1)(A), to resolve this dispute without involving the Court. I would be happy to visit with you on Monday, August 12, 2024, before noon to confer further on these subpoenas.

First, we note that most responsive documents in Dr. Fincham's possession are likely also in the possession of Plaintiff, BCB. BCB is the party from whom you should be seeking these documents, not Dr. Fincham. There is no reason or cause to trouble this third party (and passive investor) to produce these limited documents or his testimony for information that the party, Plaintiff, BCB, likely has in its possession and/or that are irrelevant to MineOne's claims in this case.

Second, the requests do not request relevant information. "[W]hen relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Surgeforce LLC v. Alonso*, No. 2:24-CV-776, 2024 WL 2125645, at *1 (S.D. Ohio May 13, 2024) (quotation marks and citations omitted). There is nothing within the requests that indicates what claim or defense communications with a passive investor (*i.e.*, someone who had nothing to do with the operations or business activities of North Range or Campstool), like Dr. Fincham, will prove. When a subpoena requests irrelevant information, it by definition imposes a undue burden on the recipient. *See Am. Elec. Power Co. v. United States*,



191 F.R.D. 132, 136 (S.D. Ohio 1999) (internal quotation marks and citations omitted). None of the documents or communications sought under the subpoena are relevant to the underlying controversy. Dr. Fincham will not produce irrelevant documents in response to this subpoena.

Judge Rankin recently ruled, "Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery or a 'fishing expedition' to obtain evidence to support their claims or defenses." *See* 6/2/22 Order Denying Defendant's Motion to Quash Subpoena *duces tecum* in *Tillman v. Riverton Memorial Hospital, LLQ*, Civil No. 21 -CV-138-F; United States District Court for the District of Wyoming [Doc. 36], *citing Richards v. Convergys Corp.*, No. 05-CV-790-DAK, 2007 WL 474012 at *2 (D. Utah Feb. 7, 2007) (*citing Munoz v. St. Mary-Corwin Hosp.*, 221 F. 3d 1160, 1169 (10th Cir. 2000)).

Third, Fed. R. Civ. P. 30(b)(1) requires "[a] party who wants to depose a person by oral questions must give reasonable written notice to ***every other party***." Of course, our local Wyoming rule states that "before sending a notice of deposition, counsel . . .seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner." There was no such effort made regarding Dr. Fincham's deposition.

Moreover, in addition to not conferring with the existing parties, you have not provided Dr. Fincham a reasonable amount of time under Rule 45 to comply with your proposed document production. Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena. You have only provided Dr. Fincham five business-days days to collect documents. *See Brown v. Hendler*, No. 09-cv-4486, 2011 WL 321139 at *2 (S.D.N.Y. Jan. 31, 2011) (citing cases noting that courts have found compliance times of eight and seven days to be unreasonable). Thus, providing Dr. Fincham only five business-days days to provide documents is *per se* unreasonable.

Finally, under S.D. Ohio local Rule 37.1, the judge assigned to supervise discovery has authority to conduct an informal telephone conference in an attempt to resolve discovery disputes. At this time, Magistrate Judge Stephanie Hambrick is the judge "assigned to supervise discovery" in this matter, not any judge in the Southern District of Ohio. This letter shall serve as our request to engage in an informal discovery conference to address this issue.

Please let me know your availability for further discussions on Monday morning. Thank you, Paula.

Very truly yours,

WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601
Phone: 307-265-0700

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

August 9, 2024

**VIA E-MAIL ONLY**

Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com

> Re:    BCB's Objections to MineOne's Four Subpoenas to CMV Global, LLC
>         and Bayview Capital Investments, LLC

Dear Paula:

I am providing you with CMV Global, LLC's ("CMV"), Bayview Capital Investments, LLC's ("Bayview"), and BCB's objections to MineOne's four subpoenas to CMV and Bayview with (a) subpoenas to produce documents on August 12, 2024, at 5:00 p.m., and (b) subpoenas to appear for depositions in Illinois on August 22, 2024. All subpoenas are infirm and should be quashed. The subpoenas are facially defective and objectionable. Accordingly, CMV and Bayview will not produce the requested documents, nor will they appear for depositions on August 22, 2024. Additionally, this letter serves as my conferral, pursuant to U.S.D.C.L.R. 7.1 (b)(1)(A), to resolve this dispute without involving the Court. I would be happy to visit with you on Monday, August 12, 2024, before noon to confer further on these subpoenas.

First, we note that most responsive documents in CMV and Bayview's possession are likely also in the possession of Plaintiff, BCB. BCB is the party from whom you should be seeking these documents, not CMV or Bayview. There is no reason or cause to trouble these third-parties (and passive investors) to produce these limited documents or provide testimony for information that the party, Plaintiff, BCB, likely has in its possession and/or that are irrelevant to MineOne's claims in this case.

Second, the requests do not request relevant information. "[W]hen relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Surgeforce LLC v. Alonso*, No. 2:24-CV-776, 2024 WL 2125645, at *1 (S.D. Ohio May 13, 2024) (quotation marks and citations omitted). There is nothing within the requests that indicates what claim or defense communications with passive investors (i.e., individuals or companies who had nothing to do with the operations or business activities of North Range or Campstool) will prove. When a subpoena requests irrelevant information, it by definition



imposes an undue burden on the recipient. *See Am. Elec. Power Co. v. United States*, 1view Capital 91 F.R.D. 132, 136 (S.D. Ohio 1999) (internal quotation marks and citations omitted). None of the documents or communications sought under the subpoena are relevant to the underlying controversy. Neither CMV nor Bayview will produce irrelevant documents in response to this subpoena.

Judge Rankin recently ruled, "Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery or a 'fishing expedition' to obtain evidence to support their claims or defenses." *See* 6/2/22 Order Denying Defendant's Motion to Quash Subpoena *duces tecum* in *Tillman v. Riverton Memorial Hospital, LLQ*, Civil No. 21 -CV-138-F; United States District Court for the District of Wyoming [Doc. 36], *citing Richards v. Convergys Corp.*, No. 05-CV-790-DAK, 2007 WL 474012 at \*2 (D. Utah Feb. 7, 2007) (*citing Munoz v. St. Mary-Corwin Hosp.*, 221 F. 3d 1160, 1169 (10th Cir. 2000)). These subpoenas are just such a fishing expedition.

Third, Fed. R. Civ. P. 30(b)(1) requires "[a] party who wants to depose a person by oral questions must give reasonable written notice to *every other party*." Of course, our local Wyoming rule states that "before sending a notice of deposition, counsel . . .seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner." There was no such effort made regarding either requested deposition.

Finally, in addition to not conferring with the existing parties, you have not provided CMV or Bayview a reasonable amount of time under Rule 45 to comply with your proposed document production. Fed. R.Civ. P. 45(c)(2)(B) sets a reasonable time as fourteen days after service of the subpoena. You have provided these companies only five business-days days to collect documents. *See Brown v. Hendler*, No. 09-cv-4486, 2011 WL 321139 at \*2 (S.D.N.Y. Jan. 31, 2011) (citing cases noting that courts have found compliance times of eight and seven days to be unreasonable). Five business-days is *per se* unreasonable.

Please let me know your availability for further discussions on Monday morning. Thank you, Paula.

Very truly yours,

Patrick J. Murphy