Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 23CV-79-ABJ |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC AND TERRA CRYPTO INC.'S *THIRD* MOTION TO STRIKE BCB'S REPLY AFFIDAVITS, AWARD ATTORNEYS' FEES AND COSTS, AND SANCTION PLAINTIFF'S COUNSEL PURSUANT TO LOCAL CIVIL RULE 84.1(b)**

COME NOW Defendants MineOne Wyoming Data Center LLC ("MineOne Data"), MineOne Partners LLC, and Terra Crypto Inc. (collectively, "the MineOne Defendants") by their counsel, and hereby file this **third** motion to strike the inappropriate affidavits that BCB has *once again* submitted with its September 11, 2024 reply brief in support of its baseless position to quash subpoenas served by the MineOne Defendants. (ECF Nos. 351-1 and 351-2).

## FACTS

This is now the **third time** that BCB has submitted affidavits with its reply brief that are replete with new misrepresentations and seek to bypass the 5-page limit on reply papers on the Local Rules, by extending the brief by adding arguments in the affidavits.

*First*, on June 24, 2024, BCB improperly filed two affidavits from Michael Murphy and Emory Patterson with its reply brief in support of its emergency motion for writ of attachment, which were *stricken* from the record by Magistrate Judge Carman on June 27, 2024. (ECF No. 251).

*Second*, on July 31, 2024, BCB again filed two more inappropriate affidavits from Michael Murphy and Emory Patterson with its reply brief in support of its frivolous motion for sanctions. On August 5, 2024, the MineOne Defendants again moved to strike these affidavits, which is currently pending before the Court.

Now for the *third* time, unfazed by Magistrate Judge Carman's order striking its previous inappropriate affidavits submitted with its reply, BCB makes a bolder move: On September 11, 2024, BCB filed its reply brief, and with its reply brief, BCB also submitted not only another 24-page affidavit from Michael Murphy, which is replete with misrepresentations and new arguments, but BCB has gone one step further: BCB's counsel, Patrick Murphy, has taken it upon himself to *extend* the five page limit on the reply brief by submitting an additional 9-page affidavit (with an

additional four pages of exhibits) – <u>replete with arguments and new case law</u>. In essence, once again without seeking permission for an overlength brief, **<u>Patrick Murphy has extended the 5-page limit on reply briefs by adding the length of two additional reply briefs under the guise of a purported "affidavit</u>."**

As discussed below, it is respectfully requested, based on the Court's inherent powers, that:

(1) the reply affidavits of Michael Murphy and Patrick Murphy be stricken;

(2) BCB's counsel Patrick Murphy be admonished for his misconduct;

(3) the Court order that BCB pay the MineOne Defendants' attorneys' fees and costs in having to, once again, move to strike the two inappropriate reply affidavits; and

(4) BCB's counsel Patrick Murphy be subject to discipline by the Court, including open court reprimands, pursuant to Local Civil Rule 84.1(b).

## ARGUMENT

To put BCB's **repeated** misconduct into perspective, the MineOne Defendants note the following repeated misconduct by BCB and its counsel:

(1)     On June 24, 2024, BCB filed inappropriate affidavits of Michael Murphy and Emory Patterson. (ECF Nos. 242-3 and 242-4). On June 25, 2024, the MineOne Defendants moved to strike these affidavits. (ECF No. 246). By Order dated June 27, 2024, Magistrate Judge Carman Ordered that both affidavits be stricken from the record. (ECF No. 251).

(2)     Unfazed, on July 31, 2024, BCB again submitted affidavits of Michael Murphy and Emory Patterson with its reply papers—this time to its frivolous sanctions motion. (ECF Nos. 305-2 and 305-4). On August 5, 2024, the MineOne Defendants moved to strike these affidavits. (ECF No. 309). The Court's decision is pending.

(3)     On August 18, 2024, BCB filed an 18-page "emergency" motion for protective order and sanctions (ECF No. 317), which violated the page limitation requirement under Local Rule 7.1(b)(1)(C), without first seeking permission from the Court to file an overlength brief. As Judge Johnson observed in the Court's Notice of Procedural Disposition Regarding Plaintiff's Emergency Motion [ECF No. 317], BCB filed its overlength brief without "request[ing] permission to file a brief in excess of ten pages." (ECF No. 320 at n.1). On August 30, 2024, MineOne Data moved to strike BCB's motion or, alternatively, for the Court to refuse to consider any part of the motion that exceeds 10 pages. (ECF No. 331 at 7). The Court's decision is pending.

(4)     On August 23, 2024, BCB filed a supplemental brief in support of its motion for protective order, but bypassed the 10-page requirement by moving substantial text into footnotes with excessively small font size. (ECF No. 325). MineOne Data moved to strike the footnotes in BCB's supplemental motion or, alternatively, for the Court to refuse to consider the footnotes. (ECF No. 337 at 7-8). The Court's decision is pending.

(5)     And now BCB has, once again, filed two inappropriate affidavits with its reply brief, one from Michael Murphy and one from Patrick Murphy, BCB's counsel – which has forced the MineOne Defendants to once again expend time and expense of bringing this motion to strike the affidavits.

(6)     Separately, BCB also misrepresents to the Court that "[i]n its Opposition, MineOne never responds to BCB's citation to *Meide v. Pulse Evolution Corp*." (Reply Brief, ECF No. 351 at 3). **_This is not true_**. The Court can take judicial notice of the fact that defendant MineOne Data readily distinguished the *Meide* case at page 14 of its opposition brief. (ECF No. 337 at 14). BCB should not be permitted to make such blatant misrepresentations to the Court.

In short, BCB's conduct should not be condoned.

A.   **The Affidavits of Patrick Murphy and Michael Murphy Submitted with BCB's Reply Papers Are Inappropriate and Should Be Stricken**

1.   **Patrick Murphy's 9-Page Affidavit, Which Is Replete With Legal Arguments Is Tantamount to the Length of a Second and Third Reply Brief, and Should Be Stricken**

Wyoming District Court Local Rule 7.1(b)(1)(D) states, in clear language, the following: "Reply briefs are limited to five (5) pages." The Local Rules do not state that a party can extend its reply brief by submitting an additional affidavit from its counsel, replete with argument and new case citations to add on to the page requirement, without seeking Court permission to do so. BCB's counsel's so-called "affidavit," which is more akin to **second and third reply briefs**, is 9 pages long (nearly the maximum length of an opening brief and double the length of a reply brief). Not only does the purported 5-page reply brief jam lengthy arguments into footnotes to bypass the 5-page requirement (*see* ECF No. 351 at footnotes 1, 2 and 3 on page 2), but BCB continues the reply brief in Patrick Murphy's so-called "affidavit," with an additional 9 pages, replete with arguments and case law (*see, e.g.*, ECF No. 351-2 at 8, citing case law in the reply affidavit). As a result, BCB's counsel has now, without prior permission from the Court, submitted a 14 page reply brief (5 page reply brief with excessively long footnotes in the brief and a 9 page additional brief-affidavit).

This type of **backdoor briefing** by BCB's counsel should not be permitted by the Court. *See, e.g., Everlast World's Boxing Headquarters Corp. v. Ringside, Inc*., No. 13-2150-CM-KGG, 2014 U.S. Dist. LEXIS 84704, at *1-2 n.1 (D. Kan. June 23, 2014) ("As an initial matter, the Court addresses the 'declaration' of attorney … attached as an exhibit to Plaintiff's response brief…. Much of the document, however, contains legal argument, which is in the nature of a pleading, not in the nature of a sworn declaration. This is improper and will not be considered by the Court."); *Zaldivar v. JMJ Caterers, Inc*., 166 F. Supp. 3d 310, 319 n.3 (E.D.N.Y. 2016) ("Declarations of

counsel are generally properly used only to describe the documents attached to them as exhibits for the Court's consideration, not to advance factual averments or legal arguments.") (collecting cases; declining to consider attorney declaration that "largely reiterates the factual and legal arguments contained in" other declarations); *United States v. Hinkson*, No. CR-04-127-S-RCT, 2005 U.S. Dist. LEXIS 58954, at *9 (D. Idaho Mar. 24, 2005) (striking an 18 page affidavit of defense counsel attached as an exhibit to a motion because it was filed in violation of the local rules, as the affidavit consisted of unsupported factual allegations and conclusory legal arguments, which are not appropriate for a supporting affidavit, and it was in substance an additional or supplemental pleading submitted after the defendant was denied the ability to file an over-length brief, and noting "[i]t is improper for affidavits to embody legal arguments, and legal arguments and summations in affidavits will be disregarded by the courts") (citation omitted).

The Court should not endorse this misconduct, and should strike Patrick Murphy's Affidavit.

> **2. Michael Murphy's Affidavit Should Be Stricken Because It Is Not Based on Personal Knowledge, Contains Impermissible Hearsay Statements, and Includes Conclusory Statements, and Improper Legal Conclusions**

Michael Murphy is a witness in this case, nothing more. He is not a lawyer and does not represent BCB. While his father, Patrick Murphy, BCB's counsel, has apparently *elevated* his son to a purported lawyer in this case, he is not.[1] It is then not surprising that Michael Murphy, a non-lawyer, begins his affidavit with legal argument; namely, that MineOne "fails to specifically identify which actual claims or counterclaims those third party witnesses have critical knowledge

---

[1] This is ***not*** the first time that BCB has attempted to pass off Michael Murphy as a lawyer. Unannounced, Patrick Murphy had Michael Murphy join counsel's meet and confer when counsel were trying to schedule depositions, interjecting nonstop in the conversation, making demands, and derailing the meet and confer. The Murphy father and son's inappropriate conduct culminated in Magistrate Judge Hambrick issuing an Order "that counsel – not individual agents, officers, or the like of the parties – are the only participants in any and all future meets and confers." (ECF No. 339, at 3, ¶ 5).

of, and how the information sought from them is relevant and proportional to the actual case." (ECF No. 351-1 at ¶ 5).

Michael Murphy's affidavit then purports to analyze the MineOne Defendants' counterclaims, including their alter ego liability claim. *Id*. at ¶¶ 8-9. Michael Murphy attempts to draw the legal conclusion that "nowhere in MineOne's First Counterclaim is any claim or allegation relating to any of BCB's funding or capitalization with its investor(s) or members" by conducting an unjustified survey of the MineOne Defendants' counterclaims. *See id.* Michael Murphy then purports to assess the relevance of "BCB's compliance with the financial obligations in the Power Contract and what BCB told investors to induce them to invest" to the parties claims and defenses, *see id*. at ¶¶ 10-11, before declaring that "BCB did not engage in any fraudulent conduct by transferring its assets without adequate consideration," *id*. at ¶ 18, and that "BCB's return of CMV Global's capital contribution is not tantamount to fraudulent conveyance." *Id*. at ¶ 37.  Michael Murphy goes as far as to quote lengthy legal arguments form BCB's Supplemental Brief that "'...there is no justifiable reason now for MineOne to receive BCB's funding information (because it remains irrelevant to the contractual obligations and claims in this case).'" *Id*. at ¶ 11 (quoting ECF 325 p. 4). Michael Murphy's blatant and improper legal conclusions warrant the striking of his affidavit.

But there is more. Michael Murphy's affidavit also includes hearsay claims outside of his personal knowledge. By way of example only, Michael Murphy states that in "March 2023 … Erick Rengifo and Jiaming Li informed BCB that BCB was being replaced as the Phase 2 Host by Huaili Zhang)." *See id*. at ¶ 20. Michael Murphy also claims that BCB's "investment funds were not BCB's assets or monies to keep or use as BCB pleased (based on BCB's Operating

Agreement)" — a document that is not attached to his affidavit and which BCB has never produced in this action. *See id*. at ¶ 18. These hearsay statements are improper and should be stricken.

Even a cursory review of Michael Murphy's affidavit readily shows that it is replete with legal arguments and conclusions, and blatant hearsay, which are patently improper under well-established precedent in this Circuit. *See Argo v. Blue Cross & Blue Shield of Kan., Inc*., 452 F.3d 1193, 1200 (10th Cir. 2006) (an affidavit is inadmissible under the personal knowledge standard if "the witness could not have actually perceived or observed that which he testifies to."); *Moran Pipe & Supply Co. v. Schwartz*, 680 F. Supp. 1499, 1503 (E.D. Okla. 1988) ("the Court cannot take the quoted affidavit statement as anything but a conclusion of the plaintiff, based not on personal knowledge of the affiant, but on hearsay information provided by an unknown declarant. Plaintiff has not presented any other factual background in support of its conclusion of an agency relationship among all the defendants."); *see also Trestle & Tower Eng'g v. Star Ins. Co*., 13 F. Supp. 2d 1166, 1172 (D. Kan. 1998).

This Court previously struck improper reply affidavits from Michael Murphy and Emory Patterson that BCB submitted on Reply (ECF No. 251), and should do so again.

**B.  The Court Should Admonish BCB's Counsel for Repeatedly Violating the Local Rules**

If BCB's counsel remains unchecked, Patrick Murphy will continue to file overlength briefs without seeking permission from the Court to do so, or by jamming substantial amount of text into excessively small footnotes to fit the page requirement, or as he did now—bypassing the five page requirement for reply briefs under the Local Rules by filing an additional 9 pages of impermissible arguments in the guise of an "affidavit." BCB's counsel should be ordered to comply with the Local Rules and should be admonished for his ***repeated*** failure to do so. The Court should not condone BCB's counsel's conduct. *See, e.g., Osteostrong Franchising, LLC v. Richter*,

No. 18-1184, 2019 U.S. Dist. LEXIS 232834, at *6 n.4 (D.N.M. Nov. 26, 2019) ("the Court admonished counsel about the importance of complying with this Court's local rules, pointing out the history of violations that Plaintiff has made in this case"); *Joseph v. Silver*, No. 14-CV-126-JED-TLW, 2015 U.S. Dist. LEXIS 147399, at *15-16 (N.D. Okla. Oct. 30, 2015) ("The Court admonishes counsel for the plaintiff to review and comply with both the Federal and Local Rules, and reserves the right to sanction the plaintiff for future violations, including by striking documents."); *Mortensen v. Dazet*, No. 08-cv-891, 2009 U.S. Dist. LEXIS 32222, at *6 (D. Utah April 15, 2009) ("the court admonishes counsel for Defendant not to make such errors [violation of the local rules] in the future."); *Breaux v. Am. Family Mut. Ins. Co*., No. 04-cv-00191, 04-cv-00539, 2007 U.S. Dist. LEXIS 20968, at *12, n.2 (D. Colo. March 23, 2007) ("The court underscores that this is not the first time it has had to rebuke Plaintiff['s] counsel for misinterpretation of rules or laws. Throughout the course of this action, the court has, *inter alia*, admonished counsel's …overt failure to comply with this court's practice standards…. The court urges Plaintiff['s] counsel to heed court orders more carefully in the future in order to avoid preventable negative outcomes."); *Lynn v. GE*, No. 03-2662-KHV, 2006 U.S. Dist. LEXIS 62, at *5 (D. Kansas Jan. 3, 2006) ("Plaintiff's counsel has already been cautioned once in this case for violation of this particular rule. On January 20, 2005, Magistrate Judge…filed a report and recommendation on another issue in this case which admonished counsel to adhere to this rule, and warned that 'failure to do so may result in the imposition of sanctions upon both counsel and his clients.'").

Likewise, this Court should admonish BCB's counsel for his ***repeated*** violations of the Local Civil Rules.[2]

C. **Pursuant to the Court's Inherent Powers, the Court Should Award Attorneys' Fees to the MineOne Defendants for Having to Incur the Cost of Bringing This Motion as a Result of BCB's *Repeated* Violations of the Local Rules**

It is well settled that the Court's inherent authority includes the power to award attorneys' fees. Rule 84.1(b) of the United States District Court for the District of Wyoming Local Civil Rules specifically states:

> (b) Sanctions.
>
> Attorneys whose conduct does not comport with these rules may be subject to discipline by the Court, including open court reprimands, compulsory legal education, monetary sanctions or other punitive measures appropriate to the circumstances.

Unless BCB's counsel is sanctioned for its repeated violations of the Local Rules, forcing the MineOne Defendants each time to expend time and expense in making repeated motions to strike, BCB's counsel's violations of the Local Rules will continue. The MineOne Defendants respectfully request that the Court exercise its inherent powers, and pursuant to Local Rule 84.1(b), order BCB to pay the MineOne Defendants' attorneys' fees and costs incurred in having to bring this motion.[3] *See, e.g., Clark v. Stockton*, No. CIV-23-1147-SLP, 2024 U.S. Dist. LEXIS 118069, at *21 (W.D. Okla. June 12, 2024) ("Attorney fees are among the sanctions permitted. See

---

[2] The MineOne Defendants continue to comply with the Local Civil Rules, but also continue to be ambushed unfairly with repeated frivolous sanctions motions by BCB and its counsel.

[3] While BCB and its counsel have claimed that "BCB cannot afford to post a bond of more than a few thousand dollars," ECF No. 242 at 9, and that Michael Murphy was "all in financially, having invested most of [his] life savings," ECF No. 259 at 41, BCB has settled its claims against Defendant Bitmain Georgia Technologies Limited and can readily pay the attorneys' fees and costs to the MineOne Defendants. *See* ECF No. 343.

*Chambers*, 501 U.S. at 50 (recognizing a court's inherent power to impose attorney fees as a sanction for bad-faith conduct).... The purposes of imposing sanctions include: 'ensur[ing] that...abuses [of the judicial system are] not repeated[,] vindicate[ing] [the Court] itself[,] and compensate[ing the other side].' *Chambers*, 501 U.S. at 56-57."); *Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JTM-GEB, 2017 U.S. Dist. LEXIS 101926, at *63 (D. Kansas June 30, 2017) ("the inherent power extends to a full range of litigation abuses.").

As such, the MineOne Defendants request, that pursuant to Local Rule 84.1(b) and the Court's inherent powers, the Court award the MineOne Defendants' their attorneys' fees and costs in bringing this motion. Should the Court award the MineOne Defendants their attorneys' fees and costs (which the Court should), within 10 days of the Court's decision on this Motion, the MineOne Defendants are prepared to submit an affidavit to the Court documenting in full their attorneys' fees and costs in connection with having to bring this motion.

Separately, in addition to monetary sanctions, the MineOne Defendants request that BCB's counsel (Patrick Murphy) be subject to discipline by the Court, including open court reprimands, pursuant to Local Civil Rule 84.1(b).

## CONCLUSION

WHEREFORE, the MineOne Defendants respectfully request that this Court enter an Order (1) striking the Affidavits of Michael and Patrick Murphy, dated September 11, 2024 (ECF Nos. 351-1 and 351-2), (2) admonishing BCB's counsel (Patrick Murphy) for his continued misconduct, (3) awarding the MineOne Defendants' attorneys' fees and costs in bringing this *third* motion to strike, and (4) sanctioning BCB's counsel (Patrick Murphy) by subjecting him to discipline by the Court, including open court reprimands, pursuant to Local Civil Rule 84.1(b).

DATED this 12th day of September, 2024

                    DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC AND TERRA CRYPTO INC.

                    By: */s/ Paula K. Colbath*
                    Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
                    Alex Inman, Esq. (Admitted *Pro Hac Vice*)
                    345 Park Avenue
                    New York, NY 10154
                    Telephone: (212) 407-4905
                    Fax: (212) 407-4990

                    HATHAWAY & KUNTZ, LLP
                    Sean Larson Wyo. Bar #7-5112
                    Kari Hartman, Wyo. Bar #8-6507
                    P. O. Box 1208
                    Cheyenne, WY 82003
                    Phone: (307) 634-7723
                    Fax: (307) 634-0985
                    slarson@hkwyolaw.com
                    khartman@hkwyolaw.com

239875607

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of September, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net<br><br>smurray@wpdn.net |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org;<br><br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br><br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

*/s/Paula K. Colbath*
Loeb & Loeb, LLP