# EXHIBIT A



**Ortoli Rosenstadt llp**
366 Madison Avenue, 3rd Floor
New York, New York 10017

ADMITTED: NY, NJ

Telephone: (212) 588-0022
Facsimile: (866) 294-0074
Email: msg@orllp.legal

MARC S. GOTTLIEB
Direct Dial: (212) 829-8943

September 11, 2024

Patrick J. Murphy, Esq.
Williams Porter Day & Neville, P.C.
159 N. Wolcott Street, Suite 400
Casper, Wyoming 82601

    Re:    *BCB Cheyenne, LLC v. Mineone Wyoming Data Center LLC., et al.*
                Case No. 23-CV-79-SWS

Dear Patrick:

Obviously, we are aware of the fact that Plaintiff has settled its claims against Bitmain Technologies Georgia Ltd. and Bitmain Technologies Holding Company (hereinafter, the "Bitmain Defendants" or "Bitmain"). We are also aware that this morning, Judge Johnson entered his order to this effect (Doc. 346). In my discussion with you this afternoon, you confirmed the existence of a formal written settlement agreement between Plaintiff and the Bitmain Defendants. Naturally, because of the overlapping claims, the need for an apportionment of liability (if any is found to exist), and our expectation that Bitmain officials will still be required to testify at our upcoming trial, it is essential that the surviving defendants (BTOG included) be permitted to review the formal terms of Plaintiff's settlement agreement so that we may determine for ourselves how much money, if any, Bitmain has agreed to pay Plaintiff, and whether there was any agreement as to Bitmain's expert witness and/or any other potential witnesses.

When I asked you if you would produce this document to defense counsel, you balked at this notion, claiming that the confidentiality provision contained therein prevents you from disclosing this agreement to us. However, notwithstanding your confidentiality provision, we believe we are entitled to this document and will push to get it, either through your voluntary cooperation, or by asking the Court to permit the remaining defendants to seek this additional and very limited discovery, even if we are forced to secure this material by the issuance of a subpoena. In fact, it is my understanding that Mineone's counsel has or will be issuing a subpoena to Bitmain for this purpose.

Ortoli Rosenstadt llp

Patrick J. Murphy, Esq.
September 11, 2024
Page Two

Before you make a final decision on whether or not to challenge our efforts to secure this agreement, I urge you to review the following cases, all of which support our right to this document:

*White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001);

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *4 (D. Kan. Apr. 27, 2007);

*Bennett v. LaPere*, 112 F.R.D. 136, 140 (D.R.I.1986);

*Kaplan Companies, Inc. v. Peoplesoft USA, Inc.*, No. 1:03CV1014, 2006 WL 8447846, at *1 (M.D.N.C. Mar. 15, 2006);

*Tribune Co. v. Purcigliotti*, No. 93 CIV. 7222(LAP)(THK), 1996 WL 337277 (S.D.N.Y. June 19, 1996);

*Meharg v. I-Flow Corp.,* No. 108CV0184-DFH-TAB, 2009 WL 3032327, at *2–3 (S.D. Ind. Sept. 18, 2009)

*Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148MMC(JCS), 2007 WL 963975, at *2 (N.D. Cal. Mar. 30, 2007)

These are but a few of the cases from around the United States that have upheld the right of a surviving defendant to secure a copy of the settlement agreement between plaintiff and a settling co-defendant, especially in situations where the terms of the settlement are likely to impact the apportionment of liability, if any, between the current and the settled defendants, the amount and apportionment of damages, not to mention how such an agreement might impact the availability of witnesses controlled by the settling parties. After all, the fact that Bitmain settled with your client does not mean Bitmain will not be required to testify at trial. They certainly will.  As the District Court in Kansas stated in *Heartland Surgical Specialty Hosp., supra,* settlement documents should be produced in part because they may reveal a possible bias on the part of the settling defendant – a bias which should be known to the trier of fact.

Ortoli Rosenstadt llp

Patrick J. Murphy, Esq.
September 11, 2024
Page Three

In *Bennett v. LaPere*, 112 F.R.D. 136, 140 (D.R.I.1986), the district court ordered plaintiff to produce to a surviving defendant its settlement documents with a previously named co-defendant based upon the fact that both defendants could have joint liability, and the settlement document could have led to information that would have offset the liability of the non-settling defendant. *Id.* at 138. The Court pointed out that any settlement agreement between Plaintiff and the settling defendant would allow the surviving defendant to enter into settlement negotiations with plaintiff, or formulate a litigation strategy without speculating as to whether its potential liability has been partially satisfied. As the Court so aptly noted, this level of certainty is important because "the remaining defendant should not be left to grope blindly in the dark." *Id.* at 141.

In *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001), the District Court sitting in Illinois analogized requests for settlement agreements to the disclosure of insurance coverage required by FRCP 26(a)(1)(D) which provides for mandatory initial disclosure of insurance that may satisfy all or part of a judgment.

I remind you that Rule 26 of the Federal Rules of Civil Procedure permits discovery "regarding any matter, not privileged, that is relevant to a claim or defense of any party…. " Certainly, your agreement under our current circumstances falls squarely in this category.

To the extent you may try to rely upon the legal theory that settlement agreements in and of themselves are not admissible at trial, I remind you that the standard for whether a document may be admissible or not has no bearing on whether that document may be discoverable or not. In our case, Plaintiff's settlement agreement is both relevant to the issues in this case and we believe admissible at trial. To be clear, neither Rules 408 nor 501 of the Federal Rules of Evidence creates a federal settlement privilege. *See, Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148MMC(JCS), 2007 WL 963975, at *2 (N.D. Cal. Mar. 30, 2007).

Since there has already been more than enough motion practice in this litigation, we would very much like to avoid having to further burden the Court with what should be a simple request. Toward that end, please consider this letter, coupled with my earlier call today, as my effort to meet and confer with you on this request.

**Ortoli Rosenstadt llp**

Patrick J. Murphy, Esq.
September 11, 2024
Page Four

To the extent this eases your concerns, as a condition to your providing us with this document, on behalf of my clients, I am happy to discuss the terms of a confidentiality agreement which would prevent us from using this agreement for any matters outside of the current dispute and/or showing this agreement to anyone outside of our agreement. Perhaps this will grease the wheels a bit.

Let me know where things stand on this so we may respond accordingly. Thank you, Patrick.

Very truly yours,

Marc S. Gottlieb
*Attorney for Defendants Bit Origin and SonicHash*

cc: All counsel of record (via email only)