**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } } } | |
| Defendants. | } | |

### *MEMORANDUM IN SUPPORT OF BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION TO QUASH RULE 45 SUBPOENA AND FOR SANCTIONS AGAINST THE MINEONE DEFENDANTS*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Bitmain Technologies Georgia Limited ("Bitmain Georgia") hereby moves this Court for an Order to Quash Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto, Inc.'s (collectively, the "MineOne Defendants") Rule 45 subpoena served on Bitmain Georgia on September 12, 2024 (the "Subpoena"), and to impose sanctions on the MineOne Defendants. *See* Ex. 1.[1]

On September 12, 2024, two days after Bitmain Georgia and BCB Cheyenne LLC ("BCB") notified the Court of their settlement agreement, and just one day after the Court dismissed Bitmain Georgia from the case with prejudice, the MineOne Defendants served a sweeping Rule 45 subpoena on Bitmain Georgia seeking a 30(b)(6) deposition on *fifteen* topics, as well as documents responsive to *seventeen* document requests—all with a compliance deadline just *four* days (two business days) after service. The Subpoena violates Federal Rule of Civil Procedure 45, this Court's local rules, and the discovery cut-off date in this case and must be quashed.

A glaring deficiency of the Subpoena is that it fails to allow a reasonable time for Bitmain Georgia to comply. Despite seeking a 30(b)(6) deposition on fifteen topics and documents in response to seventeen requests, the MineOne Defendants give Bitmain Georgia only *four* days to comply. This is an egregious violation of Rule 45's "reasonable notice" requirement and requires the Court, by rule, to quash (or modify) the subpoena under Rule 45(d)(3)(A)(i). Additionally, the Court must quash the Subpoena for the independent reason that it violates Rule 45(c)'s geographical limitations. As the MineOne Defendants know, no Bitmain Georgia witness who could testify on the Subpoena's topics resides, is employed, or regularly transacts business within Georgia or within 100 miles of Atlanta, Georgia (the Subpoena's place of compliance) or anywhere

---

[1] Citations to "Ex. __" are to the exhibits to the Declaration of Marc Feinstein in support of this Motion.

in Wyoming (where the Subpoena was issued), as Rule 45(c) requires. The Subpoena is also improper because it seeks privileged communications between Bitmain Georgia's attorneys and its expert, as well as confidential settlement communications between Bitmain Georgia and BCB. Moreover, the Subpoena's overbroad, irrelevant, and inflammatory deposition topics and document requests subject Bitmain Georgia to an undue burden, which is yet another basis for the Court to quash the Subpoena. The clearly improper and abusive nature of the Subpoena also warrant sanctions under Rule 45(d)(1) against the MineOne Defendants.

Bitmain Georgia respectfully requests that the Court exercise its authority under Federal Rule of Civil Procedure 45(d) to quash the Subpoena in its entirety and impose appropriate sanctions against the MineOne Defendants by requiring them to reimburse Bitmain Georgia for its reasonable attorney's fees and costs expended responding to the Subpoena.

## I. RELEVANT FACTS

From August 6 to 8, 2024, in an effort to resolve what has been a heavily litigated case, the parties attended mediation before the Honorable Judge Mark Carman. While the parties were unsuccessful at the end of those three days, Bitmain Georgia and BCB continued their settlement negotiations and ultimately executed a settlement agreement. *See* ECF No. 343. On September 10, 2024, Bitmain Georgia and BCB filed a stipulation for dismissal with prejudice, and Bitmain Georgia withdrew its designation of John Kenyon Hayward as its expert witness. ECF Nos. 341, 343. The next day, on September 11, 2024, the Court entered an order dismissing BCB's claims against the Bitmain defendants with prejudice. ECF No. 346.

On Thursday, September 12, 2024, just one day after Bitmain Georgia's dismissal, the MineOne Defendants sought to drag Bitmain Georgia back into the case by serving it with a Rule

LAW OFFICES
P.O. BOX 1083
CHEYENNE, WYOMING 82003-1083

– 2 –

45 subpoena. Ex. 1. The Subpoena purports to require Bitmain Georgia to prepare for and attend a 30(b)(6) deposition covering fifteen topics and produce documents responsive to seventeen document requests just four days after service, at 10:00 a.m. ET on Monday, September 16, 2024, in Atlanta, Georgia. *Id.* The Subpoena's deposition topics touch on a wide range of subjects that are plainly outside the scope of proper discovery under Rule 45, including the confidential "facts and circumstances concerning the settlement" and Bitmain Georgia's privileged communications with its former expert. *Id.* The Subpoena's document requests are similarly improper and overbroad, including a request for "all" of Bitmain Georgia's internal communications on numerous irrelevant subjects. *Id.* The MineOne Defendants also seek documents on other subjects wholly irrelevant to the case with the apparent intent to harass and intimidate Bitmain Georgia, such as documents regarding whether any Bitmain Georgia employee is a member of the Chinese Communist Party. *Id.*

The MineOne Defendants are apparently using the Subpoena to retaliate against Bitmain Georgia for withdrawing Mr. Hayward as an expert witness and to pressure Bitmain Georgia to allow Mr. Hayward to serve as an expert witness, even though only Bitmain Georgia and its counsel engaged Mr. Hayward, and Bitmain Georgia's agreement to withdraw him is a material part of its settlement with BCB. Such discovery abuse is sanctionable.

Accordingly, the MineOne Defendants' Subpoena is defective and must be quashed, and Bitmain Georgia should be awarded sanctions against the MineOne Defendants.

## II.    ARGUMENT

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Under Rule 45(d)(3)(A), a court is required to quash or modify a subpoena on a timely motion if it (1) "fails

to allow a reasonable time to comply"; (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  The Subpoena violates all of these requirements and therefore must be quashed.  *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015) (noting that the requirements of Rule 45 are "made to be 'technical,'" and require specific compliance with terms of the Rule).

### A.   The Subpoena Fails to Allow Reasonable Time to Comply.

Despite seeking 30(b)(6) deposition testimony from Bitmain Georgia on fifteen topics, and documents responsive to seventeen requests, the MineOne Defendants gave Bitmain Georgia only four days to comply.  Ex. 1.  Such short notice is unreasonable given the sheer number and the broad scope of the deposition topics and documents requests.  It would take months collect, review, and produce the requested documents and prepare one or more witnesses on the Subpoena's many deposition topics.

The Subpoena also violates Wyoming Local Rule 30.1(a), which requires the issuing party to provide "reasonable notice" for depositions.  The bare minimum notice required under Local Rule 30.1(a) is fourteen days.  Local Rule 30.1(a).  Other courts similarly find that a minimum fourteen-day period is reasonable where a subpoena seeks deposition testimony.  *See Bergeron v. Great W. Cas. Co.*, 2015 WL 5307685, at *3 (E.D. La. Sept. 10, 2015) (quashing subpoena and noting that "it is settled that any timeframe less than 14 days is likely unreasonable"); *City of Baton Rouge/Par. of E. Baton Rouge Dep't of Fin. v. Centroplex Ctr. Convention Hotel, LLC*, 2022 WL 17682645, at *2 (M.D. La. Dec. 14, 2022) (quashing Rule 45 subpoenas that gave non-parties only twelve days to prepare for a Rule 30(b)(6) deposition).

The MineOne Defendants further failed to provide reasonable time for Bitmain Georgia to produce documents responsive to the Subpoena's seventeen document requests. Federal Rule of Civil Procedure 34 provides a timing benchmark of thirty days for parties to respond to requests for production of documents. Fed. R. Civ. P. 34(b)(2)(A). This thirty-day period is not necessarily to *produce* documents, but rather to provide written responses and objections. *See id.* The standard practice is then to allow the responding party additional time to collect, review, and produce responsive, nonprivileged documents. Disregarding the requirement to specify a reasonable time to respond in the Subpoena, the MineOne Defendants instead seek to require Bitmain Georgia to produce a sweepingly broad set of materials—including, "*All* of Bitmain's internal Communications" on numerous subjects—within just four days. This is unreasonable on its face. But it is also unreasonable in the context of Rule 34's thirty-day response period, which courts often impute to Rule 45. *See, e.g.*, *BNSF Ry. Co. ex rel. United States v. Ctr. for Asbestos Related Disease, Inc.*, 2022 WL 1442854, at *5 (D. Mont. May 6, 2022) (quashing subpoena and sanctioning party for requesting documents within ten days; "[u]nder Rule 34, a party is generally afforded 30 days to produce documents, no matter how small or non-complex the request"); *Peoples v. Wichita State Univ.*, 2019 WL 1332313, at *4 (D. Kan. Mar. 25, 2019) (quashing Rule 45 subpoena that required production of documents within fourteen days: "If Plaintiff were to request documents via the normal discovery procedure, Defendant would have 30 days to respond.").

The Subpoena's document demand is also untimely under the operative scheduling order. Judge Johnson's Scheduling Order is clear that the deadline to complete all discovery is September 17, 2024. ECF No. 164. And the Order explicitly states that "[w]ritten discovery requests are not

timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline." *Id.* Here, the Subpoena was served on September 12, 2024, which, under the thirty-day rule, would make Bitmain Georgia's deadline to respond, at the earliest, October 14, 2024, *see supra* p. 5, well after the September 17 deadline.

In addition, the Subpoena's deposition notice is unreasonable under Judge Johnson's Scheduling Order. As discussed above, Wyoming Local Rule 30.1(a) required the MineOne Defendants to give Bitmain Georgia *at least* fourteen days' notice of any deposition, and case law echoes this standard. *See supra* p. 4. Fourteen days from September 12, 2024, is September 26, 2024, meaning that Bitmain Georgia would not have to produce a witness until September 26 at the earliest. Thus, the Subpoena's deposition request seeking a 30(b)(6) deposition by September 16, like the Subpoena's document requests, falls outside of the discovery period and is untimely.[2]

### B. The Subpoena Violates Rule 45(c)'s Geographical Limits.

Rule 45(c) outlines the geographical limitations on the Court's subpoena power, providing that the subpoena can only require that a person travel either within 100 miles of or within the same state where they reside, are employed, or regularly transact business in person. Fed. R. Civ. P. 45(c)(1). Here, the MineOne Defendants' Subpoena does not identify a specific person as its

---

[2] Judge Hambrick's September 9, 2024 Order extending the deadline for depositions to September 30, 2024, ECF No. 339, does not cure the Subpoena's violation of Judge Johnson's Scheduling Order with respect to the deposition demand. Prior to the September 9, 2024 informal discovery conference, Judge Hambrick required the parties to exchange lists of individuals they wanted to depose. Ex. 5. The MineOne Defendants did not disclose a Bitmain Georgia 30(b)(6) witness or any other Bitmain Georgia employee. *See* Ex. 2. When Judge Hambrick extended the deposition deadline, ECF No. 339, that extension was to allow additional time for the parties to depose the individuals and entities they had listed in correspondence leading up to the September 9, 2024 informal discovery conference. In extending the deadline for taking depositions, Judge Hambrick did not invite the parties to add to their deponent list. *See id.*

subject and is directed to Bitmain Georgia, a citizen of the State of Georgia, and seeks a deposition in Atlanta, Georgia.

As the MineOne Defendants know, any potential witness who could testify on Bitmain Georgia's behalf regarding the Subpoena's topics is located in the People's Republic of China, and thus does not reside, is not employed, and does not regularly transact business in person within 100 miles of Atlanta, Georgia or within the state of Georgia. *See* Ex. 4. Courts routinely hold that non-party subpoenas violate Rule 45's geographical limitations where, as here, "none of the employees who have knowledge of the topics designation in the subpoena reside or work" within Rule 45's geographical scope. *Hanwha Q Cells USA Corp. v. FCX Solar, LLC*, 2022 WL 2788442, at *2 (D. Nev. July 15, 2022) (quashing Rule 45 deposition subpoena against non-party because none of its employees who have knowledge of the designated topics reside or work within 100 miles of the designated place of deposition); *see also W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 181088, at *2 (D. Del. Jan. 19, 2010) (quashing subpoena issued to non-party whose employees worked over 100 miles from the district). This makes sense: "A contrary rule would render Rule 45(c)'s protections meaningless in the context of Rule 30(b)(6) witnesses." *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 240 (D.D.C. 2013) (quashing Rule 45 deposition subpoena).

The Court must quash the MineOne Defendants' Subpoena for this reason alone. Fed. R. Civ. P. 45(d)(3)(A)(ii).

## C.   The Subpoena Improperly Seeks Privileged and Other Protected Material.

The Subpoena also improperly seeks privileged and other protected information in violation of Rule 45(d)(3)(A)(iii). As a general rule, communications between a party's attorney

and its expert witness are privileged. Fed. R. Civ. P. 26(b)(4)(C); *Republic of Ecuador v. Bjorkman*, 2012 WL 12755, at *4 (D. Colo. Jan. 4, 2012), *aff'd sub nom. Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179 (10th Cir. 2013). Additionally, settlement communications are inadmissible, *see* Fed. R. Evid. 408, and often held to be non-discoverable and irrelevant to the issues in the case, *e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-81 (6th Cir. 2003) (holding that settlement communications were privileged, non-discoverable, and irrelevant in any event). The MineOne Defendants ignore these widely-held principles and seek both attorney communications with the expert, and settlement communications, in the Subpoena. This is yet another reason for the Court to quash the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii); *Sines v. Darling Ingredients, Inc.*, 2022 WL 1554824, at *21 (D.N.M. May 17, 2022) (quashing subpoena of a party's expert); *In re Auto. Parts Antitrust Litig.*, 2017 WL 11535873, at *3-4 (E.D. Mich. June 19, 2017) (prohibiting discovery of settlement communications).

    **D.**    **The Subpoena Places an Undue Burden on Bitmain Georgia.**

The Court is required to quash (or, when appropriate, modify) a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Whether a subpoena subjects a witness to undue burden depends on the reasonableness of the subpoena, including weighing the benefits and burdens and considering whether the information is necessary or available from another source. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). Further, courts recognize that "nonparties enjoy considerable protection from discovery requests" and routinely "refuse discovery requests aimed at nonparties in cases where the same testimony or documents could instead be obtained from a party to the action.'" *McKinney v.*

*Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *5 (D. Wyo. Aug. 24, 2021) (quoting *Simon v. Taylor*, 2014 WL 6633917, at *21 (D.N.M. Nov. 18, 2014)); *see also* Fed. R. Civ. P. 45(d)(1).

Here, the Subpoena subjects Bitmain Georgia to an undue burden. Bitmain Georgia has stated its numerous objections to the Subpoena in its responses and objections, *see* Ex. 3, notably that the Subpoena is overbroad, seeks irrelevant, inflammatory information that is disproportionate to the needs of the case, and seeks to impose an unreasonable deadline for compliance. As the responses and objections demonstrate, Bitmain Georgia's burden in complying with the Subpoena vastly outweighs any arguable benefit to the MineOne Defendants. *See id.*

By way of example, the Subpoena seeks testimony and documents about Bitmain Georgia's communications with the MineOne Defendants and concerning financial transactions between Bitmain Georgia and the MineOne Defendants. Ex. 1. This information is easily obtainable from the MineOne Defendants themselves and thus is improper to seek from Bitmain Georgia, a nonparty to the action. *McKinney*, 2021 WL 7252981, at *5. Moreover, the MineOne Defendants seek testimony and documents concerning Bitmain Georgia's shipment and delivery of mining computers, whether any Bitmain Georgia employee is a member of the Chinese Communist Party, and any insurance policy that covers the claims. *See* Ex. 1. These facts have absolutely no bearing on the issues in this case—which centers around a dispute over a contract solely between BCB and the MineOne Defendants—and are meant only to harass Bitmain Georgia.[3] *Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327, 1345 (D. Colo. 2015).

---

[3] Underscoring the impropriety of the Subpoena is the fact that, when the MineOne Defendants had the opportunity to list all depositions they wanted to take in response to Judge Hambrick's request, Ex. 5, the MineOne Defendants did not identify a Bitmain Georgia 30(b)(6) witness, despite their list containing *fourteen* deponents, Ex. 2. It was not until Bitmain Georgia was dismissed from the case and withdrew its expert witness that the MineOne Defendants sought to depose a 30(b)(6) witness from Bitmain Georgia.

### E. Sanctions Are Warranted Against the MineOne Defendants.

Rule 45(d)(1) lays out a clear mandate that courts "must enforce" the duty of a party and attorney to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* Where a party or attorney "fails to comply" with this standard, Rule 45(d)(1) instructs courts to "impose an appropriate sanction," including reasonable attorney's fees. *Id.*

As discussed in Section D, *see supra*, and as demonstrated by Bitmain Georgia's responses and objections, Ex. 3, the MineOne Defendants have failed to comply with this standard. The Subpoena violates Rule 45, this Court's local rules, and the discovery cut-off date in this case; demands compliance in a patently insufficient amount of time; and contains clearly overbroad, irrelevant, and inflammatory document requests and deposition topics, with the apparent aim of harassing Bitmain Georgia as a result of its settlement with BCB. Accordingly, sanctions are warranted in the form of reimbursement of Bitmain Georgia's reasonable attorney's fees expended responding to the Subpoena. *E.g.*, *Ctr. for Asbestos Related Disease*, 2022 WL 1442854 at *5 (sanctioning issuing party and awarding subpoenaed entity reasonable attorney's fees incurred quashing subpoena requiring response deadline of ten days).

### III. CONCLUSION

For all of the reasons set forth above, Bitmain Georgia respectfully requests that the Court grant its Motion to Quash the MineOne Defendants' Subpoena to Appear and Testify at a Deposition in a Civil Action, impose an appropriate sanction on the MineOne Defendants, and grant any other relief to which Bitmain Georgia may be entitled.

Dated:  15 September 2024.

        BITMAIN TECHNOLOGIES GEORGIA LIMITED


    BY:  s/Khale J. Lenhart
        **KHALE J. LENHART, #7-4693**
        **TYSON R. WOODFORD, #8-6650**
        OF HIRST APPLEGATE, LLP
        Attorneys for Bitmain Technologies Georgia Limited
        P.O. Box 1083
        Cheyenne, WY 82003-1083
        Phone: (307) 632-0541
        Fax: (307) 632-4999
        klenhart@hirstapplegate.com
        twoodford@hirstapplegate.com

## CERTIFICATE OF SERVICE

I certify the foregoing **Memorandum in Support of Bitmain Technologies Georgia Limited's Motion to Quash Rule 45 Subpoena and For Sanctions Against the MineOne Defendants** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 15 September 2024, and that copies were served as follows:

| | |
|---|---|
| Patrick J. Murphy, #5-1779<br>Scott C. Murray, #7-4896<br>Williams, Porter, Day & Neville, P.C.<br>159 North Wolcott, Suite 400<br>P. O. Box 10700<br>Casper, WY 82602-3902<br>pmurphy@wpdn.net<br>smurray@wpdn.net<br>*Attorneys for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Sean M. Larson, #7-5112<br>Kari Ann Hartman, #8-6507<br>Hathaway & Kunz, LLP<br>P. O. Box 1208<br>Cheyenne, WY 82003-1208<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com<br>*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Loeb & Loeb, LLP<br>345 Park Avenue<br>New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Marc Gottlieb, *Pro Hac Vice*<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Fl.<br>New York, NY 10022-5616<br>msg@orllp.legal<br>*Attorneys for Defendants Bit Origin Ltd and SonicHash LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

s/Norma J. Hubka
_____
OF HIRST APPLEGATE, LLP
Attorneys for Bitmain Technologies Georgia Limited

– 13 –