**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

### *DECLARATION OF MARC FEINSTEIN IN SUPPORT OF BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION TO QUASH RULE 45 SUBPOENA AND FOR SANCTIONS AGAINST THE MINEONE DEFENDANTS*

I, Marc Feinstein, declare as follows:

1.      I am a partner of the law firm O'Melveny & Myers LLP, attorneys for Bitmain Technologies Georgia Limited ("Bitmain Georgia").  I submit this declaration in support of Bitmain Georgia's Motion to Quash Rule 45 Subpoena and for Sanctions Against the MineOne Defendants.  I have personal knowledge of the facts set forth herein, and if called upon to do so could competently testify thereto.

2.      Attached as Exhibit 1 is a true and correct copy of Defendants MineOne Wyoming Data Center, LLC, MineOne Partners LLC, and Terra Crypto, Inc.'s Subpoena To Testify At a Deposition In a Civil Action served on Bitmain Georgia on September 12, 2024.  I refer to those defendants herein as the "MineOne Defendants."

3.      Attached as Exhibit 2 is a true and correct copy of a letter dated September 4, 2024, from the MineOne Defendants' counsel Paula Colbath, subject "RE: *BCB Cheyenne LLC v. MineOne et. al.*; Civil No. 23-CV-79-ABJ Updated Deposition Scheduling," describing, in response to Magistrate Judge Hambrick's request, a list of persons or entities that the MineOne Defendants intend to depose.

4.      Attached as Exhibit 3 is a true and correct copy of Bitmain Georgia's Responses and Objections to the MineOne Defendants' Subpoena To Testify At a Deposition In a Civil Action, served on the MineOne Defendants on September 15, 2024.

5.      Attached as Exhibit 4 is a true and correct copy of Bitmain Georgia's Rule 26(a)(1) Initial Disclosures, served on February 13, 2024.

6.      Attached as Exhibit 5 is a true and correct copy of an email dated September 3, 2024, from Magistrate Judge Hambrick's law clerk Benjamin J. Kelly, subject "BCB v. MineOne et al. (23-CV-79) -- Informal Discovery Conference," requesting each party to provide a list of individuals it wants to depose to all other parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 15th day of September 2024 at Los Angeles, California.

_/s/ Marc Feinstein_____
Marc Feinstein

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Bitmain Technologies Georgia Limited c/o Cogency Global Inc.
              900 Old Roswell Lakes Parkway, Ste. 310, Atlanta, GA 30076
              *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
          SEE ATTACHED SCHEDULE A

| Place:      TransPerfect<br>            1170 Peachtree St. NE, 5th Fl, Atlanta GA 30309 | Date and Time:<br>            09/16/2024 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
          SEE ATTACHED SCHEDULE A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/11/2024

             CLERK OF COURT

                                                          OR

                                                                    Paula K. Colbath
_____                    _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  MineOne Wyoming
Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc.                            , who issues or requests this subpoena, are:
Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

## DEFINITIONS AND INSTRUCTIONS FOR DEPOSITION TOPICS AND THE

## PRODUCTION OF DOCUMENTS

1.      The term "Bitmain," "You," or "Your" shall mean Bitmain Technologies Georgia Limited, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees, agents, and attorneys, including, without limitation, Marc Feinstein, Esq., William K. Pao, Esq., David Iden, Esq., Kaitlyn Farrell, Esq., Daniel Hirsch, Esq., Sherin Parikh, Esq., Kate Stutz, Esq., Khale J. Lenhart, Esq., and Tyson R. Woodford, Esq.

2.      The term "BTHC" shall mean Bitmain Technologies Holding Company, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

3.      The term "Plaintiff," or "BCB," shall mean Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, and any of its present or former predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

4.      The term "MineOne Wyoming" shall mean Defendant MineOne Wyoming Data Center, LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

5.      The term "MineOne Defendants" shall mean, individually and collectively, MineOne Wyoming, Defendant MineOne Partners LLC, Defendant Terra Crypto Inc., and each of their officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

6.      The term "JWJ" shall mean JWJ LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

7.      The term "CFIUS" shall mean the Committee on Foreign Investment in the United States, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

8.      The term "Action" shall mean the above-captioned civil action.

9.      The term "DHS Agreement" shall mean the Development, Hosting & Services Agreement, effective as of June 9, 2022, between MineOne Wyoming and BCB.

10.     The term "CSA" shall mean the Consultancy Services Agreement, effective as of June 9, 2022, between Terra Crypto and BCB.

11.     The term "OMA" shall mean the Operation and Maintenance Service Framework Agreement between MineOne Wyoming and Bitmain.

12.     The term "SFA" shall mean the Service Framework Agreement between MineOne Wyoming and Bitmain.

13.     The term "Facilities" shall mean, individually and collectively, (i) the cryptocurrency mining facility located in the North Range Business Park in Cheyenne, Wyoming; (ii) the planned cryptocurrency mining facility located in the Campstool Addition in Cheyenne, Wyoming; and (iii) and any other digital currency mining facility added by mutual agreement between the Parties pursuant to the terms of the DHS Agreement.

14.     "Communication" means all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

15.    "Document" and "documents" include but are not limited to "documents," "electronically stored information" and "tangible things," as those terms are used in Federal Rule of Civil Procedure Rule 34(a), and "writings," "recordings" and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and include, without limitation, e-mails, text messages, letters, notes (whether handwritten or otherwise), memoranda, post-its, buck slips, receipts, contracts, letter agreements, journals, logs, drafts and other writings by which letters, words, numbers or images, or their equivalent, are set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, still photographs, video tapes, digital recordings and motion pictures, publications, pamphlets, promotional materials, charts, graphs, ledgers, telegrams, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, desk calendars, diaries, appointment books, and all means by which information can be stored by way of video or audio, tape, microfilm, microfiche, computers, hard disks, floppy disks, compact disks, and other similar means.  Any drafts or non-identical copies constitute separate documents, including any English translations of foreign-language documents.

16.    "Concerning" means in any way relating to, referring to, describing, comprising, consisting of, evidencing or constituting.

17.    The terms "person" and "persons" refer to natural persons or any business, legal, or governmental entities or associations, including without limitation, corporations, partnerships, limited partnerships, limited liability companies, joint ventures, or franchises.

18.    A reference to an entity (as opposed to a natural person) refers to the entity and to all persons employed by or affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, and employees.

19.     The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these discovery requests any information that might otherwise be construed to be outside its scope.

20.     The terms "each," "any" and "all" shall be construed interchangeably so as to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

21.     In responding to the following requests for documents, You are required to furnish all documents in Your possession, custody or control, regardless of whether such documents are in Your possession, or the possession of Your directors, officers, members, partners, designees, agents, managers, employees, representatives, attorneys, or any other person or entities acting on Your behalf or subject to Your control.

22.     Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

23.     All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

24.     Subject to Paragraph 24 of these Instructions, You are instructed to produce documents either as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with each of these requests.  In producing documents, all documents that are physically or electronically attached (e.g., email attachments) to each other when located for production shall be left so attached.  Documents that are segregated or separated

from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.

25.    All electronically stored information responsive to a request shall be produced in black and white, single-page TIFF or color JPEG format, as applicable, and in native format. All corresponding metadata shall be produced in a load file compatible with Relativity; provided, however, that where such conversion would alter the information or render it impracticable to review, electronically stored information shall be produced in native format.

26.    If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the document or portion thereof, including any claim of privilege or protection, in sufficient detail to permit the Court to adjudicate the validity of Your withholding the document, and identify each document or portion thereof so withheld by providing at least the following information:

        a)    the type of document (e.g., memorandum, letter, report, etc.);

        b)    the date, title, and subject matter of the document;

        c)    the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document; and

        d)    a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

27.    If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked with the word "REDACTED," and the rest of the document shall be produced.

28.    If a portion of an otherwise responsive document contains information that You contend is not relevant but that is not subject to a claim of privilege, the entire document shall be produced.

29.    If no documents exist that are responsive to a particular request, You shall state so in writing.  If any document requested is not in Your possession, custody or control, state the name and address of each person known to have possession, custody or control of such document.

30.    If You object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that You are not objecting to it.

31.    With respect to any responsive document that was formerly in Your possession, custody or control and has been lost, destroyed or transferred out of Your possession, custody or control, identify such document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subject matter, nature (*e.g.*, memorandum, letter, report, etc.), actual or approximate date on which the document was lost, destroyed or transferred, and, if destroyed, the conditions of and reasons for such destruction, and the names of the person authorizing and performing the destruction.

32.    These document requests are continuing.  If, at any time after service of Your responses hereto, You obtain or become aware of additional information or documents that are responsive to these document requests, You shall promptly serve upon the undersigned supplemental document productions.

33.    The MineOne Defendants reserve the right to serve additional requests for the production of documents.

34.     If You have in Your possession, custody or control any English language translations of any non-English language documents that are responsive to any of these requests, You shall produce the English translations of said documents.

35.     Unless otherwise specified, these requests concern the period from January 1, 2021 to the present.

## TESTIMONY IS SOUGHT AS TO THE FOLLOWING MATTERS

1.      The facts and circumstances concerning the settlement of all claims asserted by BCB against Bitmain in this Action, including, without limitation, all settlement discussions between BCB and Bitmain and terms of the settlement referenced in that certain MOTION to Dismiss Party Bitmain Technologies Georgia Limited with Prejudice (ECF No. 343).

2.      The facts and circumstances concerning any distributions, payments, investments, loans, gifts, exchanges, promises or any other items of consideration made between BCB, on the one hand, and Bitmain, on the other hand.

3.      The facts and circumstances concerning all agreements (including any drafts) between BCB, on the one hand, and Bitmain, on the other hand, and all Communications concerning such agreements.

4.      Bitmain's Communications concerning BCB including, without limitation, Communications concerning BCB's performance as project manager of the Facilities, construction quality, timelines, delays, cost overruns, or any other topic relating to the energization and construction of the Facilities, and the hosting of Bitmain's Hosting Units.

5.      Bitmain's Communications with any of the MineOne Defendants Concerning the progress of construction of the Facilities, and cost overruns relating to same, and operation and maintenance of the Facilities.

6.     Communications between Bitmain, on the one hand, and the United States Government, on the other hand, including, without limitation, all Communications between Bitmain and CFIUS concerning (among other things) the Hosting Units covered by the SFA.

7.     The facts and circumstances concerning Bitmain's shipping and delivery of mining computers to the Facilities.

8.     Bitmain's share of the Bitcoin mining computer market since January 1, 2021.

9.     The legal and ownership relationship between Bitmain and Bitmain Technologies Holding Company.

10.     Bitmain's search for and collection of documents and information in this Action.

11.     All documents produced by Bitmain in this Action.

12.     The facts and circumstances concerning the negotiation and performance of contracts between Bitmain and any of the MineOne Defendants, including, without limitation, the SFA.

13.     Communications between Bitmain, on the one hand, and John Kenyon Hayward.

14.     The facts and circumstances concerning all financial transactions between Bitmain and any of the MineOne Defendants.

15.     Any applicable insurance policies covering the claims asserted against Bitmain at any time in this Action.

## **REQUESTS FOR PRODUCTION**

1.     All Communications between Bitmain, on the one hand, and BCB, on the other hand, including, without limitation, Communications Concerning (i) mediation of this Action; (ii) settlement of this Action; (iii) expert witnesses in this Action, and (iv) the former Joint Defense Agreement between the MineOne Defendants and Bitmain.

2.      All Documents and Communications concerning any distributions, payments, investments, loans, gifts, exchanges, promises, or any other items of consideration made between BCB, on the one hand, and Bitmain, on the other hand.

3.      All Communications between Bitmain, on the one hand, and John Kenyon Hayward.

4.      All agreements (including any drafts) between BCB, on the one hand, and Bitmain, on the other hand, and all Communications concerning such agreements.

5.      All of Bitmain's internal Communications concerning BCB including, without limitation, Communications concerning BCB's performance as project manager of the Facilities.

6.      All Communications between Bitmain, on the one hand, and any other Person, on the other hand, concerning BCB and/or the Facilities.

7.      All of Bitmain's internal Communications concerning the Facilities.

8.      All of Bitmain's internal Communications regarding the construction quality, timelines, delays, or any other topic relating to the energization and construction of the Facilities.

9.      All Communications between Bitmain, on the one hand, and JWJ, on the other hand.

10.      All Communications between Bitmain, on the one hand, and CFIUS, on the other hand.

11.      All Documents and Communications concerning Bitmain's shipping and delivery of mining computers to the Facilities.

12.      Documents sufficient to show Bitmain's share of the Bitcoin mining computer market since January 1, 2021.

13.      All of Bitmain's internal Communications concerning the SFA.

14.     All of Bitmain's internal Communications concerning the OMA.

15.     Documents sufficient to show the legal and ownership relationship between Bitmain and BTHC.

16.     All Documents showing whether any officer, director, member, principal and/or employee of Bitmain or BTHC is a member of the Chinese Communist Party.

17.     Any applicable insurance policies covering the claims asserted against Bitmain at any time in this Action.

# EXHIBIT 2



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

**Direct**   212.407.4905
**Main**    212.407.4000
**Fax**     212.407.4990
pcolbath@loeb.com

Via Email

September 4, 2024

Patrick Murphy, Esq.
Scott Murray, Esq.
Williams, Porter, Day and Neville, P.C.
159 N Wolcott St., Suite 400
Casper, WY 82601

Marc Feinstein, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Marc S Gottlieb, Esq.
Ortoli Rosenstadt, LLP
366 Madison Avenue, 3rd Floor
New York, NY 10022

Re:   *BCB Cheyenne LLC v. MineOne et. al.*; Civil No. 23-CV-79-ABJ
      ***Updated** Deposition Scheduling*

Dear Counsel:

As you know, we represent Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants"). We write pursuant to Judge Hambrick's September 3, 2024 directive to provide a list of individuals that the MineOne Defendants intend to depose:

1.  Expert Witness Patrick Gahan

2.  Expert Witness J. Kenyon Hayward

3.  Bryce Fincham (BCB is the party that we believe controls this witness)

4.  Barney Patsel & Todd Edwards (by subpoena)[1]

5.  James Quid (BCB) / CMV Global & Bayview Capital (BCB) (if necessary, after deposing Messrs. Fincham, Patsel, and Edwards)

---

[1] The MineOne Defendants plan to sequence the depositions with Mr. Fincham's deposition first and if Messrs. Edwards' and Patsel's deposition testimony would seem duplicative of Fincham's deposition, the MineOne Defendants will withdraw their subpoenas to Messrs. Edwards and Patsel.

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



September 4, 2024
Page 2

6.  Neil Phippen (BCB)

7.  Emory Patterson (BCB)

8.  Steven Randall (BCB)

9.  Sean Murphy (BCB)

10. Tony Simpson (by subpoena)

11. Mark Aldrich / Shermco Industries (by subpoena)

12. Lee Filer / Cryptonite LLC (by subpoena)

13. Joey Darwell / Cryptonite LLC (by subpoena)

14. Leo Wolfson (by subpoena)

15. Tyler Lindholm (by subpoena)

16. Michael Murphy (BCB)

The MineOne Defendants reserve all rights and waive none.

Regards,

Paula K. Colbath
Partner

cc:    All Counsel (via Email)

239707572

# EXHIBIT 3

**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

**MARC FEINSTEIN (pro hac vice)**
**DAVID IDEN (pro hac vice)**
**KATE STUTZ (pro hac vice)**
**DANIEL HIRSCH (pro hac vice)**
O'Melveny & Myers LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com
diden@omm.com
kstutz@omm.com
dhirsch@omm.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Islands company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Islands company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons, and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

### *NON-PARTY BITMAIN TECHNOLOGIES GEORGIA LIMITED'S OBJECTIONS TO MINEONE DEFENDANTS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND PRODUCE DOCUMENTS*

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, non-party Bitmain Technologies Georgia Limited (hereinafter "Bitmain Georgia") hereby objects to the Subpoena to Testify at a Deposition in a Civil Action and Produce Documents, dated September 11, 2024 ("Subpoena"), issued by Defendants MineOne Wyoming Data Center, LLC, MineOne Partners, LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants") and the specific deposition topics ("Topics") and document requests ("Requests") attached therein.  Bitmain Georgia reserves the right to modify, amend, or supplement the objections set forth below.

## PRELIMINARY STATEMENT

1.      Bitmain Georgia is not a party to this litigation and is not required to provide discovery that is available from a party to the litigation.

2.      The fact that Bitmain Georgia has objected to any specific Topic or Request does not indicate that documents or information responsive to that Topic or Request actually exist or ever existed.

3.      By making these objections, Bitmain Georgia does not waive any general or specific objections or privileges it may have.

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated into, the Specific Objections to each and every Topic and Request set forth below.  Nothing in the Specific Objections should be construed as a waiver of any of these General Objections.

1.      Bitmain Georgia objects to the Subpoena on the basis that it does not allow Bitmain Georgia a reasonable time to comply.  The Subpoena—requesting testimony on 15 topics and 17 categories of documents—was personally served on September 12, 2024, and

noticed a date for deposition and document production of September 16, 2024 at 10 A.M. ET, a mere four days later.

2.     Bitmain Georgia objects to the Subpoena on the basis that the MineOne Defendants did not make a good faith effort to schedule [the deposition] in a convenient and cost-effective manner.

3.     Bitmain Georgia objects to the noticed place of deposition and place of document production at TransPerfect, 1170 Peachtree St. NE, 5th Fl, Atlanta GA 30309.

4.     Bitmain Georgia objects to each and every Definition, Instruction, Topic, and Request in the Subpoena to the extent they attempt to impose any obligations on Bitmain Georgia beyond those required by the Federal Rules of Civil Procedure or any other applicable laws or rules.

5.     Bitmain Georgia objects to each and every Topic and Request to the extent they seek information (i) not relevant to the subject matter of this action; (ii) not relevant to any claim or defense in this action; (iii) not proportional to the needs of the case; and (iv) beyond the scope of discovery contemplated by the Federal Rules of Civil Procedure, or any other applicable laws or rules.

6.     Bitmain Georgia objects to each and every Topic and Request to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, or harassing.

7.     Bitmain Georgia objects to each and every Request to the extent they fail to identify the requested documents with reasonably particularity.

8.     Bitmain Georgia objects to each and every Topic to the extent they fail to describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6).

9.      Bitmain Georgia, as a non-party to this litigation, objects to each and every Topic and Request to the extent they seek documents or information that are outside of Bitmain Georgia's possession, custody, or control; that are matters in the public domain and are of no greater burden for the MineOne Defendants to obtain than Bitmain Georgia; are already in the possession, custody, or control of the MineOne Defendants; are equally accessible to the MineOne Defendants; and/or that are otherwise obtainable from another source, including a party to this lawsuit, that is more convenient, less burdensome, or less expensive.

10.     Bitmain Georgia objects to each and every Topic and Request to the extent they seek the disclosure of information and/or production of documents protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest or joint-defense privileges, and/or any other applicable privilege or protection recognized under statute or applicable case law.  Bitmain Georgia does not waive, and hereby asserts and preserves, all such applicable privileges and protections.  Any inadvertent production or disclosure by Bitmain Georgia of any information protected by any applicable privilege or protection shall not constitute a waiver of the privilege or protection.

11.     Bitmain Georgia objects to each and every Topic and Request to the extent they seek disclosure of information that is sensitive, confidential, trade secret, proprietary business information, or within the scope of a confidentiality agreement, employment agreement, protective order or settlement agreement, or would otherwise require the consent of any third party prior to disclosure.

12.     Bitmain Georgia objects to each and every Topic and Request to the extent they seek information or documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

13.     Bitmain Georgia objects to the definition of the terms "Bitmain," "You," and "Your" as overbroad and unduly burdensome in that it includes "officers, managers, managing members, members (whether individual or otherwise), directors, employees, agents, and attorneys, including, without limitation, Marc Feinstein, Esq., William K. Pao, Esq., David Iden, Esq., Kaitlyn Farrell, Esq., Daniel Hirsch, Esq., Sherin Parikh, Esq., Kate Stutz, Esq., Khale J. Lenhart, Esq., and Tyson R. Woodford, Esq."

14.     Bitmain Georgia objects to the definition of the term "BTHC" as overbroad and unduly burdensome in that it includes each of Bitmain Technologies Holding Company's "officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents."

15.     Bitmain Georgia objects to the definition of the term "JWJ" as vague and ambiguous in that it does not reasonably identify the referenced entity.

16.     Bitmain Georgia objects to the definition of the term "Concerning" as vague, ambiguous, overbroad, and unduly burdensome.

17.     Bitmain Georgia objects to Instruction No. 18 as vague, overbroad, and unduly burdensome in that it deems any reference to an entity as also referring to "all persons employed by or affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, and employees."

18.     Bitmain Georgia objects to Instruction No. 21 as vague and unduly burdensome in that it purports to require Bitmain Georgia to furnish all documents responsive to the Requests that are in its possession, custody, or control, "regardless of whether such documents are in Your possession, or the possession of Your directors, officers, members, partners, designees, agents, managers, employees, representatives, attorneys, or any other person or entities acting on Your behalf or subject to Your control."

19.     Bitmain Georgia objects to Instruction No. 33 to the extent it purports to authorize the MineOne Defendants to serve Requests beyond the September 17, 2024 discovery deadline set in the Revised Scheduling Order in the above-captioned action.  ECF No. 164.

20.     Bitmain Georgia objects to Instruction No. 35 on the ground that "the period from January 1, 2021 to the present" is not a reasonably limited time period.

## SPECIFIC OBJECTIONS TO TOPICS

In addition to the foregoing General Objections, which are incorporated in each and every response set forth below, Bitmain Georgia makes the following Specific Objections to the Topics:

**TOPIC NO. 1:**  The facts and circumstances concerning the settlement of all claims asserted by BCB against Bitmain in this Action, including, without limitation, all settlement discussions between BCB and Bitmain and terms of the settlement referenced in that certain MOTION to Dismiss Party Bitmain Technologies Georgia Limited with Prejudice (ECF No. 343).

**RESPONSE TO TOPIC NO. 1:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to

this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 2:** The facts and circumstances concerning any distributions, payments, investments, loans, gifts, exchanges, promises or any other items of consideration made between BCB, on the one hand, and Bitmain, on the other hand.

**RESPONSE TO TOPIC NO. 2:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 3:** The facts and circumstances concerning all agreements (including any drafts) between BCB, on the one hand, and Bitmain, on the other hand, and all Communications concerning such agreements.

**RESPONSE TO TOPIC NO. 3:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to

this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 4:**  Bitmain's Communications concerning BCB including, without limitation, Communications concerning BCB's performance as project manager of the Facilities, construction quality, timelines, delays, cost overruns, or any other topic relating to the energization and construction of the Facilities, and the hosting of Bitmain's Hosting Units.

**RESPONSE TO TOPIC NO. 4:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 5:**  Bitmain's Communications with any of the MineOne Defendants Concerning the progress of construction of the Facilities, and cost overruns relating to same, and operation and maintenance of the Facilities.

**RESPONSE TO TOPIC NO. 5:**  Bitmain Georgia objects to this Topic on the basis that

it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 6:**  Communications between Bitmain, on the one hand, and the United States Government, on the other hand, including, without limitation, all Communications between Bitmain and CFIUS concerning (among other things) the Hosting Units covered by the SFA.

**RESPONSE TO TOPIC NO. 6:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 7:**  The facts and circumstances concerning Bitmain's shipping and delivery of mining computers to the Facilities.

**RESPONSE TO TOPIC NO. 7:**  Bitmain Georgia objects to this Topic on the basis that

it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 8:**  Bitmain's share of the Bitcoin mining computer market since January 1, 2021.

**RESPONSE TO TOPIC NO. 8:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 9:**  The legal and ownership relationship between Bitmain and Bitmain Technologies Holding Company.

**RESPONSE TO TOPIC NO. 9:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the

needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 10:** Bitmain's search for and collection of documents and information in this Action.

**RESPONSE TO TOPIC NO. 10:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 11:** All documents produced by Bitmain in this Action.

**RESPONSE TO TOPIC NO. 11:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the

extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity. Bitmain Georgia further objects to this Topic on the basis that it seeks information obtainable from the MineOne Defendants

**TOPIC NO. 12:** The facts and circumstances concerning the negotiation and performance of contracts between Bitmain and any of the MineOne Defendants, including, without limitation, the SFA.

**RESPONSE TO TOPIC NO. 12:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 13:** Communications between Bitmain, on the one hand, and John Kenyon Hayward.

**RESPONSE TO TOPIC NO. 13:** Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade

secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 14:**  The facts and circumstances concerning all financial transactions between Bitmain and any of the MineOne Defendants.

**RESPONSE TO TOPIC NO. 14:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**TOPIC NO. 15:**  Any applicable insurance policies covering the claims asserted against Bitmain at any time in this Action.

**RESPONSE TO TOPIC NO. 15:**  Bitmain Georgia objects to this Topic on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Topic on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Topic to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-

product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

In addition to the foregoing General Objections, which are incorporated in each and every response set forth below, Bitmain Georgia makes the following specific objections to the Requests:

**REQUEST NO. 1:** All Communications between Bitmain, on the one hand, and BCB, on the other hand, including, without limitation, Communications Concerning (i) mediation of this Action; (ii) settlement of this Action; (iii) expert witnesses in this Action, and (iv) the former Joint Defense Agreement between the MineOne Defendants and Bitmain.

**RESPONSE TO REQUEST NO. 1:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 2:** All Documents and Communications concerning any distributions, payments, investments, loans, gifts, exchanges, promises, or any other items of consideration made between BCB, on the one hand, and Bitmain, on the other hand.

**RESPONSE TO REQUEST NO. 2:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects

to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 3:** All Communications between Bitmain, on the one hand, and John Kenyon Hayward.

**RESPONSE TO REQUEST NO. 3:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 4:** All agreements (including any drafts) between BCB, on the one hand, and Bitmain, on the other hand, and all Communications concerning such agreements.

**RESPONSE TO REQUEST NO. 4:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further

objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 5:** All of Bitmain's internal Communications concerning BCB including, without limitation, Communications concerning BCB's performance as project manager of the Facilities.

**RESPONSE TO REQUEST NO. 5:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information. Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 6:** All Communications between Bitmain, on the one hand, and any other Person, on the other hand, concerning BCB and/or the Facilities.

**RESPONSE TO REQUEST NO. 6:** Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized. Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary

business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 7:**  All of Bitmain's internal Communications concerning the Facilities.

**RESPONSE TO REQUEST NO. 7:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 8:**  All of Bitmain's internal Communications regarding the construction quality, timelines, delays, or any other topic relating to the energization and construction of the Facilities.

**RESPONSE TO REQUEST NO. 8:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine,

and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 9:**  All Communications between Bitmain, on the one hand, and JWJ, on the other hand.

**RESPONSE TO REQUEST NO. 9:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 10:**  All Communications between Bitmain, on the one hand, and CFIUS, on the other hand.

**RESPONSE TO REQUEST NO. 10:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 11:**  All Documents and Communications concerning Bitmain's shipping and delivery of mining computers to the Facilities.

**RESPONSE TO REQUEST NO. 11:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 12:**  Documents sufficient to show Bitmain's share of the Bitcoin mining computer market since January 1, 2021.

**RESPONSE TO REQUEST NO. 12:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 13:**  All of Bitmain's internal Communications concerning the SFA.

**RESPONSE TO REQUEST NO. 13:**  Bitmain Georgia objects to this Request on the

basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 14:**  All of Bitmain's internal Communications concerning the OMA.

**RESPONSE TO REQUEST NO. 14:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case. Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 15:**  Documents sufficient to show the legal and ownership relationship between Bitmain and BTHC.

**RESPONSE TO REQUEST NO. 15:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.

Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 16:**  All Documents showing whether any officer, director, member, principal and/or employee of Bitmain or BTHC is a member of the Chinese Communist Party.

**RESPONSE TO REQUEST NO. 16:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

**REQUEST NO. 17:**  Any applicable insurance policies covering the claims asserted against Bitmain at any time in this Action.

**RESPONSE TO REQUEST NO. 17:**  Bitmain Georgia objects to this Request on the basis that it is vague and ambiguous and not reasonably particularized.  Bitmain Georgia further objects to this Request on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of this case and seeks information that is irrelevant to this case.  Bitmain Georgia further objects to this Request to the extent it seeks sensitive, confidential, trade secret, or proprietary business information.  Bitmain Georgia further objects to this Request to the

extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, restriction, or immunity.

Dated:  15 September 2024

BITMAIN TECHNOLOGIES GEORGIA
LIMITED, Non-Party

By: _____

**MARC FEINSTEIN (pro hac vice)**
**DAVID IDEN (pro hac vice)**
**KATE STUTZ (pro hac vice)**
**DANIEL HIRSCH (pro hac vice)**
O'Melveny & Myers LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com
diden@omm.com
kstutz@omm.com
dhirsch@omm.com

and for

**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
of Hirst Applegate, LLP
Attorneys for Non-Party Bitmain Technologies
Georgia Limited
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

## CERTIFICATE OF SERVICE

I certify the foregoing ***Non-Party Bitmain Technologies Georgia Limited's Objections to MineOne Defendants' Subpoena to Testify at a Deposition in a Civil Action and Produce Documents*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 15 September 2024, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants MineOne, Terra Crypto*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Alex Inman, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
ainman@loeb.com
*Attorneys for Defendants MineOne, Terra Crypto*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Jane M. France, #7-4828
Meggan Hathaway, #7-4856
Sundahl Powers Kapp & Martin LLC
500 W. 18th Street, Suite 200
Cheyenne, WY 82001
jfrance@spkm.org
mhathaway@spkm.org
*Attorneys for Defendants Bit Origin, SonicHash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Marc S. Gottlieb, I, *Pro Hac Vice*
Ortoli Rosenstadt, LLP
366 Madison Avenue, 3rd Floor
New York, NY 10022-5616
msg@orlip.legal
*Attorneys for Defendants Bit Origin, SonicHash*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☒ EMAIL
☐ E-FILE

*/s/ Daniel Hirsch*
of O'Melveny & Myers LLP

Attorneys for Non-Party Bitmain Technologies
Georgia Limited

# EXHIBIT 4

**KHALE J. LENHART, #7-4581**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

**MARC FEINSTEIN (*pro hac vice*)**
**WILLIAM PAO (*pro hac vice*)**
O'Melveny & Myers
400 South Hope Street
Los Angeles, CA 90071-2899
Phone: (213) 430-6000
Fax: (213) 430-6407
mfeinstein@omm.com
wpao@omm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | } } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | Civil No. 23-CV-79J |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | } } } } } } } } } } } } } } } } | |
| Defendants. | } } | |

**_DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES_**

Defendant Bitmain Technologies Georgia Limited (hereinafter "Bitmain Georgia" or "Defendant") provides the following *Initial Rule 26 Disclosures* pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  By disclosing the following individuals and documents, Defendant is not necessarily endorsing them as witnesses who will be called to testify at trial or as trial exhibits and reserves the right to contest the relevance and admissibility of any documents disclosed herein.

Q1.    The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

A1.    The following individuals may have information that Defendant may use to support its defenses.  Defendant may rely on any and all witnesses identified by any other party to this action to establish its defenses. Defendant reserves the right to supplement this disclosure with additional names, addresses, telephone numbers and information that may be obtained as discovery progresses.

1.  **Yiliang Guo**, Bitmain Technologies Inc. (北京比特大陆科技有限公司), Building 1, No. 9, Fenghao East Road, Haidian District, Beijing, China, c/o Hirst Applegate LLP, 1720 Carey Ave, Cheyenne, WY 82001, T: 307-632-0541.

Mr. Guo may have information regarding the signing of, the creation of, the terms of, and the intent of the Service Framework Agreement between MineOne Wyoming Data Center LLC and BITMAIN TECHNOLOGIES GEORGIA LIMITED. Mr. Guo may have information regarding the discussions, representations, and communications between MineOne Wyoming Data Center

LLC and BITMAIN TECHNOLOGIES GEORGIA LIMITED regarding the

Service Framework Agreement.

Q2.    A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

A2.    The following documents, data compilations and tangible things may be used by Defendant to support its defenses; however, Defendant reserves the right to object to the admissibility of all documents produced. Defendant is currently attempting to identify and locate other documents relating to this incident. Defendant may also rely on any and all documents produced by any other party to this action to establish its defenses.

1.    Documents and communications by or between Defendant and MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc., Bit Origin Ltd., and/or SonichHash LLC that demonstrate that Bitmain Georgia did not have knowledge of Plaintiff's contracts.

2.    Documents and communications by or between Defendant and MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc., Bit Origin Ltd., and/or SonichHash LLC that demonstrate that Bitmain Georgia did not intentionally interfere with Plaintiff's contracts.

3.    Documents and communications showing that MineOne Wyoming Data Center LLC and Terra Crypto Inc. did not breach their contracts with Plaintiff.

Q3.    A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

A3.    Not applicable.

Q4.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

A4.     Will supplement if any applicable policies are identified.

Dated:  13 February 2024.

BITMAIN TECHNOLOGIES GEORGIA LIMITED, Defendant


BY: s/Khale J. Lenhart
       **KHALE J. LENHART, #7-4581**
       **TYSON R. WOODFORD, #8-6650**
       OF HIRST APPLEGATE, LLP
       Attorneys for Defendant Bitmain Georgia
       P. O. Box 1083
       Cheyenne, WY 82003-1083
       Phone: (307) 632-0541
       Fax: (307) 632-4999
       klenhart@hirstapplegate.com
       twoodford@hirstapplegate.com

          and for

       **MARC FEINSTEIN (*pro hac vice*)**
       **WILLIAM PAO (*pro hac vice*)**
       O'Melveny & Myers
       400 South Hope Street
       Los Angeles, CA 90071-2899
       Phone: (213) 430-6000
       Fax: (213) 430-6407
       mfeinstein@omm.com
       wpao@omm.com

*CERTIFICATE OF SERVICE*

I certify the foregoing ***Defendant's Rule 26(a)(1) Initial Disclosures*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 13 February 2024, and that copies were served as follows:

Patrick J. Murphy, #5-1779
Scott C. Murray, #7-4896
Williams, Porter, Day & Neville, P.C.
159 North Wolcott, Suite 400
P. O. Box 10700
Casper, WY 82602-3902
pmurphy@wpdn.net
smurray@wpdn.net
*Attorneys for Plaintiff*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Sean M. Larson, #7-5112
Kari Ann Hartman, #8-6507
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
slarson@hkwyolaw.com
khartman@hkwyolaw.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

Paula Colbath, *Pro Hac Vice*
Sarah Levitan Perry, *Pro Hac Vice*
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154
pcolbath@loeb.com
sperry@loeb.com
*Attorneys for Defendants Mineone, Terra Crypto, Bit Origin, Sonichash*

☑ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☑ EMAIL
☐ E-FILE

 s/Norma J. Hubka
OF HIRST APPLEGATE, LLP
Attorneys for Defendant Bitmain Georgia

# EXHIBIT 5

| | |
|---|---|
| **From:** | Benjamin Kelly |
| **To:** | Patrick Murphy; Scott C. Murray; Kari Hartman; Paula Colbath; Sean Larson; Alex Inman; dforrest@loeb.com; Leily Lashkari; Jane France; Marc Gottlieb; Meggan Hathaway; Khale J. Lenhart; Feinstein, Marc; Hirsch, Danny; Iden, David; Parikh, Sherin; Tyson R. Woodford; wpao@cooley.com |
| **Cc:** | Jessica Warren |
| **Subject:** | BCB v. MineOne et al. (23-CV-79) -- Informal Discovery Conference |
| **Date:** | Tuesday, September 3, 2024 3:22:59 PM |

Hello everyone:

In accordance with the local rules, Counsel for Defendants has requested an informal discovery conference.

Please email me your availability for **Monday, September 9th, 2024,** for the following time slots**:**

- 09:00 a.m. – 10:00 a.m. MT
- 10:00 a.m. – 11:00 a.m. MT
- 1:00 p.m. – 2:00 p.m. MT

Additionally, Judge Hambrick would like the following done by the stated time & date:

1. Each party is to provide a list of individuals it wants to depose to all other parties by **5:00 pm Wednesday, September 4, 2024**.
2. After exchanging this list – each party is to provide five (5) dates on which individuals under its control are available for depositions by **5:00 pm Friday, September 6, 2024**.

Regards,

**Benjamin J. Kelly**
Law Clerk to the Hon. Stephanie A. Hambrick
U.S. District Court, District of Wyoming
Yellowstone National Park
Grand Teton National Park
Bridger-Teton National Forest
307.227.7023