Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

|  |  |  |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23CV-79-ABJ |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE HAMBRICK'S**
**AUGUST 22, 2024 TEXT ORDER [ECF 322] ON THE RELATIVITY FORMAT ISSUE**

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, "the MineOne Defendants")[1] by their counsel, and hereby file this *opposition* to Plaintiff's ("BCB") appeal of Magistrate Judge Hambrick's August 22, 2024 Order [ECF 322] on the Relativity format issue (the "Motion").

## FACTUAL BACKGROUND

BCB's appeal of Magistrate Judge Hambrick's August 22, 2024 Order (ECF No. 322, the "Order")[2] should be denied. BCB argues that the MineOne Defendants should be ordered to re-produce tens of thousands of previously produced documents, spanning 19 separate productions, now in a different format to BCB. Yet, BCB has *selectively* chosen not to inform the Court that the PDF format that the MineOne Defendants produced the documents is the *exact format that BCB demanded* of the MineOne Defendants. BCB also has *selectively* chosen not to inform the Court that the MineOne Defendants had originally produced the documents in the way BCB *now* wants, but BCB came down hard on the MineOne Defendants, reprimanding the MineOne Defendants' counsel for producing documents in any method except BCB's desired format: the PDF format.

BCB does *not* attach to its Motion the October 18, 2023 letter that its counsel sent to the MineOne Defendants' counsel, stating, in no uncertain terms, that the MineOne Defendants should not send the production in anything but the PDF format, and making it clear to the MineOne Defendants' counsel that, going forward, the PDF format was the *only* production method that BCB expected the MineOne Defendants' to use and that it was the MineOne Defendants' "*responsibility*" to comply.

---

[1] BCB has not delineated which MineOne entity its Motion is directed against. As such, this response is on behalf of the MineOne Defendants.

[2] BCB mistakenly states that the Order was issued on August 21, 2024. (Motion at 1).

More specifically, by letter dated October 18, 2023, BCB's counsel sent a letter to the MineOne Defendants' counsel, stating that the MineOne Defendants must only produce documents to BCB in PDF format, and putting the following *stern* words in **bold** lettering on the first page of his letter:

"**A.    Please Submit Documents in PDF Format, Not Image Files.**"

*See* **Exhibit 1** (emphasis in original).

BCB's counsel's October 18, 2023 letter continued its reprimand:

> In your September 15 initial disclosures, you produced a folder of 130 IMAGE files which are individual pages of contracts, agreements, and other documents in JPG and Tif [sic] formats. <u>This is unacceptable. You should have produced your documents as PDF files (like the litigation world does)</u>. <u>And, going forward, we request that you submit documents to us in PDF format</u> and submit emails, where Plaintiff is not a party to the email, in EML format. <u>Rule 34(d), F.R.Civ.P. allows a party, such as BCB, to "specify the form or forms in which electronically stored information is to be produced," and we are doing that here.</u>

**Exhibit 1** at page 1 (emphasis added).

Unsurprisingly, BCB's October 18, 2023 letter, which Judge Hambrick correctly relied upon, is ***not*** attached to BCB's Motion so that this Court can make a fully informed decision as to BCB's Motion.

BCB also does ***not*** inform the Court that in its October 18, 2023 letter, as quoted above, BCB demanded that anything except for a PDF format is "**<u>unacceptable</u>**." And BCB's counsel bashed the MineOne Defendants' counsel when he stated: "Our office should not have to expend our resources doing your work (and then guess which of these IMAGE files go together; and then convert and consolidate them to PDF files ourselves). Your clients should do that." *Id*. at 1-2.

But the October 18 letter did not stop there. BCB's counsel further reiterated his demand that it was the MineOne Defendants' "responsibility" to provide the documents in the format that BCB sought and nothing short of PDF format would be acceptable when BCB's counsel stated

that producing all the documents in BCB's desired PDF format "is Defendants' responsibility with the documents they produce, not Plaintiff's responsibility," *id*. at 2.

The MineOne Defendants fully cooperated and abided by BCB's wishes. In doing so, the MineOne Defendants expended substantial time and money to produce tens of thousands of pages, totally approximately 36,649 pages and spanning 19 separate productions, in BCB's mandated PDF format.

And now, nearly a year later, BCB has changed its mind and expects the MineOne Defendants to re-do their numerous productions because BCB says so. Responding in BCB's own words (quoted above): this is now BCB's "responsibility," and no longer the MineOne Defendants' "responsibility."

In addition, BCB repeatedly misinforms the Court in its Motion that what it now seeks "is as simple as clicking a few buttons within Relativity when configuring the production." (Motion at 1 and 5). This is absolutely ***not*** true.[3] It will take the MineOne Defendants' counsel's office considerable time and expense to now have to re-export 19 separate productions to BCB, spanning more than 36,600 pages, merely at BCB's whim, when the MineOne Defendants are trying to complete discovery (as well as being forced to expend consideration time and expense responding to repeated frivolous motions by BCB).

---

[3] While BCB claims it is a matter of "clicking a few buttons," BCB itself failed to produce documents responsive to the MineOne Defendants' request for production of documents in the Relativity format. In fact, it took *four months* and repeated meet and confers for BCB to finally produce documents responsive to the MineOne Defendants' document requests in the Relativity format. Even then, BCB recently made voluminous productions of documents to the MineOne Defendants, several of which were, once again, *not* produced in the Relativity format.

But this is not all. Not only did BCB selectively *fail to* attach its October 18, 2023 letter to its Motion, BCB also *failed to* attach the relevant portions of the transcript of the August 22, 2024 discovery conference in which Magistrate Judge Hambrick made an informed decision after hearing each side's arguments. *See* **Exhibit 2** (excerpt from the transcript of August 22, 2024 discovery conference, at 34-39). Yet, BCB did not attach the highly relevant portions of the transcript for this Court's review. It was only after the discovery conference and the benefit of each side's full argument on this issue that Magistrate Judge Hambrick issued her Order, which in part denied BCB's baseless demand that the MineOne Defendants re-produce voluminous discovery to BCB in Relativity format.

As can readily be gleaned, it is unfair for the MineOne Defendants, at this juncture in the litigation, to have to undertake the considerable time and expense of re-producing tens of thousands of pages during a critical time period when discovery will end soon and the MineOne Defendants are extremely busy preparing for depositions, having to make repeated motions to strike, and having to respond to repeated frivolous motions by BCB (including BCB's repeated frivolous sanctions motions). It would have been far more efficient for BCB to ask for the Relativity format at the outset of this litigation or earlier in time instead of reprimanding and denigrating the MineOne Defendants for producing documents to BCB in any format except for BCB's desired PDF format, and now simply changing its mind and demanding that more than 36,000 pages spanning 19 separate productions be re-produced to BCB in a different format. The MineOne Defendants abided by BCB's wishes and this should be the end of this issue, and BCB's Motion should be denied.

Indeed, as Magistrate Judge Hambrick correctly observed:

> THE COURT: All right. Here's what I'm going to do: I don't believe under the rules that the defendants are required to produce documents in multiple formats, so I'm not going to order they produce it in Relativity. I don't believe the rule requires them to do it in more than one format.
>
> And, Mr. Murphy, you got your original format. I get now why you think a different one would be -- may be easier or better, but I'm not going to require them to produce it all again.
>
> I will encourage you to discuss with Ms. Colbath if there is some sort of agreement that can be reached to do that, but I'm not – I'm going to not order them. I don't think that's required under the rules.

**Exhibit 2** at 38:24-39:11. Magistrate Judge Hambrick's ruling is proper, and, as discussed below, is neither "clearly erroneous" or "contrary to law."

## ARGUMENT

**A.    Rules 34(b)(2)(E)(ii) and (iii) of the Federal Rules of Civil Procedure Specifically State that a Party Need Only Produce Documents in a "Reasonably Usable Form" and Does Not Need to Produce the Same Electronically Stored Information in "More than One Form"**

Under Fed. R. Civ. P. 34(b)(2)(E)(ii) and (iii), the MineOne Defendants have no obligation to produce the documents in multiple formats to BCB -- at BCB's whim. Fed. R. Civ. P. 34(b)(2)(E)(ii) requires only that a party produce electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." In addition, Fed. R. Civ. P. 34(b)(2)(E)(iii) specifically states that "[a] party need not produce the same electronically stored information in more than one form."

As such, there is no "clear error" by Magistrate Judge Hambrick and the Order is not "contrary to law," and this Court should not set aside that portion of the Order and burden the MineOne Defendants with having to re-produce all their documents once again to BCB, when BCB had sternly demanded that the documents be produced only in PDF format.

Indeed, this is a fact that BCB itself hammered in its October 18, 2023 letter when BCB's counsel, cited, albeit *incorrectly*, to Fed. R. Civ. P. 34(d) (which should have been correctly cited as Fed. R. Civ. P. 34(b)(1)(C)) and insisted that the only format that the MineOne Defendants must produce their documents to BCB is the PDF format. BCB's counsel stated: "Rule 34(d) [sic], F.R.Civ.P. allows a party, such as BCB, to 'specify the form or forms in which electronically stored information is to be produced,' **and we are doing that here**." **Exhibit 1** at 1 (emphasis added).

BCB's counsel specified the PDF format after reprimanding the MineOne Defendants in his October 18, 2023 letter, and the MineOne Defendants fulfilled their obligation by producing copies of the documents in the PDF format that BCB had *demanded*, As such, the Court should not now modify the Order and order the MineOne Defendants to re-produce over 36,000 pages of documents yet again, which will take considerable time (and expense). *See, e.g.*, *Pastin v. Allstate Ins. Co.*, No. 2:17-cv-1503, 2018 U.S. Dist. LEXIS 232791, at *5 (W.D. Pa. Sept. 18, 2018) ("This Court will not require that Allstate redo a burdensome document production in metadata form, that may or may not be successful, and will be duplicative of what has already been produced in PDF format, solely to satisfy Plaintiffs' paranoia.").

As discussed above, BCB's counsel is the one who adamantly demanded in his October 18, 2023 letter that the MineOne Defendants' documents **ONLY** be produced in PDF format and chastised the MineOne Defendants' counsel for producing documents in any other format. Now, after more than 19 separate productions have been made and more than 36,000 pages have been produced, this Court should not force the MineOne Defendants to expend the time (and expense) to have to re-do all of their productions when they have complied with their obligations under Rule 34. The MineOne Defendants produced documents in the PDF format that BCB's counsel demanded, which is a "reasonably usable form" under Fed. R. Civ. P. 34(b)(2)(E)(ii). In addition,

they complied with BCB's counsel's demand to produce document only in PDF format and under

Fed. R. Civ. P. 34(b)(2)(E)(iii), they do not need to produce the same electronically stored

information in more than one form. *See, e.g., Smith v. TFI Family Servs.*, No. 17-2235-JWB, 2020

U.S. Dist. LEXIS 611, at *6 (D. Kansas Jan. 3, 2020) (affirming the Magistrate Judge's order,

holding that "[t]he Magistrate Judge found…production of the requested documents in PDF

constituted a reasonably usable form…. That finding is not clearly erroneous.").

Magistrate Judge Hambrick's Order was not in error as it fully complied with Fed. R. Civ.

P. 34, and should not be set aside.

**B.      Magistrate Judge Hambrick's Order Was Neither "Clearly Erroneous" Nor
         "Contrary to Law," Either of Which Is a Required Finding, Pursuant to Wyoming
         Local Rule 74.1(a), Before Judge Johnson Can Set Aside the Order**

As is apparent from the discussion above, Magistrate Judge Hambrick heard the parties'

arguments with regard to the Relativity issue (**Exhibit 2**) and made an informed ruling. The Order

is in full compliance with Fed. R. Civ. P. 34, is neither clearly erroneous nor contrary to law, and

should *not* be set aside by Judge Johnson.

At bottom, BCB is unhappy with its demand to the MineOne Defendants that the

documents be produced in PDF format. But this does not provide this Court with sufficient reason

to overturn Magistrate Judge Hambrick's Order on this issue and force the MineOne Defendants

to expend considerable time, effort and money to re-produce tens of thousands of pages, produced

over the course of 19 separate productions, to BCB in a totally different format -- just because

BCB says so.

As the Honorable Judge Johnson has aptly summarized the standard of review of a

magistrate judge's nondispositive order:

> A magistrate judge's nondispositive order can only be set aside by a district judge
> if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), Fed. R.

> Civ. P. 72(a); U.S.D.C.L.R. 74.1(a). Under the "clearly erroneous" standard, the district court must affirm the magistrate's order unless it has a definite and firm conviction that an error has occurred. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) *see also Parts and Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong."). Moreover, "because a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will overrule the magistrate judge's determination only if this discretion is clearly abused." *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard. *Wyoming v. United States Department of Agriculture*, 239 F.Supp.2d 1219, 1236 (D. Wyo. 2002) (citing Wright, Miller & Marcus, FEDERAL PRACTICE AND PROCEDURE § 3069, at 350 (1997 & Supp. 2002)). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id*. at § 3069, at 350-51; *see also Hayes v. Woodford*, 301 F.3d 1054, 1067 n. 8 (9th Cir. 2002).

*Hedquist v. Patterson*, No. 14-CV-0045-J, 2017 U.S. Dist. LEXIS 218071, at *7 (D. Wyo. April 14, 2017) (Johnson, J.) (denying plaintiff's motion to reconsider the magistrate judge's order), *aff'd*, 763 F. App'x 705 (10th Cir. 2019).

As Judge Johnson has reiterated, "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id*. Here, Magistrate Judge Hambrick did not apply an incorrect legal standard nor was her ruling made in error. This is because the MineOne Defendants have fully complied with Rule 34, per BCB's demand that they only produce documents in PDF format. As such, BCB's appeal of that portion of the Order on the Relativity format issue should be denied.

In addition, the three cases cited by BCB in its Motion do not aid BCB's meritless position. First, BCB cites to *United States v. First Nat. Bank of Rush Springs*, 576 F.2d 852, 853 (10th Cir. 1978) (Motion at 6), for the well-settled principle that district court judges retain ultimate decision-making power over the actions of magistrate judges. This is true and the MineOne Defendants fully agree with this tenet. If a magistrate judge's order is clearly erroneous or contrary to law, then

the district court judge should grant reconsideration. But this has no application here because Magistrate Judge Hambrick's Order in this instance was in full compliance with Fed. R. Civ. P. 34 and was issued *after* the Court held a discovery conference in which Magistrate Judge Hambrick heard full arguments from both BCB's counsel and the MineOne Defendants' counsel on this issue.

BCB next cites to *Phillips v. Raymond Corp.*, 213 F.R.D. 521, 525 (N.D. Ill. 2003) (Motion at 6), which is readily distinguishable. In that case, the Magistrate Judge himself readily "acknowledged that he felt pressured to rule quickly," *id*. at 523, based on "contradictory oral representations," *id*. at 524, and the District Judge found the Magistrate Judge's order to be "contrary to law," *id*. at 525. No such facts exist here.

BCB's reliance on *Deselms v. Occidental Petroleum Corp.*, No. 19-CV-0243-F, 2022 U.S. Dist. LEXIS 250683 (D. Wyo. Jan. 7, 2022) (Motion at 6-7), is also misplaced. In *Deselms*, Judge Freudenthal found that there was "clear error" in the Magistrate Judge's order. Again, no clear error exists here. *Id*. at *9-10. In fact, Judge Freudenthal reiterated in the *Deselms* case that "[b]ecause a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused." *Id*. at *7. Here, Magistrate Judge Hambrick should be "afforded broad discretion" and since there is no abuse of discretion, there is no reason for this Court to set aside that portion of the Order.

Finally, BCB argues that Magistrate Judge Hambrick "did not have a complete record before her, nor did the parties have the opportunity to fully brief the issue" (Motion at 7). This argument would seem plausible, at first blush, if the Court were to make a decision based on only BCB's opening brief. But BCB's Motion cannot be viewed in a **vacuum** because BCB **fails** to inform this esteemed Court as to its counsel's October 18, 2023 letter to the MineOne Defendants'

counsel and **fails** to inform this Court that counsel had a full discussion on this issue during the Court's discovery conference.

In fact, as **Exhibits 1 and 2**, attached herewith, readily demonstrate, BCB's position is entirely baseless. The discovery conference transcript reflects that counsel to the MineOne Defendants read the relevant portion of the October 18, 2023 letter to Magistrate Judge Hambrick at the discovery conference and the parties had oral argument at the discovery conference about this issue. Only *after* hearing arguments did Magistrate Judge Hambrick correctly rule that the MineOne Defendants were in full compliance with Fed. R. Civ. P. 34 and did not have to re-produce tens of thousands of pages again to BCB. There is nothing "clearly erroneous" or "contrary to law" in Magistrate Judge Hambrick's Order on this issue.

## CONCLUSION

In accordance with the foregoing discussion and the Exhibits submitted herewith, the MineOne Defendants respectfully request that the Court deny BCB's appeal of Magistrate Judge Hambrick's Order.

DATED this 16th day of September, 2024

DEFENDANT MINEONE WYOMING DATA CENTER, LLC

By: */s/ Paula K. Colbath*

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4905
Fax: (212) 407-4990

HATHAWAY & KUNTZ, LLP
Sean Larson Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar #8-6507
P. O. Box 1208

Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
khartman@hkwyolaw.com

239870266

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 16th day of September, 2024, a true and correct copy of the

foregoing was served upon counsel as follows:

Patrick J. Murphy
Scott C. Murray
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott., Suite 400
P.O. Box 10700 (82602)
Casper, WY 82601
*Attorneys for Plaintiff*

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
pmurphy@wpdn.net smurray@wpdn.net

Meggan J. Hathaway
Jane M. France
Sundahl, Powers, Kapp & Martin, L.L.C.
500 W. 18th Street, Suite 200
Cheyenne, WY 82003-0328

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
mhathaway@spkm.org; jfrance@spkm.org

Marc S. Gottlieb
Ortoli Rosenstadt, LLP
366 Madison Avenue, 3rd Floor
New York, NY 10017

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
msg@orllp.legal

*Attorneys for Bit Origin and SonicHash*

*/s/Paula K. Colbath*
    Loeb & Loeb, LLP