# EXHIBIT 1



**WILLIAMS, PORTER, DAY & NEVILLE P.C.**
*Wyoming's Law Firm*

Patrick J. Murphy
Physical: 159 N. Wolcott St. Suite 400
Casper, WY 82601

Mailing: PO Box 10700
Casper, WY 82602
pmurphy@wpdn.net

October 18, 2023

**VIA E-MAIL ONLY**

Sean M. Larson
Kari Hartman
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82001
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Sarah Levitan Perry
Paula Colbath
LOEB & LOEB LLP
345 Park Avenue
NewYork, NY 10154
pcolbath@loeb.com
sperry@loeb.com

Re:   Meet-and-Confer Letter on Defendants' Inadequate Rule 26 Initial Disclosures.

Dear Sean, Kari, Sara and Paula:

I am writing this meet-and-confer letter to request that you remedy your clients' inadequate Rule 26 initial disclosures by October 30, 2023 without me having to file a motion with the Court.

### A.   Please Submit Documents in PDF Format, Not Image Files.

In your September 15 initial disclosures, you produced a folder of 130 IMAGE files which are individual pages of contracts, agreements, and other documents in JPG and TIF formats. This is unacceptable. You should have produced your documents as PDF files (like the litigation world does). And, going forward, we request that you submit documents to us in PDF format and submit emails, where Plaintiff is not a party to the email, in EML format. Rule 34(d), F.R.Civ.P. allows a party, such as BCB, to "specify the form or forms in which electronically stored information is to be produced," and we are doing that here.

I suppose our office could convert your IMAGE files into PDF documents, but it is very difficult to tell where one document stops and the next begins. For example, the first 17 images appear to be the contract and exhibits named "Consulting Management Services Agreement" (dated 7-25-2022). Our office should not have to expend our resources doing your work (and then

 



guess which of these IMAGE files go together; and then convert and consolidate them to PDF files ourselves). Your clients should do that.

How is it that your clients signed contracts with DocuSign, where DocuSign then produces a PDF file for each party, and you didn't provide the PDF files for the signed contracts? Instead, you provided image files (JPG and TIF) of signed contracts. It's difficult for us to understand how this even happens (*i.e.*, producing image files of contracts when your client has, or should have, PDF files for each contract).

You also produced several TEXT files (nine files total) that appear to be the same documents as the IMAGE files but *without any formatting*. They are very difficult to read. The only usefulness of these nine TEXT files is that they may indicate where each document from the 130 IMAGE files begins and ends (to combine the IMAGE files into something we can read and use in PDF format). Again, this is Defendants' responsibility with the documents they produce, not Plaintiff's responsibility.

### B. Defendants' Description of Their Alleged $44,516,065 in Damages is Inadequate.

Rule 26(a)(1)(A)(iii) requires a party to disclose the following information with respect to its alleged damages:

> (iii) a computation of each category of damages claimed by the disclosing party – *who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material*, unless privileged or protected from disclosure, *on which each computation is based, including materials bearing on the nature and extent of injuries suffered*.

The Advisory Committee Notes further explain Defendants' disclosure obligations:

> *Subparagraph (C) imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34.* This obligation applies only with respect to documents then reasonably available to it and not privileged or

 

WPD&N
WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy's 10/18/2023 Meet-and-Confer Letter
To: S. Larson, K. Hartman, S. Levitan Perry and P. Colbath
Page 3 of 6

protected as work product. Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.

(emphasis added).

What follows is the entirety of the "computation of each category of damages claimed" by Defendants for their Counterclaims against BCB in their initial Rule 26 Disclosures:

| Budget overruns | $5,805,714 |
|---|---|
| Lost profits | $7,258,902 |
| Penalties owed to Bitmain | $283,532 |
| Additional interest due on bridge loans | $351,100 |
| Terra Crypto consulting agreement losses | $3,429,216 |
| Growth Losses | $17,387,600 |
| Reputational Harm | $10,000,000 |
| **Total** | **$44,516,065** |

There are several deficiencies with this disclosure. First, there is no "computation" of each category of alleged damages. All you provided was a total number for each category of alleged damages (*i.e.*, reputational harm $10,000,000; lost profits $7,258,902; growth losses $17,387,000). Nowhere do you include any "calculation" of each category of claimed damages or explanation supporting these sums. With some of these specific numbers, surely your clients have the underlying data and documents which support such specific numbers.

Second, you did not disclose any supporting documents for any of your seven (7) claimed categories of damages. Not one supporting document. The Rule and Advisory Committee Notes provide that Defendants "must, in addition to disclosing *the calculation* [not the mere summary recitation] of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34." (emphasis added).

Where, as here, Defendants are claiming $44,516,065 in Counterclaim damages from BCB, Defendants are required to provide much more information than the summary chart reproduced above. Defendants produced no supporting information for their summary damages numbers; and Defendants did not provide any of the assumptions that went into their damage numbers.

 

WPD&N
WILLIAMS, PORTER, DAY & NEVILLE P.C.
*Wyoming's Law Firm*

Patrick J. Murphy's 10/18/2023 Meet-and-Confer Letter
To: S. Larson, K. Hartman, S. Levitan Perry and P. Colbath
Page 4 of 6

  **C.**  **Defendants' Recitation of Four Overly-Broad Categories of All Documents, Electronically Stored Information, and Tangible Things That It Has In Its Possession, Custody, or Control Which It May Use to Support Its Claims is So Inadequate.**

  Rule 26(a)(1)(A)(ii) requires Defendants to make the following initial disclosure of all documents and electronically stored information that Defendants have in their possession which they may use to support their claims and defenses:

  (ii)  A copy – or a description by category and location – of all documents and electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

  To be sure, you intentionally chose not to provide these documents and electronically stored information with Defendants' initial disclosures. Our review of Defendants' initial disclosures reveals that Defendants provided only two (2) e-mails – ***as JPG* images**, not PDF or EML files – with their initial disclosures. How the Defendants could produce only two emails given the volume of emails between our clients is hard to fathom.

  Instead, you chose to respond as follows:

  To the best of Defendants' knowledge, the following discoverable documents, things, and/or electronically stored information within its possession, custody, or control may be used to support their claims:

  1.  Contracts related to the development, construction and operation of the North Range and Campstool mining sites.

  2.  Communications between Plaintiff and Defendants.

  3.  Communications concerning Plaintiff.

  4.  Communications concerning the development and construction of the North Range and Campstool mining sites.

  Discovery is ongoing in this matter, and Defendants reserve the right to supplement these categories as additional information becomes available or is made known through discovery.

 

*See* Defendants' September 15, 2023 Rule 26 initial Disclosures.

Again, the Advisory Committee Notes ("Notes") are instructive. The Notes to the 1993 amendments to Rule 26 say, "The greater the specificity and clarity of the allegations in the pleadings, the more complete should be the listing of potential witnesses and types of documentary evidence." Everyone should agree that BCB's Complaint and First Amended Complaint contain very specific factual allegations.

The Notes to the 2000 amendments to Rule 26 say this:

> The disclosure obligation applies to "claims and defenses," and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. It thereby bolsters the requirements of Rule 11(b)(4), which authorizes denials "warranted on the evidence," ***and disclosure should include the identity of any witness or document that the disclosing party may use to support such denials.***

(emphasis added).

And the Notes to the 2006 amendments to Rule 26(a)(1)(A) say this:

> Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery. The ***responding party must also identify, by category or type, the sources containing potentially responsive information that it is neither searching nor producing.*** The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

(emphasis added).

When measured against these principles, Defendants' overly-broad categorization of supporting documents as "communications between Plaintiff and Defendants" and "communications concerning Plaintiff" – without providing any further description of those communications, and without producing any of those communications – does not comply with the

 



rule or the spirit of Rule 26(a)(1)(A)(ii).  We ask that you supplement your initial disclosures by October 30, 2023 to ***actually provide*** each and every "communication" you lump under the categories "communications between Plaintiff and Defendants" and "communications concerning Plaintiff."

## CONCLUSION

We ask that you remedy all these concerns with Defendants' initial Rule 26 disclosures by Monday, October 30, 2023.  With Plaintiff's expert designation being due February 28, 2024, and Plaintiff needing to take depositions in early December and in January, it is imperative that Plaintiff receive Defendants' complete initial disclosures as soon as possible.  Thank you.

Very truly yours,

Patrick J. Murphy

