# EXHIBIT 2

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| BCB CHEYENNE LLC, a Wyoming limited liability company doing business as Bison Blockchain, | Case No. 23-CV-079-ABJ |
| Plaintiff, | Mammoth, Wyoming |
| vs. | August 22, 2024<br>11:18 a.m. |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN LTD, a Cayman Island company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITES, a Georgia corporation, | |
| Defendants. | |

---

TRANSCRIPT OF DISCOVERY CONFERENCE PROCEEDINGS
VIA ZOOM VIDEOCONFERENCE

BEFORE THE HONORABLE STEPHANIE A. HAMBRICK
UNITED STATES MAGISTRATE JUDGE

---

APPEARANCES (via Zoom):

For the Plaintiff:    PATRICK J. MURPHY
                      Williams, Porter, Day & Neville
                      159 N. Wolcott Street
                      Suite 400
                      Casper, Wyoming 82601

```
23-CV-79                                                              2
```

| | |
|---|---|
| For the Defendants MineOne and Terra Crypto: | PAULA COLBATH<br>DAVID A. FORREST<br>Loeb & Loeb LLP<br>345 Park Avenue<br>New York, New York 10154 |
| | KARI HARTMAN<br>SEAN M. LARSON<br>Hathaway & Kunz<br>2515 Warren Avenue, Suite 500<br>Cheyenne, Wyoming 82001 |
| For the Defendants Bit Origin LTD and SonicHash: | MARC S. GOTTLIEB, I<br>Ortoli Rosenstadt, LLP<br>355 Madison Avenue<br>New York, New York 10022 |
| For the Defendants Bitmain Technologies Georgia Limited: | KHALE J. LENHART<br>Hirst Applegate LLP<br>1720 Carey Avenue<br>Room 400<br>Cheyenne, Wyoming 82003 |
| | WILLIAM PAO<br>O'Melveny & Myers<br>400 South Hope Street<br>Los Angeles, California 90071 |
| Also Present: | Kate Stutz |

*MEGAN E. STRAWN, RPR, CRR*
*111 S. Wolcott Street, Casper, WY 82601*
*307.232.2626 * strawnreporting@gmail.com*

*Proceedings reported with realtime stenography;*
*transcript produced with computer-aided transcription.*

1  employee of MineOne Wyoming.  I have the evidence, but I don't
2  know -- maybe you've already kind of ruled on that and are not
3  ready to look at that at this point.
4            THE COURT:  I think that -- that's correct,
5  Mr. Murphy.
6            MR. MURPHY:  I got Your Honor's drift on that.
7            The last thing that I really got for us today is
8  the -- the request in my letter that I wrote to you that
9  BCB -- strike that -- that MineOne Wyoming Data Center be
10 ordered to reproduce the documents it earlier produced in the
11 Relativity format at their cost just like BCB had to go to the
12 expense and cost of hiring a Relativity vendor to then go and
13 put all of its documents into Relativity like Ms. Colbath was
14 adamant that we do.
15           I don't think that MineOne is opposed to doing it,
16 but Mr. Inman wants us to share the cost or at least talk
17 about sharing the cost.  I don't feel that's appropriate.  I
18 think this is a situation where BCB had to, at its expense,
19 put -- go hire a Relativity vendor and do that for MineOne.
20 And MineOne so easily has the capacity to do it.  They should
21 have to do it at their cost and provide BCB with their
22 documents via Relativity.
23           That's the last issue.
24           THE COURT:  Ms. Colbath, do you want to address that
25 issue?

1          MS. COLBATH:  Yes, Your Honor.
2          Okay.  So -- so when MineOne served its initial
3  document request, it set forth in the document request how it
4  wanted the documents produced.  Mr. Murphy did not object to
5  that.  And what he did was he produced PDFs rather than in the
6  format that we requested, and he never objected.
7          So we pressed him and said, You didn't object.  We
8  would like the documents produced in the format that we
9  requested.
10         Okay.  Now, back in October of 2023 when my client
11 did its first document production, our initial disclosures to
12 Mr. Murphy, Mr. Murphy wrote me an October 18, 2023, letter,
13 and I just want to read a paragraph from it, the very first
14 substantive paragraph of the letter.
15         It's in a paragraph entitled "Please submit documents
16 in PDF format, not image files."
17              "In your September 15th initial disclosures, you
18              produced a folder of 130 image files which are
19              individual pages of contracts, agreements, and other
20              documents in JPEG and TIFF formats.  This is
21              unacceptable.  You should have produced your
22              documents as PDF files like the litigation world
23              does.
24              "And, going forward, we request that you submit
25              documents to us in PDF format and submit emails where

1          plaintiff is not a party to the email in EML format.
2          Rule 34(d) of the Federal Rules of Civil Procedure
3          allow a party such as BCB to 'specify the form or
4          forms in which electronically stored information is
5          to be produced,' and we are doing that here."
6     Then he goes on. So Mr. Murphy asked my firm -- we
7  initially did a production in TIFF format. He rejected it,
8  said, Going forward, you are to produce in PDF format
9  explicitly. We have complied with Mr. Murphy's request to
10 produce in PDF format, and we did that for over 40,000 records
11 just as he demanded.
12    Now he wants another format. And we have said we'll
13 undertake it, but we did exactly what you demanded. And it's
14 not incumbent upon us to submit 40,000, 50,000 pages in
15 multiple formats as he decides he wants it in something
16 different. We did exactly what he wanted.
17    And so I have said to him, again, let's meet and
18 confer. Let's figure out if this can be done, what -- the
19 cost associated with it. But my team, we're preparing for
20 depositions, and we complied with his request. And so now
21 that he wants it a totally different way, you know, there's a
22 burden to us. And I'm just asking him to share in that.
23    THE COURT: Ms. Colbath, do you have an estimate of
24 time or dollars that that would require?
25    MS. COLBATH: I don't because -- because my

1  technology person who does this has been on vacation.  I don't

2  think we're talking that it would exceed like $10,000.  I

3  think that the gentleman who would be doing this, I think we

4  probably bill out at like -- I don't know -- 3- or $400.

5           And so, I mean, it's time that he has to spend in

6  order to do this when we've produced the documents in the

7  exact format that the plaintiff requested.

8           THE COURT:  Thank you.

9           MS. COLBATH:  I'm happy -- I wrote to Mr. Murphy,

10 said, Let's talk about it.  I'm happy to get the time involved

11 to undertake this and meet and confer with him on it.

12          THE COURT:  All right.  Mr. Murphy, is there anything

13 else you wanted to say on that topic?

14          MR. MURPHY:  No, other than the fact they're willing

15 to do it.  They just want my client to pay for it.  And it's

16 not and it should never be anywhere near $10,000 to do it.

17 They just want BCB to bear that cost.  That's all.

18          THE COURT:  Had you asked for the PDF format

19 previously?

20          MR. MURPHY:  I did previously as Paula correctly

21 wrote to you back in October of last year, Your Honor.  And

22 then in this July, I think it was around July 10th, I sent

23 Request for Production No. 40 to the MineOne Defendants,

24 asking that they reproduce all of those documents in the

25 Relativity format, the one that they have demanded that we do.

1            And they say -- this is their response from Alex
2  Inman.  He says, "On the basis of the foregoing, defendants
3            will not produce documents responsive to this
4            request.  Defendants are willing to confer with
5            plaintiff regarding a cost-sharing agreement in which
6            the documents are reproduced at plaintiff's expense."
7            When they say that they're willing to talk about a
8  cost-sharing agreement, what they're really saying is they
9  won't give it to us until BCB pays for it.  That's my problem.
10           I've already paid for it once with my own client
11 having to do it for Ms. Colbath, and I just think they should
12 have to do it for us.
13           MR. GOTTLIEB:  But, Patrick, can I just weigh in on
14 it?  I mean, is it really fair for you to have asked for it
15 and demanded it to be a certain way, and then 40,000 pages of
16 materials are produced, when it would have been a lot cheaper
17 and a lot more efficient if you would have asked for it in the
18 original way you wanted it instead of then coming back months
19 and months later and asking for another 40,000 pages just to
20 get even with Paula for making you do it in one way when
21 there's really no benefit to it.
22           MR. MURPHY:  Marc, I'm not getting even.  If I would
23 have appreciated that a year ago, I would have done it.
24           THE COURT:  All right.  Here's what I'm going to do:
25 I don't believe under the rules that the defendants are

1  required to produce documents in multiple formats, so I'm not
2  going to order they produce it in Relativity.  I don't believe
3  the rule requires them to do it in more than one format.
4           And, Mr. Murphy, you got your original format.  I get
5  now why you think a different one would be -- may be easier or
6  better, but I'm not going to require them to produce it all
7  again.
8           I will encourage you to discuss with Ms. Colbath if
9  there is some sort of agreement that can be reached to do
10 that, but I'm not -- I'm going to not order them.  I don't
11 think that's required under the rules.
12          So I think that covers the topics that were left.
13          Let me see what time it is.
14          Mr. Murphy, is there anything else you think we need
15 to address today?
16          MR. MURPHY:  I don't think so, Judge Hambrick.
17          THE COURT:  Ms. Colbath?
18          MS. COLBATH:  No, Your Honor.  Thank you.
19          THE COURT:  Mr. Gottlieb?
20          MR. GOTTLIEB:  No, Your Honor.
21          THE COURT:  Anybody else?  I don't want to ignore
22 anybody.  Anybody else want to weigh in on any topics?
23          All right.  Well, this was not that long and not that
24 painful.  I appreciate, I really do, all the efforts
25 everybody's made in this case and your ability to still work

23-CV-79  41

1            C E R T I F I C A T E

3       I, MEGAN E. STRAWN, Federal Official Court Reporter
4  for the United States District Court for the District of
5  Wyoming, a Registered Professional Reporter and Certified
6  Realtime Reporter, do hereby certify that I reported by
7  machine shorthand the proceedings contained herein on the
8  aforementioned subject on the date herein set forth, and that
9  the foregoing 40 pages constitute a full, true, and correct
10 transcript.
11      Dated this 26th day of August 2024.

15            /s/ Megan E. Strawn
16              MEGAN E. STRAWN
             Registered Professional Reporter
17             Certified Realtime Reporter

Megan E. Strawn, RPR, CRR                          (307) 232-2626