Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>Plaintiff,<br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants.<br><br>Defendants. | Civil Action No. 23CV-79-ABJ |

---

## OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR SANCTIONS AGAINST DEFENDANT MINEONE WYOMING DATA CENTER LLC

---

COMES NOW Defendant MineOne Wyoming Data Center LLC ("MineOne"), by its counsel, and hereby files this *opposition* to Plaintiff's ("BCB") Third Motion for Sanctions Against Defendant MineOne Wyoming Data Center LLC [ECF 338] (the "Motion").

## **FACTS**

BCB has now filed a third ***frivolous*** sanctions motion, claiming that MineOne is in violation of Magistrate Judge Carman's August 9, 2024 Order (the "Order"). As is detailed herein, BCB's motion is baseless, MineOne has produced documents in compliance with Magistrate Judge Carman's Order, and BCB has, once again, filed another frivolous motion, replete with inflammatory and unsupportable accusations against MineOne.

At the outset, MineOne is compelled to bring to the Court's attention BCB's lack of candor with the Court. Peppered throughout the Motion, BCB makes baseless statements insinuating that MineOne has "repeatedly disobey[ed] discovery orders" (Motion at 8), asks the Court to consider "the cumulative effect of MineOne's disobedience of the Court's orders" (Motion at 9), and states that "[t]he Court should consider all of these three sanctions motions" (Motion at 10), as if the Court has ever entered sanctions against MineOne.

To set the record straight, MineOne has never disobeyed any discovery orders or other Court orders, as BCB insinuates. And the Court has never "sanctioned" MineOne in this case. BCB's first and second sanctions motions, which MineOne has vehemently opposed (ECF Nos. 269, 317), are entirely frivolous, and are awaiting the Court's decision. Indeed, MineOne has respectfully requested that the Court exercise its own inherent powers and order BCB's counsel to seek leave of Court before bringing any other sanctions motions, and to sanction BCB's counsel, as detailed in MineOne's third motion to strike, pursuant to Local Rule 84.1(b) for BCB's counsel's repeated violations of the Local Rules, as detailed in ECF No. 353 at 2, 10.

MineOne respectfully states that BCB's counsel's conduct in this case cannot remain unchecked and the Court should exercise its inherent powers to reprimand BCB's counsel for making repeated and wholly unfounded inflammatory statements in the Motion as if the Court has already found BCB in violation of any Court Order -- which is simply not true.

In May 2024, when BCB had previously wrongly accused MineOne of wrongdoing, Judge Rankin had reminded counsel that:

> Attorneys have a professional ethical obligation of candor to the court. MODEL RULES OF PROF'L RESPONSIBILITY r. 3.3; *Fish v. Kobach*, 320 F.R.D. 566, 573 (D. Kan. 2017) ("counsel have a duty of candor to the court and to opposing counsel").

ECF No. 190 at 10 (Order dated May 20, 2024 Denying Plaintiff's Motion for Reconsideration and Clarifying Prior Order). Accordingly, BCB's counsel must be reminded of his duty of candor not only to this esteemed Court when it makes repeated misrepresentations in its Motion papers, but also to the undersigned counsel.

BCB also attempts to put the *proverbial* cart before the horse. BCB's counsel accuses MineOne of "not offer[ing] any reason, rationale, explanation or excuse for not complying with Judge Carman's August 9, 2024 Discovery Order" (Motion at 9), and further accuses MineOne of purportedly breaching its "affirmative duty to explain to the Court, and BCB's counsel, why it did not produce those documents," *id*. BCB's position is perplexing and baseless.

At what juncture in this litigation did the Court determine that MineOne had not complied with Judge Carman's Order? And when did the Court determine that MineOne had breached any affirmative duty to the Court? As BCB has done throughout this litigation, BCB makes inflammatory and unfounded statements in its frivolous motion papers, and its counsel should be admonished by the Court for his misconduct.

What readily emerges from BCB's Motion is the reality that it frankly does not matter what documents MineOne produces. BCB is intent to inflame the Court by filing sanction motion after sanction motion, frivolous as they are, regardless of what production is made in an attempt to turn the Court against MineOne -- before MineOne has even had a chance to have a full and fair trial, regardless of the established *fact* that MineOne has complied with Judge Carman's Order. BCB's conduct is nothing short of abusive and its litigation tactics where BCB's counsel has breached his duty of candor as required by Rule 3.3 of the Professional Rules of Conduct should not be condoned by the Court.

Indeed, BCB does not disclose to this Court that pursuant to Judge Carman's Order, MineOne produced over 1000 pages of unredacted Skype messages. In addition, on September 17, 2024, MineOne performed yet another review and again produced an additional 120 pages of documents to BCB.

More specifically, as the supporting Declaration of MineOne's counsel, Paula K. Colbath, submitted herewith, readily reflects: (1) in response to Judge Carman's Order, MineOne's attorneys undertook a good-faith, comprehensive review for documents responsive to Judge Carman's Order and worked directly with third-party e-discovery vendor and the MineOne Defendants to search for and review documents that were potentially responsive to the Order (Colbath Decl. at ¶ 2), (2) MineOne made a production to BCB on August 26,[1] which included over 1000 pages of documents, including the unredacted Skype messages and communications regarding the loans and other financial agreements (*id*. at ¶¶ 3-4), (3) MineOne's counsel's review did not reveal any drafts of the document and MineOne's lead attorney, Ms. Colbath was informed

---

[1] During the August 22, 2024 informal discovery conference, Judge Hambrick modified Judge Carman's Order by extending the deadline from August 23, 2024 to August 26, 2024. *See* Transcript of the August 22, 2024 informal discovery conference at 13:5-20.

that the negotiations relating to the loans were conducted either in person or via Zoom and that the MineOne Defendants prepared the loan agreements themselves (*id*. at ¶ 5), and (4) after receiving BCB's Motion, out of an abundance of caution, MineOne's counsel conducted another review to determine whether any additional responsive or potentially responsive documents existed and located a few additional communications that were likely responsive to the Order and others that were not but, in an abundance of caution, MineOne's counsel nevertheless produced these 120 additional pages to BCB on September 17, 2024 (*id*. at ¶ 6). None of these documents relate to the issues to be tried in January 2025.

As Judge Rankin opined in his Order dated May 20, 2024 in this case: "There is no error in the Court accepting counsel's representations of its attempt to collect the relevant discovery simply because 'Plaintiff does not believe MineOne has made extensive efforts' without any evidence supporting that assertion." ECF No. 190 at 11 (Order dated May 20, 2024 Denying Plaintiff's Motion for Reconsideration and Clarifying Prior Order).

As such, MineOne has not violated any Court Order and is in compliance with Judge Carman's Order. MineOne has produced responsive documents in its possession, custody and control, and drafts of these documents have not been located and therefore cannot be produced.

## **ARGUMENT**

### A.    This Court Should Award MineOne Its Attorneys' Fees in Having to Respond to This Motion Because BCB's Intentional Misrepresentations to the Court Are Subject to Sanctions

This Court has previously warned that "[i]ntentional misrepresentations are subject to sanctions" and that "'[w]here a court finds that fraud has been practiced upon it, it may assess attorney fees against the responsible party.'" (*See* ECF No. 190, Judge Rankin's Order dated May 20, 2024, at 11) (citing *Stenson v. Edmonds*, 86 F.4th 870, 876 (10th Cir. 2023) (cleaned up)).

BCB's counsel has made ***numerous intentional misrepresentations*** in BCB's Motion, including the following:

**(1)** BCB states that MineOne has "repeatedly disobey[ed] discovery orders" (Motion at 8). MineOne has not disobeyed a single discovery order.

**(2)** BCB references "the cumulative effect of MineOne's disobedience of the Court's orders," (Motion at 9). Which "orders" and what "disobedience?" None exist.

**(3)** BCB urges the Court to "consider all of these three sanctions motions" (Motion at 10). BCB insinuates that MineOne has been sanctioned by this Court previously. Untrue.

**(4)** BCB states that "MineOne should have provided an affidavit why it did not produce any of the documents and contemporaneous communications described by Michael Murphy in his Affidavit" (Motion at 6). Did the Court at an earlier date require an "affidavit" that MineOne refused to provide? When should MineOne have provided this affidavit? MineOne has submitted its counsel's Declaration. And why is Michael Murphy's affidavit, which is replete with speculation and conclusory opinion, of any relevance to this Court in deciding this Motion?

**(5)** BCB misrepresents to the Court that "MineOne chose not to provide any such explanation, reason, rationale--or even an excuse—for its failure to produce these Court-ordered documents" (Motion at 6). What "explanation, reason, rationale" or "excuse" was MineOne ordered to provide, that it failed to provide, and why is BCB misrepresenting to this Court that MineOne has "fail[ed] to produce these Court-ordered documents"? MineOne is not in violation of any Court Order and has diligently searched and produced all responsive documents.

**(6)** BCB again states that MineOne failed to "offer any reason, rationale, explanation or excuse for not complying with Judge Carman's August 9, 2024 Discovery Order" (Motion at 9). When did MineOne fail to do so? Judge Carman issued his Order on August 9. MineOne produced

the documents responsive in its possession, custody and control to BCB. Did MineOne miss a Court filing or a Court appearance? When would MineOne have had an opportunity to explain its production prior to today?

**(7)** BCB states that MineOne breached its "affirmative duty to explain to the Court, and BCB's counsel, why it did not produce those documents," (Motion at 9). Again, when was MineOne required to do that, prior to today?

BCB should be sanctioned for making these intentional misrepresentations to the Court. MineOne respectfully asks that the Court assess attorneys' fees against BCB.[2]

**B.    Michael Murphy's Affidavit (ECF No. 338-1) Is Based on Mere Speculation, Is Not Based on His Personal Knowledge, Contains Conclusory Legal Arguments, and Should Be Stricken or Disregarded by the Court**

Once Again, BCB has submitted a September 6, 2024 affidavit from Michael Murphy, which is replete with rank speculation, general opinions, and conclusions of law and should be stricken or wholly disregarded by the Court.

*First*, Michael Murphy states that he provided an earlier affidavit dated June 24, 2024 "with respect to the circumstances entitling BCB to prejudgment writs of attachment and garnishment." (ECF No. 338-1 at ¶ 3(c)), which he abbreviates in his September 6 affidavit as his "Writs Affidavit," and then proceeds to cite to his "Writs Affidavit" repeatedly in his September 6 affidavit in support of the Motion (*see, e.g.*, ¶¶ 8, 11).

However, neither Michael Murphy nor BCB's counsel have corrected this ***grave error*** and have failed to inform the Court that Michael Murphy's June 24 so-called "Writs Affidavit" was in

---

[2] Indeed, while BCB bases its Motion on mere speculation that other documents must somehow exist, BCB itself has failed and refused to produce numerous categories of documents, which will be detailed in MineOne's Motion to Compel that will be filed on September 20, 2024.

fact **_stricken_** from the record by Magistrate Judge Carman by Order dated June 27, 2024. (ECF No. 251).

**Second**, the law is well settled that a witness's affidavit must be based on their personal knowledge. *See, e.g.*, *Bison Pipeline LLC v. 102.84 Acres of Land*, No. 10-CV-89-F, 2011 U.S. Dist. LEXIS 160188, at *13 (D. Wyo. Jan. 3, 2011) (Freudenthal, J.) (striking three affidavits from the Court's consideration that did not "express personal knowledge," but were the affiants' general opinions as to the project at issue); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 271 F.R.D. 668, 671 (D. Wyo. Jan. 13, 2011) (Freudenthal, J.) (striking portions of the affidavit that contained "a number of unsupported assertions," stating that the Court will only consider those portions "that are based on personal knowledge").

Here, the *entirety* of Michael Murphy's affidavit is based on unsupported assertions and rank speculation. Michael Murphy speculates as to various categories of documents that he claims MineOne has not produced, and assumes they exist and were improperly withheld. Michael Murphy has no personal knowledge and no basis to accuse MineOne, and his affidavit is entirely conclusory and unsupported, and should be stricken.

**Third**, Michael Murphy continues to act as a pseudo-lawyer in this case and his father should be admonished for allowing his son to do so. As the Court is aware, BCB's counsel had Michael Murphy join in counsel's meet and confer to set deposition dates, which greatly hindered counsel's meet and confer and culminated in Magistrate Judge Hambrick ordering "that counsel – not individual agents, officers, or the like of the parties – are the only participants in any and all future meets and confers." (ECF No. 339, at 3, ¶ 5). And now, Michael Murphy opines in his affidavit that a purported "adverse inference" should be drawn against MineOne for not having produced documents that do not exist. (Murphy Aff., ECF No. 338-1 at ¶ 8).

Michael Murphy's affidavit should either be stricken or wholly disregarded.

**C.    The Cases Cited by BCB in Its Motion Are Irrelevant**

Each and every case cited by BCB has no relevance here and is readily distinguishable.

First, BCB cites to *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (Motion at 7-8), in arguing that the Court should enter default in favor of BCB on its complaint and dismiss MineOne's counterclaims against BCB. In *Ehrenhaus*, the appellant was ordered to appear for a scheduled deposition and warned that the court would dismiss his complaint if he did not comply. The appellant failed to attend his deposition and the court dismissed the complaint. *Id*. at 920-921. The facts here have no relation whatsoever with this case, MineOne has not violated any Court mandate and the Court has not given MineOne any warnings. This case has no bearing here.

Next, BCB cites to *Archibeque v. Atchison, T. & S.F. Ry*., 70 F.3d 1172 (10th Cir. 1995) (Motion at 8), a case in which the appellant attempted "to conceal her medical history, repeatedly perjured herself, and thus failed to cooperate in the discovery process." *Id*. at 1174. Again, the findings *Archibeque* have no correlation with this case and the case is readily distinguishable.

BCB then cites to *In re Hopkins*, 162 F.3d 1173 (10th Cir. 1998) (Motion at 8) (published in full-text format at 1998 U.S. App. LEXIS 24637 (10th Cir. 1998)), in which the Tenth Circuit in fact reversed the district court's finding of dismissal, "reemphasiz[ing] the severity of dismissal as a sanction." 1998 U.S. App. LEXIS 24637, at *9.

BCB's citation to *Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011) (Motion at 8), fares no better. In that case, plaintiffs failed to produce documents in response to a discovery request, then the court compelled them to produce the materials and they failed to abide by the Court order, then again the court ordered plaintiffs to produce the requested materials and warned plaintiffs that continued non-compliance would result in harsh sanctions. Plaintiffs again failed to abide. As a

result, the court dismissed the case as sanction. The fact pattern in *Lee* is readily distinguishable. MineOne has produced the documents to the extent they exist and were under MineOne's custody, control and possession.  *Lee* has no bearing on the instant case. *Id*. at 1319.

In *Creative Gifts, Inc. v. UFO*, 235 F.3d 540 (10th Cir. 2000) (Motion at 8), the court dismissed defendant's counterclaims as a sanction for "numerous discovery violations." *Id*. at 541. While the case does not discuss what the "numerous discovery violations" entailed, it is of no import since there is not even a single discovery violation against MineOne. This should be juxtaposed against the numerous discovery violations committed by BCB that will be briefed in MineOne's Motion to Compel that will be filed on September 20, 2024.

Finally, BCB's reliance on *Dochterman v. Res. Realizations*, 56 F. App'x 455 (10th Cir. 2003) (Motion at 9), is misplaced. In that case, plaintiffs failed to appear three times for their depositions, failed to produce medical records and other documents through discovery and warned plaintiffs that failure to comply will be considered grounds for dismissal of the action, and plaintiffs failed to comply with the court's order to retain local counsel because their counsel of record was an attorney practicing in another state. After repeated violations of the court's orders, the court dismissed the case. *Id*. at 458. No such facts exist here.

**D.    Pursuant to the Court's Inherent Powers, the Court Should Require BCB's Counsel to Seek Leave of Court Before Filing any Future Sanctions Motions in This Case**

This is now the third frivolous sanctions motion BCB has filed. Unless BCB is required to obtain prior approval from the Court before filing future sanctions motions, these frivolous motions will continue. *See, e.g., Jaiyeola v. Garmin Int'l, Inc*., No. 20-2068-EFM, 2023 U.S. Dist. LEXIS 183359, at *1 (D. Kan. Sept. 27, 2023) (as a result of "continued frivolous or vexatious [sic] motions practice," the court invoked a filing restriction on plaintiff).

If BCB remains unchecked, BCB will continue to: abuse the process, make material misrepresentations to this Court, file overlength briefs without seeking permission from the Court, file "emergency" motions when no emergency exists, violate the Local rules, and file baseless sanctions motions in an attempt to incite and inflame the Court. MineOne is not in violation of Judge Carman's Order or, for that matter, any Court Order. Based on the Court's inherent powers, BCB's counsel should seek leave of this Court before filing any further sanctions motions.

## **CONCLUSION**

In accordance with the foregoing, BCB's Motion should be denied. In addition, the Court, in exercising its inherent powers, should (1) award MineOne its attorneys' fees for having to respond to this Motion because BCB's intentional misrepresentations to the Court are sanctionable, (2) strike or wholly disregard Michael Murphy's Affidavit (ECF No. 338-1), and (3) require BCB's counsel to seek leave of Court before filing any other sanctions motions.

DATED this 19th day of September, 2024

By: */s/ Paula K. Colbath*
   Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
   David Forrest, Esq. (Admitted *Pro Hac Vice*)
   Alex Inman, Esq. (Admitted *Pro Hac Vice*)
   345 Park Avenue
   New York, NY 10154
   Telephone: (212) 407-4905
   Fax: (212) 407-4990

   HATHAWAY & KUNTZ, LLP
   Sean Larson Wyo. Bar #7-5112
   Kari Hartman, Wyo. Bar #8-6507
   P. O. Box 1208
   Cheyenne, WY 82003
   Phone: (307) 634-7723
   Fax: (307) 634-0985
   slarson@hkwyolaw.com
   khartman@hkwyolaw.com

239902174

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 19th day of September, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

Patrick J. Murphy
Scott C. Murray
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott., Suite 400
P.O. Box 10700 (82602)
Casper, WY 82601
*Attorneys for Plaintiff*

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
pmurphy@wpdn.net smurray@wpdn.net

Meggan J. Hathaway
Jane M. France
Sundahl, Powers, Kapp & Martin, L.L.C.
500 W. 18th Street, Suite 200
Cheyenne, WY 82003-0328

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
mhathaway@spkm.org; jfrance@spkm.org

Marc S. Gottlieb
Ortoli Rosenstadt, LLP
366 Madison Avenue, 3rd Floor
New York, NY 10017

[✓] CM/ECF
[ ] Fax:
[ ] E-mail:
msg@orllp.legal

*Attorneys for Bit Origin and SonicHash*

/s/Paula K. Colbath
 Loeb & Loeb, LLP