Case 1:23-cv-00079-ABJ   Document 363-1   Filed 09/19/24   Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company,<br><br>               Plaintiff,<br><br>v.<br><br>MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants.<br><br>               Defendants. | Civil Action No. 23CV-79-ABJ |

## DECLARATION OF PAULA K. COLBATH

I, **PAULA K. COLBATH**, hereby declare and state as follows:

1.     I am a Partner with Loeb & Loeb LLP, counsel to Defendants MineOne Wyoming Data Center LLC ("MineOne Data"), Terra Crypto, Inc., and MineOne Partners LLC (the "MineOne Defendants"). I submit this Declaration based upon my personal knowledge.

2.     Upon receipt of Judge Carman's August 9, 2024 Order, ECF No. 313, directing the MineOne Defendants to produce loan and related financial documents, communications regarding the same, and unredacted Skype messages "addressing financial matters in any respect of MineOne and the Wyoming project which is the subject of this litigation," attorneys from my firm, under

my direction, undertook a good-faith, comprehensive review for documents responsive to Judge Carman's Order. Our attorneys worked directly with our third-party e-discovery vendor and our clients to search for and review documents that were potentially responsive to the Order.

3. A document production containing the responsive documents was made to Plaintiff, through its counsel, on August 26, 2024, in compliance with Judge Hambrick's modification of Judge Carman's Order (extending the deadline from August 23 to August 26). This document production included over 1000 pages of documents, including the unredacted Skype messages and communications regarding the loans and other financial agreements.

4. In compliance with Judge Carman's Order, all final loan agreements and related documents referenced in paragraphs 64(b), 64(c), and 64(d) of the Declaration of Dr. Erick Rengifo, ECF 214-2, that were located were produced to Plaintiff.

5. While Judge Carman's Order required the MineOne Defendants to produce drafts of the loan and financial documents at issue, the review of client documents did not reveal any drafts. I am informed that the negotiations relating to the loans were conducted either in person or via Zoom. Also, I have been informed that the MineOne Defendants prepared the loan agreements themselves, which accounts for the lack of drafts.

6. Upon reviewing Plaintiff's Third Motion for Sanctions, out of an abundance of caution, attorneys from my firm conducted another review to determine whether any additional responsive or potentially-responsive documents existed. During this process, we located a few additional communications that are likely responsive to Judge Carman's Order. We also discovered other documents that we do not believe are responsive to Judge Carman's Order; however, out of an abundance of caution, we nevertheless produced these documents. These documents were produced on September 17, 2024. This document production contained an

additional 120 pages of documents. Accordingly, on two (2) separate occasions, good-faith searches were done for the responsive documents.

7. Obviously, any additional responsive documents that come to our attention (which we do not believe will be the case) will be promptly produced.

8. Plaintiff has made specific reference to communications regarding a DocuSign envelope that have allegedly not been produced. ECF 338 at 5. To the extent that these communications exist, we have not been able to find them despite a good faith effort to do so. If we are able to obtain these specific DocuSign communications, they will be produced to Plaintiff.

I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2024

**PAULA K. COLBATH**