IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23CV-79-ABJ |
| v. | ) ) ) | |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT MINEONE WYOMING DATA CENTER, LLC, TERRA CRYPTO INC., MINEONE PARTNERS LLC'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF, FOR SANCTIONS, AND FOR ALTERNATIVE SERVICE OF SUBPOENAS**

**THIS MATTER** comes before the Court on Defendant MineOne Wyoming Data Center, LLC, Terra Crypto Inc., MineOne Partners LLC's (the "MineOne Defendants") *Motion to Compel Discovery from Plaintiff, for Sanctions, and for Alternative Service of Subpoenas*. Having reviewed the filing and being otherwise fully advised, the Court finds the Motion should be **GRANTED** for the reasons stated in the Motion.

**IT IS HEREBY ORDERED** that Plaintiff identify all custodians whose documents were previously collected;

**IT IS FURTHER ORDERED** that Plaintiff search and produce documents from all custodians and devices, produce relevant documents missing from its productions (including, without limitation, any outstanding text messages), produce non-privileged documents listed on its privilege log, and provide an accurate and complete privilege log;

**IT IS FURTHER ORDERED** that Plaintiff is precluded from using any documents it produced on August 24, 2024 or August 29, 2024 or any related testimony in any motions or at trial;

**IT IS FURTHER ORDERED** that Plaintiff certify that every press release/comment that appeared on its website at any point since its introduction to the MineOne Defendants remains on its existing website; Plaintiff must produce an accurate, complete, and direct copy of its website with all codes of individual elements, CSS style sheets and files, index files, subfolders, content and webpages exactly as they appeared online from the day Plaintiff was introduced to the MineOne Defendants to the day it was deleted, including a listing of all days when changes were made to the site/webpages through the date of its deletion; all archived pages in time-stamped form, including copies saved to hard drives, retained pursuant to a CMS backup, or archived utilizing other tools along with a client and vendor affidavit certifying the copies are accurate, complete and direct copies of the website with those details;

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from pursuing its claims for breach of the DHS Agreement and opposing MineOne's counterclaims alleging that Plaintiff was the first to materially breach the DHS Agreement;

**IT IS FURTHER ORDERED** that the Court finds Plaintiff lacks the evidence to support its claim that MineOne anticipatorily repudiated the DHS Agreement; the text messages Plaintiff failed to produce, and the portions of Plaintiff's website that it deleted demonstrate that (i) Plaintiff breached the non-disparagement clause of the DHS Agreement, Plaintiff lacked the experience to serve as project manager of the facilities, and (ii) Plaintiff was planning to walk off the job and sue MineOne as early as March 4, 2023;

**IT IS FURTHER ORDERED** that Plaintiff pay monetary sanctions to the MineOne Defendants for their attorneys' fees and costs in raising Plaintiff's discovery defaults via motion and various letters in an amount to be determined later;

**IT IS FURTHER ORDERED** that the MineOne Defendants can serve subpoenas for the deposition testimony of Neil Phippen, Sean Murphy, and Stephen Randall via email with a copy to Plaintiff's counsel as a means of alternative service.

DATED this _____ day of _____, 2024.

_____
STEPHANIE HAMBRICK
UNITED STATES MAGISTRATE JUDGE