Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email:   pmurphy@wpdn.net
            smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF BCB CHEYENNE LLC'S MOTION TO QUASH MINEONE DEFENDANTS' SUBBPOENA TO JWJ TECHNOLOGY LLC

**COMES NOW** Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain ("BCB"), by and

through its undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure,

hereby moves this Court for an Order to Quash the Subpoena to Testify at a Deposition in a Civil Action, dated September 12, 2024 ("Subpoena"), noticed by Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, the "MineOne Defendants") to non-party, JWJ Tehcnology LLC ("JWJ"). A true and accurate copy of the Subpoena Notice is attached hereto as "**Exhibit A**" and incorporated by reference. In support of this *Motion to Quash*, BCB offers the following:

1.      On September 12, 2024, just five days before the September 17, 2024 discovery cutoff period, the MineOne Defendants served notice of a Rule 45 subpoena to JWJ seeking a deposition of JWJ covering ten (10) different topics and requesting eight (8) different categories of documents. The Subpoena's date and time for compliance, September 17, 2024, has passed.

2.      Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Under Rule 45(d)(3)(A), a court is required to quash or modify a subpoena on a timely motion if it (1) "fails to allow a reasonable time to comply"; (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

3.      Under Local Rule 30.1(a), "Unless otherwise ordered by the Court, "reasonable notice" for the taking of depositions under Fed. R. Civ. P. 30(b)(1) shall be not less than fourteen (14) days, as computed under Fed. R. Civ. P. 6. Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner."

4.      The Subpoena at issue violates Federal Rule of Civil Procedure 45, the Local Rules of the United States District Court for the District of Wyoming, as well as the discovery cut-off deadlines established in this case. Accordingly, it must be quashed.

5.      First, the Subpoena itself is untimely. The MineOne Defendants issued the Subpoena just five (5) days before the Court-ordered discovery cutoff of September 17, 2024. This deadline was established under Judge Johnson's Revised Scheduling Order [ECF 164]. Knowing that Local Rule 30.1(a) requires the MineOne Defendants to give JWJ at least fourteen days' notice of any deposition, the Subpoena is facially invalid as the applicable fourteen-day period would not end until September 26, 2024. Meaning JWJ would not have to produce documents until September 26 at the earliest, which is well outside of the discovery period. The MineOne Defendants did not seek or obtain an order from the Court allowing a departure from the requirements of Local Rule 30.1(a).

6.      The MineOne Defendants failed to adhere to Local Rule 30.1(a) in the issuance of the Subpoena and instead of providing the requisite 14 days' notice, the Subpoena gave only five (5) days' notice to JWJ. It is not coincidence that the MineOne Defendants chose September 17 as the stated date and time for compliance on the Subpoena. They were clearly attempting to jam in additional depositions and document requests before the well-known discovery cutoff and circumvent the Court's directive.

7.      The Subpoena at issue also violates the Orders of this Court. Judge Johnson's Revised Scheduling Order firmly established a September 17, 2024 cutoff. Judge Hambrick's September 9, 2024 Order extending the deadline for depositions to September 30, 2024 [ECF No. 339] does not cure the Subpoena's violation of Judge Johnson's Revised Scheduling Order with respect to the document demand. Prior to the September 9, 2024 informal discovery conference, Judge Hambrick required the parties to exchange lists of individuals (and/or entities) they wanted to depose. Importantly, the MineOne Defendants did not list JWJ or any JWJ principals or employees. *See* "**Exhibit B**," a copy of the MineOne Defendants' list of target depositions. This is a brand new witness.

Page 2

8.     When Judge Hambrick extended the deposition deadline from September 17 to September 30, that extension was limited to those depositions the parties previously indicated, in writing as directed by the Court, they would be seeking. Judge Hambrick's extension certainly did not authorize the parties to add brand new deponents to the already crammed deposition calendar.

9.     The Subpoena also requests JWJ to produce documents. This request, like the MineOne Defendants' deposition request, violates the Federal Rules of Civil Procedure, the Local Rules, and the Court's various orders.

10.     Judge Johnson's Revised Scheduling Order was clear: all discovery would be complete by September 17, 2024. *See* ECF No. 164.  That Order states that "[w]ritten discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline." *Id.*  In this instance, the Subpoena was issued on September 12, 2024. Even if it was served the same day it was issued, under the thirty-day rule, JWJ's deadline to respond would be October 12, 2024. This directly violates Judge Johnson's Revised Scheduling Order.

11.     Federal Rule of Civil Procedure 34 provides thirty days for parties to respond to requests for production of documents. Fed. R. Civ. P. 34(b)(2)(A).  This thirty-day period is not necessarily to *produce* documents, but rather to provide written responses and objections. *See id.*  The standard practice is then to allow the responding party additional time to collect, review, and produce responsive, nonprivileged documents.  Disregarding the requirement to specify a reasonable time to respond in the Subpoena, the MineOne Defendants instead seek to require JWJ to produce extensive documentation within five (5) days. The five-day period is wholly unreasonable, especially in light of Rule 34's thirty-day allowance. *See, e.g.*, *BNSF Ry. Co. ex rel. United States v. Ctr. for Asbestos Related Disease, Inc.*, 2022 WL 1442854, at *5 (D. Mont. May 6, 2022) ( "Under Rule 34, a party

is generally afforded 30 days to produce documents, no matter how small or non-complex the request"); *Peoples v. Wichita State Univ.*, 2019 WL 1332313, at *4 (D. Kan. Mar. 25, 2019) ("If Plaintiff were to request documents via the normal discovery procedure, Defendant would have 30 days to respond.").

12.     In sum, the Subpoena issued by the MineOne Defendants to JWJ directly violates Rule 45 of the Federal Rules of Civil Procedure, Local Rule 30.1, and the Court's scheduling orders. The Subpoena was issued a handful of days before the discovery cutoff set by the Court. The Subpoena's date and time for compliance is wholly unreasonable, the deadlines imposed by Federal and Local Rules would be outside of the discovery cutoff, and JWJ was not listed by the MineOne Defendants as a party whose deposition MineOne sought as ordered by Judge Hambrick. For these reasons, the Court should quash the Subpoena.

**WHEREFORE**, Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain respectfully requests the Court enter an Order quashing the Subpoena to Testify at a Deposition in a Civil Action, dated September 12, 2024, issued by Defendants MineOne Wyoming Data Center LLC, MineOne Partners,LLC, and Terra Crypto Inc. to non-party, JWJ Tehcnology LLC.

**DATED** this 23rd day of September, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff


By:  */s/ Patrick J. Murphy*
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel as indicated below this 23rd day of September, 2024.

| | |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [  ] U.S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[  ] Overnight Delivery<br>[  ] Hand Delivery<br>[  ] Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>msg@orllp.legal | [  ] U.S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[  ] Overnight Delivery<br>[  ] Hand Delivery<br>[  ] Electronic Mail |
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [  ] U.S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[  ] Overnight Delivery<br>[  ] Hand Delivery<br>[  ] Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>Leily Lashkari, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>dforrest@loeb.com<br>llashkari@loeb.com | [  ] U.S. Mail (prepaid)<br>[ x ] CM/ECF Electronic Transmission<br>[  ] Overnight Delivery<br>[  ] Hand Delivery<br>[  ] Electronic Mail |

By: _/s/ Patrick J. Murphy_
Patrick J. Murphy