# EXHIBIT A

Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR MINEONE WYOMING DATA CENTER, LLC
MINEONE PARTNERS LLC, TERRA CRYPTO, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23CV-79-ABJ |
| v. | ) ) ) | |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF INTENT TO SERVE SUBPOENA

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (the "MineOne Defendants"), by and through counsel, HATHAWAY & KUNZ, LLP, and LOEB & LOEB LLP, and provide notice that the attached Subpoena to Testify at a Deposition and Produce Documents will be served upon JWJ Technology LLC.

TAKE FURTHER NOTICE THAT the MineOne Defendants are amenable to taking the deposition called for by the attached subpoena remotely (via Zoom) upon agreement of the witness and all parties.

DATED this 12th day of September, 2024

> DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO, INC.
>
> By: */s/ Paula K. Colbath*
> Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
> Alex Inman, Esq. (Admitted *Pro Hac Vice*)
> 345 Park Avenue
> New York, NY 10154
> Telephone: (212) 407-4905
> Fax: (212) 407-4990
>
> HATHAWAY & KUNTZ, LLP
> Sean Larson Wyo. Bar #7-5112
> Kari Hartman, Wyo. Bar #8-6507
> P. O. Box 1208
> Cheyenne, WY 82003
> Phone: (307) 634-7723
> Fax: (307) 634-0985
> slarson@hkwyolaw.com
> khartman@hkwyolaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of September, 2024, a true and correct copy of the

foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy | [  ] CM/ECF |
| Scott C. Murray | [  ] Fax: |
| Williams, Porter, Day & Neville, P.C. | [✓] E-mail: |
| 159 N. Wolcott., Suite 400 | pmurphy@wpdn.net smurray@wpdn.net |
| P.O. Box 10700 (82602) | |
| Casper, WY 82601 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Meggan J. Hathaway | [  ] CM/ECF |
| Jane M. France | [  ] Fax: |
| Sundahl, Powers, Kapp & Martin, L.L.C. | [✓] E-mail: |
| 500 W. 18th Street, Suite 200 | mhathaway@spkm.org; jfrance@spkm.org |
| Cheyenne, WY 82003-0328 | |

| | |
|---|---|
| Marc S. Gottlieb | [  ] CM/ECF |
| Ortoli Rosenstadt, LLP | [  ] Fax: |
| 366 Madison Avenue, 3rd Floor | [✓] E-mail: |
| New York, NY 10017 | msg@orllp.legal |

*Attorneys for Bit Origin and SonicHash*

*/s/ Paula K. Colbath*
LOEB & LOEB LLP

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Wyoming

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    23-CV-79 |
| MINEONE WYOMING DATA CENTER LLC et al | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        JWJ TECHNOLOGY LLC c/o CORP1, INC.
             614 N DUPONT HWY SUITE 210, DOVER, DE 19901
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

          SEE ATTACHED SCHEDULE A

| Place:   Veritext Legal Solutions, 300 Delaware Ave., Wilmington, DE 19801 (or via Zoom pending agmt.) | Date and Time: <br>        09/17/2024 10:00 am |
|---|---|

      The deposition will be recorded by this method:    Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          SEE ATTACHED SCHEDULE A

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/12/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Paula K. Colbath |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   MineOne Wyoming Data Center, LLC, MineOne Partners LLC & Terra Crypto, Inc.         , who issues or requests this subpoena, are:

Paula K. Colbath, Loeb & Loeb LLP, 345 Park Avenue, New York, NY 10154; 212-407-4905

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   23-CV-79

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

## DEFINITIONS AND INSTRUCTIONS FOR DEPOSITION TOPICS AND THE PRODUCTION OF DOCUMENTS

1.      The term "JWJ," "You," or "Your" shall mean JWJ Technology LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees, agents, and attorneys, including, without limitation, Huaili "Wiley" Zhang.

2.      The term "Plaintiff," or "BCB," shall mean Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, and any of its present or former predecessors, successors, subsidiaries, affiliates, partners, officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents, representatives and assigns.

3.      The term "MineOne Wyoming" shall mean Defendant MineOne Wyoming Data Center, LLC, and each of its officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

4.      The term "MineOne Defendants" shall mean, individually and collectively, MineOne Wyoming, Defendant MineOne Partners LLC, Defendant Terra Crypto Inc., and each of their officers, managers, managing members, members (whether individual or otherwise), directors, employees and agents.

5.      The term "Action" shall mean the above-captioned civil action.

6.      The term "Amended Complaint" shall mean the First Amended Complaint filed on September 30, 2023 in this Action, which is attached to this Subpoena as **Exhibit A**.

7.      The term "Answer and Counterclaims" shall mean the Answer and Counterclaims filed on October 31, 2023 in this Action, which is attached to this Subpoena as **Exhibit B**.

8.      The term "DHS Agreement" shall mean the Development, Hosting & Services Agreement, effective as of June 9, 2022, between MineOne Wyoming and BCB.

9.      The term "Facilities" shall mean, individually and collectively, (i) the cryptocurrency mining facility located in the North Range Business Park in Cheyenne, Wyoming; (ii) the planned cryptocurrency mining facility located in the Campstool Addition in Cheyenne, Wyoming; and (iii) and any other digital currency mining facility added by mutual agreement between the Parties pursuant to the terms of the DHS Agreement.

10.     "Communication" means all written, oral, telephonic, electronic, e-mail, text, or other transmittal of words, thoughts, ideas, and images, including, but not limited to, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, press releases, publicity releases, trade releases, and interviews.

11.     "Document" and "documents" include but are not limited to "documents," "electronically stored information" and "tangible things," as those terms are used in Federal Rule of Civil Procedure Rule 34(a), and "writings," "recordings" and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and include, without limitation, e-mails, text messages, letters, notes (whether handwritten or otherwise), memoranda, post-its, buck slips, receipts, contracts, letter agreements, journals, logs, drafts and other writings by which letters, words, numbers or images, or their equivalent, are set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation, still photographs, video tapes, digital recordings and motion pictures, publications, pamphlets, promotional materials, charts, graphs, ledgers, telegrams, minutes of meetings, transcripts, financial statements, purchase orders, vouchers, invoices, bills of sale, bills of lading, desk calendars, diaries, appointment books, and all means by which information can be

stored by way of video or audio, tape, microfilm, microfiche, computers, hard disks, floppy disks, compact disks, and other similar means.  Any drafts or non-identical copies constitute separate documents, including any English translations of foreign-language documents.

12.     "Concerning" means in any way relating to, referring to, describing, comprising, consisting of, evidencing or constituting.

13.     The terms "person" and "persons" refer to natural persons or any business, legal, or governmental entities or associations, including without limitation, corporations, partnerships, limited partnerships, limited liability companies, joint ventures, or franchises.

14.     A reference to an entity (as opposed to a natural person) refers to the entity and to all persons employed by or affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, and employees.

15.     The terms "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these discovery requests any information that might otherwise be construed to be outside its scope.

16.     The terms "each," "any" and "all" shall be construed interchangeably so as to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

17.     In responding to the following requests for documents, You are required to furnish all documents in Your possession, custody or control, regardless of whether such documents are in Your possession, or the possession of Your directors, officers, members, partners, designees, agents, managers, employees, representatives, attorneys, or any other person or entities acting on Your behalf or subject to Your control.

18.    Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

19.    All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

20.    Subject to Paragraph 21 of these Instructions, You are instructed to produce documents either as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with each of these requests.  In producing documents, all documents that are physically or electronically attached (e.g., email attachments) to each other when located for production shall be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.

21.    All electronically stored information responsive to a request shall be produced in black and white, single-page TIFF or color JPEG format, as applicable, and in native format. All corresponding metadata shall be produced in a load file compatible with Relativity; provided, however, that where such conversion would alter the information or render it impracticable to review, electronically stored information shall be produced in native format.

22.    If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the document or portion thereof, including any claim of privilege or protection, in sufficient detail to permit the Court to adjudicate the validity of Your withholding the document, and identify each document or portion thereof so withheld by providing at least the following information:

a)      the type of document (e.g., memorandum, letter, report, etc.);

b)      the date, title, and subject matter of the document;

c)      the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document; and

d)      a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

23.     If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be redacted from the document, and the redacted portions shall be clearly marked with the word "REDACTED," and the rest of the document shall be produced.

24.     If a portion of an otherwise responsive document contains information that You contend is not relevant but that is not subject to a claim of privilege, the entire document shall be produced.

25.     If no documents exist that are responsive to a particular request, You shall state so in writing.  If any document requested is not in Your possession, custody or control, state the name and address of each person known to have possession, custody or control of such document.

26.     If You object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that You are not objecting to it.

27.     With respect to any responsive document that was formerly in Your possession, custody or control and has been lost, destroyed or transferred out of Your possession, custody or control, identify such document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subject matter, nature (*e.g*., memorandum, letter, report, etc.), actual or

approximate date on which the document was lost, destroyed or transferred, and, if destroyed, the conditions of and reasons for such destruction, and the names of the person authorizing and performing the destruction.

28.     These document requests are continuing.  If, at any time after service of Your responses hereto, You obtain or become aware of additional information or documents that are responsive to these document requests, You shall promptly serve upon the undersigned supplemental document productions.

29.     The MineOne Defendants reserve the right to serve additional requests for the production of documents.

30.     If You have in Your possession, custody or control any English language translations of any non-English language documents that are responsive to any of these requests, You shall produce the English translations of said documents.

31.     Unless otherwise specified, these requests concern the period from January 1, 2021 to the present.

### TESTIMONY IS SOUGHT AS TO THE FOLLOWING MATTERS

1.     The facts and circumstances Concerning the negotiation and performance of contracts between JWJ and any of the MineOne Defendants, including, without limitation, the written December 20, 2022 agreement between JWJ and MineOne Wyoming.

2.     The facts and circumstances Concerning all financial transactions between JWJ and any of the MineOne Defendants.

3.     The DHS Agreement.

4.     JWJ's Communications Concerning BCB including, without limitation, Communications Concerning BCB's performance as project manager of the Facilities,

construction quality, timelines, delays, cost overruns, or any other topic relating to the energization and construction of the Facilities, and the hosting of Bitmain's Hosting Units.

5.      JWJ's Communications with any of the MineOne Defendants Concerning the progress of construction of the Facilities, and cost overruns relating to same, and operation and maintenance of the Facilities.

6.      The facts and circumstances Concerning JWJ's work on the Facilities.

7.      The facts and circumstances Concerning the allegations in the Amended Complaint (Exhibit A hereto) and the MineOne Defendants' Answer and Counterclaims (Exhibit B hereto).

8.      The legal ownership and management of JWJ.

9.      JWJ's search for and collection of documents and information in response to this subpoena.

10.      All documents produced by JWJ in response to this subpoena.

## REQUESTS FOR PRODUCTION

1.      All Documents Concerning Your involvement in the Facilities.

2.      All agreements (including any drafts) between JWJ, on the one hand, and any of the MineOne Defendants, on the other hand, and all Communications Concerning such agreements.

3.      All Communications between You, on the one hand, and BCB or any of BCB's agents, Michael Murphy, Sean Murphy, Emory Patterson, Neil Phippen, Steven Randall, Patrick Murphy, Esq., and Williams, Porter, Day and Neville, P.C., on the other hand, from January 1, 2020 to the present.

4.      All Documents Concerning the operations and business activities of BCB and/or any Defendant.

5.      All Communications between You, on the one hand, and any other Person, on the other hand, Concerning BCB and/or the Facilities.

6.      All of Your internal Communications concerning the Facilities, including without limitation, all Communications Concerning the construction quality, timelines, delays, or any other topic relating to the energization and construction of the Facilities.

7.      Documents sufficient to show the legal ownership and management of JWJ at all times from January 1, 2022 to the present.

8.      All Documents and Communications Concerning and/or mentioning this Action, the First Amended Complaint, or the Answer and Counterclaims.

# EXHIBIT A*

# EXHIBIT B*

*Exhibits to the Subpoena have been omitted