Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
           smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF BCB CHEYENNE LLC'S RESPONSE TO THE MINEONE DEFENDANTS' MOTION TO MODIFY THE COURT'S APRIL 25, 2024 REVISED SCHEDULING ORDER AND BCB'S REBUTTAL TO SOME OF THE MINEONE DEFENDANTS' MATERIAL MISSTATEMENTS WITHIN THAT MOTION**

**COMES NOW** Plaintiff BCB Cheyenne LLC ("BCB"), through its counsel, Patrick Murphy, and hereby submits its Response to Defendants MineOne Wyoming Data Center LLC's ("MineOne"), MineOne Partners LLC's ("MineOne Partners") and Terra Crypto Inc.'s ("Terra") (collectively, the

"MineOne Defendants") 9/10/24 Motion to Modify the Court's April 25, 2024 Scheduling Order and BCB's Rebuttal to Some of the MineOne Defendants' Material Misstatements within that 9/10/24 Motion (BCB's "*Response and Rebuttal*").

## I. PRELIMINARY STATEMENT

Plaintiff BCB *agrees* that each of the following existing deadlines should be moved back by three weeks: (i) Dispositive motions: October 4, 2024; (ii) Responses to dispositive motions and filing of all other pretrial motions: October 18, 2024; (iii) Replies to dispositive motions: October 25, 2024; (iv) Joint Final Pretrial Memorandum: November 8, 2024; and (v) Motions in Limine: November 8, 2024.

All Parties *also agree* to keep the January 27, 2025 trial date.  And BCB *agrees* with the MineOne Defendants' representations that: (1) "On September 9, 2024, Judge Hambrick ordered that the [new] deadline for taking depositions be extended [from September 17, 2024] until September 30, 2024," and (2) "**MineOne will conduct the depositions of the witnesses that have been identified by the Court's September 30, 2024 deadline**."   [ECF 344 at Page 4 of 14] (emphasis added). This is what should happen, and BCB stipulates to it.

However, BCB *poignantly disagrees* with the MineOne Defendants' requests – their (a) explicit request that the deadline for deposing BCB's passive investors/members, and (b) implicit request that the deadline for serving a document subpoena on Black Hills Energy – be indefinitely extended until after the Court rules on BCB's 8/16/24 Motion for Protective Order with respect to BCB's Illinois, Ohio, Tennessee and Florida members and Black Hills Energy [ECF 317 and 325].   All of those proposed depositions, and document subpoenas, are irrelevant, unnecessary, and unduly burdensome. They are all fishing expeditions. And, if the Court were to later allow any of those meritless depositions to be taken, or document subpoenas answered, it would adversely impact the three-week extension all Parties now agree should be granted for briefing the very important dispositive motions the Parties will be filing and the time needed to properly research and write those dispositive motions.

BCB and the MineOne Defendants agree on the deadlines and extensions listed above for very

different reasons. MineOne says it needs this extension to be able to "obtain crucial evidence from non-parties (such as BCB's investors and Black Hills Energy and others with [alleged] critical knowledge of the allegations in the case[1]) and pursue BCB's [alleged] ongoing discovery defaults." BCB, however, is unable to wade through and respond to all of MineOne's 12th-hour, burdensome, mistaken, and unripe "discovery deficiency" allegations against BCB: this is time BCB does not have. These are financial costs Defendants know they are imposing on BCB. MineOne's misrepresentations are overwhelming. What follows are *only some*[2] of MineOne's misrepresented discovery allegations, which are causing BCB to incur so much time and expense to rebut, along with BCB's rebuttal and factual correction of those MineOne misrepresentations.

---

[1] In its briefing, MineOne keeps saying, in a purely conclusory way with no specifics, that BCB's only investor, CMV Global LLC, and five other foreign members of BCB are "critical witnesses" who have "critical knowledge of the claims and counterclaims in this case." [ECF 337 at Page 14 of 25]. None of this is true or genuine. Now, in its Motion to Amend the Revised Scheduling Order, MineOne says the BCB members/investor's testimony is crucial to show: "(i) how BCB planned to comply with its financial obligations in the Blockchain Interruptible Electric Service Agreement with Black Hills Energy, and what BCB told its investors about the agreement [with Black Hills Energy] in order to induce them to invest; (ii) what money BCB raised and what it did with the money since BCB is blaming MineOne for the loss of all its money; and (iii) that Michael Murphy's testimony at the Evidentiary Hearing regarding 'camouflaged equity' and irregular accounting practices was baseless." *Id.* at Pages 8 and 9 of 14. First, BCB was in total compliance with its energy contract with BHE: BHE never suggested or said that BCB ever breached any of its agreements with BHE, and BHE never served BCB with any default letter or ever sued BCB. Second, what BCB told its investors to encourage them to invest in BCB has nothing to do with whether BCB or MineOne was the "first to breach" their DHS Agreement or what damages either of them suffered from the first to breach. And third, BCB is not suing MineOne "for the loss of all its money." That's MineOne's strawman argument. BCB is suing MineOne for the loss of money BCB was contractually entitled to receive from MineOne during Phase 2 of the project (most of which was for the Power Contract BCB assigned to MineOne). And Michael's Murphy's testimony, at the Evidentiary Hearing, about MineOne's and Terra Crypto's alleged "loans" really being "camouflaged equity," and those companies' irregular business practices, has nothing to do with BCB's investors, and nothing to do with MineOne's breach of contract claim against BCB or BCB's breach of contract claim against MineOne.

[2] Throughout the course of the "Relevant Background" section (p. 5-7) and "Argument" section (p. 7-11) of its *Motion,* MineOne makes no fewer than twenty (20) material misstatements. MineOne makes so many material discovery misrepresentations in its Motion that require BCB's rebuttal and factual correction, that BCB cannot respond to them in this Response. BCB will provide additional rebuttal and factual correction to MineOne's discovery misrepresentations in forthcoming briefing.

## II. REBUTTAL

### A. MineOne Is Not the "Production Saint" It Professes To Be: MineOne's Productions Have Been Lacking and Have Violated Several Court Orders.

MineOne's claim that it has "diligently worked to complete discovery in a timely and efficient manner" is far from the truth. Very little of MineOne's discovery has been timely, efficient, and most importantly, complete. MineOne also claims it "...engaged a discovery vendor to collect documents and communications from all custodians under their control," but the MineOne Defendants have not produced *all* documents and *all* communications from its alleged "custodians under its control" (as documented, in part, in BCB's First Motion for Sanctions [ECF 269] and its second motion for sanctions [ECF 317]). Additionally, MineOne has refused to produce any documents and communications (or present for deposition) the (now former) beneficial owner of the North Range site and MineOne co-founding member, Chong Wang, who MineOne disingenuously says is not under MineOne's control.  But Mr. Wang is absolutely under MineOne's control.  He is the "shot caller," "decision maker," and "big boss" of the entire project. Through companies Mr. Wang controls/directs, he brought the majority of funds to the project (and now stands to lose or recoup more money than anyone else from this lawsuit). Mr. Wang brought Bitmain to the table (which ultimately hosted its machines with MineOne and provided an $8M loan through its affiliate, AntAlpha). Mr. Wang made the decision to remove BCB as the Phase 2 Operator.  And Mr. Wang made the decision to send his trusted associate, Huaili Zhang, to the site to replace BCB as the Phase 2 Operator.  MineOne is absolutely in touch with, and controls, Mr. Wang, as Mr. Wang is part of their other MineOne business operations.  How convenient it must be that Mr. Wang is now thousands of miles away – domiciled in the country of Vanuatu, a known tax haven for Chinese expats – avoiding any responsibility for his decisions that have damaged BCB so badly.  It is also telling that Defendant Bit Origin, of which Mr. Wang was the CEO from October 1, 2022 to April 9, 2024 (which includes at least 11 months during this lawsuit), conveniently failed to obtain

responsive communications from Mr. Wang while he was still the CEO of that company. And then there is Jiaming Li, MineOne's co-founder/director and one of Terra's beneficial owners, who allegedly had his phone confiscated by "agents from the U.S. Customs and Border Patrol of the United States" [ECF 289] (due to the CFIUS action), which MineOne now alleges prevented important communications from being collected. But why weren't those communications collected *before* the CFIUS action and *before* Dr. Li's phone was confiscated? Why weren't they produced after BCB sent discovery requests for these communications in November 2023? And why now, after MineOne has sold the North Range site and CFIUS likely having returned his phones, has Dr. Li not produced his relevant messages?

MineOne has intentionally withheld critical documents and communications, including the following primary examples: MineOne refused to provide BCB with **any** of MineOne's CFIUS communications and documents, despite blaming BCB for not securing CFIUS approval for MineOne back in 2022; *See* MineOne's 9/16/24 responses and objections to BCB's Second Set of Requests for Production (*"***Exhibit 1***"*); MineOne refuses to produce **any** of its documents and communications with CleanSpark. *Id.* MineOne refuses to produce **any** of its documents and communications with Republic Title of Texas. *Id*. MineOne also refuses to produce highly relevant attachments within its WeChat and Skype communications; MineOne refuses to produce any of its WeChat messages from Jiaming Li, including highly relevant communications with Mr. Wang and Huaili Zhang, even under Order of this Court [ECF 190]; and MineOne refuses to produce many of its highly relevant financial and loan documents, even under Order of this Court. [ECF 313].

MineOne's litigation strategy is a form of projection by Chinese managing agents Chong Wang, Jiaming Li, and Huaili Zhang. Instead of producing what MineOne should have produced during the last 10 months of discovery, MineOne now (wrongly) attacks BCB for the very thing MineOne has been doing for almost a year.

**B. MineOne Has Not Diligently Pursued Discovery From BCB Over the Past Year; MineOne Has Sought Multiple Extensions. Now, MineOne Burdens BCB with Untimely, Unripe, and Irrelevant Discovery Requests.**

As part of Judge Johnson's original scheduling order, jurisdictional discovery and merits discovery ran concurrently. But MineOne neglected and failed to pursue any merits discovery for those three months, instead focusing entirely on the jurisdiction issue beginning on December 5, 2023 and then pursuing a jurisdictional discovery extension (which it was granted through April 22, 2024). MineOne then used jurisdictional discovery as a justification to seek a merits discovery extension, which the Court granted from August 7, 2024 to September 17, 2024. All the while, MineOne shirked its discovery responsibilities in June and July 2024. Then, MineOne waited until August 16, 2024 to serve written discovery on BCB – the second to last possible day — with the new, extended September 17, 2024 discovery deadline. Then, MineOne sought a deposition extension—whereby the Court gave Defendants a grace period to pursue depositions (that could have and should have *already* been done) to September 30, 2024. BCB had been trying to schedule depositions with MineOne since early July 2024. *See* Patrick Murphy's 7/15/24 Letter ("**Exhibit 2**").

Now, MineOne is bringing unripe issues to the Court in its haste to jam BCB at this late hour. MineOne has jumped the gun to request an unripe motion to compel discovery [ECF 366] [which request was granted] at the 12th hour [ECF 358], mustering all its legal resources to crush BCB with a 25-page motion brimming with mischaracterization and misrepresentations that BCB now again must expend time, costs, and its extremely limited resources to defend against and correct. Further, there was no conferral between counsel on serving deposition notice by email, but MineOne jammed this into their Motion to Compel.  By contrast, BCB timely and properly followed the required procedures when it brought its motions to compel against MineOne [ECF 124, 214] and has correctly pursued sanctions against MineOne as MineOne has violated Court orders by withholding critical documents and communications. And MineOne stalls arranging depositions of MineOne's Chinese

managing agents Chong Wang, Jiaming Li, and Huaili Zhang.[3]

### C. MineOne Continues To Misrepresent Orders by Judge Rankin and Judge Hambrick; Nonetheless, BCB Has Still Complied.

MineOne asserts that BCB has "...tried to prevent MineOne from obtaining crucial evidence" [ECF 344 p. 3] by not complying with Orders from Judge Rankin (ECF 154 and 190) and Judge Hambrick (Transcripts from 8/19/24 and 8/21/24; ECF 319 at p. 3). MineOne is wrong. MineOne twists and manipulates the meaning and intent of these Judges' Orders to fit MineOne's agenda (in an effort to turn the Court against BCB, and inflict as much discovery time and expense on BCB as possible). A close reading of these Judges' Orders shows that BCB has complied with the Orders. Moreover, not only has BCB complied with these Judges' Orders, BCB has provided MineOne with the additional information MineOne requested (specifically, documents from March 15, 2023 to May 3, 2023).

### D. BCB's Counsel Directed the Search of All of BCB's Custodians' Devices and Accounts for Responsive, Relevant, and Non-privileged Information; BCB's Productions Have Been in Good Faith; BCB Has Produced Significantly More Information Than MineOne.

MineOne accuses BCB of failing "to conduct a good faith search from all custodians and all devices" and making "belated bad faith productions." This is more of the same from MineOne: infecting this Court with misrepresentations to unduly burden BCB with having to expend more time

---

[3] MineOne is well versed in how to game and evade the US legal system. They even conspire and laugh about it within their internal communications about doing so to shift liability and avoid producing their foreign members. Erick Rengifo to Haku Du and Jiaming Li: "***MWDC is an American Corp ... And an action like this implies even jail***" (2/2/2023, 10:18 AM) ... "***Imagine ... We know the problems with this deal and even knowing this we sign it***" ... "***Then we take a loan from them [Bitmain] knowing that we likely we cannot pay***" … "***The LPs are going to complain and sue us***" (2/2/2023, 10:20 AM) ... "***The judge will have an easy work and have us in contempt and liable to personal compensation (I.e. we personally will need to pay) and most likely jail time***" (2/2/2023, 10:21 AM) "... ***However, who will sign?***" ... "I can not do this. ***An option is that the GP members sign and we in MWDC only execute***" (2/2/2023, 10:33 AM), …"***then, let's make this move and other GP members to sign. They are outside USA and in worst case scenario, they will never be able to come in the USA***<ss type="*laugh*">(laugh)</ss>" (2/2/2023, 10:40 AM) (MINEONE0030957) (emphasis added).

and money to respond to and rebut these false allegations. BCB has conducted a good faith search from its custodians and devices, and BCB has made good faith productions. In fact, not only has BCB produced significantly more documents and pages than MineOne, it has provided MineOne with MineOne's requested Relativity load files (which contain at least twenty additional data points for each document), which took significant time and expense for BCB to do. Even though MineOne requested Relativity load files of BCB, MineOne refused to provide Relativity load files to BCB (even though all of MineOne's documents are already in Relativity). (*See* ECF 336 - Plaintiff's Appeal of Magistrate Judge Hambrick's Text Order on Relativity).

BCB's counsel directed the search of the BCB custodians, and BCB's custodians' devices and accounts (specifically, their phones, computers, and cloud-based storage accounts), for relevant, responsive, and non-privileged documents. Michael Murphy and Emory Patterson have always been, and still are, BCB custodians. Neil Phippen was previously a BCB custodian, but is no longer a BCB custodian. Michael Murphy, Emory Patterson, and Neil Phippen are BCB's *only* three co-founders (despite MineOne's misstated claims otherwise) and are the only individuals who have been or still are BCB custodians. BCB's counsel did not direct a search of the devices of BCB's non-custodians (for example, Sean Murphy and Stephen Randall). However, during the project, BCB's co-founders/custodians asked Sean Murphy and Stephen Randall to cc BCB's co-founders/custodians on their communications and to upload their documents to the shared BCB Google Drive. As such, BCB's counsel reasonably believes the information from non-custodians Sean Murphy and Stephen Randall has been collected, reviewed, and produced. BCB's counsel directed the search for the following items from each of BCB's custodians:

- **EMAIL Messages** - BCB has produced over 17,000 emails and attachments, consisting of over 56,000 pages. These include relevant (a) internal BCB emails, (b) BCB emails with MineOne vendors and/or third parties, and (c) BCB emails with the MineOne Defendants.
- **WHATSAPP Messages** - BCB has produced over 3,000 individual WhatsApp messages with

the MineOne Defendants.  BCB did not use WhatsApp to communicate internally, with MineOne vendors, or with third parties related to the project.

- **TEXT Messages** - BCB has produced over 1,000 individual text messages.  These include relevant (a) internal BCB text messages, (b) BCB text messages with MineOne vendors and/or third parties, and (c) BCB text messages with the MineOne Defendants.  BCB also obtained Text messages from non-custodian Sean Murphy.

- **SKYPE Messages** - BCB did not use Skype to communicate about the project, and as such, there were no Skype messages to produce.

- **WECHAT Messages** - BCB did not use WeChat to communicate about the project, and as such, there were no WeChat messages to produce.  However, for a period of time in early to mid 2023 (exact dates unknown), BCB's former Site Manager, and non-custodian Stephen Randall, was invited to a WeChat message thread by the MineOne Defendants in an attempt to lure Stephen Randall away from BCB and to MineOne.  Stephen Randall later provided screenshots of the MineOne Defendants' WeChat messages from this thread to BCB's custodians.  At some point (exact date unknown), Stephen Randall was removed from this WeChat thread by the MineOne Defendants.

- **SLACK Messages** - BCB has produced over 4,000 individual Slack messages.  BCB's counsel directed the search for and obtained all of BCB's exportable Slack threads.

- **AUDIO/VIDEO/IMAGE Files** - BCB has produced over 400 audio/video/image files (which were not transmitted as attachments through a messaging system), which BCB's team recorded/stored on their devices and/or uploaded to the shared BCB Google Drive.

- **OTHER Files** - BCB has produced an assortment of other files that were not transmitted as attachments through a messaging system, and which were stored on the BCB Google Drive.

*In total, BCB has produced over 64,000 pages of documents, yet MineOne, which has produced only "over 36,600 pages of documents," [ECF 344 ] accuses BCB of bad faith productions.* This is wrong.

### E. The MineOne Defendants Twist the Facts and Make So Many Material Misrepresentations; MineOne Abuses the Legal System.

Knowing the evidence does not support its case, MineOne turns to outright lawfare and blatant fishing expeditions to gain the upper hand on BCB. MineOne's repeated misstatements (about the factual background, the Parties' claims and counterclaims, the Parties' contractual obligations, etc.) are an abuse of the American legal system. In the absence of having facts and evidence on their side, MineOne hopes repeating something that is not true will eventually make it true. MineOne knows presenting misrepresentations to the Court will force BCB to expend time, money, and its now exhausted resources to rebut MineOne's misrepresentations. MineOne's disingenuous *Motion to Compel* – filed at the 12th hour after multiple discovery extensions – is another example of the lawfare MineOne deploys against BCB. It is no coincidence MineOne is doing everything it can to "stack the deck" against Plaintiff BCB on the approach of the discovery cutoff, when the Parties should be finishing their depositions of key fact witnesses.

### F. Against this Court's Order, MineOne Refuses to Make Jiaming Li and Haku Du Available for Depositions, While BCB Agrees to Have Sean Murphy Give His Deposition Before the Deposition Deadline.

Dr. Jiaming Li and Ms. Haku Du are two of the four key witnesses with the MineOne Defendants. On September 9, Magistrate Judge Hambrick <u>ordered</u> "MineOne's counsel to produce availability dates for the depositions of Haku Du and Dr. Jiaming Li *as soon as possible*." [ECF 339] (emphasis added). MineOne's counsel has still not provided *any* dates for these two depositions, yet MineOne complains it can't serve Sean Murphy, Neil Phippen and Stephen Randall with deposition subpoenas, and MineOne wants the Court to now order service by email. MineOne seeks this order without proper conferral with BCB's counsel about the issue. MineOne's hasty and improper action – submitted so late in the discovery process – is not on BCB. It is entirely MineOne's fault for not pursuing these three depositions until the second discovery extension period (while MineOne's lead counsel went on a two-week vacation at the end of August and was unavailable for depositions during

that entire time, and would not allow any depositions to take place without her).

Sean Murphy is making himself available for his deposition before the September 30 deposition cutoff date. BCB does not control Stephen Randall, a former employee of BCB who has not participated with BCB since after this lawsuit was filed (other than providing an Affidavit on March 19, 2024 [ECF 182-3] to Patrick Murphy). Similarly, MineOne's delay in seeking a deposition of Neil Phippen is entirely on MineOne for being so late. MineOne should not be given yet another grace by the Court to take a deposition it should have sought months ago (while it simultaneously hides its Chinese owners and operators – Chong Wang, Jiaming Li, Haku Du, and Huaili Zhang – from depositions).

### III. CONCLUSION

MineOne is conducting lawfare against BCB. MineOne continues to withhold critical documents and communications while abusing the discovery processes to unfairly saddle BCB with financial and time costs from MineOne's 12th-hour, burdensome, unripe and irrelevant discovery requests. BCB respectfully requests the Court resolve these issues and stop this abuse of the discovery process by MineOne. BCB also respectfully requests:

- The Court **end all discovery on September 30, 2024** (both depositions and document production) and not allow any further extensions or grant any further requests or graces to MineOne for subpoenas or depositions beyond the twice-extended deposition cutoff date; and
- The Court move back the briefing deadlines (that all Parties agree on) by three weeks to the following dates: Dispositive Motions to October 25, 2024; Responses to dispositive motions and filing of all other pretrial motions to November 8, 2024; Replies to dispositive motions to November 15, 2024; Joint Final Pretrial Memorandum to December 6, 2024; and Motions in Limine to December 6, 2024.

**DATED** this 24th day of September, 2024.

BCB CHEYENNE LLC d/b/a
BISON BLOCKCHAIN, Plaintiff

By:   */s/ Patrick J. Murphy*
Patrick J. Murphy (WSB No. 5-1779)
Scott C. Murray (WSB No. 7-4896)
Williams, Porter, Day & Neville, PC
159 N Wolcott St. Suite 400
Casper, WY 82601
Ph: (307) 265-0700
pmurphy@wpdn.net
smurray@wpdn.net

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 24th day of July, 2024.

| Recipient | Method |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>Leily Lashkari, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>dforrest@loeb.com<br>llashkari@loeb.com | [ ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[ ]   Overnight Delivery<br>[ ]   Hand Delivery<br>[ ]   Electronic Mail |

| | |
|---|---|
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [  ]   U. S. Mail (prepaid)<br>[ x ]   CM/ECF Electronic Transmission<br>[  ]   Overnight Delivery<br>[  ]   Hand Delivery<br>[  ]   Electronic Mail |

                                        */s/ Patrick J. Murphy*
                                          Patrick J. Murphy