# EXHIBIT
# 1

Sean Larson, Wyo. Bar #7-5112
Kari Hartman
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
slarson@hkwyolaw.com
khartman@hkwyolaw.com

Paula K. Colbath (*Pro hac vice*)
Leily Lashkari (*Pro hac vice*)
David Forrest (*Pro hac vice*)
Alex Inman (*Pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
212-407-4000
212-407-4990 (Fax)
pcolbath@loeb.com
ainman@loeb.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) ) |
| Plaintiff, | Civil Action No. 23-CV-79-ABJ ) ) |
| v. | ) ) ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **DEFENDANT MINEONE PARTNERS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendant. | ) |

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant MineOne Partners LLC ("MineOne Partners" or "Defendant"), by and through its undersigned counsel, hereby objects and responds to the Second Set of Requests for Production of Documents of Plaintiff BCB Cheyenne LLC d/b/a Bison Blockchain, dated August 9, 2024, as follows:

## GENERAL OBJECTIONS TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.      Defendant objects to each Request and the "Instructions" and "Definitions" applicable thereto, to the extent they purport to expand or otherwise modify the scope of discovery permissible under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the District of Wyoming, or any other applicable rules or laws.

2.      Defendant objects to each Request to the extent that it seeks information that is not relevant to any party's claims or defenses, and to the extent that it is not proportional to the needs of the case.

3.      Defendant objects to each Request to the extent that it calls for the disclosure of documents that were prepared in anticipation of litigation or trial or otherwise constitutes attorney work product, contains privileged attorney-client communications, or is otherwise protected from disclosure under applicable privileges, laws or rules. Defendant hereby asserts such privileges and protections to the extent that such privileged or protected documents are sought by any Request and will exclude privileged and protected documents from its production. Any disclosure of such documents is inadvertent and is not intended to waive those privileges or protections.

4.      Defendant objects to each Request to the extent that it seeks documents or information not within its possession, custody, or control, or not reasonably accessible to

2

Defendant. Defendant will collect, search for, and provide documents that are in its possession, custody, or control.

5.      Defendant objects to each Request to the extent that it seeks documents or information that are already in Plaintiff's possession, custody or control, are publicly available or equally available to Plaintiff, or are obtainable from some other source to whom the documents or information is more convenient or obtaining it is less burdensome or less expensive.

6.      Defendant objects to each Request to the extent that it assumes facts that are in dispute and/or legal conclusions in describing the information or material requested.

7.      Defendant objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, vexatious, primarily designed to be oppressive or harassing, and/or fails to describe the documents sought with reasonable particularity.

8.      Defendant objects to each Request to the extent that it is duplicative or cumulative of other Requests, or seeks information that can be obtained more efficiently or cost effectively from other sources or through other means of discovery.

9.      Defendant objects to each Request to the extent that it seeks documents containing confidential financial, trade secret, proprietary business, or commercially sensitive information or material. Defendant will produce such documents on a confidential basis only and in accordance with the confidentiality order in this case.

10.     Defendant objects to each Request to the extent that it seeks production of electronically stored information ("ESI") that is not "reasonably accessible" within the meaning of Federal Rule of Civil Procedure 26(b)(2)(B).

11.     Defendant objects to each Request to the extent that it does not include a reasonable date restriction, or any date restriction whatsoever.

12.    Defendant objects to the Definition of "you" and "your" as overbroad and unduly burdensome insofar as it includes, managing members, members, agents, contractors and consultants. Defendant is responding solely on its behalf.

13.    Defendant objects to the Instruction that Defendant "furnish all documents in Your possession, custody or control, regardless of whether such documents are in Your possession, or the possession of Your directors, officers, members, partners, designees, agents, managers, employees, representatives, attorneys, or any other person or entities acting on Your behalf or subject to Your control" as overbroad and unduly burdensome.    Defendant will provide information that is within its own possession, custody, or control.

14.    Defendant objects to the Instruction that Defendant produce "English language translations of any non-English language documents that are responsive to any of these requests" as overbroad and unduly burdensome.

15.    Defendant's failure to object to any specific Request, Definition or Instruction, or any statement that Defendant will produce documents responsive to a specific Request, is not an admission or representation that Defendant has any responsive documents within its possession, custody, or control or that such documents exist.

16.    Defendant's failure to object to a Request on a particular ground shall not be construed as a waiver of Defendant's right to object on that ground, or any additional ground at any time.

17.    Defendant is producing herewith copies of documents and/or ESI responsive to the Requests as prescribed by the Court.    Defendant's investigation of documents that may be responsive to the Requests is continuing and, therefore, Defendant reserves the right to supplement or modify its responses and objections to the Requests if and when it discovers any additional

4

responsive, non-privileged information adduced, disclosed, or developed through discovery or

further investigation, as well as to assert additional general and specific objections not contained

herein.

18.     Pursuant to the Federal Rules of Civil Procedure, Defendant's counsel is prepared

to meet and confer in good faith as to any and all of the objections herein asserted.

19.     Each of the foregoing General Objections is incorporated in each of the responses

hereinafter set forth.

20.     Subject to and without waiving any of the foregoing General Objections, which

MineOne Data hereby incorporates into each response given below, MineOne Data responds to

the Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST NO. 14:** Please produce all of your and your attorneys' communications and

documents with the Committee on Foreign Investment in the United States ("CFIUS"), its agents,

employees and/or CFIUS's counsel, from June 1, 2022 through the date you serve these responses

upon BCB, up through and including August 31, 2024 concerning or relating to the North Range

property in Laramie County, Wyoming.

**RESPONSE:** Defendant incorporates each of its General Objections as if fully set forth

herein. Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad,

not stated with reasonable particularity, unduly burdensome, to the extent that it seeks documents

that are not relevant to any party's claims or defenses, and to the extent that it is not proportional

to the needs of the case. Defendant further objects to this Request to the extent that it seeks

documents that are already in Plaintiffs' possession, custody or control, are publicly available, or

are more easily accessible from some other source. Defendant further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Request as premature as discovery remains ongoing and as a result, Defendant's response to this Request may be modified.

**REQUEST NO. 15:** Please produce all of your and your attorneys' communications and documents with CleanSpark, Inc., its agents, employees and/or CleanSpark's counsel, from February 1, 2024 through the date you serve these responses upon BCB, up through and including August 31, 2024 concerning or relating to either North Range or Campstool in Laramie County, Wyoming.

**RESPONSE:** Defendant incorporates each of its General Objections as if fully set forth herein. Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, to the extent that it seeks documents that are not relevant to any party's claims or defenses, and to the extent that it is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are more easily accessible from some other source. Defendant further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Request as premature as discovery remains ongoing and as a result, Defendant's response to this Request may be modified.

**REQUEST NO. 16:** Please produce all of your and your attorneys' communications and documents to, from and with Republic Title of Texas, Inc. ("Republic Title"), Republic Title's agents, Republic Title's employees and Republic Title's counsel from December 1, 2022 – August 30, 2024 concerning or relating to either North Range or Campstool in Laramie County, Wyoming.

6

**RESPONSE:** Defendant incorporates each of its General Objections as if fully set forth herein. Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, to the extent that it seeks documents that are not relevant to any party's claims or defenses, and to the extent that it is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are more easily accessible from some other source. Defendant further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Defendant further objects to this Request as premature as discovery remains ongoing and as a result, Defendant's response to this Request may be modified.

**REQUEST NO. 17:** Please produce all of your and your attorneys' communications and documents to, from and with Antalpha Technologies Limited ("Antalpha"), Antalpha's agents, Antalpha's employees and Antalpha's counsel from December 1, 2022 – July 29, 2024 concerning or relating to either North Range or Campstool in Laramie County, Wyoming.

**RESPONSE:** Defendant incorporates each of its General Objections as if fully set forth herein. Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, not stated with reasonable particularity, unduly burdensome, to the extent that it seeks documents that are not relevant to any party's claims or defenses, and to the extent that it is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks documents that are already in Plaintiffs' possession, custody or control, are publicly available, or are more easily accessible from some other source. Defendant further objects to this Demand because it seeks information protected from disclosure by the attorney-client privilege or attorney

7

work-product doctrine. Defendant further objects to this Request as premature as discovery remains ongoing and as a result, Defendant's response to this Request may be modified.

     **DATED** this 9th day of September, 2024.

                    DEFENDANT MINEONE PARTNERS LLC

                 By: */s/ Paula K. Colbath*
                     Sean Larson Wyo. Bar #7-5112
                     Kari Hartman, Wyo. Bar #8-6507
                     HATHAWAY & KUNZ, LLP
                     P. O. Box 1208
                     Cheyenne, WY 82003
                     Phone: (307) 634-7723
                     Fax: (307) 634-0985

                     Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
                     Leily Lashkari, Esq. (Admitted *Pro Hac Vice*)
                     David Forrest, Esq. (Admitted *Pro Hac Vice*)
                     Alex Inman, Esq. (Admitted *Pro Hac Vice*)
                     345 Park Avenue
                     New York, NY 10154
                     Telephone: 212-407-4905
                     Fax: 212-407-4990

                     ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of September, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

Patrick J. Murphy
Scott C. Murray
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott., Suite 400
P.O. Box 10700 (82602)
Casper, WY 82601
*Attorneys for Plaintiff*

[  ] CM/ECF
[  ] Fax:
[ ✓] E-mail:
pmurphy@wpdn.net
smurray@wpdn.net

Khale J. Lenhart
Tyson R. Woodford
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083

[  ] CM/ECF
[  ] Fax:
[ ✓] E-mail:
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

Marc Feinstein, *pro hac vice*
William K. Pao, *pro hac vice*
David Iden, *pro hac vice*
Kaitlyn Farrell, *pro hac vice*
Daniel Hirsch, *pro hac vice*
Sherin Parikh, *pro hac vice*
O'Melveny & Myers, LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
*Attorneys for Bitmain Technologies Georgia Limited*

[  ] CM/ECF
[  ] Fax:
[ ✓] E-mail:
mfeinstein@omm.com
wpao@omm.com
dhirsch@omm.com
diden@omm.com
kfarrell@omm.com
sparikh@omm.com

Meggan J. Hathaway
Jane M. France
Sundahl, Powers, Kapp & Martin, L.L.C.
500 W. 18th Street, Suite 200
Cheyenne, WY 82003-0328

[  ] CM/ECF
[  ] Fax:
[ ✓] E-mail:
mhathaway@spkm.org
jfrance@spkm.org

Marc S. Gottlieb
Ortoli Rosenstadt, LLP
366 Madison Avenue, 3rd Floor
New York, NY 10017
*Attorneys for Bit Origin and SonicHash*

[  ] CM/ECF
[  ] Fax:
[ ✓] E-mail:
msg@orllp.legal

*/s/ Paula K. Colbath*
Loeb & Loeb LLP