Patrick J. Murphy, WSB No. 7-1779
Scott C. Murray, WSB No. 7-4896
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700 (82602)
Casper, WY 82601
Email: pmurphy@wpdn.net
       smurray@wpdn.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability Company, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil No. 23-CV-79 |
| MINEONE WYOMING DATA CENTER, LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, A Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF BCB CHEYENNE LLC'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR SANCTIONS AGAINST DEFENDANT MINEONE WYOMING DATA CENTER LLC**

COMES NOW Plaintiff BCB Cheyenne LLC ("BCB"), through its counsel, Patrick Murphy, and hereby submits its Reply to Defendant MineOne Wyoming Data Center LLC's ("MineOne"),

9/19/24 Opposition To Plaintiff's Third Motion For Sanctions Against Defendant MineOne.

## I. PRELIMINARY STATEMENT

MineOne is in a serious pickle. In May 2024, MineOne and Dr. Erick Rengifo made numerous representations to the Court about MineOne's alleged related party lenders (to oppose BCB's Motion for the Writs and in support of MineOne's later Motion to increase the amount of the bond securing the Writs), but MineOne has not been able to provide, among other things, drafts of the loan documents, and in some cases, the actual final/signed loan documents (which, if they existed, would have been located in a good faith search, which MineOne purports to have done, particularly given the amounts in question and the importance of these documents to support MineOne's claims it has other alleged creditors ahead of BCB). MineOne claims to have produced "over 36,600 pages of documents" (many of which, BCB observes, are irrelevant), but for some reason, MineOne can not locate drafts of the critical loan documents, and in some cases, the actual final/signed loan documents representing alleged loans in the millions of dollars. And MineOne cannot locate critical communications between MineOne and its related party alleged lenders to substantiate the authenticity of the alleged loans, specifically if/when those alleged loan agreements were actually signed. Does MineOne really expect BCB and this Court to believe none of the documents and communications identified in Section 9a of BCB's *Third Motion for Sanctions* [ECF 338] could be located? If MineOne is telling the truth (*i.e.,* the alleged loans are real and the terms/timing are as described by MineOne, MineOne's third party e-discovery vendor searched for and obtained documents, and MineOne's counsel could not find the critical information that has not yet been produced), this would suggest (a) MineOne's custodians have spoliated evidence (which would be sanctionable) or (b) MineOne's third party e-discovery vendor failed to locate this information (which certainly draws into question the thoroughness of this vendor's work and how much additional relevant information it failed to locate on other matters in this case). And if MineOne isn't telling the

truth (*i.e.,* the alleged loans are not real or the terms/timing are not as MineOne has described), then MineOne has made material misrepresentations to this Court in MineOne's attempt to defraud BCB (through MineOne's opposition of the Writs). None of this is good for MineOne.

## II. ARGUMENT AND REBUTTAL

### A. MineOne's Feigned Compliance with - and Obvious Violation of - Judge Carman's Order to Produce Documents and Communications.

MineOne glosses over its violation of Judge Carman's 8/9/24 Order by pointing out how it originally produced "over 1000 pages of unredacted Skypes" [ECF 363] (most of which had already been produced, but with redactions) in August and then "an additional 120 pages of documents[1]" on September 17. But nowhere in these "smoke and mirrors" productions are the critical documents – that BCB identified in Section 9a of its *Third Motion for Sanctions* Against MineOne – that would substantiate the alleged related party loans ***specifically*** referenced in Dr. Rengifo's May 24, 2024 *Declaration*. Why is that? Do those loan documents, and the drafts thereof, simply not exist? Is MineOne withholding them? Did MineOne spoliate them? Did MineOne's e-discovery vendor do a poor job of collecting evidence and miss them, along with other critical evidence BCB is unaware of? With so many questions, and no substantive explanation/evidence from MineOne, this Court is left to draw its own conclusions, none of which paint MineOne in a positive light.

### B. MineOne's Excuses for There Being No Draft Loan Agreements or Communications with Draft Loan Documents are Not Believable.

MineOne's counsel states its review did not reveal any drafts of the highly critical loan documents because, according to MineOne, "...the negotiations relating to the loans were conducted either in person or via Zoom and that the MineOne Defendants prepared the loan agreements

---

[1] MineOne doesn't even know what it produced: MineOne did not produce "an additional 120 pages of documents to BCB" on September 17. MineOne produced over 370 documents with over 2,500 pages, but amazingly, none of these documents were the highly relevant loan documents, or drafts of loan documents, that would substantiate the alleged related party loans referenced in Dr. Rengifo's *Declaration*, and which Judge Carman ordered MineOne to produce.

themselves." Indeed, negotiations regarding documents can take place in person or via Zoom, but this does not explain why there are not *any* drafts of these documents, or *any* electronic transmissions of these documents between the related counterparties to facilitate the digital signing of the documents. Does MineOne really think BCB and this Court will believe that MineOne drafted, negotiated, and signed not just one transaction document, but at least nine transaction documents[2], without there being a single draft document or draft transmittal email to substantiate these alleged transactions? MineOne used, and is still using, these now proven fake loans – this dubious camouflaged equity – to support its arguments before this Court.

    **C.**    **BCB Did Not Make Any Intentional Misrepresentations and Should Not be Subject to Sanctions.**

MineOne alleges BCB made numerous intentional misrepresentations, and then lists those alleged intentional misrepresentations, but none of BCB's assertions were intentional misrepresentations. When MineOne failed to produce so many of the documents it was ordered to produce by Judge Carman, the silence was deafening. How could MineOne fail to produce so much ordered information without providing any meaningful explanation? BCB stands by its claim that MineOne should have proactively explained why it did not comply with Judge Carman's order (since the documents MineOne failed to produce were used as the basis of its argument to oppose BCB's motion for the Writs and are now being used as the basis of its argument to support the increase in the bond amount).

    **D.**    **CPA Michael Murphy's Affidavit is Based on His Personal Audit of MineOne's Produced Documents; It Should NOT Be Stricken or Disregarded.**

One of MineOne's favorite angles is attacking Michael Murphy, a credible fact witness, and an

---

[2] These documents include, but are not limited to, the (1) 2022 Terra Bridge Loan, (2) 2022 Terra Lease Agreement (aka Purchase Agreement), (3) May 2023 MineOne Member Loan Agreements, (4) 2023-2024 BitGeek funding and/or invoice payments, (5) 2023-2024 IIC funding and/or invoice payments, (6) 2024 Terra Repurchase and Debt Conversion Agreement, (7) April 2024 MineOne Member Loan Agreement, (8) April 2024 BitGeek Loan Agreement, and (9) April 2024 IIC Loan Agreement.

18+ year licensed Certified Public Accountant (with audit experience).  In requesting the Court to strike/disregard Michael Murphy's September 6 Affidavit, MineOne employs many of the same mistaken arguments it previously used in its attempt to strike Michael Murphy's September 11 Affidavit [*see* ECF 353], which BCB thoroughly rebutted in BCB's Response [ECF 370].

First, MineOne reminds the Court that Michael Murphy's June 24, 2024 "Writs Affidavit" was stricken - which it was - but MineOne fails to say *why* it was stricken (which was because it was not timely filed for consideration at the June 26th Evidentiary Hearing).  MineOne fails to appreciate many of Michael Murphy's observations and assertions in his Writs Affidavit are also in his July 22, 2024 Bond Amount Affidavit, and the Bond Amount Affidavit has not been stricken and that testimony is before this Court.

Second, MineOne claims that Michael Murphy's Affidavit is "based on unsupported assertions and rank speculation" and that he "assumes [certain documents] exist and were improperly withheld." [ECF 363 p. 8].  Of course Michael Murphy assumes that certain documents existed.  Erick Rengifo referenced those documents in his 5/24/24 *Declaration*.  Is MineOne saying Michael Murphy was wrong to rely on Erick Rengifo's *Declaration*, and that the documents don't actually exist?  And so here we are, back at the pickle MineOne is faced with:  either the documents exist (and MineOne failed to produce them), or the documents don't exist, or they do not show what MineOne says they show (and MineOne misled the Court in opposing BCB's motion for the writs and in MineOne's motion to increase the bond amounts).  Which is it?

Michael Murphy's Affidavit is based on his personal audit of MineOne's documents produced in response to Judge Carman's order.  His assertions are supported based on evidence, including the Audit Log he personally created (after auditing MineOne's production) and attached to his Affidavit.

Third, MineOne should be admonished for misrepresenting to the Court what took place on the August 29 deposition scheduling meet-and-confer.  Michael Murphy was courteous and

respectful, and he did not hinder the meet-and-confer (whereas Ms. Colbath was argumentative and disrespectful to Michael Murphy and BCB counsel, Patrick Murphy). At numerous times, Ms. Colbath resorted to yelling and harassing the Murphys requiring co-Defense counsel, Mark Gottlieb, to interject to appeal to Ms. Colbath to be professional and civil. Michael Murphy provided important insight and firsthand facts about the Chinese individuals BCB was seeking to depose.

### III. CONCLUSION

MineOne has been smoked out. MineOne is either intentionally withholding critical documents it was ordered to produce, or these critical loan documents that MineOne used as the basis for its Writs arguments at the 6/26/24 Evidentiary Hearing (and now in its pending motion to increase the bond amount) — and cited throughout Erick Rengifo's *Declaration* – simply do not exist. If BCB and the Court are to believe MineOne's lead counsel, Ms. Colbath, in her 9/19/24 *Declaration*, it is clear the so-called loan documents underlying so many of MineOne's arguments do not exist, and many of those that do exist were ill-conceived and ill-executed with Drs. Rengifo and/or Li signing and counter-signing on behalf of numerous alter ego Defendants and/or related parties.

For the reasons in BCB's *First Motion for Sanctions* and *Second Motion for Sanctions*, and for the fraudulent and contumacious misconduct demonstrated in BCB's *Third Motion for Sanctions* [ECF 363], Michael Murphy's September 6 Affidavit [ECF 363-1], and this *Reply,* MineOne should be sanctioned. Fraud vitiates everything it touches—and nowhere is that more true than here where MineOne ultimately tried to run off to China with millions of dollars and effectively steal all the value BCB worked so hard to create and develop.

BCB respectfully requests the Court enter the sanction of default on MineOne's defense to BCB's First Amended Complaint; it should dismiss with prejudice MineOne's three Counterclaims; it should award BCB its attorney fees; and it should award such other relief as the Court, in its wisdom, deems warranted.

DATED this 26th day of September, 2024.

                BCB CHEYENNE LLC d/b/a
                BISON BLOCKCHAIN, Plaintiff

By:    */s/ Patrick J. Murphy*
       Patrick J. Murphy (WSB No. 5-1779)
       Scott C. Murray (WSB No. 7-4896)
       Williams, Porter, Day & Neville, PC
       159 N Wolcott St. Suite 400
       Casper, WY 82601
       Ph: (307) 265-0700
       pmurphy@wpdn.net
       smurray@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 26th day of September, 2024.

| Counsel | Method |
|---|---|
| Sean M. Larson, WSB No. 7-5112<br>Kari Hartman, WSB No. 8-6507<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82001<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |
| Paula Colbath, *Pro Hac Vice*<br>Alex Inman, *Pro Hac Vice*<br>David Forrest, *Pro Hac Vice*<br>Leily Lashkari, *Pro Hac Vice*<br>LOEB & LOEB LLP<br>345 Park Avenue New York, NY 10154<br>pcolbath@loeb.com<br>ainman@loeb.com<br>dforrest@loeb.com<br>llashkari@loeb.com | [ ] U. S. Mail (prepaid)<br>[x] CM/ECF Electronic Transmission<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

| | |
|---|---|
| Meggan J. Hathaway<br>Jane M. France<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>500 W. 18th Street, Ste. 200<br>Cheyenne, WY 82003<br>mhathaway@spkm.org<br>jfrance@spkm.org | [ ]　U. S. Mail (prepaid)<br>[ x ]　CM/ECF Electronic Transmission<br>[ ]　Overnight Delivery<br>[ ]　Hand Delivery<br>[ ]　Electronic Mail |
| Marc S. Gottlieb<br>ORTOLI ROSENSTADT, LLP.<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br>Telephone: (212) 588-0022<br>Facsimile: (866) 294-0074<br>Email: msg@orllp.legal | [ ]　U. S. Mail (prepaid)<br>[ x ]　CM/ECF Electronic Transmission<br>[ ]　Overnight Delivery<br>[ ]　Hand Delivery<br>[ ]　Electronic Mail |

　　　　　　　　　　　　　　　　　　 */s/ Patrick J. Murphy*
　　　　　　　　　　　　　　　　　　　Patrick J. Murphy