Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY 10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 23CV-79-ABJ ) |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

**DEFENDANTS MINEONE WYOMING DATA CENTER LLC, MINEONE PARTNERS LLC AND TERRA CRYPTO INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO *THIRD* MOTION TO STRIKE BCB'S REPLY AFFIDAVITS, AWARD ATTORNEYS' FEES AND COSTS, AND SANCTION PLAINTIFF'S COUNSEL PURSUANT TO LOCAL CIVIL RULE 84.1(b)**

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, "MineOne"), by their counsel, and hereby file this *reply* to Plaintiff's ("BCB") opposition to their **third** motion to strike affidavits, for attorneys' fees, and sanctions against BCB's counsel (ECF No. 353).

## ARGUMENT

**A.    While Evidentiary Affidavits Can Be Filed with Reply Briefs, the Affidavits of Patrick Murphy and Michael Murphy Should be Stricken**

BCB's argument that affidavits can be attached to reply briefs misses the mark entirely (Opp. at 1). To be clear, MineOne has **never** taken the blanket position that a party cannot attach an affidavit to its reply brief. Of course, a party can do so—but within limits that are well settled in law. As articulated in its opening brief, MineOne's position is that a witness's affidavit can only be based on *personal knowledge* and cannot be based on hearsay statements, conclusory statements and improper legal conclusions, which summarizes the crux of Michael Murphy's affidavit as detailed in MineOne's opening brief and will not be repeated here. (Motion at 5-7).

BCB has a long single-spaced block quote, spanning across two pages, seemingly from a case, but does not cite to the case the block quote is cited from. (Opp. at 1-2).[1] Even so, the cases cited in the lengthy block quote simply stand for the basic proposition that an affidavit which does not raise new matters and is based on a witness's personal knowledge can be attached to a reply brief. MineOne fully agrees. But as detailed in MineOne's opening brief, Michael Murphy's and Patrick Murphy's affidavits should be stricken. *See, e.g., Bison Pipeline LLC v. 102.84 Acres of Land, No*. 10-CV-89-F, 2011 U.S. Dist. LEXIS 160188, at *13 (D. Wyo. Jan. 3, 2011) (Freudenthal,

---

[1] Or this is BCB's way to extend the 10-page requirement under the Local Rules by single spacing two pages of text so that its brief can fit into 10-pages. It is respectfully requested that the Court not allow BCB to continuously violate the Local Rules.

J.) (striking three affidavits from the Court's consideration that did not "express personal knowledge," but were the affiants' general opinions as to the project at issue); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 271 F.R.D. 668, 671 (D. Wyo. Jan. 13, 2011) (Freudenthal, J.) (striking portions of the affidavit that contained "a number of unsupported assertions," stating that the Court will only consider those portions "that are based on personal knowledge").

**B.     Contrary to BCB's Assertion, Michael Murphy's September 11 Affidavit Should Be Stricken**

*First*, BCB argues (Section B of Opp. at 2-3) that MineOne seeks to have the Court strike Michael Murphy's September 11 affidavit (ECF No. 351-1) because Michael Murphy has relied on a June 24 affidavit which was stricken from the record. This is <u>not true</u>. MineOne simply stated that BCB makes repeated references to Michael Murphy's June 24, 2024 affidavit, which was stricken from the record by Magistrate Judge Carman, which means that the affidavit is no longer part of the record. *See, e.g.*, *Exch. 12, LLC v. Palmer Twp.*, No. 23-3740, 2024 U.S. Dist. LEXIS 149334, at *14 (E.D. Pa. Aug. 21, 2024) (affidavit was "stricken from the record and barred from any further use in these proceedings.").

*Second*, at least on three separate occasions, BCB relies on Michael Murphy's background as a CPA as the basis for allowing his general opinions in his affidavit. *See, e.g.*, Opp. at 6-7 (describing M. Murphy "as a CPA who is so familiar with BCB's funding, capitalization, and operations;" "[a]s a CPA, member of BCB, and primary drafter of relevant language in BCB's Operating Agreement;" and "a CPA with audit experience."). The fact that Michael Murphy is a CPA cannot be the basis for BCB elevating him to a pseudo-expert in this case. Michael Murphy is not an expert and his testimony in his affidavit based on the fact that he is a CPA does not lay any foundation under Fed. R. Civ. P 702 for his general opinions in his affidavit, which are inadmissible and should be stricken. *Sanderson v. Wyo. Highway Patrol*, No. 18-CV-016-S, 2018

U.S. Dist. LEXIS 225567, at *15 (D. Wyo. Nov. 27, 2018) (precluding expert testimony that was not reliable), *aff'd*, 2018 U.S. Dist. LEXIS 225565 (D. Wyo. Dec. 17, 2018).

**Third**, Michael Murphy's affidavit is replete with improper legal conclusions. BCB's opposition only confirms this fact: BCB admits that M. Murphy reviewed and analyzed the pleadings with an eye towards whether there were "any claim or allegation relating to any of BCB's funding or capitalization with its investor(s) or members" (which *is* itself a legal conclusion) (Opp. at 8-9). Contrary to BCB's assertion, M. Murphy's statements about the Power Contract and what BCB told investors to induce them to invest are not limited to "readable, observable fact[s], based on his direct knowledge of those documents." (Opp. at 7). Instead, M. Murphy draws the *legal conclusion* that "none of this information is relevant to any of BCB's obligations under the DHS Agreement nor is it relevant to any of MineOne's obligations under the DHS Agreement" and that the requested discovery is "irrelevant to the contractual obligations and claims in this case." ECF 351-1 at ¶¶ 10-11. And, M. Murphy's statement that "BCB's return of CMV Global's capital contribution is not tantamount to fraudulent conveyance" (ECF No. 351-1 at ¶ 37) does not state "a readable, observable fact, based on his direct knowledge of those documents" (Opp. at 7) either. Michael Murphy's affidavit is replete with improper legal conclusions and should be stricken.

C.  **The Court Should Strike Patrick Murphy's Affidavit and He Should Be Subject to Sanctions**

BCB's counsel **concedes**, albeit in a footnote, that the legal arguments in his affidavit are improper and should **not** be considered by the Court. (Opp. at 8 n.4). But BCB's counsel's position is mistaken when he states that to the extent the balance of his affidavit consists of "factual" assertions, the Court should consider them. *Id*. BCB's counsel takes the following tack: He defends his position by simply adding the word "factually" no less than *10 times* in the span of two pages (Opp. at 8-9) to argue that he has "factually" stated his positions in his 9-page affidavit. There is

nothing "factual" about BCB's counsel's general opinion as to whether BCB made itself judgment proof and there is nothing "factual" about his position that "MineOne waived its right to seek any further jurisdictional discovery from James Quid" (ECF No. 351-2 at ¶ 6); or that "MineOne is not entitled to any discovery regarding BCB's alleged dissipation of assets" (*id*. at ¶ 11), and so on.

Simply adding "factually" in practically every sentence does not make BCB's counsel's affidavit proper. MineOne cited to case law at pages 4-5 of its opening Motion that attorney affidavits that advance factual averments are improper. *See, e.g.*, *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 319 n.3 (E.D.N.Y. 2016) ("Declarations of counsel are generally properly used only to describe the documents attached to them as exhibits for the Court's consideration, not to advance factual averments or legal arguments.") (collecting cases).

BCB does not attempt to distinguish any of MineOne's case citations here, and in fact, cites to one of MineOne's cases -- *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc*., No. 13-2150-CM-KGG, 2014 U.S. Dist. LEXIS 84704, at *1-2 n.1 (D. Kan. June 23, 2014) (Motion at 4) -- and *agrees* with MineOne that BCB's counsel's legal arguments in his affidavit are in fact improper. Opp. at 8 n.4.

BCB's counsel has filed a highly improper affidavit, or rather, a "backdoor" brief which has extended the reply brief three-fold, and then he has *again* extensively quoted from his improper affidavit in his opposition brief. Not only should his improper affidavit (ECF No. 351-2) be stricken, so should the portions of BCB's opposition brief (ECF No. 370) that reference BCB's counsel's improper affidavit. The law is clear here. BCB's counsel cannot file a backdoor brief to circumvent this Court's Local Rules' 5-page maximum requirement. *See* Motion at 4-5. MineOne's opening Motion recites many examples of BCB's counsel's violations of the Local Rules (Motion at 2-3), and respectfully requests that the Court sanction him accordingly.

Finally, the Court should not condone BCB's repeated violations of the Local Rules. Local Rule 84.1(b) is clear that the Court has the inherent power to sanction attorneys for *repeatedly* violating the Local Rules. MineOne's counsel operates well within the framework of the Local Rules. BCB does not and BCB's violations are routine and brazen, as there have been no repercussions (to date) for BCB and its counsel. MineOne has been subject of frivolous repeated sanctions motions. BCB extends its page limitations on briefing as it deems fit without seeking approval from the Court. MineOne has unfortunately had to file repeated motions to strike because BCB's improper practice continues. Unless BCB and its counsel are publicly reprimanded and attorneys' fees are awarded to MineOne for having to expend considerable time and money on what should have never been filed in the first place, this conduct will continue.

Moreover, BCB's counsel attempted to elevate his son Michael Murphy as a pseudo-lawyer in this case by having him participate in meet and confer with counsel, which greatly hindered counsel's meet and confer and culminated in Magistrate Judge Hambrick ordering "that counsel – not individual agents, officers, or the like of the parties – are the only participants in any and all future meets and confers." ECF No. 339, at 3, ¶ 5; *see also* **Exhibit 1** (excerpt of September 26, 2024 Hearing transcript before Judge Johnson, at 43:12-44:22, 53:19-55:3). And now BCB's counsel has attempted to elevate his son to an expert with his "analysis" of the documents. Michael Murphy is not a lawyer and certainly not an expert on anything. He is a fact witness on BCB's performance, or lack thereof, at trial on these key issues in this case.

## CONCLUSION

WHEREFORE, MineOne respectfully request that this Court enter an Order (1) striking the Affidavits of Michael and Patrick Murphy, dated September 11, 2024 (ECF Nos. 351-1 and 351-2), (2) admonishing BCB's counsel (Patrick Murphy) for his continued misconduct, (3)

awarding MineOne's attorneys' fees and costs in bringing this *third* motion to strike, and (4) sanctioning BCB's counsel (Patrick Murphy) by subjecting him to discipline by the Court, including open court reprimands, pursuant to Local Civil Rule 84.1(b).

DATED this 1st day of October, 2024

DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC AND TERRA CRYPTO INC.

By: */s/ Paula K. Colbath*
　　Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
　　David Forrest, Esq. (Admitted Pro Hac Vice)
　　Alex Inman, Esq. (Admitted *Pro Hac Vice*)
　　345 Park Avenue
　　New York, NY 10154
　　Telephone: (212) 407-4905
　　Fax: (212) 407-4990

　　HATHAWAY & KUNTZ, LLP
　　Sean Larson Wyo. Bar #7-5112
　　Kari Hartman, Wyo. Bar #8-6507
　　P. O. Box 1208
　　Cheyenne, WY 82003
　　Phone: (307) 634-7723
　　Fax: (307) 634-0985
　　slarson@hkwyolaw.com
　　khartman@hkwyolaw.com

239951996

## **CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of October, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net<br><br>smurray@wpdn.net |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org;<br><br>jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br><br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

                                        */s/Paula K. Colbath*
                                         Loeb & Loeb, LLP