**KHALE J. LENHART, #7-4693**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD., a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-18, related persons and companies who control or direct some or all of the named Defendants, <br><br> Defendants. | Civil No. 23-CV-79J |

## *REPLY IN SUPPORT OF BITMAIN TECHNOLOGIES GEORGIA LIMITED'S MOTION TO QUASH RULE 45 SUBPOENA AND FOR SANCTIONS AGAINST THE MINEONE DEFENDANTS*

The MineOne Defendants'[1] Opposition confirms that the Subpoena must be quashed. While the MineOne Defendants concede that the Subpoena did not provide Bitmain Georgia a reasonable time to respond, the thrust of the Opposition is that because the MineOne Defendants served the Subpoena two days after Bitmain Georgia's dismissal, the Court should overlook their violations of the Federal Rules of Civil Procedure, Wyoming Local Rules, and this Court's orders. Their argument is untenable. The Court should quash the Subpoena because, in addition to violating federal and local rules and demanding compliance in a patently insufficient time, it contains overbroad, irrelevant, and inflammatory document requests and deposition topics with the apparent aim of harassing Bitmain Georgia as a result of its settlement with BCB. The Opposition fails to refute these points in any meaningful way.

I. ARGUMENT

A. It Is Undisputed that the Subpoena Fails to Allow Reasonable Time to Comply.

The MineOne Defendants gave Bitmain Georgia only *four* days to produce (1) a 30(b)(6) witness on fifteen topics and (2) documents responsive to seventeen requests. Mot. at 4-6. The MineOne Defendants themselves admit that "a subpoena for documents and deposition should provide more time than four days for a return date." Opp. at 5. This concession alone authorizes the Court to quash the subpoena. Mot. at 4-6.

To justify their actions, the MineOne Defendants throw up their hands and ask: "What should MineOne have done in this situation?" Opp. at 4. Their answer apparently was to serve a sweeping subpoena seeking information either already in their possession or that has no bearing

---

[1] Unless otherwise noted, defined terms have the meanings identified in Bitmain Georgia's Motion, internal citations and quotations are omitted, and emphases are added.

on the claims in this case, with a return date they knew[2] was unreasonable. Mot. at 3-9. The Subpoena not only warrants quashing, but the MineOne Defendants' conduct is also sanctionable under Rule 45.[3] *Id.* at 10.

The MineOne Defendants repeatedly argue that Bitmain Georgia should "voice no objection" to the Subpoena's unlawfully short four-day deposition notice because BCB issued a deposition notice three days before the deposition of Yiliang Guo—an employee of a Bitmain Georgia affiliate. Opp. at 2-3, 5-6, 10. This argument is demonstrably disingenuous. The Opposition makes clear that the MineOne Defendants knew that BCB had filed its settlement agreement with Bitmain Georgia and that the MineOne Defendants reviewed it. *See id.* at 1, 6. One of the settlement terms was that Bitmain Georgia would reasonably cooperate with BCB to make Mr. Guo available for deposition. ECF No. 365-1 at 2-3. Given that the MineOne Defendants reviewed the settlement agreement, *see* Opp. at 1, 6, they were aware that Bitmain Georgia had known since ***at least*** September 10, 2024—the date the agreement was countersigned—that Mr. Guo would be deposed. Yet the MineOne Defendants wrongly imply that Bitmain Georgia became aware of Mr. Guo's deposition only on September 20, 2024, and thus had only three days' advance notice. *Id.* at 2-3, 5-6, 10. Unlike the Subpoena's four-day notice, Bitmain Georgia had reasonable time to prepare for Mr. Guo's deposition, and in fact was aware even before September 10, 2024, that Mr. Guo would be deposed.

---

[2] The MineOne Defendants considered the ramifications of issuing the Subpoena, including the violations of Rule 45 and the Court's orders. *See* Opp. at 1-2, 4-5.

[3] The MineOne Defendants fail to distinguish *BNSF Ry. Co. v. Ctr. for Asbestos Related Disease, Inc.*, 2022 WL 1442854 (D. Mont. May 6, 2022), which applies here. As in *BNSF*, the "the need for sanctions" is "clear" because the overbroad Subpoena would require "significant effort" to comply and provided just four days to comply, less even than the "astoundingly short response deadline of just 10 days" in *BNSF*. *Id.* at *5.

### B. The Subpoena Violates Rule 45's Geographical Limitations.

As Bitmain Georgia explained in its Motion, the Court should also quash the Subpoena because it violates Rule 45's geographical limitations. Mot. at 6-7. Rather than concede this point, the MineOne Defendants employ a sleight of hand to manufacture an argument. Opp. at 5. They argue that Bitmain Georgia is not entitled to Rule 45(c)'s geographical protections because it produced Mr. Guo for a Zoom deposition, and the Subpoena also seeks a Zoom deposition of Bitmain Georgia. *Id.* But it was only in the Notice of Intent to Serve Subpoena—which was not served on Bitmain Georgia, *see* ECF No. 373-1 at 4—that the MineOne Defendants signaled a willingness to conduct the deposition via Zoom. The Subpoena served on Bitmain Georgia makes no mention of a Zoom alternative and instead demands an in-person deposition in Atlanta, Georgia. *See* ECF No. 356-1 at Ex. 1. Because the Subpoena violates Rule 45(c), it must be quashed under Rule 45(d)(3)(A)(ii). Mot. at 6-7.

### C. The Subpoena Improperly Seeks Privileged and Other Protected Material.

The MineOne Defendants' attempts to obtain (1) privileged attorney communications between Bitmain Georgia and its expert and (2) confidential settlement communications with BCB are improper and are grounds to quash the Subpoena under Rule 45(d)(3)(A)(iii). Mot. at 7-8.

The MineOne Defendants incorrectly claim that Bitmain Georgia's chief argument "is that settlement ***agreements*** are non-discoverable." Opp. at 6. The Motion, however, argues that "settlement ***communications***," not agreements, are non-discoverable. Mot. at 8. The MineOne Defendants cite no authorities to the contrary and thus concede this point.[4] The MineOne

---

[4] *Cf. Day v. D.C. Dep't of Consumer Regul. Affs.*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treated that argument as conceded.").

Defendants' hollow claim, unsupported by authorities, that they are "entitled" to settlement communications, Opp. at 6, is misguided for the reasons explained in the Motion. Mot. at 7-8.

The MineOne Defendants also argue that they are entitled to Bitmain Georgia's privileged communications with Mr. Hayward because they communicated with him. Opp. at 6-7. Again, the MineOne Defendants cite no authorities to support this illogical theory. Nor do they respond to any of Bitmain Georgia's authorities on this point, or explain why they would need Bitmain Georgia's separate, privileged expert communications when, as the MineOne Defendants concede, *see id.* at 6, they already have records of communications with Mr. Hayward. The Court should quash the Subpoena to the extent it seeks privileged expert communications. Mot. at 7-8.

### D. The Subpoena Places an Undue Burden on Bitmain Georgia.

The Court should also quash the Subpoena because it imposes an undue burden on Bitmain Georgia. Mot. at 8-9. While the MineOne Defendants contend the Subpoena does not unduly burden Bitmain Georgia because the information sought is "germane" and "highly relevant," Opp. at 8-10, they fail to adequately explain why, or to tether the information sought to claims in the case. Nor do they address the deposition topics' and document requests' extensive overbreadth.

Instead, the MineOne Defendants conclusorily argue that "Bitmain's relationship with MineOne is central to BCB's claims against MineOne." *Id.* at 8. They do not explain why. They also contend, without citation, that "MineOne alleges that Bitmain put pressure on MineOne which led to BCB walking off the job." *Id.* But any so-called "pressure" would have no bearing on whether there was breach of contract, the elements for which contain no intent or causation component,[5] so "pressure"-related discovery is irrelevant. The Opposition is silent on this issue.

---

[5] *See Spearman v. Wyndham Vacation Resorts, Inc.*, 2014 WL 12767303, at *1 (N.D. Ala. Aug. 6, 2014) (breach-of-contract "claim carries no intent element, so the reason for making the changes is irrelevant").

The MineOne Defendants' additional arguments are meritless. They claim that the requests and topics related to Bitmain Georgia's shipment and delivery of its machines are relevant. *Id.* at 8-9. But the detail with which they describe the facts betrays that they already have these documents.[6] Thus, additional discovery from a nonparty is wholly unnecessary.[7] They also argue they are entitled to information about any Bitmain Georgia insurance policy, *id.* at 9, but the requirement to provide insurance information is inapplicable to nonparties, nor is insurance relevant.[8] Also irrelevant is the request seeking documents showing whether any Bitmain Georgia employee is a member of the Chinese Communist Party. *Id.* at 9. The MineOne Defendants make the nonsensical argument they are entitled to this discovery because BCB accused them of having ties to the Chinese Communist Party. *Id.* The argument is not even colorable.

## II.   CONCLUSION

For the all of the reasons set forth above and in the Motion, Bitmain Georgia respectfully requests that the Court grant its Motion and impose an appropriate sanction on the MineOne Defendants. The Court should also decline the MineOne Defendants' invitation to "modify" the Subpoena, *id.* at 5, because they fail to specify how the Subpoena's overbroad, inflammatory document requests and deposition topics seek relevant information that cannot be obtained from a party, and the MineOne Defendants are already in possession of months' worth of discovery, including the deposition of Mr. Guo. The Court should, instead, quash the Subpoena in full.[9]

---

[6] The MineOne Defendants have produced numerous communications with Bitmain Georgia regarding the delivery of mining machines, which Bitmain Georgia can produce at the Court's request.

[7] *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *5 (D. Wyo. Aug. 24, 2021).

[8] *Thompson v. Gonzales*, 2016 WL 5404436, at *4, 8 (E.D. Cal. Sept. 27, 2016) (Rule 26, which requires disclosure of insurance information, "only applies to parties," and finding that the court lacks "inherent authority to order Rule 26 initial disclosures from . . . any non-party").

[9] *McKinney*, 2021 WL 7252981, at *6 (no modification of "sweeping" subpoenas with requests "not proportional to the needs of the case and would impose an undue burden and undue expense").

Dated: 2 October 2024.

        BITMAIN TECHNOLOGIES GEORGIA LIMITED

BY:  s/Khale J. Lenhart
      **KHALE J. LENHART, #7-4693**
      **TYSON R. WOODFORD, #8-6650**
      OF HIRST APPLEGATE, LLP
      Attorneys for Bitmain Technologies Georgia Limited
      P.O. Box 1083
      Cheyenne, WY 82003-1083
      Phone: (307) 632-0541
      Fax: (307) 632-4999
      klenhart@hirstapplegate.com
      twoodford@hirstapplegate.com

– 7 –

## CERTIFICATE OF SERVICE

I certify the foregoing **Reply in Support of Bitmain Technologies Georgia Limited's Motion to Quash Rule 45 Subpoena and For Sanctions Against the MineOne Defendants** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 2 October 2024, and that copies were served as follows:

| | |
|---|---|
| Patrick J. Murphy, #5-1779<br>Scott C. Murray, #7-4896<br>Williams, Porter, Day & Neville, P.C.<br>159 North Wolcott, Suite 400<br>P. O. Box 10700<br>Casper, WY 82602-3902<br>pmurphy@wpdn.net<br>smurray@wpdn.net<br>*Attorneys for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Sean M. Larson, #7-5112<br>Kari Ann Hartman, #8-6507<br>Hathaway & Kunz, LLP<br>P. O. Box 1208<br>Cheyenne, WY 82003-1208<br>slarson@hkwyolaw.com<br>khartman@hkwyolaw.com<br>*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Paula Colbath, *Pro Hac Vice*<br>Sarah Levitan Perry, *Pro Hac Vice*<br>Loeb & Loeb, LLP<br>345 Park Avenue<br>New York, NY 10154<br>pcolbath@loeb.com<br>sperry@loeb.com<br>*Attorneys for Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, Terra Crypto Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Marc Gottlieb, *Pro Hac Vice*<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Fl.<br>New York, NY 10022-5616<br>msg@orllp.legal<br>*Attorneys for Defendants Bit Origin Ltd and SonicHash LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

– 8 –

          s/Norma J. Hubka
_____
OF HIRST APPLEGATE, LLP
Attorneys for Bitmain Technologies Georgia Limited