Sean Larson, Wyo. Bar #7-5112
Kari Hartman, Wyo. Bar # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003-1208
307-634-7723
307-634-0985 (Fax)

Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
David Forrest, Esq. (Admitted *Pro Hac Vice*)
Alex Inman, Esq. (Admitted *Pro Hac Vice*)
LOEB & LOEB, LLP
345 Park Avenue
New York, NY  10154
212-407-4905
212-407-4990 (Fax)

ATTORNEYS FOR DEFENDANTS MINEONE WYOMING DATA CENTER, LLC,
MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BCB CHEYENNE LLC d/b/a BISON BLOCKCHAIN, a Wyoming limited liability company, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23CV-79-ABJ |
| MINEONE WYOMING DATA CENTER LLC, a Delaware limited liability company; MINEONE PARTNERS LLC, a Delaware limited liability company; TERRA CRYPTO INC., a Delaware corporation; BIT ORIGIN, LTD, a Cayman Island Company; SONICHASH LLC, a Delaware limited liability company; BITMAIN TECHNOLOGIES HOLDING COMPANY, a Cayman Island Company; BITMAIN TECHNOLOGIES GEORGIA LIMITED, a Georgia corporation; and JOHN DOES 1-20, related persons and companies who control or direct some or all of the named Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPPOSITION TO PLAINTIFF BCB CHEYENNE LLC'S MOTION TO QUASH**
**MINEONE DEFENDANTS' SUBPOENA TO JWJ TECHNOLOGY LLC**

COME NOW Defendants MineOne Wyoming Data Center LLC, MineOne Partners LLC, and Terra Crypto Inc. (collectively, "MineOne"), by their counsel, and hereby file this *opposition* to Plaintiff BCB Cheyenne LLC's ("BCB") Motion to Quash (ECF No. 368) (the "Motion") MineOne's Subpoena to JWJ Technology LLC (the "Subpoena").

**PRELIMINARY STATEMENT**

Since at least February 2024, Plaintiff BCB has sought the testimony of Huali ("Wiley") Zhang, an individual who worked for JWJ Technology LLC ("JWJ"), a vendor involved in the construction of MineOne's cryptocurrency mining facility at the North Range site in Cheyenne, Wyoming. Since February 2024, Defendant MineOne has continually advised plaintiff's counsel and this Court that Mr. Zhang is <u>not</u> a member of any MineOne party or otherwise under MineOne's control: Mr. Zhang is a vendor/consultant whom MineOne retained to visit the North Range site to observe and report on construction progress. It became obvious to Mr. Zhang and his employer JWJ that BCB was way behind schedule on construction and way over budget (among other issues) on the North Range project. As such, Mr. Zhang and JWJ were asked to assist BCB and help them complete the construction of the North Range project. However, when BCB walked off the job on March 15, 2023, Mr. Zhang and JWJ continued, on an as needed basis, to assist Systems MEC in completing the North Range facility.

Although MineOne has, from the beginning of this action, explained that Mr. Zhang and JWJ are not employees or members of MineOne, Plaintiff has insisted from the start that Mr. Zhang is under MineOne's control and that his documents and testimony (as well as those of other JWJ employees, such as Ziyao Shao) must be produced by MineOne. Plaintiff went so far as to file a motion for sanctions, ECF No. 269, which argued that MineOne failed to properly produce documents from Mr. Zhang and Mr. Shao (and, to which MineOne properly responded that JWJ

was a vendor/consultant and that documents from any of JWJ's employees are not in MineOne's possession). Plaintiff included Mr. Zhang on its deposition list and sent numerous discovery letters arguing that Mr. Zhang must be produced by MineOne for deposition as an employee of MineOne. Plaintiff then sent a notice of deposition for Mr. Zhang to MineOne's counsel, notwithstanding the fact that Mr. Zhang was not under MineOne's control. Finally, at the August 22, 2024 informal discovery conference before Judge Hambrick, BCB's counsel requested that Judge Hambrick order MineOne to produce Mr. Zhang. Judge Hambrick declined to do so and, instead, ordered MineOne to provide to BCB's counsel the last known address and contact information for Mr. Zhang (ECF No. 322), which MineOne complied with on August 26, 2024.

Throughout the discovery process, counsel for MineOne repeatedly advised BCB that, because MineOne did not control Mr. Zhang or any member or employee of JWJ, their testimony would need to be subpoenaed. BCB refused to heed this suggestion and instead plowed ahead with unnecessary motion practice.

In response, MineOne issued its own subpoena for documents and testimony directly to JWJ. Inexplicably, in response BCB has now filed a motion to quash the testimony and documents, after seven months of pursing this very testimony and documents.[1]  BCB's motion should be viewed for what it is: more bad faith, frivolous motion practice designed to waste party resources and to distract MineOne's counsel from essential trial preparation. JWJ did not serve objections to the subpoena or move to quash it. JWJ stands ready to comply with the Subpoena. The Motion should be denied in its entirety.

---

[1] BCB has issued over 20 third party subpoenas in this action.

# ARGUMENT

## I. BCB Lacks Standing to Quash the Subpoena

The law is well settled in this Circuit that a party lacks standing to challenge a subpoena to a nonparty unless there is an assertion of personal right or privilege as to the subpoena. BCB cites to none and does not even reference whether it has standing to seek to quash the subpoena.

Both Judge Rankin and Magistrate Judge Carman have aptly observed that a party lacks standing to challenge a subpoena issued against a third party. *See Black Card, LLC v. Visa U.S.A., Inc.*, No. 15-CV-027-S, 2016 U.S. Dist. LEXIS 178265, at *4 (D. Wyo. May 9, 2016) (Rankin, J.) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable.") (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D.Colo.1997) (internal quotation marks omitted); *see also Bindl v. Evanston Hosp. Corp.*, No. 14-CV-0052-SWS, 2015 U.S. Dist. LEXIS 192769, at *2-3 (D. Wyo. Oct. 9, 2015) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought…. A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable…. Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum.") (Carman, M.J.) (internal quotation marks and citations omitted). As such, BCB's Motion should be denied because BCB lacks standing to challenge the Subpoena.

## II. BCB (Again) Failed to Confer With MineOne's Counsel Prior to Filing its Motion

Even putting aside BCB's lack of standing to challenge the Subpoena, BCB's Motion is procedurally defective since this Court's Local Rule 7.1(b)(1)(A) required that BCB's counsel first confer with MineOne's counsel, which it did not do. BCB has (once again) violated the Court's

Local Rules and flouted its obligation to meet and confer with MineOne. BCB's refusal to confer compels the denial of its Motion.

**III.     There Is No Substantive Basis to Quash the Subpoena**

BCB's main argument is that the Subpoena is "untimely" and that MineOne did not provide "reasonable notice" to JWJ. (ECF No. 368 at 2). This argument fails for a whole host of reasons.

*First*, BCB ignores that the return date on the Subpoena was a placeholder date, subject to both counsel and witness availability. Indeed, the transmittal email to counsel dated September 12, 2024 enclosing MineOne's notice of intent to serve the Subpoena confirmed this fact, and said, "Please note that the date for compliance in the attached Subpoena is a control date that is subject to change based upon witness availability." *See* Ex. A. MineOne also informed JWJ that the September 17 date was just a control date: "We have listed September 17, 2024 as a control date for compliance, but are willing to discuss other dates." *See* Ex. B. In response, JWJ accepted service of the subpoena by email on JWJ's behalf and was ready willing and able to comply with it. *See id.*

*Second*, and more fundamentally, BCB has unclean hands on its motion to quash. Since at least as early as February 2024, BCB has argued that Mr. Zhang was purportedly under MineOne's possession, custody, and control and that it wanted his documents and testimony. By letter dated February 7, 2024, MineOne informed BCB's counsel that MineOne does not have access to, or control over the email accounts associated with Huaili Zhang and his employer, JWJ. This letter was attached as Exhibit A to MineOne Data's opposition to BCB's motion to compel (ECF No. 145-1 at 2). Indeed, Mr. Zhang never had a MineOne email address. MineOne further provided BCB with the documentary evidence belying its claims, including the vendor invoices and the contract between MineOne and JWJ, as well as Mr. Zhang's last known contact information. Ex.

C. Yet, rather than utilize the litigation tools available in discovery as to non-parties, BCB refused to relent in its baseless accusation that MineOne controlled Mr. Zhang and went so far as to file ***a sanctions motion*** against MineOne for its failure to produce Mr. Zhang's documents. ECF No. 269. BCB has been fully aware that JWJ and its members and employees had relevant evidence in this action. BCB has always wanted to obtain and review this evidence.[2] However, once MineOne took the proper steps to actually obtain JWJ's documents and testimony, by issuing the Subpoena, BCB determined that JWJ's testimony was no longer relevant or needed.

But there is more. BCB listed Mr. Zhang as a desired deponent in each of its witness lists through the end of August 2024, *see, e.g.*, Exs. D-F, leading MineOne to believe that BCB would be sending JWJ a subpoena. Once it became clear that BCB would not send a subpoena, MineOne decided to subpoena JWJ itself with a placeholder control date for the last date of discovery in order to receive JWJ's documents and testimony. At the time, MineOne's motion to modify the scheduling order and extend the discovery cutoff (ECF No. 344) was still being briefed. Given that counsel had not been able to agree on deposition dates, MineOne was left with no choice but to immediately serve the Subpoena and insert the last day of discovery for JWJ to appear for deposition and for it to bring with it, relevant documents, with the additional caveat that any deposition would be scheduled after conferring with the party and counsel and accommodating everyone's schedule.

<u>Third</u>, BCB's repeated citations to the thirty-day response period under Rule 34 completely misses the mark. ECF No. 368 at 3-4. As BCB well knows, "reasonable time for compliance under Rule 45 on a particular document subpoena" is "'related to the extent of the materials

---

[2] BCB issued Mr. Zhang a subpoena to testify at the June 26, 2024 evidentiary hearing, improperly directed to MineOne's counsel. ECF No. 223-2. Mr. Zhang is also featured in BCB's Rule 26 disclosures as an individual in possession of discoverable information. *See* Ex. G at 15.

requested and the other underlying circumstances of the particular case' as opposed to a set time period, such as 14 days or 30 days." *In re Trinh*, No. 2:18-bk-11475-RK, 2022 Bankr. LEXIS 1517, at *11-12 (Bankr. C.D. Cal. May 31, 2022) (quoting 9A Wright and Miller, Federal Practice and Procedure, Civil (3d ed.) § 2463.1).[3] As detailed above, MineOne acted quickly and subpoenaed JWJ once it became clear that BCB was changing course and would not be doing so. Again, JWJ has not served objections to the Subpoena or a motion to quash. To the contrary, Mr. Zhang has accepted service of the Subpoena and JWJ stands ready to comply with it.

Simply put, even if BCB did have standing to object to the Subpoena (which it does not), and had conferred with MineOne (which it did not), there is no substantive basis to quash the Subpoena, especially given that it is directed at a party that BCB included on its own witness list for months. JWJ should be permitted to produce its documents and appear for deposition.

## CONCLUSION

WHEREFORE, in accordance with the foregoing, BCB's Motion should be denied.

---

[3] Contrary to BCB's contention (ECF 368 at 3), the Court's instruction in the Revised Scheduling Order (ECF 164 at p. 2, ¶ 5) that "[w]ritten discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline" does not apply to MineOne's document subpoena for the same reason.

DATED this 7th day of October, 2024

        DEFENDANTS MINEONE WYOMING DATA CENTER, LLC, MINEONE PARTNERS LLC, AND TERRA CRYPTO INC.,

        By: */s/ Paula K. Colbath*
           Paula K. Colbath, Esq. (Admitted *Pro Hac Vice*)
           David Forrest, Esq. (Admitted *Pro Hac Vice*)
           Alex Inman, Esq. (Admitted *Pro Hac Vice*)
           345 Park Avenue
           New York, NY 10154
           Telephone: (212) 407-4905
           Fax: (212) 407-4990

           HATHAWAY & KUNTZ, LLP
           Sean Larson Wyo. Bar #7-5112
           Kari Hartman, Wyo. Bar #8-6507
           P. O. Box 1208
           Cheyenne, WY 82003
           Phone: (307) 634-7723
           Fax: (307) 634-0985
           slarson@hkwyolaw.com
           khartman@hkwyolaw.com

240009643

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of October, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Patrick J. Murphy<br>Scott C. Murray<br>Williams, Porter, Day & Neville, P.C.<br>159 N. Wolcott., Suite 400<br>P.O. Box 10700 (82602)<br>Casper, WY 82601<br>*Attorneys for Plaintiff* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>pmurphy@wpdn.net smurray@wpdn.net |
| Meggan J. Hathaway<br>Jane M. France<br>Sundahl, Powers, Kapp & Martin, L.L.C.<br>500 W. 18th Street, Suite 200<br>Cheyenne, WY 82003-0328 | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>mhathaway@spkm.org; jfrance@spkm.org |
| Marc S. Gottlieb<br>Ortoli Rosenstadt, LLP<br>366 Madison Avenue, 3rd Floor<br>New York, NY 10017<br><br>*Attorneys for Bit Origin and SonicHash* | [✓] CM/ECF<br>[ ] Fax:<br>[ ] E-mail:<br>msg@orllp.legal |

/s/Paula K. Colbath
Loeb & Loeb, LLP