# EXHIBIT F



**WILLIAMS, PORTER, DAY & NEVILLE I\C.**
*Wyoming's Law Firm*

Patrick J Murphy
159 N. Wolcott Suite 400 (82601)
Casper
WY 82602
pmurphy@wpdn

August 22, 2024

**VIA E-MAIL ONLY**

      Paula Colbath  (pcolbath@loeb.com) Alex Iman (aimnan@loeb.com)
      Marc Gottlieb (msg@orllp.legal), William Pao (wpao@omm.com)

    Re:    Deposition Scheduling, Conferral

Dear Paula, Alex, Marc, Will and All Counsel:

I write in follow-up to my July 15, 2024, July 23, 2024,  July 26th, 2024, and August 14, 2024 conferral letters regarding deposition scheduling and notices.

We just got off our second conferral call with Judge Hambrick.  And Judge Hambrick feels that counsel should further confer about the proposed depositions and proposed deposition dates before Her Honor needs to get involved to resolve our differences.

This letter is my effort to follow up on Judge Hambrick's guidance on the proposed depositions, deposition dates, and my efforts to complete all depositions by the September 17 discovery cutoff deadline.

First and foremost:  **Let's have our hands-on conferral call tomorrow afternoon at 1:00 pm Mountain to further discuss depositions and the deposition schedule**.  With Paula leaving on her vacation, the conferral Judge Hambrick referenced needs to be tomorrow.  If 1:00 pm is poor for any of you, I am also willing to confer at 2:00 pm and 3:00 pm tomorrow afternoon, August 23, with all of you.  Please commit to one of these times by reply email/letter this afternoon. If you do not commit, I'll call you at 1:00 pm and proceed with written conferral to keep us moving given Paula's vacation and the Sept 17 discovery cut off date ahead.

Next, I see what the MineOne and Bit Origin Defendants are doing here.  By not providing BCB with any **dates** for Defendants' proposed depositions before our September 17 discovery cutoff date, and not offering to **schedule** any depositions before our September 17 discovery cutoff date, you are trying to build track for your future argument – to Judge Johnson – that Judge Johnson should extend the discovery cutoff date into early October.   This is not right.

I have offered the Defendants specific dates in my previous four (4) letter and e-mail conferrals for the depositions BCB wants to take. Now, as things stand after everyone provided their availability, **I want to take the Zoom depositions of Jiaming Li and Erick Rengifo on September 5 – a day that all counsel are available. And I want to take the depositions of Chong Wang and Huaili Zhang on either Wednesday, September 11 or Thursday, September 12 (see Schedule 1 below).** I shared this with Judge Hambrick and all of you today. But you would not commit to it, other than to say Erick Rengifo can give his deposition on September 12 and Jiaming Li could possibly give his deposition at some future date (after CFIUS approves North Range). And Judge Hambrick wasn't willing to order it at this time, as Her Honor wanted counsel to further confer about it before re-involving the Court.

This email and tomorrow is that further conferral.

Perhaps not surprisingly, given your apparent strategy, Defendants have not even suggested a day or days when you want to depose BCB's Michael Murphy, Emory Patterson, Neil Phippen, and Sean Murphy. You haven't proposed a day since deposition scheduling conferrals began, and you did not today on the call today with Judge Hambrick. Why?

To be very clear—I have offered you days during the week of September 9 – 13 that you could depose them. To make these days available and stay ahead of the September 17 deadline, I purposely moved my family vacation. This was not easy or something I wanted to do. But I did it to free up these days so you can take the depositions before the Discovery cut off on September 17.
 If Paula wants to depose Michael Murphy and Sean Murphy in person in Cheyenne that week, I volunteered that she could do that – and that I would make them available then. We are trying to get in touch with Neil Phippen to confirm his availability these days. The more you fail to schedule a deposition(s) on one of these days, the more it tells me your intent is to continue your delay tactics to (1) try to move back the discovery deadline, and(2) impose as many financial costs and burdens on my client as possible. If you wanted to meaningfully depose BCB's principals in good faith, why wouldn't you schedule those depositions September 9-12?

By re-scheduling my family vacation in Colorado, I've given you multiple and consecutive extra days – before the discovery cutoff date – to depose BCB's principals. But you did not accept my invitation on our call with Judge Hambrick.. It sure seems you purposely did not accept my invitation to create track for your future argument, to Judge Johnson, that 'gosh, we haven't been able to set any depositions before the September 17 discovery cutoff date, so Your Honor should extend the September 17 discovery cutoff into early October so we can schedule and complete these depositions.'

Dating back to early July, I have been offering *actual dates* for BCB's depositions of Jiaming Li, Erick Rengifo, Huaili Zhang, and Chong Wang (Defendants' principals, beneficial owners, and key men). And after all the back and forth, we've come to September 5 and 11/12. That is just *two days* and *four depositions* for a total of 8-12 hours of deposition time.

Paula and Mark's response? You don't control Huaili Zhang and Chong Wang and can't/won't produce them. [I know differently. Your clients do control them. And I offered to provide Judge Hambrick with that evidence]. And Paula refuses to produce Erick Rengifo on September 5 – a day all of us are available. And Paula says Jiaming Li can't give his deposition until he receives his passport back from US Customs, hopefully on/after September 17. But Ms. Colbath never says if this is a US passport and/or Chinese passport, and whether one or both passports were confiscated. It is likely Jiaming Li still has at least one passport and can travel to provide his deposition. Furthermore, Ms. Colbath has yet to identify a single specific Chinese law that would preclude Jiaming Li from providing his deposition while in China. She has further failed to provide any rationale why the Wyoming District Court should follow or concern itself with said unidentified Chinese law.

The three key Chinese foreign nationals in this case - Chong Wang, Huaili Zhang, and Jiaming Li - who directed and/or conducted MineOne's breach of contract and/or Bit Origin's tortious interference, are likely hiding in China and using their presence in China as an excuse to dodge depositions. This is so plain to see. Ms. Colbath knows that any deposition of these three key individuals would further reveal the extent to which they were responsible for the harm and damages incurred by BCB. It seems, to me, Defendants are using every play in the book to avoid producing the key Chinese foreign nationals for their deposition.

I know you know this – because we've talked about it – but I want to be clear. BCB opposes any extension of the September 17 discovery cutoff date. And the Defendants cannot show good cause to further extend the discovery cutoff date. [Judge Johnson earlier extended the discovery cutoff date from August 7 to September 17]. But now the MineOne Bit Origin Defendants want another extension – another extension to take an unreasonable amount of depositions, depositions they refused to take, and refuse to schedule, before the September 17 discovery cutoff date. This is not right.

Defendant Bitmain Georgia supports Plaintiff's position that there be no further discovery cutoff date. I'll tell you why I oppose moving the September 17 discovery cutoff date.

First, all of you have known about this September 17 discovery cutoff date since April. Yet the only deposition Defendants have taken in the interim is Tim Desrochers' jurisdictional deposition in late April. Defendants haven't taken any depositions since then. Except for Erick Rengifo, the Defendants have not offered any dates for proposed depositions (*i.e.,* for any of the key Chinese nationals involved in this lawsuit).

Even now, on August 22, the MineOne Defendants and Bit Origin haven't offered any date for any deposition. BCB should not now be burdened with the expense and time loss, after September 17, of having to defend depositions the Defendants should have taken months ago. That unfairly prejudices BCB and its counsel's ability to prepare for trial. And it subjects BCB to an incredible amount of expense, after September 17, it would not have to bear if Defendants' counsel would complete their needed depositions before the September 17 discovery cutoff.

And all the while, there are dates available – dates that all counsel all available – for you to schedule depositions (i.e., Sept 9-12). Simply stated, you should have done your needed discovery in the time allowed. You chose not to do that. BCB should not have to suffer from your choices.

Second, the parties' dispositive motions and briefs must be filed by October 4. [All of us agreed to this deadline, and Judge Johnson set it]. I need the deposition transcripts in advance of our October 4 dispositive motion filing deadline to incorporate the deposition testimony into the briefing. I need those deposition transcripts at least ten days before our briefs are due.

The dispositive motion reply briefs are due October 18. All other pretrial motions – and briefing – are due October 18. Dispositive motion reply briefs are due October 25. All other briefing is due November 1. These dates and deadlines give Judge Johnson only a very limited time – November and December, holiday months – to consider and rule on these motions before our late January trial. It is not fair to Judge Johnson – or to BCB – to 'push back' those briefing dates to where Judge Johnson has less time to consider all these briefs/motions before the January trial date. I will not agree to pushing back our briefing deadlines – deadlines all of us earlier agreed upon in April.

And I will never agree to push back the trial date. Even Marc Gotlieb agrees we should not push back the trial date.

Moreover, relying on this September 17 discovery cut-off date we all agreed to back in April, I rescheduled my family vacation for and have scheduled many other legal activities, deadlines and commitments in the four weeks after September 17. I have three other case mediations. I have multiple depositions in other cases. I have expert designations – and discovery cutoff dates – in September and early October.

Consider: I've told you my availability and you have more than 13 days the next three weeks you can schedule depositions. But you haven't given me any dates with individuals you wish to depose on those available dates.

I look forward to further conferring with you tomorrow afternoon about dates to complete all of our "needed" depositions by the September 17 cut-off.

Best regards,

Patrick J. Murphy

Counsel for Plaintiff BCB

# SCHEDULE 1

## Deposition Zoom Scheduling

- **Jiaming Li, PhD** (MineOne, Terra Crypto, Bit Origin) and **Erick Rengifo** (MineOne, Terra Crypto, Bit Origin) <u>**September 5, 2024**</u> via Zoom

- **Chong Wang, MBA** (MineOne, Bit Origin) and **Huaili Zhang** (MineOne, Bit Origin) <u>**September 11 or 12, 2024**</u> via Zoom

- **Ran Chang** and **Micree Zhan** (Bitmain) dates to follow upon BCB deposition scheduling.